# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| QUENTON SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Western District Case No.: |
| vs. | ) | Jackson Co. Case No. 1616-CV17924 |
| | ) | |
| OAK RIVER INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT OAK RIVER INSURANCE COMPANY'S NOTICE OF REMOVAL

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of the above-captioned matter to the United States District Court for the Western District of Missouri. Oak River asserts the following grounds supporting removal:

1. The above-captioned case was filed in the Circuit Court of Jackson County, Missouri, Case Number 1616-CV17924, on July 22, 2016.

2. Under the Class Action Fairness Act of 2005 (CAFA), this Court "has jurisdiction to hear a class action if, among other requirements, the class exceeds one hundred members and the amount in controversy exceeds $5 million in the aggregate." *Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 518 (8th Cir. 2016); 28 U.S.C. § 1332(d). If the initial petition or complaint does not satisfy CAFA's jurisdictional requirements, "28 U.S.C. § 1446(b)(3) requires that the defendant remove the case within thirty days after receiving 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id*.

1

3.      Last year, the Eighth Circuit adopted a "bright-line approach" for determining whether the thirty-day removal period has been triggered, requiring that the "relevant document set forth a ***sufficiently detailed and unequivocal statement from which the defendant may unambiguously ascertain*** that the CAFA jurisdictional requirements have been satisfied." *Id*. at 520 (emphasis supplied). Thus, the Eighth Circuit held "that, in the CAFA context, the thirty-day removal period set forth in § 1446(b)(3) does not begin to run until the defendant receives from the plaintiff an amended pleading, motion, order, or other paper 'from which the defendant can unambiguously ascertain' that the CAFA jurisdictional requirements have been satisfied." *Id*. at 519 (*citing Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016).

4.      The Eighth Circuit noted that "[t]his approach strikes the appropriate balance between competing interests: it discourages the use of indeterminate allegations by plaintiffs in their filings and other papers, and it eliminates the incentive for defendants to file protective removals." *Id*. at 520. This rule also addresses the "uncertainties faced with defendants in determining removability" and avoids "unnecessary and time-consuming inquiries into determining what a defendant should have known or should have been able to ascertain when it received plaintiff's amended pleading, motion, order, or other paper." *Id*.

5.      Furthermore, Eighth Circuit recently found that an action under Missouri's equitable garnishment statute, R.S.Mo. § 379.200, is considered a "class action" under CAFA when the plaintiff is clearly asserting claims on behalf of the class in the equitable garnishment action. *Williams v. Employers Mutual Casualty Co.*, 845 F.3d 891 (8th Cir. 2017).

6.      In this case, Plaintiff Quenton Shelby's ("Shelby") original petition was vague as to whether he was filing his action individually or as a class representative for the benefit of the class. Shelby's original petition was vague and did not contain a "sufficiently detailed and

unequivocal statement" from which Oak River could "unambiguously ascertain" that he was asserting claims on behalf of the class.

7. In the original petition, Shelby was vague and ambiguous as to whether he was acting on behalf of the class members, for the class members, or for his own benefit. For instance, Shelby did not designate the original petition as being on behalf of others; he denominated himself as the only plaintiff. In the *ad damnum* clause of Count I, Shelby sought awards for "Shelby and the Class." But, in Count II, Shelby only sought an award to himself. *See Plaintiff's Petition*.

8. The lack of clarity regarding whether Shelby was acting individually or asserting claims on behalf of the class such that this action would be considered a class action under CAFA is evidenced by the state court proceedings. For instance, in its Answer, Oak River asserted the following affirmative defense: "In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because Plaintiff has failed to join proper parties to this action as he is asserting on his own behalf, not on behalf of all class members." *See Answer, Affirmative Defense 15*. Moreover, Oak River sought to conduct discovery on this issue to which Shelby continually denied that this action is a class action. On February 8, 2017 and in an interrogatory response, Shelby stated: "This is not a class action." *See Shelby's Amended Answers to Oak River's Interrogatories, No. 4*. As Shelby continued to be vague and evasive about whether or not he was attempting to assert claims on behalf of the class members, Oak River pressed the issue. In discovery motion practice, Oak River noted that Shelby "has sued Oak River on his own behalf and indicated in his interrogatory responses that 'This is not a class action,' but Plaintiff seeks to recover the entirety of the underlying judgment that was awarded to the entire class of 2,349 people." *See Oak River's Suggestions in Support of its Motion to Enforce Discovery*.

9. On March 8, 2017, Shelby filed his Motion for Leave to Amend to File an Amended Petition. The motion recognized Oak River's lack of clarity. *See Shelby's Motion for Leave*. In the proposed First Amended Petition attached to his Motion for Leave to Amend, Shelby made his first "sufficiently detailed and unequivocal statement" from which Oak River could "unambiguously ascertain" that that Shelby was asserting claims on behalf of the class. The proposed First Amended Petition states: "Shelby is asserting MIG's and the Class's claims…" *See Shelby's proposed First Amended Petition*. The proposed First Amended Petition also revised the *ad damnum* clause of Count II such that it seeks damages awarded to "Shelby and the Class." *Id*. Thus, on March 8, 2017, Oak River first received "an amended pleading, motion, order, or other paper" such that it could unambiguously ascertain that this is a class action under CAFA as interpreted by the Eighth Circuit and triggering Oak River's thirty-day window to remove this case.

10. "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013). The requirements for federal jurisdiction under CAFA are met in this case. Plaintiff Quenton Shelby is a Missouri resident. *See First Amended Petition.* Oak River is an insurance company formed under the laws of the state of Nebraska and with its principal place of business in Omaha, Nebraska. *See Nebraska Secretary of State Corporate Business Search, attached*. On information and belief, class members are citizens of states other than Missouri and Nebraska.[1] Therefore, the minimal diversity requirement under

---

[1] In the state court proceedings, Oak River has sought discovery on the identities and addresses of the other members of the class. Shelby has opposed discovery of this information. The state court recently ordered Shelby to provide Oak River with discovery on this issue. However, at the time of removal, Shelby has not yet provided this information.

4
4813-9163-0405.1
Case 4:17-cv-00224-DGK   Document 1   Filed 03/28/17   Page 4 of 6

CAFA is met. Moreover, because Shelby alleges that he is "asserting MIG's and the Class's claims…" this case is a "class action" under CAFA. *Williams v. Employers Mutual Casualty Co.*, 845 F.3d 891 (8th Cir. 2017). The class has 2,349 members – more than the 100 member threshold under CAFA. The matter in controversy is greater than $5,000,000 as Shelby's Petition seeks $19,001,795.17 plus interest.

11. A copy of all process, pleadings, and orders in this case is attached hereto as Exhibit A.

**WHEREFORE**, Defendant Oak River Insurance Company respectfully requests the above-captioned matter be removed from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri and for such other and further relief as this Court deems just and proper.

Dated this 28th day of March, 2017.

Respectfully submitted,

*s/ M. Courtney Koger*

| M. Courtney Koger | MO #42343 |
| Kevin D. Brooks | MO #57627 |

**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT OAK RIVER INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

   I hereby certify that on March 28, 2017 the foregoing was filed with the Court's electronic filing system which provides electronic notice to counsel of record and served via email, to:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

                *s/ M. Courtney Koger*
                Attorney for Defendant Oak River Insurance Company