





**EXHIBIT A**

Judicial Links ▾ | eFiling ▾ | Help ▾ | Contact Us | Print     GrantedPublicAccess   Logoff DEREK_J_MOORE

Search for Cases by:   Select Search Method... ▾

## 1616-CV17924 - QUENTON SHELBY V OAK RIVER INSURANCE COMPANY (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ○ Descending   Display Options:
       ● Ascending    | All Entries ▾ |

---

**07/22/2016** ☐ **Pet Filed in Circuit Ct**

Petition; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5; Exhibit 6; Exhibit 7; Exhibit 8; Exhibit 9; Exhibit 10.
    **On Behalf Of:** QUENTON SHELBY

☐ **Note to Clerk eFiling**
    **Filed By:** JESSE BARRETT ROCHMAN

☐ **Filing Info Sheet eFiling**
    **Filed By:** JESSE BARRETT ROCHMAN

☐ **Judge Assigned**

**07/25/2016** ☐ **Case Mgmt Conf Scheduled**
    **Associated Entries:** 09/26/2016 - Hearing/Trial Cancelled
    **Scheduled For:** 11/07/2016;  9:00 AM ;  W BRENT POWELL;  Jackson - Kansas City

☐ **Summons Issued-Circuit**
Document ID: 16-SMCC-7280, for OAK RIVER INSURANCE COMPANY.

**08/10/2016** ☐ **Corporation Served**
Document ID - 16-SMCC-7280; Served To - OAK RIVER INSURANCE COMPANY; Server - ; Served Date - 29-JUL-16; Served Time - 09:45:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - Kim Landers Designee

**08/24/2016** ☐ **Proposed Order Filed**
Proposed Order Granting Extension

☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** M. COURTNEY KOGER
    **On Behalf Of:** OAK RIVER INSURANCE COMPANY

☐ **Motion for Extension of Time**
Unopposed Motion for Extension of Time; Electronic Filing Certificate of Service.
    **On Behalf Of:** OAK RIVER INSURANCE COMPANY
    **Associated Entries:** 08/29/2016 - Motion Granted/Sustained

**08/29/2016** ☐ **Order Granting Ext of Time**
ORDER ON DEFENDANT OAK RIVER INSURANCE COMPANY¿S UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF¿S PETITION

☐ **Motion Granted/Sustained**

https://www.courts.mo.gov/casenet/cases/searchDockets.do            1/4

Associated Entries: 08/24/2016 - **Motion for Extension of Time** ■

☐ **Retn Serv-Reg/Cert Mail Succs**
Mailed 8-2-16; Signed for 8-22-16

**08/30/2016** ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** MARTIN L DAESCH

☐ **Motion for Change of Judge**
Application for Change of Judge; Electronic Filing Certificate of Service.
**Filed By:** MARTIN L DAESCH
**Associated Entries:** 09/26/2016 - Motion Granted/Sustained

☐ **Proposed Order Filed**
**Filed By:** MARTIN L DAESCH
**On Behalf Of:** QUENTON SHELBY

**09/26/2016** ☐ **Order**
Order granting change of Judge

☐ **Motion Granted/Sustained**
**Associated Entries:** 08/30/2016 - **Motion for Change of Judge** ■

☐ **Ord Transfer P/Judge for Assn**

☐ **Hearing/Trial Cancelled**
**Scheduled For:** 11/07/2016;  9:00 AM ;  W BRENT POWELL;  Jackson - Kansas City

**09/27/2016** ☐ **Judge Assigned**

☐ **Order to Transfer**
Transfer to Div 6

**09/30/2016** ☐ **Answer Filed**
Answer to Petition; Electronic Filing Certificate of Service.
**Filed By:** M. COURTNEY KOGER
**On Behalf Of:** OAK RIVER INSURANCE COMPANY

**10/04/2016** ☐ **Certificate of Mailing**
Certificate of Mailing Requests for Production; Electronic Filing Certificate of Service.
**Filed By:** JESSE BARRETT ROCHMAN
**On Behalf Of:** QUENTON SHELBY

**10/07/2016** ☐ **Case Mgmt Conf Scheduled**
**Associated Entries:** 10/27/2016 - Case Mgmt Conf Held
**Scheduled For:** 10/27/2016;  1:30 PM ;  JAMES DALE YOUNGS;  Jackson - Kansas City

**10/27/2016** ☐ **Case Mgmt Conf Scheduled**
**Associated Entries:** 12/01/2016 - Hearing Held
**Scheduled For:** 12/01/2016;  1:30 PM ;  JAMES DALE YOUNGS;  Jackson - Kansas City

☐ **Order**
Scheduling Order.

☐ **Case Mgmt Conf Held**
**Scheduled For:** 10/27/2016;  1:30 PM ;  JAMES DALE YOUNGS;  Jackson - Kansas City

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 2 of 1650

**11/03/2016**  **Cert Serv Resp Req Prod Doc Th**

Certificate of Service; Electronic Filing Certificate of Service.
> **Filed By:** M. COURTNEY KOGER
> **On Behalf Of:** OAK RIVER INSURANCE COMPANY

**11/21/2016**  **Certificate of Mailing**

Certificate of Mailing Responses to Request for Admissions; Electronic Filing Certificate of Service.
> **Filed By:** JESSE BARRETT ROCHMAN
> **On Behalf Of:** QUENTON SHELBY

**12/01/2016**  **Hearing Held**

> **Scheduled For:** 12/01/2016;  1:30 PM ;  JAMES DALE YOUNGS;  Jackson - Kansas City

**Case Mgmt Conf Scheduled**

> **Associated Entries:** 03/02/2017 - Case Mgmt Conf Held
> **Scheduled For:** 03/02/2017;  1:30 PM ;  JAMES DALE YOUNGS;  Jackson - Kansas City

**Order**

Scheduling Order.

**12/21/2016**  **Certificate of Mailing**

Certificate of Mailing; Electronic Filing Certificate of Service.
> **Filed By:** JESSE BARRETT ROCHMAN
> **On Behalf Of:** QUENTON SHELBY

**02/16/2017**  **Motion Filed**

Motion for Enforcement of Discovery; Electronic Filing Certificate of Service.
> **Filed By:** M. COURTNEY KOGER
> **Associated Entries:** 03/09/2017 - Motion Granted/Sustained

**Suggestions Filed**

Suggestions in Support of Motion for Enforcement; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5; Affidavit of K Brooks - Exhibit 6; Electronic Filing Certificate of Service.
> **Filed By:** M. COURTNEY KOGER

**Proposed Order Filed**

Proposed Order; Electronic Filing Certificate of Service.
> **Filed By:** M. COURTNEY KOGER
> **On Behalf Of:** OAK RIVER INSURANCE COMPANY

**02/17/2017**  **Mot for Enfor of Discovery**

Motion to Enforce Discovery; Electronic Filing Certificate of Service.
> **Filed By:** JESSE BARRETT ROCHMAN
> **On Behalf Of:** QUENTON SHELBY
> **Associated Entries:** 03/09/2017 - Motion Granted/Sustained

**Suggestions in Support**

Suggestions to Support Motion to Enforce Discovery; Exhibit A - Oak River Response to Golden Rule Letter; Exhibit B - Shelby Golden Rule Letter; Electronic Filing Certificate of Service.
> **Filed By:** JESSE BARRETT ROCHMAN

**02/24/2017**  **Suggestions in Opposition**

Suggestions to Oppose Motion to Enforce Discovery; Electronic Filing Certificate of Service.
> **Filed By:** JESSE BARRETT ROCHMAN

On Behalf Of: QUENTON SHELBY

**02/27/2017** ☐ **Suggestions in Opposition**
Suggestions in Opposition to Plaintiffs Motion to Enforce; Exhibit 1; Exhibit 2; Exhibit 3; Electronic Filing Certificate of Service.
     **Filed By:** M. COURTNEY KOGER
     **On Behalf Of:** OAK RIVER INSURANCE COMPANY

**03/02/2017** ☐ **Hearing Scheduled**
     **Scheduled For:** 12/07/2017;  9:00 AM ;  JAMES DALE YOUNGS;  Jackson - Kansas City

☐ **Order**
Scheduling Order

☐ **Case Mgmt Conf Held**
     **Scheduled For:** 03/02/2017;  1:30 PM ;  JAMES DALE YOUNGS;  Jackson - Kansas City

☐ **Reply**
Reply Suggestions to Support Motion to Enforce Discovery; Electronic Filing Certificate of Service.
     **Filed By:** JESSE BARRETT ROCHMAN
     **On Behalf Of:** QUENTON SHELBY

**03/08/2017** ☐ **Motion for Leave**
Motion for Leave to Amend; Electronic Filing Certificate of Service.
     **Filed By:** JESSE BARRETT ROCHMAN

☐ **Petition:**
First Amended Petition; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5; Exhibit 6; Exhibit 7; Exhibit 8; Exhibit 9; Exhibit 10; Electronic Filing Certificate of Service.
     **Filed By:** JESSE BARRETT ROCHMAN
     **On Behalf Of:** QUENTON SHELBY

**03/09/2017** ☐ **Order**
The Court hereby GRANTS plaintiff's motion to enforce discovery as well as defendant's motion to enforce discovery.

☐ **Motion Granted/Sustained**
     **Associated Entries:** 02/16/2017 - **Motion Filed** ☐

☐ **Motion Granted/Sustained**
     **Associated Entries:** 02/17/2017 - **Mot for Enfor of Discovery** ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,
**Serve:**
Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101

      Defendant.

Case No.
Division:

### Petition

Plaintiff Quenton Shelby ("Shelby"), by his attorneys, commences this civil action against Oak River Insurance Company ("Oak River"):

### Nature of Case

1.     This is a direct action against Oak River for declaratory judgment, breach of multiple insurance contracts, and an equitable garnishment under RSMo § 379.200. Shelby seeks to reach and apply insurance money to satisfy a final judgment entered in Shelby's favor for the certified class ("Class") in *Miller Investment Group v. Shelby*, No. 1216-CV24936 ("Underlying Litigation") that was pending in the Sixteenth Judicial Circuit Court of Jackson County, Missouri.

### Parties

2.     Shelby is a resident of Jackson County, Missouri. Shelby was appointed class representative of the Class in the Underlying Litigation. On information and belief, over one-third of the Class members are residents and citizens of Missouri.

1

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

3.      Oak River is a foreign insurance company licensed to conduct business in Missouri. Oak River may be served as set forth in the caption above. Oak River is deemed a citizen of Missouri because the insured (Miller Investment Group, Inc. ("MIG")) is a resident and citizen of Missouri.

### Jurisdiction and Venue

4.      This Court has jurisdiction because this is a civil case.

5.      Venue is proper in this Court because Oak River has or usually keeps an office or agent for the transaction of its usual and customary business; i.e., the selling of insurance policies, in Jackson County, Missouri. Oak River contracted to provide policies of insurance applicable to a Missouri insured (MIG) and this cause of action arises from issuing these insurance policies.

### General Allegations

6.      MIG is a named insured on at least eight garage policies with Oak River that are identical or substantially similar for purposes of this litigation. Those policies are attached as Exhibits 1 through 7 ("Policies"). On information and belief, MIG is a named insured on other insurance policies with Oak River relating to this action.

7.      On February 6, 2013, Shelby counterclaimed against MIG in the Underlying Litigation seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by MIG regarding collection, enforcement, repossession and disposition of collateral, and collection of alleged deficiencies.

8.      MIG notified Oak River of the Underlying Litigation and demanded Oak River defend and indemnify MIG for the Underlying Litigation. Oak River disclaimed any duty to defend or indemnify MIG for any damages in the Underlying Litigation. A copy of Oak River's denial letter is attached as Exhibit 8.

9. These facts, among others, were alleged in the Underlying Litigation, known by Oak River at the outset, or reasonably apparent to Oak River at the outset:

a. Under RSMo § 408.555, MIG wrongfully accelerated Class's consumer credit contracts by failing to give the required right to cure notices before acceleration.

b. Under RSMo § 408.555, MIG wrongfully repossessed the Class's property by failing to give the required right to cure notices before repossession.

c. The presale notices sent to the Class were not reasonable as required by § 9-611(b).

d. MIG wrongfully sold the Class's property after sending improper right to cure and presale notices.

e. The post-sale notices sent to the Class violated section § 9-616.

f. MIG sued the Class without giving the notice required by RSMo § 408.557.

g. MIG unlawfully collected or attempted to collect deficiency balances, time price differentials, and delinquency and collection charges from the Class members issued defective right to cure, presale and post-sale notices.

h. MIG reported derogatory information regarding the Class to local consumer reporting agencies and the three national consumer credit reporting agencies: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (collectively, "CRAs"), despite its failure to comply with the right to cure, presale and post-sale notice requirements.

i. The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the Class members' credit reports harmed the Class members' credit worthiness, credit standing, credit capacity, character, and general reputation.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

j.   The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the Class members' credit reports were oral or written publication of material that defamed, slandered, libeled and invaded the privacy rights of the Class members.

k.   MIG acted negligently in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code, including the right to cure, presale and post-sale notices.

l.   MIG did not intend to violate Chapter 408 or the UCC and did not intend injury to the Class because it believed its notices were accurate, lawful and contained no misrepresentations.

m.   The negligent misrepresentations in the notices were the proximate cause of:

   i.   the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold;

   ii.   the loss of use of Class member's surplus funds owed them after the sale of the collateral;

   iii.   the loss of use of the money each Class member paid, which was barred by statute and common law;

   iv.   cost of alternative transportation;

   v.   loss resulting from the inability to obtain, or increased costs of, alternative financing;

   vi.   harm to credit worthiness, credit standing, credit capacity, character, and general reputation;

   vii.   harm caused by defamation, slander and libel;

       viii.   harm caused by invasion of privacy; and

       ix.   other uncertain and hard-to-quantify actual damages.

10.     MIG defended the Underlying Litigation at its own expense for three years before agreeing to a class-wide settlement.

11.     MIG relied upon the denial letter attached as Exhibit 8 in defending and ultimately settling the lawsuit.

12.     On March 4, 2016, a final approval hearing was held regarding the settlement. The parties submitted to a liability and damage trial before the Court as part of the final fairness hearing. The hearing included evidence of the reasonableness of the settlement, and the trial court approved the settlement. The Final Approval Order and Final Judgment are attached as Exhibits 9 and 10. The trial court entered findings indicating it had determined the settlement to be fair, reasonable, and not a product of collusion. The trial court entered a judgment for the Class, and it approved MIG's assignment to the Class of MIG's claims against Oak River and any other insurer.

13.     The judgment against MIG in the Underlying Litigation is for $19,001,795.17 plus post-judgment interest at nine percent per annum.

14.     MIG acts and omissions that gave rise to the judgment in the Underlying Litigation occurred in Kansas and Missouri from January 10, 2008 to April 21, 2015.

15.     The damages incurred by Shelby and the Class as the result of the judgment in the Underlying Litigation are risks insured against under one or more of the Policies or other policies written by Oak River.

### Count I – Breach of Duty to Defend

16.     Shelby repeats the allegations set forth above as if set forth in Count I.

17.     There was a possibility or potential for coverage on the Underlying Litigation at the outset based on the Policies or other policies written by Oak River.

18.     There was a reasonably apparent theory of recovery against MIG that would give rise to coverage based on the facts: (a) alleged in the Underlying Litigation; (b) Oak River knew at the outset; or (c) that were reasonably apparent to Oak River at the outset.

19.     Oak River had to defend the Underlying Litigation.

20.     Oak River refused to defend the Underlying Litigation.

21.     As a direct and proximate result of Oak River's refusal to defend, a judgment was entered against MIG in the Underlying Litigation.

22.     Oak River is liable for the judgment in the Underlying Litigation.

23.     The judgment in the Underlying Litigation is final.

24.     MIG is an insured under the Policies or other policies written by Oak River.

25.     MIG is liable to Shelby and the Class for the damages awarded in the Underlying Litigation.

WHEREFORE, Shelby respectfully requests that the Court grant it judgment in its favor:

A.     Declaring Oak River breached its duty to defend.

B.     Awarding Shelby and the Class $19,001,795.17 plus post-judgment interest at nine percent per annum as damages for the full judgment in the Underlying Litigation.

C.     Awarding Shelby and the Class MIG's attorney's fees and costs in defending the Underlying Litigation.

D.     Awarding Shelby and the Class attorney's fees for this action and post-judgment interest.

E.     Such other relief as the Court deems just and equitable.

### Count II – Equitable Garnishment

26.     Shelby repeats the allegations set forth above as if set forth in Count II.

6

27.     Under RSMo. § 379.200, Shelby and the Class are judgment creditors of MIG, an insured under the Policies or other policies written by Oak River, resulting from the judgment entered in the Underlying Litigation by Shelby and the Class sustaining and proving property damage arising out of an accident.

28.     The judgment in the Underlying Litigation is a valid final judgment.

29.     The Policies or other policies written by Oak River were in effect for some or all of the underlying acts or omissions of MIG.

30.     Shelby and the Class may recover and apply $1,000,000 to $2,000,000 of insurance money per policy in effect to satisfy the full judgment in the Underlying Litigation because MIG was insured by Oak River against the damages awarded in the judgment.

31.     All conditions precedent of the Policies have been performed, yet Oak River wrongfully has refused to pay any portion of the Judgment.

32.     Under RSMo. § 379.200, Shelby and the Class may proceed in equity against Oak River to reach and apply the insurance monies to the satisfy the judgment in the Underlying Litigation.

WHEREFORE, Shelby respectfully requests that the Court grant it judgment in its favor:

A.     Declaring coverage under the policies identified.

B.     Awarding Shelby the policy limits of each policy identified (at least $14,000,000 in the aggregate) to satisfy the judgment in the Underlying Litigation, including post-judgment interest, attorney's fees and costs.

C.     Such other relief as the Court deems just and equitable.

By:  /s/Jesse B. Rochman
      Martin L. Daesch, #40494
      Jesse B. Rochman, #60712
      110 E. Lockwood Ave.
      St. Louis, MO  63119
      (314) 963-9000 (telephone)
      (314) 963-1700 (facsimile)
      daesch@onderlaw.com
      rochman@onderlaw.com

      *Attorneys for Plaintiff*

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# THE HOMESTATE COMPANIES

## COMMERCIAL LINES POLICY
## COMMON POLICY DECLARATIONS

EXTRA COPY

**Policy Number:** KSA100112

**Named Insured and Mailing Address:**
MILLER INVESTMENT GROUP, INC DBA AUTO NOW

2917 W. 113TH ST.
LEAWOOD, KS  66211

**Agent:** KF0347
MED JAMES, INC.
SHAWNEE MISSION, KS
PAT KAISER

**Policy Period: From:** 04/21/2010 **To:** 04/21/2011 at 12:01 A.M.,Standard Time at your mailing address shown above.

**Business Description:** USED CAR DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part OAK RIVER INSURANCE COMPANY | $ 18,490 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| **Annual Premium** | **$ 18,490** |

ATTENTION
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

**FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:***
Refer To Forms Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

Countersignature Date      Authorized Representative

CD24 (0703)

COPY

EXHIBIT
1

POLICY NUMBER: KSA100112

FORM SCHEDULE

Forms and Endorsements applying to this Coverage Part and made a part of this`policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMON POLICY DECLARATIONS |
| ILM0006 KS | 05/02 | COMMON POLICY CONDITIONS |
| ILM0008 KS | 04/05 | EXCLUSION-CDIC, RFC,CYPRESS INSURANCE CO & BROOKWOOD INSURANCE CO. |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**ILM 0006 KS 05 02**

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

**A.  CANCELLATION**

1.  The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2.  We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a.  10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

    b.  30 days before the effective date of cancellation if we cancel for the following reasons:

        (i)  the policy was issued because of a material misrepresentation;

        (ii)  any insured violated any of the material terms and conditions of the policy;

        (iii)  unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

        (iv)  a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law; or

        (v)  a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5.  If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**B.  CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C.  EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D.  INSPECTION AND SURVEYS**

We have the right but are not obligated to:

1.  Make inspections and surveys at any time;

2.  Give you reports on the conditions we find; and

3.  Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1.  Are safe or healthful; or

2.  Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E.  PREMIUMS**

The first Named Insured shown in the Declarations:

1.  Is responsible for the payment of all premiums; and

2.  Will be the payee for any return premiums we pay.

**F.  TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

**ILM 0006 KS 05 02**

ILM 0008 KS 04 05

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

        BUSINESSOWNERS POLICY
        LIQUOR LIABILITY COVERAGE FORM
        GARAGE COVERAGE FORM
        BUSINESS AUTO COVERAGE FORM
        OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
        COMMERCIAL GENERAL LIABILITY COVERAGE FORM
        TRUCKERS COVERAGE FORM
        FARM LIABILITY COVERAGE FORM
        UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05

    **c.**    Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

    **a.**    Any of the following, whether belonging to, or used or provided by, any insured or other person:

        **1.**    Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

        **2.**    Application software or programming for electronic, robotic, communication or computer devices;

        **3.**    Operating system or related software or programming for electronic, robotics, communication or computer devices;

        **4.**    Network of electronic, robotics, communications or computer devices;

        **5.**    Microprocessor or other computer chip not part of any computer system; or

        **6.**    Any other computerized, robotic, electronic or communications equipment or components.

    **b.**    Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

*(handwritten)* 4-21 10 Ks
4-21-11
Kp *probably with out Tlpck* 4/21/10
4-21/11

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**　　　　　　　　　　　　　　　　**EFFECTIVE DATE** 04/21/2010

NAMED INSURED MILLER INVESTMENT GROUP, INC DBA AUTO N　　POLICY NO. KSA100112

**FORM OF BUSINESS:**

☒ CORPORATION　　　　　　　　　　☐ INDIVIDUAL

☐ PARTNERSHIP　　　　　　　　　　☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| **LIABILITY** | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $　　　　　Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $　　　　Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $　　1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $　　100,000　　　　　　　　CSL | | | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE　　　EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $　　　MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | LIMIT OF LIABILITY $　　　DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE　　　EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE　　　Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED　MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT) | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $　　　Ded. FOR EACH COVERED AUTO See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available In California) | | $　　　for each disablement of a private passenger "auto" | | | |
| | | | PREMIUM FOR ENDORSEMENTS | | |
| | | | ESTIMATED TOTAL PREMIUM | | INCL |

CAM 0001 02 98

COPY

Page 1 of 2

Case 4:17-cv-00224-DGK　Document 1-2　Filed 03/28/17　Page 20 of 1650

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
**We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

CAM 0001 02 98
COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
| 002 | 7899 E FRONTAGE RD, OVERLAND PARK, KS 66204 |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | **TOTAL PREMIUMS \*** | | | | 8 | INCL | INCL | |

Number of Dealer Plates _____ 9 _____

Definitions:

**CLASS I - Employees**
    Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

**NOTE:**   **1.** Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
        **2.** Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
    Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

POLICY NUMBER: KSA100112                    COMMERCIAL GARAGE

FORM SCHEDULE                               EFFECTIVE DATE: 4/21/2010

                                            EXPIRATION DATE: 4/21/2011

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 10/01 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2365 | 12/02 | EXCL OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2503 | 07/97 | FALSE PRETENSE COVERAGE |
| CA 2505 | 07/97 | GARAGE LOCATIONS & OPERATIONS-MEDICAL PAYMENT COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 01 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| 002 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " [X] "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interest in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | Rates | Premium |
|---|---|---|---|---|
| 001 | Comprehensive | $ 160,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |
| 002 | Comprehensive | $ 120,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |

| All | Collision | $ 160,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | |
|---|---|---|---|---|

| BLANKET ANNUAL COLLISION RATES | | | | |
|---|---|---|---|---|
| First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
| INCL | INCL | INCL | INCL | INCL |
| | | TOTAL PREMIUM | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$                  Additional locations where you store covered "autos"
$                  In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " [X] ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " [X] " ).
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of Insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

CAM 0002 02 98

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**

**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | PURCHASED Original Cost New | PURCHASED Actual Cost & NEW (N) USED (U) | TERRITORY Town & State Where the Covered Auto will be principally garaged |
|---|---|---|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION Radius of Operation | Business Use s = service r = retail o = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Primary Rating Factor Phy. Dam. | Secondary Rating Factor | Code | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|---|
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |

COPY

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | | | | | |
| Total Premium | | | | | | | |

SEE SCHEDULE ATTACHED, IF APPLICABLE

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) |
|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST |

| | Limit | Premium |
|---|---|---|
| | | |
| Total Premium | | |

SEE SCHEDULE ATTACHED, IF APPLICABLE

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | | COLLISION | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | | | | | |
| Total Premium | | | | | | | |

SEE SCHEDULE ATTACHED, IF APPLICABLE

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|

SEE SCHEDULE ATTACHED, IF APPLICABLE

## ITEM TEN

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # KSA100112                          AGENT: MED JAMES, INC.
MILLER INVESTMENT GROUP, INC DBA AUTO              # KF0347
2917 W. 113TH ST.
LEAWOOD, KS  66211

Prems  Bldg
No.    No.   Street                         City        County     St  Zip
001    000   1404 SANTA FE                    OLATHE                KS  97030
002    000   7899 E FRONTAGE RD               OVERLAND PARK         KS  97030

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   a. The **Workers' Compensation** Exclusion is replaced by the following:

   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   b. The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

   This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   c. The **Care, Custody Or Control** Exclusion is replaced by the following:

   This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   d. The following is added to the **War** Exclusion:

   This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   e. The **Racing** Exclusion, if contained in the coverage form, does not apply.

   f. The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   a. $25,000 for "bodily injury" to any one person caused by any one "accident".

   b. $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or

   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005                    CA 01 22 05 06        □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 30 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

   **b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for nonpayment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

   **c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

     **(1)** Nonpayment of premium.

     **(2)** Fraudulent misrepresentation in obtaining this policy.

     **(3)** The "insured" violates any terms or conditions of the policy.

   **(4)** You or any other operator who either resides in the same household or customarily operates a covered "auto":

     **(a)** Has had his or her driver's license suspended or revoked during the policy period.

     **(b)** Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

     **(c)** Has been convicted during the policy period or 36 months before it, for:

       **(i)** Any felony, or

       **(ii)** Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

       **(iii)** Driving a motor vehicle while intoxicated or under the influence of drugs, or

       **(iv)** Leaving the scene of an "accident" without stopping to report, or

       **(v)** Theft of a motor vehicle, or

       **(vi)** Making false statements when applying for a driver's license, or

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 31 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(vii)** A third moving violation, committed within a period of 18 months of:

 **i.** Any regulation limiting the speed of motor vehicles, or

 **ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

 **iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

 **a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

 **(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

 **(2)** When we cease to transact such business in this state.

 **(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

 **(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

 **(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

 **(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

CA 02 65 02 96

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

  **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

  **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

  **c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

    **(1)** Nonpayment of premium.

    **(2)** This policy was issued because of material misrepresentation.

    **(3)** Any "insured" violated any of the material terms and conditions of this policy.

    **(4)** Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

    **(5)** A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

    **(6)** A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

  **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

  **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

  **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

  **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

<div align="right">
COMMERCIAL AUTO
CA 22 14 10 97
</div>

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | |
| | (Authorized Representative) |

**SCHEDULE**

| Benefits | Limit |
|---|---|
| **A.** Medical Expenses | Up to $4,500 |
| **B.** Rehabilitation Expenses | Up to $4,500 |
| **C.** Work Loss | $900 per month maximum, up to 1 year maximum |
| **D.** Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| **E.** Funeral Expenses | Up to $2,000 per person |
| **F.** Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 34 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings", and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally,

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997   CA 22 14 10 97   □

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

      No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 36 of 1650

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

5. **The Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

**PAYMENT OF BENEFITS**

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

b. One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

c. With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

3. "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

4. "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

5. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

6. "Occupying" means in or upon or entering into or alighting from.

7. "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

    A. Under any Liability Coverage, to "bodily injury" or "property damage":

    (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

    (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

    C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

    (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

    (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

    (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

Case 4:17-cv-00224-DGK  Document 1-2  Filed 03/28/17  Page 39 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2.** As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

  **(a)** Any "nuclear reactor";

  **(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

  **(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

  **(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2001
IL 00 21 07 02 □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM.
    GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.    Item (6) is replaced by the following:

(6)    All interest on the lesser of:

(a)   the full amount of any judgment; or

(b)   the applicable limit of insurance

that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.    The following is added:

(7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

(a)   you or any other person or organization qualifying as a Named Insured under this policy; or

(b)   any business in which any Named Insured:

   (i)   has an interest in 25% or more of the outstanding voting stock or of the total stock; or

   (ii)   is a **Related Company**; or

   (iii)   is a partner; or

(c)   any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

(d)   any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

(e)   the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **VI** – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Seven of the Non-Dealers' and Trailer Dealers' Supplementary Schedule or Item Nine of the Dealers' Supplementary Schedule for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Seven or Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 44 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" And "Autos" Held For Sale By Non-Dealers Or Trailer Dealers (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Dealers' Supplementary Schedule or Item Nine of the Non-Dealers' and Trailer Dealers' Supplementary Schedule. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "accident" occurs in the coverage territory;

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2000

CA 00 05 10 01

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 45 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(3) Prior to the policy period, no "insured" listed under **Who Is An Insured** and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under **Who Is An Insured** or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under **Who Is An Insured** or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is your "garage operations".

(d) Your customers, if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:

(i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

4. **Coverage Extensions**

a. **Supplementary Payments**

In addition to the Limit of Insurance, we will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

b. **Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

B. **Exclusions**

This insurance does not apply to any of the following:

1. **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

2. **Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

© ISO Properties, Inc., 2000

CA 00 05 10 01 □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

    **(1)** Employment by the "insured"; or

    **(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

    **(1)** Refusal to employ that person;

    **(2)** Termination of that person's employment; or

    **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

    **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

    **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

    **(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

    **(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

    **(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

        **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

        **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

    **(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

© ISO Properties, Inc., 2000                **CA 00 05 10 01**    ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**17. Liquor Liability**

"Bodily injury" or "property damage" for which an "insured" may be held liable by reason of:

**a.** Causing or contributing to the intoxication of any person;

**b.** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**c.** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you use the premises in part for the following purposes:

**(1)** Serving or furnishing alcoholic beverages for a charge whether or not such activity:

   **(a)** Requires a license; or

   **(b)** Is for the purpose of financial gain or livelihood; or

**(2)** Serving or furnishing alcoholic beverages without a charge, if a license is required for such activity.

**C. Limit Of Insurance**

**1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"**

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

**a.** "Personal injury" liability coverage;

**b.** "Personal and advertising injury" liability coverage;

**c.** Host liquor liability coverage;

**d.** Fire legal liability coverage;

**e.** Incidental medical malpractice liability coverage;

**f.** Non-owned watercraft coverage;

**g.** Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 50 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

**2. Limit Of Insurance – "Garage Operations" – Covered "Autos"**

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

**D. Deductible**

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

## SECTION III – GARAGEKEEPERS COVERAGE

**A. Coverage**

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   **(1)** The "customer's auto's" collision with another object; or

   **(2)** The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   **(1)** Fire, lightning or explosion;

   **(2)** Theft; or

   **(3)** Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   **(1)** The "customer's auto's" collision with another object; or

   **(2)** The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. In addition to the Limit of Insurance, we will pay for the "insured":

   **a.** All expenses we incur.

© ISO Properties, Inc., 2000

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

**B. Exclusions**

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any agreement by which the "insured" accepts responsibility for "loss".

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

   **c.** Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

   **d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

**C. Limit Of Insurance And Deductible**

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by collision; and

   **a.** Theft or mischief or vandalism; or

   **b.** All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

   **a.** Theft or mischief or vandalism; or

   **b.** All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

**SECTION IV – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

1. We will pay for "loss" to a covered "auto" or its equipment under:

   **a. Comprehensive Coverage**

   From any cause except:

   **(1)** The covered "auto's" collision with another object; or

   **(2)** The covered "auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   **(1)** Fire, lightning or explosion;

   **(2)** Theft;

   **(3)** Windstorm, hail or earthquake;

   **(4)** Flood;

   **(5)** Mischief or vandalism; or

   **(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

   **c. Collision Coverage**

   Caused by:

   **(1)** The covered "auto's" collision with another object; or

   **(2)** The covered "auto's" overturn.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 52 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2. Towing – Non-Dealers Only**

If your business is shown in the Declarations as something other than an "auto" dealership, we will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

**3. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

**4. Coverage Extension**

**a. Transportation Expenses**

If your business is shown in the Declarations as something other than an "auto" dealership, we will pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

**b. Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**(1)** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**(2)** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**(3)** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

f. Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

   (1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

   (2) An integral part of the same unit housing any sound reproducing equipment described in **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

b. Your acquiring an "auto" from a seller who did not have legal title.

**4.** If your business is shown in the Declarations as an "auto" dealership, we will not pay for:

a. Your expected profit, including loss of market value or resale value.

b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown;

b. Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** For those businesses shown in the Declarations as "auto" dealerships, the following provisions also apply:

a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Auto Dealers Supplementary Schedule for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Auto Dealers Supplementary Schedule for "loss" in transit.

b. **Quarterly Or Monthly Reporting Premium Basis**

   If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Auto Dealers Supplementary Schedule for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1. "Auto" Dealers Only Special Deductible Provisions**

If your business is shown in the Declarations as an "auto" dealership:

**a.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**(1)** Theft or mischief or vandalism; or

**(2)** All perils.

**b.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**(1)** Theft or mischief or vandalism; or

**(2)** All perils.

**2. Non-Dealers Only Special Deductible Provisions**

If your business is shown in the Declarations as something other than an "auto" dealership, the Comprehensive Coverage deductible does not apply to "loss" caused by fire or lightning.

**SECTION V – GARAGE CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

    **(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

    **(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

  **a.** There has been full compliance with all the terms of this Coverage Form; and

  **b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

  **a.** Pay for, repair or replace damaged or stolen property;

  **b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

  **c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

  **a.** This Coverage Form;

  **b.** The covered "auto";

  **c.** Your interest in the covered "auto"; or

  **d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

  **a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

    **(1)** Excess while it is connected to a motor vehicle you do not own.

    **(2)** Primary while it is connected to a covered "auto" you own.

  **b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

  **c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

  **d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement; or

**2.** Any claim or "suit" by or on behalf of a governmental authority demanding

that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 57 of 1650

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section **I** of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement;

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**N.** "Products" includes:

**a.** The goods or products you made or sold in a garage business; and

**b.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

**1.** Damages because of "bodily injury" or "property damage"; or

**2.** A "covered pollution cost or expense",

to which this insurance applies, are claimed.

"Suit" includes:

**a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

**a.** Work that someone performed on your behalf; and

**b.** The providing of or failure to provide warnings or instructions.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | |
| | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

    **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

    **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

        **(1)** Have been given prompt written notice of such tentative settlement; and

        **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

    **a.** The Named Insured and any "family members".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 60 of 1650

    **b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    **c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

    **a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    **b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

**1.** Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

    **a.** $25,000 for "bodily injury" to any one person caused by any one "accident", and

    **b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident".

    This provision will not change our total limit of liability.

**2.** The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a., c.** and **d.** of that definition.

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

**4.** Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

**1.** **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

    **a.** The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

    **b.** If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

**2.** **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

    **a.** Promptly notify the police if a hit-and-run driver is involved, and

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

  **(1)** Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

  **(2)** Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

  Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a.**, **c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

  **(1)** Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

  **(2)** Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

  **(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

  **(2)** We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 62 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   **a.** For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   **b.** That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   **c.** For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   **d.** For which neither the driver nor owner can be identified. The vehicle must either:

      **(1)** Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      **(2)** Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

**a.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

**b.** Owned by a governmental unit or agency.

**c.** Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004  CA 21 37 01 05  □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 63 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 23 65 12 02

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    SINGLE INTEREST AUTOMOBILE PHYSICAL DAMAGE INSURANCE POLICY
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

Any "bodily injury", "property damage", "personal injury", "personal and advertising injury", "loss", loss of use, rental reimbursement after "loss" or "covered pollution cost or expense", as may be defined in any applicable Coverage Form or endorsement, arising directly or indirectly out of "a certified act of terrorism".

However, with respect to Liability and Personal Injury Protection Coverage, if applicable, this exclusion applies only to the extent that the limit of such coverage exceeds the state compulsory or financial responsibility law minimum limits for each coverage.

With respect to Uninsured and/or Underinsured Motorists Coverage, if applicable, this exclusion applies only to the extent that the limit of such coverage exceeds the minimum statutory permitted limits for Uninsured and/or Underinsured Motorists Coverage. Those limits are equal to the minimum limit permitted for Liability Coverage.

**B.** The following definition is added:

**1.** "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act of 2002. The federal Terrorism Risk Insurance Act of 2002 sets forth the following criteria for a "certified act of terrorism":

**a.** The act resulted in aggregate losses in excess of $5 million; and

**b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

**C. Application Of Other Exclusions**

The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for any loss which would otherwise be excluded under this Coverage Form, such as losses excluded by a Nuclear Hazard Exclusion or a War Or Military Action Exclusion.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

---

**CA 25 02 12 93**          Copyright, Insurance Services Office, Inc., 1993          **Page 1 of 1**          ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:
<div align="right">

**COMMERCIAL AUTO**
**CA 25 03 07 97**
</div>

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# FALSE PRETENSE COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective: 4/21/10 | Countersigned By: |
| Named Insured:  MILLER INVESTMENT GROUP INC | (Authorized Representative) |

## SCHEDULE

| Limit of Insurance – $25,000 unless another limit is shown below or in the Declarations. | | | |
|---|---|---|---|
| $ 25,000          limit of insurance. | | | |
| **Named Location No.**<br>**From Item Three Of The**<br>**Dealer's Supplementary Schedule** | **Total Inventory Value**<br>**For Each Named Location** | **Rate** | **Premium** |
| 1 | $ 160,000 | $ INCL | $ INCL |
| 2 | $ 120,000 | $ INCL | $ INCL |
| 3 | $ | $ | $ |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Covered Autos** is changed by adding the following:

Any "auto" you have acquired is a covered "auto" under False Pretense Coverage.

**B. Physical Damage Coverage** is changed as follows:

  **1.** The following is added:

    We will pay for "loss" to a covered "auto" under:

False Pretense Coverage caused by:

  **a.** Someone causing you to voluntarily part with the covered "auto" by trick, scheme or under false pretenses.

  **b.** Your acquiring an "auto" from a seller who did not have legal title.

  **2. Exclusions** is changed as follows:

    **a.** The False Pretense Exclusion does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 66 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** The following exclusion is added:

(1) The insurance under Paragraph **B.1.a.** of this endorsement does not apply unless:

(a) You had legal title to, or consignment papers for, the covered "auto" prior to "loss"; and

(b) You make every effort to recover the covered "auto" when it is located.

(2) False Pretense Coverage does not apply to a loss in which for any reason a bank or any other drawee fails to pay.

**3. Limits Of Insurance** is changed as follows:

**a.** The provisions applicable to "auto" dealers apply to False Pretense Coverage.

**b.** Under False Pretense Coverage, the Limit of Insurance shown in the Schedule or Declarations is the most we will pay for all "loss" caused by any one person within any one year of the policy period.

**4.** The **Deductible** provision is changed by adding the following:

From our obligation under False Pretense Coverage, we will deduct the actual value of any property delivered to you in full or partial payment for title to or possession of a covered "auto".

**C.** The following is added to the **Duties In The Event Of Accident, Claim, Suit Or Loss** Garage Condition:

You, or someone on your behalf, must take all reasonable steps to cause a warrant to be issued, as soon as practicable, for the arrest of anyone causing a "loss" defined within the False Pretense Coverage. Failure to cause such warrant to be issued as required by this Condition shall not invalidate any claim made by you, if it is shown that reasonable efforts were made.

Copyright, Insurance Services Office, Inc., 1996

CA 25 03 07 97 ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

**1.** The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

**2.** All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

**1.** "Bodily injury" resulting from the maintenance or use of any "auto".

**2.** "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

**3.** "Bodily injury" caused by declared or undeclared war or insurrection or any of their consequences.

**4.** "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 68 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 25 07 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective 4/21/10 | Policy No. KSA100112 |
|---|---|
| Named Insured MILLER INVESTMENT GROUP INC | Countersigned by |

(Authorized Representative)

**SCHEDULE**

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93          Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

   **a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

   **b.** Any loss, cost or expense arising out of any:

      **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

      **(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 70 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**HERITAGE PROPERTIES INC
9200 PARK BLVD 201
SEMINOLE, FL 33777**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

      GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.      "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations.  This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto.  "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

   **Towed Auto**

   Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.     DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.     AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)     The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)     Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

    1.    An unlicensed driver;

    2.    Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of:

1. The cost of replacing the damaged property with other property of like kind and quality;
2. The cost of repairing the damaged property by conventional means of body work;
3. The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Description of Excluded Operations:**

   **USED CAR DEALERSHIP**


**Specified Location (If applicable):**

   **INDEPENDENCE LOCATION**
**BELTON LOCATION**


(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.


CAM 5058 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$    1000                 each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.    LIMIT OF INSURANCE AND DEDUCTIBLE

1.    Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

KSA100112

MILLER INVESTMENT GROUP, INC. DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Cypress Insurance Company
Oak River Insurance Company

President
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Redwood Fire and Casualty Insurance Company

Secretary

**EXHIBIT 2**

ILM 0314 08 10

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

ILM 0006 KS 05 02

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for the following reasons.

      (i) the policy was issued because of a material misrepresentation;

      (ii) any insured violated any of the material terms and conditions of the policy;

      (iii) unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

      (iv) a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law; or

      (v) a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTION AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

ILM 0006 KS 05 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

        BUSINESSOWNERS POLICY
        LIQUOR LIABILITY COVERAGE FORM
        GARAGE COVERAGE FORM
        BUSINESS AUTO COVERAGE FORM
        OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
        COMMERCIAL GENERAL LIABILITY COVERAGE FORM
        TRUCKERS COVERAGE FORM
        FARM LIABILITY COVERAGE FORM
        UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

**1.** "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

**2.** Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

**3.** Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

**4.** Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

**5.** Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

**6.** Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

**a.** Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

**b.** Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                   Page 1 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c.  Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

a.  Any of the following, whether belonging to, or used or provided by, any insured or other person:

   1.  Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

   2.  Application software or programming for electronic, robotic, communication or computer devices;

   3.  Operating system or related software or programming for electronic, robotics, communication or computer devices;

   4.  Network of electronic, robotics, communications or computer devices;

   5.  Microprocessor or other computer chip not part of any computer system; or

   6.  Any other computerized, robotic, electronic or communications equipment or components.

b.  Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**                                                    **EFFECTIVE DATE** 04/21/2011

**NAMED INSURED** MILLER INVESTMENT GROUP, INC DBA AUTO N    **POLICY NO.** KSA100112

**FORM OF BUSINESS:**

☒ CORPORATION                                                 ☐ INDIVIDUAL

☐ PARTNERSHIP                                                 ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| **LIABILITY** | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | $ SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | $ SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 26 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO AS SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT) | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | See Supplementary Schedule for dealers' "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers' "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | | PREMIUM FOR ENDORSEMENTS | | |
| | | | ESTIMATED TOTAL PREMIUM | | INCL |

CAM 0001 02 98                                    COPY                              Page 1 of 2

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us** **you** would have when this policy began.
**We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

COPY

POLICY NUMBER: KSA100112                 COMMERCIAL GARAGE

FORM SCHEDULE                     EFFECTIVE DATE: 4/21/2011

                                            EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CA 9903 | 03/06 | AUTO MEDICAL PAYMENTS COVERAGE |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 01 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address state your main business location as Location No. 1 |
|---|---|
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
|  |  |
|  |  |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employee Proprietors, partners, or officers active in the business | INCL | INCL | INCL |  |  |  |  |
|  | Class I - Employees Salespersons, general managers, service managers | INCL | 6 | 4.5 |  |  |  |  |
|  | Class I - Employees Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL |  |  |  |  |
|  | Class I - Employees Any employee who is furnished with an auto | INCL | INCL | INCL |  |  |  |  |
|  | Class I - Employees All other employees |  | 0 | 0 |  |  |  |  |
|  | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL |  |
|  | Class I - Employees Proprietors, partners, or officers active in the business |  |  |  |  |  |  |  |
|  | Class I - Employees Salespersons, general managers, service managers |  |  |  |  |  |  |  |
|  | Class I - Employees Any employee whose principal duty involves operation of an auto |  |  |  |  |  |  |  |
|  | Class I - Employees Any employee who is furnished with an auto |  |  |  |  |  |  |  |
|  | Class I - Employees All other employees |  |  |  |  |  |  |  |
|  | Class II - Non-Employees |  |  |  |  |  |  |  |
|  | Class I - Employees Proprietors, partners, or officers active in the business |  |  |  |  |  |  |  |
|  | Class I - Employees Salespersons, general managers, service managers |  |  |  |  |  |  |  |
|  | Class I - Employees Any employee whose principal duty involves operation of an auto |  |  |  |  |  |  |  |
|  | Class I - Employees Any employee who is furnished with an auto |  |  |  |  |  |  |  |
|  | Class I - Employees All other employees |  |  |  |  |  |  |  |
|  | Class II - Non-Employees |  |  |  |  |  |  |  |
|  | **TOTAL PREMIUMS \*** |  |  |  | 4 | INCL | INCL |  |

Number of Dealer Plates _____ 7 _____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

NOTE: 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | | Rates | Premium |
|---|---|---|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |
| All | Collision | $ 180,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | | | | |

| | BLANKET ANNUAL COLLISION RATES | | | | |
|---|---|---|---|---|---|
| | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
| | INCL | INCL | INCL | INCL | INCL |
| | | | **TOTAL PREMIUM** | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$ Additional locations where you store covered "autos"
$ 10,000 In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

CAM 0002 02 98

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals ____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals ____ % of the Liability Premium | |

**ITEM NINE**

**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| | DESCRIPTION | PURCHASED | | TERRITORY |
|---|---|---|---|---|
| Covered Auto No. | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where the Covered Auto will be principally garaged |
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | |

| | CLASSIFICATION | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Covered Auto No. | Radius of Operation | Business Use s = service r = retail o = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Primary Rating Factor Phy. Dam. | Secondary Rating Factor | Code | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | | | | |

COPY

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | |
|---|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | | |
| | Limit | Premium | |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE |
| Total Premium | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

**ITEM TEN**

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

COPY

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

  **1.** For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

    **a.** The **Workers' Compensation** Exclusion is replaced by the following:

    Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

    **b.** The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

    This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

    **c.** The **Care, Custody Or Control** Exclusion is replaced by the following:

    This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

    **d.** The following is added to the **War** Exclusion:

    This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

    **e.** The **Racing** Exclusion, if contained in the coverage form, does not apply.

    **f.** The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

  **2.** Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

    **a.** $25,000 for "bodily injury" to any one person caused by any one "accident".

    **b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

    **c.** $10,000 for "property damage" caused by any one "accident".

    This provision will not change our limit of insurance.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 95 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or

   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 96 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

   **b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for non-payment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

   **c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

     (1) Nonpayment of premium.

     (2) Fraudulent misrepresentation in obtaining this policy.

     (3) The "insured" violates any terms or conditions of the policy.

     (4) You or any other operator who either resides in the same household or customarily operates a covered "auto":

       (a) Has had his or her driver's license suspended or revoked during the policy period.

       (b) Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

       (c) Has been convicted during the policy period or 36 months before it, for:

         (i) Any felony, or

         (ii) Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

         (iii) Driving a motor vehicle while intoxicated or under the influence of drugs, or

         (iv) Leaving the scene of an "accident" without stopping to report, or

         (v) Theft of a motor vehicle, or

         (vi) Making false statements when applying for a driver's license, or

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 97 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(vii)** A third moving violation, committed within a period of 18 months of:

**i.** Any regulation limiting the speed of motor vehicles, or

**ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

**iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

**(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

**(2)** When we cease to transact such business in this state.

**(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

**(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

**(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

**(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 98 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

   **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

   **c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

   **(1)** Nonpayment of premium.

   **(2)** This policy was issued because of material misrepresentation.

   **(3)** Any "insured" violated any of the material terms and conditions of this policy.

   **(4)** Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

   **(5)** A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

   **(6)** A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

   **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

   **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

   **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

   **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

   Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

   If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

   If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 99 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

<div align="right">

**COMMERCIAL AUTO**
**CA 22 14 10 97**

</div>

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

<div align="center">

**SCHEDULE**

</div>

| Benefits | Limit |
|---|---|
| **A.** Medical Expenses | Up to $4,500 |
| **B.** Rehabilitation Expenses | Up to $4,500 |
| **C.** Work Loss | $900 per month maximum, up to 1 year maximum |
| **D.** Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| **E.** Funeral Expenses | Up to $2,000 per person |
| **F.** Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 100 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:
   a. Loss after an "insured's" death of his or her "monthly earnings", and
   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:
   a. Causes such "bodily injury" to him or herself intentionally,
   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,
   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or
   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997          **CA 22 14 10 97**     □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 101 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

**1. Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

   No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

**2. Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 102 of 1650

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
|-------|----------------------------------------------|
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

5. The **Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

**PAYMENT OF BENEFITS**

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997

**CA 22 14 10 97** ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

**c.** With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

**3.** "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

**4.** "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

**5.** "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

**6.** "Occupying" means in or upon or entering into or alighting from.

**7.** "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 105 of 1650

**2.** As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 106 of 1650

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM.
GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.    Item (6) is replaced by the following:

(6)    All interest on the lesser of:

(a)   the full amount of any judgment; or

(b)   the applicable limit of insurance

that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.    The following is added:

(7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

**CAM 6076 11 04**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

    (a)    you or any other person or organization qualifying as a Named Insured under this policy; or

    (b)    any business in which any Named Insured:

        (i)    has an interest in 25% or more of the outstanding voting stock or of the total stock; or

        (ii)    is a **Related Company**; or

        (iii)    is a partner; or

    (c)    any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

    (d)    any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

    (e)    the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 110 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

    **a.** We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

    **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

    **a.** Breakdown;

    **b.** Repair;

    **c.** Servicing;

    **d.** "Loss"; or

    **e.** Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

    **a.** We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

    We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "accident" occurs in the coverage territory;

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

**(3)** Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

**(1)** You for any covered "auto".

**(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(a)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(b)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(c)** Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

---

**CA 00 05 03 06** © ISO Properties, Inc., 2005 **Page 3 of 17** ☐

(d) Your customers. However, if a customer of yours:

    (i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

    (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

  **a. Supplementary Payments**

    We will pay for the "insured":

    (1) All expenses we incur.

    (2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1), (2)** or **(3)** above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

---

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

**(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

**(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

**CA 00 05 03 06** □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 115 of 1650

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    **(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    **(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 117 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## SECTION III – GARAGEKEEPERS COVERAGE

**A. Coverage**

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

**b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**B. Exclusions**

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 118 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV – PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005
CA 00 05 03 06 ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**3. Coverage Extension – Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**a.** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**b.** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**c.** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

**(1)** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

**(2)** An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 120 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005

**CA 00 05 03 06**　☐

## SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

1. **Appraisal For Physical Damage Loss**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

   The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   **a.** Pay its chosen appraiser; and

   **b.** Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   **a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

   **(1)** How, when and where the "accident" or "loss" occurred;

   **(2)** The "insured's" name and address; and

   **(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

   **b.** Additionally, you and any other involved "insured" must:

   **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

   **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

   **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

   **(4)** Authorize us to obtain medical records or other pertinent information.

   **(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

   **c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

   **(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

   **(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

   **(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

   **(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   **a.** There has been full compliance with all the terms of this Coverage Form; and

   **b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment – Physical Damage Coverages**

   At our option we may:

   **a.** Pay for, repair or replace damaged or stolen property;

   **b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

   **c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

   If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. **Transfer Of Rights Of Recovery Against Others To Us**

   If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own.

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 124 of 1650

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement; or

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

CA 00 05 03 06    □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**N.** "Products" includes:

**1.** The goods or products you made or sold in a garage business; and

**2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

**1.** Damages because of "bodily injury" or "property damage"; or

**2.** A "covered pollution cost or expense",

to which this insurance applies, are claimed.

"Suit" includes:

**a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

**1.** Work that someone performed on your behalf; and

**2.** The providing of or failure to provide warnings or instructions.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective: | Countersigned By: |
| Named Insured: | |
| | (Authorized Representative) |

## SCHEDULE

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

   **(1)** Have been given prompt written notice of such tentative settlement; and

   **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   **a.** The Named Insured and any "family members".

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 127 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

**1.** Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

**a.** $25,000 for "bodily injury" to any one person caused by any one "accident", and

**b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident".

This provision will not change our total limit of liability.

**2.** The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a., c.** and **d.** of that definition.

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

**4.** Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

**1. Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

**a.** The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**b.** If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved, and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 128 of 1650

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

    **(1)** Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

    **(2)** Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3.** **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a., c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

    **(1)** Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

    **(2)** Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

    **(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

    **(2)** We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

   However, "uninsured motor vehicle" does not include any vehicle:

   a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

   b. Owned by a governmental unit or agency.

   c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004
CA 21 37 01 05 □

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS

## THIS FORM DISABLED – DO NOT INCLUDE IN POLICY

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 131 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 132 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 133 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 25 07 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective 04/21/2011 | Policy No. KSA100112 |
|---|---|
| Named Insured MILLER INVESTMENT GROUP INC | Countersigned by |

(Authorized Representative)

**SCHEDULE**

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93     Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

  **a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

  **b.** Any loss, cost or expense arising out of any:

    **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

    **(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 135 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 136 of 1650

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily Injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

**D. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations.

No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance – Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 137 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**HERITAGE PROPERTIES INC**
**9200 PARK BLVD 201**
**SEMINOLE, FL 33777**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**MIDWEST AUTO FINANCE**
**2917 W. 113TH ST.**
**LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.    "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations.  This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto.  "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.  DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.  AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)  The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)  Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

    1.    An unlicensed driver;

    2.    Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

1.  The cost of replacing the damaged property with other property of like kind and quality;
2.  The cost of repairing the damaged property by conventional means of body work;
3.  The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

**USED CAR DEALERSHIP**

**Specified Location (If applicable):**

**INDEPENDENCE LOCATION**
**BELTON LOCATION**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

COMMERCIAL AUTO
CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$ 1000 each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.     LIMIT OF INSURANCE AND DEDUCTIBLE

    1.     Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

**CCL 274 10 97**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

Policy Number: KSA100112

Agent: H03008
MED JAMES, INC.

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP, INC DBA

P O BOX 2014

2917 W. 113TH ST.
LEAWOOD, KS  66211

SHAWNEE MISSION, KS 66201
PAT KAISER

Policy Period: From: _04/21/2012_  To: _04/21/2013_  at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED CAR DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $   13,204 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium (may include balance to meet minimum premium) | $   13,204 |

**ATTENTION**
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____
Countersignature Date

_____
Authorized Representative

CD24 (0703)

ORIGINAL

EXHIBIT
3

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: KSA100112

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| ILM0314 | 07/11 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES |
| ILM0006 KS | 05/02 | COMMON POLICY CONDITIONS |
| ILM0008 KS | 04/05 | EXCLUSION-CDIC, RFC,CYPRESS INSURANCE CO & BROOKWOOD INSURANCE CO. |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES
Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company


KSA100112

MILLER INVESTMENT GROUP, INC DBA AUTO NOW


In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Redwood Fire and Casualty Insurance Company

President
Cypress Insurance Company
Oak River Insurance Company

Secretary


**ILM 0314 07 11**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMON POLICY CONDITIONS

ILM 0006 KS 05 02

All Coverage Parts included in the policy are subject to the following conditions.

**A. CANCELLATION**

1.  The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2.  We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a.  10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

    b.  30 days before the effective date of cancellation if we cancel for the following reasons.

        (i)   the policy was issued because of a material misrepresentation;

        (ii)  any insured violated any of the material terms and conditions of the policy;

        (iii) unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

        (iv)  a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law; or

        (v)   a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5.  If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**B. CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C. EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. INSPECTION AND SURVEYS**

We have the right but are not obligated to:

1.  Make inspections and surveys at any time;

2.  Give you reports on the conditions we find; and

3.  Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1.  Are safe or healthful; or

2.  Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E. PREMIUMS**

The first Named Insured shown in the Declarations:

1.  Is responsible for the payment of all premiums; and

2.  Will be the payee for any return premiums we pay.

**F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

ILM 0006 KS 05 02

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

ILM 0008 KS 04 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                         Page 1 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c.    Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

a.    Any of the following, whether belonging to, or used or provided by, any insured or other person:

    1.    Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

    2.    Application software or programming for electronic, robotic, communication or computer devices;

    3.    Operating system or related software or programming for electronic, robotics, communication or computer devices;

    4.    Network of electronic, robotics, communications or computer devices;

    5.    Microprocessor or other computer chip not part of any computer system; or

    6.    Any other computerized, robotic, electronic or communications equipment or components.

b.    Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**                                                **EFFECTIVE DATE** 04/21/2012

**NAMED INSURED** MILLER INVESTMENT GROUP, INC DBA AUTO N    **POLICY NO.** KSA100112

**FORM OF BUSINESS:**

☒ CORPORATION                                              ☐ INDIVIDUAL

☐ PARTNERSHIP                                              ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| LIABILITY | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 26 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not Included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "auto" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "auto" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | PREMIUM FOR ENDORSEMENTS | | | |
| | | ESTIMATED TOTAL PREMIUM | | | INCL |

CAM 0001 02 98                      ORIGINAL                      Page 1 of 2

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 156 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures you told us you would have when this policy began.
We will compute your final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated total premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 157 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: KSA100112

COMMERCIAL GARAGE

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

## GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
| | |
| | |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 10 | 7.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 7.5 | INCL | INCL | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | **TOTAL PREMIUMS \*** | | | | 8 | INCL | INCL | |

Number of Dealer Plates _____ 7 _____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

NOTE: 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 96

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | | Rates | Premium |
|---|---|---|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |

| All | Collision | $ 180,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | | | | |
|---|---|---|---|---|---|---|---|

| | | BLANKET ANNUAL COLLISION RATES | | | | |
|---|---|---|---|---|---|---|
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
| | | INCL | INCL | INCL | INCL | INCL |
| | | | | **TOTAL PREMIUM** | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$     Additional locations where you store covered "autos"
$ 10,000    In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ " ).

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ " ).
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

YOUR REPORTING BASIS IS:

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

CAM 0002 02 98

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals         % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily Injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals         % of the Liability Premium | |

**ITEM NINE**
**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | PURCHASED Original Cost New | Actual Cost & NEW (N) USED (U) | TERRITORY Town & State Where the Covered Auto will be principally garaged |
|---|---|---|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION | | | | | | | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail c =commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor — Liab. / Phy. Dam. | Secondary Rating Factor | Code | |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | | |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | |
|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | |
| | Limit | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | |
| Total Premium | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

ITEM TEN

LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

**ORIGINAL**

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

      BUSINESSOWNERS POLICY
      LIQUOR LIABILITY COVERAGE FORM
      GARAGE COVERAGE FORM
      BUSINESS AUTO COVERAGE FORM
      OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
      COMMERCIAL GENERAL LIABILITY COVERAGE FORM
      TRUCKERS COVERAGE FORM
      FARM LIABILITY COVERAGE FORM
      UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**BHHC Berkshire Hathaway**
**HOMESTATE COMPANIES**

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

## POLICYHOLDER NOTICE

## VERY IMPORTANT

## READ CAREFULLY

PLEASE NOTE THAT YOUR POLICY INCLUDES THE FOLLOWING EXCLUSION:

CAM 0009

## SPECIAL NOTE

**PLEASE BE SURE YOU READ AND FULLY UNDERSTAND THE ABOVE EXCLUSION. SHOULD YOU HAVE ANY QUESTIONS, IMMEDIATELY CONTACT YOUR AGENT.**

BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY • BROOKWOOD INSURANCE COMPANY • CONTINENTAL DIVIDE INSURANCE COMPANY
CYPRESS INSURANCE COMPANY • OAK RIVER INSURANCE COMPANY • REDWOOD FIRE AND CASUALTY INSURANCE COMPANY

INT 0109 03 12                    www.bhhc.com                    Page 1 of 1

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 165 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   a. The **Workers' Compensation** Exclusion is replaced by the following:

   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   b. The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

   This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   c. The **Care, Custody Or Control** Exclusion is replaced by the following:

   This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   d. The following is added to the **War** Exclusion:

   This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   e. The **Racing** Exclusion, if contained in the coverage form, does not apply.

   f. The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   a. $25,000 for "bodily injury" to any one person caused by any one "accident".

   b. $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 166 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

B. **Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

C. **Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or

   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005

CA 01 22 05 06  ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

   **b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for non-payment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

   **c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

     **(1)** Nonpayment of premium.

     **(2)** Fraudulent misrepresentation in obtaining this policy.

     **(3)** The "insured" violates any terms or conditions of the policy.

     **(4)** You or any other operator who either resides in the same household or customarily operates a covered "auto":

       **(a)** Has had his or her driver's license suspended or revoked during the policy period.

       **(b)** Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

       **(c)** Has been convicted during the policy period or 36 months before it, for:

        **(i)** Any felony, or

        **(ii)** Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

        **(iii)** Driving a motor vehicle while intoxicated or under the influence of drugs, or

        **(iv)** Leaving the scene of an "accident" without stopping to report, or

        **(v)** Theft of a motor vehicle, or

        **(vi)** Making false statements when applying for a driver's license, or

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 168 of 1650

**(vii)** A third moving violation, committed within a period of 18 months of:

   **i.** Any regulation limiting the speed of motor vehicles, or

   **ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

   **iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

   **(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

   **(2)** When we cease to transact such business in this state.

   **(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

   **(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

   **(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

   **(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

CA 02 65 02 96  ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

  **1. Cancellation**

    **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

    **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

    **c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

      **(1)** Nonpayment of premium.

      **(2)** This policy was issued because of material misrepresentation.

      **(3)** Any "insured" violated any of the material terms and conditions of this policy.

      **(4)** Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

      **(5)** A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

      **(6)** A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

    **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

    **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

  **2. Nonrenewal**

    **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

    **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

  **3. Mailing of Notices**

    Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

  **4. Notice to Director of Vehicles**

    If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

    If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured; | (Authorized Representative) |

## SCHEDULE

| Benefits | Limit |
|---|---|
| **A.** Medical Expenses | Up to $4,500 |
| **B.** Rehabilitation Expenses | Up to $4,500 |
| **C.** Work Loss | $900 per month maximum, up to 1 year maximum |
| **D.** Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| **E.** Funeral Expenses | Up to $2,000 per person |
| **F.** Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:
   a. Loss after an "insured's" death of his or her "monthly earnings", and
   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:
   a. Causes such "bodily injury" to him or herself intentionally,
   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,
   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or
   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97 □

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

      No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

CA 22 14 10 97          Copyright, Insurance Services Office, Inc., 1997          Page 3 of 5          □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

**3. Concealment, Misrepresentation Or Fraud** does not apply.

**4. Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
|-------|---------------------------------------------|
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

**5.** The **Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

**6.** The following conditions are added:

**PAYMENT OF BENEFITS**

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

**2.** "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

**c.** With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

**3.** "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

**4.** "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

**5.** "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

**6.** "Occupying" means in or upon or entering into or alighting from.

**7.** "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
## (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

© ISO Properties, Inc., 2001

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

2. As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

(a) Any "nuclear reactor";

(b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel", or (3) handling, processing or packaging "waste";

(c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2001 **IL 00 21 07 02** □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM.
GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.    Item (6) is replaced by the following:

     (6)    All interest on the lesser of:

         (a)   the full amount of any judgment; or

         (b)   the applicable limit of insurance

     that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.    The following is added:

     (7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

**CAM 6076 11 04**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

(a) you or any other person or organization qualifying as a Named Insured under this policy; or

(b) any business in which any Named Insured:

  (i) has an interest in 25% or more of the outstanding voting stock or of the total stock; or

  (ii) is a **Related Company**; or

  (iii) is a partner; or

(c) any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

(d) any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury, property damage, personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

(e) the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

# GARAGE COVERAGE FORM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|--------|-------------------|-------------------|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 181 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described in the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "accident" occurs in the coverage territory;

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 182 of 1650

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. "Garage Operations" – Covered "Autos"

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

3. Who Is An Insured

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

(d) Your customers. However, if a customer of yours:

   (i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

   (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

  **a. Supplementary Payments**

  We will pay for the "insured":

  (1) All expenses we incur.

  (2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06 □

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

  **a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

  **b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

  **a.** An "employee" of the "insured" arising out of and in the course of:

    **(1)** Employment by the "insured"; or

    **(2)** Performing the duties related to the conduct of the "insured's" business; or

  **b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

  **c.** A person arising out of any:

    **(1)** Refusal to employ that person;

    **(2)** Termination of that person's employment; or

    **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

  **d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

  **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

  **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

  **a.** Property owned, rented or occupied by the "insured";

  **b.** Property loaned to the "insured";

  **c.** Property held for sale or being transported by the "insured"; or

  **d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

  **a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

    **(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

    **(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

(3) At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

(a) To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

(b) If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

(4) That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs a.(1) and a.(3)(b) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph a.(1) does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph a.(3)(b) does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

b. Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

9. **Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

---

**CA 00 05 03 06**    © ISO Properties, Inc., 2005    **Page 7 of 17**    ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

CA 00 05 03 06          ☐

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 189 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**C. Limits Of Insurance And Deductibles**

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

**SECTION IV – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. **Comprehensive Coverage**

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. **Specified Causes Of Loss Coverage**

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. **Collision Coverage**

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06          ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 190 of 1650

3. **Coverage Extension – Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

B. **Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

a. **Nuclear Hazard**

(1) The explosion of any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioactive contamination, however caused.

b. **War Or Military Action**

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

f. Any accessories used with the electronic equipment described in Paragraph e. above.

Exclusions 2.e. and 2.f. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

3. **False Pretense**

   We will not pay for "loss" to a covered "auto" caused by or resulting from:

   a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

   b. Your acquiring an "auto" from a seller who did not have legal title.

4. We will not pay for:

   a. Your expected profit, including loss of market value or resale value.

   b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

   c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

   d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

6. **Other Exclusions**

   We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

   a. Wear and tear, freezing, mechanical or electrical breakdown; or

   b. Blowouts, punctures or other road damage to tires.

C. **Limits Of Insurance**

1. The most we will pay for "loss" to any one covered "auto" is the lesser of:

   a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

   b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

4. The following provisions also apply:

   a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

   b. **Quarterly Or Monthly Reporting Premium Basis**

   If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

   If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

   c. **Non-Reporting Premium Basis**

   If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

D. **Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

1. The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

   a. Theft or mischief or vandalism; or

   b. All perils.

2. Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

   a. Theft or mischief or vandalism; or

   b. All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06    □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**SECTION V – GARAGE CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 193 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

  **(1)** Excess while it is connected to a motor vehicle you do not own.

  **(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

  **(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

**CA 00 05 03 06**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 195 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement; or

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    **a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

    **b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

     © ISO Properties, Inc., 2005      CA 00 05 03 06    □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**N.** "Products" includes:

    **1.** The goods or products you made or sold in a garage business; and

    **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage"; or

    **2.** A "covered pollution cost or expense",

    to which this insurance applies, are claimed.

    "Suit" includes:

    **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

    **1.** Work that someone performed on your behalf; and

    **2.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 197 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

   **(1)** Have been given prompt written notice of such tentative settlement; and

   **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   **a.** The Named Insured and any "family members".

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 198 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

**1.** Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

**a.** $25,000 for "bodily injury" to any one person caused by any one "accident", and

**b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident".

This provision will not change our total limit of liability.

**2.** The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a.**, **c.** and **d.** of that definition.

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

**4.** Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

**1. Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

**a.** The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**b.** If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved, and

© ISO Properties, Inc., 2004

CA 21 37 01 05   ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 199 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

**(1)** Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

**(2)** Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3.** **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a., c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

**(1)** Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

**(2)** Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

**(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

**(2)** We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 200 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

　　　© ISO Properties, Inc., 2004　　　CA 21 37 01 05　　□

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 201 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 202 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 203 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 25 07 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective 4/21/2012 | Policy No. KSA100112 |
|---|---|
| Named Insured MILLER INVESTMENT GROUP, INC DBA AUTO NOW | Countersigned by |

(Authorized Representative)

## SCHEDULE

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93          Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

  **a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

  **b.** Any loss, cost or expense arising out of any:

    **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

    **(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 205 of 1650

POLICY NUMBER:                                              COMMERCIAL AUTO

# OAK RIVER INSURANCE COMPANY

## DRIVER AFFIDAVIT

The individual named in the Schedule below could have access to drive or operate an "auto" described in the policy or any other auto to which the terms of the policy extend. However, if the person named in the Schedule below drives or operates an auto described in the policy or any other "auto" to which the terms of the policy extend, this statement will constitute a request by the insured to cancel all automobile insurance policies in effect with Oak River Insurance Company.

### <u>SCHEDULE</u>

MIGUEL CANO

_____     _____
Signature of Individual Named in Schedule above.      Date


_____     _____
Insured's Signature                                  Date


_____     _____
Agent's Signature                                    Date


Return original to Home Office - one copy to the Insured - one copy retained by the Agent.

CAM 0009 01 94

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# OAK RIVER INSURANCE COMPANY

## DRIVER AFFIDAVIT

The individual named in the Schedule below could have access to drive or operate an "auto" described in the policy or any other auto to which the terms of the policy extend.  However, if the person named in the Schedule below drives or operates an auto described in the policy or any other "auto" to which the terms of the policy extend, this statement will constitute a request by the insured to cancel all automobile insurance policies in effect with Oak River Insurance Company.

### SCHEDULE

KELLY JEAN MORRIS

_____     _____
Signature of Individual Named in Schedule above.     Date

_____     _____
Insured's Signature                                                 Date

_____     _____
Agent's Signature                                                  Date

Return original to Home Office - one copy to the Insured - one copy retained by the Agent.

CAM 0009 01 94

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

      BUSINESS AUTO COVERAGE FORM
      GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**HERITAGE PROPERTIES INC**
**9200 PARK BLVD 201**
**SEMINOLE, FL 33777**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**MIDWEST AUTO FINANCE**
**2917 W. 113TH ST.**
**LEAWOOD, KS  66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above.  The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.    "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations.  This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto.  "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured.  Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.   DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.   AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)   The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)   Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1. An unlicensed driver;

2. Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
## CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

1.  The cost of replacing the damaged property with other property of like kind and quality;
2.  The cost of repairing the damaged property by conventional means of body work;
3.  The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

**USED CAR DEALERSHIP**

**Specified Location (If applicable):**

**INDEPENDENCE LOCATION
BELTON LOCATION**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$ 1000 each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.    LIMIT OF INSURANCE AND DEDUCTIBLE

1.    Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## COMMON POLICY CONDITIONS

**All Coverages included in this policy are subject to the following conditions:**

**A. CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 10 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date at 12:01 a.m. unless another time is stated on the cancellation notice.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

**B. CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C. EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. INSPECTIONS AND SURVEYS**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the condition we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E. PREMIUMS**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

**F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

**EXHIBIT 4**

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form)

1.  The insurance does not apply:

    A.  Under any Liability Coverage, to "bodily injury" or "property damage":

        (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

        (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    B.  Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

    C.  Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material," if:

        (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom.

        (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an "insured"; or

        (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2.  As used in this endorsement:

    "Hazardous properties" include radioactive, toxic or explosive properties;

    "Nuclear material" means "source material," "Special nuclear material" or "by-product material";

    "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

    "Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

    "Nuclear facility" means:

        (a) Any "nuclear reactor";

        (b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";

        (c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

        (d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

    and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

    "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

    "Property damage" includes all forms of radioactive contamination of property.

**KSA100112**
RENEWAL NUMBER

CROSS REFERENCE NUMBER
**02 GHM 000449 - 01**

# BERKSHIRE HATHAWAY HOMESTATE
# INSURANCE COMPANY
### OMAHA, NEBRASKA
## GARAGE DECLARATIONS

Med James, Inc.
8686 College Blvd
Overland Park, KS 66210

ITEM ONE NAMED INSURED & ADDRESS
**MILLER INVESTMENT GROUP, INC**
**DBA: AUTO NOW**
**2917 W 113TH ST**
**LEAWOOD, KS 66211**

FORM OF NAMED INSURED'S BUSINESS: Corporation

NAMED INSURED'S BUSINESS: USED AUTO SALES

POLICY PERIOD: Policy covers FROM 04/21/2013 12:01 AM TO 04/21/2014 12:01 A.M. Standard Time at the Named Insured's Address stated above.

**ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS**
This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations."

| COVERAGES | | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT OF INSURANCE | | | PREMIUM |
|---|---|---|---|---|---|---|
| **LIABILITY** | | | EACH ACCIDENT GARAGE OPERATIONS | | AGGREGATE GARAGE OPERATIONS | |
| | | | "Auto" Only | Other than "Auto" Only | Other than "Auto" Only | |
| | | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | $ 9,121 |
| PERSONAL INJURY PROTECTION (P.I.P.) (or equivalent No-fault coverage) | | 25 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS N/A Deductible | | | $ 529 |
| ADDED P.I.P. (or equivalent added No-fault coverage) | | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT | | | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS Deductible FOR EACH ACCIDENT | | | $ |
| MEDICAL PAYMENTS | | 22 | $ 1,000 | | | $ 135 |
| UNINSURED MOTORISTS | | 22 | $ 100,000 CSL (BI Only) | | | $ 226 |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | | $ | | | $ |
| GARAGE KEEPERS INSURANCE | COMPREHENSIVE COVERAGE | 30 | $ See M 5511 (08/2010) | | | $ 154 |
| | SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| | COLLISION COVERAGE | 30 | $ See M 5511 (08/2010) | | | $ 58 |
| PHYSICAL DAMAGE INSURANCE | COMPREHENSIVE COVERAGE | 22 | $ See M 5511 (08/2010) | See Supplementary Schedule for dealers' autos and autos held for sale by trailer dealers and non-dealers. | | $ 3,580 |
| | SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| | COLLISION COVERAGE | 22 | $ See M 5511 (08/2010) | | | $ 1,261 |

FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION
**See M-4572 (12/1994)**

| | |
|---|---|
| PREMIUM FOR ENDORSEMENTS | $ |
| ESTIMATED TOTAL PREMIUM | $ 15,064 |

**ENTER SYMBOL 32 DESCRIPTION HERE:**

**POLICY SUBJECT TO A FULLY EARNED POLICYWRITING MINIMUM PREMIUM OF $** 0 **IF CANCELLED BY THE INSURED.**

The estimated total premium for this policy is based on the exposures you told us you would have when this policy began. We will compute your final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated total premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

THIS DECLARATIONS MUST BE COMPLETED BY THE ATTACHMENT OF A SUPPLEMENTARY SCHEDULE

Countersigned at _____ By _____

In Witness whereof, we have caused this policy to be executed and attested.

Secretary

Authorized Representative

President

M-5608 (02/2011)   Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1985.
04/19/2013 16:43 6968AF4F-BC2E-42C8-9AB1-F37BC0D1DA48

Pre-booked 04/25/2013  Deb Darlington · *Processed AMPALEN 04/29/2013*

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# SCHEDULE OF FORMS AND ENDORSEMENTS AT POLICY INCEPTION

POLICY #         02 GHM 000449 - 01

INSURED          MILLER INVESTMENT GROUP, INC

EFFECTIVE        04/21/2013 12:01 AM

| | | |
|---|---|---|
| M 4600a | 04/2003 | Commercial Policy Jacket |
| M 5608 | 02/2011 | Garage Coverage Declarations |
| M 4572 | 12/1994 | Schedule of Forms and Endorsements at Policy Inception |
| M 5511 | 08/2010 | Garage-Auto Dealers Supplementary Schedule |
| CA 2214 | 10/1997 | Kansas Personal Injury Protection |
| CA 0005 | 03/2006 | Garage Coverage Form |
| CA 9903 | 03/2006 | Auto Medical Payments Coverage |
| CA 2137 | 01/2005 | Kansas Uninsured Motorists Coverage |
| M 5057 | 08/2001 | Garagekeepers Coverage - Definition of "Customer's Auto" |
| CA 0448 | 12/2010 | Kansas Commercial Auto Changes |
| CA 0122 | 05/2006 | Kansas Changes |
| CA 0265 | 02/1996 | Kansas Changes - Cancellation and Nonrenewal |
| M 5479 | 04/2010 | Towing and Storing Costs |
| M 4018a | 08/1991 | Garagekeepers Coverage Towing Exclusion |
| M 5623 | 04/2011 | Application of Policy - Financial Responsibility |
| M 3795 | 03/1987 | Punitive Damage Exclusion Duty to Defend Amendment |
| CA 2505 | 03/2006 | Garage Locations and Operations Medical Payments Coverage |
| CA 2516 | 10/2001 | Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| M 4166c | 11/2008 | Physical Damage Insurance - Dealers Limitation Endorsement |
| M 4628b | 10/2006 | Automobile Transporter, Tank Truck, or Tank Trailer Exclusion |
| M 4629 | 11/1995 | Limitation Endorsement (Dealers) Drive-Away Operations |
| M 5529 | 10/2010 | Exclusion - No Maximum Deductible for Hail |
| M 5150b | 12/2007 | Terrorism Risk Insurance Endorsement |

Form Version 041001

04/19/2013 16:43 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

M-4572 (12/94)

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Locations

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

### ITEM THREE – LOCATIONS
Locations where you conduct "garage operations". The main business location is stated as location Number 1.
See the LOCATION AND LIABILITY SCHEDULE below.

### ITEM FOUR – LIABILITY COVERAGE PREMIUMS – DEFINITIONS
**Class I – Employees**
- **Regular Operator:** Proprietors, partners and officers active in the "garage operations", salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto".
- **All Others:** All other employees.
- **NOTE:**
  1. Part-time employees working an average of 20 hours or more a week for the number of weeks worked are to be counted as 1 rating unit each.
  2. Part-time employees working an average of less than 20 hours a week for the number of weeks worked are to be counted as 1/2 rating unit each.

**Class II – Non-Employees:** Any of the following persons who are regularly furnished with a covered "auto": inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

### ITEM FIVE – LIABILITY COVERAGE FOR YOUR CUSTOMERS
In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by '☒".

☒    If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II — LIABILITY COVERAGE does not apply.

#### LOCATION AND LIABILITY SCHEDULE

| Loc # | Location — Street Address — City, State, Zip | Liability Coverage | | | | | |
|---|---|---|---|---|---|---|---|
| | | Class I – Employees Rating Units | Class II — Non-employees Rating Units | Total Rating Units | * Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
| 1 | 1404 SANTE FE OLATHE, KS 66061 | 7.60 | | 7.60 | 9,121 | 529 | |
| | TOTAL PREMIUMS | | | | 9,121 | 529 | |

\* Minimum Annual Liability Premium Equal to 2 Rating Units Per Location.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Garagekeepers Insurance

**ITEM SIX - GARAGEKEEPERS INSURANCE – COVERAGE AND PREMIUMS**
GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the direct coverage options is indicated below by "☒".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers your or any other "insured's" interest or the interest of the covered "auto's" owner.

☒ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

☒ **MAXIMUM DEDUCTIBLE**

If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ _____12,500_____,

| Loc # | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) | | Premium |
|---|---|---|---|---|
| 1 | Specified Causes of Loss | $ MINUS $ | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| | Comprehensive | $ 25,000 MINUS $ | 2,500 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 154 |
| | Collision | $ 25,000 MINUS $ | 2,500 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 58 |
| | | | TOTAL PREMIUM | $ 212 |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Policy Number: **02GHM000449-01**

M-5511-3 (08/2010)

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
## Physical Damage

**ITEM SEVEN – PHYSICAL DAMAGE COVERAGE – TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS – PREMIUMS – REPORTING OR NONREPORTING BASIS.**
Each of the following PHYSICAL DAMAGE coverages which is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below "☒".

| Coverages | Types of "Autos" | | Interests Covered | | | |
|---|---|---|---|---|---|---|
| | New "autos" | Used "autos", demonstrators and service vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ |

| Loc # | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 1 | Spec. | $ MINUS $ DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ |
| | Comp. | $ 180,000 MINUS $ 2,500 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ 3,580 |
| All | Collision | $ 180,000 MINUS $ 2,500 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | Adjustment Factor | |
| | | BLANKET ANNUAL COLLISION RATES | | | | |
| | | FIRST $50,000 | $50,001 to $100,000 | Over $100,000 | | |
| | | 1.96 | 0.97 | 0.49 | | $ 1,261 |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.

$ 27,000 Additional Locations where you store covered "autos" $ 27,000 in transit

| TOTAL PREMIUM | $ 4,841 |
|---|---|

☒ **MAXIMUM DEDUCTIBLE**
If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ 12,500

**PREMIUM BASIS – Reporting (Quarterly or Monthly) or Nonreporting (Indicate Basis Agreed Upon by "☒").**
☐ **REPORTING BASIS (Quarterly or Monthly as indicated below by "☒").**
You must report to us on our form the locations of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1 you must include the total value of all covered autos you have furnished or made available to yourself, your executives, your employees or family members and other Class II – Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.
**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY** – You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the values for the last business day of every third month coming within the policy period.

☐ **MONTHLY** – You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS. Stated limit of insurance shown above applies.**

| **LOSS PAYEES** — Any loss is payable as interest may appear to you and: |
|---|
| |

M-5511 -3 (08/2010)

Includes copyrighted material of Insurance Services Office, Inc., with its permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE — AUTO DEALERS SUPPLEMENTARY SCHEDULE
## Additional Information

## ITEM EIGHT — MEDICAL PAYMENTS COVERAGE
Refer to ITEM NINE for covered "autos" insured on a specified car basis.

| Coverage | Premium Determination | | Premium |
|---|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals          % | | $ |
| Premises and Operations Medical Payments (Does not apply to "bodily injury" caused by any "auto") | Premises and Operations Medical Payments Premium equals          % | of the Liability Premium | $ |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals   1.48 % | | $          135 |

## ITEM NINE – SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS

Refer to the SCHEDULE OF COVERED AUTOS for specified "autos". Refer to the Schedule below for "autos" furnished to someone other than a Class I or Class II Operator.

| Auto # | Person or Organization to which the Covered "auto" has been furnished (Do not include Covered "autos" which have been furnished to Class I or Class II operators). |
|---|---|
|  |  |

## ITEM TEN — UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE — PREMIUMS

|  | Premium |
|---|---|
| Uninsured Motorist Coverage | $          See M 5608 (02/2011) |
| Underinsured Motorist Coverage | $ |

Includes copyrighted material of Insurance Services Office, Inc., with its permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:**02 GHM 000449 - 01**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as
modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| **04/21/2013 12:01 AM** | |
| Named Insured: | |
| **MILLER INVESTMENT GROUP, INC** | (Authorized Representative) |

<div align="center">SCHEDULE</div>

| Benefits | Limit |
|---|---|
| A. Medical | Up to $4,500 |
| B. Rehabilitation | Up to $4,500 |
| C. Work Loss | $900 per month maximum, up to 1 year maximum |
| D. Essential Service | Up to $25 per day, up to 365 days maximum |
| E. Funeral | Up to $2,000 per person |
| F. Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 227 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**A. Coverage**

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. Medical Expenses. All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. Rehabilitation Expenses. All reasonable expenses incurred for necessary phychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. Work Loss. Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. Essential Service Expenses. Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. Funeral Expenses. Funeral, burial or cremation expenses incurred.

6. Survivor's Loss. Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings", and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

**B. Who Is An Insured**

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

**C. Exclusions**

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally,

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97  □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. Duties In The Event Of Accident, Claim, Suit Or Loss is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

   No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. Transfer Of Rights Of Recovery Against Others To Us is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in or name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 229 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionally by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance - Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverages shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
|---|---|
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" |

5. The **Policy Period, Coverage Territory** Condition is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:
a. In the state of Kansas, and
b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:
**PAYMENT OF BENEFITS**
Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.
**COORDINATION AND NON-DUPLICATION**
a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".
b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.
c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**
As used in this endorsement:
1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:
a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and
b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.
2. "Monthly earnings" means:
a. One-twelfth of the annual earnings, at the time the "bodily injury" was sutained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997   CA 22 14 10 97   ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

b. One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

c. With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such death person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

3. "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

4. "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

5. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

6. "Occupying" means in or upon or entering into or alighting from.

7. "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI - Definitions.

**SECTION I - COVERED AUTOS**
Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

04/18/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 232 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | | Description Of Covered Auto Designation Symbols |
|--------|--------|-------------------------------------------------|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols 21, 22, 23, 24, 25, or 26 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol 27 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

1. "Garage Operations" - Other Than Covered "Autos"

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "accident" occurs in the coverage territory;

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06   □

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. "Garage Operations" - Covered "Autos"
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance - "Garage Operations" - Covered "Autos" has been exhausted by payment of judgments or settlements.

3. Who Is An Insured

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

(d) Your customers. However, if a customer of yours:

  (I) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

  (II) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

  **a. Supplementary Payments**

  We will pay for the "insured":

  (1) All expenses we incur.

  (2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

2. **Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:
   (1) Employment by the "insured"; or
   (2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

c. A person arising out of any:
   (1) Refusal to employ that person;
   (2) Termination of that person's employment; or
   (3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

d. The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph (1), (2) or (3) above are directed.

This exclusion applies:
   (1) Whether the "insured" may be liable as an employer or in any other capacity; and
   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

a. Property owned, rented or occupied by the "insured";

b. Property loaned to the "insured";

c. Property held for sale or being transported by the "insured"; or

d. Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

8. **Pollution Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

a. "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
   (1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";
   (2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

(3) At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

  (a) To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

  (b) If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

(4) That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs a.(1) and a.(3)(b) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph a.(1) does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph a.(3)(b) does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

b. Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

9. **Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

b. A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## C. Limit Of Insurance

1. **Aggregate Limit Of Insurance - "Garage Operations" - Other Than Covered "Autos"**

   For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

   Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations. Damages payable under the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

   a. "Personal injury" liability coverage;
   b. "Personal and advertising injury" liability coverage;
   c. Host liquor liability coverage;
   d. Fire legal liability coverage;
   e. Incidental medical malpractice liability coverage;
   f. Non-owned watercraft coverage; and
   g. Broad form products coverage.

   Damages payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos".

   Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

   All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance - "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

2. **Limit Of Insurance - "Garage Operations" - Covered "Autos"**

   For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

   Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" for Liability Coverage shown in the Declarations.

   Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

   All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

   No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

CA 00 05 03 06    □

# SECTION III - GARAGEKEEPERS COVERAGE

## A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   a. **Comprehensive Coverage**
      From any cause except:
      (1) The "customer's auto's" collision with another object; or
      (2) The "customer's auto's" overturn.

   b. **Specified Causes Of Loss Coverage**
      Caused by:
      (1) Fire, lightning or explosion;
      (2) Theft; or
      (3) Mischief or vandalism.

   c. **Collision Coverage**
      Caused by:
      (1) The "customer's auto's" collision with another object; or
      (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**
   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:
   a. You.
   b. Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**
   The following applies as Supplementary Payments. We will pay for the "insured":
   a. All expenses we incur.

   b. The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   c. All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   e. All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

## B. Exclusions

1. This insurance does not apply to any of the following:

   a. **Contractual Obligations**
      Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   b. **Theft**
      "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   c. **Defective Parts**
      Defective parts or materials.

   d. **Faulty Work**
      Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   a. Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   b. Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

    c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

    d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

  3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

    a. War, including undeclared or civil war;

    b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**C. Limits Of Insurance And Deductibles**

  1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

    a. Collision; or

    b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

      (1) Theft or mischief or vandalism; or

      (2) All perils.

  2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

    a. Theft or mischief or vandalism; or

    b. All perils.

  3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

**SECTION IV - PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

  1. We will pay for "loss" to a covered "auto" or its equipment under:

    a. **Comprehensive Coverage**

    From any cause except:

      (1) The covered "auto's" collision with another object; or

      (2) The covered "auto's" overturn.

    b. **Specified Causes Of Loss Coverage**

    Caused by:

      (1) Fire, lightning or explosion;

      (2) Theft;

      (3) Windstorm, hail or earthquake;

      (4) Flood;

      (5) Mischief or vandalism; or

      (6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

    c. **Collision Coverage**

    Caused by:

      (1) The covered "auto's" collision with another object; or

      (2) The covered "auto's" overturn.

  2. **Glass Breakage - Hitting A Bird Or Animal - Falling Objects Or Missiles**

  If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

    a. Glass breakage;

    b. "Loss" caused by hitting a bird or animal; and

    c. "Loss" caused by falling objects or missiles.

  However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

3. **Coverage Extension - Loss Of Use Expenses**

   For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

   a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

   b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

   c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

   However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   a. **Nuclear Hazard**

      (1) The explosion of any weapon employing atomic fission or fusion; or

      (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   b. **War Or Military Action**

      (1) War, including undeclared or civil war;

      (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

      (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

   a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

   b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

   c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

   e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

   f. Any accessories used with the electronic equipment described in Paragraph e. above.

   Exclusions 2.e. and 2.f. do not apply to:

   a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

   b. Any other electronic equipment that is:

      (1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

      (2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

3. **False Pretense**

   We will not pay for "loss" to a covered "auto" caused by or resulting from:

   a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

   b. Your acquiring an "auto" from a seller who did not have legal title.

4. We will not pay for:

   a. Your expected profit, including loss of market value or resale value.

   b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

   c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

   d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

6. **Other Exclusions**

   We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

   a. Wear and tear, freezing, mechanical or electrical breakdown; or

   b. Blowouts, punctures or other road damage to tires.

C. **Limits Of Insurance**

   1. The most we will pay for "loss" to any one covered "auto" is the lesser of:

      a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

      b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

   2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

   3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

4. The following provisions also apply:

   a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

   b. **Quarterly Or Monthly Reporting Premium Basis**

      If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report. If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

   c. **Non-Reporting Premium Basis**

      If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

D. **Deductible**

   For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

   1. The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

      a. Theft or mischief or vandalism; or

      b. All perils.

   2. Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

      a. Theft or mischief or vandalism; or

      b. All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06     ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**SECTION V - GARAGE CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

1. **Appraisal For Physical Damage Loss**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

   The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

      (1) How, when and where the "accident" or "loss" occurred;

      (2) The "insured's" name and address; and

      (3) To the extent possible, the names and addresses of any injured persons and witnesses.

   b. Additionally, you and any other involved "insured" must:

      (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

      (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

      (4) Authorize us to obtain medical records or other pertinent information.

      (5) Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

   c. If there is "loss" to a covered "auto" or its equipment you must also do the following:

      (1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

      (2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

      (3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

      (4) Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   a. There has been full compliance with all the terms of this Coverage Form; and

   b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment - Physical Damage Coverages**

   At our option we may:

   a. Pay for, repair or replace damaged or stolen property;

   b. Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

   c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

   If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. **Transfer Of Rights Of Recovery Against Others To Us**

   If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

1. **Bankruptcy**

   Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

2. **Concealment, Misrepresentation Or Fraud**

   This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

   a. This Coverage Form;

   b. The covered "auto";

   c. Your interest in the covered "auto"; or

   d. A claim under this Coverage Form.

3. **Liberalization**

   If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

4. **No Benefit To Bailee - Physical Damage Coverages**

   We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

5. **Other Insurance**

   a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

      (1) Excess while it is connected to a motor vehicle you do not own.

      (2) Primary while it is connected to a covered "auto" you own.

   b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

   c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

   d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

6. **Premium Audit**

   a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

   b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

7. **Policy Period, Coverage Territory**

   Under this Coverage Form, we cover:

   a. "Bodily injury", "property damage" and "losses" occurring; and

   b. "Covered pollution cost or expense" arising out of "accidents" occurring

   during the policy period shown in the Declarations and within the coverage territory.

   The coverage territory is:

   a. The United States of America;

   b. The territories and possessions of the United States of America;

   c. Puerto Rico;

   d. Canada; and

   e. Anywhere in the world if:

      (1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 06 03 06 □

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI - DEFINITIONS**

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means a land motor vehicle, "trailer" or semitrailer.

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

D. "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto"; or

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

1. A lease of premises;
2. A sidetrack agreement;
3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;
6. An elevator maintenance agreement; or

7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
   a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or
   b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.
2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.
3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.
4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.
5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

CA 00 05 03 06  □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

N. "Products" includes:
 1. The goods or products you made or sold in a garage business; and
 2. The providing of or failure to provide warnings or instructions.
O. "Property damage" means damage to or loss of use of tangible property.
P. "Suit" means a civil proceeding in which:
 1. Damages because of "bodily injury" or "property damage"; or
 2. A "covered pollution cost or expense", to which this insurance applies, are claimed. "Suit" includes:
   a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.
Q. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.
R. "Trailer" includes semitrailer.
S. "Work you performed" includes:
 1. Work that someone performed on your behalf; and
 2. The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK  Document 1-2  Filed 03/28/17  Page 248 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:   **02 GHM 000449 - 01**                    COMMERCIAL AUTO
                                                            CA 99 03 03 06

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

CA 99 03 03 06                    © ISO Properties, Inc., 2005                    Page 1 of 2   □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

D. **Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

E. **Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance - Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

F. **Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

    © ISO Properties, Inc., 2005     CA 99 03 03 06   □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: **02 GHM 000449 - 01**

COMMERCIAL AUTO
CA 21 37 01 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| **04/21/2013 12:01 AM** | |
| Named Insured: | |
| **MILLER INVESTMENT GROUP, INC** | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ **See M 5608 (02/2011)** | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle", we will pay under this coverage only if a. or b. below applies:
   a. The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   b. A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" and we:
   (1) Have been given prompt written notice of such tentative settlement; and
   (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:
1. An individual, then the following are "insureds":
   a. The Named Insured and any "family members".

04/19/2013 18:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 251 of 1650

b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

1. Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle".

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

a. $25,000 for "bodily injury" to any one person caused by any one "accident", and

b. $50,000 for "bodily injury" to two or more persons caused by any one "accident". This provision will not change our total limit of liability.

2. The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs a., c. and d. of that definition.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

4. Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

a. The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

b. If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

a. Promptly notify the police if a hit-and-run driver is involved, and

© ISO Properties, Inc., 2004

CA 21 37 01 05 □

b. Promptly send us copies of the legal papers if a "suit" is brought.

c. A person seeking Uninsured Motorists Coverage must also:

(1) Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle"; and

(2) Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph b. of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

a. If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

b. We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs a., c. and d. of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

c. Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" if we:

(1) Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

(2) Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

(1) That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

(2) We also have a right to recover the advance payment.

4. The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

5. The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

6. The following condition is added:

**ARBITRATION**

a. If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

c. Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

© ISO Properties, Inc., 2004

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004

CA 21 37 01 05 □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS COVERAGE – DEFINITION OF "CUSTOMER'S AUTO"

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**Section VI – Definitions, Paragraph E.** is changed to read as follows:

E.  "Customer's auto" means a land motor vehicle, "trailer" or semitrailer while left with you for service, repair, storage or safekeeping. Customers include:
   a. your "employees" and
   b. members of their households,
   while you are providing them service, repair, storage or safekeeping for which you are paid.

**All other terms, conditions and agreements of the policy shall remain unchanged.**

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | **Endorsement Effective** 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5057 (8/2001)                    04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   a. The **Workers' Compensation** Exclusion is replaced by the following:

      Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   b. The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

      This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   c. The **Care, Custody Or Control** Exclusion is replaced by the following:

      This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   d. The following is added to the War Exclusion:

      This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   e. The **Racing** Exclusion, if contained in the coverage form, does not apply.

   f. The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   a. $25,000 for "bodily injury" to any one person caused by any one "accident".

   b. $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or

   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005

CA 01 22 05 06

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS COMMERCIAL AUTO
# COVERAGE CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. The paragraph within **Supplementary Payments** relating to court costs taxed against the "insured" is replaced by the following:
   All costs taxed against the "insured" in any "suit" against the "insured" we defend.

2. For coverage and limits required by the Kansas Financial Responsibility law, the **Fellow Employee** Exclusion is replaced by the following:
   "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

3. If the following endorsements are attached, they do not apply and are replaced in their entirety by the provisions of paragraph **D.** of this endorsement.

   a. Lessor – Additional Insured And Loss Payee endorsement **CA 20 01**; or

   b. Hired Autos Specified As Covered Autos You Own endorsement **CA 99 16.**

**B. Changes In Definitions**
The following is added to **SECTION V - DEFINITIONS:**
All reference to the term "total loss" shall mean a motor vehicle required to be registered in this state that has been directly and accidentally wrecked or damaged to the extent that the total cost of repair is 75% or more of the fair market value, in accordance with KAN. STAT. ANN. § 8-197(b)(2).

**C.** If Repossessed Autos endorsement CA 20 19 is attached, Paragraph D.3. **Nonreporting Premium Basis** does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 258 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**D. Kansas Additional Named Insured Provisions**

**SCHEDULE**

| Name of Owner | Described Owned Motor Vehicle |
|---|---|
| 1. | 1. |
| 2. | 2. |
| 3. | 3. |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A.** Any vehicle described in the Schedule will be considered a covered "auto" you own and not a covered "auto" you hire, borrow or lease under the coverage for which it is a covered "auto".

**B.** LIABILITY COVERAGE and Personal Injury Protection as prescribed in the Kansas Automobile Injury Reparations Act will apply to each owner named in the Schedule as an additional named insured but only while the motor vehicle described in the Schedule is being used by you or on your behalf.

**C.** The insurance will apply to the owner only while the described vehicle is leased to you.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 259 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**
1. **Cancellation**
   a. You may cancel the policy by mailing or delivering to us advance written notice of cancellation.
   b. We may cancel this policy by mailing you notice of cancellation. If we cancel for nonpayment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.
   c. When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:
      (1) Nonpayment of premium.
      (2) Fraudulent misrepresentation in obtaining this policy.
      (3) The "insured" violates any terms or conditions of the policy.

(4) You or any other operator who either resides in the same household or customarily operates a covered "auto":
   (a) Has had his or her driver's license suspended or revoked during the policy period.
   (b) Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.
   (c) Has been convicted during the policy period or 36 months before it, for:
      (I) Any felony, or
      (II) Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or
      (III) Driving a motor vehicle while intoxicated or under the influence of drugs, or
      (IV) Leaving the scene of an "accident" without stopping to report, or
      (V) Theft of a motor vehicle, or
      (VI) Making false statements when applying for a driver's license, or

04/19/2013 16:44 6858AF4F-BC2E-42C5-9AB1-F37BC0D1DA48

CA 02 65 02 96      Copyright, Insurance Services Office, Inc., 1995      ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(vii) A third moving violation, committed within a period of 18 months of:

   I. Any regulation limiting the speed of motor vehicles, or

   II. Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

   III. Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

(5) We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

d. Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

e. If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

f. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

2. **Nonrenewal**

a. If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

b. We may not renew or continue this policy only for one or more of the following reasons:

(1) When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

(2) When we cease to transact such business in this state.

(3) When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

(4) When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

(5) When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

(6) When any of the reasons specified as reasons for cancellation are existent.

c. If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

d. If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

3. **Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

CA 02 65 02 86 ☐

**B.** For all policies not described in paragraph A.
above, the CANCELLATION Common Policy
Condition does not apply. The following Condition
applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

    **a.** You may cancel the policy by returning it to
us or by giving us advance notice of the
date cancellation is to take effect.

    **b.** We may cancel this policy by mailing you
written notice of cancellation, stating our
reasons for cancellation. If we cancel for
nonpayment of premium we will mail you at
least 10 days notice. If we cancel for any
other reason, we will mail you at least 30
days notice.

    **c.** When this policy is in effect for 90 days or
more or is a renewal or continuation policy,
we may cancel only for one or more of the
following reasons:

        **(1)** Nonpayment of premium.

        **(2)** This policy was issued because of ma-
terial misrepresentation.

        **(3)** Any "insured" violated any of the mate-
rial terms and conditions of this policy.

        **(4)** Unfavorable underwriting factors, spe-
cific to the "insured", exist that were not
present at the inception of this policy.

        **(5)** A determination by the insurance
commissioner that continuation of cov-
erage could place us in a hazardous fi-
nancial condition or in violation of the
laws of Kansas.

        **(6)** A determination by the insurance
commissioner that we no longer have
adequate reinsurance to meet our
needs.

    **d.** The effective date of cancellation stated in
the notice shall become the end of the pol-
icy period.

    **e.** If this policy is cancelled, we will send you
any premium refund due. If we cancel, the
refund will be pro rata. If you cancel, the
refund may be less than pro rata. The can-
cellation will be effective even if we have
not offered a refund.

**2. Nonrenewal**

    **a.** If we decide not to renew or continue this
policy, we will mail you written notice at
least 60 days before the end of the policy
period stating the reasons for nonrenewal.
If we offer to renew or continue and you do
not accept, this policy will terminate at the
end of the current policy period. Failure to
pay the required renewal or continuation
premium when due shall mean that you
have not accepted our offer.

    **b.** If we fail to mail proper notice and you
obtain other insurance, this policy will end
on the effective date of that insurance.

**3. Mailing of Notices**

Any notice of cancellation or nonrenewal will
be mailed by certified or registered mail or
United States post office certificate of mailing
to the first named insured's last mailing ad-
dress known to us. Proof of mailing of any no-
tice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

If you are a Vehicle Dealer or Mobile Home
Dealer, the following provision applies:

If the policy is cancelled, we will notify the Di-
rector of Vehicles 30 days before the effective
date of cancellation.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# TOWING AND STORING COSTS

The following modifies the Coverage Extensions under Physical Damage Coverage:

In the event of a "loss" to a covered "auto" to which this policy's Physical Damage Coverage applies, we will pay the necessary and reasonable incurred cost of towing the covered "auto" to the nearest facility capable of making the necessary repairs or to another location if we agree upon that location prior to towing. We will also pay the necessary and reasonable incurred cost of storing the covered "auto" for the time required to adjust the claim, subject to a maximum time in storage of 30 days.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | 02 GHM 000448 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP, INC** | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-8AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGEKEEPERS COVERAGE
## TOWING EXCLUSION
### AMENDMENT OF **LIMIT OF INSURANCE AND DEDUCTIBLE**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION III – GARAGEKEEPERS COVERAGE**

B. **EXCLUSIONS** is changed by adding the following:

We will not pay for "loss" to any customer's "auto" while being transported behind or on any other "auto" (including being attached to or detached from any other "auto").

C. **LIMIT OF INSURANCE AND DEDUCTIBLE** 1. and 2. are deleted and replaced by the following:

1.  Regardless of the number of covered "autos," "insureds," premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** for that location minus the applicable deductible.

2.  For each covered "auto" our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible for each "loss," as shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE.**

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP, INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-5623 (04/2011)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# APPLICATION OF POLICY - FINANCIAL RESPONSIBILITY

If a court reforms, rescinds, voids, or invalidates any provision or exclusion of this policy due to applicable state financial responsibility law, that provision or exclusion will be amended to apply only in excess of the statutorily required minimum limits of liability.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000449 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP, INC** | By |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5623 (04/2011)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

## PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.

The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.

In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000449 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP, INC** | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC9D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:     02 GHM 000449 - 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.
2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".
2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.
4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The Transfer Of Rights Of Recovery Against Others To Us Garage Condition does not apply.

CA 25 05 03 06                    © ISO Properties, Inc., 2005

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage is changed as follows:**

Exclusion 8. **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

8. **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

   a. "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

   b. Any loss, cost or expense arising out of any:

      (1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

      (2) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC9D1DA48
© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 268 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# PHYSICAL DAMAGE INSURANCE –
# DEALERS LIMITATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION IV - PHYSICAL DAMAGE COVERAGE** is amended as follows:

**B. EXCLUSIONS** is amended by adding the following exclusion:
We will not pay for "loss" to any "consigned automobile".

**C. LIMITS OF INSURANCE** paragraphs 1. and 4.c. are deleted and replaced by the following:
1. The most we will pay for "loss" to any one covered "auto" not scheduled on the **SCHEDULE OF COVERED AUTOS** is the lesser of:
   a. The actual cash value of the damaged or stolen property as of the time of "loss"; or
   b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or
   c. $ ___30,000___ ($30,000 or the Dealer Open Lot Limit, whichever is less, if left blank).

4. c. Non-Reporting Premium Basis. When a "loss" occurs, we will establish the total value of your covered "autos".
   (1) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is 80% or more of the actual cash value of your covered "autos" at the location of the "loss", we will pay the full value of the "loss" up to the Limit of Insurance.
   (2) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is less than 80% of the total actual cash value of your covered "autos" at the location of the "loss", we will pay only a percentage share of the "loss", up to the Limit of Insurance. We will determine this percentage share by dividing the Limit of Insurance shown in the **SCHEDULE** for the location of the "loss" by the total actual cash value of your covered "autos" at the location of the "loss", and multiplying the resulting quotient by 1.25.

**D. DEDUCTIBLE** is deleted and replaced by the following:
1. For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible as shown in the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** or **SCHEDULE OF COVERED AUTOS**.
2. Deductibles apply for each covered "auto", for each "loss".

**SECTION VI - DEFINITIONS** is changed by adding the following:

"Consigned Automobile" means an "auto" held by you for sale, but does not include:
   (1) An "auto" owned by you, or
   (2) An "auto" on which your creditor has placed a lien.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance | 02 GHM 000449 - 01 |
| | **Endorsement Effective** |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C8-9AB1-F37BC0D1DA48

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTOMOBILE TRANSPORTER, TOW TRUCK, TANK TRUCK OR TANK TRAILER EXCLUSION

This endorsement modifies all coverages provided under this Policy.

This insurance does not apply to "bodily injury", "property damage", or "covered pollution cost or expense" resulting from ownership, maintenance or use of any "automobile transporter", tank truck or tank trailer unless:

1. The "automobile transporter", tank truck or tank trailer is specifically described and scheduled on this policy with a premium charged for the applicable coverage; or

2. The "automobile transporter", tank truck or tank trailer is a "customer's auto".

"Automobile transporter" means an "auto" designed or used to transport one or more "autos". "Automobile transporter" includes but is not limited to car carriers and tow trucks.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-4629 (11/95)

## LIMITATION ENDORSEMENT
### (Dealers) Drive-Away Operations

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**A. SECTION VI - DEFINITIONS** is changed by adding the following:

"Drive-Away Operations" means the pick-up or delivery of covered autos while being driven, towed, or carried by any auto owned, hired, or borrowed by you or your agent or employee.

**B. SECTION II - LIABILITY COVERAGE and Collision Coverage in SECTION IV - PHYSICAL DAMAGE COVERAGE** does not apply to "Drive-Away Operations" conducted more than 150 miles outside the city or town limits of where Coverage Operations are conducted, as shown on the declarations of the policy, unless item C. below is completed to extend this radius limitation.

**C.** In consideration of the additional premium shown below, "Drive-Away Operations" are extended to a radius of _____ road miles for Liability Coverage and/or a radius of _____ for Physical Damage Coverage, from the city or town limits of where Garage Operations are conducted, as shown in the declarations of the policy.

This coverage extension requires an additional premium of:

$ _____ Liability Coverage

$ _____ Physical Damage Coverage

$ _____ Total Additional Premium

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |

(Authorized Representative)

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4629 (11/95)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – NO MAXIMUM DEDUCTIBLE FOR HAIL

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

The MAXIMUM DEDUCTIBLE for Specified Causes of Loss or Comprehensive Coverage shown in the Declarations or Schedule does not apply to "loss" caused by hail, whether driven by wind or not. For "loss" caused by hail, whether driven by wind or not, the deductible shown in the Declarations or Schedule applies for each covered "auto".

All other terms, limits, provisions and conditions of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000449 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP, INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

M-5529 (10/2010)     Includes copyrighted material of Insurance Services Office, Inc., with its permission.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-5150b (12/2007)

# TERRORISM RISK INSURANCE ENDORSEMENT

## NOTICE TO POLICYHOLDERS REQUIRED UNDER TERRORISM RISK INSURANCE ACT OF 2002

Pursuant to the requirements of the Terrorism Risk Insurance Act of 2002 (the "Act"), including all amendments thereto, we advise you of the following information:

Coverage for acts of terrorism is included in this policy subject to the terms, conditions, limits and exclusions contained therein. Under this coverage, certain losses caused by certified acts of terrorism may be partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays a portion (85% in Calendar Year 2008 through expiration) of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. While your insurer faces significant exposure under your policy for losses caused by acts of terrorism, the premium you paid for the policy does not reflect that exposure. Consequently, no premium is currently being charged on your policy for the risk of losses caused by certified acts of terrorism.

THERE IS AN ANNUAL LIABILITY CAP FOR COVERED TERRORISM LOSSES UNDER THE ACT EQUAL TO $100,000,000,000 OF AGGREGATE INSURED LOSSES AS DEFINED IN THE ACT. LOSSES PAID UNDER THIS COVERAGE WILL BE PARTIALLY REIMBURSED BY THE UNITED STATES UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. UNDER THIS FORMULA, THE UNITED STATES PAYS A PORTION (85% IN CALENDAR YEAR 2008 THROUGH EXPIRATION) OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. ANY INSURER THAT HAS SATISFIED THEIR STATUTORILY ESTABLISHED DEDUCTIBLE IS NOT LIABLE FOR AND THE UNITED STATES SECRETARY OF THE TREASURY IS NOT AUTHORIZED TO PAY ANY PORTION OF SUCH LOSSES EXCEEDING THE CAP ON ANNUAL LIABILITY OF $100,000,000,000.

Premium on renewal of your coverage may be charged for you to maintain coverage for losses arising out of acts of terrorism. In that event you will be informed of such charges to the extent required by federal or state law.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000448 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP, INC | by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5150b (12/2007)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

Policy Number: MOA100192

MO 4-21-11 -
4-21-12
MO

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE
2917 W 113TH ST
LEAWOOD, KS  66211

Agent: KF0347
MED JAMES, INC.
SHAWNEE MISSION, KS
PAT KAISER

Policy Period:  From: __04/21/2011__  To: __04/21/2012__  at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED AUTO DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $     25,572 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium (may include balance to meet minimum premium) | $     25,572 |

ATTENTION
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____          Med. V. James
Countersignature Date            Authorized Representative

CD24 (0703)

EXHIBIT
5

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: MOA100192

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2011

EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| NAME INS POL | 06/03 | NAMED INSURED SCHEDULE - POLICY |
| ILM0314 | 08/10 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES POLICY JACKET |
| ILM0006 MO | 05/02 | COMMON POLICY CONDITIONS |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

OAK RIVER INSURANCE COMPANY
   NAMED INSURED POL

POLICY # MOA100192                    AGENT: MED JAMES, INC.
                                             # KF0347

MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE


      NAMED INSURED POL

   DBA AUTO NOW

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

## MOA100192

## MILLER INVESTMENT GROUP, INC
### DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Cypress Insurance Company
Oak River Insurance Company

President
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Redwood Fire and Casualty Insurance Company

Secretary

**ILM 0314 08 10**

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

A. **CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

    b. 30 days before the effective date of cancellation if we cancel for the following reasons:

        (i) Fraud or material misrepresentation affecting the policy or in the presentation of a claim thereunder or a violation of any of the terms or conditions of the policy;

        (ii) Changes in conditions after the effective date of the policy which have materially increased the hazards originally insured;

        (iii) Our insolvency; or

        (iv) Our involuntary loss of reinsurance on this policy, if any; or

    c. 60 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the reason for cancellation and effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

B. **CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

C. **EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

D. **INSPECTION AND SURVEYS**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

E. **PREMIUMS**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

F. **TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

        BUSINESSOWNERS POLICY
        LIQUOR LIABILITY COVERAGE FORM
        GARAGE COVERAGE FORM
        BUSINESS AUTO COVERAGE FORM
        OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
        COMMERCIAL GENERAL LIABILITY COVERAGE FORM
        TRUCKERS COVERAGE FORM
        FARM LIABILITY COVERAGE FORM
        UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages.  This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1.  "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2.  Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3.  Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4.  Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5.  Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6.  Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a.  Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b.  Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                                    Page 1 of 2

**c.**  Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

**a.**  Any of the following, whether belonging to, or used or provided by, any insured or other person:

  **1.**  Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

  **2.**  Application software or programming for electronic, robotic, communication or computer devices;

  **3.**  Operating system or related software or programming for electronic, robotics, communication or computer devices;

  **4.**  Network of electronic, robotics, communications or computer devices;

  **5.**  Microprocessor or other computer chip not part of any computer system; or

  **6.**  Any other computerized, robotic, electronic or communications equipment or components.

**b.**  Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**

**EFFECTIVE DATE** 04/21/2011

**NAMED INSURED** MILLER INVESTMENT GROUP INC

**POLICY NO.** MOA100192

**FORM OF BUSINESS:**

☒ CORPORATION

☐ INDIVIDUAL

☐ PARTNERSHIP

☐ OTHER _____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| LIABILITY | | Each "Accident" "Garage Operations" | | Aggregate - "Garage· Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded. | | | |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $ 100,000 CSL | | | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 22 | $ 100,000 CSL | | | INCL |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | | PREMIUM FOR ENDORSEMENTS | | |
| | | | ESTIMATED TOTAL PREMIUM | | INCL |

CAM 0001 02 98

ORIGINAL

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began. **We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: MOA100192          COMMERCIAL GARAGE

FORM SCHEDULE          EFFECTIVE DATE: 4/21/2011

         EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| CA 0165 | 10/06 | MISSOURI CHANGES |
| CA 0166 | 03/06 | MISSOURI CHANGES - POLLUTION EXCLUSION |
| CA 0219 | 03/03 | MISSOURI CHANGES - CANCELLATION AND NONRENEWAL |
| CAM5042 MO | 03/01 | MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT |
| IL 0021 | 09/08 | NUCLEAR ENERGY LIABILTY EXCLUSION |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM5061 | 06/02 | POLICY REFORMATION LIMITS |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2104 | 03/06 | MISSOURI UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 3104 | 04/01 | MISSOURI UNDERINSURED MOTORISTS COVERAGE |
| CA 9910 | 09/02 | DRIVE OTHER CAR COVERAGE-BROADENED COV FOR NAMED IND |
| CAM5005 | 08/96 | EXCLUSION - ABUSE OR MOLESTATION |
| CAM5007 MO | 07/97 | DRIVER EXCLUSION |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 10500 E 24 HWY, INDEPENDENCE, MO 64053 |
| 002 | 307 NORTH AVE , BELTON, MO 64102 |
| 003 | 7901 WORNALL, KANSAS CITY, MO 64114 |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 7 | 5.25 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 1 | 0.75 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6 | INCL | | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 4 | 3 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 3 | INCL | | |
| 003 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 1 | 0.75 | 5.25 | INCL | | |
| | **TOTAL PREMIUMS \*** | | | | 14 | INCL | | |

Number of Dealer Plates _____ 14 _____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

**NOTE:** 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☐ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| 003 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 001 | Comprehensive | $   180,000 MINUS $1000   DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | INCL | INCL |
| | Specified Causes of Loss | $   5000   MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |
| 002 | Comprehensive | $   135,000 MINUS $1000   DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $   5000   MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | INCL |
| 003 | Comprehensive | $   120,000 MINUS $1000   DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | INCL | INCL |
| | Specified Causes of Loss | $   5000   MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |

| All | Collision | $   435,000 MINUS $1000   DEDUCTIBLE FOR EACH COVERED AUTO | | | | |
|---|---|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | | | Adjustment Factor | Premium |
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | | |
| | | INCL | INCL | INCL | INCL | INCL |
| | | | | TOTAL PREMIUM | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$               Additional locations where you store covered "autos"
$   43,500   in transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

CAM 0002 02 98

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**
**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION | PURCHASED | | TERRITORY |
|---|---|---|---|---|
| | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where the Covered Auto will be principally garaged |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION | | | | | | | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail c = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Primary Rating Factor Phy. Dam. | Secondary Rating Factor | Code |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | | |

CAM 0002 02 98

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | |
|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | |
| | Limit | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | |
| Total Premium | | |

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

**ITEM TEN**

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium |
|---|---|---|---|
| 51-200 miles | | INCL | $ INCL |
| Over 200 miles | 1 | INCL | $ INCL |
| | | | $ INCL |

CAM 0002 02 98

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # MOA100192                          AGENT:  MED JAMES, INC.
MILLER INVESTMENT GROUP INC                         # KF0347
2917 W 113TH ST
LEAWOOD, KS  66211

| Prems No. | Bldg No. | Street | | City | County | St | Zip |
|-----------|----------|--------|---|------|--------|----|----|
| 001 | 000 | 10500 E 24 HWY | | INDEPENDENCE | | MO | 97030 |
| 002 | 000 | 307 NORTH AVE | | BELTON | | MO | 97030 |
| 003 | 000 | 7901 WORNALL | | KANSAS CITY | | MO | 97030 |

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# Berkshire Hathaway Homestate Companies

**Cornhusker Casualty Company**
**Oak River Insurance Company**
**Redwood Fire and Casualty Company**
Main Administrative Office
3333 Farnam Street, Ste. 300
P.O. Box 2048 (68103-2048)
Omaha, NE 68131
(402) 393-7255

**Continental Divide Insurance Company**
Main Administrative Office
7730 E. Belleview Avenue, Ste. 300
Englewood, CO 80111-2619

**Cypress Insurance Company**
Main Administrative Office
395 Oyster Point Blvd., Ste. #401
South San Francisco, CA 94080
(415) 635-0444

**INT 0080 03 10**

**BERKSHIRE HATHAWAY HOMESTATE COMPANIES**

| | |
|---|---|
| **Cornhusker Casualty Company** | **Brookwood Insurance Company** |
| **Oak River Insurance Company** | **Cypress Insurance Company** |
| **Redwood Fire and Casualty Insurance Company** | **Continental Divide Insurance Company** |

**POLICYHOLDER NOTICE**

**VERY IMPORTANT**

<u>**READ CAREFULLY**</u>

PLEASE NOTE THAT YOUR POLICY INCLUDES THE FOLLOWING EXCLUSION:

CAM 5007 MO

<u>**SPECIAL NOTE**</u>

**PLEASE BE SURE YOU READ AND FULLY UNDERSTAND THE ABOVE EXCLUSION. SHOULD YOU HAVE ANY QUESTIONS, IMMEDIATELY CONTACT YOUR AGENT.**

INT 0109 10 03

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 01 65 10 06

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage Extensions** is amended as follows:

The following is added to **Supplementary Payments:**

(7) Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

(6) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph **a.(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

(f) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C. Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

1. If your business is other than selling, repairing or servicing "autos":

a. The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

b. The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 303 of 1650

2. If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

D. The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

E. The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

F. **Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

1. Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

2. The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

a. Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

b. Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000.

However, the Association will not:

(1) Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

(2) Return to an "insured" any unearned premium in excess of $25,000.

These limitations have no effect on the coverage we will provide under this policy.

© ISO Properties, Inc., 2006

CA 01 65 10 06 □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# MISSOURI CHANGES – POLLUTION EXCLUSION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

**A.** The following is added to the **Pollution** Exclusion in **Section II – Liability Coverage** in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**B.** The following is added to the **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** in **Section II – Liability Coverage** in the Garage Coverage Form or to any amendment to or replacement thereof:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**C.** If the Broadened Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.a.(15)** in the Broadened Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**D.** If the Personal Injury Liability Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.h.** in the Personal Injury Liability Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 305 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual, partnership or limited liability company and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the Cancellation Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

  **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

  **b.** If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

  **c.** When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

    **(1)** Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.

    **(2)** If you are an individual, partnership or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.

    **(3)** If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

  **d.** If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

Copyright, ISO Properties, Inc., 2002

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 306 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**e.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**f.** Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**b.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

**c.** Our notice of nonrenewal will state the actual reason for nonrenewal unless. the nonrenewal is due to nonpayment of premium.

**3. Mailing Of Notices**

Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known mailing address. Proof of mailing of any notice will be sufficient proof of notice.

**B.** For "autos" not described in Paragraph **A.** above:

**1.** Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

**a.** 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

**b.** 30 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

**(1)** Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;

**(2)** Changes in conditions after the effective date of this policy which have materially increased the risk assumed;

**(3)** We become insolvent; or,

**(4)** We involuntarily lose reinsurance for this policy.

**c.** 60 days before the effective date of cancellation if we cancel for any other reason.

**2.** The following is added and supersedes any provision to the contrary:

**NONRENEWAL**

**1.** We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

**2.** If notice is mailed, proof of mailing will be sufficient proof of notice.

　　　　Copyright, ISO Properties, Inc., 2002　　　　CA 02 19 03 03　　☐

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following

GARAGE COVERAGE FORM

Exclusion 8a., 8b., 8c., and 8d. under Section II - Liability Coverage is replaced by the following:

a.(1) "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

(2) Any loss, cost, or expense arising out of any:

  (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants; or

  (b) Claim or suit or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, gaseous, or thermal irritant or contaminants including smoke, vapor, soot, asbestos, or any other substance containing asbestos fibers, fumes, acid, alkalis, chemicals or waste. Waste includes material to be recycled, reconditioned or reclaimed.

This Pollution Exclusion applies even if such irritant or containment has a function in your business, operations, premises, site or location.

Paragraph a(1) does not apply to "bodily injury" or "property damage" caused by heat, smoke, or fumes, from a hostile fire. In this exclusion, a hostile fire means one which becomes uncontrollable, or breaks out from where it was intended to be.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 308 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 309 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2007

IL 00 21 09 08          □

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.   Item (6) is replaced by the following:

    (6)   All interest on the lesser of:

        (a)   the full amount of any judgment; or

        (b)   the applicable limit of insurance

    that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.   The following is added:

    (7)   Prejudgment interest awarded against the "insured" on the part of the judgment we pay.  If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5061 06 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLICY REFORMATION LIMITS

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM

It is agreed that the coverage provided by this policy is intended to comply with the minimum coverage required by "applicable state financial responsibility law". Should a court reform or rescind any provision of this policy because it is inconsistent with "applicable state financial responsibility law", because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by "applicable state financial responsibility law". Policy terms and conditions that provided, as written, limits of coverage in excess of the compulsory limits of coverage required by "applicable state financial responsibility law" shall be given full effect after any such reformation or rescission.

"Applicable state financial responsibility law" means any state law requiring minimum or mandatory coverage amounts or types with respect to the ownership or operation of any motor vehicle, but does not include any state or federal law exclusively governing motor carriers of passenger or property.

CAM 5061 06 02

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

    (a)    you or any other person or organization qualifying as a Named Insured under this policy; or

    (b)    any business in which any Named Insured:

        (i)    has an interest in 25% or more of the outstanding voting stock or of the total stock; or

        (ii)    is a **Related Company**; or

        (iii)    is a partner; or

    (c)    any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

    (d)    any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

    (e)    the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|--------|------------------|-----------------------------------------|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

 © ISO Properties, Inc., 2005

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | | Description Of Covered Auto Designation Symbols |
|--------|--|-------------------------------------------------|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "accident" occurs in the coverage territory;

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. "Garage Operations" – Covered "Autos"

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

3. Who Is An Insured

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

---

CA 00 05 03 06 © ISO Properties, Inc., 2005 Page 3 of 17 □

**(d)** Your customers. However, if a customer of yours:

**(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

**(ii)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

**(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

**(1)** You.

**(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

### 4. Coverage Extensions

**a. Supplementary Payments**

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

**(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

### B. Exclusions

This insurance does not apply to any of the following:

### 1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

2. **Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

**(1)** Refusal to employ that person;

**(2)** Termination of that person's employment; or

**(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

8. **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

**(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

    **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

    **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

     © ISO Properties, Inc., 2005      CA 00 05 03 06    ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    **(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    **(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 321 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

**a.** "Personal injury" liability coverage;

**b.** "Personal and advertising injury" liability coverage;

**c.** Host liquor liability coverage;

**d.** Fire legal liability coverage;

**e.** Incidental medical malpractice liability coverage;

**f.** Non-owned watercraft coverage; and

**g.** Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005
CA 00 05 03 06    □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 322 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 323 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**c.** Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

**3.** We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

   **a.** War, including undeclared or civil war;

   **b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   **c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**C. Limits Of Insurance And Deductibles**

**1.** Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

   **a.** Collision; or

   **b.** With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

      **(1)** Theft or mischief or vandalism; or

      **(2)** All perils.

**2.** The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

   **a.** Theft or mischief or vandalism; or

   **b.** All perils.

**3.** Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

**SECTION IV – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

   **a. Comprehensive Coverage**

      From any cause except:

      **(1)** The covered "auto's" collision with another object; or

      **(2)** The covered "auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

      Caused by:

      **(1)** Fire, lightning or explosion;

      **(2)** Theft;

      **(3)** Windstorm, hail or earthquake;

      **(4)** Flood;

      **(5)** Mischief or vandalism; or

      **(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

   **c. Collision Coverage**

      Caused by:

      **(1)** The covered "auto's" collision with another object; or

      **(2)** The covered "auto's" overturn.

**2. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

   If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

   **a.** Glass breakage;

   **b.** "Loss" caused by hitting a bird or animal; and

   **c.** "Loss" caused by falling objects or missiles.

   However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005           **CA 00 05 03 06**           □

3. **Coverage Extension – Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

B. **Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   a. **Nuclear Hazard**

      (1) The explosion of any weapon employing atomic fission or fusion; or

      (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   b. **War Or Military Action**

      (1) War, including undeclared or civil war;

      (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

      (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

   a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

   b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

   c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

   e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

   f. Any accessories used with the electronic equipment described in Paragraph e. above.

   Exclusions 2.e. and 2.f. do not apply to:

   a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

   b. Any other electronic equipment that is:

      (1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

      (2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005 CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 326 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

1. **Appraisal For Physical Damage Loss**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

   The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   **a.** Pay its chosen appraiser; and

   **b.** Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   **a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

   **(1)** How, when and where the "accident" or "loss" occurred;

   **(2)** The "insured's" name and address; and

   **(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

   **b.** Additionally, you and any other involved "insured" must:

   **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

   **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

   **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

   **(4)** Authorize us to obtain medical records or other pertinent information.

   **(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

   **c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

   **(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

   **(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

   **(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

   **(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   **a.** There has been full compliance with all the terms of this Coverage Form; and

   **b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment – Physical Damage Coverages**

   At our option we may:

   **a.** Pay for, repair or replace damaged or stolen property;

   **b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

   **c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

   If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. **Transfer Of Rights Of Recovery Against Others To Us**

   If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 327 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. General Conditions**

1. **Bankruptcy**

   Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

2. **Concealment, Misrepresentation Or Fraud**

   This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

   **a.** This Coverage Form;

   **b.** The covered "auto";

   **c.** Your interest in the covered "auto"; or

   **d.** A claim under this Coverage Form.

3. **Liberalization**

   If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

4. **No Benefit To Bailee – Physical Damage Coverages**

   We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

5. **Other Insurance**

   **a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

   **(1)** Excess while it is connected to a motor vehicle you do not own.

   **(2)** Primary while it is connected to a covered "auto" you own.

   **b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

   **c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

   **d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

6. **Premium Audit**

   **a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

   **b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

7. **Policy Period, Coverage Territory**

   Under this Coverage Form, we cover:

   **a.** "Bodily injury", "property damage" and "losses" occurring; and

   **b.** "Covered pollution cost or expense" arising out of "accidents" occurring

   during the policy period shown in the Declarations and within the coverage territory.

   The coverage territory is:

   **a.** The United States of America;

   **b.** The territories and possessions of the United States of America;

   **c.** Puerto Rico;

   **d.** Canada; and

   **e.** Anywhere in the world if:

   **(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005   CA 00 05 03 06   ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 328 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

E. "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

F. "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

G. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

H. "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

I. "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

J. "Insured contract" means:

1. A lease of premises;

2. A sidetrack agreement;

3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6. An elevator maintenance agreement; or

7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

K. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

L. "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

M. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005
CA 00 05 03 06

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**N.** "Products" includes:

  **1.** The goods or products you made or sold in a garage business; and

  **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

  **1.** Damages because of "bodily injury" or "property damage"; or

  **2.** A "covered pollution cost or expense",

  to which this insurance applies, are claimed.

  "Suit" includes:

  **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

  **1.** Work that someone performed on your behalf; and

  **2.** The providing of or failure to provide warnings or instructions.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

<div align="right">**COMMERCIAL AUTO**
**CA 21 04 03 06**</div>

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |
| **Countersignature Of Authorized Representative** |
| **Name:** |
| **Title:** |
| **Signature:** |
| **Date:** |

**SCHEDULE**

| |
|---|
| **Limit Of Insurance:  $**                              Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 332 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**D. Limit Of Insurance**

1. Regardless of the number of "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

   However, if "bodily injury" to which this coverage applies is sustained by any person other than an individual Named Insured or any "family member", the Limit of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:

   a. The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations for this coverage, at the time of the "accident".

© ISO Properties, Inc., 2005 CA 21 04 03 06 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 333 of 1650

b. An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph **a.** above.

A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The conditions are changed for Missouri Uninsured Motorists Coverage as follows:

1. The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   **a.** Promptly notify the police if a hit-and-run driver is involved; and

   **b.** Promptly send us copies of the legal papers if a "suit" is brought.

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

   If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

4. The following condition is added:

   **ARBITRATION**

   **a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

   **b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

5. **Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or trailer":

   **a.** For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** For which an insuring or bonding company denies coverage or is or becomes insolvent; or

**c.** That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:

   **(1)** Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

   **(2)** Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.

However, "uninsured motor vehicle" does not include any vehicle:

**a.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or

**b.** Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2005

CA 21 04 03 06 ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 336 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 337 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 25 07 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective<br>4/21/11 | Policy No.<br>MOA100192 |
|---|---|
| Named Insured<br>MILLER INVESTMENT GROUP, INC DBA AUTO NOW | Countersigned by |

(Authorized Representative)

**SCHEDULE**

Locations and Operations Not Covered:

This insuance does not apply to Bodily Injury or Property Damage resulting from the ownership, maintenance or use of tow trucks, tank trucks, tank trailers and haulaways whether connected or not connected to non-owned or covered "autos" you own, unless specifically scheduled under the auto schedule of covered autos.

Haulaways are defined as truck or trailers capable of transporting one or more vehicles.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93        Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:                                                                    **COMMERCIAL AUTO**
                                                                                  **CA 31 04 04 01**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

      **(1)** Have been given prompt written notice of such tentative settlement; and

      **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

---

**CA 31 04 04 01**                          © ISO Properties, Inc., 2000                          **Page 1 of 3**          ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

**E. Changes In Conditions**

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

      (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved, and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

© ISO Properties, Inc., 2000

CA 31 04 04 01

c. A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

**4.** The following condition is added:

**ARBITRATION**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self insurer under any applicable motor vehicle law or;

b. Designed for use mainly off public roads while not on public roads.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:                                         **COMMERCIAL AUTO**
<div align="right">

**CA 99 10 09 02**
</div>

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DRIVE OTHER CAR COVERAGE – BROADENED COVERAGE FOR NAMED INDIVIDUALS

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective: 4/21/11 | Countersigned By: |
| Named Insured: MILER INVESTMENT GROUP INC DBA AUTO NOW | <br>(Authorized Representative) |

## SCHEDULE

| Name Of Individual | Liability | | Auto Medical Payments | |
|---|---|---|---|---|
| MIKE MILLER SR<br>LEE ANNE MILLER<br>MIKE MILLER JR<br>RYAN MILLER | Limit<br>$ 1,000,000 | Premium<br>INCL | Limit<br>$ 1,000 | Premium<br>INCL |

| Name Of Individual | Uninsured Motorists | | Underinsured Motorists | | Physical Damage | |
|---|---|---|---|---|---|---|
| | | | | | Comp. | Coll. |
| MIKE MILLER SR<br>LEE ANNE MILLER<br>MIKE MILLER JR<br>RYAN MILLER | Limit<br>$ 100,000 | Premium<br>INCL | Limit<br>$ 100,000 | Premium<br>INCL | 1,000 | 1,000 |

Note – When uninsured motorists is provided at limits higher than the basic limits required by a financial responsibility law, underinsured motorists is included, unless otherwise noted. If Underinsured Motorists Coverage is provided as a separate coverage, make appropriate entry in the Schedule above.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 342 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**A.** This endorsement changes only those coverages where a premium is shown in the Schedule.

**B. Changes In Liability Coverage**

1. Any "auto" you don't own, hire or borrow is a covered "auto" for Liability Coverage while being used by any individual named in the Schedule or by his or her spouse while a resident of the same household except:

   **a.** Any "auto" owned by that individual or by any member of his or her household.

   **b.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

2. The following is added to **Who Is An Insured:**

   Any individual named in the Schedule and his or her spouse, while a resident of the same household, are "insureds" while using any covered "auto" described in Paragraph **B.1.** of this endorsement.

**C. Changes In Auto Medical Payments And Uninsured And Underinsured Motorists Coverages**

The following is added to **Who Is An Insured:**

Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:

Any "auto" owned by that individual or by any "family member".

**D. Changes In Physical Damage Coverage**

Any private passenger type "auto" you don't own, hire or borrow is a covered "auto" while in the care, custody or control of any individual named in the Schedule or his or her spouse while a resident of the same household except:

1. Any "auto" owned by that individual or by any member of his or her household.

2. Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

**E. Additional Definition**

As used in this endorsement:

"Family member" means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 343 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION – ABUSE OR MOLESTATION

This endorsement modifies insurance provided under the following:

    COMMERCIAL AUTO COVERAGE FORM.

This insurance does not apply to "bodily injury" or "property damage" arising out of:

    (a)    The actual or threatened abuse or molestation of any person while that person is in the care, custody or control of any insured; or

    (b)    The negligent:

        (i)    Employment;

        (ii)    Investigation;

        (iii)    Supervision;

        (iv)    Reporting to the proper authorities, or failure to so report; or

        (v)    Retention;

        of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

CAM 5005 08 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# DRIVER EXCLUSION

This endorsement forms a part of policy number   MOA100192

In consideration of the continuation of this policy in force by us it is hereby agreed that we shall not be liable for loss, damage, and/or liability caused while the auto described in the policy or any other auto to which the terms of the policy are extended is being driven or operated by the following named person:

RANDY ARTHUR MARCUM

In all other respects this policy remains unchanged.  This exclusion is valid only above the minimum financial responsibility limits.

You accept this endorsement as witness his signature:

_____

Countersigned at:

_____
Authorized Representative

CAM 5007 MO 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**MIDWEST AUTO FINANCE, INC**
**2917 W 113TH ST**
**LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**THOMAS E GORENC**
**6734 N CHARLESTON DR**
**KANSAS CITY, MO 64119**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

    GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.    "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations.  This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto.  "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured.  Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.    DEDUCTIBLES

    For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

    a.    AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

        If your business is stated in the declarations as an auto dealership:

        (1)    The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

        (2)    Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1. An unlicensed driver;

2. Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

1. The cost of replacing the damaged property with other property of like kind and quality;
2. The cost of repairing the damaged property by conventional means of body work;
3. The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

> 1404 SANTA FE
OLATHE, KS 66061

**Specified Location (If applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$   1,000                      each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.   LIMIT OF INSURANCE AND DEDUCTIBLE

1.   Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

MISSOURI AUTO VEHICLE LIABILITY INSURANCE CERTIFICATE

OAK RIVER INSURANCE COMPANY    34630
3333 Farnam St. - Suite 300
Omaha, Nebraska 68131
1-800-488-2930

POLICY NO.: MOA100192          EFFECTIVE: 04-21-2011          EXPIRES: 04-21-2012

ALL VEHICLES OWNED BY THE NAMED INSURED DISPLAYING DEALER PLATES

INSURED:  MILLER INVESTMENT GROUP INC
2917 W 113TH ST
LEAWOOD, KS 66211

AGENT:    KF0347-MED JAMES, INC.

COVERAGE MEETS MINIMUM LIABILITY INSURANCE COVERAGE PRESCRIBED BY LAW.
THIS CARD MUST BE KEPT IN THE INSURED VEHICLE AND PRESENTED UPON DEMAND.

OAK RIVER INSURANCE COMPANY          , AN AUTHORIZED MISSOURI INSURER, CERTIFIES THAT IT HAS
ISSUED THE DESCRIBED AUTOMOBILE LIABILITY INSURANCE POLICY PROVIDING LIMITS OF COVERAGE
SUFFICIENT TO SATISFY THE MISSOURI "FINANCIAL RESPONSIBILITY LAW". THIS CERTIFICATE IS VOID IF
PREMIUM IS NOT PAID WHEN DUE, OR UPON CANCELLATION, LAPSE, OR NON-RENEWAL OF THE POLICY.

IN CASE OF ACCIDENT:

REPORT ALL ACCIDENTS TO YOUR AGENT/COMPANY AS SOON AS POSSIBLE. OBTAIN THE
FOLLOWING INFORMATION.

1. NAME AND ADDRESS OF EACH DRIVER, PASSENGER, AND WITNESS.

2. NAME OF INSURANCE COMPANY AND POLICY NUMBER FOR EACH VEHICLE INVOLVED.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

### REPRESENTING FINANCIAL STRENGTH & INTEGRITY

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date:  5/28/11

Thank you.


Sue Matousek/dt
5/13/11

---

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10                        **www.bhhc.com**



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

### REPRESENTING FINANCIAL STRENGTH & INTEGRITY

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER
EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date: 5/28/11

Thank you.

Sue Matousek/dt
5/13/11

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10     **www.bhhc.com**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

REPRESENTING FINANCIAL STRENGTH & INTEGRITY

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date: 5/28/11

Thank you.

Sue Matousek/dt
5/13/11

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10          **www.bhhc.com**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# DRIVER EXCLUSION

This endorsement forms a part of policy number   MOA100192

In consideration of the continuation of this policy in force by us it is hereby agreed that we shall not be liable for loss, damage, and/or liability caused while the auto described in the policy or any other auto to which the terms of the policy are extended is being driven or operated by the following named person:

RANDY ARTHUR MARCUM

In all other respects this policy remains unchanged. This exclusion is valid only above the minimum financial responsibility limits.


You accept this endorsement as witness his signature:

_____


Countersigned at:

 

                                  _____
                                       Authorized Representative

CAM 5007 MO 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

*(handwritten)* MO 4-21-12 4-21-13

Policy Number: MOA100192

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE
2917 W 113TH ST
LEAWOOD, KS 66211

Agent: H03008
MED JAMES, INC.

P O BOX 2014

SHAWNEE MISSION, KS 66201
PAT KAISER

Policy Period: From: 04/21/2012  To: 04/21/2013  at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED AUTO DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $    26,766 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium (may include balance to meet minimum premium) | $    26,766 |

**ATTENTION**
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____
Countersignature Date

_____
Authorized Representative

EXHIBIT
6

CD24 (0703)

ORIGINAL

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: MOA100192

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| NAME INS POL | 06/03 | NAMED INSURED SCHEDULE - POLICY |
| ILM0314 | 07/11 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES |
| ILM0006 MO | 05/02 | COMMON POLICY CONDITIONS |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

OAK RIVER INSURANCE COMPANY
    NAMED INSURED POL

POLICY # MOA100192                    AGENT: MED JAMES, INC.
                                             # HO3008
MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE


    NAMED INSURED POL

    MILLER INVESTMENT GROUP INC
    DBA AUTO NOW

ORIGINAL

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

MOA100192

MILLER INVESTMENT GROUP INC DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Redwood Fire and Casualty Insurance Company

President
Cypress Insurance Company
Oak River Insurance Company

Secretary

**ILM 0314 07 11**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMON POLICY CONDITIONS

ILM 0006 MO 05 02

All Coverage Parts included in the policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

   b. 30 days before the effective date of cancellation if we cancel for the following reasons:

      (i) Fraud or material misrepresentation affecting the policy or in the presentation of a claim thereunder or a violation of any of the terms or conditions of the policy;

      (ii) Changes in conditions after the effective date of the policy which have materially increased the hazards originally insured;

      (iii) Our insolvency; or

      (iv) Our involuntary loss of reinsurance on this policy, if any; or

   c. 60 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the reason for cancellation and effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTION AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

ILM 0006 MO 05 02

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                    Page 1 of 2

c.    Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

a.    Any of the following, whether belonging to, or used or provided by, any insured or other person:

      1.    Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

      2.    Application software or programming for electronic, robotic, communication or computer devices;

      3.    Operating system or related software or programming for electronic, robotics, communication or computer devices;

      4.    Network of electronic, robotics, communications or computer devices;

      5.    Microprocessor or other computer chip not part of any computer system; or

      6.    Any other computerized, robotic, electronic or communications equipment or components.

b.    Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**                                                                 **EFFECTIVE DATE** 04/21/2012

**NAMED INSURED** MILLER INVESTMENT GROUP INC          **POLICY NO.** MOA100192

**FORM OF BUSINESS:**

☒ CORPORATION                                      ☐ INDIVIDUAL

☐ PARTNERSHIP                                      ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| **LIABILITY** | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded | | | |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 22 | $ 100,000 CSL | | | INCL |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded FOR EACH COVERED AUTO FOR LOSS | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | CAUSED BY ALL CAUSES OF LOSS SUBJECT TO $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | | PREMIUM FOR ENDORSEMENTS | | |
| | | | ESTIMATED TOTAL PREMIUM | | INCL |

CAM 0001 02 98                         **ORIGINAL**                         Page 1 of 2

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
**We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

CAM 0001 02 98

ORIGINAL

POLICY NUMBER: MOA100192                    COMMERCIAL GARAGE

FORM SCHEDULE                               EFFECTIVE DATE: 4/21/2012

                                           EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| CA 0165 | 10/06 | MISSOURI CHANGES |
| CA 0166 | 03/06 | MISSOURI CHANGES - POLLUTION EXCLUSION |
| CA 0219 | 03/03 | MISSOURI CHANGES - CANCELLATION AND NONRENEWAL |
| CAM5042 MO | 03/01 | MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT |
| IL 0021 | 09/08 | NUCLEAR ENERGY LIABILTY EXCLUSION |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM5061 | 06/02 | POLICY REFORMATION LIMITS |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2104 | 03/06 | MISSOURI UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 3104 | 04/01 | MISSOURI UNDERINSURED MOTORISTS COVERAGE |
| CA 9910 | 09/02 | DRIVE OTHER CAR COVERAGE-BROADENED COV FOR NAMED IND |
| CAM5005 | 08/96 | EXCLUSION - ABUSE OR MOLESTATION |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 10500 E 24 HWY, INDEPENDENCE, MO 64053 |
| 002 | 307 NORTH AVE, BELTON, MO 64102 |
| 003 | 7901 WORNALL, KANSAS CITY, MO 64114 |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 9 | 6.75 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6.75 | INCL | | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 3 | 2.25 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 2.25 | INCL | | |
| 003 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 8 | 6 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6 | INCL | | |
| | **TOTAL PREMIUMS \*** | | | | 15 | INCL | | |

Number of Dealer Plates _____ 16 _____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

**NOTE:** 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☐ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| 003 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
PHYSICAL DAMAGE COVERAGE -
TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -
PREMIUMS - REPORTING OR NONREPORTING BASIS.

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " [X]

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |
| 002 | Comprehensive | $ 135,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | INCL |
| 003 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |

| All | Collision | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO | | | | |
|---|---|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | | | | |
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
| | | INCL | INCL | INCL | INCL | INCL |
| | | | | TOTAL PREMIUM | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$      Additional locations where you store covered "autos"
$ 40,000    In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by * [X] ).

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by * [X] ).
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

YOUR REPORTING BASIS IS:

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**

**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION: Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | PURCHASED: Original Cost New | Actual Cost & NEW (N) USED (U) | TERRITORY: Town & State Where the Covered Auto will be principally garaged |
|---|---|---|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION: Radius of Operation | Business Use s = service r = retail c = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Phy. Dam. | Secondary Rating Factor | Code | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|---|
| | | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | |

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | |
|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | |
| | Limit | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | |
| Total Premium | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

### ITEM TEN

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 1 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

## ORIGINAL

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # MOA100192                          AGENT:  MED JAMES, INC.
MILLER INVESTMENT GROUP INC                         # H03008
2917 W 113TH ST
LEAWOOD, KS  66211

Prems   Bldg
No.     No.    Street                    City          County      St   Zip
001     000    10500 E 24 HWY              INDEPENDENCE            MO  97030
002     000    307 NORTH AVE               BELTON                  MO  97030
003     000    7901 WORNALL                KANSAS CITY             MO  97030

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
LIQUOR LIABILITY COVERAGE FORM
GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE FORM
TRUCKERS COVERAGE FORM
FARM LIABILITY COVERAGE FORM
UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**BH HC** Berkshire Hathaway
H O M E S T A T E   C O M P A N I E S

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

**Berkshire Hathaway Homestate Insurance Company**
**Oak River Insurance Company**
**Redwood Fire and Casualty Company**
Main Administrative Office
3333 Farnam Street, Ste. 300
P.O. Box 2048 (68103-2048)
Omaha, NE 68131
(402) 393-7255

**Continental Divide Insurance Company**
Main Administrative Office
7730 E. Belleview Avenue, Ste. 300
Englewood, CO 80111-2619

**Cypress Insurance Company**
Main Administrative Office
395 Oyster Point Blvd., Ste. #401
South San Francisco, CA 94080
(415) 635-0444

BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY ◆ BROOKWOOD INSURANCE COMPANY ◆ CONTINENTAL DIVIDE INSURANCE COMPANY
CYPRESS INSURANCE COMPANY ◆ OAK RIVER INSURANCE COMPANY ◆ REDWOOD FIRE AND CASUALTY INSURANCE COMPANY

INT 0080 03 12                    **www.bhhc.com**                    Page 1 of 1

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage Extensions** is amended as follows:

The following is added to **Supplementary Payments:**

(7) Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

(6) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph **a.(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

(f) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C. Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

1. If your business is other than selling, repairing or servicing "autos":

a. The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

b. The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 380 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2.** If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

**D.** The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**1.** Pay its chosen appraiser; and

**2.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**E.** The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

**F.** **Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

**1.** Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

**2.** The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

**a.** Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

**b.** Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000.

However, the Association will not:

**(1)** Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

**(2)** Return to an "insured" any unearned premium in excess of $25,000.

These limitations have no effect on the coverage we will provide under this policy.

© ISO Properties, Inc., 2006

CA 01 65 10 06 ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# MISSOURI CHANGES – POLLUTION EXCLUSION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Missouri, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

**A.** The following is added to the **Pollution** Exclusion in **Section II – Liability Coverage** in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**B.** The following is added to the **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos" in Section II – Liability Coverage** in the Garage Coverage Form or to any amendment to or replacement thereof:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**C.** If the Broadened Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.a.(15)** in the Broadened Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**D.** If the Personal Injury Liability Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.h.** in the Personal Injury Liability Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 382 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 02 19 03 03

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual, partnership or limited liability company and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the Cancellation Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

**a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

**b.** If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

**c.** When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

**(1)** Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.

**(2)** If you are an individual, partnership or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.

**(3)** If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

Copyright, ISO Properties, Inc., 2002

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 383 of 1650

**e.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**f.** Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**b.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

**c.** Our notice of nonrenewal will state the actual reason for nonrenewal unless the nonrenewal is due to nonpayment of premium.

**3. Mailing Of Notices**

Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known mailing address. Proof of mailing of any notice will be sufficient proof of notice.

**B.** For "autos" not described in Paragraph **A.** above:

**1.** Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

**a.** 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

**b.** 30 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

**(1)** Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;

**(2)** Changes in conditions after the effective date of this policy which have materially increased the risk assumed;

**(3)** We become insolvent; or,

**(4)** We involuntarily lose reinsurance for this policy.

**c.** 60 days before the effective date of cancellation if we cancel for any other reason.

**2.** The following is added and supersedes any provision to the contrary:

**NONRENEWAL**

**1.** We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

**2.** If notice is mailed, proof of mailing will be sufficient proof of notice.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 384 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Commercial Auto
CAM 5042 03 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following

GARAGE COVERAGE FORM

Exclusion 8a., 8b., 8c., and 8d. under Section II - Liability Coverage is replaced by the following:

a.(1)  "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

(2)  Any loss, cost, or expense arising out of any:

(a)  Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants; or

(b)  Claim or suit or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, gaseous, or thermal irritant or contaminants including smoke, vapor, soot, asbestos, or any other substance containing asbestos fibers, fumes, acid, alkalis, chemicals or waste. Waste includes material to be recycled, reconditioned or reclaimed.

This Pollution Exclusion applies even if such irritant or containment has a function in your business, operations, premises, site or location.

Paragraph a(1) does not apply to "bodily injury" or "property damage" caused by heat, smoke, or fumes, from a hostile fire. In this exclusion, a hostile fire means one which becomes uncontrollable, or breaks out from where it was intended to be.

CAM 5042 03 01                                                          Page 1 of 1

IL 00 21 09 08

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   **A.** Under any Liability Coverage, to "bodily injury" or "property damage":

   **(1)** With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   **(2)** Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   **B.** Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   **C.** Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

   **(1)** The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

   **(2)** The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

   **(3)** The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

   **(a)** Any "nuclear reactor";

   **(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

   **(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

   **(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2007

IL 00 21 09 08 ☐

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.      Item (6) is replaced by the following:

     (6)      All interest on the lesser of:

         (a)    the full amount of any judgment; or

         (b)    the applicable limit of insurance

     that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.      The following is added:

     (7)      Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5061 06 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLICY REFORMATION LIMITS

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM

It is agreed that the coverage provided by this policy is intended to comply with the minimum coverage required by "applicable state financial responsibility law". Should a court reform or rescind any provision of this policy because it is inconsistent with "applicable state financial responsibility law", because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by "applicable state financial responsibility law". Policy terms and conditions that provided, as written, limits of coverage in excess of the compulsory limits of coverage required by "applicable state financial responsibility law" shall be given full effect after any such reformation or rescission.

"Applicable state financial responsibility law" means any state law requiring minimum or mandatory coverage amounts or types with respect to the ownership or operation of any motor vehicle, but does not include any state or federal law exclusively governing motor carriers of passenger or property.

CAM 5061 06 02

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 6076 11 04

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

**CAM 6076 11 04**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM.
    COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
    FARM COVERAGE FORM.
    BUSINESSOWNERS COVERAGE FORM.
    GARAGE COVERAGE FORM.
    ERRORS & OMISSIONS COVERAGE FORM.
    COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

(a)     you or any other person or organization qualifying as a Named Insured under this policy; or

(b)     any business in which any Named Insured:

    (i)     has an interest in 25% or more of the outstanding voting stock or of the total stock; or

    (ii)     is a **Related Company**; or

    (iii)     is a partner; or

(c)     any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

(d)     any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

(e)     the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 392 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "accident" occurs in the coverage territory;

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06 ▢

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. "Garage Operations" – Covered "Autos"

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

3. Who Is An Insured

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

(d) Your customers. However, if a customer of yours:

(i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06 □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

   **(1)** Employment by the "insured"; or

   **(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

   **(1)** Refusal to employ that person;

   **(2)** Termination of that person's employment; or

   **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

   **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

   **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   **(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

   **(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 396 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(3) At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

    (a) To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

    (b) If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

(4) That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 397 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    (1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    (2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

CA 00 05 03 06

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV – PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06

☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 401 of 1650

**3. Coverage Extension – Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**a.** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**b.** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**c.** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

**(1)** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

**(2)** An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005 **CA 00 05 03 06** ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 403 of 1650

## SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own.

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06          ☐

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

E. "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

F. "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

G. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

H. "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

I. "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

J. "Insured contract" means:

1. A lease of premises;

2. A sidetrack agreement;

3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6. An elevator maintenance agreement; or

7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

K. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

L. "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

M. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 407 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

N. "Products" includes:

1. The goods or products you made or sold in a garage business; and

2. The providing of or failure to provide warnings or instructions.

O. "Property damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:

1. Damages because of "bodily injury" or "property damage"; or

2. A "covered pollution cost or expense",

to which this insurance applies, are claimed.

"Suit" includes:

a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

Q. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

R. "Trailer" includes semitrailer.

S. "Work you performed" includes:

1. Work that someone performed on your behalf; and

2. The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 408 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |
| **Countersignature Of Authorized Representative** |
| **Name:** |
| **Title:** |
| **Signature:** |
| **Date:** |

**SCHEDULE**

| |
|---|
| **Limit Of Insurance:** $           Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 409 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

   However, if "bodily injury" to which this coverage applies is sustained by any person other than an individual Named Insured or any "family member", the Limit of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:

   a. The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations for this coverage, at the time of the "accident".

© ISO Properties, Inc., 2005

CA 21 04 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 410 of 1650

**b.** An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph **a.** above.

A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The conditions are changed for Missouri Uninsured Motorists Coverage as follows:

**1.** The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved; and

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**4.** The following condition is added:

**ARBITRATION**

**a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**5. Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Uninsured motor vehicle" means a land motor vehicle or "trailer":

**a.** For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** For which an insuring or bonding company denies coverage or is or becomes insolvent; or

**c.** That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:

    **(1)** Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

    **(2)** Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.

However, "uninsured motor vehicle" does not include any vehicle:

**a.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or

**b.** Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2005

CA 21 04 03 06 □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Copyright, Insurance Services Office, Inc., 1993         ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 413 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

    a. War, including undeclared or civil war;

    b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 414 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 25 07 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective<br>4/21/2012 | Policy No.<br>MOA100192 |
|---|---|
| Named Insured<br>MILLER INVESTMENT GROUP, INC    DBA AUTO NOW | Countersigned by |

(Authorized Representative)

## SCHEDULE

Locations and Operations Not Covered:

This insuance does not apply to Bodily Injury or Property Damage resulting from the ownership, maintenance or use of tow trucks, tank trucks, tank trailers and haulaways whether connected or not connected to non-owned or covered "autos" you own, unless specifically scheduled under the auto schedule of covered autos.

Haulaways are defined as truck or trailers capable of transporting one or more vehicles.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93        Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

COMMERCIAL AUTO
CA 31 04 04 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | |
| | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if **a.** or **b.** below applies:

    **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

    **b.** A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

       (1) Have been given prompt written notice of such tentative settlement; and

       (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 416 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

**E. Changes In Conditions**

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

      (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved, and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

© ISO Properties, Inc., 2000

CA 31 04 04 01

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 417 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

**4.** The following condition is added:

**ARBITRATION**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self insurer under any applicable motor vehicle law or;

b. Designed for use mainly off public roads while not on public roads.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

COMMERCIAL AUTO
CA 99 10 09 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DRIVE OTHER CAR COVERAGE – BROADENED COVERAGE FOR NAMED INDIVIDUALS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: 4/21/2012 | Countersigned By: |
|---|---|
| Named Insured: MILER INVESTMENT GROUP INC DBA AUTO NOW | (Authorized Representative) |

## SCHEDULE

| Name Of Individual | Liability | | Auto Medical Payments | |
|---|---|---|---|---|
| | Limit | Premium | Limit | Premium |
| MIKE MILLER SR<br>LEE ANNE MILLER<br>MIKE MILLER JR<br>RYAN MILLER | $ 1,000,000 | INCL | $ 1,000 | INCL |

| Name Of Individual | Uninsured Motorists | | Underinsured Motorists | | Physical Damage | |
|---|---|---|---|---|---|---|
| | | | | | Comp. | Coll. |
| | Limit | Premium | Limit | Premium | | |
| MIKE MILLER SR<br>LEE ANNE MILLER<br>MIKE MILLER JR<br>RYAN MILLER | $ 100,000 | INCL | $ 100,000 | INCL | 1,000 | 1,000 |

Note – When uninsured motorists is provided at limits higher than the basic limits required by a financial responsibility law, underinsured motorists is included, unless otherwise noted. If Underinsured Motorists Coverage is provided as a separate coverage, make appropriate entry in the Schedule above.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**CA 99 10 09 02**      © ISO Properties, Inc., 2002      Page 1 of 2   □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**A.** This endorsement changes only those coverages where a premium is shown in the Schedule.

**B. Changes In Liability Coverage**

  **1.** Any "auto" you don't own, hire or borrow is a covered "auto" for Liability Coverage while being used by any individual named in the Schedule or by his or her spouse while a resident of the same household except:

    **a.** Any "auto" owned by that individual or by any member of his or her household.

    **b.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

  **2.** The following is added to **Who Is An Insured:**

    Any individual named in the Schedule and his or her spouse, while a resident of the same household, are "insureds" while using any covered "auto" described in Paragraph **B.1.** of this endorsement.

**C. Changes In Auto Medical Payments And Uninsured And Underinsured Motorists Coverages**

The following is added to **Who Is An Insured:**

Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:

Any "auto" owned by that individual or by any "family member".

**D. Changes In Physical Damage Coverage**

Any private passenger type "auto" you don't own, hire or borrow is a covered "auto" while in the care, custody or control of any individual named in the Schedule or his or her spouse while a resident of the same household except:

  **1.** Any "auto" owned by that individual or by any member of his or her household.

  **2.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

**E. Additional Definition**

As used in this endorsement:

"Family member" means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child.

© ISO Properties, Inc., 2002

CA 99 10 09 02 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 420 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - ABUSE OR MOLESTATION

This endorsement modifies insurance provided under the following:

    COMMERCIAL AUTO COVERAGE FORM.

This insurance does not apply to "bodily injury" or "property damage" arising out of:

    (a)    The actual or threatened abuse or molestation of any person while that person is in the care, custody or control of any insured; or

    (b)    The negligent:

        (i)    Employment;

        (ii)    Investigation;

        (iii)    Supervision;

        (iv)    Reporting to the proper authorities, or failure to so report; or

        (v)    Retention;

    of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

CAM 5005 08 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**MIDWEST AUTO FINANCE, INC
2917 W 113TH ST
LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**THOMAS E GORENC**
**6734 N CHARLESTON DR**
**KANSAS CITY, MO 64119**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3. "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations. This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto. "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.   DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.   AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)   The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)   Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1. An unlicensed driver;

2. Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of:

1. The cost of replacing the damaged property with other property of like kind and quality;
2. The cost of repairing the damaged property by conventional means of body work;
3. The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

**1404 SANTA FE**
**OLATHE, KS 66061**

**Specified Location (If applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

COMMERCIAL AUTO
CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$  1,000                    each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.    LIMIT OF INSURANCE AND DEDUCTIBLE

      1.    Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

MOA100192
RENEWAL NUMBER

CROSS REFERENCE NUMBER
02 GHM 000450 - 01

**BERKSHIRE HATHAWAY HOMESTATE**
**INSURANCE COMPANY**
**OMAHA, NEBRASKA**
**GARAGE DECLARATIONS**

*Missouri*

Med Jackson, Inc.
6596 College Blvd
Overland Park, KS 66210

ITEM ONE NAMED INSURED & ADDRESS

MILLER INVESTMENT GROUP INC
DBA: AUTO NOW
2917 W 113TH STREET
LEAWOOD, KS 66211
POLICY PERIOD: Policy covers FROM       04/21/2013 12:01 AM      TO      04/21/2014

FORM OF NAMED INSURED'S BUSINESS:      Corporation

NAMED INSURED'S BUSINESS:      USED AUTO SALES

12:01 A.M. Standard Time at the Named
Insured's Address stated above.

**ITEM TWO — SCHEDULE OF COVERAGES AND COVERED AUTOS**
This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations."

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT OF INSURANCE | | | PREMIUM |
|---|---|---|---|---|---|
| | | EACH ACCIDENT GARAGE OPERATIONS | | AGGREGATE GARAGE OPERATIONS | |
| | | "Auto" Only | Other than "Auto" Only | Other than "Auto" Only | |
| LIABILITY | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | $ 20,672 |
| PERSONAL INJURY PROTECTION (P.I.P.) (or equivalent No-fault coverage) | | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS $ Deductible | | | $ |
| ADDED P.I.P. (or equivalent added No-fault coverage) | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT | | | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Deductible FOR EACH ACCIDENT | | | $ |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | $ 573 |
| UNINSURED MOTORISTS | 22 | 100,000 CSL (BI Only) | | | $ 895 |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 22 | 100,000 CSL (BI Only) | | | $ 878 |
| GARAGE KEEPERS INSURANCE — COMPREHENSIVE COVERAGE | 30 | $ See M 5509 (08/2010) | | | $ 228 |
| GARAGE KEEPERS INSURANCE — SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| GARAGE KEEPERS INSURANCE — COLLISION COVERAGE | 30 | $ See M 5509 (08/2010) | | | $ 92 |
| PHYSICAL DAMAGE INSURANCE — COMPREHENSIVE COVERAGE | 22 | $ See M 5508 (08/2010) | See Supplementary Schedule for dealers' autos and autos held for sale by trailer dealers and non-dealers. | | $ 5,484 |
| PHYSICAL DAMAGE INSURANCE — SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| PHYSICAL DAMAGE INSURANCE — COLLISION COVERAGE | 22 | $ See M 5509 (08/2010) | | | $ 1,505 |

| FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION | PREMIUM FOR ENDORSEMENTS | $ |
|---|---|---|
| See M-4572 (12/1994) | ESTIMATED TOTAL PREMIUM | $ 30,327 |

ENTER SYMBOL 32 DESCRIPTION HERE:

POLICY SUBJECT TO A FULLY EARNED POLICYWRITING MINIMUM PREMIUM OF $     0     IF CANCELLED BY THE INSURED.

The estimated total premium for this policy is based on the exposures you told us you would have when this policy began. We will compute your final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated total premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

THIS DECLARATIONS MUST BE COMPLETED BY THE ATTACHMENT OF A SUPPLEMENTARY SCHEDULE

Countersigned at      **OVERLAND PARK, KS**      By _____
*Authorized Representative*

In Witness whereof, we have caused this policy to be executed and attested.

*Secretary*

*President*

04/19/2013 09:56 8FC9A631-442D-406E-B694-EB996B9C890D

M-5608 (02/2011)      Includes copyrighted material of Insurance Services Office, with its permission  Copyright, Insurance Services Office, 1985

**EXHIBIT 7**

# SCHEDULE OF FORMS AND ENDORSEMENTS AT POLICY INCEPTION

POLICY #      02 GHM 000450 - 01

INSURED      **MILLER INVESTMENT GROUP INC**

EFFECTIVE      04/21/2013 12:01 AM

| | | |
|---|---|---|
| M 4600a | 04/2003 | Commercial Policy Jacket |
| M 5608 | 02/2011 | Garage Coverage Declarations |
| M 4572 | 12/1994 | Schedule of Forms and Endorsements at Policy Inception |
| M 5509 | 08/2010 | Garage-Auto Dealers Supplementary Schedule |
| CA 0005 | 03/2006 | Garage Coverage Form |
| CA 9903 | 03/2006 | Auto Medical Payments Coverage |
| CA 2104 | 12/2012 | Missouri Uninsured Motorists Coverage |
| CA 3104 | 09/2010 | Missouri Underinsured Motorists Coverage |
| M 5057 | 08/2001 | Garagekeepers Coverage - Definition of "Customer's Auto" |
| CA 0165 | 10/2006 | Missouri Changes |
| M 5479 | 04/2010 | Towing and Storing Costs |
| M 4018a | 06/1991 | Garagekeepers Coverage Towing Exclusion |
| M 5012 | 11/2000 | Missouri Changes - Pollution Exclusion |
| M 5157 | 02/2004 | Missouri Changes - Cancellation and Nonrenewal |
| M 5623 | 04/2011 | Application of Policy - Financial Responsibility |
| M 3795 | 03/1987 | Punitive Damage Exclusion Duty to Defend Amendment |
| M 4047a | 09/2009 | Liquor Liability Exclusion |
| M 4166c | 11/2008 | Physical Damage Insurance - Dealers Limitation Endorsement |
| CA 2505 | 03/2006 | Garage Locations and Operations Medical Payments Coverage |
| CA 2516 | 10/2001 | Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| M 4628b | 10/2006 | Automobile Transporter, Tank Truck or Tank Trailer Exclusion |
| M 4629 | 11/1995 | Limitation Endorsement (Dealers) Drive-Away Operations |
| M 4632 | 10/1995 | Exclusion - Animals |
| M 4763a | 05/1999 | Garage Coverage - Exclusion of "Autos" Other Than Covered "Autos" |
| M 5529 | 10/2010 | Exclusion - No Maximum Deductible for Hail |
| M 5150b | 12/2007 | Terrorism Risk Insurance Endorsement |

Form Version 041001

04/19/2013 09:56 9FC9A531-442D-406E-B584-EB995B9C890D

M-4572 (12/94)

# NOTICE OF COVERAGE CHANGES

**INSURED:**     MILLER INVESTMENT GROUP INC

**COMPANY:**     Berkshire Hathaway Homestate Insurance Company

| | | | | | |
|---|---|---|---|---|---|
| **RENEWAL POLICY #:** | 02 GHM 000450 - 01 | **POLICY TERM:** | 04/21/2013 | to | 04/21/2014 |
| **EXPIRING POLICY #:** | MO A10 0192 | **POLICY TERM:** | 04/21/2012 | to | 04/21/2013 |

This insurance policy, which is a renewal of the expiring policy listed above, has changes in coverage initiated by the Company. The changes in coverage are listed below. **TO UNDERSTAND YOUR POLICY AND THESE CHANGES, PLEASE READ YOUR POLICY CAREFULLY.** If you have any questions, please contact your insurance agent.

**RENEWAL POLICY CHANGES:**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| | |
|---|---|
| New Form | CA 0005 (3/2006) GARAGE COVERAGE FORM |
| New Form | CA 0165 (10/2006) Missouri Changes |
| New Form | CA 2104 (12/2012) Missouri Uninsured Motorists Coverage |
| New Form | CA 2505 (3/2006) Garage Locations and Operations Medical Payments Coverage |
| New Form | CA 2516 (10/2001) Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| New Form | CA 3104 (9/2010) Missouri Underinsured Motorists Coverage |
| New Form | CA 9903 (3/2006) Auto Medical Payments Coverage |
| New Form | M 3795 (3/1987) Punitive Damage Exclusion Duty to Defend Amendment |
| New Form | M 4018a (6/1991) Garagekeepers Coverage Towing Exclusion |
| New Form | M 4047a (9/2009) Liquor Liability Exclusion |
| New Form | M 4166c (11/2008) Physical Damage Insurance - Dealers Limitation Endorsement |
| New Form | M 4572 (12/1994) Schedule of Forms and Endorsements at Policy Inception |
| New Form | M 4600a (4/2003) Commercial Policy Jacket |
| New Form | M 4628b (10/2006) Automobile Transporter, Tank Truck or Tank Trailer Exclusion |
| New Form | M 4629 (11/1995) Limitation Endorsement (Dealers) Drive-Away Operations |
| New Form | M 4632 (10/1995) Exclusion - Animals |
| New Form | M 4763a (5/1999) Garage Coverage - Exclusion of "Autos" Other Than Covered "Autos" |
| New Form | M 5012 (11/2000) Missouri Changes - Cancellation and Nonrenewal |
| New Form | M 5067 (8/2001) Garagekeepers Coverage - Definition of "Customer's Auto" |
| New Form | M 5150b (12/2007) Terrorism Risk Insurance Endorsement |
| New Form | M 5157 (2/2004) Missouri Changes - Cancellation and Nonrenewal |
| New Form | M 5479 (4/2010) Towing and Storing Costs |
| New Form | M 5509-1 (8/2010) Garage-Auto Dealers Supplementary Schedule |
| New Form | M 5529 (10/2010) Exclusion - No Maximum Deductible for Hail |
| New Form | M 5608 (2/2011) Garage Declarations |
| New Form | M 5623 (4/2011) Application of Policy - Financial Responsibility |

# COMMON POLICY CONDITIONS

**All Coverages included in this policy are subject to the following conditions:**

A. **CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 10 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date at 12:01 a.m. unless another time is stated on the cancellation notice.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

B. **CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

C. **EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

D. **INSPECTIONS AND SURVEYS**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the condition we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

E. **PREMIUMS**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

F. **TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form)

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material," if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom.

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishings by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" include radioactive, toxic or explosive properties;

   "Nuclear material" means "source material," "Special nuclear material" or "by-product material";

   "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

   "Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

   "Nuclear facility" means:

      (a) Any "nuclear reactor";

      (b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";

      (c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

      (d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

   and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

   "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

   "Property damage" includes all forms of radioactive contamination of property.

Policy Number: **02GHM000450-01** M-5509 -1 (08/2010)

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
## Locations

**ITEM THREE – LOCATIONS**
Locations where you conduct "garage operations". The main business location is stated as location Number 1.
See the LOCATION AND LIABILITY SCHEDULE below.

**ITEM FOUR – LIABILITY COVERAGE PREMIUMS – DEFINITIONS**
**Class I – Employees**
- **Regular Operator:** Proprietors, partners and officers active in the "garage operations", salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto".
- **All Others:** All other employees.
- **NOTE:**
  1. Part-time employees working an average of 20 hours or more a week for the number of weeks worked are to be counted as 1 rating unit each.
  2. Part-time employees working an average of less than 20 hours a week for the number of weeks worked are to be counted as 1/2 rating unit each.

**Class II – Non-Employees:** Any of the following persons who are regularly furnished with a covered "auto": inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

**ITEM FIVE – LIABILITY COVERAGE FOR YOUR CUSTOMERS**
In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by "☒".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY COVERAGE does not apply.

### LOCATION AND LIABILITY SCHEDULE

| Loc # | Location<br>Street Address<br>City, State, Zip | Class I – Employees<br>Rating Units | Class II – Non-employees<br>Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|
| 1 | 10500 E 24 HWY<br>INDEPENDENCE, MO 64053 | 5.80 | | 5.80 | 6,151 | | |
| 2 | 307 NORTH AVE<br>BELTON, MO 64102 | 2.40 | | 2.40 | 3,485 | | |
| 3 | 7901 WORNALL<br>KANSAS CITY, MO 64114 | 7.60 | | 7.60 | 11,036 | | |
| | TOTAL PREMIUMS | | | | 20,672 | 0 | 0 |

\* Minimum Annual Liability Premium Equal to 2 Rating Units Per Policy.

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-5509 -1 (08/2010)    Includes copyrighted material of Insurance Services Office, Inc., with its permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Garagekeepers Insurance

**ITEM SIX - GARAGEKEEPERS INSURANCE – COVERAGE AND PREMIUMS**

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the direct coverage options is indicated below by "☒".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers your or any other "insured's" interest or the interest of the covered "auto's" owner.

☒ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

☒ **MAXIMUM DEDUCTIBLE**

If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ _____ 5,000 _____.

| Loc # | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) | | Premium |
|---|---|---|---|---|
| | Specified Causes of Loss | $ MINUS $ | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| 1 | Comprehensive | $ 25,000 MINUS $ | 1,000 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 114 |
| | Collision | $ 25,000 MINUS $ | 1,000 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 46 |
| | Specified Causes of Loss | $ MINUS $ | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| 3 | Comprehensive | $ 25,000 MINUS $ | 1,000 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 114 |
| | Collision | $ 25,000 MINUS $ | 1,000 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 46 |
| | | | TOTAL PREMIUM | $ 320 |

04/18/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Includes copyrighted material of Insurance Services Office, Inc., with its permission

Policy Number:  **02GHM000450-01**          M-5509 -3 (08/2010)

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Physical Damage

**ITEM SEVEN –**     **PHYSICAL DAMAGE COVERAGE – TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS – PREMIUMS – REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages which is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below "☒".

| Coverages | Types of "Autos" | | Interests Covered | | | |
|---|---|---|---|---|---|---|
| | New "autos" | Used "autos", demonstrators and service vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Loc # | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 1 | Spec. | $             MINUS $             DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ |
| | Comp. | $ 180,000 MINUS $ 1,000 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ 1,994 |
| 2 | Spec. | $             MINUS $             DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ |
| | Comp. | $ 135,000 MINUS $ 1,000 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ 1,496 |
| 3 | Spec. | $             MINUS $             DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ |
| | Comp. | $ 180,000 MINUS $ 1,000 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ 1,994 |

| All | Collision | $ 495,000 MINUS $ 1,000 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | Adjustment Factor | |
|---|---|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | | | | |
| | | FIRST $50,000 | $50,001 to $100,000 | Over $100,000 | | |
| | | 1.81 | 0.90 | 0.46 | | $ 1,505 |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$ 81,000 Additional Locations where you store covered "autos" $ 81,000 in transit

**TOTAL PREMIUM**  $ 6,989

☒ **MAXIMUM DEDUCTIBLE**
If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ 5,000

**PREMIUM BASIS – Reporting (Quarterly or Monthly) or Nonreporting (Indicate Basis Agreed Upon by "☒").**

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by "☒").
You must report to us on our form the locations of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1 you must include the total value of all covered autos you have furnished or made available to yourself, your executives, your employees or family members and other Class II – Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.
**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY** – You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the values for the last business day of every third month coming within the policy period.

☐ **MONTHLY** – You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.
MONTHLY – You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**LOSS PAYEES** – Any loss is payable as interest may appear to you and:

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-5509 -3 (08/2010)                    Includes copyrighted material of insurance Services Office, Inc., with its permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Additional Information

**ITEM EIGHT – MEDICAL PAYMENTS COVERAGE**
Refer to ITEM NINE for covered "autos" insured on a specified car basis.

| Coverage | Premium Determination | | Premium |
|---|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals          % | | $ |
| Premises and Operations Medical Payments (Does not apply to "bodily injury" caused by any "auto") | Premises and Operations Medical Payments Premium equals          % | of the Liability Premium | $ |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals   2.77 % | | $          573 |

**ITEM NINE –  SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS**

Refer to the SCHEDULE OF COVERED AUTOS for specified "autos". Refer to the Schedule below for "autos" furnished to someone other than a Class I or Class II Operator.

| Auto # | Person or Organization to which the Covered "auto" has been furnished (Do not include Covered "autos" which have been furnished to Class I or Class II operators). |
|---|---|
| | |

**ITEM TEN –  UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE – PREMIUMS**

| Number of Plates | | Rate Per Plate | Premium | |
|---|---|---|---|---|
| UM | 16 | 55.94 | $ | 895 |
| UIM | 16 | 54.88 | $ | 878 |

04/19/2013 09:56 8FC9A531-442D-406E-B594-EB996B9C890D

Includes copyrighted material of Insurance Services Office, Inc., with its permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI - Definitions.

**SECTION I - COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes those "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 444 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.
2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:
   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and
   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.
2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:
   a. Breakdown;
   b. Repair;
   c. Servicing;
   d. "Loss"; or
   e. Destruction.

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" - Other Than Covered "Autos"**
   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".
   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "accident" occurs in the coverage territory;
      (2) The "bodily injury" or "property damage" occurs during the policy period; and

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 445 of 1650

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. **"Garage Operations" - Covered "Autos"**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance - "Garage Operations" - Covered "Autos" has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

(d) Your customers. However, if a customer of yours:

   (I) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

   (II) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

2. **Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

   **a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

   **b.** That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

   **a.** An "employee" of the "insured" arising out of and in the course of:

     **(1)** Employment by the "insured"; or

     **(2)** Performing the duties related to the conduct of the "insured's" business; or

   **b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

   **c.** A person arising out of any:

     **(1)** Refusal to employ that person;

     **(2)** Termination of that person's employment; or

     **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

   **d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

   **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

   **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

   **a.** Property owned, rented or occupied by the "insured";

   **b.** Property loaned to the "insured";

   **c.** Property held for sale or being transported by the "insured"; or

   **d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

8. **Pollution Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

   **a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

     **(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

     **(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

  **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

  **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs a.(1) and a.(3)(b) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph a.(1) does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph a.(3)(b) does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

10. **Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

11. **Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

12. **Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

13. **Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

14. **Loss Of Use**

Loss of use of other property not physically damaged if caused by:

a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

b. A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

15. **Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

16. **War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

17. **Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## C. Limit Of Insurance

**1. Aggregate Limit Of Insurance - "Garage Operations" - Other Than Covered "Autos"**

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations. Damages payable under the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance - "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

**2. Limit Of Insurance - "Garage Operations" - Covered "Autos"**

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005 CA 00 05 03 06 ☐

**SECTION III - GARAGEKEEPERS COVERAGE**

**A. Coverage**

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**
   From any cause except:
   (1) The "customer's auto's" collision with another object; or
   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**
   Caused by:
   (1) Fire, lightning or explosion;
   (2) Theft; or
   (3) Mischief or vandalism.

   **c. Collision Coverage**
   Caused by:
   (1) The "customer's auto's" collision with another object; or
   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**
   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:
   a. You.
   b. Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**
   The following applies as Supplementary Payments. We will pay for the "insured":
   a. All expenses we incur.

   b. The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   c. All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   e. All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

**B. Exclusions**

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**
   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**
   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**
   Defective parts or materials.

   **d. Faulty Work**
   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   a. Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   b. Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV - PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage - Hitting A Bird Or Animal - Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06  ☐

3. **Coverage Extension - Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

a. **Nuclear Hazard**

(1) The explosion of any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioactive contamination, however caused.

b. **War Or Military Action**

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

f. Any accessories used with the electronic equipment described in Paragraph e. above.

Exclusions 2.e. and 2.f. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

---

CA 00 05 03 06 © ISO Properties, Inc., 2005 **Page 11 of 17** ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

3. **False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

b. Your acquiring an "auto" from a seller who did not have legal title.

4. We will not pay for:

a. Your expected profit, including loss of market value or resale value.

b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

6. **Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown; or

b. Blowouts, punctures or other road damage to tires.

C. **Limits Of Insurance**

1. The most we will pay for "loss" to any one covered "auto" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

4. The following provisions also apply:

a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

b. **Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report. If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

c. **Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

D. **Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

1. The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

a. Theft or mischief or vandalism; or

b. All perils.

2. Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

## SECTION V - GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

1. **Appraisal For Physical Damage Loss**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

   The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

      (1) How, when and where the "accident" or "loss" occurred;

      (2) The "insured's" name and address; and

      (3) To the extent possible, the names and addresses of any injured persons and witnesses.

   b. Additionally, you and any other involved "insured" must:

      (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

      (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

      (4) Authorize us to obtain medical records or other pertinent information.

      (5) Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

   c. If there is "loss" to a covered "auto" or its equipment you must also do the following:

      (1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

      (2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

      (3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

      (4) Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   a. There has been full compliance with all the terms of this Coverage Form; and

   b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment - Physical Damage Coverages**

   At our option we may:

   a. Pay for, repair or replace damaged or stolen property;

   b. Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

   c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

   If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. **Transfer Of Rights Of Recovery Against Others To Us**

   If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee - Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own.

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06    ☐

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI - DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

---

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

    **(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

    **1.** A lease of premises;

    **2.** A sidetrack agreement;

    **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

    **6.** An elevator maintenance agreement; or

    **7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

    **1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        **a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

        **b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

    **2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

    **3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

    **4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

    **5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 459 of 1650

**N.** "Products" includes:

1. The goods or products you made or sold in a garage business; and
2. The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

1. Damages because of "bodily injury" or "property damage"; or
2. A "covered pollution cost or expense", to which this insurance applies, are claimed. "Suit" includes:

   a. An arbitration proceeding in which such damages or "covered pollution cost or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

1. Work that someone performed on your behalf; and
2. The providing of or failure to provide warnings or instructions.

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

04/18/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 461 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

**D. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance - Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

© ISO Properties, Inc., 2005

CA 99 03 03 06 □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| **Named Insured:** | **MILLER INVESTMENT GROUP INC** |
| **Endorsement Effective Date:** | **04/21/2013 12:01 AM** |

**SCHEDULE**

| Limit Of Insurance: $ | See M 5608 (02/2011) | Each "Accident" |
|---|---|---|

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. No judgment for damages arising out of a "suit" brought against the owner or operator of an "uninsured motor vehicle" is binding on us unless we have:

   a. Received reasonable notice of the pendency of the "suit" resulting in the judgment; and

   b. Had a reasonable opportunity to protect our interests in the "suit".

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment. However, this exclusion applies only to the extent that the limits of liability for Uninsured Motorists Coverage exceed the minimum limits of liability required by the financial responsibility law of Missouri.
2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.
3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or, if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.
4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.
5. Punitive or exemplary damages.
6. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**D. Limit Of Insurance**

1. Regardless of the number of "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

However, if "bodily injury" to which this coverage applies is sustained by any person other than an individual Named Insured or any "family member", the Limit Of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:
   a. The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations for this coverage at the time of the "accident".
   b. An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph a. above.

   A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

   We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The Conditions are changed for Missouri Uninsured Motorists Coverage as follows:

1. The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:
   a. Promptly notify the police if a hit-and-run driver is involved; and
   b. Promptly send us copies of the legal papers if a "suit" is brought.
3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:
   If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.
4. The following condition is added:
   **Arbitration**
   a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.
   b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.
5. **Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

F. **Additional Definitions**
   As used in this endorsement:
   1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.
   2. "Occupying" means in, upon, getting in, on, out or off.
   3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":
      a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;
      b. For which an insuring or bonding company denies coverage or is or becomes insolvent; or
      c. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:
         (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or
         (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.
   However, "uninsured motor vehicle" does not include any vehicle:
   a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or
   b. Designed for use mainly off public roads while not on public roads.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED
# MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the coverage form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Named Insured: | **MILLER INVESTMENT GROUP INC** |
| Endorsement Effective Date: | **04/21/2013 12:01 AM** |

**SCHEDULE**

| | |
|---|---|
| Limit Of Insurance: $ | See M 5608 (02/2011)     Each "Accident" |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if Paragraph a. or b. below applies:

   a. The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   b. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

      (1) Have been given prompt written notice of such tentative settlement; and

      (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

C. **Exclusions**

This insurance does not apply to any of the following:

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

5. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

D. **Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

E. **Changes In Conditions**

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Subject to all other provisions of this policy, including but not limited to:

      (1) Exclusion **C.2.** of this endorsement;

      (2) Paragraph **D. Limit Of Insurance** of this endorsement;

      (3) Paragraph **E.1.a.** of the **Other Insurance** condition of this endorsement; and

      (4) The **Two Or More Coverage Forms Or Policies Issued By Us** condition of this policy:

      any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:
   a. Promptly notify the police if a hit-and-run driver is involved;
   b. Promptly send us copies of the legal papers if a "suit" is brought; and
   c. A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:
   If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.
   Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:
   a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and
   b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.
   If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:
   a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and
   b. We also have a right to recover the advanced payment.

4. The following condition is added:
   **Arbitration**
   a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.
   b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

F. **Additional Definitions**
   As used in this endorsement:
   1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.
   2. "Occupying" means in, upon, getting in, on, out or off.
   3. "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.
      However, "underinsured motor vehicle" does not include any vehicle:
      a. Owned or operated by a self insurer under any applicable motor vehicle law; or
      b. Designed for use mainly off public roads while not on public roads.

CA 31 04 09 10        © Insurance Services Office, Inc., 2010        Page 3 of 3    ☐

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS COVERAGE – DEFINITION OF
## "CUSTOMER'S AUTO"

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**Section VI – Definitions, Paragraph E.** is changed to read as follows:

E.     "Customer's auto" means a land motor vehicle, "trailer" or semitrailer while
left with you for service, repair, storage or safekeeping. Customers include:
a.  your "employees" and
b.  members of their households,
while you are providing them service, repair, storage or safekeeping for
which you are paid.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP INC | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5057 (8/2001)                                04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Policy Number: **02GHM000450-01**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage Extensions** is amended as follows:
The following is added to **Supplementary Payments:**

    **(7)** Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

    **(6)** If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph a.**(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

    **(f)** If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C. Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

1. If your business is other than selling, repairing or servicing "autos":

    **a.** The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

    **b.** The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:
Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB995B9C890D

© ISO Properties, Inc., 2006

2. If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms: Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

D. The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

E. The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

F. **Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

1. Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

2. The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

a. Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

b. Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000. However, the Association will not:

(1) Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

(2) Return to an "insured" any unearned premium in excess of $25,000.

These limitations have no effect on the coverage we will provide under this policy.

 © ISO Properties, Inc., 2006 CA 01 65 10 06 □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TOWING AND STORING COSTS

The following modifies the Coverage Extensions under Physical Damage Coverage:

In the event of a "loss" to a covered "auto" to which this policy's Physical Damage Coverage applies, we will pay the necessary and reasonable incurred cost of towing the covered "auto" to the nearest facility capable of making the necessary repairs or to another location if we agree upon that location prior to towing. We will also pay the necessary and reasonable incurred cost of storing the covered "auto" for the time required to adjust the claim, subject to a maximum time in storage of 30 days.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGEKEEPERS COVERAGE
## TOWING EXCLUSION
## AMENDMENT OF **LIMIT OF INSURANCE AND DEDUCTIBLE**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION III – GARAGEKEEPERS COVERAGE**

B. **EXCLUSIONS** is changed by adding the following:

We will not pay for "loss" to any customer's "auto" while being transported behind or on any other "auto" (including being attached to or detached from any other "auto").

C. **LIMIT OF INSURANCE AND DEDUCTIBLE 1.** and **2.** are deleted and replaced by the following:

1. Regardless of the number of covered "autos," "insureds," premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** for that location minus the applicable deductible.

2. For each covered "auto" our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible for each "loss," as shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE.**

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES – POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

A. The following is added to the Pollution Exclusion in Section II - Liability Coverage in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such "pollutants" have a function in your business, operations, premises, site or location, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels, or lubricants.

B. The **Pollution Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"** in Section II - Liability Coverage in the Garage Coverage Form is replaced by the following:

8. "Bodily injury," "property damage" or "loss, cost or expenses" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

As used in this endorsement:

"Loss, cost or expense" means those resulting from any:

(1) Request, demand or order that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants."

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants."

This Pollution Exclusion applies even if such "pollutants" have a function in your business, operations, premises, site or location, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels or lubricants.

C. The following is added to the definition of "pollutants" under the Definitions Section of the Coverage Form:

"Pollutants" includes irritants, contaminants or toxic substances which are your product or which arise out of or are used in connection with your product, your work, your premises or your operations, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels or lubricants.

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-5012 (11/2000)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## MISSOURI CHANGES - CANCELLATION AND NONRENEWAL

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> TRUCKERS COVERAGE FORM
> CARGO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. If you are an individual, partnership, or a limited liability company and a covered "auto" you own is of the "private passenger type," and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations, or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto." The following Condition applies instead:

ENDING THIS POLICY

1. Cancellation
   a. You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

   b. If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

   c. When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

      (1) Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.
      (2) If you are an individual, partnership, or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.
      (3) If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto." The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

   d. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

   e. The effective date of cancellation stated in the notice shall become the end of the policy period.

   f. Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

2. Nonrenewal
   a. If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

   b. If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

   c. Our notice of nonrenewal will state the actual reason for nonrenewal unless the nonrenewal is due to nonpayment of premium.

3. Mailing of Notices
   Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known address. Proof of mailing of any notice shall be sufficient proof of notice.

B. For "autos" not described in paragraph A above:
   1. Paragraph 2. of the CANCELLATION Common Policy Condition is replaced by the following:

   2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

      a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

      b. 10 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

         (1) Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;
         (2) Changes in conditions after the effective date of this policy which have materially increased the risk assumed;
         (3) We become insolvent; or,
         (4) We involuntarily lose reinsurance for this policy.

      c. 60 days before the effective date of cancellation if we cancel for any other reason.

   3. The following is added and supersedes any provision to the contrary:

      NONRENEWAL
      a. We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

      b. If notice is mailed, proof of mailing will be sufficient proof of notice.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| | 02 GHM 000450 - 01 |
| Berkshire Hathaway Homestate Insurance Company | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5157 (02/2004)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-5623 (04/2011)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## APPLICATION OF POLICY - FINANCIAL RESPONSIBILITY

If a court reforms, rescinds, voids, or invalidates any provision or exclusion of this policy due to applicable state financial responsibility law, that provision or exclusion will be amended to apply only in excess of the statutorily required minimum limits of liability.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5623 (04/2011)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-3795 (3/87)

## PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.

The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.

In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |

<div align="center">(Authorized Representative)</div>

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-3795 (3/87)

04/19/2013 09:56 9FC9A531-442D-466E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# LIQUOR LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION II – LIABILITY COVERAGE – B. EXCLUSIONS** is changed by adding the following:

This insurance does not apply to "bodily injury" or "property damage" for which an insured may be held liable by reason of:

1. Causing or contributing to the intoxication of any person; or

2. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

3. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you use the premises in part for the following purposes:

1. Serving or furnishing alcoholic beverages for a charge whether or not such activity:

    a. Requires a license; or

    b. Is for the purpose of financial gain or livelihood; or

2. Serving or furnishing alcoholic beverages without a charge, if a license is required for such activity.


All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | By |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB896B9C890D

Contains Copyrighted ISO Material used with permission

POLICY NUMBER:   02 GHM 000450 - 01

**COMMERCIAL AUTO**
**CA 25 05 03 06**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**
We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:
1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.
2. All operations necessary or incidental to a garage business.
We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**
This insurance does not apply to:
1. "Bodily injury" resulting from the maintenance or use of any "auto".
2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.
4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**
Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**
The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

04/19/2013 09:56 9FC9A531-442D-408E-B594-EB996B9C890D

CA 25 05 03 06

© ISO Properties, Inc., 2005

Page 1 of 1   ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

a. "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

b. Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

(2) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 481 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-4166c (11/2008)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PHYSICAL DAMAGE INSURANCE –
# DEALERS LIMITATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION IV - PHYSICAL DAMAGE COVERAGE** is amended as follows:

**B. EXCLUSIONS** is amended by adding the following exclusion:
We will not pay for "loss" to any "consigned automobile".

**C. LIMITS OF INSURANCE** paragraphs **1.** and **4.c.** are deleted and replaced by the following:
1. The most we will pay for "loss" to any one covered "auto" not scheduled on the **SCHEDULE OF COVERED AUTOS** is the lesser of:
   a. The actual cash value of the damaged or stolen property as of the time of "loss"; or
   b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or
   c. $ _____30,000_____ ($30,000 or the Dealer Open Lot Limit, whichever is less, if left blank).

**4. c.** Non-Reporting Premium Basis. When a "loss" occurs, we will establish the total value of your covered "autos".
   (1) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is 80% or more of the actual cash value of your covered "autos" at the location of the "loss", we will pay the full value of the "loss" up to the Limit of Insurance.
   (2) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is less than 80% of the total actual cash value of your covered "autos" at the location of the "loss", we will pay only a percentage share of the "loss", up to the Limit of Insurance. We will determine this percentage share by dividing the Limit of Insurance shown in the **SCHEDULE** for the location of the "loss" by the total actual cash value of your covered "autos" at the location of the "loss", and multiplying the resulting quotient by 1.25.

**D. DEDUCTIBLE** is deleted and replaced by the following:
1. For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible as shown in the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** or **SCHEDULE OF COVERED AUTOS**.
2. Deductibles apply for each covered "auto", for each "loss".

**SECTION VI - DEFINITIONS** is changed by adding the following:

"Consigned Automobile" means an "auto" held by you for sale, but does not include:
   (1) An "auto" owned by you, or
   (2) An "auto" on which your creditor has placed a lien.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP INC | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4166c (11/2008)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTOMOBILE TRANSPORTER, TOW TRUCK, TANK TRUCK OR TANK TRAILER EXCLUSION

This endorsement modifies all coverages provided under this Policy.

This insurance does not apply to "bodily injury", "property damage", or "covered pollution cost or expense" resulting from ownership, maintenance or use of any "automobile transporter", tank truck or tank trailer unless:

1. The "automobile transporter", tank truck or tank trailer is specifically described and scheduled on this policy with a premium charged for the applicable coverage; or

2. The "automobile transporter", tank truck or tank trailer is a "customer's auto".

"Automobile transporter" means an "auto" designed or used to transport one or more "autos". "Automobile transporter" includes but is not limited to car carriers and tow trucks.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-4629 (11/95)

## LIMITATION ENDORSEMENT
### (Dealers) Drive-Away Operations

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**A. SECTION VI - DEFINITIONS** is changed by adding the following:

"Drive-Away Operations" means the pick-up or delivery of covered autos while being driven, towed, or carried by any auto owned, hired, or borrowed by you or your agent or employee.

**B. SECTION II - LIABILITY COVERAGE and Collision Coverage in SECTION IV - PHYSICAL DAMAGE COVERAGE** does not apply to "Drive-Away Operations" conducted more than 150 miles outside the city or town limits of where Coverage Operations are conducted, as shown on the declarations of the policy, unless item C. below is completed to extend this radius limitation.

**C.** In consideration of the additional premium shown below, "Drive-Away Operations" are extended to a radius of _____ road miles for Liability Coverage and/or a radius of _____ for Physical Damage Coverage, from the city or town limits of where Garage Operations are conducted, as shown in the declarations of the policy.

This coverage extension requires an additional premium of:

$ _____ Liability Coverage

$ _____ Physical Damage Coverage

$ _____ Total Additional Premium

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |
| | (Authorized Representative) |

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-4632 (10/95)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION — ANIMALS

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

This insurance does not apply to "bodily injury," "property damage," "personal injury" or "medical payments" arising out of the ownership, maintenance, use, failure to license, or lack of control of any animal by any insured.

All other terms, conditions and agreements of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | by |

(Authorized Representative)

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4632 (10/95)

04/19/2013 09:57 9FC9A531-442D-406E-B594-EB996B9C890D

**GARAGE COVERAGE — EXCLUSION OF "AUTOS" OTHER THAN COVERED "AUTOS"**

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

SECTION II - LIABILITY COVERAGE, B. EXCLUSIONS, is changed by adding the following exclusion:

This insurance does not apply to:

"AUTOS" OTHER THAN COVERED "AUTOS"
"Bodily injury" or "property damage" resulting from the maintenance of any "auto" which is not a covered "auto" under this policy if such "bodily injury" or "property damage" occurs while such "auto" is being used for garage business.

SECTION VI - DEFINITIONS, "Garage operations" is deleted and replaced by the following:

"Garage operations" means the ownership, maintenance, or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance, or use of the "autos" indicated in SECTION I of this Coverage Form as covered "autos." "Garage operations" also includes all operations necessary or incidental to a garage business. "Garage operations" does not include the ownership or use of any "auto" which is not a covered "auto" under this policy.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4763a (5/1999)

04/19/2013 09:57 9FC9A531-442D-406E-B594-EB996B9C890D

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – NO MAXIMUM DEDUCTIBLE FOR HAIL

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

The MAXIMUM DEDUCTIBLE for Specified Causes of Loss or Comprehensive Coverage shown in the Declarations or Schedule does not apply to "loss" caused by hail, whether driven by wind or not. For "loss" caused by hail, whether driven by wind or not, the deductible shown in the Declarations or Schedule applies for each covered "auto".

All other terms, limits, provisions and conditions of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:57 9FC9A531-442D-406E-B594-EB996B9C890D

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# TERRORISM RISK INSURANCE ENDORSEMENT

## NOTICE TO POLICYHOLDERS REQUIRED UNDER TERRORISM RISK INSURANCE ACT OF 2002

Pursuant to the requirements of the Terrorism Risk Insurance Act of 2002 (the "Act"), including all amendments thereto, we advise you of the following information:

Coverage for acts of terrorism is included in this policy subject to the terms, conditions, limits and exclusions contained therein. Under this coverage, certain losses caused by certified acts of terrorism may be partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays a portion (85% in Calendar Year 2008 through expiration) of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. While your insurer faces significant exposure under your policy for losses caused by acts of terrorism, the premium you paid for the policy does not reflect that exposure. **Consequently, no premium is currently being charged on your policy for the risk of losses caused by certified acts of terrorism.**

THERE IS AN ANNUAL LIABILITY CAP FOR COVERED TERRORISM LOSSES UNDER THE ACT EQUAL TO $100,000,000,000 OF AGGREGATE INSURED LOSSES AS DEFINED IN THE ACT. LOSSES PAID UNDER THIS COVERAGE WILL BE PARTIALLY REIMBURSED BY THE UNITED STATES UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. UNDER THIS FORMULA, THE UNITED STATES PAYS A PORTION (85% IN CALENDAR YEAR 2008 THROUGH EXPIRATION) OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. ANY INSURER THAT HAS SATISFIED THEIR STATUTORILY ESTABLISHED DEDUCTIBLE IS NOT LIABLE FOR AND THE UNITED STATES SECRETARY OF THE TREASURY IS NOT AUTHORIZED TO PAY ANY PORTION OF SUCH LOSSES EXCEEDING THE CAP ON ANNUAL LIABILITY OF $100,000,000,000.

Premium on renewal of your coverage may be charged for you to maintain coverage for losses arising out of acts of terrorism. In that event you will be informed of such charges to the extent required by federal or state law.

| Company Name | Policy Number |
| --- | --- |
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | |
| | by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/18/2013 09:57 9FC9A531-442D-408E-B584-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**Berkshire Hathaway Homestate Insurance Company**

A STOCK COMPANY

# COMMERCIAL POLICY

## Report **ALL** Accidents To:

# 1-800-356-5750

**24 Hour**       **Toll Free**

---

**IMPORTANT NOTICE
TO AUTOMOBILE POLICYHOLDERS**

If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in termination of your policy.

---

THESE POLICY PROVISIONS WITH THE DECLARATIONS PAGE, COVERAGE FORM AND ENDORSEMENTS, IF ANY, COMPLETE THIS POLICY. THIS POLICY IS A LEGAL CONTRACT BETWEEN THE POLICY OWNER AND THE COMPANY.

**READ YOUR POLICY CAREFULLY**

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# *Oak River Insurance Company*

A member of the Berkshire Hathaway group of insurance companies

March 15, 2013

CERTIFIED MAIL – RETURN RECEIPT
REGULAR U.S. MAIL

**OK to send**
**TMortland 3/15/13**

GALLAS AND SCHULTZ
ALAN B. GALLAS, ATTORNEY
9140 WARD PARKWAY
SUITE 200
KANSAS CITY, MO 64114

MILLER INVESTMENT GROUP INC
DBA  AUTO NOW
2917 W. 113TH ST
LEAWOOD, KS  66211

Re:  Claim Number:    50 24 245373
     Policy Number:   50 MOA100124
     Insured:         MILLER INVESTMENT GROUP INC
     Claimant:        QUENTON  SHELBY
     SUIT:            *MILLER INVESTMENT GROUP,  Plaintiff/Counterclaim-Defendant v.*
                      *QUENTON SHELBY,Defendant/Counterclaimant*

Dear Attorney Gallas and Miller Investment Group:

   Oak River Insurance Company ("Oak River") received notice of the above-referenced Counterclaim currently pending in the Sixteenth Judicial Circuit Court Jackson, MO, case no. 1216- CV24936, division 26.

   We previously sent Attorney Gallas correspondence dated 2/26/13, reserving our rights related to this Counterclaim at which time we advised we were investigating to determine if any policies issued to Miller Investment Group Inc. ("Miller Investment") would apply and if we would take over the defense of the Counterclaim brought by Shelby. For the reasons set forth below, Oak River disclaims any duty to defend or indemnify Miller Investment for any damages alleged in the Counterclaim.

Claim Operations ▪ P.O. Box 31361 ▪ Omaha, Nebraska 68131-0361 ▪ Telephone (402) 916-3800 ▪ Facsimile: (402) 916-3031
E-mail: Reports@nationalindemnity.com

**EXHIBIT**
**8**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Miller Investment d/b/a/ Auto Now Belton filed a Complaint against Quenton Shelby ("Shelby") which alleged as follows: Shelby executed a Retail Installment Contract and Security Agreement on September 30, 2010 (the "Shelby Contract"). Shelby failed to make an installment payment and failed to cure his default. Miller Investment obtained possession of the collateral and after reasonable notice to Shelby on April 9, 2012, it sold the collateral on April 19, 2012. Miller Investment sent Shelby a deficiency balance notice on May 1, 2012.

Shelby's Counterclaim states it is a consumer class action seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by Miller Investment with respect to the repossession of collateral. The Counterclaim alleges the Notice of Sale sent to Shelby failed to comply with the UCC several respects. The Counterclaim seeks statutory damages under the UCC; damages equal to any and all monies paid to Miller Investment by Shelby for time price differential, delinquency and collection charges; a preliminary and permanent injunction enjoining Miller Investment from engaging in the alleged practices; a mandatory injunction compelling Miller Investment to remove adverse credit information which may have been wrongfully reported on consumer reports of Shelby; and a declaration that the presale notice sent by Miller Investment fails to comport with the provisions of the UCC.

Oak River Insurance Company issued Garage Policy # MOA100192 to Miller Investment Group Inc. dba Auto Now effective 4/21/11 to 4/21/12 and renewal policy #MOA100192 effective from 4/21/12 to 4/21/13.[1]

Garage Coverage Form CA 0005 (03/06) contained in the Policies provides as follows:

SECTION II – LIABILITY COVERAGE

A. Coverage

1. "Garage Operations – Other Than Covered "Autos""

a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance, or use of covered "autos".

We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

The Policies contains the following definitions:

Section VI – DEFINITIONS

A. "Accident" includes continuous and repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

C. "Insured Contract" means:

---

[1] Oak River also issued Policy #KSA100112 effective 4/21/11 to 4/21/12 and renewal policy KSA100112 effective 4/21/12 to 4/21/13 to Miller Investment Group dba Auto Now. The KSA100112 policies exclude coverage for the Used Car Dealership operations located at Belton, Missouri.

1. A lease of premises;
2. A sidetrack agreement;
3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;
6. An elevator maintenance agreement; or
7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
   a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or
   b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.
2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.
3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.
4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.
5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

M. "Property Damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:

1. damages because of "bodily injury" or "property damage" or
2. A "covered pollution cost or expense",

   to which this insurance applies are claimed.

   "Suit" includes:

   a. An arbitration proceeding in which such damages or "covered pollution cost or expense" are claimed and to which the "insured" must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution cost or expense"are claimed and to which the insured submits with our consent.

The Policies also contain the following exclusions:

B.  Exclusions

This insurance does not apply to any of the following:

1.  Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

2.  Contractual

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:
   a.  Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or
   b.  That the "insured" would have in the absence of the contract or agreement.

6.  Care, Custody or Control

"Property damage" to or "covered pollution cost or expense involving:

   c.  Property held for sale or being transported by the "insured"; or

   d.  Property in the insured's care, custody or control.

14.  Loss of Use

Loss of use of other property not physically damaged if caused by:

   a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   b. A defect, deficiency, inadequacy or dangerous condition in your "products" or work you performed". But this exclusion, 14b., does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

The Counterclaim is seeking damages based on Shelby's Contract with Miller Investment for the purchase of a 2003 Mercury Mountaineer. The damages do not arise out of an "accident", therefore there is no coverage under the Policies. In addition, the damages alleged in the Counterclaim do not come within the definition of "bodily injury" or "property damage" as defined in the Policies, therefore there is no coverage under the Policies. In addition, a request for an injunction does not qualify as a "suit".

The Policies also include several exclusions that apply to preclude coverage for the allegations contained in the Counterclaim. To the extent that any alleged damages were expected or intended by Miller Investment, there is no coverage under Policies. Damages for

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

liability assumed under a contract are excluded. Also, to the extent that any of Shelby's alleged damages occurred while the vehicle was in Miller's care, custody or control, or being held for sale, there is no coverage under the Policies. Also, damages for loss of use are excluded if caused by Miller Investment's failure to perform a contract in accordance with its terms.

For the reasons set forth above, Oak River will not defend or indemnify Miller Investment for the allegations contained in Shelby's Counterclaim. Our position is based on the information we have received to date. If you know or learn of information not already provided to us, contact us immediately. Should additional suit papers be filed against Miller Investment, we ask you forward them to us to review. We will review all new information to assure Oak River fully performs its obligations under the Policies and applicable law.

Reference to specific provisions of the Policies are not a waiver of our rights under any other provision of the Policies. No further action by will constitute or in any way is intended to waive or modify any of Oak River's rights under the Policies or applicable law, or to admit any fact, principle or obligation under the Policies. Oak River may at any time assert any of these additional rights or defenses.

Please call me at 402-916-3485 if you have any questions regarding this Counterclaim.

Sincerely,


Jim Hercinger
Claim Operations

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**SIXTEENTH JUDICIAL CIRCUIT COURT
JACKSON COUNTY, MISSOURI**

FILED
DIVISION 10
04-Mar-2016  10:54
CIRCUIT COURT OF JACKSON COUNTY, MO
BY  *Emily Kissee*

MILLER INVESTMENT GROUP,

    Counterclaim-Defendant,

v.

QUENTON SHELBY,

    Counterclaimant.

Case No. 1216-CV24936
Division: 8

### Final Approval Order

Upon careful review and consideration of the record, the Parties' Settlement Agreement and Release dated December 18, 2015 (the "Agreement"), the evidence and arguments of counsel as presented at the Fairness Hearing held on March 4, 2016, the memoranda filed with this Court, and all other filings for the parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Incorporation of Other Documents**. This Order incorporates and makes the following a part of this Order:

    a.    The Agreement, filed with this Court about December 22, 2015; and

    b.    The following exhibits to the Agreement: (i) Schedule A (Proposed Distribution Schedule of "Net Distributable Settlement Fund," filed under seal); (ii) Exhibit A (Class Mail Notices); (iii) Exhibit B (Long-Form notice available to the Settlement Class); (iv) Exhibit C (list of members of the Settlement Class, filed under seal).

Unless otherwise provided, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

**EXHIBIT
9**

2.     **Jurisdiction**.  Because adequate notice was disseminated and all potential members of the Settlement Class (as defined below) were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Settlement Class.  The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to enter the accompanying Final Judgment.

3.     **Final Class Certification**.   The Settlement Class, which this Court previously certified preliminarily, is finally certified under Missouri Rules of Civil Procedure 52.08, the Court finding that the Settlement Class fully satisfies all of the requirements of Missouri Rules of Civil Procedure 52.08 and due process.  The Settlement Class is defined:

> All persons: (a) who are named as borrowers or buyers on a loan or financing agreement with MIG or assigned to MIG; (b) whose loan or financing agreement was secured by collateral; (c) whose collateral was repossessed or voluntarily surrendered; and (d) whose collateral was disposed of from January 10, 2008, to April 21, 2015.

> **A. Numerosity**. Pursuant to Rule 52.08(a)(1), the Court finds sufficient evidence that the number of persons in the Settlement Class is so numerous that joinder of all members is impracticable. A party "does not have to specify an exact number of class members to satisfy the numerosity prerequisite for class certification, but must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of purported class

members." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 167 (Mo. App. 2006). As few as 40 class members should presumptively satisfy this requirement. *Id.* at 168; Alba Conte & Herbert Newberg, 1 Newberg on Class Actions section 3:5, at 1 (4th ed.2002). The parties estimate there are at least 2,350 class members, which satisfies the numerosity requirement of Rule 52.08(a).

B. **Commonality/Predominance**. Pursuant to Rule 52.08(a)(2) and (b)(3), the Court finds there are questions of law and fact common to all Members of the Settlement Class and that those common questions predominate over any questions affecting individual members of the Settlement Class. "A single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions." *Meyer ex rel. Coplin v. Fluor Corp.,* 220 S.W.3d 712, 716 (Mo. banc 2007). The overriding common issue in this litigation is whether the right to cure, presale and post-sale notices sent by MIG complied with Chapter 408 of the Missouri Revised Statutes and the Uniform Commercial Code. Individual issues, if any, regarding choice-of-law, damages, or affirmative defenses such as the statute of limitations, res judicata, collateral estoppel or bankruptcy do not defeat the predominance of the common issues. *Craft v. Philip Morris Cos.,* 190 S.W.3d 368, 383 (Mo. App. 2005) ("The predominance of the common issues is not defeated simply because individual questions may remain after the common issues are resolved, such as questions of damages or individual defenses.").

C. **Typicality**. Pursuant to Rule 52.08(a)(3), the Court finds the claims of the

3

named Class Representative are typical of the claims of the members of the Settlement Class. "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *Hale v. Wal-Mart Stores, Inc.,* 231 S.W.3d 215, 223 (Mo. App. 2007). Shelby and each Class members' claims arise from the same conduct: MIG's and its agents' failure to send the statutorily required notices in violation of Chapter 408 and the UCC. Chapter 408 and the UCC give each class member the same remedy for these violations.

D. **Adequacy**. Pursuant to Rule 52.08(a)(4), the Court finds Counterclaimant Quenton Shelby is a member of the class he seeks to represent. There are no apparent conflicts of interest between Counterclaimant Quenton Shelby and the Settlement Class, or among the members of the Settlement Class, and Shelby and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class. The Court notes Counterclaimant has vigorously pursued this litigation through qualified counsel and has a sufficient understanding of his role as class representative. The Court notes the complexity of this matter as a class action and finds Class Counsel have conferred and will continue to confer substantial benefits on the Settlement Class valued at approximately $12,930,000 by obtaining preliminary approval, monitoring and ensuring compliance with the terms of the Settlement Agreement, obtaining final approval and assisting with administration of the Settlement Agreement.

E. **Superiority**. Pursuant to Rule 52.08(b)(3), the Court finds that the class action

procedure is superior to other available methods for the fair and efficient adjudication of this litigation. First, economic realities make it virtually impossible for individual Class Members to prosecute individual claims against MIG. The majority of Class members' individual stakes are relatively small when compared to MIG's incentive to exhaustively litigate each individual claim. Most Class members whose life circumstances prevented them from making payments on their loans could not retain an attorney, on an hourly basis, for this type of representation. And for those that could afford it, they are likely unaware of their rights, and the UCC, having been violated. The alternative to a class action is not thousands of individual lawsuits, but zero individual suits. The class action procedure is not only superior to individual actions, it is likely the only viable alternative for Class members to seek relief. *Whitney v. Alltel Communications, Inc.*, 173 S.W.3d 300, 309 (Mo. App. 2005). These considerations weigh heavily in favor of class certification. Second, there is no evidence any other member of the Class has commenced litigation of this type against MIG. Third, concentrating separate actions based on the same underlying conduct in one action promotes judicial economy and efficiency and consistency of judgments. Forcing many Class members to bring individualized suits would unnecessarily burden judicial resources and would create the risk of multiple inconsistent results for similarly situated parties. MIG's conduct of business in this forum also weighs in favors of superiority. Finally, the parties can devise solutions to address any manageability issues and ensure adjudication is both fair and efficient.

4.     **Class Notice**.  The Court finds the Class Mail Notices (both the short form and long form notice available on the website or upon request) and its distribution to the Settlement Class as implemented under the Agreement and the Preliminary Approval Order:

a.     Constituted the best practicable notice to the members of the Settlement Class under the circumstances of this Litigation;

b.     Constituted notice reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of (i) the pendency of this Litigation and the proposed Settlement, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to: final certification of the Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of Shelby's and/or Class Counsel's representation of the Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive award), (iv) their right to appear at the Fairness Hearing if they did not exclude themselves from the Settlement Class, and (v) the binding effect of the Orders and Judgment in the Litigation on all members of the Settlement Class who did not request exclusion;

c.     Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

d.     Constituted notice that fully satisfied the Missouri Rules of Civil Procedure 52.08, due process, and any other applicable law.

6

5.     **Final Settlement Approval**.  The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith through arm's length negotiations, and not as the result of fraud or collusion. The Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all requirements of the laws of Missouri, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Parties are directed to implement and consummate the Agreement according to its terms and provisions.

6.     **Damages**. MIG Agreed not to contest a judgment being entered against it in an amount to be determined by the Court. The Court determines the Settlement Class has compensatory damages of $ 19,001,795.17 resulting from MIG's negligent conduct in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code as part of operations necessary or incidental to MIG's garage business. MIG did not intend to violate Chapter 408 or the UCC and did not intend injury to the class because it believed its notices were accurate, lawful and contained no misrepresentations. However, the negligent misrepresentations in the notices were the proximate cause of the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold. *Mancuso v. Long Beach Acceptance Corp.,* 254 S.W.3d 88, 92 (Mo. App. 2008) (purpose of notice is to allow consumer to reclaim collateral). The negligent misrepresentations in the notices were also the proximate cause of the loss of use of the: (a) Class member's surplus funds owed them after the sale of the collateral; and (b) the money each Class member paid, which was barred by statute and common law.

7

7.     **Assignment of Claims**. MIG assigns to the Settlement Class (represented by Shelby and his attorneys) all of its rights under all insurance policies in effect from January 10, 2008, to April 21, 2015, from which Shelby and the Settlement Class will seek to recover. Shelby and his attorneys may pursue an action against MIG's insurers and attempt to recover against any effective insurance policies. Any recovery from the insurers will add to the benefits made available to the Settlement Class under the Agreement, and the Settlement Class Members who submitted valid claims for payment will receive the funds remaining from any recovery from the insurers after attorney's fees and costs are deducted.

8.     **Binding Effect**.  The Agreement, this Order and the accompanying Final Judgment shall be forever binding on Shelby, all of the Settlement Class Members, and their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them.  The Agreement, this Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

9.     **Releases**.  The Settlement Class Members (*i.e.*, those members of the Settlement Class who did not timely opt out) shall be bound by the Release provided in Paragraph 6 of the Agreement, which is incorporated in this Order, regardless of whether such persons received any compensation under the Agreement or Settlement.  The Releases are effective as of the date of this Final Approval Order and the accompanying Final Judgment. The Court expressly adopts all defined terms in the Agreement.

10.     **Enforcement of Settlement.**  Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

11.     **Additional Payment to Shelby.**  The Court awards $5,000 to be paid from the Cash Fund to Shelby as an incentive award for his services as class representative in this Litigation.

12.     **Attorney's Fees and Expenses.**  Class Counsel are awarded $10,000 from the Cash Fund representing an allocated share of expenses and court costs Class Counsel has incurred and advanced for the Litigation and Settlement, which shall be deducted from the Cash Fund as defined in the Agreement.  In addition, the Court awards Class Counsel attorney's fees of $320,000, representing less than three percent of the "Gross Settlement Fund" as defined in the Agreement, which award is to be deducted from the Cash Fund. The Court finds and concludes each of the above awards to Class Counsel for work and services for the Litigation and Settlement is reasonable, and regarding this finding, specifically finds:

a.  The undersigned is acquainted with all the issues involved and the work performed by Class Counsel.

b.  By obtaining preliminary and final approval of the Settlement Agreement, Class Counsel and Shelby achieved exceptional results on behalf of the Settlement Class with the total monetary benefit conferred on the Settlement Class valued at over $12,930,000. Additional non-quantifiable relief over the calculable monetary amounts was also obtained for the Settlement

Class, which included the deletion of negative credit reporting/trade lines from the Settlement Class Members' credit reports.

c.  The issues involved were novel and complex and justify the fee award.

d.  The demands of the settlement approval process and class administration forced Class Counsel to dedicate considerable resources to this lawsuit.

e.  Class Counsel are experienced and highly skilled class action and consumer litigators with a reputation justifying the fee award.

f.  The fee award is less than that granted in similar cases involving complex litigation or in the class action context.

g.  The Agreement and Long-Form Notice informed the Settlement Class that Class Counsel would apply for fee awards in the amounts requested. No member of the Settlement Class has objected to such awards or the Settlement.

13.  **No Other Payments**.  The preceding paragraphs of this Final Approval Order preclude, without limitation, all claims for attorney's fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Shelby or the Settlement Class, or incurred by Shelby or the Settlement Class Members, or any of them, in connection with or related in any manner to this Litigation, the Settlement of this Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Final Approval Order or the Agreement.

14.  **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without affecting the finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly

retains jurisdiction on all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by law, including, without limitation:

      a.     enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the Settlement Class or a Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

      b.     entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund, including presiding over any garnishment actions; and

      c.     entering any other necessary Orders to protect and effectuate this Court's retention of continuing jurisdiction.

15.    **Separate Judgment.**  The Court will separately enter the accompanying Final Judgment.

IT IS SO ORDERED

Date: 03-04-2016

PATRICK W. CAMPBELL, JUDGE
SIXTEENTH JUDICIAL CIRCUIT

11

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the above and foregoing were
mailed/emailed/faxed on this 4th day of March, 2016 to:

JESSE BARRETT ROCHMAN, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119

MARTIN L DAESCH, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119

RICHARD NELSON BIEN, 2345 GRAND, SUITE 2800, KANSAS CITY, MO 64108-2663

ROBERT KENT SELLERS, 2345 GRAND BLVD., 25TH FLR, KANSAS CITY, MO 64108

DANNY RAY NELSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806

JOSEPH LEROY JOHNSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806

_Emily Kissee_
_____
Law Clerk or JAA, Division 10

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**SIXTEENTH JUDICIAL CIRCUIT COURT**
**JACKSON COUNTY, MISSOURI**

MILLER INVESTMENT GROUP,

      Counterclaim-Defendant,

v.

QUENTON SHELBY,

      Counterclaimant.

Case No. 1216-CV24936
Division: 8

---

**FILED**
**DIVISION 10**
**04-Mar-2016  15:20**
CIRCUIT COURT OF JACKSON COUNTY, MO
BY  *Emily Kissee*

---

**Final Judgment**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.    The settlement of the claims of the Settlement Class on the terms in the parties' Settlement Agreement and Release ("Agreement"), dated December 18, 2015, is approved, and the following settlement class is granted final certification under Missouri Rules of Civil Procedure 58.02 ( "Settlement Class"):

All persons who:

    (1)    who are named as borrowers or buyers on a consumer loan or financing agreement entered into with or that was assigned to Miller Investment Group, Inc. ("MIG");

    (2)    whose loan or financing agreement was secured by collateral;

    (3)    whose collateral was repossessed or voluntarily surrendered; and

    (4)    whose collateral was disposed of from January 10, 2008 to April 21, 2015.

    2.    Individual notice complying with Missouri Rules of Civil Procedure 52.08 was sent to the last-known address of each member of the Settlement Class as identified on Exhibit C to the Agreement. The Court finds all members of the Settlement Class in

**EXHIBIT**
**10**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Exhibit C to the Settlement Agremeent to be members of the Settlement Class and are bound by this Final Judgment.

3.　　Counterclaimant Shelby and all members of the Settlement Class who did not timely exclude themselves from the Settlement Class shall be bound by this Judgment and the Agreement.

4.　　The settlement is reasonable because, among other reasons, it is what a reasonably prudent person in MIG's position would have settled for on the merits of Counterclaimant's claims. MIG's decision to settle was made in good-faith, and not the product of collusion or fraud.

5.　　The Court enters judgement against MIG and in favor of Counterclaimant Shelby, individually and as representative for the certified class, for $ 19,001,795.17 Post-judgment interest shall accrue on the judgment balance at nine percent per annum until satisfaction. Only $450,000 of this judgment may be satisfied from MIG's assets for its obligations required under the Agreement and any remaining amount may only be satisfied from MIG's insurance policies in effect during the class period. Other than the $450,000, the judgment may not be satisfied from attaching or otherwise acquiring other assets of MIG or MIG's officers, directors or shareholders. The Settlement Class's agreement not to pursue over $450,000 from MIG shall not serve as a general release against MIG or of the right to enforce the Judgment against MIG's insurers. Nor shall the release contained in the Agreement or Final Approval Order be construed in any manner that precludes recovery from MIG's insurers. Notwithstanding the foregoing, pursuant to the terms of the Settlement Agreement and Release, no member of the Settlement Class

may seek recovery of any kind against MIG and may only seek recovery from MIG's insurance policies in effect during the class period for the claims released.

6. The Court approves MIG's assignment to the Settlement Class of all its claims and rights against its insurers who issued policies in effect during the class period, including without limitation, any claims of bad faith failure to settle and breach of the duty to defend.

7. The Court will retain continuing jurisdiction over this Litigation for the purposes in the Approval Order and for implementing/enforcing this Judgment.

8. Unless otherwise provided, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

IT IS SO ORDERED

Date: 03-04-2016

PATRICK W. CAMPBELL, JUDGE
SIXTEENTH JUDICIAL CIRCUIT

**CERTIFICATE OF SERVICE:**
I hereby certify that copies of the above and foregoing were
mailed/emailed/faxed on this 4th day of March, 2016 to:
JESSE BARRETT ROCHMAN, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
MARTIN L DAESCH, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
RICHARD NELSON BIEN, 2345 GRAND, SUITE 2800, KANSAS CITY, MO 64108-2663
ROBERT KENT SELLERS, 2345 GRAND BLVD., 25TH FLR, KANSAS CITY, MO 64108
DANNY RAY NELSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806
JOSEPH LEROY JOHNSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806

Law Clerk or JAA, Division 10

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# THE HOMESTATE COMPANIES

## COMMERCIAL LINES POLICY
## COMMON POLICY DECLARATIONS

Policy Number: KSA100112

EXTRA COPY

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP, INC DBA AUTO NOW

2917 W. 113TH ST.
LEAWOOD, KS 66211

Agent: KF0347
MED JAMES, INC.
SHAWNEE MISSION, KS
PAT KAISER

Policy Period: From: 04/21/2010 To: 04/21/2011 at 12:01 A.M., Standard Time at your mailing address shown above.

Business Description: USED CAR DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part OAK RIVER INSURANCE COMPANY | $ 18,490 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium | $ 18,490 |

ATTENTION
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer To Forms Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

Countersignature Date      Authorized Representative

CD24 (0703)

COPY

EXHIBIT
1

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: KSA100112                    COMMERCIAL COMMON POLICY

FORM SCHEDULE                               EFFECTIVE DATE: 4/21/2010

                                            EXPIRATION DATE: 4/21/2011

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMON POLICY DECLARATIONS |
| ILM0006 KS | 05/02 | COMMON POLICY CONDITIONS |
| ILM0008 KS | 04/05 | EXCLUSION-CDIC, RFC,CYPRESS INSURANCE CO & BROOKWOOD INSURANCE CO. |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for the following reasons.

      (i) the policy was issued because of a material misrepresentation;

      (ii) any insured violated any of the material terms and conditions of the policy;

      (iii) unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

      (iv) a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law; or

      (v) a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTION AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

        BUSINESSOWNERS POLICY
        LIQUOR LIABILITY COVERAGE FORM
        GARAGE COVERAGE FORM
        BUSINESS AUTO COVERAGE FORM
        OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
        COMMERCIAL GENERAL LIABILITY COVERAGE FORM
        TRUCKERS COVERAGE FORM
        FARM LIABILITY COVERAGE FORM
        UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

   **c.**    Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

   **a.**    Any of the following, whether belonging to, or used or provided by, any insured or other person:

       **1.**    Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

       **2.**    Application software or programming for electronic, robotic, communication or computer devices;

       **3.**    Operating system or related software or programming for electronic, robotics, communication or computer devices;

       **4.**    Network of electronic, robotics, communications or computer devices;

       **5.**    Microprocessor or other computer chip not part of any computer system; or

       **6.**    Any other computerized, robotic, electronic or communications equipment or components.

   **b.**    Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05                                                           Page 2 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

*4-21 10   Ks*
*Ko 4-21-11   probably with out Appk* *4/21/10*
*4-21/11*

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**

**EFFECTIVE DATE** 04/21/2010

**NAMED INSURED** MILLER INVESTMENT GROUP, INC DBA AUTO N     **POLICY NO.** KSA100112

**FORM OF BUSINESS:**

☒ CORPORATION     ☐ INDIVIDUAL

☐ PARTNERSHIP     ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| LIABILITY | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $            Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $            Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $     1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $    100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE          EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $          MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | LIMIT OF LIABILITY $          DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE          EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE          Ded FOR EACH COVERED AUTO FOR LOSS SUBJECT TO $ SCHED          MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $          Ded. FOR EACH COVERED AUTO See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $          for each disablement of a private passenger "auto" | | | |
| | | PREMIUM FOR ENDORSEMENTS | | | |
| | | ESTIMATED TOTAL PREMIUM | | | INCL |

CAM 0001 02 98

COPY

Page 1 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us** **you** would have when this policy began.
**We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

CAM 0001 02 98

COPY

Page 2 of 2

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
| 002 | 7899 E FRONTAGE RD, OVERLAND PARK, KS 66204 |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | **TOTAL PREMIUMS \*** | | | | 8 | INCL | INCL | |

Number of Dealer Plates _____ 9 _____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

**NOTE: 1.** Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
**2.** Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

POLICY NUMBER: KSA100112                COMMERCIAL GARAGE

FORM SCHEDULE                           EFFECTIVE DATE: 4/21/2010

                                        EXPIRATION DATE: 4/21/2011

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|---|---|---|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 10/01 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2365 | 12/02 | EXCL OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2503 | 07/97 | FALSE PRETENSE COVERAGE |
| CA 2505 | 07/97 | GARAGE LOCATIONS & OPERATIONS-MEDICAL PAYMENT COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 01 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| 002 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

COPY

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interest in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | Rates | Premium |
|---|---|---|---|---|
| 001 | Comprehensive | $ 160,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |
| 002 | Comprehensive | $ 120,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | INCL |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |

| All | Collision | $ 160,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | |
|---|---|---|---|---|

| BLANKET ANNUAL COLLISION RATES | | | Adjustment Factor | Premium |
|---|---|---|---|---|
| First $50,000 | $50,001 to $100,000 | Over $100,000 | | |
| INCL | INCL | INCL | INCL | INCL |
| | | TOTAL PREMIUM | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$                Additional locations where you store covered "autos"
$                In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of Insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

CAM 0002 02 98

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**
**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION | | PURCHASED | | TERRITORY |
|---|---|---|---|---|---|
| | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where the Covered Auto will be principally garaged |
| | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION | | | | | | | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail o =commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor | | Secondary Rating Factor | Code |
| | | | | | Liab. | Phy. Dam. | | |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | |

COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
|---|---|---|---|---|---|---|---|
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | UNDERINSURED AND UNINSURED MOTORIST | | |
|---|---|---|---|
| | Limit | Premium | |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE |
| Total Premium | | | |

COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | | COLLISION | | TOWING & LABOR | |
|---|---|---|---|---|---|---|---|---|
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO | Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | |
| Total Premium | | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

## ITEM TEN

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

COPY

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # KSA100112                          AGENT: MED JAMES, INC.
MILLER INVESTMENT GROUP, INC DBA AUTO              # KF0347
2917 W. 113TH ST.
LEAWOOD, KS  66211

| Prems No. | Bldg No. | Street | | City | County | St | Zip |
|-----------|----------|--------|---|------|--------|-----|-----|
| 001 | 000 | 1404 SANTA FE | | OLATHE | | KS | 97030 |
| 002 | 000 | 7899 E FRONTAGE RD | | OVERLAND PARK | | KS | 97030 |

**COPY**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

    a. The **Workers' Compensation** Exclusion is replaced by the following:

    Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

    b. The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

    This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

    c. The **Care, Custody Or Control** Exclusion is replaced by the following:

    This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

    d. The following is added to the **War** Exclusion:

    This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

    e. The **Racing** Exclusion, if contained in the coverage form, does not apply.

    f. The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

    a. $25,000 for "bodily injury" to any one person caused by any one "accident".

    b. $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

    c. $10,000 for "property damage" caused by any one "accident".

    This provision will not change our limit of insurance.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

**a.** Knows to contain materially false information; or

**b.** Conceals, for the purposes of misleading, information

concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraiser and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**An appraisal decision will be binding.**

© ISO Properties, Inc., 2005    CA 01 22 05 06    □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 527 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

   **b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for non-payment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

   **c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

   **(1)** Nonpayment of premium.

   **(2)** Fraudulent misrepresentation in obtaining this policy.

   **(3)** The "insured" violates any terms or conditions of the policy.

**(4)** You or any other operator who either resides in the same household or customarily operates a covered "auto":

   **(a)** Has had his or her driver's license suspended or revoked during the policy period.

   **(b)** Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

   **(c)** Has been convicted during the policy period or 36 months before it, for:

   **(i)** Any felony, or

   **(ii)** Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

   **(iii)** Driving a motor vehicle while intoxicated or under the influence of drugs, or

   **(iv)** Leaving the scene of an "accident" without stopping to report, or

   **(v)** Theft of a motor vehicle, or

   **(vi)** Making false statements when applying for a driver's license, or

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 528 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(vii)** A third moving violation, committed within a period of 18 months of:

   **i.** Any regulation limiting the speed of motor vehicles, or

   **ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

   **iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

   **(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

   **(2)** When we cease to transact such business in this state.

   **(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

   **(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

   **(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

   **(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995
CA 02 65 02 96 ☐

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

    **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

    **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

    **c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

        **(1)** Nonpayment of premium.

        **(2)** This policy was issued because of material misrepresentation.

        **(3)** Any "insured" violated any of the material terms and conditions of this policy.

        **(4)** Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

        **(5)** A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

        **(6)** A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

    **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

    **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

    **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

    **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

    Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

    If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

    If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

POLICY NUMBER:

COMMERCIAL AUTO
CA 22 14 10 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

**SCHEDULE**

| Benefits | Limit |
|---|---|
| **A.** Medical Expenses | Up to $4,500 |
| **B.** Rehabilitation Expenses | Up to $4,500 |
| **C.** Work Loss | $900 per month maximum, up to 1 year maximum |
| **D.** Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| **E.** Funeral Expenses | Up to $2,000 per person |
| **F.** Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings", and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally,

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997
CA 22 14 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

      No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 533 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
|---|---|
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

5. **The Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

**PAYMENT OF BENEFITS**

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 534 of 1650

b. One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

c. With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

3. "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

4. "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

5. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

6. "Occupying" means in or upon or entering into or alighting from.

7. "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

 COMMERCIAL AUTOMOBILE COVERAGE PART
 COMMERCIAL GENERAL LIABILITY COVERAGE PART
 FARM COVERAGE PART
 LIQUOR LIABILITY COVERAGE PART
 OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
 POLLUTION LIABILITY COVERAGE PART
 PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
 PROFESSIONAL LIABILITY COVERAGE PART
 RAILROAD PROTECTIVE LIABILITY COVERAGE PART
 UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

 **A.** Under any Liability Coverage, to "bodily injury" or "property damage":

  **(1)** With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

  **(2)** Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

 **B.** Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

 **C.** Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

  **(1)** The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

  **(2)** The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

  **(3)** The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 536 of 1650

**2.** As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.    Item (6) is replaced by the following:

(6)    All interest on the lesser of:

(a)   the full amount of any judgment; or

(b)   the applicable limit of insurance

that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.    The following is added:

(7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

    (a)    you or any other person or organization qualifying as a Named Insured under this policy; or

    (b)    any business in which any Named Insured:

        (i)    has an interest in 25% or more of the outstanding voting stock or of the total stock; or

        (ii)    is a **Related Company**; or

        (iii)    is a partner; or

    (c)    any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

    (d)    any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

    (e)    the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Seven of the Non-Dealers' and Trailer Dealers' Supplementary Schedule or Item Nine of the Dealers' Supplementary Schedule for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Seven or Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

 © ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 541 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" And "Autos" Held For Sale By Non-Dealers Or Trailer Dealers (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Dealers' Supplementary Schedule or Item Nine of the Non-Dealers' and Trailer Dealers' Supplementary Schedule. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   **a.** We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   **a.** Breakdown;

   **b.** Repair;

   **c.** Servicing;

   **d.** "Loss"; or

   **e.** Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   **a.** We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "accident" occurs in the coverage territory;

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2000 CA 00 05 10 01 ☐

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 542 of 1650

**(3)** Prior to the policy period, no "insured" listed under **Who Is An Insured** and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under **Who Is An Insured** or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under **Who Is An Insured** or any "employee" authorized by you to give or receive notice of an "accident" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

**(1)** You for any covered "auto".

**(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(a)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(b)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(c)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is your "garage operations".

**(d)** Your customers, if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:

**(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

**(ii)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

**(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

**(1)** You.

**(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

**a. Supplementary Payments**

In addition to the Limit of Insurance, we will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

**(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 544 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

**(1)** Refusal to employ that person;

**(2)** Termination of that person's employment; or

**(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

**(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

**(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

**(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

  **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

  **(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

  **(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

  **(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

  **(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

  **(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

  **(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 546 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

b. A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

**17. Liquor Liability**

"Bodily injury" or "property damage" for which an "insured" may be held liable by reason of:

a. Causing or contributing to the intoxication of any person;

b. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

c. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you use the premises in part for the following purposes:

(1) Serving or furnishing alcoholic beverages for a charge whether or not such activity:

  (a) Requires a license; or

  (b) Is for the purpose of financial gain or livelihood; or

(2) Serving or furnishing alcoholic beverages without a charge, if a license is required for such activity.

**C. Limit Of Insurance**

**1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"**

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage;

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

**2. Limit Of Insurance – "Garage Operations" – Covered "Autos"**

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

**D. Deductible**

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

**SECTION III – GARAGEKEEPERS COVERAGE**

**A. Coverage**

**1.** We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

  **a. Comprehensive Coverage**

    From any cause except:

    **(1)** The "customer's auto's" collision with another object; or

    **(2)** The "customer's auto's" overturn.

  **b. Specified Causes Of Loss Coverage**

    Caused by:

    **(1)** Fire, lightning or explosion;

    **(2)** Theft; or

    **(3)** Mischief or vandalism.

  **c. Collision Coverage**

    Caused by:

    **(1)** The "customer's auto's" collision with another object; or

    **(2)** The "customer's auto's" overturn.

**2.** We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

  **a.** You.

  **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

**4. Coverage Extensions**

The following applies as Supplementary Payments. In addition to the Limit of Insurance, we will pay for the "insured";

  **a.** All expenses we incur.

© ISO Properties, Inc., 2000

CA 00 05 10 01

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 548 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

## B. Exclusions

**1.** This insurance does not apply to any of the following:

**a. Contractual Obligations**

Liability resulting from any agreement by which the "insured" accepts responsibility for "loss".

**b. Theft**

"Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

**c. Defective Parts**

Defective parts or materials.

**d. Faulty Work**

Faulty "work you performed".

**2.** We will not pay for "loss" to any of the following:

**a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

**b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

**c.** Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

## C. Limit Of Insurance And Deductible

**1.** Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by collision; and

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**3.** Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

## SECTION IV – PHYSICAL DAMAGE COVERAGE

### A. Coverage

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

**(1)** Fire, lightning or explosion;

**(2)** Theft;

**(3)** Windstorm, hail or earthquake;

**(4)** Flood;

**(5)** Mischief or vandalism; or

**(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

**c. Collision Coverage**

Caused by:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**2. Towing – Non-Dealers Only**

If your business is shown in the Declarations as something other than an "auto" dealership, we will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

**3. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

**4. Coverage Extension**

**a. Transportation Expenses**

If your business is shown in the Declarations as something other than an "auto" dealership, we will pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

**b. Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**(1)** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**(2)** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**(3)** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

© ISO Properties, Inc., 2000 **CA 00 05 10 01** ☐

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

**(1)** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

**(2)** An integral part of the same unit housing any sound reproducing equipment described in **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** If your business is shown in the Declarations as an "auto" dealership, we will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown;

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** For those businesses shown in the Declarations as "auto" dealerships, the following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Auto Dealers Supplementary Schedule for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Auto Dealers Supplementary Schedule for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Auto Dealers Supplementary Schedule for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1. "Auto" Dealers Only Special Deductible Provisions**

If your business is shown in the Declarations as an "auto" dealership:

**a.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**(1)** Theft or mischief or vandalism; or

**(2)** All perils.

**b.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**(1)** Theft or mischief or vandalism; or

**(2)** All perils.

**2. Non-Dealers Only Special Deductible Provisions**

If your business is shown in the Declarations as something other than an "auto" dealership, the Comprehensive Coverage deductible does not apply to "loss" caused by fire or lightning.

**SECTION V – GARAGE CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

© ISO Properties, Inc., 2000

CA 00 05 10 01 □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

    **(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

    **(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

    **(1)** Excess while it is connected to a motor vehicle you do not own.

    **(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement; or

**2.** Any claim or "suit" by or on behalf of a governmental authority demanding

that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 554 of 1650

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section **I** of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement;

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

---

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**N.** "Products" includes:

**a.** The goods or products you made or sold in a garage business; and

**b.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

**1.** Damages because of "bodily injury" or "property damage"; or

**2.** A "covered pollution cost or expense",

to which this insurance applies, are claimed.

"Suit" includes:

**a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

**a.** Work that someone performed on your behalf; and

**b.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 556 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

COMMERCIAL AUTO
CA 21 37 01 05

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | |
| | (Authorized Representative) |

## SCHEDULE

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

      **(1)** Have been given prompt written notice of such tentative settlement; and

      **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   **a.** The Named Insured and any "family members".

CA 21 37 01 05 © ISO Properties, Inc., 2004 Page 1 of 4 □

b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

1. Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

a. $25,000 for "bodily injury" to any one person caused by any one "accident", and

b. $50,000 for "bodily injury" to two or more persons caused by any one "accident".

This provision will not change our total limit of liability.

2. The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a.**, **c.** and **d.** of that definition.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

4. Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

a. The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

b. If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

a. Promptly notify the police if a hit-and-run driver is involved, and

© ISO Properties, Inc., 2004

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

  **(1)** Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

  **(2)** Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a., c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

  **(1)** Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

  **(2)** Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

  **(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

  **(2)** We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 559 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004 **CA 21 37 01 05** ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
SINGLE INTEREST AUTOMOBILE PHYSICAL DAMAGE INSURANCE POLICY
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

Any "bodily injury", "property damage", "personal injury", "personal and advertising injury", "loss", loss of use, rental reimbursement after "loss" or "covered pollution cost or expense", as may be defined in any applicable Coverage Form or endorsement, arising directly or indirectly out of "a certified act of terrorism".

However, with respect to Liability and Personal Injury Protection Coverage, if applicable, this exclusion applies only to the extent that the limit of such coverage exceeds the state compulsory or financial responsibility law minimum limits for each coverage.

With respect to Uninsured and/or Underinsured Motorists Coverage, if applicable, this exclusion applies only to the extent that the limit of such coverage exceeds the minimum statutory permitted limits for Uninsured and/or Underinsured Motorists Coverage. Those limits are equal to the minimum limit permitted for Liability Coverage.

**B.** The following definition is added:

**1.** "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act of 2002. The federal Terrorism Risk Insurance Act of 2002 sets forth the following criteria for a "certified act of terrorism":

**a.** The act resulted in aggregate losses in excess of $5 million; and

**b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

**C. Application Of Other Exclusions**

The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for any loss which would otherwise be excluded under this Coverage Form, such as losses excluded by a Nuclear Hazard Exclusion or a War Or Military Action Exclusion.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 561 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**COMMERCIAL AUTO**
**CA 25 02 12 93**

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

  GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 562 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:  COMMERCIAL AUTO
CA 25 03 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FALSE PRETENSE COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: 4/21/10 | Countersigned By: |
|---|---|
| Named Insured: MILLER INVESTMENT GROUP INC | (Authorized Representative) |

## SCHEDULE

| Limit of Insurance – $25,000 unless another limit is shown below or in the Declarations. | | | |
|---|---|---|---|
| $ 25,000          limit of insurance. | | | |
| **Named Location No. From Item Three Of The Dealer's Supplementary Schedule** | **Total Inventory Value For Each Named Location** | **Rate** | **Premium** |
| 1 | $ 160,000 | $ INCL | $ INCL |
| 2 | $ 120,000 | $ INCL | $ INCL |
| 3 | $ | $ | $ |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Covered Autos** is changed by adding the following:

Any "auto" you have acquired is a covered "auto" under False Pretense Coverage.

**B. Physical Damage Coverage** is changed as follows:

1. The following is added:

We will pay for "loss" to a covered "auto" under:

False Pretense Coverage caused by:

a. Someone causing you to voluntarily part with the covered "auto" by trick, scheme or under false pretenses.

b. Your acquiring an "auto" from a seller who did not have legal title.

2. **Exclusions** is changed as follows:

a. The False Pretense Exclusion does not apply.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 563 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** The following exclusion is added:

**(1)** The insurance under Paragraph **B.1.a.** of this endorsement does not apply unless:

**(a)** You had legal title to, or consignment papers for, the covered "auto" prior to "loss"; and

**(b)** You make every effort to recover the covered "auto" when it is located.

**(2)** False Pretense Coverage does not apply to a loss in which for any reason a bank or any other drawee fails to pay.

**3. Limits Of Insurance** is changed as follows:

**a.** The provisions applicable to "auto" dealers apply to False Pretense Coverage.

**b.** Under False Pretense Coverage, the Limit of Insurance shown in the Schedule or Declarations is the most we will pay for all "loss" caused by any one person within any one year of the policy period.

**4.** The **Deductible** provision is changed by adding the following:

From our obligation under False Pretense Coverage, we will deduct the actual value of any property delivered to you in full or partial payment for title to or possession of a covered "auto".

**C.** The following is added to the **Duties In The Event Of Accident, Claim, Suit Or Loss** Garage Condition:

You, or someone on your behalf, must take all reasonable steps to cause a warrant to be issued, as soon as practicable, for the arrest of anyone causing a "loss" defined within the False Pretense Coverage. Failure to cause such warrant to be issued as required by this Condition shall not invalidate any claim made by you, if it is shown that reasonable efforts were made.

Copyright, Insurance Services Office, Inc., 1996
CA 25 03 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 25 05 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

**1.** The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

**2.** All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

**1.** "Bodily injury" resulting from the maintenance or use of any "auto".

**2.** "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

**3.** "Bodily injury" caused by declared or undeclared war or insurrection or any of their consequences.

**4.** "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 565 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective<br>4/21/10 | Policy No.<br>KSA100112 |
|---|---|
| Named Insured<br>MILLER INVESTMENT GROUP INC | Countersigned by |

(Authorized Representative)

**SCHEDULE**

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

<div style="writing-mode: vertical">Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM</div>

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

  **a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

  **b.** Any loss, cost or expense arising out of any:

    **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

    **(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 567 of 1650

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**HERITAGE PROPERTIES INC**
**9200 PARK BLVD 201**
**SEMINOLE, FL 33777**

With respect to SECTION II -- LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above.  The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.  "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations. This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto. "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.    DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.    AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)    The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)    Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

    1.    An unlicensed driver;

    2.    Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

1. The cost of replacing the damaged property with other property of like kind and quality;
2. The cost of repairing the damaged property by conventional means of body work;
3. The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Description of Excluded Operations:**

**USED CAR DEALERSHIP**

**Specified Location (If applicable):**

**INDEPENDENCE LOCATION**
**BELTON LOCATION**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$    1000                    each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.     LIMIT OF INSURANCE AND DEDUCTIBLE

     1.     Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## BERKSHIRE HATHAWAY HOMESTATE COMPANIES
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

KSA100112

MILLER INVESTMENT GROUP, INC. DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Cypress Insurance Company
Oak River Insurance Company

President
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Redwood Fire and Casualty Insurance Company

Secretary

**EXHIBIT**

**2**

ILM 0314 08 10

ILM 0006 KS 05 02

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

**A. CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for the following reasons.

      (i) the policy was issued because of a material misrepresentation;

      (ii) any insured violated any of the material terms and conditions of the policy;

      (iii) unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

      (iv) a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law; or

      (v) a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

**B. CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C. EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. INSPECTION AND SURVEYS**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E. PREMIUMS**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

**F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

ILM 0006 KS 05 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 580 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

        BUSINESSOWNERS POLICY
        LIQUOR LIABILITY COVERAGE FORM
        GARAGE COVERAGE FORM
        BUSINESS AUTO COVERAGE FORM
        OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
        COMMERCIAL GENERAL LIABILITY COVERAGE FORM
        TRUCKERS COVERAGE FORM
        FARM LIABILITY COVERAGE FORM
        UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95


Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1.  "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2.  Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3.  Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4.  Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5.  Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6.  Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a.  Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b.  Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05

Page 1 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c.   Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

a.   Any of the following, whether belonging to, or used or provided by, any insured or other person:

    1.   Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

    2.   Application software or programming for electronic, robotic, communication or computer devices;

    3.   Operating system or related software or programming for electronic, robotics, communication or computer devices;

    4.   Network of electronic, robotics, communications or computer devices;

    5.   Microprocessor or other computer chip not part of any computer system; or

    6.   Any other computerized, robotic, electronic or communications equipment or components.

b.   Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**                                                           **EFFECTIVE DATE** 04/21/2011

**NAMED INSURED** MILLER INVESTMENT GROUP, INC DBA AUTO N    **POLICY NO.** KSA100112

**FORM OF BUSINESS:**

☒ CORPORATION                                               ☐ INDIVIDUAL

☐ PARTNERSHIP                                               ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| LIABILITY | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 26 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO AS SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT) | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | PREMIUM FOR ENDORSEMENTS | | | |
| | | ESTIMATED TOTAL PREMIUM | | | INCL |

CAM 0001 02 98                                          COPY                          Page 1 of 2

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
**We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 585 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: KSA100112                          COMMERCIAL GARAGE

FORM SCHEDULE                                     EFFECTIVE DATE: 4/21/2011

                                                  EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|---|---|---|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CA 9903 | 03/06 | AUTO MEDICAL PAYMENTS COVERAGE |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 01 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
| | |
| | |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | **TOTAL PREMIUMS *** | | | | 4 | INCL | INCL | |

Number of Dealer Plates _____7_____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

NOTE: 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

COPY

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | Rates | Premium |
|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |

| All | Collision | $ 180,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | |
|---|---|---|---|---|

| | | BLANKET ANNUAL COLLISION RATES | | | | |
|---|---|---|---|---|---|---|
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
| | | INCL | INCL | INCL | INCL | INCL |

| | TOTAL PREMIUM | INCL |
|---|---|---|

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$ Additional locations where you store covered "autos"
$ 10,000 In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

COPY

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**

**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| | DESCRIPTION | PURCHASED | | TERRITORY |
|---|---|---|---|---|
| Covered Auto No. | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where the Covered Auto will be principally garaged |
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | |

| | CLASSIFICATION | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Covered Auto No. | Radius of Operation | Business Use s = service r = retail o =commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Phy. Dam. | Secondary Rating Factor | Code | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
| | | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |

CAM 0002 02 98

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
|---|---|---|---|---|---|---|---|
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | UNDERINSURED AND UNINSURED MOTORIST | | |
|---|---|---|---|
| | Limit | Premium | |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE |
| Total Premium | | | |

COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
|---|---|---|---|---|---|---|---|
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

## ITEM TEN

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   **a.** The **Workers' Compensation** Exclusion is replaced by the following:

   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   **b.** The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

   This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   **c.** The **Care, Custody Or Control** Exclusion is replaced by the following:

   This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   **d.** The following is added to the **War** Exclusion:

   This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   **e.** The **Racing** Exclusion, if contained in the coverage form, does not apply.

   **f.** The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   **a.** $25,000 for "bodily injury" to any one person caused by any one "accident".

   **b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   **c.** $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 592 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or

   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005  **CA 01 22 05 06** □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 593 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

  **a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

  **b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for non-payment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

  **c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

    **(1)** Nonpayment of premium.

    **(2)** Fraudulent misrepresentation in obtaining this policy.

    **(3)** The "insured" violates any terms or conditions of the policy.

    **(4)** You or any other operator who either resides in the same household or customarily operates a covered "auto":

      **(a)** Has had his or her driver's license suspended or revoked during the policy period.

      **(b)** Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

      **(c)** Has been convicted during the policy period or 36 months before it, for:

        **(i)** Any felony, or

        **(ii)** Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

        **(iii)** Driving a motor vehicle while intoxicated or under the influence of drugs, or

        **(iv)** Leaving the scene of an "accident" without stopping to report, or

        **(v)** Theft of a motor vehicle, or

        **(vi)** Making false statements when applying for a driver's license, or

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 594 of 1650

**(vii)** A third moving violation, committed within a period of 18 months of:

**i.** Any regulation limiting the speed of motor vehicles, or

**ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

**iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

**(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

**(2)** When we cease to transact such business in this state.

**(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

**(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

**(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

**(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

**CA 02 65 02 96**  ☐

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

    **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

    **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

    **c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

      **(1)** Nonpayment of premium.

      **(2)** This policy was issued because of material misrepresentation.

      **(3)** Any "insured" violated any of the material terms and conditions of this policy.

      **(4)** Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

      **(5)** A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

      **(6)** A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

    **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

    **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

    **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

    **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

    Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

    If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

    If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:                                               **COMMERCIAL AUTO**
                                                             **CA 22 14 10 97**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | |
| | (Authorized Representative) |

**SCHEDULE**

| Benefits | Limit |
|---|---|
| **A.** Medical Expenses | Up to $4,500 |
| **B.** Rehabilitation Expenses | Up to $4,500 |
| **C.** Work Loss | $900 per month maximum, up to 1 year maximum |
| **D.** Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| **E.** Funeral Expenses | Up to $2,000 per person |
| **F.** Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 597 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:
   a. Loss after an "insured's" death of his or her "monthly earnings", and
   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:
   a. Causes such "bodily injury" to him or herself intentionally,
   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,
   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or
   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997
**CA 22 14 10 97** ☐

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

      No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 599 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

5. The **Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

**PAYMENT OF BENEFITS**

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 600 of 1650

**b.** One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

**c.** With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

**3.** "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

**4.** "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

**5.** "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

**6.** "Occupying" means in or upon or entering into or alighting from.

**7.** "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

IL 00 21 07 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
## (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

IL 00 21 07 02      © ISO Properties, Inc., 2001      Page 1 of 2    ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2.** As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 603 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM.
    GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

    A.    Item (6) is replaced by the following:

        (6)    All interest on the lesser of:

            (a)  the full amount of any judgment; or

            (b)  the applicable limit of insurance

        that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

    B.    The following is added:

        (7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

**CAM 6076 11 04**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM.
COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
FARM COVERAGE FORM.
BUSINESSOWNERS COVERAGE FORM.
GARAGE COVERAGE FORM.
ERRORS & OMISSIONS COVERAGE FORM.
COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

(a) you or any other person or organization qualifying as a Named Insured under this policy; or

(b) any business in which any Named Insured:

   (i) has an interest in 25% or more of the outstanding voting stock or of the total stock; or

   (ii) is a **Related Company**; or

   (iii) is a partner; or

(c) any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

(d) any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

(e) the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 607 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   **a.** We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   **a.** Breakdown;

   **b.** Repair;

   **c.** Servicing;

   **d.** "Loss"; or

   **e.** Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   **a.** We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "accident" occurs in the coverage territory;

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005 **CA 00 05 03 06** ☐

**(3)** Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

**(1)** You for any covered "auto".

**(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(a)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(b)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(c)** Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(d)** Your customers. However, if a customer of yours:

**(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

**(ii)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

**(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

**(1)** You.

**(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

**(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

2. **Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

   **a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

   **b.** That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

   **a.** An "employee" of the "insured" arising out of and in the course of:

   **(1)** Employment by the "insured"; or

   **(2)** Performing the duties related to the conduct of the "insured's" business; or

   **b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

   **c.** A person arising out of any:

   **(1)** Refusal to employ that person;

   **(2)** Termination of that person's employment; or

   **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

   **d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

   **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

   **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

   **a.** Property owned, rented or occupied by the "insured";

   **b.** Property loaned to the "insured";

   **c.** Property held for sale or being transported by the "insured"; or

   **d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

8. **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

   **a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   **(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

   **(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 611 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

**(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

**(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005  **CA 00 05 03 06**  ☐

Case 4:17-cv-00224-DGK  Document 1-2  Filed 03/28/17  Page 612 of 1650

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

**SECTION III – GARAGEKEEPERS COVERAGE**

**A. Coverage**

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

**B. Exclusions**

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**C. Limits Of Insurance And Deductibles**

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

**SECTION IV – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. **Comprehensive Coverage**

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. **Specified Causes Of Loss Coverage**

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. **Collision Coverage**

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005 **CA 00 05 03 06**  □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**3. Coverage Extension – Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**a.** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**b.** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**c.** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

(1) The explosion of any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

---

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 617 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

3. **False Pretense**

   We will not pay for "loss" to a covered "auto" caused by or resulting from:

   a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

   b. Your acquiring an "auto" from a seller who did not have legal title.

4. We will not pay for:

   a. Your expected profit, including loss of market value or resale value.

   b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

   c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

   d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

6. **Other Exclusions**

   We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

   a. Wear and tear, freezing, mechanical or electrical breakdown; or

   b. Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

1. The most we will pay for "loss" to any one covered "auto" is the lesser of:

   a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

   b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

4. The following provisions also apply:

   a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

   b. **Quarterly Or Monthly Reporting Premium Basis**

      If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

      If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

   c. **Non-Reporting Premium Basis**

      If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

1. The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

   a. Theft or mischief or vandalism; or

   b. All perils.

2. Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

   a. Theft or mischief or vandalism; or

   b. All perils.

© ISO Properties, Inc., 2005 **CA 00 05 03 06** ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 618 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**SECTION V – GARAGE CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

1. **Appraisal For Physical Damage Loss**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

   The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   **a.** Pay its chosen appraiser; and

   **b.** Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   **a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

   **(1)** How, when and where the "accident" or "loss" occurred;

   **(2)** The "insured's" name and address; and

   **(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

   **b.** Additionally, you and any other involved "insured" must:

   **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

   **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

   **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

   **(4)** Authorize us to obtain medical records or other pertinent information.

   **(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

   **c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

   **(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

   **(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

   **(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

   **(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   **a.** There has been full compliance with all the terms of this Coverage Form; and

   **b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment – Physical Damage Coverages**

   At our option we may:

   **a.** Pay for, repair or replace damaged or stolen property;

   **b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

   **c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

   If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. **Transfer Of Rights Of Recovery Against Others To Us**

   If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 619 of 1650

**B. General Conditions**

**1. Bankruptcy**

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

**2. Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

**3. Liberalization**

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

**4. No Benefit To Bailee – Physical Damage Coverages**

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

**5. Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own.

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement; or

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

N. "Products" includes:

    **1.** The goods or products you made or sold in a garage business; and

    **2.** The providing of or failure to provide warnings or instructions.

O. "Property damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage"; or

    **2.** A "covered pollution cost or expense",

    to which this insurance applies, are claimed.

    "Suit" includes:

    **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

    **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

Q. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

R. "Trailer" includes semitrailer.

S. "Work you performed" includes:

    **1.** Work that someone performed on your behalf; and

    **2.** The providing of or failure to provide warnings or instructions.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective: | Countersigned By: |
| Named Insured: | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

      **(1)** Have been given prompt written notice of such tentative settlement; and

      **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   **a.** The Named Insured and any "family members".

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 624 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

    **b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    **c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

    **a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

    **b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

**1.** Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

## D. Limit Of Insurance

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

    **a.** $25,000 for "bodily injury" to any one person caused by any one "accident", and

    **b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident".

This provision will not change our total limit of liability.

**2.** The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a., c.** and **d.** of that definition.

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

**4.** Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

## E. Changes In Conditions

The conditions are changed for Uninsured Motorists Coverage as follows:

**1.** **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

    **a.** The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

    **b.** If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

**2.** **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

    **a.** Promptly notify the police if a hit-and-run driver is involved, and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 625 of 1650

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

    **(1)** Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

    **(2)** Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a., c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

    **(1)** Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

**(2)** Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

    **(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

    **(2)** We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

   However, "uninsured motor vehicle" does not include any vehicle:

   a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

   b. Owned by a governmental unit or agency.

   c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004            **CA 21 37 01 05**            □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 627 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS

# THIS FORM DISABLED – DO NOT INCLUDE IN POLICY

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 628 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 629 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 630 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective 04/21/2011 | Policy No. KSA100112 |
|---|---|
| Named Insured MILLER INVESTMENT GROUP INC | Countersigned by |

(Authorized Representative)

**SCHEDULE**

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

  **a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

  **b.** Any loss, cost or expense arising out of any:

    **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

    **(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 632 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 633 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**7.** "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**8.** "Bodily Injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

**D. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations.

No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

**1.** The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

**2.** The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance – Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

© ISO Properties, Inc., 2005

CA 99 03 03 06 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 634 of 1650

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**HERITAGE PROPERTIES INC
9200 PARK BLVD 201
SEMINOLE, FL 33777**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above.  The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED**

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**MIDWEST AUTO FINANCE**
**2917 W. 113TH ST.**
**LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3. "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations. This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto. "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured.  Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.     DEDUCTIBLES

      For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

      a.     AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

            If your business is stated in the declarations as an auto dealership:

            (1)     The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

            (2)     Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1.     An unlicensed driver;

2.     Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
## CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

1.  The cost of replacing the damaged property with other property of like kind and quality;
2.  The cost of repairing the damaged property by conventional means of body work;
3.  The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

    **USED CAR DEALERSHIP**


**Specified Location (If applicable):**

    **INDEPENDENCE LOCATION**
**BELTON LOCATION**


(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.


CAM 5058 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$    1000                    each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.      LIMIT OF INSURANCE AND DEDUCTIBLE

    1.      Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

Policy Number: KSA100112

Agent: H03008
MED JAMES, INC.

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP, INC DBA    P O BOX 2014

2917 W. 113TH ST.                              SHAWNEE MISSION, KS 66201
LEAWOOD, KS  66211                          PAT KAISER

Policy Period: From: 04/21/2012  To: 04/21/2013  at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED CAR DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $    13,204 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium (may include balance to meet minimum premium) | $    13,204 |

**ATTENTION**
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____              _____
Countersignature Date                    Authorized Representative

CD24 (0703)

ORIGINAL

EXHIBIT
3

POLICY NUMBER: KSA100112

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| ILM0314 | 07/11 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES |
| ILM0006 KS | 05/02 | COMMON POLICY CONDITIONS |
| ILM0008 KS | 04/05 | EXCLUSION-CDIC, RFC,CYPRESS INSURANCE CO & BROOKWOOD INSURANCE CO. |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

KSA100112

MILLER INVESTMENT GROUP, INC DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Redwood Fire and Casualty Insurance Company

President
Cypress Insurance Company
Oak River Insurance Company

Secretary

**ILM 0314 07 11**

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

**A.  CANCELLATION**

1.  The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2.  We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a.  10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

    b.  30 days before the effective date of cancellation if we cancel for the following reasons.

        (i)  the policy was issued because of a material misrepresentation;

        (ii)  any insured violated any of the material terms and conditions of the policy;

        (iii)  unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

        (iv)  a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law; or

        (v)  a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5.  If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**B.  CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C.  EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D.  INSPECTION AND SURVEYS**

We have the right but are not obligated to:

1.  Make inspections and surveys at any time;

2.  Give you reports on the conditions we find; and

3.  Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1.  Are safe or healthful; or

2.  Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E.  PREMIUMS**

The first Named Insured shown in the Declarations:

1.  Is responsible for the payment of all premiums; and

2.  Will be the payee for any return premiums we pay.

**F.  TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

ILM 0008 KS 04 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1.   "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2.   Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3.   Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4.   Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5.   Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6.   Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a.   Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b.   Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                    Page 1 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c.    Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

**a.**    Any of the following, whether belonging to, or used or provided by, any insured or other person:

    **1.**    Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

    **2.**    Application software or programming for electronic, robotic, communication or computer devices;

    **3.**    Operating system or related software or programming for electronic, robotics, communication or computer devices;

    **4.**    Network of electronic, robotics, communications or computer devices;

    **5.**    Microprocessor or other computer chip not part of any computer system; or

    **6.**    Any other computerized, robotic, electronic or communications equipment or components.

**b.**    Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**
**EFFECTIVE DATE** 04/21/2012

NAMED INSURED  MILLER INVESTMENT GROUP, INC DBA AUTO N      POLICY NO. KSA100112

**FORM OF BUSINESS:**
☒ CORPORATION                    ☐ INDIVIDUAL
☐ PARTNERSHIP                    ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**
**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| LIABILITY | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 26 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not Included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "auto" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | PREMIUM FOR ENDORSEMENTS | | | |
| | | ESTIMATED TOTAL PREMIUM | | | INCL |

CAM 0001 02 98

**ORIGINAL**

Page 1 of 2

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 653 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
We will compute **your** final premium due when we determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 654 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: KSA100112

COMMERCIAL GARAGE

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
| | |
| | |

**ITEM FOUR**
LIABILITY COVERAGE - PREMIUMS.

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 10 | 7.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 7.5 | INCL | INCL | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | **TOTAL PREMIUMS \*** | | | | 8 | INCL | INCL | |

Number of Dealer Plates _____ 7 _____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

NOTE: 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 96

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |
| All | Collision | $ 180,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | | | |

| | | BLANKET ANNUAL COLLISION RATES | | | | |
|---|---|---|---|---|---|---|
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
| | | INCL | INCL | INCL | INCL | INCL |
| | | | | **TOTAL PREMIUM** | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$     Additional locations where you store covered "autos"
$ 10,000   In transit

**PREMIUM BASIS - Reporting** (Quarterly or Monthly) **or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of Insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

CAM 0002 02 98

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**
**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION - Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | PURCHASED - Original Cost New | Actual Cost & NEW (N) USED (U) | TERRITORY - Town & State Where the Covered Auto will be principally garaged |
|---|---|---|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION - Radius of Operation | Business Use s = service r = retail c =commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Phy. Dam. | Secondary Rating Factor | Code | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|---|
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | |
|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | |
| | Limit | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | |
| Total Premium | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

ITEM TEN

LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

**ORIGINAL**

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

        BUSINESSOWNERS POLICY
        LIQUOR LIABILITY COVERAGE FORM
        GARAGE COVERAGE FORM
        BUSINESS AUTO COVERAGE FORM
        OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
        COMMERCIAL GENERAL LIABILITY COVERAGE FORM
        TRUCKERS COVERAGE FORM
        FARM LIABILITY COVERAGE FORM
        UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**BHHC Berkshire Hathaway**
**HOMESTATE COMPANIES**

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

## POLICYHOLDER NOTICE

## VERY IMPORTANT

## READ CAREFULLY

PLEASE NOTE THAT YOUR POLICY INCLUDES THE FOLLOWING EXCLUSION:

CAM 0009

## SPECIAL NOTE

**PLEASE BE SURE YOU READ AND FULLY UNDERSTAND THE ABOVE EXCLUSION. SHOULD YOU HAVE ANY QUESTIONS, IMMEDIATELY CONTACT YOUR AGENT.**

BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY ● BROOKWOOD INSURANCE COMPANY ● CONTINENTAL DIVIDE INSURANCE COMPANY
CYPRESS INSURANCE COMPANY ● OAK RIVER INSURANCE COMPANY ● REDWOOD FIRE AND CASUALTY INSURANCE COMPANY

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

**1.** For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

**a.** The **Workers' Compensation** Exclusion is replaced by the following:

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

**b.** The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

**c.** The **Care, Custody Or Control** Exclusion is replaced by the following:

This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

**d.** The following is added to the **War** Exclusion:

This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

**e.** The **Racing** Exclusion, if contained in the coverage form, does not apply.

**f.** The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

**2.** Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

**a.** $25,000 for "bodily injury" to any one person caused by any one "accident".

**b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

**c.** $10,000 for "property damage" caused by any one "accident".

This provision will not change our limit of insurance.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 663 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   **a.** Knows to contain materially false information; or

   **b.** Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   **a.** Pay its chosen appraiser; and

   **b.** Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 664 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

**a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

**b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for non-payment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

**c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

**(1)** Nonpayment of premium.

**(2)** Fraudulent misrepresentation in obtaining this policy.

**(3)** The "insured" violates any terms or conditions of the policy.

**(4)** You or any other operator who either resides in the same household or customarily operates a covered "auto":

**(a)** Has had his or her driver's license suspended or revoked during the policy period.

**(b)** Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

**(c)** Has been convicted during the policy period or 36 months before it, for:

**(i)** Any felony, or

**(ii)** Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

**(iii)** Driving a motor vehicle while intoxicated or under the influence of drugs, or

**(iv)** Leaving the scene of an "accident" without stopping to report, or

**(v)** Theft of a motor vehicle, or

**(vi)** Making false statements when applying for a driver's license, or

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 665 of 1650

**(vii)** A third moving violation, committed within a period of 18 months of:

   **i.** Any regulation limiting the speed of motor vehicles, or

   **ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

   **iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

   **(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

   **(2)** When we cease to transact such business in this state.

   **(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

   **(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

   **(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

   **(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

CA 02 65 02 96 ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

**a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

**b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

**c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

(1) Nonpayment of premium.

(2) This policy was issued because of material misrepresentation.

(3) Any "insured" violated any of the material terms and conditions of this policy.

(4) Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

(5) A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

(6) A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

**d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

---

**CA 02 65 02 96**    Copyright, Insurance Services Office, Inc., 1995    **Page 3 of 3**    ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

COMMERCIAL AUTO
CA 22 14 10 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured; | (Authorized Representative) |

**SCHEDULE**

| Benefits | Limit |
|---|---|
| **A.** Medical Expenses | Up to $4,500 |
| **B.** Rehabilitation Expenses | Up to $4,500 |
| **C.** Work Loss | $900 per month maximum, up to 1 year maximum |
| **D.** Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| **E.** Funeral Expenses | Up to $2,000 per person |
| **F.** Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings", and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally.

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

      No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 670 of 1650

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| | |
|---|---|
| **First** | Any "motor vehicle" owned by the "insured"; |
| **Second** | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| **Third** | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

5. The **Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

PAYMENT OF BENEFITS

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

COORDINATION AND NON-DUPLICATION

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 671 of 1650

b. One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

c. With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

3. "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

4. "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

5. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

6. "Occupying" means in or upon or entering into or alighting from.

7. "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

 © ISO Properties, Inc., 2001 ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

2. As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2001          IL 00 21 07 02    □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.  Item (6) is replaced by the following:

 (6) All interest on the lesser of:

  (a) the full amount of any judgment; or

  (b) the applicable limit of insurance

 that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.  The following is added:

 (7) Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B.**, **Exclusions** of Section **II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

**CAM 6076 11 04**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

(a) you or any other person or organization qualifying as a Named Insured under this policy; or

(b) any business in which any Named Insured:

    (i) has an interest in 25% or more of the outstanding voting stock or of the total stock; or

    (ii) is a **Related Company**; or

    (iii) is a partner; or

(c) any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

(d) any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury, property damage, personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

(e) the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 678 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | | Description Of Covered Auto Designation Symbols |
|--------|--|-------------------------------------------------|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described in the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   **a.** We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   **a.** Breakdown;

   **b.** Repair;

   **c.** Servicing;

   **d.** "Loss"; or

   **e.** Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   **a.** We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "accident" occurs in the coverage territory;

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 679 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. "Garage Operations" – Covered "Autos"

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

3. Who Is An Insured

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

(d) Your customers. However, if a customer of yours:

  (i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

  (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

2. **Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

8. **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

**(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

**(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

CA 00 05 03 06

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or re-called from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 684 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

CA 00 05 03 06 □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## SECTION III – GARAGEKEEPERS COVERAGE

**A. Coverage**

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

**B. Exclusions**

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 686 of 1650

**c.** Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

**3.** We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**C. Limits Of Insurance And Deductibles**

**1.** Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

**a.** Collision; or

**b.** With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

**(1)** Theft or mischief or vandalism; or

**(2)** All perils.

**2.** The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**3.** Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

**SECTION IV – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

**(1)** Fire, lightning or explosion;

**(2)** Theft;

**(3)** Windstorm, hail or earthquake;

**(4)** Flood;

**(5)** Mischief or vandalism; or

**(6)** The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

**c. Collision Coverage**

Caused by:

**(1)** The covered "auto's" collision with another object; or

**(2)** The covered "auto's" overturn.

**2. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06  ☐

3. **Coverage Extension – Loss Of Use Expenses**

   For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

   a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

   b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

   c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

   However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

B. **Exclusions**

   1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

      a. **Nuclear Hazard**

         (1) The explosion of any weapon employing atomic fission or fusion; or

         (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

      b. **War Or Military Action**

         (1) War, including undeclared or civil war;

         (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

         (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

   2. We will not pay for "loss" to any of the following:

      a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

   b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

   c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

   e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

   f. Any accessories used with the electronic equipment described in Paragraph e. above.

   Exclusions 2.e. and 2.f. do not apply to:

   a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

   b. Any other electronic equipment that is:

      (1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

      (2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 689 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 690 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

  **(1)** Excess while it is connected to a motor vehicle you do not own.

  **(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

  **(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 692 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement; or

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

CA 00 05 03 06 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 693 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**N.** "Products" includes:

   **1.** The goods or products you made or sold in a garage business; and

   **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

   **1.** Damages because of "bodily injury" or "property damage"; or

   **2.** A "covered pollution cost or expense",

   to which this insurance applies, are claimed.

   "Suit" includes:

     **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

     **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

   **1.** Work that someone performed on your behalf; and

   **2.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 694 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

   **(1)** Have been given prompt written notice of such tentative settlement; and

   **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   **a.** The Named Insured and any "family members".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 695 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

**1.** Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

**a.** $25,000 for "bodily injury" to any one person caused by any one "accident", and

**b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident".

This provision will not change our total limit of liability.

**2.** The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a.**, **c.** and **d.** of that definition.

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

**4.** Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

**1. Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

**a.** The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**b.** If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved, and

© ISO Properties, Inc., 2004 **CA 21 37 01 05** □

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

  **(1)** Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

  **(2)** Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3.** **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a., c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

  **(1)** Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

  **(2)** Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

  **(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

  **(2)** We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 697 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004

CA 21 37 01 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".
2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

     Copyright, Insurance Services Office, Inc., 1993         ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   **a.** War, including undeclared or civil war;

   **b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   **c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 700 of 1650

COMMERCIAL AUTO
CA 25 07 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective<br>4/21/2012 | Policy No.<br>KSA100112 |
|---|---|
| Named Insured<br>MILLER INVESTMENT GROUP, INC DBA AUTO NOW | Countersigned by |

(Authorized Representative)

**SCHEDULE**

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93    Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

   **a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

   **b.** Any loss, cost or expense arising out of any:

   **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

   **(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 702 of 1650

POLICY NUMBER:                                        COMMERCIAL AUTO

# OAK RIVER INSURANCE COMPANY

## DRIVER AFFIDAVIT

The individual named in the Schedule below could have access to drive or operate an "auto" described in the policy or any other auto to which the terms of the policy extend. However, if the person named in the Schedule below drives or operates an auto described in the policy or any other "auto" to which the terms of the policy extend, this statement will constitute a request by the insured to cancel all automobile insurance policies in effect with Oak River Insurance Company.

**SCHEDULE**

MIGUEL CANO

_____    _____

Signature of Individual Named in Schedule above.     Date

_____    _____

Insured's Signature                        Date

_____    _____

Agent's Signature                          Date

Return original to Home Office - one copy to the Insured - one copy retained by the Agent.

CAM 0009 01 94

POLICY NUMBER:                                    COMMERCIAL AUTO

# OAK RIVER INSURANCE COMPANY

## DRIVER AFFIDAVIT

The individual named in the Schedule below could have access to drive or operate an "auto" described in the policy or any other auto to which the terms of the policy extend.  However, if the person named in the Schedule below drives or operates an auto described in the policy or any other "auto" to which the terms of the policy extend, this statement will constitute a request by the insured to cancel all automobile insurance policies in effect with Oak River Insurance Company.

### SCHEDULE

KELLY JEAN MORRIS


_____    _____
Signature of Individual Named in Schedule above.      Date


_____    _____
Insured's Signature                                 Date


_____    _____
Agent's Signature                                   Date


Return original to Home Office - one copy to the Insured - one copy retained by the Agent.

CAM 0009 01 94

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

      BUSINESS AUTO COVERAGE FORM
      GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**HERITAGE PROPERTIES INC
9200 PARK BLVD 201
SEMINOLE, FL 33777**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**MIDWEST AUTO FINANCE**
**2917 W. 113TH ST.**
**LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.   "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations.  This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto.  "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.    DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

    a.    AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)    The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)    Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1.  An unlicensed driver;

2.  Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

1. The cost of replacing the damaged property with other property of like kind and quality;
2. The cost of repairing the damaged property by conventional means of body work;
3. The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

**USED CAR DEALERSHIP**

**Specified Location (If applicable):**

**INDEPENDENCE LOCATION**
**BELTON LOCATION**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM.
BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$   1000                    each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.     LIMIT OF INSURANCE AND DEDUCTIBLE

1.     Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## COMMON POLICY CONDITIONS

**All Coverages included in this policy are subject to the following conditions:**

A. **CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or
   b. 10 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date at 12:01 a.m. unless another time is stated on the cancellation notice.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

B. **CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

C. **EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

D. **INSPECTIONS AND SURVEYS**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;
2. Give you reports on the condition we find; and
3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or
2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

E. **PREMIUMS**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and
2. Will be the payee for any return premiums we pay.

F. **TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

**EXHIBIT 4**

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

### (Broad Form)

1. The insurance does not apply:
   A. Under any Liability Coverage, to "bodily injury" or "property damage":
      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or
      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.
   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.
   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material," if:
      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom.
      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an "insured"; or
      (3) The "bodily injury" or "property damage" arises out of the furnishings by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:
   "Hazardous properties" include radioactive, toxic or explosive properties;

   "Nuclear material" means "source material," "Special nuclear material" or "by-product material";

   "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

   "Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

   "Nuclear facility" means:
      (a) Any "nuclear reactor";
      (b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";
      (c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;
      (d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

   and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

   "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

   "Property damage" includes all forms of radioactive contamination of property.

M-4600a (04/2003)                    3

**KSA100112**
RENEWAL NUMBER

CROSS REFERENCE NUMBER
**02 GHM 000449 - 01**

# BERKSHIRE HATHAWAY HOMESTATE
## INSURANCE COMPANY
### OMAHA, NEBRASKA
### GARAGE DECLARATIONS

Med James, Inc.
8686 College Blvd
Overland Park, KS 66210

**ITEM ONE NAMED INSURED & ADDRESS**

MILLER INVESTMENT GROUP, INC
DBA: AUTO NOW
2917 W 113TH ST
LEAWOOD, KS 66211

FORM OF NAMED INSURED'S BUSINESS:  Corporation

NAMED INSURED'S BUSINESS:  USED AUTO SALES

**POLICY PERIOD: Policy covers FROM**   04/21/2013 12:01 AM   TO   04/21/2014   12:01 A.M. Standard Time at the Named Insured's Address stated above.

**ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations."

| COVERAGES | | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT OF INSURANCE | | | PREMIUM |
|---|---|---|---|---|---|---|
| LIABILITY | | | EACH ACCIDENT GARAGE OPERATIONS | | AGGREGATE GARAGE OPERATIONS | |
| | | | "Auto" Only | Other than "Auto" Only | Other than "Auto" Only | |
| | | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | $ 9,121 |
| PERSONAL INJURY PROTECTION (P.I.P.) (or equivalent No-fault coverage) | | 25 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS N/A      Deductible | | | $ 529 |
| ADDED P.I.P. (or equivalent added No-fault coverage) | | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT | | | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $      Deductible FOR EACH ACCIDENT | | | $ |
| MEDICAL PAYMENTS | | 22 | $                1,000 | | | $ 135 |
| UNINSURED MOTORISTS | | 22 | $            100,000 CSL (BI Only) | | | $ 226 |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | | $ | | | $ |
| GARAGE KEEPERS INSURANCE | COMPREHENSIVE COVERAGE | 30 | $ See M 5511 (08/2010) | | | $ 154 |
| | SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| | COLLISION COVERAGE | 30 | $ See M 5511 (08/2010) | | | $ 58 |
| PHYSICAL DAMAGE INSURANCE | COMPREHENSIVE COVERAGE | 22 | $ See M 5511 (08/2010) | See Supplementary Schedule for dealers' autos and autos held for sale by trailer dealers and non-dealers. | | $ 3,580 |
| | SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| | COLLISION COVERAGE | 22 | $ See M 5511 (08/2010) | | | $ 1,261 |

| FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION | | |
|---|---|---|
| See M-4572 (12/1994) | PREMIUM FOR ENDORSEMENTS | $ |
| | ESTIMATED TOTAL PREMIUM | $ 15,064 |
| ENTER SYMBOL 32 DESCRIPTION HERE: | | |

**POLICY SUBJECT TO A FULLY EARNED POLICYWRITING MINIMUM PREMIUM OF $**     0     **IF CANCELLED BY THE INSURED.**

The estimated total premium for this policy is based on the exposures you told us you would have when this policy began. We will compute your final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated total premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

THIS DECLARATIONS MUST BE COMPLETED BY THE ATTACHMENT OF A SUPPLEMENTARY SCHEDULE

Countersigned at _____  By _____

In Witness whereof, we have caused this policy to be executed and attested.

Secretary

Authorized Representative

04/19/2013 16:43 6968AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

President

M-5608 (02/2011)    Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1985.

Pre-booked 04/25/2013 Deb Darlington · *Processed AMPALEN 04/29/2013*

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## SCHEDULE OF FORMS AND ENDORSEMENTS AT POLICY INCEPTION

POLICY #        02 GHM 000449 - 01

INSURED         MILLER INVESTMENT GROUP, INC

EFFECTIVE       04/21/2013 12:01 AM

| | | |
|---|---|---|
| M 4600a | 04/2003 | Commercial Policy Jacket |
| M 5608 | 02/2011 | Garage Coverage Declarations |
| M 4572 | 12/1984 | Schedule of Forms and Endorsements at Policy Inception |
| M 5511 | 08/2010 | Garage-Auto Dealers Supplementary Schedule |
| CA 2214 | 10/1997 | Kansas Personal Injury Protection |
| CA 0005 | 03/2006 | Garage Coverage Form |
| CA 9903 | 03/2006 | Auto Medical Payments Coverage |
| CA 2137 | 01/2005 | Kansas Uninsured Motorists Coverage |
| M 5057 | 08/2001 | Garagekeepers Coverage - Definition of "Customer's Auto" |
| CA 0448 | 12/2010 | Kansas Commercial Auto Changes |
| CA 0122 | 05/2006 | Kansas Changes |
| CA 0265 | 02/1996 | Kansas Changes - Cancellation and Nonrenewal |
| M 5479 | 04/2010 | Towing and Storing Costs |
| M 4018a | 08/1991 | Garagekeepers Coverage Towing Exclusion |
| M 5623 | 04/2011 | Application of Policy - Financial Responsibility |
| M 3795 | 03/1987 | Punitive Damage Exclusion Duty to Defend Amendment |
| CA 2505 | 03/2006 | Garage Locations and Operations Medical Payments Coverage |
| CA 2516 | 10/2001 | Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| M 4166c | 11/2008 | Physical Damage Insurance - Dealers Limitation Endorsement |
| M 4628b | 10/2006 | Automobile Transporter, Tank Truck, or Tank Trailer Exclusion |
| M 4629 | 11/1995 | Limitation Endorsement (Dealers) Drive-Away Operations |
| M 5529 | 10/2010 | Exclusion - No Maximum Deductible for Hail |
| M 5150b | 12/2007 | Terrorism Risk Insurance Endorsement |

Form Version 041001

04/19/2013 16:43 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

M-4572 (12/94)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Locations

**ITEM THREE – LOCATIONS**
Locations where you conduct "garage operations". The main business location is stated as location Number 1.
See the LOCATION AND LIABILITY SCHEDULE below.

**ITEM FOUR – LIABILITY COVERAGE PREMIUMS – DEFINITIONS**
  **Class I – Employees**
  - **Regular Operator:** Proprietors, partners and officers active in the "garage operations", salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto".
  - **All Others:** All other employees.
  - **NOTE:**
    1. Part-time employees working an average of 20 hours or more a week for the number of weeks worked are to be counted as 1 rating unit each.
    2. Part-time employees working an average of less than 20 hours a week for the number of weeks worked are to be counted as 1/2 rating unit each.
  **Class II – Non-Employees:** Any of the following persons who are regularly furnished with a covered "auto": inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

**ITEM FIVE – LIABILITY COVERAGE FOR YOUR CUSTOMERS**
In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY COVERAGE,
Liability coverage for your customers is limited unless indicated below by "☒".

[X]   If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II — LIABILITY
      COVERAGE does not apply.

### LOCATION AND LIABILITY SCHEDULE

| Loc # | Location | Liability Coverage | | | | | |
|---|---|---|---|---|---|---|---|
| | Street Address | Class I – Employees | Class II — Non-employees | Total Rating Units | * Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
| | City, State, Zip | Rating Units | Rating Units | | | | |
| 1 | 1404 SANTE FE OLATHE, KS 66061 | 7.60 | | 7.60 | 9,121 | 529 | |
| | TOTAL PREMIUMS | | | | 9,121 | 529 | |

\* Minimum Annual Liability Premium Equal to 2 Rating Units Per Location.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Garagekeepers Insurance

**ITEM SIX - GARAGEKEEPERS INSURANCE – COVERAGE AND PREMIUMS**
GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the direct coverage options is indicated below by "☒".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers your or any other "insured's" interest or the interest of the covered "auto's" owner.

☒ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

☒ MAXIMUM DEDUCTIBLE
  If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $         12,500        ,

| Loc # | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) | | Premium |
|---|---|---|---|---|
| 1 | Specified Causes of Loss | $ MINUS $ | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| | Comprehensive | $ 25,000 MINUS $ | 2,500 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 154 |
| | Collision | $ 25,000 MINUS $ | 2,500 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 58 |
| | | | TOTAL PREMIUM | $ 212 |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Policy Number: **02GHM000449-01**

M-5511-3 (08/2010)

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Physical Damage

**ITEM SEVEN – PHYSICAL DAMAGE COVERAGE – TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS – PREMIUMS – REPORTING OR NONREPORTING BASIS.**
Each of the following PHYSICAL DAMAGE coverages which is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below "☒".

| | Types of "Autos" | | Interests Covered | | | |
|---|---|---|---|---|---|---|
| Coverages | New "autos" | Used "autos", demonstrators and service vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ |

| Loc # | Coverages | Limit of Insurance For Each Location | | | | Rates | Premium |
|---|---|---|---|---|---|---|---|
| 1 | Spec. | $ MINUS $ DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ | |
| | Comp. | $ 180,000 MINUS $ 2,500 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ | 3,580 |
| All | Collision | $ 180,000 MINUS $ 2,500 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | Adjustment Factor | |
| | | BLANKET ANNUAL COLLISION RATES | | | | | |
| | | FIRST $50,000 | $50,001 to $100,000 | Over $100,000 | | | |
| | | 1.96 | 0.97 | 0.49 | | | $ 1,261 |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.

$ 27,000   Additional Locations where you store covered "autos"   $ 27,000   in transit

| | |
|---|---|
| TOTAL PREMIUM | $ 4,841 |

☒ **MAXIMUM DEDUCTIBLE**
If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ _____12,500_____

**PREMIUM BASIS** – Reporting (Quarterly or Monthly) or Nonreporting (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS (Quarterly or Monthly as indicated below by "☒ ").**
You must report to us on our form the locations of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1 you must include the total value of all covered autos you have furnished or made available to yourself, your executives, your employees or family members and other Class II – Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY** – You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the values for the last business day of every third month coming within the policy period.

☐ **MONTHLY** – You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**LOSS PAYEES** — Any loss is payable as interest may appear to you and:

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE — AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Additional Information

**ITEM EIGHT — MEDICAL PAYMENTS COVERAGE**
Refer to ITEM NINE for covered "autos" insured on a specified car basis.

| Coverage | Premium Determination | | Premium |
|---|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals        % | | $ |
| Premises and Operations Medical Payments (Does not apply to "bodily injury" caused by any "auto") | Premises and Operations Medical Payments Premium equals        % | of the Liability Premium | $ |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals   1.48 % | | $      135 |

**ITEM NINE – SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS**

Refer to the SCHEDULE OF COVERED AUTOS for specified "autos". Refer to the Schedule below for "autos" furnished to someone other than a Class I or Class II Operator.

| Auto # | Person or Organization to which the Covered "auto" has been furnished (Do not include Covered "autos" which have been furnished to Class I or Class II operators). |
|---|---|
|  |  |

**ITEM TEN — UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE — PREMIUMS**

| | Premium |
|---|---|
| Uninsured Motorist Coverage | $      See M 5608 (02/2011) |
| Underinsured Motorist Coverage | $ |

M-5511-4 (08/2010)          Includes copyrighted material of Insurance Services Office, Inc., with its permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as
modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| 04/21/2013 12:01 AM | |
| Named Insured: | |
| MILLER INVESTMENT GROUP, INC | (Authorized Representative) |

### SCHEDULE

| Benefits | Limit |
|---|---|
| A. Medical | Up to $4,500 |
| B. Rehabilitation | Up to $4,500 |
| C. Work Loss | $900 per month maximum, up to 1 year maximum |
| D. Essential Service | Up to $25 per day, up to 365 days maximum |
| E. Funeral | Up to $2,000 per person |
| F. Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |

* Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary phychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings", and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally,

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:
   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and
   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:
   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:
      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and
      (2) Such other information that will help us determine the amount due and payable.

   No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:
   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in or name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

CA 22 14 10 97      Copyright, Insurance Services Office, Inc., 1997      ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionally by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance - Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverages shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
|---|---|
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" |

5. The **Policy Period, Coverage Territory** Condition is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:
a. In the state of Kansas, and
b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:
   **PAYMENT OF BENEFITS**
   Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.
   **COORDINATION AND NON-DUPLICATION**
   a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".
   b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.
   c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**
   As used in this endorsement:
   1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:
      a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and
      b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.
   2. "Monthly earnings" means:
      a. One-twelfth of the annual earnings, at the time the "bodily injury" was sutained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97

b. One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

c. With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such death person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

3. "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

4. "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

5. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

6. "Occupying" means in or upon or entering into or alighting from.

7. "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

CA 22 14 10 97

Copyright, Insurance Services Office, Inc., 1997

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI - Definitions.

**SECTION I - COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 729 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols 21, 22, 23, 24, 25, or 26 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol 27 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" - Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "accident" occurs in the coverage territory;

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 730 of 1650

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. "Garage Operations" - Covered "Autos"

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance - "Garage Operations" - Covered "Autos" has been exhausted by payment of judgments or settlements.

3. Who Is An Insured

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

CA 00 05 03 06

© ISO Properties, Inc., 2005

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(d) Your customers. However, if a customer of yours:

   (I) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

   (II) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

4. Coverage Extensions

  a. Supplementary Payments

    We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

b. Out-Of-State Coverage Extensions

  While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

B. Exclusions

  This insurance does not apply to any of the following:

1. Expected Or Intended Injury

  "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

c. A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

d. The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph (1), (2) or (3) above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

a. Property owned, rented or occupied by the "insured";

b. Property loaned to the "insured";

c. Property held for sale or being transported by the "insured"; or

d. Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

a. "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(3) At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

    (a) To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

    (b) If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

(4) That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs a.(1) and a.(3)(b) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph a.(1) does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph a.(3)(b) does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

b. Any loss, cost or expense arising out of any:

    (1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

    (2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

9. **Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

    (1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

    (2) Otherwise in the course of transit by or on behalf of the "insured"; or

    (3) Being stored, disposed of, treated or processed in or upon the covered "auto";

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs b. and c. above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

10. **Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

11. **Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

12. **Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

13. **Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

14. **Loss Of Use**

Loss of use of other property not physically damaged if caused by:

a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

b. A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

15. **Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

16. **War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

17. **Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## C. Limit Of Insurance

1. **Aggregate Limit Of Insurance - "Garage Operations" - Other Than Covered "Autos"**

   For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

   Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations. Damages payable under the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

   a. "Personal injury" liability coverage;
   b. "Personal and advertising injury" liability coverage;
   c. Host liquor liability coverage;
   d. Fire legal liability coverage;
   e. Incidental medical malpractice liability coverage;
   f. Non-owned watercraft coverage; and
   g. Broad form products coverage.

   Damages payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos".

   Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

   All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

   The Aggregate Limit of Insurance - "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

2. **Limit Of Insurance - "Garage Operations" - Covered "Autos"**

   For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

   Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" for Liability Coverage shown in the Declarations.

   Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

   All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

   No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

CA 00 05 03 06    □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## SECTION III - GARAGEKEEPERS COVERAGE

**A. Coverage**

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**
   From any cause except:
   (1) The "customer's auto's" collision with another object; or
   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**
   Caused by:
   (1) Fire, lightning or explosion;
   (2) Theft; or
   (3) Mischief or vandalism.

   **c. Collision Coverage**
   Caused by:
   (1) The "customer's auto's" collision with another object; or
   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**
   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:
   a. You..
   b. Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**
   The following applies as Supplementary Payments. We will pay for the "insured":
   a. All expenses we incur.

   b. The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   c. All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   e. All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

**B. Exclusions**

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**
   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**
   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**
   Defective parts or materials.

   **d. Faulty Work**
   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   a. Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   b. Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV - PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage - Hitting A Bird Or Animal - Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles. However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06    □

3. **Coverage Extension - Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

B. **Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   a. **Nuclear Hazard**
      (1) The explosion of any weapon employing atomic fission or fusion; or
      (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   b. **War Or Military Action**
      (1) War, including undeclared or civil war;
      (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
      (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

   a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

   b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

   c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

   e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

   f. Any accessories used with the electronic equipment described in Paragraph e. above.

   Exclusions 2.e. and 2.f. do not apply to:

   a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

   b. Any other electronic equipment that is:
      (1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or
      (2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

3. **False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

b. Your acquiring an "auto" from a seller who did not have legal title.

4. We will not pay for:

a. Your expected profit, including loss of market value or resale value.

b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

6. **Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown; or

b. Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

1. The most we will pay for "loss" to any one covered "auto" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

4. The following provisions also apply:

a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

b. **Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report. If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

c. **Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

1. The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

a. Theft or mischief or vandalism; or

b. All perils.

2. Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

**SECTION V - GARAGE CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

1. **Appraisal For Physical Damage Loss**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

   The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   **a.** Pay its chosen appraiser; and

   **b.** Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   **a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

   **(1)** How, when and where the "accident" or "loss" occurred;

   **(2)** The "insured's" name and address; and

   **(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

   **b.** Additionally, you and any other involved "insured" must:

   **(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

   **(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

   **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

   **(4)** Authorize us to obtain medical records or other pertinent information.

   **(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

   **c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

   **(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

   **(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

   **(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

   **(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   **a.** There has been full compliance with all the terms of this Coverage Form; and

   **b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment - Physical Damage Coverages**

   At our option we may:

   **a.** Pay for, repair or replace damaged or stolen property;

   **b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

   **c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

   If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. **Transfer Of Rights Of Recovery Against Others To Us**

   If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## B. General Conditions

1. **Bankruptcy**

   Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

2. **Concealment, Misrepresentation Or Fraud**

   This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

   a. This Coverage Form;

   b. The covered "auto";

   c. Your interest in the covered "auto"; or

   d. A claim under this Coverage Form.

3. **Liberalization**

   If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

4. **No Benefit To Bailee - Physical Damage Coverages**

   We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

5. **Other Insurance**

   a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

      (1) Excess while it is connected to a motor vehicle you do not own.

      (2) Primary while it is connected to a covered "auto" you own.

   b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

   c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

   d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

6. **Premium Audit**

   a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

   b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

7. **Policy Period, Coverage Territory**

   Under this Coverage Form, we cover:

   a. "Bodily injury", "property damage" and "losses" occurring; and

   b. "Covered pollution cost or expense" arising out of "accidents" occurring

   during the policy period shown in the Declarations and within the coverage territory.

   The coverage territory is:

   a. The United States of America;

   b. The territories and possessions of the United States of America;

   c. Puerto Rico;

   d. Canada; and

   e. Anywhere in the world if:

      (1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06    ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI - DEFINITIONS**

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means a land motor vehicle, "trailer" or semitrailer.

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

D. "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto"; or

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:
1. A lease of premises;
2. A sidetrack agreement;
3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;
6. An elevator maintenance agreement; or

7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:
1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
   a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or
   b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.
2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.
3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.
4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.
5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

CA 00 05 03 06  □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

N. "Products" includes:
1. The goods or products you made or sold in a garage business; and
2. The providing of or failure to provide warnings or instructions.

O. "Property damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:
1. Damages because of "bodily injury" or "property damage"; or
2. A "covered pollution cost or expense", to which this insurance applies, are claimed.

"Suit" includes:
a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or
b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

Q. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

R. "Trailer" includes semitrailer.

S. "Work you performed" includes:
1. Work that someone performed on your behalf; and
2. The providing of or failure to provide warnings or instructions.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".
2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.
2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".
4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.
5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.
6. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 746 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily Injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

**D. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance - Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

© ISO Properties, Inc., 2005

CA 99 03 03 06  ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: **02 GHM 000449 - 01**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective:<br><br>**04/21/2013 12:01 AM** | Countersigned By: |
| Named Insured:<br><br>**MILLER INVESTMENT GROUP, INC** | <br><br>(Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $  **See M 5608 (02/2011)** | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle", we will pay under this coverage only if a. or b. below applies:

   a. The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   b. A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" and we:

      (1) Have been given prompt written notice of such tentative settlement; and

      (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

04/19/2013 18:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

© ISO Properties, Inc., 2004

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

1. Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle".

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

a. $25,000 for "bodily injury" to any one person caused by any one "accident", and

b. $50,000 for "bodily injury" to two or more persons caused by any one "accident". This provision will not change our total limit of liability.

2. The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs a., c. and d. of that definition.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

4. Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

a. The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

b. If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

a. Promptly notify the police if a hit-and-run driver is involved, and

© ISO Properties, Inc., 2004

CA 21 37 01 05

b. Promptly send us copies of the legal papers if a "suit" is brought.

c. A person seeking Uninsured Motorists Coverage must also:

(1) Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle"; and

(2) Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph b. of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

a. If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

b. We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs a., c. and d. of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

c. Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" if we:

(1) Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

(2) Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

(1) That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

(2) We also have a right to recover the advance payment.

4. The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

5. The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

6. The following condition is added:

**ARBITRATION**

a. If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

c. Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004

CA 21 37 01 05 ☐

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS COVERAGE – DEFINITION OF "CUSTOMER'S AUTO"

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**Section VI – Definitions, Paragraph E.** is changed to read as follows:

E.    "Customer's auto" means a land motor vehicle, "trailer" or semitrailer while left with you for service, repair, storage or safekeeping. Customers include:
a.   your "employees" and
b.   members of their households,
while you are providing them service, repair, storage or safekeeping for which you are paid.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | **Endorsement Effective** 04/21/2013 12:01 AM |
| **Named Insured** MILLER INVESTMENT GROUP, INC | **Countersigned by** |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5057 (8/2001)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   a. The **Workers' Compensation** Exclusion is replaced by the following:

   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   b. The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

   This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   c. The **Care, Custody Or Control** Exclusion is replaced by the following:

   This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   d. The following is added to the War Exclusion:

   This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   e. The **Racing** Exclusion, if contained in the coverage form, does not apply.

   f. The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   a. $25,000 for "bodily injury" to any one person caused by any one "accident".

   b. $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 753 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or

   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005

CA 01 22 05 06  □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS COMMERCIAL AUTO
# COVERAGE CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. The paragraph within **Supplementary Payments** relating to court costs taxed against the "insured" is replaced by the following:
   All costs taxed against the "insured" in any "suit" against the "insured" we defend.

2. For coverage and limits required by the Kansas Financial Responsibility law, the **Fellow Employee** Exclusion is replaced by the following:
   "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

3. If the following endorsements are attached, they do not apply and are replaced in their entirety by the provisions of paragraph D. of this endorsement.

   a. Lessor – Additional Insured And Loss Payee endorsement **CA 20 01**; or

   b. Hired Autos Specified As Covered Autos You Own endorsement **CA 99 16**.

**B. Changes In Definitions**

The following is added to **SECTION V - DEFINITIONS:**

All reference to the term "total loss" shall mean a motor vehicle required to be registered in this state that has been directly and accidentally wrecked or damaged to the extent that the total cost of repair is 75% or more of the fair market value, in accordance with KAN. STAT. ANN. § 8-197(b)(2).

**C.** If Repossessed Autos endorsement CA 20 19 is attached, Paragraph D.3. **Nonreporting Premium Basis** does not apply.

04/19/2013 16:44 6858AF4F-BC2E-42C8-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 755 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**D. Kansas Additional Named Insured Provisions**

**SCHEDULE**

| Name of Owner | Described Owned Motor Vehicle |
|---|---|
| 1. | 1. |
| 2. | 2. |
| 3. | 3. |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A.** Any vehicle described in the Schedule will be considered a covered "auto" you own and not a covered "auto" you hire, borrow or lease under the coverage for which it is a covered "auto".

**B.** LIABILITY COVERAGE and Personal Injury Protection as prescribed in the Kansas Automobile Injury Reparations Act will apply to each owner named in the Schedule as an additional named insured but only while the motor vehicle described in the Schedule is being used by you or on your behalf.

**C.** The insurance will apply to the owner only while the described vehicle is leased to you.

© Insurance Services Office, Inc., 2010

CA 04 48 12 10

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 02 65 02 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**
1. **Cancellation**
   a. You may cancel the policy by mailing or delivering to us advance written notice of cancellation.
   b. We may cancel this policy by mailing you notice of cancellation. If we cancel for nonpayment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.
   c. When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:
      (1) Nonpayment of premium.
      (2) Fraudulent misrepresentation in obtaining this policy.
      (3) The "insured" violates any terms or conditions of the policy.

(4) You or any other operator who either resides in the same household or customarily operates a covered "auto":
   (a) Has had his or her driver's license suspended or revoked during the policy period.
   (b) Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.
   (c) Has been convicted during the policy period or 36 months before it, for:
      (I) Any felony, or
      (II) Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or
      (III) Driving a motor vehicle while intoxicated or under the influence of drugs, or
      (IV) Leaving the scene of an "accident" without stopping to report, or
      (V) Theft of a motor vehicle, or
      (VI) Making false statements when applying for a driver's license, or

04/19/2013 16:44 6858AF4F-BC2E-42C5-9AB1-F37BC0D1DA48

(vii) A third moving violation, committed within a period of 18 months of:

   i. Any regulation limiting the speed of motor vehicles, or

   ii. Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

   iii. Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

(5) We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

d. Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

e. If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

f. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

## 2. Nonrenewal

a. If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

b. We may not renew or continue this policy only for one or more of the following reasons:

(1) When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

(2) When we cease to transact such business in this state.

(3) When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

(4) When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

(5) When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

(6) When any of the reasons specified as reasons for cancellation are existent.

c. If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

d. If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

## 3. Mailing of Notices

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

CA 02 65 02 86  ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

B. For all policies not described in paragraph A. above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

    a. You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

    b. We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If we cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

    c. When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

        (1) Nonpayment of premium.

        (2) This policy was issued because of material misrepresentation.

        (3) Any "insured" violated any of the material terms and conditions of this policy.

        (4) Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

        (5) A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

        (6) A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

    d. The effective date of cancellation stated in the notice shall become the end of the policy period.

    e. If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

    a. If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

    b. If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 759 of 1650

M-5479 (04/2010)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TOWING AND STORING COSTS

The following modifies the Coverage Extensions under Physical Damage Coverage:

In the event of a "loss" to a covered "auto" to which this policy's Physical Damage Coverage applies, we will pay the necessary and reasonable incurred cost of towing the covered "auto" to the nearest facility capable of making the necessary repairs or to another location if we agree upon that location prior to towing. We will also pay the necessary and reasonable incurred cost of storing the covered "auto" for the time required to adjust the claim, subject to a maximum time in storage of 30 days.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000448 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5479 (04/2010)

04/19/2013 16:44 6858AF4F-BC2E-42C6-8AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGEKEEPERS COVERAGE
## TOWING EXCLUSION
## AMENDMENT OF **LIMIT OF INSURANCE AND DEDUCTIBLE**

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION III – GARAGEKEEPERS COVERAGE**

B. **EXCLUSIONS** is changed by adding the following:

We will not pay for "loss" to any customer's "auto" while being transported behind or on any other "auto" (including being attached to or detached from any other "auto").

C. **LIMIT OF INSURANCE AND DEDUCTIBLE 1.** and **2.** are deleted and replaced by the following:

1. Regardless of the number of covered "autos," "insureds," premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** for that location minus the applicable deductible.

2. For each covered "auto" our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible for each "loss," as shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | **Endorsement Effective** |
| | 04/21/2013 12:01 AM |
| **Named Insured** | **Countersigned at** |
| MILLER INVESTMENT GROUP, INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# APPLICATION OF POLICY - FINANCIAL RESPONSIBILITY

If a court reforms, rescinds, voids, or invalidates any provision or exclusion of this policy due to applicable state financial responsibility law, that provision or exclusion will be amended to apply only in excess of the statutorily required minimum limits of liability.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000449 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP, INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.

The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.

In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000449 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP, INC** | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC9D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:   02 GHM 000449 - 01

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The Transfer Of Rights Of Recovery Against Others To Us Garage Condition does not apply.

04/18/2013 16:44 6858AF4F-BC2E-42C5-9AB1-F37BC0D1DA48

CA 25 05 03 06                    © ISO Properties, Inc., 2005                    Page 1 of 1    ☐

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage is changed as follows:**

Exclusion 8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos" is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

a. "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

b. Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

(2) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC9D1DA48

© ISO Properties, Inc., 2000

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# PHYSICAL DAMAGE INSURANCE – DEALERS LIMITATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

SECTION IV - PHYSICAL DAMAGE COVERAGE is amended as follows:

**B. EXCLUSIONS** is amended by adding the following exclusion:
We will not pay for "loss" to any "consigned automobile".

**C. LIMITS OF INSURANCE** paragraphs 1. and 4.c. are deleted and replaced by the following:
1. The most we will pay for "loss" to any one covered "auto" not scheduled on the SCHEDULE OF COVERED AUTOS is the lesser of:
   a. The actual cash value of the damaged or stolen property as of the time of "loss"; or
   b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or
   c. $ ___30,000___ ($30,000 or the Dealer Open Lot Limit, whichever is less, if left blank).

4. c. Non-Reporting Premium Basis. When a "loss" occurs, we will establish the total value of your covered "autos".
   (1) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is 80% or more of the actual cash value of your covered "autos" at the location of the "loss", we will pay the full value of the "loss" up to the Limit of Insurance.
   (2) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is less than 80% of the total actual cash value of your covered "autos" at the location of the "loss", we will pay only a percentage share of the "loss", up to the Limit of Insurance. We will determine this percentage share by dividing the Limit of Insurance shown in the SCHEDULE for the location of the "loss" by the total actual cash value of your covered "autos" at the location of the "loss", and multiplying the resulting quotient by 1.25.

**D. DEDUCTIBLE** is deleted and replaced by the following:
1. For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible as shown in the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** or **SCHEDULE OF COVERED AUTOS**.
2. Deductibles apply for each covered "auto", for each "loss".

SECTION VI - DEFINITIONS is changed by adding the following:

"Consigned Automobile" means an "auto" held by you for sale, but does not include:
   (1) An "auto" owned by you, or
   (2) An "auto" on which your creditor has placed a lien.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C5-9AB1-F37BC0D1DA48

M-4628b (10/2006)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## AUTOMOBILE TRANSPORTER, TOW TRUCK, TANK TRUCK OR TANK TRAILER EXCLUSION

This endorsement modifies all coverages provided under this Policy.

This insurance does not apply to "bodily injury", "property damage", or "covered pollution cost or expense" resulting from ownership, maintenance or use of any "automobile transporter", tank truck or tank trailer unless:

1. The "automobile transporter", tank truck or tank trailer is specifically described and scheduled on this policy with a premium charged for the applicable coverage; or

2. The "automobile transporter", tank truck or tank trailer is a "customer's auto".

"Automobile transporter" means an "auto" designed or used to transport one or more "autos". "Automobile transporter" includes but is not limited to car carriers and tow trucks.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4628b (10/2006)

04/19/2013 18:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-4629 (11/95)

## LIMITATION ENDORSEMENT
### (Dealers) Drive-Away Operations

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**A. SECTION VI - DEFINITIONS** is changed by adding the following:

"Drive-Away Operations" means the pick-up or delivery of covered autos while being driven, towed, or carried by any auto owned, hired, or borrowed by you or your agent or employee.

**B. SECTION II - LIABILITY COVERAGE and Collision Coverage in SECTION IV - PHYSICAL DAMAGE COVERAGE** does not apply to "Drive-Away Operations" conducted more than 150 miles outside the city or town limits of where Coverage Operations are conducted, as shown on the declarations of the policy, unless item C. below is completed to extend this radius limitation.

**C.** In consideration of the additional premium shown below, "Drive-Away Operations" are extended to a radius of _____ road miles for Liability Coverage and/or a radius of _____ for Physical Damage Coverage, from the city or town limits of where Garage Operations are conducted, as shown in the declarations of the policy.

This coverage extension requires an additional premium of:

$ _____ Liability Coverage

$ _____ Physical Damage Coverage

$ _____ Total Additional Premium

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |

(Authorized Representative)

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4629 (11/95)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – NO MAXIMUM DEDUCTIBLE FOR HAIL

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

The MAXIMUM DEDUCTIBLE for Specified Causes of Loss or Comprehensive Coverage shown in the Declarations or Schedule does not apply to "loss" caused by hail, whether driven by wind or not. For "loss" caused by hail, whether driven by wind or not, the deductible shown in the Declarations or Schedule applies for each covered "auto".

All other terms, limits, provisions and conditions of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000449 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP, INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# TERRORISM RISK INSURANCE ENDORSEMENT

## NOTICE TO POLICYHOLDERS REQUIRED UNDER TERRORISM RISK INSURANCE ACT OF 2002

Pursuant to the requirements of the Terrorism Risk Insurance Act of 2002 (the "Act"), including all amendments thereto, we advise you of the following information:

Coverage for acts of terrorism is included in this policy subject to the terms, conditions, limits and exclusions contained therein. Under this coverage, certain losses caused by certified acts of terrorism may be partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays a portion (85% in Calendar Year 2008 through expiration) of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. While your insurer faces significant exposure under your policy for losses caused by acts of terrorism, the premium you paid for the policy does not reflect that exposure. Consequently, no premium is currently being charged on your policy for the risk of losses caused by certified acts of terrorism.

THERE IS AN ANNUAL LIABILITY CAP FOR COVERED TERRORISM LOSSES UNDER THE ACT EQUAL TO $100,000,000,000 OF AGGREGATE INSURED LOSSES AS DEFINED IN THE ACT. LOSSES PAID UNDER THIS COVERAGE WILL BE PARTIALLY REIMBURSED BY THE UNITED STATES UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. UNDER THIS FORMULA, THE UNITED STATES PAYS A PORTION (85% IN CALENDAR YEAR 2008 THROUGH EXPIRATION) OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. ANY INSURER THAT HAS SATISFIED THEIR STATUTORILY ESTABLISHED DEDUCTIBLE IS NOT LIABLE FOR AND THE UNITED STATES SECRETARY OF THE TREASURY IS NOT AUTHORIZED TO PAY ANY PORTION OF SUCH LOSSES EXCEEDING THE CAP ON ANNUAL LIABILITY OF $100,000,000,000.

Premium on renewal of your coverage may be charged for you to maintain coverage for losses arising out of acts of terrorism. In that event you will be informed of such charges to the extent required by federal or state law.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000448 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP, INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5150b (12/2007)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

Policy Number: MOA100192

*MO 4-21-11*
*4-21-12*
*MO*

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE
2917 W 113TH ST
LEAWOOD, KS  66211

Agent: KF0347
MED JAMES, INC.
SHAWNEE MISSION, KS
PAT KAISER

Policy Period:  From: _04/21/2011_  To: _04/21/2012_  at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED AUTO DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $ 25,572 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium (may include balance to meet minimum premium) | $ 25,572 |

**ATTENTION**
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____          *Med V. James*
Countersignature Date              Authorized Representative

CD24 (0703)

ORIGINAL

EXHIBIT
5

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: MOA100192

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2011

EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| NAME INS POL | 06/03 | NAMED INSURED SCHEDULE - POLICY |
| ILM0314 | 08/10 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES POLICY JACKET |
| ILM0006 MO | 05/02 | COMMON POLICY CONDITIONS |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

OAK RIVER INSURANCE COMPANY
    NAMED INSURED POL

POLICY # MOA100192                          AGENT: MED JAMES, INC.
                                                  # KF0347

MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE


      NAMED INSURED POL

    DBA AUTO NOW

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company


MOA100192

MILLER INVESTMENT GROUP, INC
DBA AUTO NOW


In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Cypress Insurance Company
Oak River Insurance Company

President
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Redwood Fire and Casualty Insurance Company

Secretary


**ILM 0314 08 10**

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

   b. 30 days before the effective date of cancellation if we cancel for the following reasons:

      (i) Fraud or material misrepresentation affecting the policy or in the presentation of a claim thereunder or a violation of any of the terms or conditions of the policy;

      (ii) Changes in conditions after the effective date of the policy which have materially increased the hazards originally insured;

      (iii) Our insolvency; or

      (iv) Our involuntary loss of reinsurance on this policy, if any; or

   c. 60 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the reason for cancellation and effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTION AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

        BUSINESSOWNERS POLICY
        LIQUOR LIABILITY COVERAGE FORM
        GARAGE COVERAGE FORM
        BUSINESS AUTO COVERAGE FORM
        OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
        COMMERCIAL GENERAL LIABILITY COVERAGE FORM
        TRUCKERS COVERAGE FORM
        FARM LIABILITY COVERAGE FORM
        UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                                                    Page 1 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**c.** Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

**a.** Any of the following, whether belonging to, or used or provided by, any insured or other person:

 **1.** Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

 **2.** Application software or programming for electronic, robotic, communication or computer devices;

 **3.** Operating system or related software or programming for electronic, robotics, communication or computer devices;

 **4.** Network of electronic, robotics, communications or computer devices;

 **5.** Microprocessor or other computer chip not part of any computer system; or

 **6.** Any other computerized, robotic, electronic or communications equipment or components.

**b.** Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**

**EFFECTIVE DATE** 04/21/2011

**NAMED INSURED** MILLER INVESTMENT GROUP INC     **POLICY NO.** MOA100192

**FORM OF BUSINESS:**
☒ CORPORATION
☐ PARTNERSHIP

☐ **INDIVIDUAL**
☐ **OTHER**_____

**BUSINESS OPERATIONS:**

**ITEM TWO**
**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| LIABILITY | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded. | | | |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $ 100,000 CSL | | | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 22 | $ 100,000 CSL | | | INCL |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | | PREMIUM FOR ENDORSEMENTS | | |
| | | | ESTIMATED TOTAL PREMIUM | | INCL |

CAM 0001 02 98

**ORIGINAL**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 779 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
We will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 781 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: MOA100192                    COMMERCIAL GARAGE

FORM SCHEDULE                               EFFECTIVE DATE: 4/21/2011

                                           EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| CA 0165 | 10/06 | MISSOURI CHANGES |
| CA 0166 | 03/06 | MISSOURI CHANGES - POLLUTION EXCLUSION |
| CA 0219 | 03/03 | MISSOURI CHANGES - CANCELLATION AND NONRENEWAL |
| CAM5042 MO | 03/01 | MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT |
| IL 0021 | 09/08 | NUCLEAR ENERGY LIABILTY EXCLUSION |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM5061 | 06/02 | POLICY REFORMATION LIMITS |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2104 | 03/06 | MISSOURI UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 3104 | 04/01 | MISSOURI UNDERINSURED MOTORISTS COVERAGE |
| CA 9910 | 09/02 | DRIVE OTHER CAR COVERAGE-BROADENED COV FOR NAMED IND |
| CAM5005 | 08/96 | EXCLUSION - ABUSE OR MOLESTATION |
| CAM5007 MO | 07/97 | DRIVER EXCLUSION |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 10500 E 24 HWY, INDEPENDENCE, MO 64053 |
| 002 | 307 NORTH AVE , BELTON, MO 64102 |
| 003 | 7901 WORNALL, KANSAS CITY, MO 64114 |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 7 | 5.25 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 1 | 0.75 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6 | INCL | | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 4 | 3 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 3 | INCL | | |
| 003 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 1 | 0.75 | 5.25 | INCL | | |
| | **TOTAL PREMIUMS \*** | | | | 14 | INCL | | |

Number of Dealer Plates _____14_____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

**NOTE: 1.** Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
**2.** Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**
In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☐ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| 003 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |

| Comprehensive | $ |
|---|---|
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | INCL | INCL |
| 002 | Comprehensive | $ 135,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | INCL |
| 003 | Comprehensive | $ 120,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | INCL | INCL |

| All | Collision | $ 435,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO | | | | |
|---|---|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | | | Adjustment Factor | Premium |
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | | |
| | | INCL | INCL | INCL | INCL | INCL |
| | | | | **TOTAL PREMIUM** | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$       Additional locations where you store covered "autos"
$   43,500    in transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

CAM 0002 02 98          **ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals ___ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals **INCL** % of the Liability Premium | **INCL** |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals ___ % of the Liability Premium | |

**ITEM NINE**
**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION — Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | PURCHASED — Original Cost New | Actual Cost & NEW (N) USED (U) | TERRITORY — Town & State Where the Covered Auto will be principally garaged |
|---|---|---|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION | | | | | | | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail c =commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor — Liab. | Phy. Dam. | Secondary Rating Factor | Code | |
| | | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
|---|---|---|---|---|---|---|---|
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |
| Total Premium | | | | | | | |

COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | UNDERINSURED AND UNINSURED MOTORIST | |
|---|---|---|
| | Limit | Premium |
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | |
| Total Premium | | |

COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
|---|---|---|---|---|---|---|---|
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** |

**ITEM TEN**

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium |
|---|---|---|---|
| 51-200 miles | | INCL | $ INCL |
| Over 200 miles | 1 | INCL | $ INCL |
| | | | $ INCL |

CAM 0002 02 98

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # MOA100192                          AGENT:  MED JAMES, INC.
MILLER INVESTMENT GROUP INC                         # KF0347
2917 W 113TH ST
LEAWOOD, KS  66211

| Prems No. | Bldg No. | Street | City | County | St | Zip |
|-----------|----------|--------|------|--------|-----|-----|
| 001 | 000 | 10500 E 24 HWY | INDEPENDENCE | | MO | 97030 |
| 002 | 000 | 307 NORTH AVE | BELTON | | MO | 97030 |
| 003 | 000 | 7901 WORNALL | KANSAS CITY | | MO | 97030 |

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# Berkshire Hathaway Homestate Companies

**Cornhusker Casualty Company**
**Oak River Insurance Company**
**Redwood Fire and Casualty Company**
Main Administrative Office
3333 Farnam Street, Ste. 300
P.O. Box 2048 (68103-2048)
Omaha, NE 68131
(402) 393-7255

**Continental Divide Insurance Company**
Main Administrative Office
7730 E. Belleview Avenue, Ste. 300
Englewood, CO 80111-2619

**Cypress Insurance Company**
Main Administrative Office
395 Oyster Point Blvd., Ste. #401
South San Francisco, CA 94080
(415) 635-0444

**INT 0080 03 10**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**BERKSHIRE HATHAWAY HOMESTATE COMPANIES**

| | |
|---|---|
| **Cornhusker Casualty Company** | **Brookwood Insurance Company** |
| **Oak River Insurance Company** | **Cypress Insurance Company** |
| **Redwood Fire and Casualty Insurance Company** | **Continental Divide Insurance Company** |

**POLICYHOLDER NOTICE**

**VERY IMPORTANT**

**READ CAREFULLY**

PLEASE NOTE THAT YOUR POLICY INCLUDES THE FOLLOWING EXCLUSION:

CAM 5007 MO

**SPECIAL NOTE**

**PLEASE BE SURE YOU READ AND FULLY UNDERSTAND THE ABOVE EXCLUSION. SHOULD YOU HAVE ANY QUESTIONS, IMMEDIATELY CONTACT YOUR AGENT.**

INT 0109 10 03

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**COMMERCIAL AUTO**
**CA 01 65 10 06**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage Extensions** is amended as follows:

The following is added to **Supplementary Payments:**

(7) Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

(6) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph **a.(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

(f) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C. Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

1. If your business is other than selling, repairing or servicing "autos":

a. The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

b. The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 800 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

2. If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

**D.** The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**1.** Pay its chosen appraiser; and

**2.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**E.** The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

**F. Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

**1.** Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

**2.** The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

**a.** Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

**b.** Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000.

However, the Association will not:

**(1)** Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

**(2)** Return to an "insured" any unearned premium in excess of $25,000.

These limitations have no effect on the coverage we will provide under this policy.

© ISO Properties, Inc., 2006

CA 01 65 10 06   ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# MISSOURI CHANGES – POLLUTION EXCLUSION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

**A.** The following is added to the **Pollution** Exclusion in **Section II – Liability Coverage** in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**B.** The following is added to the **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** in **Section II – Liability Coverage** in the Garage Coverage Form or to any amendment to or replacement thereof:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**C.** If the Broadened Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.a.(15)** in the Broadened Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**D.** If the Personal Injury Liability Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.h.** in the Personal Injury Liability Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 802 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual, partnership or limited liability company and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the Cancellation Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

  **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

  **b.** If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

  **c.** When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

    **(1)** Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.

    **(2)** If you are an individual, partnership or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.

    **(3)** If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

  **d.** If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 803 of 1650

**e.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**f.** Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**b.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

**c.** Our notice of nonrenewal will state the actual reason for nonrenewal unless. the nonrenewal is due to nonpayment of premium.

**3. Mailing Of Notices**

Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known mailing address. Proof of mailing of any notice will be sufficient proof of notice.

**B.** For "autos" not described in Paragraph **A.** above:

**1.** Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

**a.** 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

**b.** 30 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

**(1)** Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;

**(2)** Changes in conditions after the effective date of this policy which have materially increased the risk assumed;

**(3)** We become insolvent; or,

**(4)** We involuntarily lose reinsurance for this policy.

**c.** 60 days before the effective date of cancellation if we cancel for any other reason.

**2.** The following is added and supersedes any provision to the contrary:

**NONRENEWAL**

**1.** We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

**2.** If notice is mailed, proof of mailing will be sufficient proof of notice.

Copyright, ISO Properties, Inc., 2002

CA 02 19 03 03    □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following

GARAGE COVERAGE FORM

Exclusion 8a., 8b., 8c., and 8d. under Section II - Liability Coverage is replaced by the following:

a.(1) "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

   (2) Any loss, cost, or expense arising out of any:

      (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants; or

      (b) Claim or suit or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, gaseous, or thermal irritant or contaminants including smoke, vapor, soot, asbestos, or any other substance containing asbestos fibers, fumes, acid, alkalis, chemicals or waste. Waste includes material to be recycled, reconditioned or reclaimed.

This Pollution Exclusion applies even if such irritant or containment has a function in your business, operations, premises, site or location.

Paragraph a(1) does not apply to "bodily injury" or "property damage" caused by heat, smoke, or fumes, from a hostile fire. In this exclusion, a hostile fire means one which becomes uncontrollable, or breaks out from where it was intended to be.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

IL 00 21 09 08

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   **A.** Under any Liability Coverage, to "bodily injury" or "property damage":

   **(1)** With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   **(2)** Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   **B.** Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   **C.** Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

   **(1)** The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

   **(2)** The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

   **(3)** The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 806 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2007

**IL 00 21 09 08** ☐

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM.
    GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.    Item (6) is replaced by the following:

    (6)    All interest on the lesser of:

        (a)  the full amount of any judgment; or

        (b)  the applicable limit of insurance

    that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.    The following is added:

    (7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLICY REFORMATION LIMITS

This endorsement modifies insurance provided under the following:

    GARAGE COVERAGE FORM
    BUSINESS AUTO COVERAGE FORM

It is agreed that the coverage provided by this policy is intended to comply with the minimum coverage required by "applicable state financial responsibility law". Should a court reform or rescind any provision of this policy because it is inconsistent with "applicable state financial responsibility law", because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by "applicable state financial responsibility law". Policy terms and conditions that provided, as written, limits of coverage in excess of the compulsory limits of coverage required by "applicable state financial responsibility law" shall be given full effect after any such reformation or rescission.

"Applicable state financial responsibility law" means any state law requiring minimum or mandatory coverage amounts or types with respect to the ownership or operation of any motor vehicle, but does not include any state or federal law exclusively governing motor carriers of passenger or property.

**CAM 5061 06 02**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

CAM 6076 11 04

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

        BUSINESS AUTO COVERAGE FORM.
        COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
        PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
        FARM COVERAGE FORM.
        BUSINESSOWNERS COVERAGE FORM.
        GARAGE COVERAGE FORM.
        ERRORS & OMISSIONS COVERAGE FORM.
        COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

    (a)    you or any other person or organization qualifying as a Named Insured under this policy; or

    (b)    any business in which any Named Insured:

        (i)    has an interest in 25% or more of the outstanding voting stock or of the total stock; or

        (ii)    is a **Related Company**; or

        (iii)    is a partner; or

    (c)    any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

    (d)    any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

    (e)    the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 812 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

      We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "accident" occurs in the coverage territory;

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06     □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 813 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(d) Your customers. However, if a customer of yours:

(i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

4. Coverage Extensions

a. Supplementary Payments

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

b. Out-Of-State Coverage Extensions

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

B. Exclusions

This insurance does not apply to any of the following:

1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005    CA 00 05 03 06    □

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph (1), (2) or (3) above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

    **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

    **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

    **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

    **(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

    **(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

    **(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

    **(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 818 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**C. Limit Of Insurance**

1. **Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"**

   For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

   Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

   Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated In Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

   a. "Personal injury" liability coverage;

   b. "Personal and advertising injury" liability coverage;

   c. Host liquor liability coverage;

   d. Fire legal liability coverage;

   e. Incidental medical malpractice liability coverage;

   f. Non-owned watercraft coverage; and

   g. Broad form products coverage.

   Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

   Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

   All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

   The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

2. **Limit Of Insurance – "Garage Operations" – Covered "Autos"**

   For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

   Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

   Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

   All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

   No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

**D. Deductible**

   We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 819 of 1650

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 820 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**c.** Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

**3.** We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**C. Limits Of Insurance And Deductibles**

**1.** Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

**a.** Collision; or

**b.** With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

**2.** The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**3.** Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

**SECTION IV – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

**1.** We will pay for "loss" to a covered "auto" or its equipment under:

**a. Comprehensive Coverage**

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

**b. Specified Causes Of Loss Coverage**

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

**c. Collision Coverage**

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

**2. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06          □

3. **Coverage Extension – Loss Of Use Expenses**

   For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

   a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

   b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

   c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

   However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   **a. Nuclear Hazard**

   (1) The explosion of any weapon employing atomic fission or fusion; or

   (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   **b. War Or Military Action**

   (1) War, including undeclared or civil war;

   (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

   a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

   b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

   c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

   d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

   e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

   f. Any accessories used with the electronic equipment described in Paragraph e. above.

   Exclusions 2.e. and 2.f. do not apply to:

   a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

   b. Any other electronic equipment that is:

   (1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

   (2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06       ☐

# SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

## A. Loss Conditions

### 1. Appraisal For Physical Damage Loss

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

### 2. Duties In The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

### 3. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

### 4. Loss Payment – Physical Damage Coverages

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

### 5. Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

  **(1)** Excess while it is connected to a motor vehicle you do not own.

  **(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

  **(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06  □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 825 of 1650

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

a. That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto"; or

b. Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

c. After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement; or

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

CA 00 05 03 06

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**N.** "Products" includes:

  **1.** The goods or products you made or sold in a garage business; and

  **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

  **1.** Damages because of "bodily injury" or "property damage"; or

  **2.** A "covered pollution cost or expense",

  to which this insurance applies, are claimed.

  "Suit" includes:

  **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

  **1.** Work that someone performed on your behalf; and

  **2.** The providing of or failure to provide warnings or instructions.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

<div align="right">

**COMMERCIAL AUTO**
**CA 21 04 03 06**

</div>

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |
| **Countersignature Of Authorized Representative** |
| **Name:** |
| **Title:** |
| **Signature:** |
| **Date:** |

<div align="center">

**SCHEDULE**

</div>

| | |
|---|---|
| **Limit Of Insurance:  $** | **Each "Accident"** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the owner- ship, maintenance or use of the "uninsured mo- tor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

## B. Who Is An Insured

If the Named Insured is designated in the Declara- tions as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family mem- bers". However, this does not include any "family member", other than the Named In- sured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corpo- ration or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the follow- ing:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any govern- ment, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental au- thority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of "insureds", premi- ums paid, claims made or vehicles involved in the "accident", the most we will pay for all dam- ages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

   However, if "bodily injury" to which this cover- age applies is sustained by any person other than an individual Named Insured or any "fam- ily member", the Limit of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:

   a. The most we will pay for all damages sus- tained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Sched- ule or Declarations for this coverage, at the time of the "accident".

© ISO Properties, Inc., 2005

CA 21 04 03 06   □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 830 of 1650

**b.** An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph **a.** above.

A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The conditions are changed for Missouri Uninsured Motorists Coverage as follows:

**1.** The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   **a.** Promptly notify the police if a hit-and-run driver is involved; and

   **b.** Promptly send us copies of the legal papers if a "suit" is brought.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**4.** The following condition is added:

**ARBITRATION**

   **a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

   **b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**5. Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   **a.** For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

b. For which an insuring or bonding company denies coverage or is or becomes insolvent; or

c. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:

(1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

(2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or

b. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2005

CA 21 04 03 06    ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 832 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay.  We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 833 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 834 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 25 07 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective<br>4/21/11 | Policy No.<br>MOA100192 |
|---|---|
| Named Insured<br>MILLER INVESTMENT GROUP, INC DBA AUTO NOW | Countersigned by |

(Authorized Representative)

### SCHEDULE

Locations and Operations Not Covered:

This insuance does not apply to Bodily Injury or Property Damage resulting from the ownership, maintenance or use of tow trucks, tank trucks, tank trailers and haulaways whether connected or not connected to non-owned or covered "autos" you own, unless specifically scheduled under the auto schedule of covered autos.

Haulaways are defined as truck or trailers capable of transporting one or more vehicles.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93        Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: 

<div align="right">

**COMMERCIAL AUTO**
**CA 31 04 04 01**

</div>

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

<div align="center">

**SCHEDULE**

</div>

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

   (1) Have been given prompt written notice of such tentative settlement; and

   (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

---

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 836 of 1650

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

**E. Changes In Conditions**

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

      (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved, and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

4. The following condition is added:

**ARBITRATION**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

F. **Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self insurer under any applicable motor vehicle law or;

b. Designed for use mainly off public roads while not on public roads.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DRIVE OTHER CAR COVERAGE – BROADENED COVERAGE FOR NAMED INDIVIDUALS

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: 4/21/11 | Countersigned By: |
|---|---|
| Named Insured:  MILER INVESTMENT GROUP INC DBA AUTO NOW | (Authorized Representative) |

**SCHEDULE**

| Name Of Individual | Liability | | Auto Medical Payments | |
|---|---|---|---|---|
| MIKE MILLER SR LEE ANNE MILLER MIKE MILLER JR RYAN MILLER | Limit $ 1,000,000 | Premium INCL | Limit $ 1,000 | Premium INCL |

| Name Of Individual | Uninsured Motorists | | Underinsured Motorists | | Physical Damage | |
|---|---|---|---|---|---|---|
| | | | | | Comp. | Coll. |
| MIKE MILLER SR LEE ANNE MILLER MIKE MILLER JR RYAN MILLER | Limit $ 100,000 | Premium INCL | Limit $ 100,000 | Premium INCL | 1,000 | 1,000 |

Note – When uninsured motorists is provided at limits higher than the basic limits required by a financial responsibility law, underinsured motorists is included, unless otherwise noted. If Underinsured Motorists Coverage is provided as a separate coverage, make appropriate entry in the Schedule above.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

CA 99 10 09 02      © ISO Properties, Inc., 2002      **Page 1 of 2**    ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**A.** This endorsement changes only those coverages where a premium is shown in the Schedule.

**B. Changes In Liability Coverage**

**1.** Any "auto" you don't own, hire or borrow is a covered "auto" for Liability Coverage while being used by any individual named in the Schedule or by his or her spouse while a resident of the same household except:

  **a.** Any "auto" owned by that individual or by any member of his or her household.

  **b.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

**2.** The following is added to **Who Is An Insured:**

Any individual named in the Schedule and his or her spouse, while a resident of the same household, are "insureds" while using any covered "auto" described in Paragraph **B.1.** of this endorsement.

**C. Changes In Auto Medical Payments And Uninsured And Underinsured Motorists Coverages**

The following is added to **Who Is An Insured:**

Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:

Any "auto" owned by that individual or by any "family member".

**D. Changes In Physical Damage Coverage**

Any private passenger type "auto" you don't own, hire or borrow is a covered "auto" while in the care, custody or control of any individual named in the Schedule or his or her spouse while a resident of the same household except:

**1.** Any "auto" owned by that individual or by any member of his or her household.

**2.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

**E. Additional Definition**

As used in this endorsement:

"Family member" means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child.

© ISO Properties, Inc., 2002

**CA 99 10 09 02** ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 840 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - ABUSE OR MOLESTATION

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTO COVERAGE FORM.

This insurance does not apply to "bodily injury" or "property damage" arising out of:

    (a)    The actual or threatened abuse or molestation of any person while that person is in the care, custody or control of any insured; or

    (b)    The negligent:

        (i)    Employment;

        (ii)    Investigation;

        (iii)    Supervision;

        (iv)    Reporting to the proper authorities, or failure to so report; or

        (v)    Retention;

        of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

CAM 5005 08 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# DRIVER EXCLUSION

This endorsement forms a part of policy number   MOA100192

In consideration of the continuation of this policy in force by us it is hereby agreed that we shall not be liable for loss, damage, and/or liability caused while the auto described in the policy or any other auto to which the terms of the policy are extended is being driven or operated by the following named person:

RANDY ARTHUR MARCUM

In all other respects this policy remains unchanged. This exclusion is valid only above the minimum financial responsibility limits.

You accept this endorsement as witness his signature:

_____

Countersigned at:

                                         _____
                                            Authorized Representative

CAM 5007 MO 07 97

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**MIDWEST AUTO FINANCE, INC**
**2917 W 113TH ST**
**LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above.  The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 843 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**THOMAS E GORENC
6734 N CHARLESTON DR
KANSAS CITY, MO 64119**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.  "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations.  This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto.  "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.    DEDUCTIBLES

    For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

    a.    AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

        If your business is stated in the declarations as an auto dealership:

        (1)    The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

        (2)    Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

    1.    An unlicensed driver;

    2.    Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

    1.     The cost of replacing the damaged property with other property of like kind and quality;

    2.     The cost of repairing the damaged property by conventional means of body work;

    3.     The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses.  We will subtract a reasonable amount for depreciation.  When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage.  This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

      1404 SANTA FE
OLATHE, KS 66061

**Specified Location (If applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$   1,000                   each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.     LIMIT OF INSURANCE AND DEDUCTIBLE

1.     Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

MISSOURI AUTO VEHICLE LIABILITY INSURANCE CERTIFICATE

OAK RIVER INSURANCE COMPANY      34630
3333 Farnam St. - Suite 300
Omaha, Nebraska 68131
1-800-488-2930

POLICY NO.: MOA100192          EFFECTIVE: 04-21-2011      EXPIRES: 04-21-2012

ALL VEHICLES OWNED BY THE NAMED INSURED DISPLAYING DEALER PLATES

INSURED: MILLER INVESTMENT GROUP INC
2917 W 113TH ST
LEAWOOD, KS 66211

AGENT:    KF0347-MED JAMES, INC.

COVERAGE MEETS MINIMUM LIABILITY INSURANCE COVERAGE PRESCRIBED BY LAW.
THIS CARD MUST BE KEPT IN THE INSURED VEHICLE AND PRESENTED UPON DEMAND.

OAK RIVER INSURANCE COMPANY          , AN AUTHORIZED MISSOURI INSURER, CERTIFIES THAT IT HAS
ISSUED THE DESCRIBED AUTOMOBILE LIABILITY INSURANCE POLICY PROVIDING LIMITS OF COVERAGE
SUFFICIENT TO SATISFY THE MISSOURI "FINANCIAL RESPONSIBILITY LAW". THIS CERTIFICATE IS VOID IF
PREMIUM IS NOT PAID WHEN DUE, OR UPON CANCELLATION, LAPSE, OR NON-RENEWAL OF THE POLICY.

IN CASE OF ACCIDENT:

REPORT ALL ACCIDENTS TO YOUR AGENT/COMPANY AS SOON AS POSSIBLE. OBTAIN THE
FOLLOWING INFORMATION.

1.  NAME AND ADDRESS OF EACH DRIVER, PASSENGER, AND WITNESS.

2.  NAME OF INSURANCE COMPANY AND POLICY NUMBER FOR EACH VEHICLE INVOLVED.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

REPRESENTING FINANCIAL STRENGTH & INTEGRITY

---

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

---

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date: 5/28/11

Thank you.

Sue Matousek/dt
5/13/11

---

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10       **www.bhhc.com**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

### REPRESENTING FINANCIAL STRENGTH & INTEGRITY

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER
EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date: 5/28/11

Thank you.

Sue Matousek/dt
5/13/11

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10      **www.bhhc.com**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

### REPRESENTING FINANCIAL STRENGTH & INTEGRITY

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date: 5/28/11


Thank you.



Sue Matousek/dt
5/13/11

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10          **www.bhhc.com**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## DRIVER EXCLUSION

This endorsement forms a part of policy number   MOA100192

In consideration of the continuation of this policy in force by us it is hereby agreed that we shall not be liable for loss, damage, and/or liability caused while the auto described in the policy or any other auto to which the terms of the policy are extended is being driven or operated by the following named person:

RANDY ARTHUR MARCUM

In all other respects this policy remains unchanged. This exclusion is valid only above the minimum financial responsibility limits.

You accept this endorsement as witness his signature:

_____

Countersigned at:

                                          _____
                                             Authorized Representative

CAM 5007 MO 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

*MO*
*4-21-12*
*4-21-13*

Policy Number: MOA100192

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE
2917 W 113TH ST
LEAWOOD, KS 66211

Agent: H03008
MED JAMES, INC.

P O BOX 2014

SHAWNEE MISSION, KS 66201
PAT KAISER

Policy Period: From: _04/21/2012_ To: _04/21/2013_ at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED AUTO DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $ 26,766 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium (may include balance to meet minimum premium) | $ 26,766 |

**ATTENTION**
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____
Countersignature Date

_____
Authorized Representative

**EXHIBIT 6**

CD24 (0703)

ORIGINAL

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER: MOA100192

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| NAME INS POL | 06/03 | NAMED INSURED SCHEDULE - POLICY |
| ILM0314 | 07/11 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES |
| ILM0006 MO | 05/02 | COMMON POLICY CONDITIONS |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

OAK RIVER INSURANCE COMPANY
    NAMED INSURED POL

POLICY # MOA100192                    AGENT: MED JAMES, INC.
                                          # HO3008
MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE


    NAMED INSURED POL

  MILLER INVESTMENT GROUP INC
  DBA AUTO NOW

ORIGINAL

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

MOA100192

MILLER INVESTMENT GROUP INC DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Redwood Fire and Casualty Insurance Company

President
Cypress Insurance Company
Oak River Insurance Company

Secretary

ILM 0314 07 11

ILM 0006 MO 05 02

## COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

**A. CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

   b. 30 days before the effective date of cancellation if we cancel for the following reasons:

      (i) Fraud or material misrepresentation affecting the policy or in the presentation of a claim thereunder or a violation of any of the terms or conditions of the policy;

      (ii) Changes in conditions after the effective date of the policy which have materially increased the hazards originally insured;

      (iii) Our insolvency; or

      (iv) Our involuntary loss of reinsurance on this policy, if any; or

   c. 60 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the reason for cancellation and effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

**B. CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or

waived only by endorsement issued by us and made a part of this policy.

**C. EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. INSPECTION AND SURVEYS**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E. PREMIUMS**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

**F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

ILM 0006 MO 05 02

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                                 Page 1 of 2

c.   Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

a.   Any of the following, whether belonging to, or used or provided by, any insured or other person:

1.   Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

2.   Application software or programming for electronic, robotic, communication or computer devices;

3.   Operating system or related software or programming for electronic, robotics, communication or computer devices;

4.   Network of electronic, robotics, communications or computer devices;

5.   Microprocessor or other computer chip not part of any computer system; or

6.   Any other computerized, robotic, electronic or communications equipment or components.

b.   Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05                                                                      Page 2 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**                                    **EFFECTIVE DATE** 04/21/2012

**NAMED INSURED** MILLER INVESTMENT GROUP INC          **POLICY NO.** MOA100192

**FORM OF BUSINESS:**

☒ CORPORATION                          ☐ INDIVIDUAL

☐ PARTNERSHIP                          ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| **LIABILITY** | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded | | | |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 22 | $ 100,000 CSL | | | INCL |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | CAUSED BY ALL CAUSES OF LOSS SUBJECT TO $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | | PREMIUM FOR ENDORSEMENTS | | |
| | | | ESTIMATED TOTAL PREMIUM | | INCL |

CAM 0001 02 98                          **ORIGINAL**                          Page 1 of 2

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures you told us you would have when this policy began.
We will compute your final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated total premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 867 of 1650

POLICY NUMBER: MOA100192

COMMERCIAL GARAGE

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| CA 0165 | 10/06 | MISSOURI CHANGES |
| CA 0166 | 03/06 | MISSOURI CHANGES - POLLUTION EXCLUSION |
| CA 0219 | 03/03 | MISSOURI CHANGES - CANCELLATION AND NONRENEWAL |
| CAM5042 MO | 03/01 | MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT |
| IL 0021 | 09/08 | NUCLEAR ENERGY LIABILTY EXCLUSION |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM5061 | 06/02 | POLICY REFORMATION LIMITS |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2104 | 03/06 | MISSOURI UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 3104 | 04/01 | MISSOURI UNDERINSURED MOTORISTS COVERAGE |
| CA 9910 | 09/02 | DRIVE OTHER CAR COVERAGE-BROADENED COV FOR NAMED IND |
| CAM5005 | 08/96 | EXCLUSION - ABUSE OR MOLESTATION |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 10500 E 24 HWY, INDEPENDENCE, MO 64053 |
| 002 | 307 NORTH AVE, BELTON, MO 64102 |
| 003 | 7901 WORNALL, KANSAS CITY, MO 64114 |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employee<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employee<br>Salespersons, general managers, service managers | INCL | 9 | 6.75 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | INCL | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6.75 | INCL | | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 3 | 2.25 | | | | |
| | Class I - Employees<br>Any employee whose prinolpal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | INCL | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 2.25 | INCL | | |
| 003 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 8 | 6 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | INCL | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6 | INCL | | |
| | **TOTAL PREMIUMS \*** | | | | 15 | INCL | | |

Number of Dealer Plates _____16_____

Definitions:

**CLASS I - Employees**

Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

NOTE: 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
    2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**

Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☐ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| 003 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |
| 002 | Comprehensive | $ 135,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | INCL |
| 003 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |

| All | Collision | $ 180,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO | | | | |
|---|---|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | | | | |
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
| | | INCL | INCL | INCL | INCL | INCL |
| | | | | TOTAL PREMIUM | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$       Additional locations where you store covered "autos"
$ 40,000    In transit

---

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by * ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by * ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

  **YOUR REPORTING BASIS IS:**

  ☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

  ☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of Insurance shown above applies.

**Loss Payee -** Any loss is payable as Interest may appear to you and:

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**

**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION | | PURCHASED | | TERRITORY |
|---|---|---|---|---|---|
| | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where the Covered Auto will be principally garaged |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |

| Covered Auto No. | CLASSIFICATION | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail c = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor | | Secondary Rating Factor | Code |
| | | | | | Liab. | Phy. Dam. | | |
| | | | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss

CAM 0002 02 98

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) |
|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST |
| | Limit / Premium |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |
| Total Premium | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

## ITEM TEN

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium |
|---|---|---|---|
| 51-200 miles | | INCL | $ INCL |
| Over 200 miles | 1 | INCL | $ INCL |
| | | | $ INCL |

CAM 0002 02 98

<div align="center">ORIGINAL</div>

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # MOA100192                                    AGENT: MED JAMES, INC.
MILLER INVESTMENT GROUP INC                                  # H03008
2917 W 113TH ST
LEAWOOD, KS  66211

| Prems No. | Bldg No. | Street | City | County | St | Zip |
|---|---|---|---|---|---|---|
| 001 | 000 | 10500 E 24 HWY | INDEPENDENCE | | MO | 97030 |
| 002 | 000 | 307 NORTH AVE | BELTON | | MO | 97030 |
| 003 | 000 | 7901 WORNALL | KANSAS CITY | | MO | 97030 |

**ORIGINAL**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
LIQUOR LIABILITY COVERAGE FORM
GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE FORM
TRUCKERS COVERAGE FORM
FARM LIABILITY COVERAGE FORM
UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# BH HC Berkshire Hathaway
**H O M E S T A T E   C O M P A N I E S**

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

**Berkshire Hathaway Homestate Insurance Company**
**Oak River Insurance Company**
**Redwood Fire and Casualty Company**
Main Administrative Office
3333 Farnam Street, Ste. 300
P.O. Box 2048 (68103-2048)
Omaha, NE 68131
(402) 393-7255

**Continental Divide Insurance Company**
Main Administrative Office
7730 E. Belleview Avenue, Ste. 300
Englewood, CO 80111-2619

**Cypress Insurance Company**
Main Administrative Office
395 Oyster Point Blvd., Ste. #401
South San Francisco, CA 94080
(415) 635-0444

BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY • BROOKWOOD INSURANCE COMPANY • CONTINENTAL DIVIDE INSURANCE COMPANY
CYPRESS INSURANCE COMPANY • OAK RIVER INSURANCE COMPANY • REDWOOD FIRE AND CASUALTY INSURANCE COMPANY

INT 0080 03 12                    www.bhhc.com                    Page 1 of 1

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage Extensions** is amended as follows:

The following is added to **Supplementary Payments**:

(7) Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

(6) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph **a.(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

(f) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C. Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

**1.** If your business is other than selling, repairing or servicing "autos":

**a.** The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

**b.** The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 877 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2.** If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

**D.** The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**1.** Pay its chosen appraiser; and

**2.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**E.** The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

**F. Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

**1.** Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

**2.** The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

**a.** Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

**b.** Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000.

However, the Association will not:

**(1)** Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

**(2)** Return to an "insured" any unearned premium in excess of $25,000.

These limitations have no effect on the coverage we will provide under this policy.

© ISO Properties, Inc., 2006   CA 01 65 10 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 878 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# MISSOURI CHANGES – POLLUTION EXCLUSION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

**A.** The following is added to the **Pollution** Exclusion in **Section II – Liability Coverage** in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**B.** The following is added to the **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos" in Section II – Liability Coverage** in the Garage Coverage Form or to any amendment to or replacement thereof:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**C.** If the Broadened Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.a.(15)** in the Broadened Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**D.** If the Personal Injury Liability Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.h.** in the Personal Injury Liability Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 879 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual, partnership or limited liability company and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the Cancellation Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

  **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

  **b.** If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

  **c.** When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

    **(1)** Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.

    **(2)** If you are an individual, partnership or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.

    **(3)** If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

  **d.** If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

Copyright, ISO Properties, Inc., 2002

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 880 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**e.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**f.** Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**b.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

**c.** Our notice of nonrenewal will state the actual reason for nonrenewal unless the nonrenewal is due to nonpayment of premium.

**3. Mailing Of Notices**

Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known mailing address. Proof of mailing of any notice will be sufficient proof of notice.

**B.** For "autos" not described in Paragraph **A.** above:

**1.** Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

**a.** 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

**b.** 30 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

**(1)** Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;

**(2)** Changes in conditions after the effective date of this policy which have materially increased the risk assumed;

**(3)** We become insolvent; or,

**(4)** We involuntarily lose reinsurance for this policy.

**c.** 60 days before the effective date of cancellation if we cancel for any other reason.

**2.** The following is added and supersedes any provision to the contrary:

**NONRENEWAL**

**1.** We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

**2.** If notice is mailed, proof of mailing will be sufficient proof of notice.

Copyright, ISO Properties, Inc., 2002          **CA 02 19 03 03**          ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 881 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following

GARAGE COVERAGE FORM

Exclusion 8a., 8b., 8c., and 8d. under Section II - Liability Coverage is replaced by the following:

a.(1)  "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

(2)  Any loss, cost, or expense arising out of any:

(a)  Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants; or

(b)  Claim or suit or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, gaseous, or thermal irritant or contaminants including smoke, vapor, soot, asbestos, or any other substance containing asbestos fibers, fumes, acid, alkalis, chemicals or waste. Waste includes material to be recycled, reconditioned or reclaimed.

This Pollution Exclusion applies even if such irritant or containment has a function in your business, operations, premises, site or location.

Paragraph a(1) does not apply to "bodily injury" or "property damage" caused by heat, smoke, or fumes, from a hostile fire. In this exclusion, a hostile fire means one which becomes uncontrollable, or breaks out from where it was intended to be.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 882 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

IL 00 21 09 08

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

IL 00 21 09 08        © ISO Properties, Inc., 2007        Page 1 of 2   ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

(a) Any "nuclear reactor";

(b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel", or (3) handling, processing or packaging "waste";

(c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM.
    GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.    Item (6) is replaced by the following:

    (6)    All interest on the lesser of:

        (a)    the full amount of any judgment; or

        (b)    the applicable limit of insurance

    that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.    The following is added:

    (7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5061 06 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLICY REFORMATION LIMITS

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM

It is agreed that the coverage provided by this policy is intended to comply with the minimum coverage required by "applicable state financial responsibility law". Should a court reform or rescind any provision of this policy because it is inconsistent with "applicable state financial responsibility law", because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by "applicable state financial responsibility law". Policy terms and conditions that provided, as written, limits of coverage in excess of the compulsory limits of coverage required by "applicable state financial responsibility law" shall be given full effect after any such reformation or rescission.

"Applicable state financial responsibility law" means any state law requiring minimum or mandatory coverage amounts or types with respect to the ownership or operation of any motor vehicle, but does not include any state or federal law exclusively governing motor carriers of passenger or property.

CAM 5061 06 02

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

### GARAGE COVERAGE FORM

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

CAM 6076 11 04

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM.
COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
FARM COVERAGE FORM.
BUSINESSOWNERS COVERAGE FORM.
GARAGE COVERAGE FORM.
ERRORS & OMISSIONS COVERAGE FORM.
COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

(a)    you or any other person or organization qualifying as a Named Insured under this policy; or

(b)    any business in which any Named Insured:

    (i)    has an interest in 25% or more of the outstanding voting stock or of the total stock; or

    (ii)    is a **Related Company**; or

    (iii)    is a partner; or

(c)    any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

(d)    any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

(e)    the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 889 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

    a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

    b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

    a. Breakdown;

    b. Repair;

    c. Servicing;

    d. "Loss"; or

    e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

    a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

    We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "accident" occurs in the coverage territory;

        (2) The "bodily injury" or "property damage" occurs during the policy period; and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 890 of 1650

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(d) Your customers. However, if a customer of yours:

   (i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

   (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

4. **Coverage Extensions**

   a. **Supplementary Payments**

   We will pay for the "insured":

   (1) All expenses we incur.

   (2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

b. **Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

B. **Exclusions**

This insurance does not apply to any of the following:

1. **Expected Or Intended Injury**

   "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 892 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(3) At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

   (a) To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

   (b) If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

(4) That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.**(1) and **a.**(3)(b) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.**(1) does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.**(3)(b) does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

CA 00 05 03 06 □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    (1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    (2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

**a.** "Personal injury" liability coverage;

**b.** "Personal and advertising injury" liability coverage;

**c.** Host liquor liability coverage;

**d.** Fire legal liability coverage;

**e.** Incidental medical malpractice liability coverage;

**f.** Non-owned watercraft coverage; and

**g.** Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

CA 00 05 03 06    ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 896 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV – PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06    ☐

**3. Coverage Extension – Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**a.** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**b.** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**c.** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

**(1)** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

**(2)** An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 899 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 900 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**SECTION V – GARAGE CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 901 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own.

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 902 of 1650

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

E. "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

F. "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

G. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

H. "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

I. "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

J. "Insured contract" means:

1. A lease of premises;

2. A sidetrack agreement;

3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6. An elevator maintenance agreement; or

7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

   a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

   b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

K. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

L. "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

M. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

CA 00 05 03 06  ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 904 of 1650

N. "Products" includes:

   **1.** The goods or products you made or sold in a garage business; and

   **2.** The providing of or failure to provide warnings or instructions.

O. "Property damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:

   **1.** Damages because of "bodily injury" or "property damage"; or

   **2.** A "covered pollution cost or expense",

   to which this insurance applies, are claimed.

   "Suit" includes:

   **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

   **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

Q. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

R. "Trailer" includes semitrailer.

S. "Work you performed" includes:

   **1.** Work that someone performed on your behalf; and

   **2.** The providing of or failure to provide warnings or instructions.

**CA 00 05 03 06**        © ISO Properties, Inc., 2005        **Page 17 of 17**  ☐

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |
| **Countersignature Of Authorized Representative** |
| **Name:** |
| **Title:** |
| **Signature:** |
| **Date:** |

**SCHEDULE**

| |
|---|
| **Limit Of Insurance:  $**                          **Each "Accident"** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 906 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the owner-ship, maintenance or use of the "uninsured mo-tor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declara-tions as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family mem-bers". However, this does not include any "family member", other than the Named In-sured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corpo-ration or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the follow-ing:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any govern-ment, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental au-thority in hindering or defending against any of these.

**D. Limit Of Insurance**

1. Regardless of the number of "insureds", premi-ums paid, claims made or vehicles involved in the "accident", the most we will pay for all dam-ages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

   However, if "bodily injury" to which this cover-age applies is sustained by any person other than an individual Named Insured or any "fam-ily member", the Limit of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:

   a. The most we will pay for all damages sus-tained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Sched-ule or Declarations for this coverage, at the time of the "accident".

**b.** An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph **a.** above.

A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The conditions are changed for Missouri Uninsured Motorists Coverage as follows:

**1.** The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved; and

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**4.** The following condition is added:

**ARBITRATION**

**a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**5. Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Uninsured motor vehicle" means a land motor vehicle or "trailer":

**a.** For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**b.** For which an insuring or bonding company denies coverage or is or becomes insolvent; or

**c.** That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:

    **(1)** Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

    **(2)** Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.

However, "uninsured motor vehicle" does not include any vehicle:

**a.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or

**b.** Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2005

CA 21 04 03 06 □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 911 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CA 25 07 12 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective 4/21/2012 | Policy No. MOA100192 |
|---|---|
| Named Insured MILLER INVESTMENT GROUP, INC    DBA AUTO NOW | Countersigned by |

(Authorized Representative)

### SCHEDULE

Locations and Operations Not Covered:

This insuance does not apply to Bodily Injury or Property Damage resulting from the ownership, maintenance or use of tow trucks, tank trucks, tank trailers and haulaways whether connected or not connected to non-owned or covered "autos" you own, unless specifically scheduled under the auto schedule of covered autos.

Haulaways are defined as truck or trailers capable of transporting one or more vehicles.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93        Copyright, Insurance Services Office, Inc., 1993

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

   **(1)** Have been given prompt written notice of such tentative settlement; and

   **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 913 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

**E. Changes In Conditions**

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

      (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved, and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

© ISO Properties, Inc., 2000

CA 31 04 04 01

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 914 of 1650

c. A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

**4.** The following condition is added:

**ARBITRATION**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self insurer under any applicable motor vehicle law or;

b. Designed for use mainly off public roads while not on public roads.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:

COMMERCIAL AUTO
CA 99 10 09 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DRIVE OTHER CAR COVERAGE – BROADENED COVERAGE FOR NAMED INDIVIDUALS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: 4/21/2012 | Countersigned By: |
|---|---|
| Named Insured: MILER INVESTMENT GROUP INC DBA AUTO NOW | (Authorized Representative) |

## SCHEDULE

| Name Of Individual | Liability | | Auto Medical Payments | |
|---|---|---|---|---|
| | Limit | Premium | Limit | Premium |
| MIKE MILLER SR LEE ANNE MILLER MIKE MILLER JR RYAN MILLER | $ 1,000,000 | INCL | $ 1,000 | INCL |

| Name Of Individual | Uninsured Motorists | | Underinsured Motorists | | Physical Damage | |
|---|---|---|---|---|---|---|
| | | | | | Comp. | Coll. |
| | Limit | Premium | Limit | Premium | | |
| MIKE MILLER SR LEE ANNE MILLER MIKE MILLER JR RYAN MILLER | $ 100,000 | INCL | $ 100,000 | INCL | 1,000 | 1,000 |

Note – When uninsured motorists is provided at limits higher than the basic limits required by a financial responsibility law, underinsured motorists is included, unless otherwise noted. If Underinsured Motorists Coverage is provided as a separate coverage, make appropriate entry in the Schedule above.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**CA 99 10 09 02**         © ISO Properties, Inc., 2002         **Page 1 of 2**   □

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**A.** This endorsement changes only those coverages where a premium is shown in the Schedule.

**B. Changes In Liability Coverage**

   **1.** Any "auto" you don't own, hire or borrow is a covered "auto" for Liability Coverage while being used by any individual named in the Schedule or by his or her spouse while a resident of the same household except:

      **a.** Any "auto" owned by that individual or by any member of his or her household.

      **b.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

   **2.** The following is added to **Who Is An Insured:**

      Any individual named in the Schedule and his or her spouse, while a resident of the same household, are "insureds" while using any covered "auto" described in Paragraph **B.1.** of this endorsement.

**C. Changes In Auto Medical Payments And Uninsured And Underinsured Motorists Coverages**

The following is added to **Who Is An Insured:**

Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:

Any "auto" owned by that individual or by any "family member".

**D. Changes In Physical Damage Coverage**

Any private passenger type "auto" you don't own, hire or borrow is a covered "auto" while in the care, custody or control of any individual named in the Schedule or his or her spouse while a resident of the same household except:

   **1.** Any "auto" owned by that individual or by any member of his or her household.

   **2.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

**E. Additional Definition**

As used in this endorsement:

"Family member" means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child.

© ISO Properties, Inc., 2002 CA 99 10 09 02 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 917 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - ABUSE OR MOLESTATION

This endorsement modifies insurance provided under the following:

    COMMERCIAL AUTO COVERAGE FORM.

This insurance does not apply to "bodily injury" or "property damage" arising out of:

    (a)    The actual or threatened abuse or molestation of any person while that person is in the care, custody or control of any insured; or

    (b)    The negligent:

        (i)    Employment;

        (ii)    Investigation;

        (iii)    Supervision;

        (iv)    Reporting to the proper authorities, or failure to so report; or

        (v)    Retention;

    of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

CAM 5005 08 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**MIDWEST AUTO FINANCE, INC**
**2917 W 113TH ST**
**LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

COMMERCIAL AUTO
CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**THOMAS E GORENC**
**6734 N CHARLESTON DR**
**KANSAS CITY, MO 64119**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3. "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations. This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto. "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.   DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.   AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)   The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)   Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1. An unlicensed driver;

2. Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

    1.    The cost of replacing the damaged property with other property of like kind and quality;

    2.    The cost of repairing the damaged property by conventional means of body work;

    3.    The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

**1404 SANTA FE**
**OLATHE, KS 66061**

**Specified Location (If applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$     1,000                         each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

    GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

    C.    LIMIT OF INSURANCE AND DEDUCTIBLE

        1.    Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

# 1616-CV17924

| MOA100192 |
|---|
| RENEWAL NUMBER |

**CROSS REFERENCE NUMBER**
02 GHM 000450 - 01

**ITEM ONE** NAMED INSURED & ADDRESS

MILLER INVESTMENT GROUP INC
DBA: AUTO NOW
2917 W 113TH STREET
LEAWOOD, KS 66211
POLICY PERIOD: Policy covers FROM    04/21/2013 12:01 AM    TO    04/21/2014

## BERKSHIRE HATHAWAY HOMESTATE
## INSURANCE COMPANY
### OMAHA, NEBRASKA
### GARAGE DECLARATIONS

*Missouri*

Med Jackas, Inc.
8596 College Blvd
Overland Park, KS 66210

FORM OF NAMED INSURED'S BUSINESS:    Corporation

NAMED INSURED'S BUSINESS:    USED AUTO SALES

12:01 A.M. Standard Time at the Named
Insured's Address stated above.

**ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS**
This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations."

| COVERAGES | | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT OF INSURANCE | | | PREMIUM |
|---|---|---|---|---|---|---|
| LIABILITY | | | EACH ACCIDENT GARAGE OPERATIONS | | AGGREGATE GARAGE OPERATIONS | |
| | | | "Auto" Only | Other than "Auto" Only | Other than "Auto" Only | |
| | | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | $ 20,672 |
| PERSONAL INJURY PROTECTION (P.I.P.) (or equivalent No-fault coverage) | | | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS $ Deductible | | | $ |
| ADDED P.I.P. (or equivalent added No-fault coverage) | | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT | | | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Deductible FOR EACH ACCIDENT | | | $ |
| MEDICAL PAYMENTS | | 22 | $ 1,000 | | | $ 573 |
| UNINSURED MOTORISTS | | 22 | 100,000 CSL (BI Only) | | | $ 895 |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | 22 | 100,000 CSL (BI Only) | | | $ 878 |
| GARAGE KEEPERS INSURANCE | COMPREHENSIVE COVERAGE | 30 | $ See M 5509 (08/2010) | | | $ 228 |
| | SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| | COLLISION COVERAGE | 30 | $ See M 5509 (08/2010) | | | $ 92 |
| PHYSICAL DAMAGE INSURANCE | COMPREHENSIVE COVERAGE | 22 | $ See M 5509 (08/2010) | See Supplementary Schedule for dealers' autos and autos held for sale by trailer dealers and non-dealers. | | $ 5,484 |
| | SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| | COLLISION COVERAGE | 22 | $ See M 5509 (08/2010) | | | $ 1,505 |

| FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION | PREMIUM FOR ENDORSEMENTS | $ |
|---|---|---|
| See M-4572 (12/1994) | ESTIMATED TOTAL PREMIUM | $ 30,327 |

ENTER SYMBOL 32 DESCRIPTION HERE:

POLICY SUBJECT TO A FULLY EARNED POLICYWRITING MINIMUM PREMIUM OF $    0    IF CANCELLED BY THE INSURED.

The estimated total premium for this policy is based on the exposures you told us you would have when this policy began. We will compute your final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated total premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

THIS DECLARATIONS MUST BE COMPLETED BY THE ATTACHMENT OF A SUPPLEMENTARY SCHEDULE

Countersigned at    **OVERLAND PARK, KS**    By _____
Authorized Representative

In Witness whereof, we have caused this policy to be executed and attested.

Secretary                    President
04/19/2013 09:66 8FC9A631-442D-406E-B694-EB996B8C890D

M-5608 (02/2011)    Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1986

**EXHIBIT 7**

# SCHEDULE OF FORMS AND ENDORSEMENTS AT POLICY INCEPTION

POLICY #     02 GHM 000450 - 01

INSURED     **MILLER INVESTMENT GROUP INC**

EFFECTIVE     04/21/2013 12:01 AM

| | | |
|---|---|---|
| M 4600a | 04/2003 | Commercial Policy Jacket |
| M 5608 | 02/2011 | Garage Coverage Declarations |
| M 4572 | 12/1994 | Schedule of Forms and Endorsements at Policy Inception |
| M 5509 | 08/2010 | Garage-Auto Dealers Supplementary Schedule |
| CA 0005 | 03/2006 | Garage Coverage Form |
| CA 9903 | 03/2006 | Auto Medical Payments Coverage |
| CA 2104 | 12/2012 | Missouri Uninsured Motorists Coverage |
| CA 3104 | 09/2010 | Missouri Underinsured Motorists Coverage |
| M 5057 | 08/2001 | Garagekeepers Coverage - Definition of "Customer's Auto" |
| CA 0165 | 10/2006 | Missouri Changes |
| M 5479 | 04/2010 | Towing and Storing Costs |
| M 4018a | 06/1991 | Garagekeepers Coverage Towing Exclusion |
| M 5012 | 11/2000 | Missouri Changes - Pollution Exclusion |
| M 5157 | 02/2004 | Missouri Changes - Cancellation and Nonrenewal |
| M 5623 | 04/2011 | Application of Policy - Financial Responsibility |
| M 3795 | 03/1987 | Punitive Damage Exclusion Duty to Defend Amendment |
| M 4047a | 09/2009 | Liquor Liability Exclusion |
| M 4166c | 11/2008 | Physical Damage Insurance - Dealers Limitation Endorsement |
| CA 2505 | 03/2006 | Garage Locations and Operations Medical Payments Coverage |
| CA 2516 | 10/2001 | Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| M 4628b | 10/2006 | Automobile Transporter, Tank Truck or Tank Trailer Exclusion |
| M 4629 | 11/1995 | Limitation Endorsement (Dealers) Drive-Away Operations |
| M 4632 | 10/1995 | Exclusion - Animals |
| M 4763a | 05/1999 | Garage Coverage - Exclusion of "Autos" Other Than Covered "Autos" |
| M 5529 | 10/2010 | Exclusion - No Maximum Deductible for Hall |
| M 5150b | 12/2007 | Terrorism Risk Insurance Endorsement |

Form Version 041001

04/19/2013 09:55 9FC9A531-442D-406E-B504-EB995B9C890D

M-4572 (12/94)

# NOTICE OF COVERAGE CHANGES

**INSURED:**     MILLER INVESTMENT GROUP INC

**COMPANY:**    Berkshire Hathaway Homestate Insurance Company

| | | | | |
|---|---|---|---|---|
| **RENEWAL POLICY #:** | 02 GHM 000450 - 01 | **POLICY TERM:** | 04/21/2013 | to | 04/21/2014 |
| **EXPIRING POLICY #:** | MO A10 0192 | **POLICY TERM:** | 04/21/2012 | to | 04/21/2013 |

This insurance policy, which is a renewal of the expiring policy listed above, has changes in coverage initiated by the Company. The changes in coverage are listed below. **TO UNDERSTAND YOUR POLICY AND THESE CHANGES, PLEASE READ YOUR POLICY CAREFULLY.** If you have any questions, please contact your insurance agent.

**RENEWAL POLICY CHANGES:**

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

| | |
|---|---|
| New Form | CA 0005 (3/2006) GARAGE COVERAGE FORM |
| New Form | CA 0165 (10/2006) Missouri Changes |
| New Form | CA 2104 (12/2012) Missouri Uninsured Motorists Coverage |
| New Form | CA 2505 (3/2006) Garage Locations and Operations Medical Payments Coverage |
| New Form | CA 2516 (10/2001) Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| New Form | CA 3104 (9/2010) Missouri Underinsured Motorists Coverage |
| New Form | CA 9903 (3/2006) Auto Medical Payments Coverage |
| New Form | M 3795 (3/1987) Punitive Damage Exclusion Duty to Defend Amendment |
| New Form | M 4018a (6/1991) Garagekeepers Coverage Towing Exclusion |
| New Form | M 4047a (9/2009) Liquor Liability Exclusion |
| New Form | M 4166c (11/2008) Physical Damage Insurance - Dealers Limitation Endorsement |
| New Form | M 4572 (12/1994) Schedule of Forms and Endorsements at Policy Inception |
| New Form | M 4600a (4/2003) Commercial Policy Jacket |
| New Form | M 4628b (10/2006) Automobile Transporter, Tank Truck or Tank Trailer Exclusion |
| New Form | M 4629 (11/1995) Limitation Endorsement (Dealers) Drive-Away Operations |
| New Form | M 4632 (10/1995) Exclusion - Animals |
| New Form | M 4763a (5/1999) Garage Coverage - Exclusion of "Autos" Other Than Covered "Autos" |
| New Form | M 5012 (11/2000) Missouri Changes - Cancellation and Nonrenewal |
| New Form | M 5067 (8/2001) Garagekeepers Coverage - Definition of "Customer's Auto" |
| New Form | M 5150b (12/2007) Terrorism Risk Insurance Endorsement |
| New Form | M 5157 (2/2004) Missouri Changes - Cancellation and Nonrenewal |
| New Form | M 5479 (4/2010) Towing and Storing Costs |
| New Form | M 5509-1 (8/2010) Garage-Auto Dealers Supplementary Schedule |
| New Form | M 5529 (10/2010) Exclusion - No Maximum Deductible for Hail |
| New Form | M 5608 (2/2011) Garage Declarations |
| New Form | M 5623 (4/2011) Application of Policy - Financial Responsibility |

M-5279a (10/2007)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# COMMON POLICY CONDITIONS

**All Coverages included in this policy are subject to the following conditions:**

A. **CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 10 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date at 12:01 a.m. unless another time is stated on the cancellation notice.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

B. **CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

C. **EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

D. **INSPECTIONS AND SURVEYS**

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the condition we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

E. **PREMIUMS**

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

F. **TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 934 of 1650

**NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT**

**(Broad Form)**

1. The insurance does not apply:

    A. Under any Liability Coverage, to "bodily injury" or "property damage";

        (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

        (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

    B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

    C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material," if:

        (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom.

        (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an "insured"; or

        (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

    "Hazardous properties" include radioactive, toxic or explosive properties;

    "Nuclear material" means "source material," "Special nuclear material" or "by-product material";

    "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

    "Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

    "Nuclear facility" means:

        (a) Any "nuclear reactor";

        (b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";

        (c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

        (d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

    and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

    "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

    "Property damage" includes all forms of radioactive contamination of property.

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Locations

**ITEM THREE – LOCATIONS**
Locations where you conduct "garage operations". The main business location is stated as location Number 1.
See the LOCATION AND LIABILITY SCHEDULE below.

**ITEM FOUR – LIABILITY COVERAGE PREMIUMS – DEFINITIONS**
  **Class I – Employees**
   • **Regular Operator:** Proprietors, partners and officers active in the "garage operations", salespersons,
     general managers, service managers; any employee whose principal duty involves the operation of
     covered "autos" or who is furnished a covered "auto".
   • **All Others:** All other employees.
   • **NOTE:**
     1. Part-time employees working an average of 20 hours or more a week for the number of weeks
        worked are to be counted as 1 rating unit each.
     2. Part-time employees working an average of less than 20 hours a week for the number of weeks
        worked are to be counted as 1/2 rating unit each.
  **Class II – Non-Employees:** Any of the following persons who are regularly furnished with a covered "auto":
  inactive proprietors, partners or officers and their relatives and the relatives of any person described
  in Class I.

**ITEM FIVE – LIABILITY COVERAGE FOR YOUR CUSTOMERS**
In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY COVERAGE,
Liability coverage for your customers is limited unless indicated below by "☒".

  ☒   If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY
      COVERAGE does not apply.

### LOCATION AND LIABILITY SCHEDULE

| Loc # | Location Street Address City, State, Zip | Class I – Employees Rating Units | Class II – Non-employees Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|
| 1 | 10500 E 24 HWY INDEPENDENCE, MO 64053 | 5.80 | | 5.80 | 6,151 | | |
| 2 | 307 NORTH AVE BELTON, MO 64102 | 2.40 | | 2.40 | 3,485 | | |
| 3 | 7901 WORNALL KANSAS CITY, MO 64114 | 7.60 | | 7.60 | 11,036 | | |
| | TOTAL PREMIUMS | | | | 20,672 | 0 | 0 |

\* Minimum Annual Liability Premium Equal to 2 Rating Units Per Policy.

04/19/2013 09:58 9FC9A531-442D-408E-B594-EB996B9C890D

Policy Number: **02GHM000450-01**

M-5509 -2 (08/2010)

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
## Garagekeepers Insurance

**ITEM SIX - GARAGEKEEPERS INSURANCE – COVERAGE AND PREMIUMS**
GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the direct coverage options is indicated below by "[X]".

DIRECT COVERAGE OPTIONS

[ ] EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers your or any other "insured's" interest or the interest of the covered "auto's" owner.

[X] PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

[X] **MAXIMUM DEDUCTIBLE**
If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ _____ 5,000 _____.

| Loc # | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) | | | | Premium |
|---|---|---|---|---|---|---|
| | Specified Causes of Loss | $ | MINUS $ | | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| 1 | Comprehensive | $ 25,000 | MINUS $ | 1,000 | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 114 |
| | Collision | $ 25,000 | MINUS $ | 1,000 | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 46 |
| | Specified Causes of Loss | $ | MINUS $ | | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| 3 | Comprehensive | $ 25,000 | MINUS $ | 1,000 | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 114 |
| | Collision | $ 25,000 | MINUS $ | 1,000 | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 46 |
| | | | | | TOTAL PREMIUM | $ 320 |

04/18/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-5509 -2 (08/2010)          Includes copyrighted material of Insurance Services Office, Inc., with its permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Policy Number: **02GHM000450-01**          M-5509 -3 (08/2010)

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Physical Damage

**ITEM SEVEN –**    **PHYSICAL DAMAGE COVERAGE – TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS – PREMIUMS – REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages which is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below "☒".

| Coverages | Types of "Autos" | | Interests Covered | | | |
|---|---|---|---|---|---|---|
| | New "autos" | Used "autos", demonstrators and service vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Loc # | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 1 | Spec. | $ | MINUS $ | DEDUCTIBLE FOR EACH COVERED "AUTO". | | $ |
| | Comp. | $ 180,000 | MINUS $ 1,000 | DEDUCTIBLE FOR EACH COVERED "AUTO". | | $ 1,994 |
| 2 | Spec. | $ | MINUS $ | DEDUCTIBLE FOR EACH COVERED "AUTO". | | $ |
| | Comp. | $ 135,000 | MINUS $ 1,000 | DEDUCTIBLE FOR EACH COVERED "AUTO". | | $ 1,496 |
| 3 | Spec. | $ | MINUS $ | DEDUCTIBLE FOR EACH COVERED "AUTO". | | $ |
| | Comp. | $ 180,000 | MINUS $ 1,000 | DEDUCTIBLE FOR EACH COVERED "AUTO". | | $ 1,994 |

| All | Collision | $ 495,000 MINUS $ 1,000 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | Adjustment Factor | |
|---|---|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | | | | |
| | | FIRST $50,000 | $50,001 to $100,000 | Over $100,000 | | |
| | | 1.81 | 0.90 | 0.46 | | $ 1,505 |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$ 81,000 Additional Locations where you store covered "autos" $   81,000   in transit  | TOTAL PREMIUM | $ 6,989

☒ **MAXIMUM DEDUCTIBLE**
If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $   5,000

**PREMIUM BASIS – Reporting (Quarterly or Monthly) or Nonreporting (Indicate Basis Agreed Upon by "☒").**

☐ **REPORTING BASIS (Quarterly or Monthly as indicated below by "☒").**
You must report to us on our form the locations of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1 you must include the total value of all covered autos you have furnished or made available to yourself, your executives, your employees or family members and other Class II – Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.
**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY** – You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the values for the last business day of every third month coming within the policy period.

☐ **MONTHLY** – You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.
MONTHLY – You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

| **LOSS PAYEES** – Any loss is payable as interest may appear to you and: |
|---|
| |

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-5509 -3 (08/2010)          Includes copyrighted material of insurance Services Office, Inc., with its permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Additional Information

**ITEM EIGHT – MEDICAL PAYMENTS COVERAGE**
Refer to ITEM NINE for covered "autos" insured on a specified car basis.

| Coverage | Premium Determination | | Premium |
|---|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals　　　% | | $ |
| Premises and Operations Medical Payments (Does not apply to "bodily injury" caused by any "auto") | Premises and Operations Medical Payments Premium equals　　　% | of the Liability Premium | $ |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals　2.77 % | | $　　573 |

**ITEM NINE –　SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS**

Refer to the SCHEDULE OF COVERED AUTOS for specified "autos". Refer to the Schedule below for "autos" furnished to someone other than a Class I or Class II Operator.

| Auto # | Person or Organization to which the Covered "auto" has been furnished (Do not include Covered "autos" which have been furnished to Class I or Class II operators). |
|---|---|
| | |

**ITEM TEN –　UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE – PREMIUMS**

| | Number of Plates | Rate Per Plate | Premium | |
|---|---|---|---|---|
| UM | 16 | 55.94 | $ | 895 |
| UIM | 16 | 54.88 | $ | 878 |

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI - Definitions.

**SECTION I - COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 941 of 1650

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" - Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".
   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "accident" occurs in the coverage territory;

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

    (3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" - Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance - "Garage Operations" - Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

  a. The following are "insureds" for covered "autos":

    (1) You for any covered "auto".

    (2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

      (b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

      (c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

**(d)** Your customers. However, if a customer of yours:

  **(I)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

  **(II)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

**(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

  **(1)** You.

  **(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

  **a. Supplementary Payments**

  We will pay for the "insured":

  **(1)** All expenses we incur.

  **(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

**(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

2. **Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

c. A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

d. The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

a. Property owned, rented or occupied by the "insured";

b. Property loaned to the "insured";

c. Property held for sale or being transported by the "insured"; or

d. Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

8. **Pollution Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

a. "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

<div style="writing-mode: vertical">Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM</div>

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

   **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

   **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs a.(1) and a.(3)(b) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph a.(1) does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph a.(3)(b) does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 946 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

b. A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**C. Limit Of Insurance**

**1. Aggregate Limit Of Insurance - "Garage Operations" - Other Than Covered "Autos"**

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance - "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

**2. Limit Of Insurance - "Garage Operations" - Covered "Autos"**

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

**D. Deductible**

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

**SECTION III - GARAGEKEEPERS COVERAGE**

**A. Coverage**

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   a. You.

   b. Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   a. All expenses we incur.

   b. The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   c. All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   e. All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

**B. Exclusions**

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   a. Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   b. Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV - PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage - Hitting A Bird Or Animal - Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles. However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06    ☐

3. **Coverage Extension - Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   a. **Nuclear Hazard**

   (1) The explosion of any weapon employing atomic fission or fusion; or

   (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   b. **War Or Military Action**

   (1) War, including undeclared or civil war;

   (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

   a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

f. Any accessories used with the electronic equipment described in Paragraph e. above.

Exclusions 2.e. and 2.f. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

3. **False Pretense**
   We will not pay for "loss" to a covered "auto" caused by or resulting from:
   a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or
   b. Your acquiring an "auto" from a seller who did not have legal title.
4. We will not pay for:
   a. Your expected profit, including loss of market value or resale value.
   b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.
   c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.
   d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.
5. We will not pay for "loss" to a covered "auto" due to "diminution in value".
6. **Other Exclusions**
   We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:
   a. Wear and tear, freezing, mechanical or electrical breakdown; or
   b. Blowouts, punctures or other road damage to tires.

C. **Limits Of Insurance**
   1. The most we will pay for "loss" to any one covered "auto" is the lesser of:
      a. The actual cash value of the damaged or stolen property as of the time of "loss"; or
      b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.
   2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".
   3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

4. The following provisions also apply:
   a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.
   b. **Quarterly Or Monthly Reporting Premium Basis**
      If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report. If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.
   c. **Non-Reporting Premium Basis**
      If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

D. **Deductible**
   For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:
   1. The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:
      a. Theft or mischief or vandalism; or
      b. All perils.
   2. Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:
      a. Theft or mischief or vandalism; or
      b. All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06  ☐

## SECTION V - GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

1. **Appraisal For Physical Damage Loss**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

   The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

      (1) How, when and where the "accident" or "loss" occurred;

      (2) The "insured's" name and address; and

      (3) To the extent possible, the names and addresses of any injured persons and witnesses.

   b. Additionally, you and any other involved "insured" must:

      (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

      (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

      (4) Authorize us to obtain medical records or other pertinent information.

      (5) Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

   c. If there is "loss" to a covered "auto" or its equipment you must also do the following:

      (1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

      (2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

      (3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

      (4) Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   a. There has been full compliance with all the terms of this Coverage Form; and

   b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment - Physical Damage Coverages**

   At our option we may:

   a. Pay for, repair or replace damaged or stolen property;

   b. Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

   c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

   If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. **Transfer Of Rights Of Recovery Against Others To Us**

   If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**B. General Conditions**

1. **Bankruptcy**

   Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

2. **Concealment, Misrepresentation Or Fraud**

   This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

   a. This Coverage Form;

   b. The covered "auto";

   c. Your interest in the covered "auto"; or

   d. A claim under this Coverage Form.

3. **Liberalization**

   If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

4. **No Benefit To Bailee - Physical Damage Coverages**

   We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

5. **Other Insurance**

   a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

      (1) Excess while it is connected to a motor vehicle you do not own.

      (2) Primary while it is connected to a covered "auto" you own.

   b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

   c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

   d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

6. **Premium Audit**

   a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

   b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

7. **Policy Period, Coverage Territory**

   Under this Coverage Form, we cover:

   a. "Bodily injury", "property damage" and "losses" occurring; and

   b. "Covered pollution cost or expense" arising out of "accidents" occurring

   during the policy period shown in the Declarations and within the coverage territory.

   The coverage territory is:

   a. The United States of America;

   b. The territories and possessions of the United States of America;

   c. Puerto Rico;

   d. Canada; and

   e. Anywhere in the world if:

      (1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 954 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI - DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

  **1.** A lease of premises;

  **2.** A sidetrack agreement;

  **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

  **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

  **5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

  **6.** An elevator maintenance agreement; or

  **7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

  **1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

    **a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

    **b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

  **2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

  **3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

  **4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

  **5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

     © ISO Properties, Inc., 2005      CA 00 05 03 06  ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 956 of 1650

**N.** "Products" includes:
1. The goods or products you made or sold in a garage business; and
2. The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:
1. Damages because of "bodily injury" or "property damage"; or
2. A "covered pollution cost or expense", to which this insurance applies, are claimed. "Suit" includes:
   a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or
   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:
1. Work that someone performed on your behalf; and
2. The providing of or failure to provide warnings or instructions.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".
2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.
2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 958 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily Injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

**D. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance - Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

© ISO Properties, Inc., 2005

CA 99 03 03 06 □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Named Insured: | MILLER INVESTMENT GROUP INC |
|---|---|
| Endorsement Effective Date: | 04/21/2013 12:01 AM |

**SCHEDULE**

| Limit Of Insurance: $ | See M 5608 (02/2011) | Each "Accident" |
|---|---|---|

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. No judgment for damages arising out of a "suit" brought against the owner or operator of an "uninsured motor vehicle" is binding on us unless we have:

   a. Received reasonable notice of the pendency of the "suit" resulting in the judgment; and

   b. Had a reasonable opportunity to protect our interests in the "suit".

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment. However, this exclusion applies only to the extent that the limits of liability for Uninsured Motorists Coverage exceed the minimum limits of liability required by the financial responsibility law of Missouri.
2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.
3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or, if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.
4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.
5. Punitive or exemplary damages.
6. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**D. Limit Of Insurance**

1. Regardless of the number of "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

However, if "bodily injury" to which this coverage applies is sustained by any person other than an individual Named Insured or any "family member", the Limit Of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:
   a. The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations for this coverage at the time of the "accident".
   b. An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph a. above.

A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The Conditions are changed for Missouri Uninsured Motorists Coverage as follows:

1. The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 961 of 1650

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:
   a. Promptly notify the police if a hit-and-run driver is involved; and
   b. Promptly send us copies of the legal papers if a "suit" is brought.
3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:
   If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.
4. The following condition is added:
   **Arbitration**
   a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.
   b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.
5. **Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

F. **Additional Definitions**
   As used in this endorsement:
   1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.
   2. "Occupying" means in, upon, getting in, on, out or off.
   3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":
      a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;
      b. For which an insuring or bonding company denies coverage or is or becomes insolvent; or
      c. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:
         (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or
         (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.

   However, "uninsured motor vehicle" does not include any vehicle:
   a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or
   b. Designed for use mainly off public roads while not on public roads.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:  02 GHM 000450 - 01

COMMERCIAL AUTO
CA 31 04 09 10

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the coverage form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Named Insured: | **MILLER INVESTMENT GROUP INC** |
| **Endorsement Effective Date:** | **04/21/2013 12:01 AM** |

**SCHEDULE**

| | | |
|---|---|---|
| Limit Of Insurance: $ | See M 5608 (02/2011) | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if Paragraph a. or b. below applies:
   a. The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or
   b. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:
      (1) Have been given prompt written notice of such tentative settlement; and

   (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":
   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".
   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

CA 31 04 09 10          © Insurance Services Office, Inc., 2010          Page 1 of 3   □

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

5. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

## E. Changes In Conditions

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Subject to all other provisions of this policy, including but not limited to:

      (1) Exclusion **C.2.** of this endorsement;

      (2) Paragraph **D. Limit Of Insurance** of this endorsement;

      (3) Paragraph **E.1.a.** of the **Other Insurance** condition of this endorsement; and

      (4) The **Two Or More Coverage Forms Or Policies Issued By Us** condition of this policy:

      any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

(2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

a. Promptly notify the police if a hit-and-run driver is involved;

b. Promptly send us copies of the legal papers if a "suit" is brought; and

c. A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

4. The following condition is added:

**Arbitration**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

F. **Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self insurer under any applicable motor vehicle law; or

b. Designed for use mainly off public roads while not on public roads.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS COVERAGE – DEFINITION OF "CUSTOMER'S AUTO"

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**Section VI – Definitions, Paragraph E.** is changed to read as follows:

E. "Customer's auto" means a land motor vehicle, "trailer" or semitrailer while left with you for service, repair, storage or safekeeping. Customers include:
    a. your "employees" and
    b. members of their households,
while you are providing them service, repair, storage or safekeeping for which you are paid.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | Endorsement Effective<br>04/21/2013 12:01 AM |
| Named Insured<br>MILLER INVESTMENT GROUP INC | Countersigned by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5057 (8/2001)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** **Coverage Extensions** is amended as follows: The following is added to **Supplementary Payments:**

(7) Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

(6) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph a.**(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

(f) If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C.** **Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

1. If your business is other than selling, repairing or servicing "autos":

    a. The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

    b. The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

    Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

04/18/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 967 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

2. If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms: Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

D. The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

E. The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

F. **Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

1. Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

2. The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

   a. Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

   b. Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000. However, the Association will not:

      (1) Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

      (2) Return to an "insured" any unearned premium in excess of $25,000.

   These limitations have no effect on the coverage we will provide under this policy.

© ISO Properties, Inc., 2006  CA 01 65 10 06  □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 968 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TOWING AND STORING COSTS

The following modifies the Coverage Extensions under Physical Damage Coverage:

In the event of a "loss" to a covered "auto" to which this policy's Physical Damage Coverage applies, we will pay the necessary and reasonable incurred cost of towing the covered "auto" to the nearest facility capable of making the necessary repairs or to another location if we agree upon that location prior to towing. We will also pay the necessary and reasonable incurred cost of storing the covered "auto" for the time required to adjust the claim, subject to a maximum time in storage of 30 days.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# GARAGEKEEPERS COVERAGE
## TOWING EXCLUSION
### AMENDMENT OF **LIMIT OF INSURANCE AND DEDUCTIBLE**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION III – GARAGEKEEPERS COVERAGE**

**B. EXCLUSIONS** is changed by adding the following:

We will not pay for "loss" to any customer's "auto" while being transported behind or on any other "auto" (including being attached to or detached from any other "auto").

**C. LIMIT OF INSURANCE AND DEDUCTIBLE 1.** and **2.** are deleted and replaced by the following:

1. Regardless of the number of covered "autos," "insureds," premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** for that location minus the applicable deductible.

2. For each covered "auto" our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible for each "loss," as shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | **Endorsement Effective** |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES – POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

A. The following is added to the Pollution Exclusion in Section II - Liability Coverage in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such "pollutants" have a function in your business, operations, premises, site or location, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels, or lubricants.

B. The **Pollution Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"** in Section II - Liability Coverage in the Garage Coverage Form is replaced by the following:

8. "Bodily injury," "property damage" or "loss, cost or expenses" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

As used in this endorsement:

"Loss, cost or expense" means those resulting from any:

(1) Request, demand or order that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants."

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants."

This Pollution Exclusion applies even if such "pollutants" have a function in your business, operations, premises, site or location, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels or lubricants.

C. The following is added to the definition of "pollutants" under the Definitions Section of the Coverage Form:

"Pollutants" includes irritants, contaminants or toxic substances which are your product or which arise out of or are used in connection with your product, your work, your premises or your operations, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels or lubricants.

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-5012 (11/2000)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## MISSOURI CHANGES - CANCELLATION AND NONRENEWAL

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> TRUCKERS COVERAGE FORM
> CARGO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. If you are an individual, partnership, or a limited liability company and a covered "auto" you own is of the "private passenger type," and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations, or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto." The following Condition applies instead:

ENDING THIS POLICY

1. Cancellation
   a. You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

   b. If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

   c. When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

      (1) Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.
      (2) If you are an individual, partnership, or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.
      (3) If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto." The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

   d. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

   e. The effective date of cancellation stated in the notice shall become the end of the policy period.

   f. Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

2. Nonrenewal

a. If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

b. If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

c. Our notice of nonrenewal will state the actual reason for nonrenewal unless the nonrenewal is due to nonpayment of premium.

3. Mailing of Notices

Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known address. Proof of mailing of any notice shall be sufficient proof of notice.

B. For "autos" not described in paragraph A above:

1. Paragraph 2. of the CANCELLATION Common Policy Condition is replaced by the following:

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

b. 10 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

(1) Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;
(2) Changes in conditions after the effective date of this policy which have materially increased the risk assumed;
(3) We become insolvent; or,
(4) We involuntarily lose reinsurance for this policy.

c. 60 days before the effective date of cancellation if we cancel for any other reason.

3. The following is added and supersedes any provision to the contrary:

NONRENEWAL

a. We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

b. If notice is mailed, proof of mailing will be sufficient proof of notice.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number 02 GHM 000450 - 01 |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | Endorsement Effective 04/21/2013 12:01 AM |
| Named insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-5623 (04/2011)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# APPLICATION OF POLICY - FINANCIAL RESPONSIBILITY

If a court reforms, rescinds, voids, or invalidates any provision or exclusion of this policy due to applicable state financial responsibility law, that provision or exclusion will be amended to apply only in excess of the statutorily required minimum limits of liability.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5623 (04/2011)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

## PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.

The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.

In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-4047a (09/2009)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIQUOR LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION II – LIABILITY COVERAGE – B. EXCLUSIONS** is changed by adding the following:

This insurance does not apply to "bodily injury" or "property damage" for which an insured may be held liable by reason of:

1. Causing or contributing to the intoxication of any person; or

2. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

3. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you use the premises in part for the following purposes:

1. Serving or furnishing alcoholic beverages for a charge whether or not such activity:

   a. Requires a license; or

   b. Is for the purpose of financial gain or livelihood; or

2. Serving or furnishing alcoholic beverages without a charge, if a license is required for such activity.


All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | By |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB896B9C890D

Contains Copyrighted ISO Material used with permission

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

POLICY NUMBER:     02 GHM 000450 - 01

COMMERCIAL AUTO
CA 25 05 03 06

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

CA 25 05 03 06

© ISO Properties, Inc., 2005

04/19/2013 09:56 9FC9A531-442D-408E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

　a. "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

　b. Any loss, cost or expense arising out of any:

　　(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

　　(2) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB896B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 978 of 1650

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-4166c (11/2008)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PHYSICAL DAMAGE INSURANCE – DEALERS LIMITATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION IV - PHYSICAL DAMAGE COVERAGE** is amended as follows:

**B. EXCLUSIONS** is amended by adding the following exclusion:
We will not pay for "loss" to any "consigned automobile".

**C. LIMITS OF INSURANCE** paragraphs **1.** and **4.c.** are deleted and replaced by the following:
**1.** The most we will pay for "loss" to any one covered "auto" not scheduled on the **SCHEDULE OF COVERED AUTOS** is the lesser of:
  **a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or
  **b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or
  **c.** $ _____30,000_____ ($30,000 or the Dealer Open Lot Limit, whichever is less, if left blank).

**4. c.** Non-Reporting Premium Basis. When a "loss" occurs, we will establish the total value of your covered "autos".
  **(1)** If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is 80% or more of the actual cash value of your covered "autos" at the location of the "loss", we will pay the full value of the "loss" up to the Limit of Insurance.
  **(2)** If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is less than 80% of the total actual cash value of your covered "autos" at the location of the "loss", we will pay only a percentage share of the "loss", up to the Limit of Insurance. We will determine this percentage share by dividing the Limit of Insurance shown in the **SCHEDULE** for the location of the "loss" by the total actual cash value of your covered "autos" at the location of the "loss", and multiplying the resulting quotient by 1.25.

**D. DEDUCTIBLE** is deleted and replaced by the following:
  **1.** For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible as shown in the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** or **SCHEDULE OF COVERED AUTOS**.
  **2.** Deductibles apply for each covered "auto", for each "loss".

**SECTION VI - DEFINITIONS** is changed by adding the following:

"Consigned Automobile" means an "auto" held by you for sale, but does not include:
  **(1)** An "auto" owned by you, or
  **(2)** An "auto" on which your creditor has placed a lien.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP INC | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4166c (11/2008)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTOMOBILE TRANSPORTER, TOW TRUCK, TANK TRUCK OR TANK TRAILER EXCLUSION

This endorsement modifies all coverages provided under this Policy.

This insurance does not apply to "bodily injury", "property damage", or "covered pollution cost or expense" resulting from ownership, maintenance or use of any "automobile transporter", tank truck or tank trailer unless:

1. The "automobile transporter", tank truck or tank trailer is specifically described and scheduled on this policy with a premium charged for the applicable coverage; or

2. The "automobile transporter", tank truck or tank trailer is a "customer's auto".

"Automobile transporter" means an "auto" designed or used to transport one or more "autos". "Automobile transporter" includes but is not limited to car carriers and tow trucks.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4628b (10/2006)                              04/19/2013 09:56 9FC8A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

M-4629 (11/95)

## LIMITATION ENDORSEMENT
### (Dealers) Drive-Away Operations

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**A. SECTION VI - DEFINITIONS** is changed by adding the following:

"Drive-Away Operations" means the pick-up or delivery of covered autos while being driven, towed, or carried by any auto owned, hired, or borrowed by you or your agent or employee.

**B. SECTION II - LIABILITY COVERAGE and Collision Coverage in SECTION IV - PHYSICAL DAMAGE COVERAGE** does not apply to "Drive-Away Operations" conducted more than 150 miles outside the city or town limits of where Coverage Operations are conducted, as shown on the declarations of the policy, unless item C. below is completed to extend this radius limitation.

**C.** In consideration of the additional premium shown below, "Drive-Away Operations" are extended to a radius of _____ road miles for Liability Coverage and/or a radius of _____ for Physical Damage Coverage, from the city or town limits of where Garage Operations are conducted, as shown in the declarations of the policy.

This coverage extension requires an additional premium of:

$ _____ Liability Coverage

$ _____ Physical Damage Coverage

$ _____ Total Additional Premium

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |

(Authorized Representative)

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION — ANIMALS

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

This insurance does not apply to "bodily injury," "property damage," "personal injury" or "medical payments" arising out of the ownership, maintenance, use, failure to license, or lack of control of any animal by any insured.

All other terms, conditions and agreements of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | by |

(Authorized Representative)

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:57 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**GARAGE COVERAGE — EXCLUSION OF "AUTOS" OTHER THAN COVERED "AUTOS"**

This endorsement modifies insurance provided under the following:

    GARAGE COVERAGE FORM

SECTION II - LIABILITY COVERAGE, B. EXCLUSIONS, is changed by adding the following exclusion:

    This insurance does not apply to:

    "AUTOS" OTHER THAN COVERED "AUTOS"
    "Bodily injury" or "property damage" resulting from the maintenance of any "auto"
    which is not a covered "auto" under this policy if such "bodily injury" or "property
    damage" occurs while such "auto" is being used for garage business.

SECTION VI - DEFINITIONS, "Garage operations" is deleted and replaced by the following:

    "Garage operations" means the ownership, maintenance, or use of locations for
    garage business and that portion of the roads or other accesses that adjoin
    these locations. "Garage operations" includes the ownership, maintenance, or
    use of the "autos" indicated in SECTION I of this Coverage Form as covered
    "autos." "Garage operations" also includes all operations necessary or incidental
    to a garage business. "Garage operations" does not include the ownership or
    use of any "auto" which is not a covered "auto" under this policy.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | by |

                              (Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-4763a (5/1999)

    04/19/2013 09:57 9FC9A531-442D-406E-B594-EB996B9C890D

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – NO MAXIMUM DEDUCTIBLE FOR HAIL

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

The MAXIMUM DEDUCTIBLE for Specified Causes of Loss or Comprehensive Coverage shown in the Declarations or Schedule does not apply to "loss" caused by hail, whether driven by wind or not. For "loss" caused by hail, whether driven by wind or not, the deductible shown in the Declarations or Schedule applies for each covered "auto".

All other terms, limits, provisions and conditions of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:57 9FC9A531-442D-406E-B594-EB996B9C890D

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# TERRORISM RISK INSURANCE ENDORSEMENT

## NOTICE TO POLICYHOLDERS REQUIRED UNDER TERRORISM RISK INSURANCE ACT OF 2002

Pursuant to the requirements of the Terrorism Risk Insurance Act of 2002 (the "Act"), including all amendments thereto, we advise you of the following information:

Coverage for acts of terrorism is included in this policy subject to the terms, conditions, limits and exclusions contained therein. Under this coverage, certain losses caused by certified acts of terrorism may be partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays a portion (85% in Calendar Year 2008 through expiration) of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. While your insurer faces significant exposure under your policy for losses caused by acts of terrorism, the premium you paid for the policy does not reflect that exposure. **Consequently, no premium is currently being charged on your policy for the risk of losses caused by certified acts of terrorism.**

THERE IS AN ANNUAL LIABILITY CAP FOR COVERED TERRORISM LOSSES UNDER THE ACT EQUAL TO $100,000,000,000 OF AGGREGATE INSURED LOSSES AS DEFINED IN THE ACT. LOSSES PAID UNDER THIS COVERAGE WILL BE PARTIALLY REIMBURSED BY THE UNITED STATES UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. UNDER THIS FORMULA, THE UNITED STATES PAYS A PORTION (85% IN CALENDAR YEAR 2008 THROUGH EXPIRATION) OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. ANY INSURER THAT HAS SATISFIED THEIR STATUTORILY ESTABLISHED DEDUCTIBLE IS NOT LIABLE FOR AND THE UNITED STATES SECRETARY OF THE TREASURY IS NOT AUTHORIZED TO PAY ANY PORTION OF SUCH LOSSES EXCEEDING THE CAP ON ANNUAL LIABILITY OF $100,000,000,000.

Premium on renewal of your coverage may be charged for you to maintain coverage for losses arising out of acts of terrorism. In that event you will be informed of such charges to the extent required by federal or state law.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | |
| | by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**Berkshire Hathaway Homestate Insurance Company**

A STOCK COMPANY

# COMMERCIAL POLICY

## Report **ALL** Accidents To:

# 1-800-356-5750

**24 Hour**          **Toll Free**

<div style="border: 1px solid black;">

**IMPORTANT NOTICE
TO AUTOMOBILE POLICYHOLDERS**

If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in termination of your policy.

</div>

THESE POLICY PROVISIONS WITH THE DECLARATIONS PAGE, COVERAGE FORM AND ENDORSEMENTS, IF ANY, COMPLETE THIS POLICY. THIS POLICY IS A LEGAL CONTRACT BETWEEN THE POLICY OWNER AND THE COMPANY.

## READ YOUR POLICY CAREFULLY

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

# *Oak River Insurance Company*

A member of the Berkshire Hathaway group of insurance companies

March 15, 2013

CERTIFIED MAIL – RETURN RECEIPT
REGULAR U.S. MAIL

**OK to send**
**TMortland 3/15/13**

GALLAS AND SCHULTZ
ALAN B. GALLAS, ATTORNEY
9140 WARD PARKWAY
SUITE 200
KANSAS CITY, MO 64114

MILLER INVESTMENT GROUP INC
DBA  AUTO NOW
2917 W. 113TH ST
LEAWOOD, KS  66211

Re:     Claim Number:       50 24 245373
        Policy Number:      50 MOA100124
        Insured:            MILLER INVESTMENT GROUP INC
        Claimant:           QUENTON  SHELBY
        SUIT:               *MILLER INVESTMENT GROUP,  Plaintiff/Counterclaim-*
                            *Defendant v.*
                            *QUENTON SHELBY,Defendant/Counterclaimant*

Dear Attorney Gallas and Miller Investment Group:

Oak River Insurance Company ("Oak River") received notice of the above-referenced Counterclaim currently pending in the Sixteenth Judicial Circuit Court Jackson, MO, case no. 1216- CV24936, division 26.

We previously sent Attorney Gallas correspondence dated 2/26/13, reserving our rights related to this Counterclaim at which time we advised we were investigating to determine if any policies issued to Miller Investment Group Inc. ("Miller Investment") would apply and if we would take over the defense of the Counterclaim brought by Shelby. For the reasons set forth below, Oak River disclaims any duty to defend or indemnify Miller Investment for any damages alleged in the Counterclaim.

Claim Operations ▪ P.O. Box 31361 ▪ Omaha, Nebraska 68131-0361 ▪ Telephone (402) 916-3800 ▪ Facsimile: (402) 916-3031
E-mail: Reports@nationalindemnity.com

**EXHIBIT**
**8**

Miller Investment d/b/a/ Auto Now Belton filed a Complaint against Quenton Shelby ("Shelby") which alleged as follows:    Shelby executed a Retail Installment Contract and Security Agreement on  September 30, 2010 (the "Shelby Contract").  Shelby failed to make an installment payment and failed to cure his default.  Miller Investment obtained possession of the collateral and after reasonable notice to Shelby on April 9, 2012, it sold the collateral on April 19, 2012. Miller Investment sent Shelby a deficiency balance notice on May 1, 2012.

Shelby's Counterclaim states it is a consumer class action seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by Miller Investment with respect to the repossession of collateral.  The Counterclaim alleges the Notice of Sale sent to Shelby failed to comply with the UCC several respects. The Counterclaim seeks statutory damages under the UCC; damages equal to any and all monies paid to Miller Investment by Shelby for time price differential, delinquency and collection charges; a preliminary and permanent injunction enjoining Miller Investment from engaging in the alleged practices;  a mandatory injunction compelling Miller Investment to remove adverse credit information which may have been wrongfully reported on consumer reports of Shelby; and a declaration that the presale notice sent by Miller Investment fails to comport with the provisions of the UCC.

Oak River Insurance Company issued Garage Policy # MOA100192 to Miller Investment Group Inc. dba Auto Now effective 4/21/11 to 4/21/12 and renewal policy #MOA100192 effective from 4/21/12 to 4/21/13.[1]

Garage Coverage Form CA 0005 (03/06) contained in the Policies provides as follows:

SECTION II – LIABILITY COVERAGE

A.  Coverage

1.  "Garage Operations – Other Than Covered "Autos""

a.  We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance, or use of covered "autos".

We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

The Policies contains the following definitions:

Section VI – DEFINITIONS

A.  "Accident" includes continuous and repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B.  "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

C.  "Insured Contract" means:

---

[1]Oak River also issued Policy #KSA100112 effective 4/21/11 to 4/21/12 and renewal policy KSA100112 effective 4/21/12 to 4/21/13 to Miller Investment Group dba Auto Now.  The KSA100112 policies exclude coverage for the Used Car Dealership operations located at Belton, Missouri.

1. A lease of premises;
2. A sidetrack agreement;
3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;
6. An elevator maintenance agreement; or
7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
    a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or
    b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.
2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.
3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.
4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.
5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

M. "Property Damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:

1. damages because of "bodily injury" or "property damage" or
2. A "covered pollution cost or expense",

to which this insurance applies are claimed.

"Suit" includes:

a. An arbitration proceeding in which such damages or "covered pollution cost or expense" are claimed and to which the "insured" must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution cost or expense" are claimed and to which the insured submits with our consent.

The Policies also contain the following exclusions:

B. Exclusions

This insurance does not apply to any of the following:

1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

2. Contractual

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:
   a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or
   b. That the "insured" would have in the absence of the contract or agreement.

6. Care, Custody or Control

"Property damage" to or "covered pollution cost or expense involving:

   c. Property held for sale or being transported by the "insured"; or

   d. Property in the insured's care, custody or control.

14. Loss of Use

Loss of use of other property not physically damaged if caused by:

   a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   b. A defect, deficiency, inadequacy or dangerous condition in your "products" or work you performed". But this exclusion, 14b., does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

The Counterclaim is seeking damages based on Shelby's Contract with Miller Investment for the purchase of a 2003 Mercury Mountaineer. The damages do not arise out of an "accident", therefore there is no coverage under the Policies. In addition, the damages alleged in the Counterclaim do not come within the definition of "bodily injury" or "property damage" as defined in the Policies, therefore there is no coverage under the Policies. In addition, a request for an injunction does not qualify as a "suit".

The Policies also include several exclusions that apply to preclude coverage for the allegations contained in the Counterclaim. To the extent that any alleged damages were expected or intended by Miller Investment, there is no coverage under Policies. Damages for

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

liability assumed under a contract are excluded. Also, to the extent that any of Shelby's alleged damages occurred while the vehicle was in Miller's care, custody or control, or being held for sale, there is no coverage under the Policies. Also, damages for loss of use are excluded if caused by Miller Investment's failure to perform a contract in accordance with its terms.

For the reasons set forth above, Oak River will not defend or indemnify Miller Investment for the allegations contained in Shelby's Counterclaim. Our position is based on the information we have received to date. If you know or learn of information not already provided to us, contact us immediately. Should additional suit papers be filed against Miller Investment, we ask you forward them to us to review. We will review all new information to assure Oak River fully performs its obligations under the Policies and applicable law.

Reference to specific provisions of the Policies are not a waiver of our rights under any other provision of the Policies. No further action by will constitute or in any way is intended to waive or modify any of Oak River's rights under the Policies or applicable law, or to admit any fact, principle or obligation under the Policies. Oak River may at any time assert any of these additional rights or defenses.

Please call me at 402-916-3485 if you have any questions regarding this Counterclaim.

Sincerely,


Jim Hercinger
Claim Operations

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**SIXTEENTH JUDICIAL CIRCUIT COURT**
**JACKSON COUNTY, MISSOURI**

FILED
DIVISION 10
04-Mar-2016  10:54
CIRCUIT COURT OF JACKSON COUNTY, MO
BY  *Emily Kissee*

MILLER INVESTMENT GROUP,

    Counterclaim-Defendant,

v.

QUENTON SHELBY,

    Counterclaimant.

Case No. 1216-CV24936
Division: 8

### Final Approval Order

Upon careful review and consideration of the record, the Parties' Settlement Agreement and Release dated December 18, 2015 (the "Agreement"), the evidence and arguments of counsel as presented at the Fairness Hearing held on March 4, 2016, the memoranda filed with this Court, and all other filings for the parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Incorporation of Other Documents**.  This Order incorporates and makes the following a part of this Order:

    a.    The Agreement, filed with this Court about December 22, 2015; and

    b.    The following exhibits to the Agreement: (i)  Schedule A (Proposed Distribution Schedule of "Net Distributable Settlement Fund," filed under seal); (ii) Exhibit A (Class Mail Notices); (iii)  Exhibit B (Long-Form notice available to the Settlement Class); (iv) Exhibit C (list of members of the Settlement Class, filed under seal).

Unless otherwise provided, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

**EXHIBIT**
**9**

2. **Jurisdiction**. Because adequate notice was disseminated and all potential members of the Settlement Class (as defined below) were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Settlement Class. The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to enter the accompanying Final Judgment.

3. **Final Class Certification**. The Settlement Class, which this Court previously certified preliminarily, is finally certified under Missouri Rules of Civil Procedure 52.08, the Court finding that the Settlement Class fully satisfies all of the requirements of Missouri Rules of Civil Procedure 52.08 and due process. The Settlement Class is defined:

> All persons: (a) who are named as borrowers or buyers on a loan or financing agreement with MIG or assigned to MIG; (b) whose loan or financing agreement was secured by collateral; (c) whose collateral was repossessed or voluntarily surrendered; and (d) whose collateral was disposed of from January 10, 2008, to April 21, 2015.

A. **Numerosity**. Pursuant to Rule 52.08(a)(1), the Court finds sufficient evidence that the number of persons in the Settlement Class is so numerous that joinder of all members is impracticable. A party "does not have to specify an exact number of class members to satisfy the numerosity prerequisite for class certification, but must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of purported class

members." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 167 (Mo. App. 2006). As few as 40 class members should presumptively satisfy this requirement. *Id.* at 168; Alba Conte & Herbert Newberg, 1 Newberg on Class Actions section 3:5, at 1 (4th ed.2002). The parties estimate there are at least 2,350 class members, which satisfies the numerosity requirement of Rule 52.08(a).

B. **Commonality/Predominance**. Pursuant to Rule 52.08(a)(2) and (b)(3), the Court finds there are questions of law and fact common to all Members of the Settlement Class and that those common questions predominate over any questions affecting individual members of the Settlement Class. "A single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions." *Meyer ex rel. Coplin v. Fluor Corp.,* 220 S.W.3d 712, 716 (Mo. banc 2007). The overriding common issue in this litigation is whether the right to cure, presale and post-sale notices sent by MIG complied with Chapter 408 of the Missouri Revised Statutes and the Uniform Commercial Code. Individual issues, if any, regarding choice-of-law, damages, or affirmative defenses such as the statute of limitations, res judicata, collateral estoppel or bankruptcy do not defeat the predominance of the common issues. *Craft v. Philip Morris Cos.,* 190 S.W.3d 368, 383 (Mo. App. 2005) ("The predominance of the common issues is not defeated simply because individual questions may remain after the common issues are resolved, such as questions of damages or individual defenses.").

C. **Typicality**. Pursuant to Rule 52.08(a)(3), the Court finds the claims of the

named Class Representative are typical of the claims of the members of the Settlement Class. "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *Hale v. Wal-Mart Stores, Inc.,* 231 S.W.3d 215, 223 (Mo. App. 2007). Shelby and each Class members' claims arise from the same conduct: MIG's and its agents' failure to send the statutorily required notices in violation of Chapter 408 and the UCC. Chapter 408 and the UCC give each class member the same remedy for these violations.

D. **Adequacy**. Pursuant to Rule 52.08(a)(4), the Court finds Counterclaimant Quenton Shelby is a member of the class he seeks to represent. There are no apparent conflicts of interest between Counterclaimant Quenton Shelby and the Settlement Class, or among the members of the Settlement Class, and Shelby and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class. The Court notes Counterclaimant has vigorously pursued this litigation through qualified counsel and has a sufficient understanding of his role as class representative. The Court notes the complexity of this matter as a class action and finds Class Counsel have conferred and will continue to confer substantial benefits on the Settlement Class valued at approximately $12,930,000 by obtaining preliminary approval, monitoring and ensuring compliance with the terms of the Settlement Agreement, obtaining final approval and assisting with administration of the Settlement Agreement.

E. **Superiority**. Pursuant to Rule 52.08(b)(3), the Court finds that the class action

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

procedure is superior to other available methods for the fair and efficient adjudication of this litigation. First, economic realities make it virtually impossible for individual Class Members to prosecute individual claims against MIG. The majority of Class members' individual stakes are relatively small when compared to MIG's incentive to exhaustively litigate each individual claim. Most Class members whose life circumstances prevented them from making payments on their loans could not retain an attorney, on an hourly basis, for this type of representation. And for those that could afford it, they are likely unaware of their rights, and the UCC, having been violated. The alternative to a class action is not thousands of individual lawsuits, but zero individual suits. The class action procedure is not only superior to individual actions, it is likely the only viable alternative for Class members to seek relief. *Whitney v. Alltel Communications, Inc.*, 173 S.W.3d 300, 309 (Mo. App. 2005). These considerations weigh heavily in favor of class certification. Second, there is no evidence any other member of the Class has commenced litigation of this type against MIG. Third, concentrating separate actions based on the same underlying conduct in one action promotes judicial economy and efficiency and consistency of judgments. Forcing many Class members to bring individualized suits would unnecessarily burden judicial resources and would create the risk of multiple inconsistent results for similarly situated parties. MIG's conduct of business in this forum also weighs in favors of superiority. Finally, the parties can devise solutions to address any manageability issues and ensure adjudication is both fair and efficient.

4. **Class Notice**. The Court finds the Class Mail Notices (both the short form and long form notice available on the website or upon request) and its distribution to the Settlement Class as implemented under the Agreement and the Preliminary Approval Order:

        a.      Constituted the best practicable notice to the members of the Settlement Class under the circumstances of this Litigation;

        b.      Constituted notice reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of (i) the pendency of this Litigation and the proposed Settlement, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to: final certification of the Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of Shelby's and/or Class Counsel's representation of the Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive award), (iv) their right to appear at the Fairness Hearing if they did not exclude themselves from the Settlement Class, and (v) the binding effect of the Orders and Judgment in the Litigation on all members of the Settlement Class who did not request exclusion;

        c.      Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

        d.      Constituted notice that fully satisfied the Missouri Rules of Civil Procedure 52.08, due process, and any other applicable law.

5.      **Final Settlement Approval**.  The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith through arm's length negotiations, and not as the result of fraud or collusion. The Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all requirements of the laws of Missouri, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Parties are directed to implement and consummate the Agreement according to its terms and provisions.

6.      **Damages**. MIG Agreed not to contest a judgment being entered against it in an amount to be determined by the Court. The Court determines the Settlement Class has compensatory damages of $ 19,001,795.17 resulting from MIG's negligent conduct in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code as part of operations necessary or incidental to MIG's garage business. MIG did not intend to violate Chapter 408 or the UCC and did not intend injury to the class because it believed its notices were accurate, lawful and contained no misrepresentations. However, the negligent misrepresentations in the notices were the proximate cause of the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold. *Mancuso v. Long Beach Acceptance Corp.,* 254 S.W.3d 88, 92 (Mo. App. 2008) (purpose of notice is to allow consumer to reclaim collateral). The negligent misrepresentations in the notices were also the proximate cause of the loss of use of the: (a) Class member's surplus funds owed them after the sale of the collateral; and (b) the money each Class member paid, which was barred by statute and common law.

7.    **Assignment of Claims**. MIG assigns to the Settlement Class (represented by Shelby and his attorneys) all of its rights under all insurance policies in effect from January 10, 2008, to April 21, 2015, from which Shelby and the Settlement Class will seek to recover. Shelby and his attorneys may pursue an action against MIG's insurers and attempt to recover against any effective insurance policies. Any recovery from the insurers will add to the benefits made available to the Settlement Class under the Agreement, and the Settlement Class Members who submitted valid claims for payment will receive the funds remaining from any recovery from the insurers after attorney's fees and costs are deducted.

8.    **Binding Effect**.  The Agreement, this Order and the accompanying Final Judgment shall be forever binding on Shelby, all of the Settlement Class Members, and their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them.  The Agreement, this Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

9.    **Releases**.  The Settlement Class Members (*i.e.*, those members of the Settlement Class who did not timely opt out) shall be bound by the Release provided in Paragraph 6 of the Agreement, which is incorporated in this Order, regardless of whether such persons received any compensation under the Agreement or Settlement.  The Releases are effective as of the date of this Final Approval Order and the accompanying Final Judgment. The Court expressly adopts all defined terms in the Agreement.

10. **Enforcement of Settlement.** Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

11. **Additional Payment to Shelby.** The Court awards $5,000 to be paid from the Cash Fund to Shelby as an incentive award for his services as class representative in this Litigation.

12. **Attorney's Fees and Expenses.** Class Counsel are awarded $10,000 from the Cash Fund representing an allocated share of expenses and court costs Class Counsel has incurred and advanced for the Litigation and Settlement, which shall be deducted from the Cash Fund as defined in the Agreement. In addition, the Court awards Class Counsel attorney's fees of $320,000, representing less than three percent of the "Gross Settlement Fund" as defined in the Agreement, which award is to be deducted from the Cash Fund. The Court finds and concludes each of the above awards to Class Counsel for work and services for the Litigation and Settlement is reasonable, and regarding this finding, specifically finds:

   a. The undersigned is acquainted with all the issues involved and the work performed by Class Counsel.

   b. By obtaining preliminary and final approval of the Settlement Agreement, Class Counsel and Shelby achieved exceptional results on behalf of the Settlement Class with the total monetary benefit conferred on the Settlement Class valued at over $12,930,000. Additional non-quantifiable relief over the calculable monetary amounts was also obtained for the Settlement

Class, which included the deletion of negative credit reporting/trade lines from the Settlement Class Members' credit reports.

c. The issues involved were novel and complex and justify the fee award.

d. The demands of the settlement approval process and class administration forced Class Counsel to dedicate considerable resources to this lawsuit.

e. Class Counsel are experienced and highly skilled class action and consumer litigators with a reputation justifying the fee award.

f. The fee award is less than that granted in similar cases involving complex litigation or in the class action context.

g. The Agreement and Long-Form Notice informed the Settlement Class that Class Counsel would apply for fee awards in the amounts requested. No member of the Settlement Class has objected to such awards or the Settlement.

13.  **No Other Payments**.  The preceding paragraphs of this Final Approval Order preclude, without limitation, all claims for attorney's fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Shelby or the Settlement Class, or incurred by Shelby or the Settlement Class Members, or any of them, in connection with or related in any manner to this Litigation, the Settlement of this Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Final Approval Order or the Agreement.

14.  **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without affecting the finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly

retains jurisdiction on all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by law, including, without limitation:

a. enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the Settlement Class or a Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

b. entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund, including presiding over any garnishment actions; and

c. entering any other necessary Orders to protect and effectuate this Court's retention of continuing jurisdiction.

15. **Separate Judgment.** The Court will separately enter the accompanying Final Judgment.

IT IS SO ORDERED

Date: 03-04-2016

PATRICK W. CAMPBELL, JUDGE
SIXTEENTH JUDICIAL CIRCUIT

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the above and foregoing were
mailed/emailed/faxed on this 4th day of March, 2016 to:

JESSE BARRETT ROCHMAN, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
MARTIN L DAESCH, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
RICHARD NELSON BIEN, 2345 GRAND, SUITE 2800, KANSAS CITY, MO 64108-2663
ROBERT KENT SELLERS, 2345 GRAND BLVD., 25TH FLR, KANSAS CITY, MO 64108
DANNY RAY NELSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806
JOSEPH LEROY JOHNSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806

_Emily Kissee_
_____
Law Clerk or JAA, Division 10

Electronically Filed - Jackson - Kansas City - July 22, 2016 - 01:27 PM

**SIXTEENTH JUDICIAL CIRCUIT COURT**
**JACKSON COUNTY, MISSOURI**

MILLER INVESTMENT GROUP,

    Counterclaim-Defendant,

v.

QUENTON SHELBY,

    Counterclaimant.

Case No. 1216-CV24936
Division: 8

> **FILED**
> **DIVISION 10**
> **04-Mar-2016  15:20**
> CIRCUIT COURT OF JACKSON COUNTY, MO
> BY _Emily Kissee_

**Final Judgment**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.    The settlement of the claims of the Settlement Class on the terms in the parties' Settlement Agreement and Release ("Agreement"), dated December 18, 2015, is approved, and the following settlement class is granted final certification under Missouri Rules of Civil Procedure 58.02 ( "Settlement Class"):

All persons who:

    (1)    who are named as borrowers or buyers on a consumer loan or financing agreement entered into with or that was assigned to Miller Investment Group, Inc. ("MIG");

    (2)    whose loan or financing agreement was secured by collateral;

    (3)    whose collateral was repossessed or voluntarily surrendered; and

    (4)    whose collateral was disposed of from January 10, 2008 to April 21, 2015.

    2.    Individual notice complying with Missouri Rules of Civil Procedure 52.08 was sent to the last-known address of each member of the Settlement Class as identified on Exhibit C to the Agreement. The Court finds all members of the Settlement Class in

**EXHIBIT**
**10**

Exhibit C to the Settlement Agremeent to be members of the Settlement Class and are bound by this Final Judgment.

3.     Counterclaimant Shelby and all members of the Settlement Class who did not timely exclude themselves from the Settlement Class shall be bound by this Judgment and the Agreement.

4.     The settlement is reasonable because, among other reasons, it is what a reasonably prudent person in MIG's position would have settled for on the merits of Counterclaimant's claims. MIG's decision to settle was made in good-faith, and not the product of collusion or fraud.

5.     The Court enters judgement against MIG and in favor of Counterclaimant Shelby, individually and as representative for the certified class, for $ 19,001,795.17 Post-judgment interest shall accrue on the judgment balance at nine percent per annum until satisfaction. Only $450,000 of this judgment may be satisfied from MIG's assets for its obligations required under the Agreement and any remaining amount may only be satisfied from MIG's insurance policies in effect during the class period. Other than the $450,000, the judgment may not be satisfied from attaching or otherwise acquiring other assets of MIG or MIG's officers, directors or shareholders. The Settlement Class's agreement not to pursue over $450,000 from MIG shall not serve as a general release against MIG or of the right to enforce the Judgment against MIG's insurers. Nor shall the release contained in the Agreement or Final Approval Order be construed in any manner that precludes recovery from MIG's insurers. Notwithstanding the foregoing, pursuant to the terms of the Settlement Agreement and Release, no member of the Settlement Class

may seek recovery of any kind against MIG and may only seek recovery from MIG's insurance policies in effect during the class period for the claims released.

6. The Court approves MIG's assignment to the Settlement Class of all its claims and rights against its insurers who issued policies in effect during the class period, including without limitation, any claims of bad faith failure to settle and breach of the duty to defend.

7. The Court will retain continuing jurisdiction over this Litigation for the purposes in the Approval Order and for implementing/enforcing this Judgment.

8. Unless otherwise provided, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

IT IS SO ORDERED

Date: 03-04-2016

PATRICK W. CAMPBELL, JUDGE
SIXTEENTH JUDICIAL CIRCUIT

**CERTIFICATE OF SERVICE:**
I hereby certify that copies of the above and foregoing were
mailed/emailed/faxed on this 4th day of March, 2016 to:
JESSE BARRETT ROCHMAN, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
MARTIN L DAESCH, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
RICHARD NELSON BIEN, 2345 GRAND, SUITE 2800, KANSAS CITY, MO 64108-2663
ROBERT KENT SELLERS, 2345 GRAND BLVD., 25TH FLR, KANSAS CITY, MO 64108
DANNY RAY NELSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806
JOSEPH LEROY JOHNSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806

Law Clerk or JAA, Division 10

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

QUENTON SHELBY,

              **PLAINTIFF(S),**           **CASE NO. 1616-CV17924**

VS.                                       **DIVISION 11**

OAK RIVER INSURANCE COMPANY,

              **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**

_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **W BRENT POWELL** on **07-NOV-2016** in **DIVISION 11** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.     A trial setting;

      b.     Expert Witness Disclosure Cutoff Date;

      c.     A schedule for the orderly preparation of the case for trial;

      d.     Any issues which require input or action by the Court;

      e.     The status of settlement negotiations.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1007 of 1650

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **W BRENT POWELL**
W BRENT POWELL**, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JESSE BARRETT ROCHMAN, 110 East Lockwood Ave, ST LOUIS, MO 63119

Defendant(s):
 OAK RIVER INSURANCE COMPANY

Dated:  25-JUL-2016                              **Jeffrey A. Eisenbeis**
                                                Court Administrator

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

QUENTON SHELBY,

                           **PLAINTIFF(S),**             **CASE NO.  1616-CV17924**

**VS.**                                            **DIVISION 11**

OAK RIVER INSURANCE COMPANY,

                           **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **W BRENT POWELL** on **07-NOV-2016** in **DIVISION 11** at **09:00 AM**.   All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

    a.      A trial setting;

    b.      Expert Witness Disclosure Cutoff Date;

    c.      A schedule for the orderly preparation of the case for trial;

    d.      Any issues which require input or action by the Court;

    e.      The status of settlement negotiations.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1009 of 1650

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **W BRENT POWELL**
W BRENT POWELL**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JESSE BARRETT ROCHMAN, 110 East Lockwood Ave, ST LOUIS, MO 63119

Defendant(s):
 OAK RIVER INSURANCE COMPANY

 Dated:  25-JUL-2016                                    **Jeffrey A. Eisenbeis**
                                                        Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>W BRENT POWELL | Case Number: 1616-CV17924 |
|---|---|
| Plaintiff/Petitioner:<br>QUENTON SHELBY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSE BARRETT ROCHMAN<br>110 East Lockwood Ave<br>ST LOUIS, MO 63119 |
| Defendant/Respondent:<br>OAK RIVER INSURANCE COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   **OAK RIVER INSURANCE COMPANY**
                                              **Alias:**

**DIRECTOR OF INSURANCE**
**301 W. HIGH STREET, ROOM 530**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*JACKSON COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    25-JUL-2016                                    _____
        Date                                                              Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*            Subscribed and sworn to before me on _____ (date).

                My commission expires: _____        _____
                                                              Date                                      Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1011 of 1650

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.  Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>W BRENT POWELL | Case Number: 1616-CV17924 |
|---|---|
| Plaintiff's/Petitioner:<br>QUENTON SHELBY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JESSE BARRETT ROCHMAN<br>110 East Lockwood Ave<br>ST LOUIS, MO 63119 |
| Defendant/Respondent:<br>OAK RIVER INSURANCE COMPANY | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Breach of Contract | KANSAS CITY, MO 64106<br><br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: OAK RIVER INSURANCE COMPANY
Alias:

DIRECTOR OF INSURANCE
301 W. HIGH STREET, ROOM 530
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

25-JUL-2016
_____
Date

_____
Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Kim Landers_ (name) _Depar_ (title).

☐ other

Served at _301 w High_ (address)

in _Co_ (County/City of St. Louis), MO, on _7/29/16_ (date) at _945 a_ (time).

_G Aso_ _Bp QKIL 81_
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                                    Date                                    Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $  10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 16-SMCC-7280**     1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

SSCOR

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1013 of 1650

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

QUENTON SHELBY,     )
            )
    Plaintiff,   )
            )
vs.          )  Case No. 1616-CV17924
            )  Division 11
OAK RIVER INSURANCE COMPANY, )
            )
            )
            )
    Defendant.  )

**ENTRY OF APPEARANCE**

  **COME NOW**, M. Courtney Koger and Kevin D. Brooks, of the firm of Kutak Rock

LLP, and enter their appearance for Defendant Oak River Insurance Company in the above-

captioned action.

Dated this 24th day of August 2016.   Respectfully submitted,

               _s/ M. Courtney Koger_
               M. Courtney Koger   MO #42343
               Kevin D. Brooks    MO #57627
               **KUTAK ROCK LLP**
               Suite 800
               Two Pershing Square
               2300 Main Street
               Kansas City, MO  64106
               (816) 960-0090 (Telephone)
               (816) 960-0041 (Facsimile)
               Courtney.Koger@kutakrock.com
               Kevin.Brooks@kutakrock.com
               **ATTORNEYS FOR DEFENDANT
OAK RIVER INSURANCE
COMPANY**

1

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2016 the foregoing was filed via the Court's online filing system, causing service on the following:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

　　　　　　　　　　　　　　　　 *s/ M. Courtney Koger*　　　　　　　
**Attorney for Defendant Oak River Insurance Company**

2

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

QUENTON SHELBY,                        )
                                       )
                  Plaintiff,           )
                                       )
vs.                                    )        Case No. 1616-CV17924
                                       )        Division 11
OAK RIVER INSURANCE COMPANY,           )
                                       )
                                       )
                                       )
                  Defendant.           )

**UNOPPOSED MOTION FOR EXTENSION OF TIME FOR DEFENDANT TO ANSWER
OR OTHERWISE RESPOND TO PLAINTIFF'S PETITION AND SUGGESTIONS IN
SUPPORT**

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River"), by and

through its counsel, and moves the Court for an extension of time, to and including September

30, 2016, within which this Defendant may answer or otherwise respond to Plaintiff's Petition.

In support of its motion, Oak River states:

1.      The time prescribed for Oak River to answer or otherwise respond to Plaintiff's

Petition has not expired.  Plaintiff served his Petition on the Missouri Department of Insurance

on July 29, 2015.  Under Missouri law, Oak River has until August 29, 2016 to answer or

otherwise respond to Plaintiff's Petition.

2.      Due to delays from the Missouri Department of Insurance, Oak River did not

receive Plaintiff's Petition until August 22, 2016.  Therefore, Oak River requires additional time

to answer or otherwise respond to Plaintiff's Petition.  Counsel for Oak River and Plaintiff's

counsel have conferred prior to the filing of this motion.  Plaintiff has no objection and agrees to

1

Oak River's motion that it have an extension of time, to and including September 30, 2016, within which Oak River may answer or otherwise respond to Plaintiff's Petition.

3.      No party will be prejudiced or unduly burdened by the granting of this request.

4.      A proposed order is being submitted with this motion for the Court's convenience and as required by local rule.

**WHEREFORE**, Defendant Oak River Insurance Company respectfully requests the Court enter an order granting an extension of time for Oak River to file an answer or to otherwise plead in response to Plaintiff's Petition, up to and including September 30, 2015.

Dated this 24th day of August 2016.                    Respectfully submitted,

                                                         *s/ M. Courtney Koger*
                                                         M. Courtney Koger          MO #42343
                                                         Kevin D. Brooks            MO #57627
                                                         **KUTAK ROCK LLP**
                                                         Suite 800
                                                         Two Pershing Square
                                                         2300 Main Street
                                                         Kansas City, MO  64106
                                                         (816) 960-0090 (Telephone)
                                                         (816) 960-0041 (Facsimile)
                                                         Courtney.Koger@kutakrock.com
                                                         Kevin.Brooks@kutakrock.com
                                                         **ATTORNEYS FOR DEFENDANT OAK RIVER INSURANCE COMPANY**

2

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2016 the foregoing was filed via the Court's online filing system, causing service on the following:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

                                        _s/ M. Courtney Koger_
                                        Attorney for Defendant Oak River Insurance
                                        Company

3

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

QUENTON SHELBY,      )
                                )
            Plaintiff,      )
                                )
vs.                      )     Case No. 1616-CV17924
                                )     Division 11
OAK RIVER INSURANCE COMPANY,     )
                                )
                                )
                                )
           Defendant.     )

**ORDER ON DEFENDANT OAK RIVER INSURANCE COMPANY'S UNOPPOSED**
**MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO**
**PLAINTIFF'S PETITION**

The Court having considered the Defendant Oak River Insurance Company's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Petition, as agreed upon and unopposed by Plaintiff, and for good cause appearing,

IT IS ORDERED that the Defendant Oak River Insurance Company's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Petition is GRANTED and Defendant Oak River Insurance Company may have to and including, September 30, 2016 in which to respond to Plaintiff's Petition.

Dated this _29th_ day of ___August___, 2016.

_____
W. Brent Powell, Circuit Court Judge

State of Missouri

# Department of Insurance, Financial Institutions and Professional Registration



**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

OAK RIVER INSURANCE COMPANY
3333 FARNAM STREET, SUITE 300
OMAHA, NE 68131

**RE:** Court: Jackson Co. at Kansas City, Case Number: 1616-CV17924

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Insurance, Financial Institutions and Professional Registration of the state of Missouri, Dated at Jefferson City, Missouri this 29th day of July, 2016.

_____
Director of Insurance, Financial Institutions
and Professional Registration

AFFIDAVIT

State of Missouri,
         ss.
County of Cole,

The undersigned Director of the Department of Insurance, Financial Institutions and Professional Registration or the Director's designated agent, hereby makes oath and certifies the original of the above notice to the above addressee was mailed at the United States Post Office in Jefferson City, Missouri on _August 2_, _2016_ by first class certified mail prepaid as provided by section 375.906.5, RSMo. and Supreme Court Rule 54.15

Director, Department of Insurance, Financial Institutions and
Professional Registration

By: _Kathryn Leobine_

Subscribed and sworn to before me this _8_ day of _August_, _2016_.

_____
Notary Public

My commission expires: _____

KIMBERLY LANDERS
My Commission Expires
May 18, 2020
Callaway County
Commission #12558402

NOTARY SEAL
STATE OF MISSOURI

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☐ Agent  ☐ Addresse

B. Received by (Printed Name)      C. Date of Deliver

1. Article Addressed to:

OAK RIVER INSURANCE
COMPANY
1314 DOUGLAS STREET
OMAHA, NE 68102

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

9590 9402 1937 5502 5205 55

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restric Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*
7014 2870 0000 5288 4952

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receip

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

QUENTON SHELBY,                              )
                                             )
        Plaintiff,                        )
                                             )
vs.                                          )   Case No. 1616-CV17924
                                             )   Division 11
OAK RIVER INSURANCE COMPANY,                 )
                                             )
                                             )
                                             )
        Defendant.                        )

**ORDER ON DEFENDANT OAK RIVER INSURANCE COMPANY'S UNOPPOSED
MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO
PLAINTIFF'S PETITION**

      The Court having considered the Defendant Oak River Insurance Company's Unopposed

Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Petition, as agreed

upon and unopposed by Plaintiff, and for good cause appearing,

      IT IS ORDERED that the Defendant Oak River Insurance Company's Unopposed

Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Petition is

GRANTED and Defendant Oak River Insurance Company may have to and including,

September 30, 2016 in which to respond to Plaintiff's Petition.

Dated this __29th__ day of ___August___, 2016.

                                      _____
                                      W. Brent Powell, Circuit Court Judge

1

## SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 11

### Application for Change of Judge

Plaintiff applies for change of judge under Rule 51.05 of the Missouri Rules of Civil Procedure. This is the first application for change of judge filed by Plaintiff, and it is timely filed under Rule 51.05(b).

As stated in *State ex rel. Courch v. Stovall-Reid*:

[A party] is entitled to one change of judge as a matter of right. Rule 51.05(d). If the application was timely filed, the trial judge had no choice but to sustain it, which would leave the court without jurisdiction to take further action in the case. Rule 51.05(e); *Harmon v. Schultz*, 723 S.W.2d 945, 946 (Mo. App. S.D. 1987). The right to disqualify is a keystone of our judicial system, and Missouri courts follow a liberal rule construing it. *State ex rel. Walters v. Schaeperkoetter*, 22 S.W.3d 740, 742 (Mo. App. E.D. 2000). A civil litigant has a virtually unfettered right to disqualify a judge without cause on one occasion. *Id*.

144 SW.3d 895, 897 (Mo. App. E.D. 2004).

Based upon the foregoing, Plaintiff respectfully requests this Application for Change of Judge be granted, and that the Court sign the proposed order filed herewith.

THE ONDER LAW FIRM

By:     */s/ Martin L. Daesch*
        Martin L. Daesch, #40494
        Jesse B. Rochman, #60712
        110 E. Lockwood Ave.
        St. Louis, MO  63119
        (314) 963-9000 (telephone)
        (314) 963-1700 (facsimile)
        daesch@onderlaw.com
        rochman@onderlaw.com

        *Attorneys for Plaintiff*

## Certificate of Service

I certify on August 30, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ Martin L. Daesch*



# IN THE  16TH JUDICIAL CIRCUIT  COURT,  JACKSON COUNTY , MISSOURI

Quenton Shelby,

      Plaintiff,

              vs.

Oak River Insurance Company,

      Defendant.

Case Number:  1616-CV17924

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Quenton Shelby, Plaintiff, in the above-styled cause.

/s/ Martin L. Daesch
Martin L. Daesch
Mo Bar Number: 40494
Attorney for Plaintiff
The Onder Law Firm
110 E. Lockwood
St. Louis, MO 63119
Phone Number: (314) 963-9000 ext 144
daesch@onderlaw.com

## Certificate of Service

I hereby certify that on  August 30th, 2016 , a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Martin L. Daesch
Martin L. Daesch

# SIXTEENTH JUDICIAL CIRCUIT COURT
# JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 11

## Order

    Before the Court is the Application for Change of Judge filed by Plaintiff. Said application was timely filed and is the first such application filed by Plaintiff. According to Missouri Rule of Civil Procedure 51.05(e), a trial judge "promptly shall sustain a timely application for change of judge upon its presentation." Therefore, pursuant to Mo. R. Civ. P. 51.05, the Application for Change of Judge shall be granted.

    IT IS HEREBY ORDERED that the Application for Change of Judge shall be GRANTED. The case shall be transferred to the Presiding Judge for reassignment.

    IT IS SO ORDERED.

23-Sep-2016
_____
Dated

_____
Judge

Electronically Filed - Jackson - Kansas City - August 30, 2016 - 03:41 PM

## SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 11

### Order

Before the Court is the Application for Change of Judge filed by Plaintiff. Said application was timely filed and is the first such application filed by Plaintiff. According to Missouri Rule of Civil Procedure 51.05(e), a trial judge "promptly shall sustain a timely application for change of judge upon its presentation." Therefore, pursuant to Mo. R. Civ. P. 51.05, the Application for Change of Judge shall be granted.

IT IS HEREBY ORDERED that the Application for Change of Judge shall be GRANTED. The case shall be transferred to the Presiding Judge for reassignment.

IT IS SO ORDERED.

_____        _____

Dated                                Judge

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

## QUENTON SHELBY V OAK RIVER INSURANCE COMPANY

CASE NO: **1616-CV17924**
☒ CIRCUIT JUDGE CASE
☐ ASSOCIATE CIRCUIT JUDGE CASE
☐ COMMISSIONER CASE

## ORDER TRANSFERRING CASE

☒ CIVIL    ☐ CRIMINAL    ☐ DOMESTIC RELATIONS

This case is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):

☒ Change of Judge    ☐ Recusal    ☐ Certification    ☐ Request for Jury

☐ Change of Venue to _____    ☐ Reciprocal Case    ☐ Other _____

☐ By agreement of the Judges, this cause is transferred to directly to Division __ pursuant to Circuit Court Rule. This transfer is with consent of the presiding judge and pursuant to local rule allowing a direct transfer of the case to a consenting judge without involvement of the Presiding Judge or the Presiding Judge's staff. No reciprocal transfer case is authorized by the Presiding Judge with regard to this transfer.

☐ Reciprocal transfer of a comparable case to Division _____ in exchange for Case # _____

**CASE MANAGEMENT CONFERENCE/TRIAL DATES SET FOR THIS DIVISION ARE CANCELED.**

| | |
|---|---|
| SEPTEMBER 26, 2016 | |
| DATE | JUDGE |

### ORDER OF PRESIDING JUDGE REASSIGNING CASE

This case is reassigned to Division 6 pursuant to Circuit Court Rule.

☒ The receiving division shall select a comparable case, enter all data required to change the judge of record and cancel all scheduled events, including, but not limited to, case management conference, pretrial conference and trial dates, and shall deliver the case file folder to the transferring division listed above, along with a copy of this notice, within 20 days after the date of this Order. Failure to complete this reciprocal transfer within twenty days from the date of this Order shall result in forfeiting the right to make a reciprocal transfer with regard to this case.

| | |
|---|---|
| September 27, 2016 | |
| DATE | JUDGE |

Copies mailed/faxed _____ to:

M. COURTNEY KOGER, Attorney for Defendant, KUTAK ROCK LLP, 2 PERSHING SQUARE, 2300 MAIN STREET, SUITE 800, KANSAS CITY, MO 64108
(816) 960-0041, courtney.koger@KutakRock.com
KEVIN DALE BROOKS, Attorney for Defendant, KUTAK ROCK LLP, 2 PERSHING SQUARE, 2300 MAIN STREET, SUITE 800, KANSAS CITY, MO 64108
(816) 960-0041, kevin.brooks@kutakrock.com
JESSE BARRETT ROCHMAN, Attorney for Plaintiff, 110 East Lockwood Ave, ST LOUIS, MO 63119
-, rochman@onderlaw.com
MARTIN L DAESCH, Attorney for Plaintiff, 110 East Lockwood Ave, ST LOUIS, MO 63119
-,

Data Entry Copy

RECEIVING JAA:

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

QUENTON SHELBY,              )
                                  )
            Plaintiff,         )
                                  )
vs.                               )     Case No. 1616-CV17924
                                  )     Division 11
OAK RIVER INSURANCE COMPANY,   )
                                  )
                                  )
                                  )
            Defendant.      )

<u>**DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION**</u>

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River"), by and through its counsel, and submits the following Answer to Plaintiff's Petition.

1. Paragraph 1 of Plaintiff's Petition contains solely legal conclusions such that no response is necessary. To the extent a response is required, Oak River denies the allegations contained in Paragraph 1 of Plaintiff's Petition.

2. With regard to the allegations contained in Paragraph 2 of Plaintiff's Petition, Oak River admits that Shelby was appointed class representative of the Class in the Underlying Litigation. Oak River is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's Petition and therefore denies the same.

3. With regard to the allegations contained in Paragraph 3 of Plaintiff's Petition, Oak River admits that it is a foreign insurance company licensed to conduct business in Missouri. The remaining allegations contained in Paragraph 3 of Plaintiff's Petition are solely legal conclusions to which no response is necessary. To the extent a response is required, Oak River denies the remaining allegations contained in Paragraph 3 of Plaintiff's Petition.

1

4. Paragraph 4 of Plaintiff's Petition contains solely legal conclusions such that no response is necessary. To the extent a response is required, Oak River denies the allegations contained in Paragraph 4 of Plaintiff's Petition, except that Oak River admits that this Court has jurisdiction in this matter.

5. Oak River denies the allegations contained in Paragraph 5 of Plaintiff's Petition except that it admits that it issued one or more insurance policy to Miller Investment Group.

6. With regard to the allegations contained in Paragraph 6 of Plaintiff's Petition, Oak River admits that Miller Investment Group, Inc. is named as an insured on certain insurance policies issued by Oak River. Answering further, the terms and conditions of those policies speak for themselves. Oak River denies the remaining allegations contained in Paragraph 6 of Plaintiff's Petition.

7. With regard to the allegations contained in Paragraph 7 of Plaintiff's Petition, Oak River admits that Plaintiff filed a Counterclaim in the Underlying Litigation. Answering further, the Counterclaim (and the allegations contained therein) speaks for itself. Oak River denies the remaining allegations contained in Paragraph 6 of Plaintiff's Petition.

8. With regard to the allegations contained in Paragraph 8 of Plaintiff's Petition, Oak River admits counsel for Miller Investment Group tendered defense and indemnity for the Counterclaim filed by the class plaintiffs in connection with the Underlying Litigation and that Oak River disclaimed any duty to defend or indemnify Miller Investment Group, Inc. for any damages alleged in the Counterclaim. Oak River further states that the tender letter and its correspondence speak for itself. Oak River denies the remaining allegations contained in Paragraph 8 of Plaintiff's Petition.

2

9.  Oak River denies the allegations contained Paragraph 9 of Plaintiff's Petition, including sub-parts a. through m. and sub-sub-parts m.i. to m.ix.

10. Oak River is without sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Petition and therefore denies the same.

11. Oak River denies the allegations contained in Paragraph 11 of Plaintiff's Petition.

12. With regard to the allegations contained in Paragraph 12 of Plaintiff's Petition, Oak River admits that the Final Approval Order and Final Judgment were signed by the court. Oak River denies the remaining allegations contained in Paragraph 12 of Plaintiff's Petition.

13. Oak River denies the allegations contained in Paragraph 13 of Plaintiff's Petition.

14. Oak River denies the allegations contained in Paragraph 14 of Plaintiff's Petition.

15. Oak River denies the allegations contained in Paragraph 15 of Plaintiff's Petition.

## Count I

16. In response to Paragraph 16 of Plaintiff's Petition, Oak River incorporates by reference its previous responses contained in Paragraphs 1 through 15 above as if fully set forth herein.

17. Oak River denies the allegations contained in Paragraph 17 of Plaintiff's Petition.

18. Oak River denies the allegations contained in Paragraph 18 of Plaintiff's Petition.

19. Oak River denies the allegations contained in Paragraph 19 of Plaintiff's Petition.

20. In response to Paragraph 20 of Plaintiff's Petition, Oak River admits that it refused to defend the allegations contained, and damages alleged, in the Counterclaim that was asserted by Plaintiff against Miller Investment Group, Inc., and tendered to Oak River. Oak River denies all other allegations contained in Paragraph 20 of Plaintiff's Petition.

21. Oak River denies the allegations contained in Paragraph 21 of Plaintiff's Petition.

4818-2673-5672.1

22. Oak River denies the allegations contained in Paragraph 22 of Plaintiff's Petition.

23. Oak River denies the allegations contained in Paragraph 23 of Plaintiff's Petition.

24. In response to Paragraph 24 of Plaintiff's Petition, Oak River admits that Miller Investment Group, Inc. is listed as an insured in certain policies issued by Oak River. However, Oak River specifically denies that Miller Investment Group, Inc. was insured for the allegations contained, or damages alleged, in the Counterclaim asserted by Plaintiff. Therefore, Oak River denies the remaining allegations contained in Paragraph 24 of Plaintiff's Petition.

25. Oak River denies the allegations contained in Paragraph 25 of Plaintiff's Petition.

**Count II**

26. In response to Paragraph 26 of Plaintiff's Petition, Oak River incorporates by reference its previous responses contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. Oak River denies the allegations contained in Paragraph 27 of Plaintiff's Petition.

28. Oak River denies the allegations contained in Paragraph 28 of Plaintiff's Petition.

29. Oak River denies the allegations contained in Paragraph 29 of Plaintiff's Petition.

30. Oak River denies the allegations contained in Paragraph 30 of Plaintiff's Petition.

31. Oak River denies the allegations contained in Paragraph 31 of Plaintiff's Petition.

32. Oak River denies the allegations contained in Paragraph 32 of Plaintiff's Petition.

**<u>AFFIRMATIVE DEFENSES</u>**

1. In further answer and by way of affirmative defense, Plaintiff's Petition fails to state a claim against Oak River upon which relief can be granted.

Electronically Filed - Jackson - Kansas City - September 30, 2016 - 01:05 PM

2. In further answer and by way of affirmative defense, Plaintiff's Petition is barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the underlying action against Miller Investment Group, Inc. (both those alleged at the time the Counterclaim was presented to Oak River as well as those under the altered theory of recovery and damages that had never been tendered to Oak River but which were included in the purported judgment) did not arise out of or result from garage operations as defined by policies at issue "but of the financing activities of dealership" and there is no coverage due to the terms of the garage operations insuring agreement, the expected or intended injury exclusion, the care, custody or control exclusion, the loss of use exclusion, and/or the definition of garage operations. *See Landers Auto Grp. No. One, Inc. v. Cont'l W. Ins. Co.*, 621 F.3d 810 (8th Cir. Ark. 2010).

3. In further answer and by way of affirmative defense, Plaintiff's Petition is barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the underlying action against Miller Investment Group, Inc. (both at the time the Counterclaim was presented to Oak River and at the time of judgment) were not covered by the policies at issue in that they are not damages for bodily injury or property damages as defined by the policies at issue.

4. In further answer and by way of affirmative defense, Plaintiff's Petition is barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the underlying action against Miller Investment Group, Inc. (both at the time the Counterclaim was presented to Oak River and at the time of judgment) were not covered by the policies at issue in that they were not caused by an accident as defined by the policies at issue.

4818-2673-5672.1

5. In further answer and by way of affirmative defense, Oak River states that Miller Investment Group, Inc. violated the terms and conditions of its insurance policies with Oak River such that Plaintiff's claims against Oak River fail as a matter of law. Miller Investment Group, Inc. violated the cooperation provisions of its insurance policies with Oak River by failing to provide Oak River notice of Plaintiff's altered theories of recovery other than those asserted in the Counterclaim, by jointly submitting settlement documents to the Court (including the Order and Judgment) that were based on Plaintiff's altered theories of recovery other than those asserted in the Counterclaim, and by entering into an agreement with Plaintiff based on or agreeing to Plaintiff's altered theories of recovery such that Miller Investment Group, Inc. did not defend itself among other agreements. Oak River was irreparably prejudiced by Miller Investment Group, Inc.'s violations of these provisions in that Plaintiff obtained a judgment against Miller Investment Group, Inc. well beyond the reasonable value of the claim. As Plaintiff stands in the shoes of Miller Investment Group, Inc. in this matter, Miller Investment Group, Inc.'s violations of these provisions are imputed on Plaintiff to bar the claims in this case. *See Rocha v. Metro. Prop. & Cas. Ins. Co.*, 14 S.W.3d 242 (Mo. Ct. App. 2000). Specifically, Miller Investment Group, Inc. violated the following provision of the policies:

    b. Additionally, you and any other involved "insured" must:

        (1)    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

6

(2)    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

Miller Investment Group, Inc. failed to immediately send Oak River copies of all legal papers received concerning the underlying action; failed to tender the proposed settlement or other document setting forth the altered theory of recovery different from the Counterclaim, depriving Oak River of its right and opportunity to defend the underlying lawsuit on the altered theory; made agreements with Plaintiff to enable Plaintiff with regard to the settlement, order, and alleged judgment without any opposition whatsoever and without presenting any (or extremely limited) evidence; and assumed obligations in the underlying action without the consent of Oak River. As a result, Oak River suffered substantial prejudice.

6. In further answer and by way of affirmative defense, Oak River states that Plaintiff's claims are barred in whole or part because Oak River is not bound by the superfluous and unnecessary findings in the underlying Order and Judgment as the issues regarding the applicability of the Oak River policies (and the altered theories of recovery that were not provided to Oak River) were not actually litigated and not supported by evidence submitted to the court.

7. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because the alleged judgment is void and unenforceable in that:

a.    pursuant to Article V, Section 14 of the Constitution of the State of Missouri, circuit courts in Missouri have subject matter jurisdiction only

7

over actions in which there is an actual case and controversy of a justiciable nature at all times, including at the time judgment is entered;

b.  any judgment entered without subject matter jurisdiction is void, unenforceable, and a nullity and may be attacked or challenged at any time in any matter;

c.  the circuit court lacked subject matter jurisdiction in the Underlying Lawsuit at the time of the alleged judgment because, at that time, there was no actual case and controversy of a justiciable nature between Plaintiff and Miller Investment Group, Inc.;

d.  therefore, the alleged judgment in is void and unenforceable;

e.  each of Plaintiff's claims depend upon and requires the existence of a valid, enforceable judgment in favor of Plaintiff and against Miller Investment Group, which does not exist because the alleged judgment is void and unenforceable;

f.  Plaintiff's claims seek a determination as to alleged duties with respect to a judgment that is void and unenforceable.

8.  In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because Oak River is not bound by any resolutions of factual or legal questions in the underlying action, whether set forth in the alleged order, judgment or otherwise, and has a right to fully litigate any and all issues of fact or of law that may arise in this action with respect to alleged coverage under the Oak River policies, in that:

8

a.  a liability insurer has a right to separately litigate questions pertaining to coverage under a policy issued to a person alleged to be entitled to coverage under that policy, even if those questions were decided in litigation against that person;

b.  denying Oak River the opportunity to litigate issues pertinent to coverage would violate Oak River's rights of due process under Article I, Section 10 of the Constitution of the State of Missouri and the Fifth and Fourteenth Amendments to the United States Constitution;

c.  principles of collateral estoppel do not apply, in that:

    (i)  neither Oak River nor any person or entity in privity with Oak River was a party to the underlying action at the time of the settlement, order, and alleged judgment;

    (ii)  Oak River was not provided any notice of the altered theory of recovery on which the settlement, order, and alleged judgment were based;

    (iii)  the alleged judgment in the Underlying Lawsuit was not a decision on the merits.

9.  In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because as an alleged judgment creditor of Miller Investment Group, Inc., Plaintiff stands in the shoes of Miller Investment Group, Inc. for purposes of his so-called "equitable garnishment" claim against Oak River under Section 379.200 of the Revised Statutes of Missouri and, therefore, is subject to all defenses Oak River may have not only against Plaintiff but also against Miller Investment Group, Inc.

9

Electronically Filed - Jackson - Kansas City - September 30, 2016 - 01:05 PM

with respect to Plaintiff's allegations that coverage is available under the Oak River policies to satisfy the alleged judgment.

10. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because it barred by the doctrine of unclean hands in that Plaintiff and Miller Investment Group, Inc.'s hands are unclean in that, upon information and belief, the settlement, order, and alleged judgment resulted from an altered theory not presented to Oak River for consideration and collusion between Plaintiff and Miller Investment Group, Inc.

11. In further answer and by way of affirmative defense, Oak River states that Plaintiff's claims are subject to all terms, exclusions, conditions, limitations, definitions, and other provisions of the Oak River policies.

12. In further answer and by way of affirmative defense, Oak River states that, to the extent coverage may be found under the Oak River policies, which is denied, the maximum amount Plaintiff may be entitled to recover is the policy limit of a single Oak River policy in that a claim under Section 379.200 is limited to that remedy prescribed by the statute, which includes only the proceeds of the insurance policy affording coverage. Moreover, the Oak River policies indicate that: "If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same 'accident', the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy." Therefore, the Oak River policies cannot be stacked, either vertically or horizontally.

13. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because Plaintiff is neither a party to the Oak River policies nor a third-party beneficiary of the Oak River policies; Plaintiff has not pleaded nor received a valid assignment of claims from Miller Investment Group, Inc.; Plaintiff does not automatically step into the shoes of Miller Investment Group, Inc. for the purposes of asserting claims against Oak River simply by virtue of being a judgment creditor; and Plaintiff is not otherwise given a right or entitlement to assert the alleged claims against Oak River.

14. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because Plaintiff is not a proper party to assert certain claims.

15. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because Plaintiff has failed to join proper parties to this action as he is asserting on his own behalf, not on behalf of all class members.

16. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law as Oak River did not issue certain of the policies under which Plaintiff has sought to recover. Rather, certain policies were issued by Berkshire Hathaway Homestate Insurance Company (BHHIC). The Counterclaim in the underlying action was a known loss to Miller Investment Group, Inc. prior to the issuance of the BHHIC policies. Moreover, the Counterclaim was never presented or tendered to BHHIC prior to the settlement, Order, and alleged judgment in the underlying action.

11

17. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law to the extent it seeks declaratory judgment as Plaintiff has an adequate remedy at law.

18. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because Oak River never had the opportunity to defend or settle Plaintiff's claims after Plaintiff altered his theory of recovery that was never tendered or presented to Oak River for potential defense.

19. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law or must be reduced as a result of Miller Investment Group, Inc.'s failure to mitigate damages in that it failed to exercise reasonable care in entering into the settlement agreement and submitting the joint order and judgment and failing to attempt to limit the amount of damages awarded to Plaintiff.

20. In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law and Plaintiff's claims are barred in whole or in part because the settlement, order, and alleged judgment do not reflect a reasonable determination of damages by a trial court based upon actual evidence. The settlement, order, and alleged judgment do not reflect what a reasonably prudent person in the position of the defendant would have settled for on the merits of the plaintiff's claim. *Gulf Ins. Co. v. Noble Broad.*, 936 S.W.2d 810 (Mo. 1997). This is demonstrated by Miller Investment Group, Inc.'s agreement to pay only $450,000 of its own funds in the settlement. Moreover, the *Gulf Ins.* test applies in this matter because the order and alleged judgment were a result of a settlement, not a trial or adversary proceeding. Not

12

one scintilla of evidence was introduced at the hearings, and no witnesses provided testimony prior to the settlement, order, and alleged judgment.

21. In further answer and by way of affirmative defense, Oak River states that it hereby gives notice that it intends to rely upon other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its rights to amend its Answer to assert any such defenses.

**WHEREFORE**, having fully answered all of the counts and allegations of Plaintiff's Petition, Oak River prays that all counts of Plaintiff's Petition be dismissed, that judgment be entered in Oak River's favor and for their costs, and for such further relief as the Court deems just and proper.

Dated this 30th day of September, 2016.         Respectfully submitted,

                                                 s/ M. Courtney Koger
                                                 M. Courtney Koger          MO #42343
                                                 Kevin D. Brooks            MO #57627
                                                 KUTAK ROCK LLP
                                                 Suite 800
                                                 Two Pershing Square
                                                 2300 Main Street
                                                 Kansas City, MO  64106
                                                 (816) 960-0090 (Telephone)
                                                 (816) 960-0041 (Facsimile)
                                                 Courtney.Koger@kutakrock.com
                                                 Kevin.Brooks@kutakrock.com
                                                 **ATTORNEYS FOR DEFENDANT
                                                 OAK RIVER INSURANCE
                                                 COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016 the foregoing was filed via the Court's online filing system, causing service on the following:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

                                        *s/ M. Courtney Koger*
                                        Attorney for Defendant Oak River Insurance
                                        Company

14

# SIXTEENTH JUDICIAL CIRCUIT COURT
# JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

      Case No. 1616-CV17924
      Division: 11

Oak River Insurance Company,

      Defendant.

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a WORD version of Plaintiff Quenton Shelby's First Set of Requests for Production to Oak River were sent via E-mail on October 4, 2016 to the below counsel:

M. Courtney Koger
Courtney.Koger@kutakrock.com

Kevin D. Brooks
Kevin.Brooks@kutakrock.com

                THE ONDER LAW FIRM

By: _____
                Martin L. Daesch, #40494
                Jesse B. Rochman, #60712
                110 E. Lockwood Ave.
                St. Louis, MO 63119
                (314) 963-9000 (telephone)
                (314) 963-1700 (facsimile)
                daesch@onderlaw.com
                rochman@onderlaw.com

                *Attorneys for Defendant*

**Certificate of Service**

I certify on October 4, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

|                                        |     |                          |
|----------------------------------------|-----|--------------------------|
| QUENTON SHELBY                         | )   |                          |
| **Plaintiff,**                         | )   | Case No. 1616-CV17924    |
|                                        | )   | Division 6               |
| v.                                     | )   |                          |
|                                        | )   |                          |
| OAK RIVER INSURANCE COMPANY            | )   |                          |
| **Defendant.**                         | )   |                          |

### SCHEDULING ORDER

On **October 27**, 2016, this matter comes before the Court for a Case Management Conference, and **IT IS HEREBY ORDERED** as follows:

1. **SETTING:**

    This matter is set for (Jury/Bench) **TRIAL/CASE MANAGEMENT CONFERENCE/HEARING** on **December 1**, 20**16** at **1:30 pm**.

2. **PRE-TRIAL CONFERENCE/INSTRUCTIONS/MOTIONS IN LIMINE/OTHER MOTIONS:** [1]

    This case is set for a Pre-Trial Conference on _____, 20____ at _____.

    a. Jury Instructions shall be filed and served seven (7) days prior to pretrial conference/trial.
    b. Motions in limine shall be filed and served fourteen (14) days prior to pretrial conference/trial. Responses shall be filed and served seven (7) days prior to pretrial conference/trial.
    c. Dispositive motions shall be filed no later than ninety (90) days before trial.
    d. Portions of depositions to be read or played at trial shall be filed and served fourteen (14) days prior to trial. Objections and counter designations shall be filed and served seven (7) days prior to trial. Objections to counter designations shall be filed and served the Friday before trial.
    e. The parties shall file and exchange exhibit and witness lists and all exhibits they anticipate offering seven (7) days prior to pretrial conference/trial.

3. **DISCOVERY:**

    a. Plaintiff's retained and non-retained expert witnesses shall be identified and the information required by Rule 56.01(b)(4) and (5) provided by _____.
    b. Defendant's expert witnesses shall be identified and the information required by Rule 56.01(b)(4) and (5) provided by _____.
    c. All discovery shall be completed by _____. Unless otherwise agreed by the parties or ordered by the Court, no discovery requests shall be served later than thirty (30) days prior to the discovery deadline.

4. **MEDIATION IS ORDERED** by the Court, to be completed by the close of discovery. The parties will agree on a mediator to be used, and costs of the mediation will be split evenly between the parties.

5. **OTHER ORDERS/DIRECTIVES:** Written discovery needs to be completed by the next case management conference.

    IT IS SO ORDERED.

    **10/27/2016**
    **DATE**

    _____
    **JAMES DALE YOUNG, Circuit Judge**

---

[1] These deadlines shall only be modified by the Court for good cause shown.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1045 of 1650

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| QUENTON SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1616-CV17924 |
| | ) | Division 11 |
| OAK RIVER INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

## CERTIFICATE OF SERVICE

Defendant Oak River Insurance Company, hereby certifies that on the 3rd day of November, 2016, it served its Responses to Plaintiff's First Set of Requests for Production, by delivering the same via electronic mail and U.S. Mail, postage prepaid, to:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

Dated this 3rd day of November, 2016.     Respectfully submitted,

 *s/ M. Courtney Koger*
_____
M. Courtney Koger     MO #42343
Kevin D. Brooks     MO #57627
**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT**
**OAK RIVER INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

     I hereby certify that on November 3, 2016 the foregoing was filed with the Court's electronic filing system which provides electronic notice to counsel of record and served via email, to:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

 *s/ M. Courtney Koger*
_____
Attorney for Defendant Oak River Insurance
Company

**SIXTEENTH JUDICIAL CIRCUIT COURT**
**JACKSON COUNTY, MISSOURI**

Quenton Shelby,

      Plaintiff,

v.

      Case No. 1616-CV17924
      Division: 6

Oak River Insurance Company,

      Defendant.

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a copy of Responses to Defendant's Request for Admissions Directed to Plaintiff was sent via E-Mail and U.S. Mail on this 21st day of November, 2016, to the below counsel:

M. Courtney Koger
Kevin D. Brooks
**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64106
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com

THE ONDER LAW FIRM

By: _____
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

1

Electronically Filed - Jackson - Kansas City - November 21, 2016 - 12:07 PM

**Certificate of Service**

I certify on November 21, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

QUENTON SHELBY )
             **Plaintiff,** )
           ) **Case No. 1616-CV17924**
           ) **Division 6**
**v.** )
           )
OAK RIVER INSURANCE COMPANY )
             **Defendant.** )

## SCHEDULING ORDER

On _____12/1_____, 2016, this matter comes before the Court for a Case Management Conference, and **IT IS HEREBY ORDERED** as follows:

1. **SETTING:**

   This matter is set for (Jury/Bench) **TRIAL/(CASE MANAGEMENT CONFERENCE)/HEARING** on
   _____3/2_____, 201**7** at _____1:30 pm._____

2. **PRE-TRIAL CONFERENCE/INSTRUCTIONS/MOTIONS IN LIMINE/OTHER MOTIONS:** [1]

   This case is set for a Pre-Trial Conference on _____, 20____ at _____.

   a. Jury Instructions shall be filed and served seven (7) days prior to pretrial conference/trial.
   b. Motions in limine shall be filed and served fourteen (14) days prior to pretrial conference/trial. Responses shall be filed and served seven (7) days prior to pretrial conference/trial.
   c. Dispositive motions shall be filed no later than ninety (90) days before trial.
   d. Portions of depositions to be read or played at trial shall be filed and served fourteen (14) days prior to trial. Objections and counter designations shall be filed and served seven (7) days prior to trial. Objections to counter designations shall be filed and served the Friday before trial.
   e. The parties shall file and exchange exhibit and witness lists and all exhibits they anticipate offering seven (7) days prior to pretrial conference/trial.

3. **DISCOVERY:**

   a. Plaintiff's retained and non-retained expert witnesses shall be identified and the information required by Rule 56.01(b)(4) and (5) provided by _____.
   b. Defendant's expert witnesses shall be identified and the information required by Rule 56.01(b)(4) and (5) provided by _____.
   c. All discovery shall be completed by _____. Unless otherwise agreed by the parties or ordered by the Court, no discovery requests shall be served later than thirty (30) days prior to the discovery deadline.

4. **MEDIATION IS ORDERED** by the Court, to be completed by the close of discovery. The parties will agree on a mediator to be used, and costs of the mediation will be split evenly between the parties.

5. **OTHER ORDERS/DIRECTIVES:** Mr Brooks appears for Ms. Koger. Parties attempting to schedule mediation in Feb 2017; case will be resolved by motion for summary judgment.

    **IT IS SO ORDERED.**

_____12/1/16_____
**DATE**

_____
**JAMES DALE YOUNGS, Circuit Judge**

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1050 of 1650

# SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 6

## CERTIFICATE OF MAILING

The undersigned hereby certifies that copies of Answers and Objections to Defendant's First Interrogatories were sent via E-mail on December 13, 2016 and Responses and Objections to Defendant's First Requests for Production of Documents were sent via E-mail on December 15, 2016, to the below counsel:

M. Courtney Koger
Kevin D. Brooks
**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64106
truskamp@shb.com
dschwaller@shb.com

THE ONDER LAW FIRM

By:   */s/ Jesse B. Rochman*
      Martin L. Daesch, #40494
      Jesse B. Rochman, #60712
      110 E. Lockwood Ave.
      St. Louis, MO 63119
      (314) 963-9000 (telephone)
      (314) 963-1700 (facsimile)
      daesch@onderlaw.com
      rochman@onderlaw.com
      *Attorneys for Defendant(s)*

Electronically Filed - Jackson - Kansas City - December 21, 2016 - 01:23 PM

**Certificate of Service**

       I certify on December 21, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

                                                  */s/ Jesse B. Rochman*

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| QUENTON SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1616-CV17924 |
| | ) | Division 6 |
| OAK RIVER INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR ENFORCEMENT OF DISCOVERY**

The Court having considered Defendant Oak River Insurance Company's Motion for Enforcement of Discovery, and good cause appearing,

IT IS ORDERED that Defendant Oak River Insurance Company's Motion for Enforcement of Discovery is GRANTED. Plaintiff's objections are overruled. Plaintiff is hereby ordered to withdraw his objections and provide full and complete responses to Oak River's First Interrogatories, First Requests for Admissions, and First Request for Production within ten (10) days of this Order or be subject to penalties in accordance with Rule 61.01 and Local Rule 32.2.4, and other penalties this Court may deem just and proper.

Dated this _____ day of _____, 2017.

_____
J. Dale Youngs**,** Circuit Court Judge

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | | |
|---|---|---|
| QUENTON SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1616-CV17924 |
| | ) | Division 6 |
| OAK RIVER INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR ENFORCEMENT OF DISCOVERY

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River"), pursuant to Mo. R. Civ. P. 61.01 and Local Rules 32.2.4 and 33.5, and respectfully requests that the Court enforce discovery in this matter, overrule Plaintiff's objections, and specifically compel Plaintiff to provide full and complete answers to Oak River's First Request for Production, First Requests for Admissions, and First Interrogatories. Plaintiff's objections were untimely and not valid as set forth in Oak River's Suggestions in Support of this Motion, filed contemporaneously herewith and incorporated by reference as if fully set forth herein.

**WHEREFORE**, Oak River respectfully moves this Court to enter its order enforcing discovery, overruling Plaintiff's objections and compelling Plaintiff to fully respond to Oak River's First Request for Production, First Requests for Admissions, and First Interrogatories.

4848-6998-4321.1

Dated this 16th day of February, 2017.        Respectfully submitted,

 *s/ M. Courtney Koger*

| | |
|---|---|
| M. Courtney Koger | MO #42343 |
| Kevin D. Brooks | MO #57627 |

**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT
OAK RIVER INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

       I hereby certify that on February 16, 2017 the foregoing was filed with the Court's electronic filing system which provides electronic notice to counsel of record and served via email, to:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

 *s/ M. Courtney Koger*

Attorney for Defendant Oak River Insurance
Company

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| QUENTON SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1616-CV17924 |
| | ) | Division 6 |
| OAK RIVER INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT'S SUGGESTIONS IN SUPPORT OF ITS MOTION FOR
ENFORCEMENT OF DISCOVERY**

---

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River"), pursuant to

Mo. R. Civ. P. 61.01 and Local Rules 32.2.4 and 33.5, and submits the following Suggestions in

Support of its Motion for Enforcement of Discovery.

### I.    BACKGROUND

This is an insurance coverage dispute in which Plaintiff asserts claims for "breach of duty

to defend" and equitable garnishment against Oak River arising out of an underlying lawsuit by

Plaintiff against Miller Investment Group, Inc. ("MIG") and resulting judgment against MIG.

### II.    PRIOR DISCOVERY DISPUTES

There have been no prior discovery disputes.

### III.    DISCOVERY SOUGHT

Oak River seeks an order overruling Plaintiff's objections and complete answers to its First

Request for Production, First Requests for Admissions, and First Interrogatories to Plaintiff.

### IV.    ARGUMENT AND ANALYSIS

1

On October 27, 2016, Oak River served its First Request for Production, First Requests for Admissions, and First Interrogatories to Plaintiff. Plaintiff timely served responses to the Requests for Admissions on November 21, 2016. The parties agreed to an extension of time, as acknowledged by Plaintiff's counsel, for Plaintiff's Responses to the Interrogatories and Requests for Production of Documents to December 9, 2016. *See Exhibit #1*. Plaintiff did not serve his responses to the Interrogatories until December 13, 2016 and to the Requests for Production of Documents until December 15, 2016. *See Exhibits #2 & #3*. Plaintiff's responses were untimely and contained numerous objections. Pursuant to Local Rule 32.2.4, Oak River's counsel sent "golden rule" correspondence to Plaintiff's counsel and a "meet and confer" telephone call occurred. *See Exhibit #4*. Plaintiff agreed to answer certain subparts not previously answered. *See Exhibit #5*. The parties still dispute some of Plaintiff's objections. However, all of Plaintiff's objections should be overruled as set forth herein.

## A.     Untimely Objections

First, Plaintiff's objections to Oak River's Interrogatories and Requests for Production were not timely.  Pursuant to Rule 61.01(a), failure to answer discovery "may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has served timely objections to the discovery request…"  Because Plaintiff failed to timely submit objections to Oak River's Interrogatories and Requests for Production, the objections should be overruled.

## B.     Objections to Requests for Admissions are not valid

Oak River's Requests for Admissions seek basic information regarding communications between MIG and Oak River. This issue is at the heart of the case because one of Oak River's defenses is that there is no coverage because MIG failed to provide notice to Oak River that Shelby had altered his theory recovery against MIG.  On one hand, Plaintiff claims to have

2

received an assignment from MIG in order to pursue claims against Oak River. But, on the other, Plaintiff asserted in his responses to requests regarding MIG's correspondence to Oak River that "Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies." Plaintiff responded to Requests 15-18, 20-21, 33, 35, 37, 39, and 41 in such a manner. Plaintiff should not be permitted to use the assignment as a sword but then as a shield to avoid answering discovery. Plaintiff should be ordered to answer Requests for Admission 15-18, 20-21, 33, 35, 37, 39, and 41 with an unqualified admission or denial.

Likewise, Plaintiff improperly objected to Requests for Admission 24, 26, 27, 32, 33, 34, 36, 38, and 40 as calling for legal conclusions. A request for admission may seek "application of law to fact." Rule 59.01(a). "A request for admissions under the rule can be made as to any disputed issue, whether evidentiary or elements of the burden of proof, as well as to any propositions not in genuine dispute, whether a matter of application of fact to law or opinion." *Dynamic Computer Sols., Inc. v. Midwest Mktg. Ins. Agency, L.L.C.*, 91 S.W.3d 708, 715 (Mo. Ct. App. 2002). These requests seek information regarding the claims asserted in the underlying case – an issue of fact applied to legal principles. Plaintiff's objections should be overruled.

**C.      Objections to "Contention" Discovery Requests are not valid**

"An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact…" Mo. Sup. Ct. R. 57.01. Plaintiff objected to Requests for Production 11, 18, 21, and 25 and Interrogatories 20, 21, and 22 as being contention interrogatories and requests. These objections are improper and should be overruled.

3

**D.**     **Other Improper Objections to Requests for Production and Interrogatories**

Plaintiff also asserted a number of improper objections to Oak River's Requests for Production and Interrogatories. For instance, Oak River seeks communications between Plaintiff and MIG in Request 4 and Interrogatories 16 and 17 as well the documents and witnesses offered during trial, hearing or other proceeding in the underlying case in Request 16 and Interrogatories 10 and 11, but Plaintiff objected to this request as being overly broad. Plaintiff also objected to Request 15 that seeks formal or informal discovery documents as being vague. These are not a valid objections. These communications, documents exchanged by Plaintiff and MIG, and evidence offered in proceeding in the underling case are at the heart of this case. The objections should be overruled.

Plaintiff also objected to Oak River's Request 22 and Interrogatory 4 that seek information regarding the class members, the payments they received, their identities, etc. as overbroad and unduly burdensome among other objections. Plaintiff has sued Oak River on his own behalf and indicated in his interrogatory responses that "This is not a class action," but Plaintiff seeks to recover the entirety of the underlying judgment that was awarded to the entire class of 2,349 people. The Underlying Final Order stated that "MIG assigns to the Settlement Class…all of its rights under all insurance policies…from which Shelby and the Settlement Class will seek to recover." Moreover, there is no indication that any member of the Settlement Class assigns his or her rights to garnish or otherwise seek recovery on the judgment obtained against MIG. Again, Plaintiff cannot have it both ways. He cannot assert claims belonging to all these persons without identifying them. To the extent Plaintiff is seeking only his portion of the underlying judgment, Plaintiff's damages in this case should be reduced to 1/2349th of the underlying judgment.

Plaintiff objected to Oak River's Requests 23 and 24, which seek information regarding Plaintiff's damages and the underlying judgment calculation as seeking work product information. These requests do not seek information protected by work product. They seek information supporting the damages sought in the underlying case and in this case. Plaintiff also objected to Interrogatory 8 that the word "itemize" was vague and Plaintiff only stated to see the prayers of relief from his Petition. "Itemize" is taken directly from the standard interrogatories in this Circuit. Plaintiff should be compelled to answer with specific categories and amounts of damages sought in this case.

Plaintiff also objected to Interrogatory 4, which sought the basis for Plaintiff to assert its claim for Breach of Duty to Defend, on the basis of work product. This interrogatory is not seeking work production information. It seeks the basis in fact for Plaintiff to assert the claim when Oak River does not owe any duties to Plaintiff himself. This objection should be overruled.

Finally, Interrogatory 24 seeks the factual basis, supporting documents, and witnesses for any denials of Oak River's requests for admissions. Plaintiff objected to the interrogatory as being overbroad and unduly burdensome. This interrogatory in conjunction with the requests for admissions seeks to narrow the issues in this case and discover factual information for any issues that Plaintiff does in fact dispute. It is not overbroad or unduly burdensome for Plaintiff to provide this information.

**V. SANCTIONS SOUGHT**

Oak River seeks an Order compelling Plaintiff's full, complete responses to Oak River's First Request for Production, Request for Admissions, and First Interrogatories within ten (10) days pursuant to Rule 61.01(b) and (d) and Local Rule 32.2.4.

5

Dated this 16th day of February, 2017.     Respectfully submitted,

   *s/ M. Courtney Koger*
   ————————————————————
M. Courtney Koger      MO #42343
Kevin D. Brooks       MO #57627
**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street,  Suite 800
Kansas City, MO  64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT
OAK RIVER INSURANCE
COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 16, 2017 the foregoing was filed with the Court's electronic filing system which provides electronic notice to counsel of record and served via email, to:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

   *s/ M. Courtney Koger*
   ————————————————————
Attorney for Defendant Oak River Insurance Company

6

**Dysart, Dawn E.**

| | |
|---|---|
| **From:** | Koger, M. Courtney |
| **Sent:** | Tuesday, December 13, 2016 2:10 PM |
| **To:** | Jesse B. Rochman |
| **Cc:** | Brooks, Kevin D. |
| **Subject:** | RE: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924 |

Jesse,

We have not received either Rog answers or RFPD responses. At this point, they are past due under your requested extension. Please provide your answers and responses.

Courtney
M. Courtney Koger
Two Pershing Square
2300 Main Street
Suite 800
Kansas City, MO 64108
Telephone: (816) 960-0090
Facsimile: (816) 960-0041
(816) 502-4653 Direct
courtney.koger@kutakrock.com

---

**From:** Koger, M. Courtney
**Sent:** Monday, November 21, 2016 7:37 PM
**To:** Jesse B. Rochman <Rochman@onderlaw.com>
**Subject:** RE: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924

That is fine.

---

**From:** Jesse B. Rochman <Rochman@onderlaw.com>
**Sent:** Monday, November 21, 2016 7:13:06 PM
**To:** Koger, M. Courtney
**Subject:** Re: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924

Two weeks. I calculate that to be December 9.

Jesse Rochman

Sent from my iPhone



EXHIBIT

1

tabbies

Electronically Filed - Jackson - Kansas City - February 16, 2017 - 09:42 AM

On Mon, Nov 21, 2016 at 6:58 PM -0600, "Koger, M. Courtney" <Courtney.Koger@KutakRock.com> wrote:

Almost certainly. How long?

_____

From: Jesse B. Rochman <Rochman@onderlaw.com>
Sent: Monday, November 21, 2016 6:47:52 PM
To: Koger, M. Courtney
Subject: Re: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924

Courtney:

Would you consent to a two week extension for us to respond to Oak River's ROGs and RFPs?

Thanks.

Jesse Rochman
Sent from my iPhone

On Mon, Nov 21, 2016 at 1:26 PM -0600, "Jesse B. Rochman" <Rochman@onderlaw.com<mailto:Rochman@onderlaw.com>> wrote:

That is fine with me.

Jesse Rochman
Sent from my iPhone

On Mon, Nov 21, 2016 at 12:49 PM -0600, "Koger, M. Courtney" <Courtney.Koger@KutakRock.com<mailto:Courtney.Koger@KutakRock.com>> wrote:

To respond to your golden-rule email about our discovery responses. I had said we'd consider and get back to you by THIS Wednesday, not realizing how close Kevin and his wife were to their due date.

From: Jesse B. Rochman [mailto:Rochman@onderlaw.com]

Sent: Monday, November 21, 2016 12:42 PM

To: Koger, M. Courtney <Courtney.Koger@KutakRock.com>

Cc: Brooks, Kevin D. <Kevin.Brooks@KutakRock.com>

Subject: Re: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924


I'm not in the office right now. What deadline?

Jesse Rochman

Sent from my iPhone




On Mon, Nov 21, 2016 at 12:40 PM -0600, "Koger, M. Courtney"

<Courtney.Koger@KutakRock.com<mailto:Courtney.Koger@KutakRock.com>> wrote:

Jesse,


May we extend that deadline until next Wednesday?  Kevin is out with his wife for the birth of their first child (induction scheduled for today), and I have to head for St Louis for tomorrow and Wednesday, and then we hit the holiday.


Courtney


From: Jesse B. Rochman [mailto:Rochman@onderlaw.com]

Sent: Wednesday, November 16, 2016 11:42 AM

To: Koger, M. Courtney <Courtney.Koger@KutakRock.com<mailto:Courtney.Koger@KutakRock.com>>

Cc: Brooks, Kevin D. <Kevin.Brooks@KutakRock.com<mailto:Kevin.Brooks@KutakRock.com>>

Subject: RE: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924


Thanks Courtney, and likewise, feel free to call me Jesse.


I will await to hear from you on Wednesday.


Jesse B. Rochman

Onder, Shelton, O'Leary & Peterson, LLC

110 East Lockwood, Second Floor

St. Louis, MO  63119

(314) 227-7695 (Direct Dial)

(314) 963-9000 (Telephone)

(314) 963-1700 (Facsimile)

rochman@onderlaw.com<mailto:rochman@onderlaw.com>

www.onderlaw.com

NOTE: E-mail is not a secure method of communication. Any email that is sent to you or by you may be copied and held by various computers as it is transmitted. Persons not participating in our communication may intercept our communications by improperly accessing your compute or this law firm's computers—or even some computer unconnected to either of us that the email may have passed through.

This message (including attachments) is for the designated recipient only and may contain privileged, proprietary, or otherwise confidential information. If you are not the intended recipient or have received this message in error, please notify the sender immediately and delete the original. Any other use of this e-mail is prohibited.

From: Koger, M. Courtney [mailto:Courtney.Koger@KutakRock.com]
Sent: Wednesday, November 16, 2016 11:40 AM
To: Jesse B. Rochman <Rochman@onderlaw.com<mailto:Rochman@onderlaw.com>>
Cc: Brooks, Kevin D. <Kevin.Brooks@KutakRock.com<mailto:Kevin.Brooks@KutakRock.com>>
Subject: RE: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924

Mr. Rochman,

I acknowledge receipt of your email. Kevin and I will consider it and will get back to you by next Wednesday. BTW, please call me Courtney; we might as well be on a first-name basis since we're going to be communicating for some time while we litigate this matter.

Courtney

M. Courtney Koger
Two Pershing Square
2300 Main Street
Suite 800
Kansas City, MO 64108
Telephone: (816) 960-0090
Facsimile: (816) 960-0041
(816) 502-4653 Direct
courtney.koger@kutakrock.com<mailto:courtney.koger@kutakrock.com>

From: Jesse B. Rochman [mailto:Rochman@onderlaw.com]
Sent: Wednesday, November 16, 2016 10:13 AM
To: Parmenter, LeeAnn E. <LeeAnn.Parmenter@kutakrock.com<mailto:LeeAnn.Parmenter@kutakrock.com>>; Martin L. Daesch <Daesch@onderlaw.com<mailto:Daesch@onderlaw.com>>; Evan C. Murphy <Murphy@onderlaw.com<mailto:Murphy@onderlaw.com>>
Cc: Koger, M. Courtney <Courtney.Koger@KutakRock.com<mailto:Courtney.Koger@KutakRock.com>>; Brooks, Kevin D. <Kevin.Brooks@KutakRock.com<mailto:Kevin.Brooks@KutakRock.com>>

Electronically Filed - Jackson - Kansas City - February 16, 2017 - 09:42 AM

Subject: RE: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924

Ms. Koger:

I have had a chance to review your objections to our discovery and the attached privilege log. It appears all the documents in the privilege log are part of the claims file based on Oak River's response to Request No. 1. Is that correct? If so, I ask you withdraw those objections and produce all documents listed in the privilege log based on Grewell:

In Grewell I, the Supreme Court made it clear that an insurance claims file belongs to the insured. 102 S.W.3dat 37. The Court concluded State Farm should provide the Grewells with free and open access to their file. Id. Despite this holding, State Farm refused to release copies of certain file documents based on the work product privilege. State Farm had asserted the same privilege in Grewell I without success.

Grewell v. State Farm Mut. Auto. Ins. Co., 162 S.W.3d 503, 507 (Mo.App. W.D.2005).

Please let me know how you wish to proceed and let this serve as our good faith attempt to resolve this discovery matter. Thank you.


Jesse B. Rochman

Onder, Shelton, O'Leary & Peterson, LLC

110 East Lockwood, Second Floor

St. Louis, MO  63119

(314) 227-7695 (Direct Dial)

(314) 963-9000 (Telephone)

(314) 963-1700 (Facsimile)

rochman@onderlaw.com<mailto:rochman@onderlaw.com>

www.onderlaw.com

NOTE:   E-mail is not a secure method of communication.    Any email that is sent to you or by you may be copied and held by various computers as it is transmitted.   Persons not participating in our communication may intercept our communications by improperly accessing your compute or this law firm's computers—or even some computer unconnected to either of us that the email may have passed through.

This message (including attachments) is for the designated recipient only and may contain privileged, proprietary, or otherwise confidential information.    If you are not the intended recipient or have received this message in error, please notify the sender immediately and delete the original.   Any other use of this e-mail is prohibited.


From: Parmenter, LeeAnn E. [mailto:LeeAnn.Parmenter@kutakrock.com]

Sent: Thursday, November 03, 2016 3:07 PM

To: Martin L. Daesch <Daesch@onderlaw.com<mailto:Daesch@onderlaw.com>>; Jesse B. Rochman <Rochman@onderlaw.com<mailto:Rochman@onderlaw.com>>

Cc: Koger, M. Courtney <Courtney.Koger@KutakRock.com<mailto:Courtney.Koger@KutakRock.com>>; Brooks, Kevin

D. <Kevin.Brooks@KutakRock.com<mailto:Kevin.Brooks@KutakRock.com>>

Subject: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924

Counsel –

Please see attached correspondence from Ms. Koger along with attachments.

A hard copy will follow via U.S. Mail.

LeeAnn E. Parmenter | Paralegal | Kutak Rock LLP

2300 Main Street, Suite 800, Kansas City, MO 64108-2416

D (816) 502-4811 | O (816) 960-0090 | C (816) 522-6133

LeeAnn.Parmenter@KutakRock.com<mailto:LeeAnn.Parmenter@KutakRock.com> |

www.KutakRock.com<http://www.kutakrock.com/>

_____

This E-mail message is confidential, is intended only for the named recipients above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message. Thank you.

## SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 6

### Answers and Objections to
### Defendant's First Interrogatories to Plaintiff

Plaintiff, through the undersigned attorneys, answers and objects to Defendant's First Interrogatories:

1. State your full name, date of birth, and social security number.

ANSWER: **Quenton Gregory Shelby; March 25, 1995; \*\*\*-\*\*-2435.**

2. State the addresses at which you have resided for the past ten (10) years, and for each such

address state the names and telephone numbers of all person who at any time resided with

you there, and the periods of time during which those individuals resided there with you.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. The requested information is also overbroad, unduly burdensome and seeks information not reasonably calculated to lead to admissible evidence. Subject to this objection:**

**Plaintiff does not remember the exact dates, but the following are his past addresses in reverse chronological order:**

**3441 Agnes Ave, Kansas City, MO 64128**
**7350 State Ave, Apt. 212, Kansas City, KS 66112**
**7919 Agnes Ave, Kansas City, MO 64132**
**7919 Agnes Ave, Kansas City, MO 64132**
**1410 E. 9th St, Apt. 201, Kansas City, MO 64106**
**1106 Paseo, Apt. 202, Kansas City, MO 64106**

**EXHIBIT**

tabbies

2

3. State whether you are presently married and, if you are, the name of your spouse. Regardless of whether you are presently married, state whether you were ever previously married and, if you were, the name of each previous spouse.

ANSWER: **No.**

4. In Paragraph 2 of your Petition, you state that you were appointed class representative of a class of persons in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. Please state the following:

    a. The authority under which you purport to be class representative in that matter;

    b. The names, addresses, and telephone numbers of all members of the class in that matter; and

    c. Whether you purport to assert the present action as a class representative of the class or any other persons and, if so, the authority under which you purport to do so.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the first two subparts.**

    a. **See the settlement agreement, preliminary approval order, final approval order and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

    b. **Objection. There were over 2,300 class members, so the requested information is overbroad, unduly burdensome and seeks information not reasonably calculated to lead to admissible evidence. Providing the requested information would also potentially violate the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801(a), 6802(a), and 6809(4)(A), which protects the security and confidentiality of customer's nonpublic personal information. Under the settlement agreement, preliminary approval order, final approval order and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, the names, addresses and other personal information of the members of the Settlement Class were omitted from the public filings to protect their privacy. Providing this information to Defendant would require an order from the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

5. State the basis for you to assert a claim for Count I of your Petition for Breach of Duty to Defend, including, but not limited to, the identity and description of any documents or agreements between you and Miller Investment Group, Inc. or any other person you contend confers upon you any basis to assert the claim.

ANSWER: **To the extent this interrogatory seeks mental impressions, conclusions, opinions, and legal theories of Plaintiff's attorneys, Plaintiff objects.**

**Subject to this objection, see the allegations in the Petition (including exhibits) in this matter, all documents of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, and Defendant's answers and responses to discovery.**

6. State the dates you, Miller Investment Group, Inc. and/or anyone acting on your or their behalf sent communication to Oak River or anyone you believe was acting on its behalf regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For each such date, state:

    a. The parties or individuals to the communication;

    b. The method of communication (oral, written, etc.);

    c. The substance of the communication; and

    d. If the communication was written or electronic, provide a copy of the written or electronic communication.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the first two subparts.**

**For Plaintiff, see documents bates labeled Oak River 696 through 700. Plaintiff does not know the dates Miller Investment Group, Inc. and/or anyone acting on its behalf sent communication to Oak River or anyone Plaintiff believes was acting on Oak River's behalf regarding Miller Investment Group v. Shelby, Case No. 1216-CV24936 other than what is in Defendant's answers and responses to discovery.**

7. State the dates you, Miller Investment Group, Inc. and/or anyone acting on your or their behalf received communication from Oak River or anyone you believe was acting on its behalf regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For each such date, state:

    a. The parties or individuals to the communication;

    b. The method of communication (oral, written, etc.);

    c. The substance of the communication; and

    d. If the communication was written or electronic, provide a copy of the written or electronic communication.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the first two subparts.**

**Excluding discovery in this matter and Oak River's attorney's in this matter, Plaintiff has received no communication from Oak River. Plaintiff does not know the dates Miller Investment Group, Inc. and/or anyone acting on its behalf received communication from Oak River or anyone Plaintiff believes was acting on Oak River's behalf regarding Miller Investment Group v. Shelby, Case No. 1216-CV24936 other than what is in Defendant's answers and responses to discovery.**

8. Itemize the damages you are seeking in this lawsuit.

ANSWER: **Objection. Defendant's request to "itemize" damages is too vague to answer.**

**Subject to this objection, the damages Plaintiff seeks are set out in the prayers for relief of each Count of the Petition.**

9. State the method in which all damages alleged by you and the class in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 were calculated.

ANSWER: **$11,502,117.85 of the damages was calculated under §§ 408.562, 400.9-625(c)(2) and (e), which provides a liquidated sum for uncertain and hard-to-quantify actual damages, including, loss of use of tangible property and cost of alternative transportation; loss resulting from the inability to obtain, or increased costs of, alternative financing; harm to credit worthiness, credit standing, credit capacity, character, and general reputation; harm**

**caused by defamation, slander and libel; harm caused by invasion of privacy; and other uncertain and hard-to-quantify actual damages.**

**$3,381,901.28 of the damages was calculated under §§ 365.152, 408.562, and 400.9-625.**

**$4,117,776.03 of the damages was calculated under the prejudgment interest statutes.**

10. Identify by name, address, and telephone number of the persons who testified in any trial, hearing, or other proceeding in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

ANSWER: **Objection. This interrogatory is overbroad and unduly burdensome as it covers all any trial, hearing or other proceeding in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For example, the identity of witness at the hearing on the motion to compel arbitration would not lead to the discovery of admissible evidence.**

**Subject to this objection, the attorneys of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

11. Describe and attach the documents admitted into evidence at any trial, hearing, or other proceeding in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

ANSWER: **Objection. This interrogatory is overbroad and unduly burdensome as it covers all evidence at any trial, hearing or other proceeding in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For example, describing documents admitted into evidence at the hearing on the motion to compel arbitration would not lead to the discovery of admissible evidence.**

**Subject to this objection, see the record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 and Plaintiff's responses to Defendant's requests for production.**

12. Identify by name, address, occupation, place of employment, and qualifications to provide an expert opinion all retained experts you expect or intend to call at trial, and state the general subject matter on which the person will testify and the person's hourly fee for providing testimony and other services as a retained expert. (In lieu of stating a person's qualifications to provide an expert opinion in your answer to this interrogatory, you may provide a copy of the person's current curriculum vitae.)

ANSWER: **Plaintiff has not determined what expert witnesses it expects to call at trial.**

13. Identify by name, address, and field of expertise all non-retained experts you expect or

    intent to call at trial.

ANSWER: **Plaintiff has not determined what expert witnesses it expects to call at trial.**

14. Have you ever pleaded guilty to or been convicted of a felony or misdemeanor? If your

    answer is in the affirmative, state for each such guilty plea and conviction the nature of the

    offense and the date and court of disposition.

ANSWER: **No.**

15. For every contract or agreement entered into by and between you, the class, and/or Miller

    Investment Group, Inc. relating to *Miller Investment Group v. Shelby*, Case No. 1216-

    CV24936 and the claims asserted therein, including but not limited to settlement

    agreements, assignments, releases, contracts to limit recovery, covenants not to sue, and

    covenants not to enforce or execute a judgment, state who first proposed or offered it and

    the date, the date its material terms were accepted by the offeree or otherwise agreed upon,

    the date those material terms were reduced to writing, the date the writing was signed by

    you, and the date the writing was signed by Miller Investment Group, Inc.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the first two subparts.**

**The only agreement between the parties was the settlement agreement. Plaintiff does not know who first proposed or offered it as it was the result of a mediation on April 21, 2015.**

16. With respect to every verbal conversation between you or any of your attorneys, on the one

    hand, and Miller Investment Group, Inc. or any employee, agent or attorney of Miller

    Investment Group, Inc., on the other hand, in which there was mentioned an offer to settle

    (or rejection of the same) any of your or the class's claims against Miller Investment Group,

Inc., state the date of the conversation, whether the conversation was in person, by telephone, or by some other means, the names of all persons participating in the conversation and all other persons who heard any portion of the conversation, what was said during the conversation by each person participating in it, and whether the conversation or any portion of it was recorded.

ANSWER: **Objection. This interrogatory is overbroad and unduly burdensome by seeking details regarding every verbal conversation between the parties regarding settlement. This interrogatory also violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Subject to this objection:**

**All relevant settlement conversations took place at mediation on April 21, 2015.**

17. Identify every offer by you or the class (including class representative(s)), whether communicated by you personally or by someone acting on your behalf, to settle any of your or the class's claims against Miller Investment Group, Inc. relating to *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, stating for each the names of all persons to whom the offer was communicated and the date it was so communicated, the name of the person who communicated the offer and the manner in which it was so communicated (e.g., by letter, in person, by telephone, et cetera), the amount demanded and all other terms of the settlement offered, and any deadline communicated for acceptance of the offer.

ANSWER: **Objection. This interrogatory is overbroad and unduly burdensome by seeking details regarding every offer by Plaintiff. Describing in detail all the offers that went back and forth at the lengthy mediation alone would be unduly burdensome. This interrogatory also violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Subject to this objection:**

**All relevant settlement conversations took place at mediation on April 21, 2015.**

18. Do you contend Oak River was provided any legal document from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 other than the Petition for Deficiency, Answer

and Counterclaim, Quenton Shelby's First Requests for Production Directed to Miller

Investment Group, and Quenton Shelby's First Set of Interrogatories Directed to Miller

Investment Group, before Miller Investment Group, Inc. entered into a settlement

agreement with you and the class? If your answer is in the affirmative, state the date on

which you contend such legal document was provided. Also if your answer is in the

affirmative, state all facts you contend support those contentions and identify each legal

document you contend supports those contentions by description and the location where it

may be found.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the conforming part of this interrogatory.**

**Plaintiff does not know whether Oak River was provided documents other than those listed or otherwise appearing in Oak River's claims file.**

19. Do you contend Oak River was provided with any settlement agreement, proposed order,

or proposed judgment from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936

either before Miller Investment Group, Inc. entered into a settlement agreement with you

or before the class and Miller Investment Group, Inc. consented to the entry of the proposed

order and proposed judgment? If your answer is in the affirmative, state the date on which

you contend such legal document was provided. Also if your answer is in the affirmative,

state all facts you contend support those contentions and identify each legal document you

contend supports those contentions by description and the location where it may be found.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the conforming part of this interrogatory.**

**Plaintiff does not know whether Oak River was provided documents other than those listed or otherwise appearing in Oak River's claims file.**

20. Do you contend Miller Investment Group, Inc. complied with all duties imposed upon it and conditions to coverage under the terms of its insurance policies with Oak River? If your answer is in the affirmative, state all facts you contend support that contention and identify each document you contend supports that contention by description and the location where it may be found.

ANSWER: **Objection. This contention interrogatory calls for a pure legal conclusion, is premature and is otherwise improper.**

**Subject to this objection, yes. Plaintiff provided notice of the lawsuit and related papers, cooperated with Defendant until it no longer had a duty to cooperate with Defendant and otherwise complied with the terms of the policies. See the documents from Defendant's answers and responses to discovery and the documents produced by Plaintiff.**

21. Do you contend Oak River owed a duty under the terms of its insurance policies with Miller Investment Group, Inc. to defend Miller Investment Group, Inc. in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936? If your answer is in the affirmative, state all facts you contend support that contention and identify each document you contend supports that contention by description and the location where it may be found.

ANSWER: **Objection. This contention interrogatory calls for a pure legal conclusion, is premature and is otherwise improper.**

**Subject to this objection, yes. See Plaintiff's Petition (including exhibits), the documents of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, the documents from Defendant's answers and responses to discovery, and the documents produced by Plaintiff.**

22. Do you contend that if Oak River had provided a defense Miller Investment Group, Inc. in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, judgment would not have been entered in that case or would have been entered in a lesser amount? If your answer is in the affirmative, state all facts you contend support that contention and identify each

Electronically Filed - Jackson - Kansas City - February 16, 2017 - 09:42 AM

document you contend supports that contention by description and the location where it may be found.

ANSWER: **Objection. This contention interrogatory calls for a pure legal conclusion, is premature and is otherwise improper.**

**Subject to this objection, had Defendant provided a defense, it is possible a judgment would not have been entered or would have been entered in a lesser amount.**

23. Identify the insurance policies in effect from 2008 to 2015 that comprise Miller Investment Group, Inc.'s insurance program or under which Miller Investment Group, Inc. is an insured. For each policy, state:

   a. The name of the insurance company;

   b. The name of the named insured;

   c. The type of policy;

   d. The policy period;

   e. The policy number;

   f. The applicable policy limits; and

   g. Attach the policies to your responses.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the conforming part of this interrogatory.**

**The only policies known to Plaintiff are those attached to his Petition and those produced with Defendant's answers and responses to discovery.**

24. If you deny any of the requests contained in Oak River's First Requests for Admissions to Plaintiff, for each denial please state the following:

   a. A description or list of all other documents that provide a basis or support for the denial, and provide a copy of such documents relied upon for the denial;

b. The names, addresses and telephone numbers of the person or persons whose knowledge or testimony provides the basis or support for the denial; and

c. The basis in fact as to support the denial.

<u>ANSWER</u>: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. This interrogatory is also overbroad, unduly burdensome and seeks to circumvent the limit of interrogatories imposed by Local Rule 32.2.1.**

THE ONDER LAW FIRM

By: _____
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com

*Attorneys for Plaintiff*

**Certificate of Service**

I certify on December 13, 2016 the foregoing was emailed to Defendant's attorneys:

M. Courtney Koger
Kevin D. Brooks
**KUTAK ROCK LLP**
Suite 800
Two Pershing Square
2300 Main Street
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com

## **<u>VERIFICATION</u>**

THE STATE OF _____ )
                                     )
COUNTY OF _____ )

    I, _____, being of lawful age and being first duly sworn upon my oath,

state that:

    I am the Plaintiff in the above-entitled action, I have read the foregoing answers to

Defendants' First Interrogatories, and the answers are true and correct to the best of my knowledge

and belief.

                                    _____
                                      QUENTON SHELBY

    SUBSCRIBED AND SWORN to before me, on this _____ day of _____, 2016.

                                      _____
                                      NOTARY PUBLIC

My Commission Expires:

_____

Electronically Filed - Jackson - Kansas City - February 16, 2017 - 09:42 AM

## SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

     Plaintiff,

v.

Oak River Insurance Company,

     Defendant.

Case No. 1616-CV17924
Division: 6

### Responses and Objections to Defendant's
### First Requests for Production of Documents to Plaintiff

Plaintiff, through the undersigned attorneys, responds and objects to Defendant's First Requests for Production of Documents:

1. Documents identified in your answers to Oak River's First Interrogatories to you.

**RESPONSE: None other than those already in Defendant's possession.**

2. Communications sent or received by you (including your attorneys) to or from Oak River regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: None other than those already in Defendant's possession.**

3. Communications sent or received by Miller Investment Group, Inc. (including their attorneys) to or from Oak River regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: None other than those already in Defendant's possession.**

EXHIBIT

tabbies

3

1

4. Communications sent or received by you (including your attorneys) to or from Miller Investment Group, Inc. (including its attorneys) regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: Objection. This request is overly broad and unduly burdensome by seeking all communication in the underlying litigation. For example, it would require production of emails regarding scheduling matters that would be irrelevant and not lead to admissible evidence. Subject to this objection:**

**The communications Plaintiff could locate are bates labeled Shelby 1–342, 345–373.**

5. Statements from Oak River or its employees regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: None other than those already in Defendant's possession.**

6. The settlement agreement, release, or similar documents(s) reflecting any settlement or satisfaction of any claim asserted by you or the class in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: This document is publicly available on Missouri Case.net in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

7. Contracts or agreements entered by and between you, the class, and/or Miller Investment Group, Inc. relating to *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 and/or the claims asserted therein, including but not limited to any assignments, releases, contracts to limit recovery, covenants not to sue, covenants not to enforce or execute a judgment, and/or agreements pursuant to Mo. Rev. Stat. § 537.065 or of a similar nature.

**RESPONSE: The settlement agreement filed with the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

8. The curriculum vitae for the expert witnesses, whether retained or non-retained, that you expect to call at trial.

**RESPONSE: Plaintiff does not know what expert witnesses it expects to call at trial.**

2

9. The materials furnished to or generated by the expert witnesses, whether retained or non-retained, that you expect to call at trial.

**RESPONSE: Plaintiff does not know what expert witnesses it expects to call at trial.**

10. A list of cases in which your expert witnesses, whether retained or non-retained, have testified in the past five (5) years.

**RESPONSE: Plaintiff does not know what expert witnesses it expects to call at trial.**

11. The rules, regulations, laws, statutes, ordinances, codes, standards, or other documents which you contend support your allegations against Oak River in this matter.

**RESPONSE: Objection. This is a premature and improper contention request for production. Although the Rule of Civil Procedure provide for certain contention interrogatories at the proper time, there is no comparative provision in Rule 58.01. Plaintiff also objects to the interrogatory as calling for documents that would clearly be attorney-client privilege and work-product. For example, if Plaintiff's attorneys reduced to writing their mental impressions, conclusions, opinions, and legal theories, that would be an "other document" supporting the allegations against Oak River in this matter. Finally, the request is unduly burdensome because copies of the requested documents are publicly available or equally available to Defendant.**

12. The documents between you and Miller Investment Group, Inc. regarding the vehicle you financed and purchased.

**RESPONSE: See documents bates labeled Oak River 10 through Oak River 13.**

13. The final and any drafts or other versions of the joint motion for approval, settlement agreement, and any exhibits thereto exchanged between you, the class, Miller Investment Group, Inc., and/or the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: The final versions were filed with the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 and are available to Defendant. The drafts that Plaintiff could locate are bates labeled Shelby 1–342.**

14. The final and any drafts or other versions of the orders, judgment, and any exhibits thereto exchanged between you, the class, Miller Investment Group, Inc., and/or the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: The final versions were filed with the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 and are available to Defendant. The drafts that Plaintiff could locate are bates labeled Shelby 1–342.**

15. The pleadings and discovery documents (formal or informal) served on or exchanged between the parties in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: Objection. The request is vague as to informal discovery documents. The pleadings are available to Defendant on Missouri Case.net in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. The discovery documents served or exchanged are in Defendant's possession at Oak River 00034 through Oak River 00063 and Oak River 00103 through Oak River 00133.**

16. The documents offered and/or admitted in evidence during any trial, hearing, or other proceeding held in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: Objection. This request is overly broad and unduly burdensome by seeking all documents offered in the underlying litigation. For example, it would require production of documents offered into evidence on the arbitration hearing, which is neither relevant nor calculated to lead to admissible evidence here.**

17. Transcripts of any trial, hearing, or other proceeding held in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: None other than those already in Defendant's possession.**

18. Documents which you contend set forth any findings of fact or conclusions of law reached by any judge in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: Objection. This is a premature and improper contention request for production. Although the Rule of Civil Procedure provide for certain contention interrogatories at the proper time, there is no comparative provision in Rule 58.01.**

**Subject to this objection, see all orders and judgments in Miller Investment Group v. Shelby, Case No. 1216-CV24936.**

19. Documents reflecting or evidencing any payment Miller Investment Group, Inc. (or anyone on its behalf) has made to you, the class, or your attorneys with regard to *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 or the claims asserted by you therein, or any claim asserted by you in this action, including but not limited to copies of checks, correspondence accompanying, enclosing, or transmitting payment, and any contracts or agreements calling for such payment.

**RESPONSE: See the settlement agreement, final order, and final judgment in Miller Investment Group v. Shelby, Case No. 1216-CV24936. Copies of the checks are bates labeled Shelby 343–344.**

20. Communications or other documents by which any person or entity offered, rejected, or accepted any settlement or compromise of any claim that was or could have been asserted in or arising out of *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: See the final versions of the settlement documents filed with the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. The drafts and communications that Plaintiff could locate are bates labeled Shelby 1–342, 345–373.**

21. Documents that you contend grant you the authority to act as class representative for the class in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 or this lawsuit.

**RESPONSE: Objection. This is a premature and improper contention request for production. Although the Rule of Civil Procedure provide for certain contention interrogatories at the proper time, there is no comparative provision in Rule 58.01.**

**Subject to this objection, see all orders and judgments in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

22. Documents identifying the class members, all payments that they received, their addresses, and/or telephone numbers of *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

**RESPONSE: Objection. There were over 2,300 class members, so the requested information is overbroad, unduly burdensome and seeks information not reasonably calculated to lead to admissible evidence. Providing the requested information would also potentially violate the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801(a), 6802(a), and 6809(4)(A), which protects the security and confidentiality of customer's nonpublic personal information. Under the**

5

settlement agreement, preliminary approval order, final approval order and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, the names, addresses and other personal information of the members of the Settlement Class were omitted from the public filings to protect their privacy. Providing this information to Defendant would require an order from the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

23. Documents that support the damages you are seeking in this lawsuit.

**RESPONSE: Plaintiff also objects to the interrogatory as calling for documents that would clearly be attorney-client privilege and work-product. For example, if Plaintiff's attorneys reduced to writing their mental impressions, conclusions, opinions, and legal theories regarding the damages they seek in this lawsuit, those would be documents supporting the damages they seek.**

**Subject to this objection, see the exhibits attached to the Petition in this matter and the documents of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. See also the documents in Defendant's possession or that it produced in response to discovery. See also the final hearing exhibit bates labeled Shelby 374–424.**

24. Documents demonstrating or supporting the method and manner in which all damages alleged by you and the class in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 were calculated.

**RESPONSE: Plaintiff also objects to the interrogatory as calling for documents that would clearly be attorney-client privilege and work-product. For example, if Plaintiff's attorneys reduced to writing their mental impressions, conclusions, opinions, and legal theories regarding the damages alleged by them or how they were calculated, those would be documents responsive to this request but protected by work-product.**

**Subject to this objection, see the final hearing exhibit bates labeled Shelby 374–424. See also Missouri statutes.**

25. Communications and other documents by which you contend you, the class, or Miller Investment Group, Inc. provided any legal document from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 to Oak River.

**RESPONSE: Objection. This is a premature and improper contention request for production. Although the Rule of Civil Procedure provide for certain contention interrogatories at the proper time, there is no comparative provision in Rule 58.01.**

**Subject to this objection, see the documents in Defendant's possession or that it produced in response to discovery. See also the exhibits attached to the Petition in this matter and the**

6

documents of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, which at a minimum were constructively provided to Oak River.

26. Communications and other documents by which you, the class, or Miller Investment Group, Inc. provided any proposed motion, settlement agreement, proposed order, or proposed judgment from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 to Oak River.

**RESPONSE: See the documents in Defendant's possession or that it produced in response to discovery. See also the exhibits attached to the Petition in this matter and the documents of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, which at a minimum were constructively provided to Oak River.**

27. Communications and other documents by which you, the class, or Miller Investment Group, Inc. tendered *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 to Oak River for defense.

**RESPONSE: See the documents in Defendant's possession or that it produced in response to discovery. See also the exhibits attached to the Petition in this matter and the documents of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, which at a minimum were constructively provided to Oak River.**

28. Diaries and journals created or maintained by you from January 1, 2008 to the present.

**RESPONSE: None.**

29. Documents you intend to offer as evidence during the trial of this action.

**RESPONSE: Objection. Calls for work-product.**

30. The insurance policies in effect from 2008 to 2015 that comprise Miller Investment Group, Inc.'s insurance program or under which Miller Investment Group, Inc. is an insured.

**RESPONSE: The only policies Plaintiff is aware of are attached to his Petition or were produced by Defendant in response to his discovery requests.**

7

THE ONDER LAW FIRM

By: _____

Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com

*Attorneys for Plaintiff*

## Certificate of Service

I certify on December 15, 2016 the foregoing was emailed to Defendant's attorneys:

M. Courtney Koger
Kevin D. Brooks
**KUTAK ROCK LLP**
Suite 800
Two Pershing Square
2300 Main Street
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com

8

# K U T A K   R O C K   L L P

**SUITE 800**
**2300 MAIN STREET**

**KANSAS CITY, MISSOURI 64108**

**816-960-0090**
**FACSIMILE 816-960-0041**

**www.kutakrock.com**

January 17, 2017

M. COURTNEY KOGER
courtney.koger@kutakrock.com
(816) 960-0090

ATLANTA
CHICAGO
DENVER
FAYETTEVILLE
IRVINE
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
SPOKANE
WASHINGTON, D.C.
WICHITA

**VIA ELECTRONIC MAIL**
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
rochman@onderlaw.com

> Re: *Quenton Shelby v. Oak River Insurance Company*
> Case No. 1616-CV17924
> Our File No.: 102011-4
> **Plaintiff's Responses to Discovery**

Dear Jesse:

We wanted to follow up on our telephone conversation regarding Plaintiff's discovery responses. To that end, we wanted to address some of Plaintiff's objections to Oak River's Interrogatories and Requests for Production of Documents. As we mentioned on the phone, our primary goal is to confirm that Plaintiff is not withholding any documents that Miller Investment Group ("MIG") may claim it sent to Oak River that may have been provided to you by MIG. From our conversation, it appears that cooperation from MIG is limited such that the best way to proceed is to serve a subpoena on MIG.

Additionally, as discussed, Plaintiff's objections were untimely such that they are waived. In particular, Plaintiff's objections based on Local Rule 32.2.1 are not valid. As we mentioned on the phone, Local Rule 32.2.1 is not strictly adhered to in local practice. (In fact, the approved interrogatories for automobile accidents do not comply with Local Rule 32.2.1.) We request that Plaintiff provide complete responses to the following interrogatories to which Plaintiff did not answer completely:

- Interrogatory #4;
- Interrogatory #6;
- Interrogatory #7;
- Interrogatory #15;
- Interrogatory #16;
- Interrogatory #17;
- Interrogatory #18;

**EXHIBIT**

4

4842-6784-6207.1

**KUTAK ROCK LLP**

- Interrogatory #19;
- Interrogatory #23; and
- Interrogatory #24.

Please withdraw the objections and provide complete responses to these interrogatories.

Finally, there are a number of interrogatories and requests for production that Plaintiff objected to on the basis that they seek contentions of "pure legal conclusions" and are premature. These interrogatories and requests seek basic contentions regarding the allegations in Plaintiff's Petition and the issues in this matter. Please withdraw these objections and provide complete responses to the contention interrogatories.

If you wish to discuss these matters further, we are happy to discuss this further. Please consider this a "golden rule" letter under the local rules.

Very truly yours,

M. Courtney Koger

MCK/kb

Electronically Filed - Jackson - Kansas City - February 16, 2017 - 09:42 AM

## Dysart, Dawn E.

**From:** Jesse B. Rochman <Rochman@onderlaw.com>
**Sent:** Sunday, January 29, 2017 7:25 PM
**To:** Dysart, Dawn E.
**Cc:** Koger, M. Courtney; Brooks, Kevin D.; Martin L. Daesch
**Subject:** RE: Shelby v. Oak River - correspondence

Courtney:

We will not withdraw our objections, but we will answer all subparts in Interrogatory Nos. 4, 6, 7, 15-19, and 23. We will stand on our objections as to Interrogatory No. 24.

I have two separate trial briefs with proposed judgments due this week, so I should be able to get you our amended answers by February 8. Please let me know if this is acceptable.


**Jesse B. Rochman**
Onder, Shelton, O'Leary & Peterson, LLC
110 East Lockwood, Second Floor
St. Louis, MO 63119
(314) 227-7695 (Direct Dial)
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
rochman@onderlaw.com
www.onderlaw.com

NOTE:   E-mail is not a secure method of communication.    Any email that is sent to you or by you may be copied and held by various computers as it is transmitted.   Persons not participating in our communication may intercept our communications by improperly accessing your compute or this law firm's computers—or even some computer unconnected to either of us that the email may have passed through.

This message (including attachments) is for the designated recipient only and may contain privileged, proprietary, or otherwise confidential information.   If you are not the intended recipient or have received this message in error, please notify the sender immediately and delete the original.   Any other use of this e-mail is prohibited.

**From:** Dysart, Dawn E. [mailto:Dawn.Dysart@KutakRock.com]
**Sent:** Tuesday, January 17, 2017 2:24 PM
**To:** Jesse B. Rochman <Rochman@onderlaw.com>
**Cc:** Koger, M. Courtney <Courtney.Koger@KutakRock.com>; Brooks, Kevin D. <Kevin.Brooks@KutakRock.com>
**Subject:** Shelby v. Oak River - correspondence

Mr. Rochman,

Attached is Ms. Koger's correspondence regarding the above-referenced matter.  Please do not hesitate to contact our office with any questions or concerns.

-Dawn

**Dawn E. Dysart** | Legal Secretary | **Kutak Rock LLP**
2300 Main Street, Suite 800, Kansas City, MO 64108-2416
**D** (816) 502-4812 | **O** (816) 960-0090 | **F** (816) 960-0041



EXHIBIT

5

Dawn.Dysart@KutakRock.com | www.KutakRock.com

This E-mail message is confidential, is intended only for the named recipients above and may contain information
that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.

Electronically Filed - Jackson - Kansas City - February 16, 2017 - 09:42 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

QUENTON SHELBY,          )
                                   )
        Plaintiff,          )
                                   )
vs.                            )   Case No. 1616-CV17924
                                 )   Division 6
OAK RIVER INSURANCE COMPANY,  )
                                 )
                                 )
        Defendant.      )

---

**AFFIDAVIT**

---

STATE OF MISSOURI    )
                          ) ss.
COUNTY OF JACKSON  )

Kevin D. Brooks, being of lawful age and duly sworn, states:

      1.     I am an attorney licensed to practice law in the state of Missouri, Missouri Bar No. 57627, with the law firm of Kutak Rock LLP, 2300 Main Street Suite 800, Kansas City, Missouri, 64108.

      2.     As an attorney with Kutak Rock LLP, I represent Oak River Insurance Company ("Oak River") in the above-captioned lawsuit.

      3.     Oak River has made a sincere attempt to resolve the discovery dispute by communicating in writing to Plaintiff's counsel without success. These attempts included multiple emails and correspondence as well as a "meet and confer" telephone conference in an effort to resolve the dispute.

      4.     Included as exhibits to the Suggestions in Support of Oak River's Motion for Enforcement of Discovery are true and accurate copy of the written communication sent to Plaintiff's counsel in an effort to resolve the dispute.

                                        _____
                                        Kevin D. Brooks

**EXHIBIT**

tabbies  6

4833-4902-5089.1

Electronically Filed - Jackson - Kansas City - February 16, 2017 - 09:42 AM

SWORN TO AND SUBSCRIBED before me on the 16th day of _February_ , 2017.

_____
Notary Public

_Dawn E. Dysart_
_____
Notary's printed name

My Commission Expires:

DAWN E. DYSART
My Commission Expires
April 25, 2019
Jackson County
Commission #15392498

NOTARY PUBLIC
NOTARY
SEAL
STATE OF MISSOURI

4833-4902-5089.1

## SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 6

### Motion to Enforce Discovery

Plaintiff Quenton Shelby ("Plaintiff"), under Mo. R. Civ. P. 61.01 and Local Rules 32.2.4 and 33.5, moves the Court to enforce discovery in this matter, overrule Defendant's objections, and specifically compel Defendant to provide all documents in the claim file before May 15, 2013. Defendant's objections are not valid as set forth in the Suggestions to Support this Motion to Enforce Discovery.

WHEREFORE, Plaintiff respectfully requests this Court enter an order enforcing discovery, overruling Defendant's objections, compelling Defendant to provide all documents in the claim file before May 15, 2013, and for all other relief just under the circumstances.

THE ONDER LAW FIRM

By: _____
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO  63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

1

**Certificate of Service**

I certify on February 17, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

**SIXTEENTH JUDICIAL CIRCUIT COURT**
**JACKSON COUNTY, MISSOURI**

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 6

**Plaintiff's Suggestions to Support his**
**Motion to Enforce Discovery**

Plaintiff Quenton Shelby ("Plaintiff"), under Mo. R. Civ. P. 61.01 and Local Rules 32.2.4 and 33.5, respectfully submits his suggestions to support his motion to enforce discovery:

### I. Statement of case (type and status)

Plaintiff sued Oak River for declaratory judgment, breach of multiple insurance contracts, including a breach of duty to defend, and an equitable garnishment under RSMo § 379.200. Shelby seeks to reach and apply insurance money to satisfy a final judgment entered in Shelby's favor for the certified class ("Class") in *Miller Investment Group v. Shelby*, No. 1216-CV24936 ("Underlying Litigation").

### II. Prior discovery disputes

There have been no other prior discovery disputes other than the dispute, which is the subject of Defendant's motion to enforce discovery filed on February 16, 2017.

### III. Discovery sought

Plaintiff seeks an order overruling Defendant's objections and compelling Defendant to provide all documents in the claim file before May 15, 2013.

1

## IV.    Issues raised by discovery dispute

Defendant objects to producing items in the claim file because it asserts:

Quenton Shelby is not an insured under any insurance policy issued by Oak River. There is no insurer/insured relationship between Shelby and Oak River that would entitle Shelby to production of the documents on the privilege log. You do not represent an insured and are not asserting any claim on behalf of any insured. Therefore, *Grewell* does not apply in this scenario.

*See* **Exhibit A** (attached).

## V.    Citations and argument supporting discovery

Although Shelby does not represent an insured, Shelby (as representative of the Settlement Class in the Underlying Litigation) was assigned the rights of Miller Investment Group, Inc. ("MIG") (a named insured on at least eight garage policies with Oak River, s*ee* Petition, ¶ 6), which includes the right to "free and open access to that file." *Grewell v. State Farm Mutual Automobile Insurance Company*, 102 S.W.3d 33 (Mo. banc 2003).

An assignment delivers to an assignee the rights of an assignor. *Holt v. Myers*, 494 S.W.2d 430, 437 (Mo. App. 1973). "When there is an assignment of an entire claim there is a complete divestment of all rights from the assignor and a *vesting of those same rights in the assignee*." *Id*. (emphasis added). Thus, when a claim is assigned, the assignee becomes the real party in interest entitled to assert the assignor's claim *and to recover the assignor's damages*. *See, e.g., DeBaliviere Place Ass'n v. Veal*, 337 S.W.3d 670, 677-78 (Mo. banc 2011) (holding assignment allowed assignee to "collect prior assessments owed to" the assignor); *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 128 (Mo. banc 2010).

Per Exhibit 9 to the Petition, Judge Campbell of Jackson County ordered the assignment of all MIG's rights under the insurance policies to Shelby as representative of the Settlement Class:

MIG assigns to the Settlement Class (represented by Shelby and his attorneys) all of its rights under all insurance policies in effect from January 10, 2008, to April 21, 2015, from which Shelby and the Settlement Class will seek to recover. Shelby

and his attorneys may pursue an action against MIG's insurers and attempt to recover against any effective insurance policies. Any recovery from the insurers will add to the benefits made available to the Settlement Class under the Agreement, and the Settlement Class Members who submitted valid claims for payment will receive the funds remaining from any recovery from the insurers after attorney's fees and costs are deducted.

*See* Exhibit 9 to the Petition, ¶ 8.

In *Grewell*, the Missouri Supreme Court addressed whether insureds are entitled to have access to their liability insurance claim file. The court noted that the relationship between insurer and insured is like the relationship between attorney and client. *Id*. (citing *State ex rel. Cain v. Barker*, 540 S.W.2d 50 (Mo. 1976)). And, just as an attorney's file belongs to the client, the insurer's file similarly belongs to the insured. *Id*. (citing *In the Matter of Gary M. Cupples*, 952 S.W.2d 226, 234 (Mo. 1997) (attorney's file belongs to client). However, *Grewell* applies only to materials created before the relationship between insurer and insured became adversarial. *McConnell v. Farmers Ins. Co., Inc.*, 2008 WL 510392, at *2, No. 07-4180-CV-C-NKL (W.D. Mo. Feb. 25, 2008) (ordering insurer to disclose claims file contents created before formal denial of claim).

Here, MIG has a right to its claim file and assigned that right to the Settlement Class in the Underlying Litigation, which is represented by Shelby and the undersigned attorneys. Defendant's formal denial of claim was dated March 15, 2013, so any material created or placed in the claims file before that date should be disclosed. *Id*.

## VI.    Sanctions sought

Plaintiff moves the Court to enforce discovery in this matter, overrule Defendant's objections, and specifically compel Defendant to provide all documents created or placed in the claim file before May 15, 2013.

THE ONDER LAW FIRM

By: _____

Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

**Certificate of Service**

I certify on February 17, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

_____

**Declaration**

The undersigned, being duly sworn, makes the following oath:

I have communicated in writing with the opposing party or its counsel in a sincere attempt to resolve the differences regarding this motion, but without reaching an agreement. A copy of that communication is attached as **Exhibits A and B.**

I declare under the penalties of perjury that the foregoing is true and correct and if called as a witness I would competently testify, under oath, thereto.

_____

# KUTAK ROCK LLP

**SUITE 800**
**2300 MAIN STREET**

**KANSAS CITY, MISSOURI 64108**

**816-960-0090**
**FACSIMILE 816-960-0041**

**www.kutakrock.com**

<div align="right">

ATLANTA
CHICAGO
DENVER
FAYETTEVILLE
IRVINE
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
SPOKANE
WASHINGTON, D.C.
WICHITA

</div>

November 29, 2016

M. COURTNEY KOGER
courtney.koger@kutakrock.com
(816) 960-0090

**VIA ELECTRONIC MAIL**
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
rochman@onderlaw.com

> **Re:**  *Quenton Shelby v. Oak River Insurance Company*
> Case No. 1616-CV17924
> Our File No.: 102011-4
> **Response to Golden Rule Correspondence**

Dear Jesse:

We write in response to your November 16, 2016 email correspondence requesting that Oak River withdraw its objections and produce all documents in its privilege log "based on [*Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503 (Mo. Ct. App. 2005)]." Upon review of the authority you cited, we cannot agree to your request because *Grewell* does not apply to the present scenario.

The holding in *Grewell* was based upon the fact that the parties seeking the privileged documents in the claim file were the insureds, who had an insurer/insured relationship with their insurance company. As alleged in your Petition, you represent third-party claimant Quenton Shelby who previously made a claim against Miller Investment Group, Inc. The Petition asserts only claims on behalf of Shelby – not anyone else.

Your responses to Oak River's Requests for Admissions bolster the conclusion that you do not represent any other entity, including Miller Investment Group, Inc., and are not asserting any claims on behalf of any person or entity other than Shelby. For instance, Oak River's Requests 15 through 18 discussed actions and inactions of Miller Investment Group, Inc. in relation to Oak River. To each request, Shelby indicated that "Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies this requested admission." If you represented Miller Investment Group, Inc. or were asserting claims on its behalf, you would be able to admit or deny these requests for admissions. Thus, it is clear that you do not represent Miller Investment Group, Inc. and are not asserting claims on its behalf in this case.

4829-9780-2301.1

Electronically Filed - Jackson - Kansas City - February 17, 2017 - 04:16 PM

**K U T A K   R O C K   L L P**

Quenton Shelby is not an insured under any insurance policy issued by Oak River. There is no insurer/insured relationship between Shelby and Oak River that would entitle Shelby to production of the documents on the privilege log. You do not represent an insured and are not asserting any claim on behalf of any insured. Therefore, *Grewell* does not apply in this scenario.

We are unaware of any Missouri authority that has extended *Grewell* to third parties outside the insurer/insured relationship. If you have any further authority beyond *Grewell*, please provide it to us for our consideration. We are happy to review any other authority in good faith consideration of this dispute.

Very truly yours,

M. Courtney Koger

MCK/kb

Electronically Filed - Jackson - Kansas City - February 17, 2017 - 04:16 PM

# Jesse B. Rochman

| | |
|---|---|
| **From:** | Jesse B. Rochman |
| **Sent:** | Wednesday, November 16, 2016 10:13 AM |
| **To:** | 'Parmenter, LeeAnn E.'; Martin L. Daesch; Evan C. Murphy |
| **Cc:** | Koger, M. Courtney; Brooks, Kevin D. |
| **Subject:** | RE: Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924 |

Ms. Koger:

I have had a chance to review your objections to our discovery and the attached privilege log. It appears all the documents in the privilege log are part of the claims file based on Oak River's response to Request No. 1. Is that correct? If so, I ask you withdraw those objections and produce all documents listed in the privilege log based on *Grewell*:

> In *Grewell I*, the Supreme Court made it clear that an insurance claims file belongs to the insured. 102 S.W.3d at 37. The Court concluded State Farm should provide the Grewells with free and open access to their file. *Id.* Despite this holding, State Farm refused to release copies of certain file documents based on the work product privilege. State Farm had asserted the same privilege in *Grewell I* without success.

*Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 507 (Mo.App. W.D.2005).

Please let me know how you wish to proceed and let this serve as our good faith attempt to resolve this discovery matter. Thank you.

**Jesse B. Rochman**
Onder, Shelton, O'Leary & Peterson, LLC
110 East Lockwood, Second Floor
St. Louis, MO  63119
(314) 227-7695 (Direct Dial)
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
rochman@onderlaw.com
www.onderlaw.com

NOTE:   E-mail is not a secure method of communication.    Any email that is sent to you or by you may be copied and held by various computers as it is transmitted.   Persons not participating in our communication may intercept our communications by improperly accessing your compute or this law firm's computers—or even some computer unconnected to either of us that the email may have passed through.

This message (including attachments) is for the designated recipient only and may contain privileged, proprietary, or otherwise confidential information.    If you are not the intended recipient or have received this message in error, please notify the sender immediately and delete the original.   Any other use of this e-mail is prohibited.

**From:** Parmenter, LeeAnn E. [mailto:LeeAnn.Parmenter@kutakrock.com]
**Sent:** Thursday, November 03, 2016 3:07 PM
**To:** Martin L. Daesch <Daesch@onderlaw.com>; Jesse B. Rochman <Rochman@onderlaw.com>
**Cc:** Koger, M. Courtney <Courtney.Koger@KutakRock.com>; Brooks, Kevin D. <Kevin.Brooks@KutakRock.com>
**Subject:** Quenton Shelby v. Oak River Insurance Company, Case No. 1616-CV17924

Counsel –

Please see attached correspondence from Ms. Koger along with attachments.

A hard copy will follow via U.S. Mail.

**LeeAnn E. Parmenter** | Paralegal | **Kutak Rock LLP**
2300 Main Street, Suite 800, Kansas City, MO 64108-2416
**D** (816) 502-4811 | **O** (816) 960-0090 | **C** (816) 522-6133
LeeAnn.Parmenter@KutakRock.com | www.KutakRock.com

---

This E-mail message is confidential, is intended only for the named recipients above and may contain information
that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.

Electronically Filed - Jackson - Kansas City - February 17, 2017 - 04:16 PM

## SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 6

### Plaintiff's Suggestions to Oppose
### Oak River's Motion to Enforce Discovery

Plaintiff Quenton Shelby ("Plaintiff"), through his undersigned attorneys, respectfully submits his suggestions to oppose Defendant Oak River Insurance Company's ("Oak River") motion to enforce discovery:

Oak River seeks an order overruling Plaintiff's objections and complete answers to its first set of discovery to Plaintiff. Oak River argues Plaintiff's objections to the interrogatories and requests for production were untimely or otherwise invalid. The Court should deny Oak River's motion because it failed to sincerely try to resolve all the issues regarding its motion to enforce and its arguments are otherwise without merit.

### I.    Oak River failed to sincerely try to resolve the discovery dispute.

Under Local Rule 33.5, Oak River had to make a "sincere attempt" to resolve the differences regarding its motion to enforce discovery. Failure to do so, is sufficient ground to deny the motion. *See* Local Rule 33.5.5. Oak River attached Exhibit 4 as its "golden rule" correspondence. *See* Oak River's Suggestions in Support, p. 2. Exhibit 5 to Oak River's motion is Plaintiff's response to the golden rule letter.

1

Electronically Filed - Jackson - Kansas City - February 24, 2017 - 12:31 PM

Exhibit 4 shows Oak River did not try to resolve the differences regarding the objections to the request for admissions, so this alone justifies denying that part of Oak River's motion.

On the objections to Oak River's interrogatories and requests for production, Oak River's attempt to resolve those objections before filing its motion to enforce was not sincere. Oak River explained that its "primary goal is to confirm that Plaintiff is not withholding any documents that Miller Investment Group ("MIG") may claim it sent to Oak River that may have been provided to [Plaintiff] by MIG." *See* Exhibit 4. Plaintiff confirmed that he has produced all documents he knows of that MIG may claim it sent to Oak River. As Oak River recognized itself, the best way to confirm this "is to serve a subpoena on MIG," not through a motion to enforce. *See* Exhibit 4.

Exhibit 4 also asked Plaintiff to withdraw certain objections to 10 interrogatories and provide complete responses. As shown in Exhibit 5, Plaintiff did not agree to withdraw the objections, but agreed to answer all subparts to 9 of the 10 interrogatories. Plaintiff also asked Oak River to confirm if this would be an acceptable resolution to the discovery dispute. *See* Exhibit 5. Oak River never responded, so Plaintiff amended its interrogatories as he said he would in Exhibit 5. With no further communication, Oak River filed its motion to enforce. This is not a sincere attempt, and justifies denial of the motion. *See* Local Rule 33.5.5.

## II. Plaintiff did not waive his objections

Oak River argues Plaintiff's objections should be overruled as untimely. Plaintiff's objections to interrogatories and requests for production were served four days and six days, respectively, after the agreed upon extension. *See* Oak River's Suggestions in Support, p. 2. A trial court has broad discretion in administering rules of discovery. *State ex rel. Tuller v. Crawford*, 211 S.W.3d 676, 678 (Mo. App. 2007). The delay in objecting was minimal, was not in bad faith, and Oak River does not assert it suffered any prejudice from the delay, so imposing a waiver would be overly harsh.

### III.    Plaintiff properly answered and objected to the requests for admissions

Oak River asserts the requests for admission "seek basic information regarding communications between MIG and Oak River." *See* Oak River's Suggestions in Support, p. 2. Shelby was not a party to those communications, so he does not know enough to admit or deny the request, and the information sufficient for him to admit or deny the requests was not readily available to him from MIG. That is why the parties agreed "that the best way to proceed is to serve a subpoena on MIG." *See* Exhibit 4. Despite this, Oak River insists the Court overrule Plaintiff's answers to Requests 15–18, 20-21, 33, 35, 37, 39, and 41, where he stated "Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies." This is not an objection subject to being overruled, but a permissible response under Rule 59.01(d) based on what the requests seek.

Regarding Requests 33, 35, 37, 39, and 41, Oak River also sought information regarding communications between Oak River and Plaintiff and Oak River and the Class. Plaintiff admitted those requests as to himself, but has insufficient information to admit or deny whether any of the over 1,000 class members communicated with Oak River. Plaintiff's responses to these requests were appropriate on the class members under Rule 59.01(d).

Regarding the objections to Requests for Admission 24, 26, 27, 32, 33, 34, 36, 38, and 40 as calling for legal conclusions, such objections are proper where, as here, the requests seek admissions to questions of law or conclusions, rather than applying fact to law. *J. R. Meade Co. v. Forward Construction Company*, 526 S.W.2d 21 (Mo. App. 1975) ("That is a question of law or at the least a conclusion, neither of which is the proper subject for a request for admissions."). The objections should be sustained.

## IV.   Plaintiff's objections to contention discovery was proper

Plaintiff objected to Requests for Production 11, 18, 21, and 25 and Interrogatories 20, 21, and 22 being contention interrogatories and requests. Oak River cites to Rule 57.01, to argue these objections are improper. As Plaintiff stated in its objection to the requests for production, "Although the Rule of Civil Procedure provide for certain contention interrogatories at the proper time, there is no comparative provision in Rule 58.01." On the interrogatories, the contention requests are premature and improper. Although contention interrogatories are permitted, they are not without limits:

> It is neither desirable nor possible to set forth a hard and fast rule delineating when contention interrogatories should be answered. This matter lies within the trial court's sound discretion. The trial court will want to consider, among other things, the amount of discovery completed and the complexity of the issues involved. In addition, the trial court may want to hear the recommendations of counsel as to the appropriate time for response. Also, the trial court will want to consider whether the contention interrogatory is "otherwise proper." Rule 57.01(b).

*State ex rel. Krigbaum v. Lemon*, 854 S.W.2d 72, 75 (Mo. App. 1993). Assuming the contention discovery was proper (it is not), additional discovery must be done before Plaintiff could answer them and the issues involved here are nuanced and complex. The interrogatories are improper because they call for pure legal conclusions. The objections should be sustained.

## V.   Plaintiff's remaining objections were proper

Oak River seeks the Court to overrule other various objections. None were addressed in Oak River's golden rule letter. *See* Exhibit 4. This alone justifies denying Oak River's request. Regardless, the discovery is overbroad for the reasons in the objections. For example, Request 4 seeks all communication between the attorneys in the Underlying Litigation. This would require production of emails regarding scheduling matters that would be irrelevant and not lead to admissible evidence. On Request 15, Plaintiff objected to "informal discovery documents." Plaintiff is unsure what that means and Oak River has offered no explanation. On Request 16, it is

4

overbroad because it seeks documents not only offered at trial or a relevant hearing (e.g., settlement approval), but even those offered in any "proceeding." This would include a hearing on the motion to compel arbitration, which is irrelevant to Plaintiff's claims or Oak River's defenses.

On Interrogatories 10 and 11, they suffer from the same problems as Request 16. Interrogatory 16 is overbroad and unduly burdensome by seeking details regarding every verbal conversation between the parties regarding settlement. All settlement conversations took place at mediation on April 21, 2015. Interrogatory 17 is overbroad and unduly burdensome by seeking details regarding every offer by Plaintiff. Describing all the offers that went back and forth at the 12+ hour mediation alone would be unduly burdensome.

Plaintiff also objected to Oak River's Request 22 and Interrogatory 4 that seek information regarding the class members, the payments they received, their identities, etc. as overbroad and unduly burdensome among other objections. Oak River argues Plaintiff "cannot assert claims belonging to all these persons without identifying them." Oak River provides no support for this assertion. The Court in the Underlying Litigation appointed Plaintiff represent the class and the Underlying Litigation and seek to recover against Oak River. The identity of absent class members is irrelevant and would not lead to admissible evidence because they did not participate. As stated in the objections, the requested information would also potentially violate the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801(a), 6802(a), and 6809(4)(A), which protects the security and confidentiality of customer's nonpublic personal information. Under the settlement agreement, preliminary approval order, final approval order and judgment in Underlying Litigation, the names, addresses and other personal information of the members of the Settlement Class were omitted from the public filings to protect their privacy. Providing this information to Defendant would require an order in the Underlying Litigation, which Oak River has not obtained.

The objections to Requests 23 and 24 are self-explanatory. For example, if Plaintiff's attorneys reduced to writing their mental impressions, conclusions, opinions, and legal theories regarding the damages they seek here, those are documents supporting the damages they seek, but would be attorney-client privilege and work-product. Likewise, if Plaintiff's attorneys reduced to writing their mental impressions, conclusions, opinions, and legal theories regarding the damages alleged by them or how they were calculated, those would be documents responsive to this request but protected by work-product. Finally, Interrogatory 24 seeks to circumvent Local Rule 32.2.1 and is overbroad by asking for all facts regarding every denial of the over 42 request for admissions.

WHEREFORE, Plaintiff requests Oak River's motion to enforce discovery be denied and Plaintiff awarded all other relief just under the circumstances.

THE ONDER LAW FIRM

By: _____

Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify on February 24, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

_____

6

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| QUENTON SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1616-CV17924 |
| | ) | Division 6 |
| OAK RIVER INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ENFORCEMENT OF DISCOVERY**

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River"), pursuant to

Local Rules 32.2.4 and 33.5, and submits the following Suggestions in Opposition of Plaintiff's

Motion for Enforcement of Discovery.

## I.     BACKGROUND

This is an insurance coverage dispute in which Plaintiff asserts claims for "breach of duty

to defend" and equitable garnishment against Oak River arising out of an underlying lawsuit by

Plaintiff against Miller Investment Group, Inc. ("MIG") and resulting judgment against MIG.  In

his motion, Plaintiff asks the Court to give him unfettered access to Oak River's claim file and

overrule Oak River's *privilege* objections simply because Plaintiff has an assignment.  However,

Plaintiff has never pleaded the assignment as a basis for his claims in this case.  Likewise,

contrary to Plaintiff's implication, Oak River has produced its entire claims file of 787 pages of

documents.  Oak River objected on the basis of privilege to producing portions of less than 18

pages – redacting those privileged portions and providing a privilege log.  Missouri law does not

support Plaintiff's contention that the mere existence of an assignment entitles Plaintiff to the

1

entirety of Oak River's claim file without regard to Oak River's attorney-client and work product protection.  For these reasons, Plaintiff's motion should be denied.

## II.    PRIOR DISCOVERY DISPUTES

Oak River's Motion for Enforcement of Discovery is currently pending with the Court.

## III.    DISCOVERY SOUGHT

Plaintiff seeks an order overruling Oak River's claims of attorney-client and work product privilege protection for limited portions of Oak River's claim file.

## IV.    ARGUMENT AND ANALYSIS

### A.    Procedural Background

Plaintiff served his First Requests for Production of Documents on Oak River, seeking the entirety of Oak River's claim file in relation to Plaintiff's claim against MIG.  Oak River timely filed its objections and responses, objecting on the basis of attorney-client privilege and work product doctrine. *See Exhibit #1.*  Concurrently, Oak River produced its entire claims file of 787 pages, of which portions of 18 pages were redacted, and also produced a detailed privilege log.[1] *See Exhibit #2.* The redactions on 15 pages were on the basis of attorney-client or work product privilege; 3 pages were redacted as they contained information from an unrelated claim that was inadvertently misfiled. *Id.*

Plaintiff has now filed his motion for enforcement of discovery seeking production of the entirety of the claim file simply because he has an assignment of claims.

### B.    Plaintiff's Failure to Plead Assignment

Plaintiff's motion can be summarily denied because Plaintiff's failure to plead the assignment in his Petition.  In order to state a claim pursuant to an assignment, the facts supporting

---

[1] For comparisons sake, Plaintiff asserted blanket privilege objections to some of Oak River's discovery to Plaintiff, but failed to produce any privilege log whatsoever.

2

the assignment must be alleged. *State ex rel. United Indus. Corp. v. Mummert*, 878 S.W.2d 494, 496 (Mo. Ct. App. 1994). Plaintiff's Petition is devoid of any allegations that he is asserting any claims pursuant to an assignment from MIG. *See Exhibit #3.*

In this case, this fact is crucial given Plaintiff's pliability regarding his relationship to MIG. For instance, when Oak River sought information from Plaintiff regarding MIG through discovery, Plaintiff tries to shirk the burden of responding by claiming that he does not have information or access to that information. Yet, in this discovery dispute, Plaintiff seeks the benefit of the assignment in order to obtain discovery from Oak River. Likewise, Plaintiff has not produced any written request for the claim file from MIG or its authorized representative (i.e. a "*Grewell* request"). In the meet and confer process, Oak River's counsel indicated to Plaintiff's counsel that, if MIG submitted a *Grewell* request, it would be provided to Oak River for consideration. Plaintiff never provided a written request. Plaintiff cannot have it both ways.

Plaintiff plays the same game with regard to the settlement class. In his Petition, Plaintiff does not explicitly state that he is asserting claims on his behalf and on behalf of the settlement class or other persons "similarly situated." Plaintiff has never asked this Court for, and this Court has never given, authority to proceed in this case on behalf of any other person. Indeed, in response to an interrogatory in this case, Plaintiff stated: "This is not a class action." Likewise, the assignment states: "MIG ***assigns to the Settlement Class*** (represented by Shelby and his attorneys) all of its rights under all insurance policies … from which ***Shelby and the Settlement Class*** will seek to recover. Shelby and his attorneys may pursue an action against MIG's insurers and attempt to recover against any of the effective insurance policies." This provision (drafted by Plaintiff's attorneys) is at best ambiguous as to whether Plaintiff may pursue the claims on behalf of MIG by himself or if the settlement class must be parties as well. Furthermore, like his response to Oak

3

River's discovery requests regarding MIG, Plaintiff has refused to respond to discovery seeking information regarding the settlement class. Again, Plaintiff cannot have it both ways.

Because Plaintiff has not pleaded facts in his Petition that is asserting MIG's claims via assignment, Plaintiff's motion should be denied.

## C.     Plaintiff's Failure to Demonstrate Entitlement to Privileged Material

Plaintiff's position that he is entitled to access to Oak River's claim file is based on *Grewell v. State Farm Mut. Auto. Ins. Co.*, 102 S.W.3d 33, 37 (Mo. 2003). This case is distinguishable from *Grewell*. In particular, *Grewell* involved an automobile accident in which there was no coverage issue as to whether the insurance policy applied. *Id*. Instead, the insurer was making determinations on liability. In this case, the privileged redactions relate to coverage determination. In doing so, Oak River was consulting with attorneys or preparing in anticipation that litigation against it would occur if coverage was denied. These coverage and privilege issues were not at play in *Grewell*, making it inapposite of this case. *See Grinnell Mut. Reinsurance Corp. v. Rambo*, No. 13-4047-CV-C-MJW, 2014 WL 12616792, at *3 (W.D. Mo. May 27, 2014) (communications regarding legal advice as to coverage for claims "are exactly the type of communication protected by the attorney-client privilege.")

The "attorney-client privilege prohibits the discovery of confidential communications, oral or written, between an attorney and his client with reference to … litigation pending or contemplated." *Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 546 (Mo. App. 2008). "The work product privilege precludes discovery of materials created or commissioned by counsel in preparation for possible litigation and the thoughts and mental processes of the attorney preparing the case." *Id*. at 546-47. This information is what Oak River redacted from the claim file produced to the Plaintiff in this case.

Additionally, one of Oak River's redactions was based on the work product nature of reserve information. Reserves information has been specifically found to constitute work product such that it is not discoverable. *Spirco Envt'l Inc. v. Am. Int'l Specialty Lines Ins. Co.*, Civ. No. 05-1437, 2006 WL 2521618, at *2 (E.D Mo. Aug. 30, 2006)(holding that reserves information is protected by the work product doctrine)

In this context, Plaintiff has not demonstrated justification for overcoming Oak River's privilege objections. Plaintiff's Motion should be denied.

## V. SANCTIONS SOUGHT

Plaintiff's Motion for Enforcement of Discovery should be denied.

Dated this 27th day of February, 2017.                    Respectfully submitted,

     *s/ M. Courtney Koger*
M. Courtney Koger     MO #42343
Kevin D. Brooks     MO #57627
KUTAK ROCK LLP
Two Pershing Square
2300 Main Street,  Suite 800
Kansas City, MO  64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT**
**OAK RIVER INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2017 the foregoing was filed with the Court's electronic filing system which provides electronic notice to counsel of record and served via email, to:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

 *s/ M. Courtney Koger*
**Attorney for Defendant Oak River Insurance Company**

6

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| QUENTON SHELBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1616-CV17924 |
| | ) | Division 11 |
| OAK RIVER INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT OAK RIVER INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River") and submits the following responses to Plaintiff Quenton Shelby's First Set of Requests for Production Directed to UCA [sic].

### OBJECTION TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

**As a preliminary matter, Oak River objects to Plaintiff's use of extensive, four-page Definitions and Instructions as inappropriate, overly broad, unduly burdernsome, misstating the law and facts of the case, seeking to impose duties on Oak River that exceed Missouri law. Definitions and Instructions are not favored under the local Circuit Rules such that Oak River objects to Plaintiff's Definitions and Instructions in that they are in violation of the spirit of Local Rule 32.2.2.6. Moreover, strict adherence to Plaintiff's overbearing Definitions and Instructions makes Plaintiff's requests confusing. *See Bottoms v. Liberty Life Assur. Co. of Boston*, 2011 WL 6181423, at \*6 (D. Colo. 2011) (overwhelming burden of extensive definitions and instructions outweighs their "marginal benefit.")**

### REQUESTS

1.    A complete copy of MIG's liability claim file, Claim Number: 50 24 245373.

**RESPONSE:**

**Objection. Oak River objects to this request as seeking information and things protected by the attorney-client privilege and work product doctrine. Without waiving these objections and subject to the same, non-privileged responsive documents to this request are being produced as Oak River 00001 – Oak River 00727.**

```
EXHIBIT
1
tabbies
```

2.     A complete copy of all liability claim files for MIG regarding Shelby's claims in the Underlying Litigation.

**RESPONSE:**

**Please see Oak River's response to Request #1.**

3.     All insurance policies in effect during January 1, 2008 through April 30, 2015, where MIG was a named insured.

**RESPONSE:**

**Certified copies of the insurance policies issued by Oak River or its affiliates for the time period, January 1, 2008 through April 21, 2013 are being produced as Oak River 00788 – Oak River 01525. When certified policies are received for the time periods April 21, 2013 through April 30, 2015, Oak River will supplement their production.**

4.     All documents, electronically stored information and tangible evidence prepared or received by Oak River regarding Claim Number: 50 24 245373.

**RESPONSE:**

**To the extent this request seeks information generated or received in response to Plaintiff's demand for Oak River to satisfy the judgment or Plaintiff's present lawsuit, Oak River objects to this request as vague, ambiguous, calling for speculation, not reasonably calculated to lead to the discovery of admissible evidence, and *per se* invading the work product doctrine and attorney-client privilege as to what documents are "regarding Claim Number: 50 24 245373."**

**Subject to the above objection and with the understanding that information generated or received in response to Plaintiff's demand for Oak River to satisfy the judgment or Plaintiff's present lawsuit is not "regarding Claim Number: 50 24 245373," please see Oak River's response to Request #1 and Oak River 00728 through Oak River 00787.**

5.     All documents, electronically stored information and tangible evidence prepared or received by Oak River regarding Shelby's claims in the Underlying Litigation.

**RESPONSE:**

**To the extent this request seeks information generated or received in response to Plaintiff's demand for Oak River to satisfy the judgment or Plaintiff's present lawsuit, Oak River objects to this request as vague, ambiguous, calling for speculation, not reasonably calculated**

to lead to the discovery of admissible evidence, and *per se* invading the work product doctrine and attorney-client privilege as to what documents are "regarding Shelby's claims in the Underlying Litigation."

Subject to the above objection and with the understanding that information generated or received in response to Plaintiff's demand for Oak River to satisfy the judgment or Plaintiff's present lawsuit is not "regarding Shelby's claims in the Underlying Litigation," please see Oak River's response to Request Nos. 1 and 4.

      6.      All documents, electronically stored information and tangible evidence prepared or

received by Jim Hercinger, or otherwise in his possession, custody or control, regarding Shelby's

claims in the Underlying Litigation.

RESPONSE:

To the extent this request seeks information generated or received in response to Plaintiff's demand for Oak River to satisfy the judgment or Plaintiff's present lawsuit, Oak River objects to this request as vague, ambiguous, calling for speculation, not reasonably calculated to lead to the discovery of admissible evidence, and *per se* invading the work product doctrine and attorney-client privilege as to what documents are "regarding Shelby's claims in the Underlying Litigation."

Subject to the above objection and with the understanding that information generated or received in response to Plaintiff's demand for Oak River to satisfy the judgment or Plaintiff's present lawsuit is not "regarding Shelby's claims in the Underlying Litigation," please see Oak River's response to Request Nos. 1 and 4.

Dated this 3rd day of November, 2016.      Respectfully submitted,

                               *s/ M. Courtney Koger*

                              M. Courtney Koger      MO #42343
                              Kevin D. Brooks        MO #57627
                              KUTAK ROCK LLP
                              Suite 800
                              Two Pershing Square
                              2300 Main Street
                              Kansas City, MO 64106
                              (816) 960-0090 (Telephone)
                              (816) 960-0041 (Facsimile)
                              Courtney.Koger@kutakrock.com
                              Kevin.Brooks@kutakrock.com
                              ATTORNEYS FOR DEFENDANT
                              OAK RIVER INSURANCE
                              COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2016 the foregoing was served via electronic mail and U.S. Mail, postage prepaid, on the following parties:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

*s/ M. Courtney Koger*
**Attorney for Defendant Oak River Insurance Company**

4824-5246-3163.3

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| QUENTON SHELBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 1616-CV17924 |
| | )  Division 11 |
| OAK RIVER INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT OAK RIVER INSURANCE COMPANY'S PRIVILEGE LOG**

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River") and submits the

following Privilege Log:

| Bates -Label | Date | Description | Privilege | Author | Recipients |
|---|---|---|---|---|---|
| Oak River 00004 | 2/13/13 | File Note regarding insurance policies at issue and policy application | Attorney-client / work product | Jim Hercinger | N/A |
| Oak River 00727 | 2/13/13 | Claim System Journal Note regarding policy application | Attorney-client / work product | Jim Hercinger | N/A |
| Oak River 00694 | 2/13/13 | Email regarding policy application | Attorney-client / work product | Jim Hercinger | Jeff Striegel / Brandi Pahl / Denise Davis |
| Oak River 00694 | 2/13/13 | Email regarding policy application | Attorney-client / work product | Jeff Striegel | Jim Hercinger / Brandi Pahl / Denise Davis |
| Oak River 00066 | 2/13/13 | Email regarding status of service | Attorney-client / work product | Jim Hercinger | Denise Davis |
| Oak River 00066 | 2/13/13 | Email regarding status of service | Attorney-client / work product | Jim Hercinger | Denise Davis |
| Oak River 00066 | 2/13/13 | Email regarding status of service | Attorney-client / work product | Denise Davis | Jim Hercinger |
| Oak River 00066 | 2/14/13 | Email regarding policy application | Attorney-client / work product | Jim Hercinger | Denise Davis / Jeff Striegel |
| Oak River 00004 | 2/14/13 | File Note regarding insurance policies at issue | Attorney-client / work product | Jim Hercinger | N/A |

**EXHIBIT**

tabbies™

2

| Bates -Label | Date | Description | Privilege | Author | Recipients |
|---|---|---|---|---|---|
| Oak River 00713 – Oak River 00714 | 2/19/13 | Correspondence regarding unrelated claim | Not responsive | Jennie Cohagen | Jim Hercinger |
| Oak River 00666 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Jim Hercinger | Caitlin Scarborough |
| Oak River 00003 | 2/20/13 | File Note regarding unrelated claim | Work product / not responsive | Jim Hercinger | N/A |
| Oak River 00003 | 2/20/13 | File Note regarding unrelated claim | Work product / not responsive | Jim Hercinger | N/A |
| Oak River 00727 | 2/20/13 | Claim System Journal Note regarding policy application | Attorney-client / work product | Jim Hercinger | N/A |
| Oak River 00685 | 2/20/13 | Email regarding unrelated claim | Attorney-client / work product / not responsive | Jim Hercinger | Denise Davis / Scott Kepler |
| Oak River 00686 | 2/20/13 | Correspondence regarding unrelated claim | Not responsive | Debby Ringer | Jim Hercinger |
| Oak River 00687 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Jim Hercinger | Brandi Pahl |
| Oak River 00689 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Jim Hercinger | Brandi Pahl / Cori Gentry |
| Oak River 00689 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Cori Gentry | Jim Hercinger / Brandi Pahl |
| Oak River 00689 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Jim Hercinger | Brandi Pahl / Cori Gentry |
| Oak River 00689 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Jim Hercinger | Brandi Pahl / Cori Gentry |
| Oak River 00689 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Brandi Pahl | Jim Hercinger / Cori Gentry |
| Oak River 00688 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Jim Hercinger | Tracy Gulden |
| Oak River 00688 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Tracy Gulden | Jim Hercinger |
| Oak River 00688 | 2/20/13 | Email regarding policies at issue | Attorney-client / work product | Jim Hercinger | Tracy Gulden |
| Oak River 00003 | 2/21/13 | File Note regarding unrelated claim | Work product / not responsive | Jim Hercinger | N/A |
| Oak River 00666 | 2/22/13 | Email regarding policies at issue | Attorney-client / work product | Caitlin Scarborough | Jim Hercinger |
| Oak River 00668 | 2/26/13 | Email regarding policy application | Attorney-client / work product | Jim Hercinger | Denise Davis |
| Oak River 00667 | 2/26/13 | Email regarding policy application (duplicate) | Attorney-client / work product | Jim Hercinger | Denise Davis |

Electronically Filed - Jackson - Kansas City - February 27, 2017 - 03:26 PM

| Bates -Label | Date | Description | Privilege | Author | Recipients |
|---|---|---|---|---|---|
| Oak River 00667 | 2/26/13 | Email regarding policy application | Attorney-client / work product | Denise Davis | Jim Hercinger |
| Oak River 00667 | 2/26/13 | Email regarding policy application | Attorney-client / work product | Jim Hercinger | Denise Davis |
| Oak River 00727 | 3/11/13 | Claim System Journal Note regarding policy application | Attorney-client / work product | Jim Hercinger | N/A |
| Oak River 00684 | 3/14/13 | Email regarding policy application | Attorney-client / work product | Jim Hercinger | Denise Davis |
| Oak River 00684 | 3/14/13 | Email regarding policy application | Attorney-client / work product | Denise Davis | Jim Hercinger |
| Oak River 00002 | 7/19/16 | File Note following Judgment | Attorney-client / work product | Jim Hercinger | N/A |
| Oak River 00725 | Undated | Reserve Note | Work product | Jim Hercinger | N/A |

Dated this 3rd day of November, 2016.    Respectfully submitted,

_s/ M. Courtney Koger_

M. Courtney Koger                MO #42343
Kevin D. Brooks                  MO #57627
KUTAK ROCK LLP
Suite 800
Two Pershing Square
2300 Main Street
Kansas City, MO  64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT
OAK RIVER INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2016 the foregoing was served via electronic mail and U.S. Mail, postage prepaid, on the following parties:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
**ATTORNEYS FOR PLAINTIFF**

 *s/ M. Courtney Koger*          
**Attorney for Defendant Oak River Insurance
Company**

Electronically Filed - Jackson - Kansas City - February 27, 2017 - 03:26 PM

## SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,
**Serve:**
Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101

      Defendant.

Case No.
Division:

### Petition

Plaintiff Quenton Shelby ("Shelby"), by his attorneys, commences this civil action against Oak River Insurance Company ("Oak River"):

### Nature of Case

1.      This is a direct action against Oak River for declaratory judgment, breach of multiple insurance contracts, and an equitable garnishment under RSMo § 379.200. Shelby seeks to reach and apply insurance money to satisfy a final judgment entered in Shelby's favor for the certified class ("Class") in *Miller Investment Group v. Shelby*, No. 1216-CV24936 ("Underlying Litigation") that was pending in the Sixteenth Judicial Circuit Court of Jackson County, Missouri.

### Parties

2.      Shelby is a resident of Jackson County, Missouri. Shelby was appointed class representative of the Class in the Underlying Litigation. On information and belief, over one-third of the Class members are residents and citizens of Missouri.

**EXHIBIT**

tabbles

3

3.      Oak River is a foreign insurance company licensed to conduct business in Missouri. Oak River may be served as set forth in the caption above. Oak River is deemed a citizen of Missouri because the insured (Miller Investment Group, Inc. ("MIG")) is a resident and citizen of Missouri.

### Jurisdiction and Venue

4.      This Court has jurisdiction because this is a civil case.

5.      Venue is proper in this Court because Oak River has or usually keeps an office or agent for the transaction of its usual and customary business; i.e., the selling of insurance policies, in Jackson County, Missouri. Oak River contracted to provide policies of insurance applicable to a Missouri insured (MIG) and this cause of action arises from issuing these insurance policies.

### General Allegations

6.      MIG is a named insured on at least eight garage policies with Oak River that are identical or substantially similar for purposes of this litigation. Those policies are attached as Exhibits 1 through 7 ("Policies"). On information and belief, MIG is a named insured on other insurance policies with Oak River relating to this action.

7.      On February 6, 2013, Shelby counterclaimed against MIG in the Underlying Litigation seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by MIG regarding collection, enforcement, repossession and disposition of collateral, and collection of alleged deficiencies.

8.      MIG notified Oak River of the Underlying Litigation and demanded Oak River defend and indemnify MIG for the Underlying Litigation. Oak River disclaimed any duty to defend or indemnify MIG for any damages in the Underlying Litigation. A copy of Oak River's denial letter is attached as Exhibit 8.

9.      These facts, among others, were alleged in the Underlying Litigation, known by Oak River at the outset, or reasonably apparent to Oak River at the outset:

a.  Under RSMo § 408.555, MIG wrongfully accelerated Class's consumer credit contracts by failing to give the required right to cure notices before acceleration.

b.  Under RSMo § 408.555, MIG wrongfully repossessed the Class's property by failing to give the required right to cure notices before repossession.

c.  The presale notices sent to the Class were not reasonable as required by § 9-611(b).

d.  MIG wrongfully sold the Class's property after sending improper right to cure and presale notices.

e.  The post-sale notices sent to the Class violated section § 9-616.

f.  MIG sued the Class without giving the notice required by RSMo § 408.557.

g.  MIG unlawfully collected or attempted to collect deficiency balances, time price differentials, and delinquency and collection charges from the Class members issued defective right to cure, presale and post-sale notices.

h.  MIG reported derogatory information regarding the Class to local consumer reporting agencies and the three national consumer credit reporting agencies: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (collectively, "CRAs"), despite its failure to comply with the right to cure, presale and post-sale notice requirements.

i.  The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the Class members' credit reports harmed the Class members' credit worthiness, credit standing, credit capacity, character, and general reputation.

j.  The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the Class members' credit reports were oral or written publication of material that defamed, slandered, libeled and invaded the privacy rights of the Class members.

k.  MIG acted negligently in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code, including the right to cure, presale and post-sale notices.

l.  MIG did not intend to violate Chapter 408 or the UCC and did not intend injury to the Class because it believed its notices were accurate, lawful and contained no misrepresentations.

m.  The negligent misrepresentations in the notices were the proximate cause of:

    i.  the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold;

    ii.  the loss of use of Class member's surplus funds owed them after the sale of the collateral;

    iii.  the loss of use of the money each Class member paid, which was barred by statute and common law;

    iv.  cost of alternative transportation;

    v.  loss resulting from the inability to obtain, or increased costs of, alternative financing;

    vi.  harm to credit worthiness, credit standing, credit capacity, character, and general reputation;

    vii.  harm caused by defamation, slander and libel;

      viii.   harm caused by invasion of privacy; and

      ix.   other uncertain and hard-to-quantify actual damages.

10.     MIG defended the Underlying Litigation at its own expense for three years before agreeing to a class-wide settlement.

11.     MIG relied upon the denial letter attached as Exhibit 8 in defending and ultimately settling the lawsuit.

12.     On March 4, 2016, a final approval hearing was held regarding the settlement. The parties submitted to a liability and damage trial before the Court as part of the final fairness hearing. The hearing included evidence of the reasonableness of the settlement, and the trial court approved the settlement. The Final Approval Order and Final Judgment are attached as Exhibits 9 and 10. The trial court entered findings indicating it had determined the settlement to be fair, reasonable, and not a product of collusion. The trial court entered a judgment for the Class, and it approved MIG's assignment to the Class of MIG's claims against Oak River and any other insurer.

13.     The judgment against MIG in the Underlying Litigation is for $19,001,795.17 plus post-judgment interest at nine percent per annum.

14.     MIG acts and omissions that gave rise to the judgment in the Underlying Litigation occurred in Kansas and Missouri from January 10, 2008 to April 21, 2015.

15.     The damages incurred by Shelby and the Class as the result of the judgment in the Underlying Litigation are risks insured against under one or more of the Policies or other policies written by Oak River.

### Count I – Breach of Duty to Defend

16.     Shelby repeats the allegations set forth above as if set forth in Count I.

17.     There was a possibility or potential for coverage on the Underlying Litigation at the outset based on the Policies or other policies written by Oak River.

5

18.     There was a reasonably apparent theory of recovery against MIG that would give rise to coverage based on the facts: (a) alleged in the Underlying Litigation; (b) Oak River knew at the outset; or (c) that were reasonably apparent to Oak River at the outset.

19.     Oak River had to defend the Underlying Litigation.

20.     Oak River refused to defend the Underlying Litigation.

21.     As a direct and proximate result of Oak River's refusal to defend, a judgment was entered against MIG in the Underlying Litigation.

22.     Oak River is liable for the judgment in the Underlying Litigation.

23.     The judgment in the Underlying Litigation is final.

24.     MIG is an insured under the Policies or other policies written by Oak River.

25.     MIG is liable to Shelby and the Class for the damages awarded in the Underlying Litigation.

WHEREFORE, Shelby respectfully requests that the Court grant it judgment in its favor:

A.     Declaring Oak River breached its duty to defend.

B.     Awarding Shelby and the Class $19,001,795.17 plus post-judgment interest at nine percent per annum as damages for the full judgment in the Underlying Litigation.

C.     Awarding Shelby and the Class MIG's attorney's fees and costs in defending the Underlying Litigation.

D.     Awarding Shelby and the Class attorney's fees for this action and post-judgment interest.

E.     Such other relief as the Court deems just and equitable.

### Count II – Equitable Garnishment

26.     Shelby repeats the allegations set forth above as if set forth in Count II.

27.     Under RSMo. § 379.200, Shelby and the Class are judgment creditors of MIG, an insured under the Policies or other policies written by Oak River, resulting from the judgment entered in the Underlying Litigation by Shelby and the Class sustaining and proving property damage arising out of an accident.

28.     The judgment in the Underlying Litigation is a valid final judgment.

29.     The Policies or other policies written by Oak River were in effect for some or all of the underlying acts or omissions of MIG.

30.     Shelby and the Class may recover and apply $1,000,000 to $2,000,000 of insurance money per policy in effect to satisfy the full judgment in the Underlying Litigation because MIG was insured by Oak River against the damages awarded in the judgment.

31.     All conditions precedent of the Policies have been performed, yet Oak River wrongfully has refused to pay any portion of the Judgment.

32.     Under RSMo. § 379.200, Shelby and the Class may proceed in equity against Oak River to reach and apply the insurance monies to the satisfy the judgment in the Underlying Litigation.

WHEREFORE, Shelby respectfully requests that the Court grant it judgment in its favor:

A.     Declaring coverage under the policies identified.

B.     Awarding Shelby the policy limits of each policy identified (at least $14,000,000 in the aggregate) to satisfy the judgment in the Underlying Litigation, including post-judgment interest, attorney's fees and costs.

C.     Such other relief as the Court deems just and equitable.

By:  /s/Jesse B. Rochman
       Martin L. Daesch, #40494
       Jesse B. Rochman, #60712
       110 E. Lockwood Ave.
       St. Louis, MO  63119
       (314) 963-9000 (telephone)
       (314) 963-1700 (facsimile)
       daesch@onderlaw.com
       rochman@onderlaw.com

       *Attorneys for Plaintiff*

**SIXTEENTH JUDICIAL CIRCUIT COURT**
**JACKSON COUNTY, MISSOURI**

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 6

## Plaintiff's Reply Suggestions to Support his Motion to Enforce Discovery

Plaintiff Quenton Shelby ("Plaintiff") respectfully submits his reply suggestions to support his motion to enforce discovery:

Oak River resists producing 18 pages from its claims file without redaction because it asserts "Plaintiff has never pleaded the assignment as a basis for his claims in this case" and the attorney-client privilege and work-product privileges protect Oak River's redactions. Neither of these arguments have merit.

### I.  Plaintiff has pleaded the assignment as a basis for his claims

Oak River first resists discovery by asserting Plaintiff has failed to plead assignment in his Petition. Contrary to Oak River's assertion, Plaintiff attached Exhibit 9 to the Petition, which contains the assignment:

> MIG assigns to the Settlement Class (represented by Shelby and his attorneys) all of its rights under all insurance policies in effect from January 10, 2008, to April 21, 2015, from which Shelby and the Settlement Class will seek to recover. Shelby and his attorneys may pursue an action against MIG's insurers and attempt to recover against any effective insurance policies. Any recovery from the insurers will add to the benefits made available to the Settlement Class under the Agreement, and the Settlement Class Members who submitted valid claims for payment will receive the funds remaining from any recovery from the insurers after attorney's fees and costs are deducted.

1

*See* Exhibit 9 to the Petition, ¶ 8. Attaching Exhibit 9 to the Petition was the same as if Plaintiff alleged the above paragraph directly. Rule 55.12 ("An exhibit to a pleading is a part thereof for all purposes."); *Armistead v. A.L.W. Group*, 155 S.W.3d 814, 816 (Mo. App. E.D. 2005) ("We also consider exhibits attached to the petition . . . as part of the allegations.").

Oak River accuses Plaintiff of "shirk[ing] the burden of responding by claiming that he does not have information or access to that information" and playing games by "not explicitly stat[ing] that he is asserting claims on his behalf and on behalf of the settlement class or other persons 'similarly situated.'" As to the first accusation, MIG assigned its claims, but Plaintiff does not have all information available to MIG, and that is why the parties agreed a subpoena to MIG would be best. Plaintiff does not believe the second accusation is disingenuous. Plaintiff alleged he was appointed class representative of the class in the Underlying Litigation. *See* Petition, ¶ 2. He also alleged that the Court in the Underlying Litigation authorized him and his attorneys to pursue an action against MIG's insurers and attempt to recover against any effective insurance policies. *See* Exhibit 9 to the Petition. Finally, Plaintiff's prayer seeks awards for "Shelby and the Class." *See* Petition, p. 6.

Although Oak River argues the assignment is ambiguous, it only makes that argument by focusing on one sentence of the assignment in isolation. Of course, courts should not interpret Exhibit 9 in isolation, but rather evaluate Exhibit 9 as a whole. *City of St. Joseph v. Lake Contrary Sewer Dist.*, 251 S.W.3d 362, 367 (Mo. App. W.D. 2008) ("In determining if a contract is ambiguous, we review the terms of a contract as a whole, not in isolation."). Read as a whole, Exhibit 9 is not ambiguous; rather, it authorizes Plaintiff to pursue the claims on behalf of MIG by himself for the benefit of the Settlement Class. Exhibit 9 shows the Settlement Class was awarded a judgment of over $19MM. *See* Exhibit 9, ¶ 6. MIG assigned all its rights under its insurance

policies to the Settlement Class. *Id.* at ¶ 8. The Settlement Class is represented by Plaintiff and the undersigned attorneys; Shelby is authorized to pursue the insurance; and any recovery by Plaintiff against "the insurers will add to the benefits made available to the Settlement Class under the Agreement." *Id.* at ¶ 8. Oak River's assignment argument is without merit its objections should be overruled.

## II. Plaintiff is entitled to m

Oak River next resists discovery by asserting the redactions relate to coverage determinations protected by the attorney-client privilege and reserve determinations protected by work-product. These same arguments were made and rejected by the court in *Leonberger v. Missouri United Sch. Ins. Council*, No. 1322-CC01344 (Mo. Cir. Mar. 18, 2014) (attached as Exhibit A) when it compelled production of the entire claims file, including items claims to be privileged. A trial court rejected similar arguments in *Bass v. Berkley Reg'l Specialty Ins. Co.*, No. 13SE-CC00051 (Mo. Cir. Jan. 17, 2015). The Court of Appeals and Supreme Court of Missouri denied writs of prohibition arguing the attorney-client and work-product privileges protected items in the claim file. *See State ex rel. Berkley Reg'l Specialty Ins. Co. v. Dial*, Nos. ED102305 and SC94700. This is not surprising because the insurer in *Grewell v. State Farm Mutual Automobile Insurance Co., Inc.*, 102 S.W.3d 33 (Mo. banc 2003) resisted production of the claims file based on privileges such as the work product doctrine, like Oak River does here, but *Grewell* rejected that argument. *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 507 (Mo. App. W.D. 2005) ("The Court concluded State Farm should provide the Grewells with free and open access to their file. Id. Despite this holding, State Farm refused to release copies of certain file documents based on the work product privilege. State Farm had asserted the same privilege in *Grewell I* without success."). Similarly, the federal courts interpreting *Grewell* have held privileges protect documents in the claims file only if created after the relationship between the parties became

adverse (e.g., a formal denial of claim or a declaratory judgment action regarding coverage). *See Fid. Nat. Title Ins. Co. v. Captiva Lake Investments, LLC*, No. 4:10-CV-1890 CEJ, 2012 WL 3562207, at *2 (E.D. Mo. Aug. 17, 2012) ("Any documents prepared by Lawyers Title or Fidelity [after the relationship became adversarial] are potentially protected by the work-product doctrine.").

Here, the redacted information was prepared before the formal claim denial and no suit had been brought, so documents in the claims file belong to MIG/Plaintiff by assignment. Plaintiff "should be provided free and open access to that file." *See Grewell*, 102 S.W.3d at 37. Moreover, "the burden for supporting an objection to an interrogatory is on the defendant." *See* Local Rule 32.2.5. Oak River has not and cannot meet this burden regarding the redacted items in the claims file because Oak River has not shown these documents were not created in anticipation of litigation. *Med. Protective Co. v. Bubenik*, No. 4:06CV01639 ERW, 2007 WL 3026939, at *4 (E.D. Mo. Oct. 15, 2007) ("Plaintiff asserts that many of the withheld documents were created in anticipation of litigation regarding coverage, however, Plaintiff seeks to protect documents created before coverage was formally denied."). Finally, even if the claims file was prepared in anticipation of litigation, a substantial need exists for the materials in question, in conjunction with Plaintiff's inability to obtain the substantial equivalent of the materials by other means, because the redacted material would go to the thought processes and basis of the decision to deny the claim, and support a necessary finding of bad faith. *McConnell v. Farmers Ins. Co.*, No. 07-4180-CV-C-NKL, 2008 WL 510392, at *3 (W.D. Mo. Feb. 25, 2008); *see also Shobe v. Kelly*, 279 S.W.3d 203, 211 (Mo. App. W.D. 2009) ("An insurer's bad faith is a state of mind"). Oak River's privilege objections are without merit.

4

WHEREAS, Plaintiff respectfully requests the Court to enforce discovery in this matter, overrule Defendant's objections, and specifically compel Defendant to provide all documents (in unredacted form) created or placed in the claim file before May 15, 2013.

THE ONDER LAW FIRM

By: _____

Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify on March 2, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

_____

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

QUENTON SHELBY )
          **Plaintiff,** )    **Case No. 1616-CV17924**
           )    **Division 6**
**v.** )
           )
**OAK RIVER INSURANCE COMPANY** )
          **Defendant.** )

## SCHEDULING ORDER

On ___3/2___ , 2017, this matter comes before the Court for a Case Management Conference, and **IT IS HEREBY ORDERED** as follows:

1. **SETTING:**
   This matter is set for (Jury/Bench) TRIAL/~~CASE MANAGEMENT CONFERENCE~~/HEARING on ___12/7___ , 20_17_ at ___9:00 am___ .

2. **PRE-TRIAL CONFERENCE/INSTRUCTIONS/MOTIONS IN LIMINE/OTHER MOTIONS:** [1]
   This case is set for a Pre-Trial Conference on _____ , 20___ at _____ .
   a. Jury Instructions shall be filed and served seven (7) days prior to pretrial conference/trial.
   b. Motions in limine shall be filed and served fourteen (14) days prior to pretrial conference/trial. Responses shall be filed and served seven (7) days prior to pretrial conference/trial.
   c. Dispositive motions shall be filed no later than ninety (90) days before trial.
   d. Portions of depositions to be read or played at trial shall be filed and served fourteen (14) days prior to trial. Objections and counter designations shall be filed and served seven (7) days prior to trial. Objections to counter designations shall be filed and served the Friday before trial.
   e. The parties shall file and exchange exhibit and witness lists and all exhibits they anticipate offering seven (7) days prior to pretrial conference/trial.

3. **DISCOVERY:**
   a. Plaintiff's retained and non-retained expert witnesses shall be identified and the information required by Rule 56.01(b)(4) and (5) provided by _____.
   b. Defendant's expert witnesses shall be identified and the information required by Rule 56.01(b)(4) and (5) provided by _____.
   c. All discovery shall be completed by _____. Unless otherwise agreed by the parties or ordered by the Court, no discovery requests shall be served later than thirty (30) days prior to the discovery deadline.

4. **MEDIATION IS ORDERED** by the Court, to be completed by the close of discovery. The parties will agree on a mediator to be used, and costs of the mediation will be split evenly between the parties.

5. **OTHER ORDERS/DIRECTIVES:** Parties to file motns for summary judgment by September 1, 2017; oral argument n 12/7/17 .

    **IT IS SO ORDERED.**

___3/2/17___
**DATE**

_____
**JAMES DALE YOUNGS, Circuit Judge**

---

1 These deadlines shall only be modified by the Court for good cause shown.

**SIXTEENTH JUDICIAL CIRCUIT COURT**
**JACKSON COUNTY, MISSOURI**

Quenton Shelby*,*

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 6

### Motion for Leave to Amend

Plaintiff, through his undersigned attorneys, moves the Court under Rule 55.33(a) for leave to amend his petition:

1.     MIG[1] is the insurer on many garage policies with Oak River. *See* Petition, ¶ 6. The trial court in the Underlying Litigation entered a judgment for the Class, and it approved MIG's assignment to the Class of MIG's claims against Oak River and any other insurer. *Id.* at ¶ 12.

2.     The trial court in the Underlying Litigation appointed Shelby and his undersigned attorneys to represent the Class and authorized them to pursue and action against Oak River for the Class. *Id.* ¶ 12, Exhibit 9 at ¶ 7 (Final Approval Order). All recovery by Shelby for himself and the Class from Oak River "will add to the benefits made available to the [] Class under the [Settlement] Agreement, and the [] Class Members who submitted valid claims for payment will receive the funds remaining from any recovery from [Oak River] after attorney's fees and costs are deducted." *Id.*

---

[1] All capitalized terms have the meaning given to them in the Petition unless defined otherwise in this motion.

3. Under the Final Approval Order, Plaintiff sued Oak River for declaratory judgment, breach of multiple insurance contracts, and an equitable garnishment under RSMo § 379.200. *Id.* at ¶ 1. Plaintiff has prayed for an award to him and the class for $19,001,795.17, which is the amount of the judgment in the Underlying Litigation. *Id.* at ¶ 13, p. 6.

4. Oak River has not moved for more definite statement[2]; however, it has made two assertions informally between the parties, in filings with this court, and orally in open court. First, it has asserted in "Plaintiff does not explicitly state that he is asserting claims on his behalf and on behalf of the settlement class or other persons 'similarly situated,'" and that "Plaintiff has not pleaded facts in his Petition that [he] is asserting MIG's claims via assignment." *See* Oak River's Opposition to Plaintiff's Motion to Enforce Discovery, pp. 3–4. Second, Oak River asserted at the last case management conference that Plaintiff would need to amend to plead bad faith to seek extracontractual damages.

5. Although Plaintiff does not agree with Oak River, Plaintiff seeks leave to amend to cure Oak River's alleged defects in the petition without changing the essential basis of the cause of action Plaintiff originally pleaded.

6. It is within the trial court's broad discretion to allow amendments to the pleadings at any stage of the proceedings. *Lester v. 611 Sayles*, 850 S.W.2d 858, 869 (Mo. banc 1993). "Amendments to pleadings before final judgment are not only favored by statute but have always been favored by the courts, the rule being to allow them rather than to refuse them, and this is especially true when the amendment is offered before trial." *Brinkmann Realty Co. v. Deidesheimer*, 201 S.W.2d 503, 507 (Mo. App. 1947). Therefore, "courts are not to be stingy in

---

[2] "The law has been particularly intolerant of those who make no mention of a pleading defect until the trial court has ruled and then seek to disadvantage their opponents by claims of procedural defect." *State v. Vinson*, 800 S.W.2d 444, 450 (Mo. banc 1990).

granting leave to amend." *Ferrellgas, Inc. v. Edward A. Smith, P.C.*, 190 S.W.3d 615, 619 (Mo. App. W.D. 2006). The factors a court considers are: (1) the hardship to the moving party; (2) the moving party's reason for omitting the matter from the original pleadings; and (3) any injustice that would result to the nonmoving party if the court granted leave to amend. *Lester*, 850 S.W.2d at 869.

7.     *Hardship.* Should Oak River's alleged defects have merit, Plaintiff and the Class would suffer severe hardship if leave is not granted because it would preclude Shelby from recovering for the class through the assignment and would reduce the possible recovery for the Class by over $5,000,000.

8.     *Reason for omitting the matter.* Plaintiff alleged he was appointed class representative of the class in the Underlying Litigation. *See* Petition, ¶ 2. He also alleged that the Court in the Underlying Litigation authorized him and his attorneys to pursue an action against MIG's insurers and attempt to recover against any effective insurance policies for the benefit of the Class. *See* Petition, Exhibit 9, ¶ 7. Finally, Plaintiff's prayer seeks awards for "Shelby and the Class." *See* Petition, p. 6. If Shelby has not adequately alleged the assignment to show he is asserting MIG's claims via assignment, such omission was inadvertent. *Robinson v. City of Kansas City*, 451 S.W.3d 315, 319 n. 3 (Mo. App. W.D. 2014) ("the purpose of the grant of an amendment is to allow a party to assert a matter previously unknown or neglected from inadvertence at the time of the original pleading."). Likewise, Plaintiff's Petition makes clear he is seeking extracontractual damages because he seeks over $19 million in damages when the policies only provide up to $14 million in coverage. *See* Petition, pp. 6–7. The "recent case of *Allen v. Bryers*, No. SC95358, —— S.W.3d ——, ——, 2016 WL 7378560 *14 (Mo.banc December 20, 2016), without abrogating *Columbia Cas. Co.*, suggests a bad faith finding must be made, not merely a

breach of duty, in order to be held liable for extra-contractual damages." *Pitt v. Leonberger*, 2017 WL 491218, at *14 (Mo. App. Feb. 7, 2017). If a specific allegation as opposed to just a finding of bad faith is necessary, Plaintiff's failure to explicitly plead it was also inadvertent.

9.      *Prejudice.* Oak River will suffer no injustice or prejudice because of Shelby being granted leave to amend because these amendments will not catch Oak River by such surprise as to deprive Oak River of any legitimate claims or defenses because no new causes of action are being pled, the dispositive motion deadline is September 1, 2017, no trial has been set and discovery is still open. It might cause Oak River to incur additional costs, fees and expenses in defending this litigation, but "prejudice is not measured by whether one party or the other would stand to suffer financial loss as a result of the court ruling." *Ferrellgas*, 190 S.W.3d at 619.

10.     A copy of Plaintiff's amended pleading is attached.

WHEREFORE, Plaintiff respectfully requests this Court grant his motion for leave to amend and for such other and further relief as the Court deems just and proper.

THE ONDER LAW FIRM

By: _____

Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify on March 8, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

# SIXTEENTH JUDICIAL CIRCUIT COURT
## JACKSON COUNTY, MISSOURI

Quenton Shelby,

      Plaintiff,

v.

Oak River Insurance Company,

      Defendant.

Case No. 1616-CV17924
Division: 6

## First Amended Petition

Plaintiff Quenton Shelby ("Shelby"), by his attorneys, sues Oak River Insurance Company ("Oak River"):

## Nature of Case

1.    This is a direct action against Oak River for declaratory judgment, breach of multiple insurance contracts, and an equitable garnishment under RSMo § 379.200. Shelby seeks to reach and apply insurance money to satisfy a final judgment entered for the certified class ("Class") in *Miller Investment Group v. Shelby*, No. 1216-CV24936 ("Underlying Litigation") that was pending in the Sixteenth Judicial Circuit Court of Jackson County, Missouri.

2.    Miller Investment Group, Inc. ("MIG") is a named insured on at least seven garage policies with Oak River. Shelby is asserting MIG's and the Class's claims via assignment and garnishment under the Final Approval Order (attached below) in the Underlying Litigation. Shelby was appointed class representative of the Class in the Underlying Litigation. MIG has assigned its claims against Oak River to the Class, which is represented by Shelby. The Final Approval Order in the Underlying Litigation authorizes Shelby to pursue the entire amount owed on the Final Judgment (attached below) in the Underlying Litigation for the benefit of the Class by assignment

of MIG's claims and through garnishment. Any recovery in this litigation will add to the benefits made available to the Class under the Settlement Agreement, and the Class members who submitted valid claims for payment will receive the funds remaining from any recovery in this litigation after attorney's fees and costs are deducted.

## Parties

3. Shelby is a resident of Jackson County, Missouri. On information and belief, over one-third of the Class members are residents and citizens of Missouri.

4. Oak River is a foreign insurance company licensed to conduct business in Missouri. Oak River may be served as set forth in the caption above. Oak River is deemed a citizen of Missouri because MIG is a resident and citizen of Missouri.

## Jurisdiction and Venue

5. This Court has jurisdiction because this is a civil case.

6. Venue is proper in this Court because Oak River has or usually keeps an office or agent for the transaction of its usual and customary business; i.e., the selling of insurance policies, in Jackson County, Missouri. Oak River contracted to provide policies of insurance applicable to a Missouri insured (MIG) and this cause of action arises from issuing these insurance policies.

## General Allegations

7. MIG is a named insured on at least seven garage policies with Oak River that are identical or substantially similar for purposes of this litigation. Those policies are attached as Exhibits 1 through 7 ("Policies"). On information and belief, MIG is a named insured on other insurance policies with Oak River relating to this action.

8. MIG assigned to the Class (represented by Shelby and his attorneys) all of its rights under all insurance policies in effect from January 10, 2008, to April 21, 2015, including the Policies, from which Shelby seeks to recover for the Class.

2

9. On February 6, 2013, Shelby counterclaimed against MIG in the Underlying Litigation seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by MIG regarding collection, enforcement, repossession and disposition of collateral, and collection of alleged deficiencies.

10. MIG notified Oak River of the Underlying Litigation and demanded Oak River defend and indemnify MIG for the Underlying Litigation. Oak River disclaimed any duty to defend or indemnify MIG for any damages in the Underlying Litigation. A copy of Oak River's denial letter is attached as Exhibit 8.

11. These facts, among others, were alleged in the Underlying Litigation, known by Oak River at the outset, or reasonably apparent to Oak River at the outset:

    a. Under RSMo § 408.555, MIG wrongfully accelerated Class's consumer credit contracts by failing to give the required right to cure notices before acceleration.

    b. Under RSMo § 408.555, MIG wrongfully repossessed the Class's property by failing to give the required right to cure notices before repossession.

    c. The presale notices sent to the Class were not reasonable as required by § 9-611(b).

    d. MIG wrongfully sold the Class's property after sending improper right to cure and presale notices.

    e. The post-sale notices sent to the Class violated section § 9-616.

    f. MIG sued the Class without giving the notice required by RSMo § 408.557.

    g. MIG unlawfully collected or attempted to collect deficiency balances, time price differentials, and delinquency and collection charges from the Class members issued defective right to cure, presale and post-sale notices.

h. MIG reported derogatory information regarding the Class to local consumer reporting agencies and the three national consumer credit reporting agencies: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (collectively, "CRAs"), despite its failure to comply with the right to cure, presale and post-sale notice requirements.

i. The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the Class members' credit reports harmed the Class members' credit worthiness, credit standing, credit capacity, character, and general reputation.

j. The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the Class members' credit reports were oral or written publication of material that defamed, slandered, libeled and invaded the privacy rights of the Class members.

k. MIG acted negligently in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code, including the right to cure, presale and post-sale notices.

l. MIG did not intend to violate Chapter 408 or the UCC and did not intend injury to the Class because it believed its notices were accurate, lawful and contained no misrepresentations.

m. The negligent misrepresentations in the notices were the proximate cause of:

   i. the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold;

4

ii.   the loss of use of Class member's surplus funds owed them after the sale of the collateral;

iii.   the loss of use of the money each Class member paid, which was barred by statute and common law;

iv.   cost of alternative transportation;

v.   loss resulting from the inability to obtain, or increased costs of, alternative financing;

vi.   harm to credit worthiness, credit standing, credit capacity, character, and general reputation;

vii.   harm caused by defamation, slander and libel;

viii.   harm caused by invasion of privacy; and

ix.   other uncertain and hard-to-quantify actual damages.

12.     MIG defended the Underlying Litigation at its own expense for three years before agreeing to a class-wide settlement.

13.     MIG relied upon the denial letter attached as Exhibit 8 in defending and ultimately settling the lawsuit.

14.     On March 4, 2016, a final approval hearing was held regarding the settlement. The parties submitted to a liability and damage trial before the Court as part of the final fairness hearing. The hearing included evidence of the reasonableness of the settlement, and the trial court approved the settlement. The Final Approval Order and Final Judgment are attached as Exhibits 9 and 10. The trial court entered findings indicating it had determined the settlement to be fair, reasonable, and not a product of collusion. The trial court entered a judgment for the Class, and it approved MIG's assignment to the Class of MIG's claims against Oak River and any other insurer.

5

15. The judgment against MIG in the Underlying Litigation is for $19,001,795.17 plus post-judgment interest at nine percent per annum.

16. MIG acts and omissions that gave rise to the judgment in the Underlying Litigation occurred in Kansas and Missouri from January 10, 2008 to April 21, 2015.

17. The damages incurred by Shelby and the Class as the result of the judgment in the Underlying Litigation are risks insured against under one or more of the Policies or other policies written by Oak River.

18. Oak River intentionally disregarded MIG's financial interest in the hope of escaping the responsibility imposed upon Oak River by its policy.

19. Upon information and belief, Oak River acted in bad faith when it refused to defend the Underlying Litigation because, among other reasons:

    a. Oak River failed to investigate fully the injuries alleged by the Class or recognize their severity.

    b. Oak River ignored that a judgment could exceed its policy limits.

    c. Oak River ignored facts known to it when makes its coverage determination.

    d. Oak River conducted no investigation to learn facts that would have been apparent to it from the outset of the Underlying Litigation, including the facts alleged in Paragraph 10.

    e. Oak River limited its investigation to the question of coverage without considering the interests of MIG.

    f. Oak River denied coverage before investigation or before doing an adequate investigation.

g.  Oak River accepted legal conclusions as to coverage without legal citation or reference.

## Count I – Breach of Duty to Defend

20.     Shelby repeats the allegations set forth above as if set forth in Count I.

21.     There was a possibility or potential for coverage on the Underlying Litigation at the outset based on the Policies or other policies written by Oak River.

22.     There was a reasonably apparent theory of recovery against MIG that would give rise to coverage based on the facts: (a) alleged in the Underlying Litigation; (b) Oak River knew at the outset; or (c) that were reasonably apparent to Oak River at the outset.

23.     Oak River had to defend the Underlying Litigation.

24.     Oak River refused to defend the Underlying Litigation.

25.     As a direct and proximate result of Oak River's refusal to defend, a judgment was entered against MIG in the Underlying Litigation.

26.     Oak River is liable for the judgment in the Underlying Litigation.

27.     The judgment in the Underlying Litigation is final.

28.     MIG is an insured under the Policies or other policies written by Oak River.

29.     MIG is liable to Shelby and the Class for the damages awarded in the Underlying Litigation.

WHEREFORE, Shelby respectfully requests that the Court grant it judgment in his favor:

A.     Declaring Oak River breached its duty to defend.

B.     Awarding Shelby and the Class $19,001,795.17 plus post-judgment interest at nine percent per annum as damages for the full judgment in the Underlying Litigation.

C.     Awarding Shelby and the Class MIG's attorney's fees and costs in defending the Underlying Litigation.

7

D.     Awarding Shelby and the Class attorney's fees for this action and post-judgment interest.

E.     Such other relief as the Court deems just and equitable.

## Count II – Equitable Garnishment

30.     Shelby repeats the allegations set forth above as if set forth in Count II.

31.     Under RSMo. § 379.200, Shelby and the Class are judgment creditors of MIG, an insured under the Policies or other policies written by Oak River, resulting from the judgment entered in the Underlying Litigation by Shelby and the Class sustaining and proving property damage arising out of an accident.

32.     The judgment in the Underlying Litigation is a valid final judgment.

33.     The Policies or other policies written by Oak River were in effect for some or all of the underlying acts or omissions of MIG.

34.     Shelby and the Class may recover and apply $1,000,000 to $2,000,000 of insurance money per policy in effect to satisfy the full judgment in the Underlying Litigation because MIG was insured by Oak River against the damages awarded in the judgment.

35.     All conditions precedent of the Policies have been performed, yet Oak River wrongfully has refused to pay any portion of the Judgment.

36.     Under RSMo. § 379.200, Shelby and the Class may proceed in equity against Oak River to reach and apply the insurance monies to the satisfy the judgment in the Underlying Litigation.

WHEREFORE, Shelby respectfully requests that the Court grant it judgment in its favor:

A.     Declaring coverage under the policies identified.

B.     Awarding Shelby and the Class the policy limits of each policy identified (at least

$14,000,000 in the aggregate) to satisfy the judgment in the Underlying Litigation, including post-

judgment interest, attorney's fees and costs.

C.     Such other relief as the Court deems just and equitable.


By:  /s/Jesse B. Rochman
      Martin L. Daesch, #40494
      Jesse B. Rochman, #60712
      110 E. Lockwood Ave.
      St. Louis, MO 63119
      (314) 963-9000 (telephone)
      (314) 963-1700 (facsimile)
      daesch@onderlaw.com
      rochman@onderlaw.com

      *Attorneys for Plaintiff*


## Certificate of Service

I certify on March 8, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

# THE HOMESTATE COMPANIES

## COMMERCIAL LINES POLICY
## COMMON POLICY DECLARATIONS

Policy Number: KSA100112

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP, INC DBA AUTO NOW

2917 W. 113TH ST.
LEAWOOD, KS  66211

Agent: KF0347
MED JAMES, INC.
SHAWNEE MISSION, KS
PAT KAISER

Policy Period: From: 04/21/2010 To: 04/21/2011 at 12:01 A.M.,Standard Time at your mailing address shown above.

Business Description: USED CAR DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $ 18,490 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium | $ 18,490 |

ATTENTION
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer To Forms Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

Countersignature Date        Authorized Representative

EXHIBIT 1

CD24 (0703)

COPY

POLICY NUMBER: KSA100112                          COMMERCIAL COMMON POLICY

FORM SCHEDULE                                     EFFECTIVE DATE: 4/21/2010

                                                 EXPIRATION DATE: 4/21/2011

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMON POLICY DECLARATIONS |
| ILM0006 KS | 05/02 | COMMON POLICY CONDITIONS |
| ILM0008 KS | 04/05 | EXCLUSION-CDIC, RFC,CYPRESS INSURANCE CO & BROOKWOOD INSURANCE CO. |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for the following reasons.

      (i) the policy was issued because of a material misrepresentation;

      (ii) any insured violated any of the material terms and conditions of the policy;

      (iii) unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

      (iv) a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law; or

      (v) a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTION AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
LIQUOR LIABILITY COVERAGE FORM
GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE FORM
TRUCKERS COVERAGE FORM
FARM LIABILITY COVERAGE FORM
UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05 Page 1 of 2

c. Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

a. Any of the following, whether belonging to, or used or provided by, any insured or other person:

    1. Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

    2. Application software or programming for electronic, robotic, communication or computer devices;

    3. Operating system or related software or programming for electronic, robotics, communication or computer devices;

    4. Network of electronic, robotics, communications or computer devices;

    5. Microprocessor or other computer chip not part of any computer system; or

    6. Any other computerized, robotic, electronic or communications equipment or components.

b. Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05              Page 2 of 2

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1158 of 1650

Kp 4-21 10  Ks  Probably with out Titer  4/21/10
Kp 4-21-11  4-21/11

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**

**EFFECTIVE DATE** 04/21/2010

**NAMED INSURED** MILLER INVESTMENT GROUP, INC DBA AUTO N  **POLICY NO.** KSA100112

**FORM OF BUSINESS:**

☒ CORPORATION ☐ INDIVIDUAL

☐ PARTNERSHIP ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section on the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| LIABILITY | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT) | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ Ded. FOR EACH COVERED AUTO See Supplementary Schedule for "autos" and "autos" held for sale by trailer dealers and non-dealers | | | |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | PREMIUM FOR ENDORSEMENTS | | | |
| | | ESTIMATED TOTAL PREMIUM | | | INCL |

CAM 0001 02 98

COPY

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1159 of 1650

# GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

---

See Schedule

---

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
**We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
| 002 | 7899 E FRONTAGE RD, OVERLAND PARK, KS 66204 |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | **TOTAL PREMIUMS \*** | | | | 8 | INCL | INCL | |

Number of Dealer Plates _____9_____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

**NOTE:**  1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

COPY

POLICY NUMBER: KSA100112                    COMMERCIAL GARAGE

FORM SCHEDULE                               EFFECTIVE DATE: 4/21/2010

                                            EXPIRATION DATE: 4/21/2011

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 10/01 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2365 | 12/02 | EXCL OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2503 | 07/97 | FALSE PRETENSE COVERAGE |
| CA 2505 | 07/97 | GARAGE LOCATIONS & OPERATIONS-MEDICAL PAYMENT COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 01 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

    ☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| 002 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 96

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interest in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | Rates | Premium |
|---|---|---|---|---|
| 001 | Comprehensive | $ 160,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | INCL | INCL |
| 002 | Comprehensive | $ 120,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | INCL |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |

| All | Collision | $ 160,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | | Adjustment Factor | Premium |
|---|---|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | | | | |
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | | |
| | | INCL | INCL | INCL | INCL | INCL |
| | | | | TOTAL PREMIUM | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$     Additional locations where you store covered "autos"
$     In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").

You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of Insurance shown above applies.

**Loss Payee -** Any loss is payable as interest may appear to you and:

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**

**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION | PURCHASED | | TERRITORY |
|---|---|---|---|---|
| | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where the Covered Auto will be principally garaged |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION | | | | | | | | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail o = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor | | Secondary Rating Factor | Code | |
| | | | | | Liab. | Phy. Dam. | | | |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | | | |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | | AUTO MED PAY |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | |
|---|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | | |
| | Limit | Premium | |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE |
| Total Premium | | | |

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | | COLLISION | | TOWING & LABOR |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

**ITEM TEN**

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # KSA100112                          AGENT:  MED JAMES, INC.
MILLER INVESTMENT GROUP, INC DBA AUTO               # KF0347
2917 W. 113TH ST.
LEAWOOD, KS  66211

| Prems No. | Bldg No. | Street | City | County | St | Zip |
|-----------|----------|--------|------|--------|-----|-----|
| 001 | 000 | 1404 SANTA FE | OLATHE | | KS | 97030 |
| 002 | 000 | 7899 E FRONTAGE RD | OVERLAND PARK | | KS | 97030 |

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   **a.** The **Workers' Compensation** Exclusion is replaced by the following:

   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   **b.** The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

   This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   **c.** The **Care, Custody Or Control** Exclusion is replaced by the following:

   This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   **d.** The following is added to the **War** Exclusion:

   This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   **e.** The **Racing** Exclusion, if contained in the coverage form, does not apply.

   **f.** The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   **a.** $25,000 for "bodily injury" to any one person caused by any one "accident".

   **b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   **c.** $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1168 of 1650

## B. Changes In Physical Damage

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

## C. Changes In Conditions

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or

   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005

CA 01 22 05 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1169 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

  **a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

  **b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for non-payment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

  **c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

    **(1)** Nonpayment of premium.

    **(2)** Fraudulent misrepresentation in obtaining this policy.

    **(3)** The "insured" violates any terms or conditions of the policy.

    **(4)** You or any other operator who either resides in the same household or customarily operates a covered "auto":

      **(a)** Has had his or her driver's license suspended or revoked during the policy period.

      **(b)** Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

      **(c)** Has been convicted during the policy period or 36 months before it, for:

        **(i)** Any felony, or

        **(ii)** Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

        **(iii)** Driving a motor vehicle while intoxicated or under the influence of drugs, or

        **(iv)** Leaving the scene of an "accident" without stopping to report, or

        **(v)** Theft of a motor vehicle, or

        **(vi)** Making false statements when applying for a driver's license, or

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1170 of 1650

**(vii)** A third moving violation, committed within a period of 18 months of:

   **i.** Any regulation limiting the speed of motor vehicles, or

   **ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

   **iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

**(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

**(2)** When we cease to transact such business in this state.

**(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

**(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

**(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

**(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

CA 02 65 02 96 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1171 of 1650

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

    **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

    **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

    **c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

        **(1)** Nonpayment of premium.

        **(2)** This policy was issued because of material misrepresentation.

        **(3)** Any "insured" violated any of the material terms and conditions of this policy.

        **(4)** Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

        **(5)** A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

        **(6)** A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

    **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

    **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

    **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

    **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1172 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | |
| | (Authorized Representative) |

**SCHEDULE**

| Benefits | Limit |
|---|---|
| A. Medical Expenses | Up to $4,500 |
| B. Rehabilitation Expenses | Up to $4,500 |
| C. Work Loss | $900 per month maximum, up to 1 year maximum |
| D. Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| E. Funeral Expenses | Up to $2,000 per person |
| F. Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1173 of 1650

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings", and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally,

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1174 of 1650

### D. Limit Of Insurance

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

### E. Changes In Conditions

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

      No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

5. The **Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

**PAYMENT OF BENEFITS**

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1176 of 1650

b. One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

c. With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

3. "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

4. "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

5. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

6. "Occupying" means in or upon or entering into or alighting from.

7. "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
## (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

 © ISO Properties, Inc., 2001

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1178 of 1650

**2.** As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

(a) Any "nuclear reactor";

(b) Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

(c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2001

IL 00 21 07 02

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM.
GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II – LIABILITY COVERAGE is replaced by the following:

A.    Item (6) is replaced by the following:

(6)    All interest on the lesser of:

(a)   the full amount of any judgment; or

(b)   the applicable limit of insurance

that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.    The following is added:

(7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

(a)      you or any other person or organization qualifying as a Named Insured under this policy; or

(b)      any business in which any Named Insured:

         (i)      has an interest in 25% or more of the outstanding voting stock or of the total stock; or

         (ii)      is a **Related Company**; or

         (iii)      is a partner; or

(c)      any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

(d)      any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

(e)      the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **VI** – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Seven of the Non-Dealers' and Trailer Dealers' Supplementary Schedule or Item Nine of the Dealers' Supplementary Schedule for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Seven or Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1183 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" And "Autos" Held For Sale By Non-Dealers Or Trailer Dealers (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Dealers' Supplementary Schedule or Item Nine of the Non-Dealers' and Trailer Dealers' Supplementary Schedule. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21**, **22**, **23**, **24**, **25**, or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

      We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "accident" occurs in the coverage territory;

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2000 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1184 of 1650

(3) Prior to the policy period, no "insured" listed under **Who Is An Insured** and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under **Who Is An Insured** or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under **Who Is An Insured** or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. **"Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is your "garage operations".

(d) Your customers, if your business is shown in the Declarations as an "auto" dealership. However, if a customer of yours:

(i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1185 of 1650

**(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

**(1)** You.

**(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

**a. Supplementary Payments**

In addition to the Limit of Insurance, we will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

**(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1186 of 1650

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

  **(1)** Employment by the "insured"; or

  **(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

  **(1)** Refusal to employ that person;

  **(2)** Termination of that person's employment; or

  **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

  **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

  **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

  **(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

  **(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

  **(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

    **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

    **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

  **(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1187 of 1650

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured"; or

(3) Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1188 of 1650

### 13. Work You Performed

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

### 14. Loss Of Use

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

### 15. Products Recall

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

### 16. War

"Bodily injury" or "property damage" due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution. This exclusion applies only to liability assumed under a contract or agreement.

### 17. Liquor Liability

"Bodily injury" or "property damage" for which an "insured" may be held liable by reason of:

**a.** Causing or contributing to the intoxication of any person;

**b.** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**c.** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you use the premises in part for the following purposes:

**(1)** Serving or furnishing alcoholic beverages for a charge whether or not such activity:

 **(a)** Requires a license; or

 **(b)** Is for the purpose of financial gain or livelihood; or

**(2)** Serving or furnishing alcoholic beverages without a charge, if a license is required for such activity.

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

**a.** "Personal injury" liability coverage;

**b.** "Personal and advertising injury" liability coverage;

**c.** Host liquor liability coverage;

**d.** Fire legal liability coverage;

**e.** Incidental medical malpractice liability coverage;

**f.** Non-owned watercraft coverage;

**g.** Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1189 of 1650

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

**2. Limit Of Insurance – "Garage Operations" – Covered "Autos"**

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

**D. Deductible**

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

**SECTION III – GARAGEKEEPERS COVERAGE**

**A. Coverage**

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   **(1)** The "customer's auto's" collision with another object; or

   **(2)** The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   **(1)** Fire, lightning or explosion;

   **(2)** Theft; or

   **(3)** Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   **(1)** The "customer's auto's" collision with another object; or

   **(2)** The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. In addition to the Limit of Insurance, we will pay for the "insured":

   **a.** All expenses we incur.

© ISO Properties, Inc., 2000

CA 00 05 10 01 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1190 of 1650

b. The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

c. All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

e. All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

## B. Exclusions

1. This insurance does not apply to any of the following:

   a. **Contractual Obligations**

      Liability resulting from any agreement by which the "insured" accepts responsibility for "loss".

   b. **Theft**

      "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   c. **Defective Parts**

      Defective parts or materials.

   d. **Faulty Work**

      Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   a. Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   b. Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

   c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

   d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

## C. Limit Of Insurance And Deductible

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by collision; and

   a. Theft or mischief or vandalism; or

   b. All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

   a. Theft or mischief or vandalism; or

   b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

# SECTION IV – PHYSICAL DAMAGE COVERAGE

## A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

   a. **Comprehensive Coverage**

      From any cause except:

      (1) The covered "auto's" collision with another object; or

      (2) The covered "auto's" overturn.

   b. **Specified Causes Of Loss Coverage**

      Caused by:

      (1) Fire, lightning or explosion;

      (2) Theft;

      (3) Windstorm, hail or earthquake;

      (4) Flood;

      (5) Mischief or vandalism; or

      (6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

   c. **Collision Coverage**

      Caused by:

      (1) The covered "auto's" collision with another object; or

      (2) The covered "auto's" overturn.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1191 of 1650

**2. Towing – Non-Dealers Only**

If your business is shown in the Declarations as something other than an "auto" dealership, we will pay up to the limit shown in the Declarations for towing and labor costs incurred each time a covered "auto" of the private passenger type is disabled. However, the labor must be performed at the place of disablement.

**3. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

**a.** Glass breakage;

**b.** "Loss" caused by hitting a bird or animal; and

**c.** "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

**4. Coverage Extension**

**a. Transportation Expenses**

If your business is shown in the Declarations as something other than an "auto" dealership, we will pay up to $20 per day to a maximum of $600 for temporary transportation expense incurred by you because of the total theft of a covered "auto" of the private passenger type. We will pay only for those covered "autos" for which you carry either Comprehensive or Specified Causes of Loss Coverage. We will pay for temporary transportation expenses incurred during the period beginning 48 hours after the theft and ending, regardless of the policy's expiration, when the covered "auto" is returned to use or we pay for its "loss".

**b. Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**(1)** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**(2)** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**(3)** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1192 of 1650

e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

f. Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

b. Your acquiring an "auto" from a seller who did not have legal title.

**4.** If your business is shown in the Declarations as an "auto" dealership, we will not pay for:

a. Your expected profit, including loss of market value or resale value.

b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown;

b. Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** For those businesses shown in the Declarations as "auto" dealerships, the following provisions also apply:

a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Auto Dealers Supplementary Schedule for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Auto Dealers Supplementary Schedule for "loss" in transit.

b. **Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1193 of 1650

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Auto Dealers Supplementary Schedule for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1. "Auto" Dealers Only Special Deductible Provisions**

If your business is shown in the Declarations as an "auto" dealership:

**a.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**(1)** Theft or mischief or vandalism; or

**(2)** All perils.

**b.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**(1)** Theft or mischief or vandalism; or

**(2)** All perils.

**2. Non-Dealers Only Special Deductible Provisions**

If your business is shown in the Declarations as something other than an "auto" dealership, the Comprehensive Coverage deductible does not apply to "loss" caused by fire or lightning.

## SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

**A. Loss Conditions**

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1194 of 1650

    (3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

    (4) Agree to examinations under oath at our request and give us a signed statement of your answers.

### 3. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

### 4. Loss Payment – Physical Damage Coverages

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

### 5. Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

    (1) Excess while it is connected to a motor vehicle you do not own.

    (2) Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1195 of 1650

**6. Premium Audit**

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

**7. Policy Period, Coverage Territory**

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement; or

**2.** Any claim or "suit" by or on behalf of a governmental authority demanding

that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

 © ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1196 of 1650

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section **I** of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort. liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement;

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1197 of 1650

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**N.** "Products" includes:

**a.** The goods or products you made or sold in a garage business; and

**b.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

**1.** Damages because of "bodily injury" or "property damage"; or

**2.** A "covered pollution cost or expense",

to which this insurance applies, are claimed.

"Suit" includes:

**a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

**a.** Work that someone performed on your behalf; and

**b.** The providing of or failure to provide warnings or instructions.

© ISO Properties, Inc., 2000

CA 00 05 10 01 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1198 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | |
| | (Authorized Representative) |

## SCHEDULE

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

      **(1)** Have been given prompt written notice of such tentative settlement; and

      **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   **a.** The Named Insured and any "family members".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1199 of 1650

**b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

**1.** Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

**a.** $25,000 for "bodily injury" to any one person caused by any one "accident", and

**b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident".

This provision will not change our total limit of liability.

**2.** The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a., c.** and **d.** of that definition.

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

**4.** Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

**1. Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

**a.** The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**b.** If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved, and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1200 of 1650

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

    **(1)** Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

    **(2)** Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

    Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a.**, **c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

    **(1)** Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

    **(2)** Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

    If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

    **(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

    **(2)** We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1201 of 1650

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1202 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
SINGLE INTEREST AUTOMOBILE PHYSICAL DAMAGE INSURANCE POLICY
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** The following exclusion is added:

This insurance does not apply to:

**TERRORISM**

Any "bodily injury", "property damage", "personal injury", "personal and advertising injury", "loss", loss of use, rental reimbursement after "loss" or "covered pollution cost or expense", as may be defined in any applicable Coverage Form or endorsement, arising directly or indirectly out of "a certified act of terrorism".

However, with respect to Liability and Personal Injury Protection Coverage, if applicable, this exclusion applies only to the extent that the limit of such coverage exceeds the state compulsory or financial responsibility law minimum limits for each coverage.

With respect to Uninsured and/or Underinsured Motorists Coverage, if applicable, this exclusion applies only to the extent that the limit of such coverage exceeds the minimum statutory permitted limits for Uninsured and/or Underinsured Motorists Coverage. Those limits are equal to the minimum limit permitted for Liability Coverage.

**B.** The following definition is added:

**1.** "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States, to be an act of terrorism pursuant to the federal Terrorism Risk Insurance Act of 2002. The federal Terrorism Risk Insurance Act of 2002 sets forth the following criteria for a "certified act of terrorism":

**a.** The act resulted in aggregate losses in excess of $5 million; and

**b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

**C. Application Of Other Exclusions**

The terms and limitations of any terrorism exclusion, or the inapplicability or omission of a terrorism exclusion, do not serve to create coverage for any loss which would otherwise be excluded under this Coverage Form, such as losses excluded by a Nuclear Hazard Exclusion or a War Or Military Action Exclusion.

© ISO Properties, Inc., 2002

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1203 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Copyright, Insurance Services Office, Inc., 1993

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1204 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FALSE PRETENSE COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective: 4/21/10 | Countersigned By: |
| Named Insured: MILLER INVESTMENT GROUP INC | |
| | (Authorized Representative) |

**SCHEDULE**

| Limit of Insurance — $25,000 unless another limit is shown below or in the Declarations. | | | |
|---|---|---|---|
| $ 25,000      limit of insurance. | | | |
| **Named Location No. From Item Three Of The Dealer's Supplementary Schedule** | **Total Inventory Value For Each Named Location** | **Rate** | **Premium** |
| 1 | $ 160,000 | $ INCL | $ INCL |
| 2 | $ 120,000 | $ INCL | $ INCL |
| 3 | $ | $ | $ |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Covered Autos** is changed by adding the following:

Any "auto" you have acquired is a covered "auto" under False Pretense Coverage.

**B. Physical Damage Coverage** is changed as follows:

    **1.** The following is added:

        We will pay for "loss" to a covered "auto" under:

False Pretense Coverage caused by:

    **a.** Someone causing you to voluntarily part with the covered "auto" by trick, scheme or under false pretenses.

    **b.** Your acquiring an "auto" from a seller who did not have legal title.

    **2. Exclusions** is changed as follows:

        **a.** The False Pretense Exclusion does not apply.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1205 of 1650

**b.** The following exclusion is added:

(1) The insurance under Paragraph **B.1.a.** of this endorsement does not apply unless:

(a) You had legal title to, or consignment papers for, the covered "auto" prior to "loss"; and

(b) You make every effort to recover the covered "auto" when it is located.

(2) False Pretense Coverage does not apply to a loss in which for any reason a bank or any other drawee fails to pay.

**3. Limits Of Insurance** is changed as follows:

**a.** The provisions applicable to "auto" dealers apply to False Pretense Coverage.

**b.** Under False Pretense Coverage, the Limit of Insurance shown in the Schedule or Declarations is the most we will pay for all "loss" caused by any one person within any one year of the policy period .

**4.** The **Deductible** provision is changed by adding the following:

From our obligation under False Pretense Coverage, we will deduct the actual value of any property delivered to you in full or partial payment for title to or possession of a covered "auto".

**C.** The following is added to the **Duties In The Event Of Accident, Claim, Suit Or Loss** Garage Condition:

You, or someone on your behalf, must take all reasonable steps to cause a warrant to be issued, as soon as practicable, for the arrest of anyone causing a "loss" defined within the False Pretense Coverage. Failure to cause such warrant to be issued as required by this Condition shall not invalidate any claim made by you, if it is shown that reasonable efforts were made.

Copyright, Insurance Services Office, Inc., 1996

**CA 25 03 07 97**     □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1206 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

**1.** The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

**2.** All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

**1.** "Bodily injury" resulting from the maintenance or use of any "auto".

**2.** "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

**3.** "Bodily injury" caused by declared or undeclared war or insurrection or any of their consequences.

**4.** "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

Copyright, Insurance Services Office, Inc., 1996 ▫

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1207 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective<br>4/21/10 | Policy No.<br>KSA100112 |
|---|---|
| Named Insured<br>MILLER INVESTMENT GROUP INC | Countersigned by |

(Authorized Representative)

## SCHEDULE

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93          Copyright, Insurance Services Office, Inc., 1993

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

   **a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

   **b.** Any loss, cost or expense arising out of any:

     **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

     **(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1209 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**HERITAGE PROPERTIES INC
9200 PARK BLVD 201
SEMINOLE, FL 33777**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.     "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations.  This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto.  "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.     DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.     AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)     The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)     Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1.   An unlicensed driver;

2.   Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of:

1. The cost of replacing the damaged property with other property of like kind and quality;
2. The cost of repairing the damaged property by conventional means of body work;
3. The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

    **USED CAR DEALERSHIP**


**Specified Location (If applicable):**

    **INDEPENDENCE LOCATION**
**BELTON LOCATION**


(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.


CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$     1000             each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

      GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

    C.    LIMIT OF INSURANCE AND DEDUCTIBLE

        1.    Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

KSA100112

MILLER INVESTMENT GROUP, INC. DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

*R. McDade*

President
Cypress Insurance Company
Oak River Insurance Company

*Donald E. Wurster*

President
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Redwood Fire and Casualty Insurance Company

*Jackie L. Berry*

Secretary

**EXHIBIT
2**

ILM 0314 08 10

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

**A.  CANCELLATION**

1.  The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2.  We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a.  10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

    b.  30 days before the effective date of cancellation if we cancel for the following reasons.

        (i)   the policy was issued because of a material misrepresentation;

        (ii)  any insured violated any of the material terms and conditions of the policy;

        (iii) unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

        (iv)  a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law;

        (v)   a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4.  Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5.  If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**B.  CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C.  EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D.  INSPECTION AND SURVEYS**

We have the right but are not obligated to:

1.  Make inspections and surveys at any time;

2.  Give you reports on the conditions we find; and

3.  Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1.  Are safe or healthful; or

2.  Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E.  PREMIUMS**

The first Named Insured shown in the Declarations:

1.  Is responsible for the payment of all premiums; and

2.  Will be the payee for any return premiums we pay.

**F.  TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
LIQUOR LIABILITY COVERAGE FORM
GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE FORM
TRUCKERS COVERAGE FORM
FARM LIABILITY COVERAGE FORM
UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                    Page 1 of 2

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1224 of 1650

c.  Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

a.  Any of the following, whether belonging to, or used or provided by, any insured or other person:

1.  Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

2.  Application software or programming for electronic, robotic, communication or computer devices;

3.  Operating system or related software or programming for electronic, robotics, communication or computer devices;

4.  Network of electronic, robotics, communications or computer devices;

5.  Microprocessor or other computer chip not part of any computer system; or

6.  Any other computerized, robotic, electronic or communications equipment or components.

b.  Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1225 of 1650

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**

**EFFECTIVE DATE** 04/21/2011

**NAMED INSURED** MILLER INVESTMENT GROUP, INC DBA AUTO N    **POLICY NO.** KSA100112

**FORM OF BUSINESS:**

☒ **CORPORATION**                              ☐ **INDIVIDUAL**

☐ **PARTNERSHIP**                              ☐ **OTHER**_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| LIABILITY | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $          Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $          Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $          1,000 | | | INCL |
| UNINSURED MOTORISTS | 26 | $          100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE          EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $          MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $          LIMIT OF LIABILITY $          DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE          EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE          Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED          MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE          Ded. FOR EACH COVERED AUTO FOR LOSS SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $          for each disablement of a private passenger "auto" | | | |
| | | PREMIUM FOR ENDORSEMENTS | | | |
| | | ESTIMATED TOTAL PREMIUM | | | INCL |

COPY
Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1226 of 1650

# GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
**We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

COPY

POLICY NUMBER: KSA100112                                    COMMERCIAL GARAGE

FORM SCHEDULE                                              EFFECTIVE DATE: 4/21/2011

                                                          EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|---|---|---|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CA 9903 | 03/06 | AUTO MEDICAL PAYMENTS COVERAGE |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 01 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
|  |  |
|  |  |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 4.5 | INCL | INCL | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | | | **TOTAL PREMIUMS \*** | | 4 | INCL | INCL | |

Number of Dealer Plates _____ 7 _____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

**NOTE:** 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | | Rates | Premium |
|---|---|---|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | | |
| All | Collision | $ 180,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | | | | |

BLANKET ANNUAL COLLISION RATES

| | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
|---|---|---|---|---|---|
| | INCL | INCL | INCL | INCL | INCL |
| | | | **TOTAL PREMIUM** | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$       Additional locations where you store covered "autos"
$ 10,000    In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

    **YOUR REPORTING BASIS IS:**

    ☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

    ☐ **MONTHLY.** You must give us your report by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

    Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

COPY

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1231 of 1650

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**

**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION | PURCHASED | | TERRITORY |
|---|---|---|---|---|
| | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where the Covered Auto will be principally garaged |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | |

| Covered Auto No. | CLASSIFICATION | | | | | | | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail o = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Primary Rating Factor Phy. Dam. | Secondary Rating Factor | Code | |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | | |

COPY

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |
| Total Premium | | | | | | | |

COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | UNDERINSURED AND UNINSURED MOTORIST | | |
| --- | --- | --- | --- |
| | Limit | Premium | |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** |
| Total Premium | | | |

COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead)

| Covered Auto No. | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
| --- | --- |
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** |

**ITEM TEN**

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium | |
| --- | --- | --- | --- | --- |
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

## A. Changes In Liability Coverage

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   a. The **Workers' Compensation** Exclusion is replaced by the following:

      Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   b. The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

      This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   c. The **Care, Custody Or Control** Exclusion is replaced by the following:

      This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   d. The following is added to the **War** Exclusion:

      This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   e. The **Racing** Exclusion, if contained in the coverage form, does not apply.

   f. The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   a. $25,000 for "bodily injury" to any one person caused by any one "accident".

   b. $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1234 of 1650

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   **a.** Knows to contain materially false information; or

   **b.** Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   **a.** Pay its chosen appraiser; and

   **b.** Bear the expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005

**CA 01 22 05 06**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1235 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

   **b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for nonpayment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

   **c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

     **(1)** Nonpayment of premium.

     **(2)** Fraudulent misrepresentation in obtaining this policy.

     **(3)** The "insured" violates any terms or conditions of the policy.

     **(4)** You or any other operator who either resides in the same household or customarily operates a covered "auto":

       **(a)** Has had his or her driver's license suspended or revoked during the policy period.

       **(b)** Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

       **(c)** Has been convicted during the policy period or 36 months before it, for:

         **(i)** Any felony, or

         **(ii)** Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

         **(iii)** Driving a motor vehicle while intoxicated or under the influence of drugs, or

         **(iv)** Leaving the scene of an "accident" without stopping to report, or

         **(v)** Theft of a motor vehicle, or

         **(vi)** Making false statements when applying for a driver's license, or

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1236 of 1650

**(vii)** A third moving violation, committed within a period of 18 months of:

    **i.** Any regulation limiting the speed of motor vehicles, or

    **ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

    **iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

**(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

**(2)** When we cease to transact such business in this state.

**(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

**(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

**(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

**(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

   **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

   **c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

   **(1)** Nonpayment of premium.

   **(2)** This policy was issued because of material misrepresentation.

   **(3)** Any "insured" violated any of the material terms and conditions of this policy.

   **(4)** Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

   **(5)** A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

   **(6)** A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

   **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

   **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

   **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

   **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1238 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

## SCHEDULE

| Benefits | Limit |
|---|---|
| **A.** Medical Expenses | Up to $4,500 |
| **B.** Rehabilitation Expenses | Up to $4,500 |
| **C.** Work Loss | $900 per month maximum, up to 1 year maximum |
| **D.** Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| **E.** Funeral Expenses | Up to $2,000 per person |
| **F.** Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| * Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1239 of 1650

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings", and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally,

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1240 of 1650

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

   No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1241 of 1650

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

5. The **Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

**PAYMENT OF BENEFITS**

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1242 of 1650

**b.** One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

**c.** With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

**3.** "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

**4.** "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

**5.** "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

**6.** "Occupying" means in or upon or entering into or alighting from.

**7.** "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1243 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

**1.** The insurance does not apply:

**A.** Under any Liability Coverage, to "bodily injury" or "property damage":

  **(1)** With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

  **(2)** Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

**B.** Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

**C.** Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

  **(1)** The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

  **(2)** The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

  **(3)** The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion **(3)** applies only to "property damage" to such "nuclear facility" and any property thereat.

© ISO Properties, Inc., 2001

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1244 of 1650

2. As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1245 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A. Item (6) is replaced by the following:

    (6) All interest on the lesser of:

        (a) the full amount of any judgment; or

        (b) the applicable limit of insurance

    that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B. The following is added:

    (7) Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

    (a)    you or any other person or organization qualifying as a Named Insured under this policy; or

    (b)    any business in which any Named Insured:

        (i)    has an interest in 25% or more of the outstanding voting stock or of the total stock; or

        (ii)    is a **Related Company**; or

        (iii)    is a partner; or

    (c)    any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

    (d)    any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

    (e)    the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

 © ISO Properties, Inc., 2005 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1249 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|--------|--------|-----------------------------------------------|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   **a.** We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   **b.** You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   **a.** Breakdown;

   **b.** Repair;

   **c.** Servicing;

   **d.** "Loss"; or

   **e.** Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   **a.** We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "accident" occurs in the coverage territory;

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1250 of 1650

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

## 2. "Garage Operations" – Covered "Autos"

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

## 3. Who Is An Insured

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1251 of 1650

**(d)** Your customers. However, if a customer of yours:

   **(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

   **(ii)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

   **(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

**(1)** You.

**(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

   **a. Supplementary Payments**

   We will pay for the "insured":

   **(1)** All expenses we incur.

   **(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

   **b. Out-Of-State Coverage Extensions**

   While a covered "auto" is away from the state where it is licensed we will:

   **(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

   **(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

   We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005 **CA 00 05 03 06** ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1252 of 1650

### 2. Contractual

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

### 3. Workers' Compensation

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

### 4. Employee Indemnification And Employer's Liability

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

**(1)** Refusal to employ that person;

**(2)** Termination of that person's employment; or

**(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1), (2)** or **(3)** above are directed.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

### 5. Fellow Employee

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

### 6. Care, Custody Or Control

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

### 7. Leased Autos

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

### 8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

**(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

**(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

**(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

 © ISO Properties, Inc., 2005 **CA 00 05 03 06** ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1254 of 1650

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1255 of 1650

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1256 of 1650

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   a. **Comprehensive Coverage**

      From any cause except:

      (1) The "customer's auto's" collision with another object; or

      (2) The "customer's auto's" overturn.

   b. **Specified Causes Of Loss Coverage**

      Caused by:

      (1) Fire, lightning or explosion;

      (2) Theft; or

      (3) Mischief or vandalism.

   c. **Collision Coverage**

      Caused by:

      (1) The "customer's auto's" collision with another object; or

      (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   a. You.

   b. Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   a. All expenses we incur.

   b. The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   c. All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   e. All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   a. **Contractual Obligations**

      Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   b. **Theft**

      "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   c. **Defective Parts**

      Defective parts or materials.

   d. **Faulty Work**

      Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   a. Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   b. Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1257 of 1650

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

## SECTION IV – PHYSICAL DAMAGE COVERAGE

### A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. **Comprehensive Coverage**

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. **Specified Causes Of Loss Coverage**

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. **Collision Coverage**

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. **Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005
Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1258 of 1650

### 3. Coverage Extension – Loss Of Use Expenses

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**a.** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**b.** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**c.** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

## B. Exclusions

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

### a. Nuclear Hazard

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

### b. War Or Military Action

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

**(1)** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

**(2)** An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1259 of 1650

3. **False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

b. Your acquiring an "auto" from a seller who did not have legal title.

4. We will not pay for:

a. Your expected profit, including loss of market value or resale value.

b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

6. **Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown; or

b. Blowouts, punctures or other road damage to tires.

C. **Limits Of Insurance**

1. The most we will pay for "loss" to any one covered "auto" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

4. The following provisions also apply:

a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

b. **Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

c. **Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

D. **Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

1. The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

a. Theft or mischief or vandalism; or

b. All perils.

2. Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1260 of 1650

## SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

  **(1)** Excess while it is connected to a motor vehicle you do not own.

  **(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

  **(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

Case 4:17-cv-00224-DGK  Document 1-2  Filed 03/28/17  Page 1262 of 1650

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1263 of 1650

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement; or

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1264 of 1650

**N.** "Products" includes:

   **1.** The goods or products you made or sold in a garage business; and

   **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

   **1.** Damages because of "bodily injury" or "property damage"; or

   **2.** A "covered pollution cost or expense",

   to which this insurance applies, are claimed.

   "Suit" includes:

   **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

   **1.** Work that someone performed on your behalf; and

   **2.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1265 of 1650

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

### SCHEDULE

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

      **(1)** Have been given prompt written notice of such tentative settlement; and

      **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   **a.** The Named Insured and any "family members".

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1266 of 1650

**b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

**1.** Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

## D. Limit Of Insurance

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

**a.** $25,000 for "bodily injury" to any one person caused by any one "accident", and

**b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident".

This provision will not change our total limit of liability.

**2.** The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a., c.** and **d.** of that definition.

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

**4.** Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

## E. Changes In Conditions

The conditions are changed for Uninsured Motorists Coverage as follows:

**1.** **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

**a.** The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**b.** If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

**2.** **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved, and

© ISO Properties, Inc., 2004 **CA 21 37 01 05** ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1267 of 1650

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

(1) Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

(2) Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3.** **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a., c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

(1) Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

(2) Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

(1) That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

(2) We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1268 of 1650

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1269 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EXCLUSION OF CERTIFIED ACTS OF TERRORISM ABOVE MINIMUM STATUTORY LIMITS

## THIS FORM DISABLED – DO NOT INCLUDE IN POLICY

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1270 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1271 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

          © ISO Properties, Inc., 2005            □

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective 04/21/2011 | Policy No. KSA100112 |
|---|---|
| Named Insured MILLER INVESTMENT GROUP INC | Countersigned by |

(Authorized Representative)

**SCHEDULE**

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

     Copyright, Insurance Services Office, Inc., 1993

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

  **a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

  **b.** Any loss, cost or expense arising out of any:

  **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

  **(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1274 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".

2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.

2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".

4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

 © ISO Properties, Inc., 2005 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1275 of 1650

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily Injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

## D. Limit Of Insurance

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations.

No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

## E. Changes In Conditions

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance In the Business Auto and Garage Coverage Forms and Other Insurance – Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

## F. Additional Definitions

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1276 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**HERITAGE PROPERTIES INC
9200 PARK BLVD 201
SEMINOLE, FL 33777**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

      BUSINESS AUTO COVERAGE FORM
      GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**MIDWEST AUTO FINANCE
2917 W. 113TH ST.
LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

      GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.    "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations.  This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto.  "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1280 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.   DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.   AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)   The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)   Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

    1.    An unlicensed driver;

    2.    Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

     1.     The cost of replacing the damaged property with other property of like kind and quality;

     2.     The cost of repairing the damaged property by conventional means of body work;

     3.     The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

### USED CAR DEALERSHIP

**Specified Location (If applicable):**

### INDEPENDENCE LOCATION
### BELTON LOCATION

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law.  The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage.  Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$    1000                    each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

      GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

    C.     LIMIT OF INSURANCE AND DEDUCTIBLE

          1.     Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

**CCL 274 10 97**

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

Policy Number: KSA100112

Agent: H03008
MED JAMES, INC.

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP, INC DBA

P O BOX 2014

2917 W. 113TH ST.
LEAWOOD, KS 66211

SHAWNEE MISSION, KS 66201
PAT KAISER

Policy Period: From: 04/21/2012 To: 04/21/2013 at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED CAR DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

|  | | PREMIUM |
|---|---|---|
| Commercial Property Coverage Part | $ | |
| Commercial General Liability Coverage Part | $ | |
| Commercial Crime Coverage Part | $ | |
| Commercial Inland Marine Coverage Part | $ | |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $ | 13,204 |
| Workers Compensation | $ | |
| Businessowners | $ | |
| Contractors Package/Motel/Lessor's Risk Only | $ | |
| Umbrella | $ | |
| Errors and Omissions | $ | |
| Terrorism Coverage "Certified Acts" | $ | |
| Annual Premium (may include balance to meet minimum premium) | $ | 13,204 |

**ATTENTION**
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____
Countersignature Date

_____
Authorized Representative

CD24 (0703)

ORIGINAL

EXHIBIT
3

POLICY NUMBER: KSA100112

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| ILM0314 | 07/11 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES |
| ILM0006 KS | 05/02 | COMMON POLICY CONDITIONS |
| ILM0008 KS | 04/05 | EXCLUSION-CDIC, RFC,CYPRESS INSURANCE CO & BROOKWOOD INSURANCE CO. |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

KSA100112

MILLER INVESTMENT GROUP, INC DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Redwood Fire and Casualty Insurance Company

President
Cypress Insurance Company
Oak River Insurance Company

Secretary

**ILM 0314 07 11**

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for the following reasons.

      (i) the policy was issued because of a material misrepresentation;

      (ii) any insured violated any of the material terms and conditions of the policy;

      (iii) unfavorable underwriting factors, specific to the insured, exist that were not present at the inception of the policy;

      (iv) a determination by the commissioner of insurance that continuation of coverage could place us in a hazardous financial condition or in violation of Kansas law; or

      (v) a determination by the commissioner of insurance that we no longer have adequate reinsurance to meet our needs.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTION AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

---

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services Office, Inc. 1982-1983, 1984

ILM 0006 KS 05 02

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# EXCLUSION OF CONTINENTAL DIVIDE INSURANCE COMPANY, REDWOOD FIRE AND CASUALTY COMPANY, CYPRESS INSURANCE COMPANY, AND BROOKWOOD INSURANCE COMPANY

It is agreed that any reference to Continental Divide Insurance Company, Redwood Fire and Casualty Company, Cypress Insurance Company or Brookwood Insurance Company in the declarations or elsewhere in this policy is deleted since such companies are either not admitted to do business in the state in which this policy has been issued or are not authorized to provide the insurance afforded by this policy.

ILM 0008 KS 04 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1.  "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2.  Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3.  Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4.  Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5.  Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6.  Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a.  Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b.  Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05 Page 1 of 2

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1293 of 1650

c.    Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

a.    Any of the following, whether belonging to, or used or provided by, any insured or other person:

    **1.**    Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

    **2.**    Application software or programming for electronic, robotic, communication or computer devices;

    **3.**    Operating system or related software or programming for electronic, robotics, communication or computer devices;

    **4.**    Network of electronic, robotics, communications or computer devices;

    **5.**    Microprocessor or other computer chip not part of any computer system; or

    **6.**    Any other computerized, robotic, electronic or communications equipment or components.

b.    Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1294 of 1650

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**                                              **EFFECTIVE DATE** 04/21/2012

**NAMED INSURED** MILLER INVESTMENT GROUP, INC DBA AUTO N    **POLICY NO.** KSA100112

**FORM OF BUSINESS:**

☒ CORPORATION                                ☐ INDIVIDUAL

☐ PARTNERSHIP                                ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| LIABILITY | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | 25 | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded. | | | INCL |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 26 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not Included in Uninsured Motorists Coverage) | | $ | | | |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT) | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | See Supplementary Schedule for dealers "auto" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | | PREMIUM FOR ENDORSEMENTS | | |
| | | | ESTIMATED TOTAL PREMIUM | | INCL |

CAM 0001 02 98                          ORIGINAL                          Page 1 of 2

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1295 of 1650

# GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

---

See Schedule

---

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.

We will compute **your** final premium due when we determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

ORIGINAL

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1296 of 1650

POLICY NUMBER: KSA100112

COMMERCIAL GARAGE

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| CA 0122 | 05/06 | KANSAS CHANGES |
| CA 0265 | 02/96 | KANSAS CHANGES-CANCELLATION AND NONRENEWAL |
| CA 2214 | 10/97 | KANSAS PERSONAL INJURY PROTECTION |
| IL 0021 | 07/02 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT(BROAD FORM) |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2137 | 01/05 | KANSAS UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 2516 | 10/01 | GARAGE COVERAGE FORM-OTHER THAN COVERED AUTOS EXPOSURE - TOTAL POLLUTION EXCLUSION |
| CAM0009 | 01/94 | DRIVER AFFIDAVIT |
| CAM0009 02 | 01/94 | DRIVER AFFIDAVIT |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address |
|---|---|
| | state your main business location as Location No. 1 |
| 001 | 1404 SANTA FE, OLATHE, KS 66061 |
| | |
| | |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 10 | 7.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 7.5 | INCL | INCL | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | Class I - Employees<br>Proprietors, partners, or officers active in the business | | | | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | | | | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | | | | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | | | | | | | |
| | Class I - Employees<br>All other employees | | | | | | | |
| | Class II - Non-Employees | | | | | | | |
| | **TOTAL PREMIUMS *** | | | | 8 | INCL | INCL | |

Number of Dealer Plates _____ 7 _____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

NOTE: 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 96

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☒ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by * ☒

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | | |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | | | |

| All | Collision | $ 180,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO | | | | |

| | | BLANKET ANNUAL COLLISION RATES | | | | |
|---|---|---|---|---|---|---|
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium |
| | | INCL | INCL | INCL | INCL | INCL |
| | | | | **TOTAL PREMIUM** | | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$      Additional locations where you store covered "autos"
$ 10,000      In transit

---

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by * ☒ * ).

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by * ☒ * ).
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee -** Any loss is payable as interest may appear to you and:

ORIGINAL

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1300 of 1650

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily Injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**
**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | PURCHASED Original Cost New | Actual Cost & NEW (N) USED (U) | TERRITORY Town & State Where the Covered Auto will be principally garaged |
|---|---|---|---|---|
| | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | |

| Covered Auto No. | Radius of Operation | Business Use s = service r = retail c =commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor Liab. | Primary Rating Factor Phy. Dam. | Secondary Rating Factor | Code | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | |

CAM 0002 02 98

**ORIGINAL**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1301 of 1650

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | |
|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | |
| | Limit | Premium |
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | |
| Total Premium | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | | COLLISION | | TOWING & LABOR |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** |

**ITEM TEN**

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium | |
|---|---|---|---|---|
| 51-200 miles | | INCL | $ | INCL |
| Over 200 miles | 12 | INCL | $ | INCL |
| | | | $ | INCL |

CAM 0002 02 98

<div align="center">ORIGINAL</div>

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY
LIQUOR LIABILITY COVERAGE FORM
GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
COMMERCIAL GENERAL LIABILITY COVERAGE FORM
TRUCKERS COVERAGE FORM
FARM LIABILITY COVERAGE FORM
UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95



**Berkshire Hathaway**
HOMESTATE COMPANIES

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

POLICYHOLDER NOTICE


VERY IMPORTANT


<u>READ CAREFULLY</u>


PLEASE NOTE THAT YOUR POLICY INCLUDES THE FOLLOWING EXCLUSION:


CAM 0009


<u>SPECIAL NOTE</u>


**PLEASE BE SURE YOU READ AND FULLY UNDERSTAND THE ABOVE EXCLUSION. SHOULD YOU HAVE ANY QUESTIONS, IMMEDIATELY CONTACT YOUR AGENT.**

BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY • BROOKWOOD INSURANCE COMPANY • CONTINENTAL DIVIDE INSURANCE COMPANY
CYPRESS INSURANCE COMPANY • OAK RIVER INSURANCE COMPANY • REDWOOD FIRE AND CASUALTY INSURANCE COMPANY

**INT 0109 03 12**               **www.bhhc.com**               Page 1 of 1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   a. The **Workers' Compensation** Exclusion is replaced by the following:

   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   b. The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

   This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   c. The **Care, Custody Or Control** Exclusion is replaced by the following:

   This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   d. The following is added to the **War** Exclusion:

   This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   e. The **Racing** Exclusion, if contained in the coverage form, does not apply.

   f. The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   a. $25,000 for "bodily injury" to any one person caused by any one "accident".

   b. $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

 © ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1305 of 1650

**B. Changes In Physical Damage**

1. The **"Diminution In Value"** Exclusion does not apply.

2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or

   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the **Appraisal** Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005

CA 01 22 05 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1306 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

**a.** You may cancel the policy by mailing or delivering to us advance written notice of cancellation.

**b.** We may cancel this policy by mailing you notice of cancellation. If we cancel for nonpayment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.

**c.** When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:

**(1)** Nonpayment of premium.

**(2)** Fraudulent misrepresentation in obtaining this policy.

**(3)** The "insured" violates any terms or conditions of the policy.

**(4)** You or any other operator who either resides in the same household or customarily operates a covered "auto":

**(a)** Has had his or her driver's license suspended or revoked during the policy period.

**(b)** Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.

**(c)** Has been convicted during the policy period or 36 months before it, for:

**(i)** Any felony, or

**(ii)** Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or

**(iii)** Driving a motor vehicle while intoxicated or under the influence of drugs, or

**(iv)** Leaving the scene of an "accident" without stopping to report, or

**(v)** Theft of a motor vehicle, or

**(vi)** Making false statements when applying for a driver's license, or

Copyright, Insurance Services Office, Inc., 1995       □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1307 of 1650

**(vii)** A third moving violation, committed within a period of 18 months of:

   **i.** Any regulation limiting the speed of motor vehicles, or

   **ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

   **iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

   **(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

   **(2)** When we cease to transact such business in this state.

   **(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

   **(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

   **(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

   **(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

CA 02 65 02 96 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1308 of 1650

**B.** For all policies not described in paragraph **A.** above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

   **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If **we** cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

   **c.** When this policy is in effect for 90 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

     **(1)** Nonpayment of premium.

     **(2)** This policy was issued because of material misrepresentation.

     **(3)** Any "insured" violated any of the material terms and conditions of this policy.

     **(4)** Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

     **(5)** A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

     **(6)** A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

   **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

   **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

   **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

   **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1309 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

**SCHEDULE**

| Benefits | Limit |
|---|---|
| **A.** Medical Expenses | Up to $4,500 |
| **B.** Rehabilitation Expenses | Up to $4,500 |
| **C.** Work Loss | $900 per month maximum, up to 1 year maximum |
| **D.** Essential Service Expenses | Up to $25 per day, up to 365 days maximum |
| **E.** Funeral Expenses | Up to $2,000 per person |
| **F.** Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |
| *  Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death. | |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1310 of 1650

## A. Coverage

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. **Medical Expenses.** All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. **Rehabilitation Expenses.** All reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. **Work Loss.** Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. **Essential Service Expenses.** Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

6. **Survivor's Loss.** Total allowances to all "survivors" for:

   a. Loss after an "insured's" death of his or her "monthly earnings", and

   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

## B. Who Is An Insured

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

## C. Exclusions

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:

   a. Causes such "bodily injury" to him or herself intentionally.

   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,

   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or

   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1311 of 1650

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

   No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any such action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in our name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1312 of 1650

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverage shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" outside the state of Kansas, who is not a "named insured" under a separate policy. |

5. The **Policy Period, Coverage Territory Condition** is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:

**PAYMENT OF BENEFITS**

Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.

**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**

As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sustained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1313 of 1650

**b.** One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

**c.** With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

**3.** "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

**4.** "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

**5.** "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

**6.** "Occupying" means in or upon or entering into or alighting from.

**7.** "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1314 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

 © ISO Properties, Inc., 2001 ☐

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1315 of 1650

2. As used in this endorsement:

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material", "Special nuclear material" or "by-product material".

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2001

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1316 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM.
GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

A.  Item (6) is replaced by the following:

    (6)  All interest on the lesser of:

        (a)  the full amount of any judgment; or

        (b)  the applicable limit of insurance

    that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.  The following is added:

    (7)  Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

**CAM 6076 11 04**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

    (a)    you or any other person or organization qualifying as a Named Insured under this policy; or

    (b)    any business in which any Named Insured:

        (i)    has an interest in 25% or more of the outstanding voting stock or of the total stock; or

        (ii)    is a **Related Company**; or

        (iii)    is a partner; or

    (c)    any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

    (d)    any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury, property damage, personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

    (e)    the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1320 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

## B. Owned Autos You Acquire After The Policy Begins

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

## C. Certain Trailers And Temporary Substitute Autos

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

## SECTION II – LIABILITY COVERAGE

## A. Coverage

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "accident" occurs in the coverage territory;

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1321 of 1650

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1322 of 1650

**(d)** Your customers. However, if a customer of yours:

  **(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

  **(ii)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

**(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

**(1)** You.

**(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

## 4. Coverage Extensions

### a. Supplementary Payments

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

### b. Out-Of-State Coverage Extensions

While a covered "auto" is away from the state where it is licensed we will:

**(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

## B. Exclusions

This insurance does not apply to any of the following:

### 1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005 CA 00 05 03 06 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1323 of 1650

2. **Contractual**

   Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

   **a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

   **b.** That the "insured" would have in the absence of the contract or agreement.

3. **Workers' Compensation**

   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4. **Employee Indemnification And Employer's Liability**

   "Bodily injury" to:

   **a.** An "employee" of the "insured" arising out of and in the course of:

   **(1)** Employment by the "insured"; or

   **(2)** Performing the duties related to the conduct of the "insured's" business; or

   **b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

   **c.** A person arising out of any:

   **(1)** Refusal to employ that person;

   **(2)** Termination of that person's employment; or

   **(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

   **d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1), (2)** or **(3)** above are directed.

   This exclusion applies:

   **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

   **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

5. **Fellow Employee**

   "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

6. **Care, Custody Or Control**

   "Property damage" to or "covered pollution cost or expense" involving:

   **a.** Property owned, rented or occupied by the "insured";

   **b.** Property loaned to the "insured";

   **c.** Property held for sale or being transported by the "insured"; or

   **d.** Property in the "insured's" care, custody or control.

   But this exclusion does not apply to liability assumed under a sidetrack agreement.

7. **Leased Autos**

   Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

8. **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

   **a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   **(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

   **(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1324 of 1650

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

    **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

    **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

    **(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

    **(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

    **(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1325 of 1650

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

 © ISO Properties, Inc., 2005 ☐

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

CA 00 05 03 06

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1328 of 1650

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV – PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06 □

**3. Coverage Extension – Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**a.** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**b.** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**c.** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

**(1)** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

**(2)** An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1330 of 1650

### 3. False Pretense

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

### 4. We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

### 5. We will not pay for "loss" to a covered "auto" due to "diminution in value".

### 6. Other Exclusions

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

## C. Limits Of Insurance

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

### 4. The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

## D. Deductible

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06

## SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

#### 1. Appraisal For Physical Damage Loss

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

#### 2. Duties In The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

#### 3. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

#### 4. Loss Payment – Physical Damage Coverages

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

#### 5. Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1332 of 1650

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own.

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1333 of 1650

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1334 of 1650

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement; or

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1335 of 1650

**N.** "Products" includes:

    **1.** The goods or products you made or sold in a garage business; and

    **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage"; or

    **2.** A "covered pollution cost or expense",

    to which this insurance applies, are claimed.

    "Suit" includes:

        **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

        **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

    **1.** Work that someone performed on your behalf; and

    **2.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1336 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective: | Countersigned By: |
| Named Insured: | |
| | (Authorized Representative) |

**SCHEDULE**

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle", we will pay under this coverage only if **a.** or **b.** below applies:

    **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

    **b.** A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" and we:

    **(1)** Have been given prompt written notice of such tentative settlement; and

    **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

    **a.** The Named Insured and any "family members".

© ISO Properties, Inc., 2004

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1337 of 1650

**b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

**1.** Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**3.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**4.** "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

**D. Limit Of Insurance**

**1.** Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

**a.** $25,000 for "bodily injury" to any one person caused by any one "accident", and

**b.** $50,000 for "bodily injury" to two or more persons caused by any one "accident".

This provision will not change our total limit of liability.

**2.** The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs **a., c.** and **d.** of that definition.

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

**4.** Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

**E. Changes In Conditions**

The conditions are changed for Uninsured Motorists Coverage as follows:

**1. Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

**a.** The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**b.** If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved, and

© ISO Properties, Inc., 2004

**CA 21 37 01 05**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1338 of 1650

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**c.** A person seeking Uninsured Motorists Coverage must also:

   **(1)** Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle"; and

   **(2)** Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

**3.** **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

**a.** If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**b.** We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs **a.**, **c.** and **d.** of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

**c.** Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph **b.** of the definition of "uninsured motor vehicle" if we:

   **(1)** Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

   **(2)** Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

   **(1)** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

   **(2)** We also have a right to recover the advance payment.

**4.** The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

**5.** The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

**6.** The following condition is added:

**ARBITRATION**

**a.** If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

**c.** Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

 © ISO Properties, Inc., 2004

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1339 of 1650

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004

CA 21 37 01 05

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1340 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1341 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

## A. Coverage

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

## B. Exclusions

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

## C. Limit Of Insurance

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

## D. Changes In Conditions

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1342 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective<br>4/21/2012 | Policy No.<br>KSA100112 |
|---|---|
| Named Insured<br>MILLER INVESTMENT GROUP, INC DBA AUTO NOW | Countersigned by |

(Authorized Representative)

### SCHEDULE

Locations and Operations Not Covered:

THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE RESULTING FROM THE OWNERSHIP, MAINTENANCE OR USE OF TOW TRUCKS, TANK TRUCKS, TANK TRAILERS AND HAULAWAYS WHETHER CONNECTED OR NOT CONNECTED TO NON-OWNED OR COVERED "AUTOS" YOU OWN, UNLESS SPECIFICALLY SCHEDULED UNDER THE AUTO SCHEDULE OF COVERED AUTOS.

*HAULAWAYS ARE DEFINED AS TRUCKS OR TRAILERS CAPABLE OF TRANSPORTING ONE OR MORE VEHICLES.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93          Copyright, Insurance Services Office, Inc., 1993

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

**(2)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1344 of 1650

# OAK RIVER INSURANCE COMPANY

## DRIVER AFFIDAVIT

The individual named in the Schedule below could have access to drive or operate an "auto" described in the policy or any other auto to which the terms of the policy extend. However, if the person named in the Schedule below drives or operates an auto described in the policy or any other "auto" to which the terms of the policy extend, this statement will constitute a request by the insured to cancel all automobile insurance policies in effect with Oak River Insurance Company.

### SCHEDULE

MIGUEL CANO

_____        _____
Signature of Individual Named in Schedule above.       Date


_____        _____
Insured's Signature                                          Date


_____        _____
Agent's Signature                                            Date


Return original to Home Office - one copy to the Insured - one copy retained by the Agent.

CAM 0009 01 94

# OAK RIVER INSURANCE COMPANY

## DRIVER AFFIDAVIT

The individual named in the Schedule below could have access to drive or operate an "auto" described in the policy or any other auto to which the terms of the policy extend. However, if the person named in the Schedule below drives or operates an auto described in the policy or any other "auto" to which the terms of the policy extend, this statement will constitute a request by the insured to cancel all automobile insurance policies in effect with Oak River Insurance Company.

**SCHEDULE**

KELLY JEAN MORRIS

_____     _____
Signature of Individual Named in Schedule above.     Date

_____     _____
Insured's Signature                                            Date

_____     _____
Agent's Signature                                              Date

Return original to Home Office - one copy to the Insured - one copy retained by the Agent.

CAM 0009 01 94

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

        BUSINESS AUTO COVERAGE FORM
        GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**HERITAGE PROPERTIES INC**
**9200 PARK BLVD 201**
**SEMINOLE, FL 33777**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

**SCHEDULE**

**Name of person or organization:**

**MIDWEST AUTO FINANCE**
**2917 W. 113TH ST.**
**LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3. "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations. This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto. "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured.  Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.   DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.   AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)   The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)   Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1.  An unlicensed driver;

2.  Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

    1.    The cost of replacing the damaged property with other property of like kind and quality;

    2.    The cost of repairing the damaged property by conventional means of body work;

    3.    The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

**USED CAR DEALERSHIP**

**Specified Location (If applicable):**

**INDEPENDENCE LOCATION**
**BELTON LOCATION**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

      GARAGE COVERAGE FORM.
      BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$    1000               each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

      GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

    C.     LIMIT OF INSURANCE AND DEDUCTIBLE

          1.     Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

**CCL 274 10 97**

# COMMON POLICY CONDITIONS

All Coverages included in this policy are subject to the following conditions:

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 10 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date at 12:01 a.m. unless another time is stated on the cancellation notice.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTIONS AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the condition we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

**EXHIBIT 4**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

## (Broad Form)

1.  The insurance does not apply:
    A.  Under any Liability Coverage, to "bodily injury" or "property damage":
        (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or
        (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.
    B.  Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.
    C.  Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material," if:
        (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom.
        (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an "insured"; or
        (3) The "bodily injury" or "property damage" arises out of the furnishings by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2.  As used in this endorsement:

    "Hazardous properties" include radioactive, toxic or explosive properties;

    "Nuclear material" means "source material," "Special nuclear material" or "by-product material";

    "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

    "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

    "Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

    "Nuclear facility" means:
    (a) Any "nuclear reactor";
    (b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";
    (c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;
    (d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

    and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

    "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

    "Property damage" includes all forms of radioactive contamination of property.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1359 of 1650

# BERKSHIRE HATHAWAY HOMESTATE
# INSURANCE COMPANY
## OMAHA, NEBRASKA
## GARAGE DECLARATIONS

CROSS REFERENCE NUMBER

**02 GHM 000449 - 01**

Med James, Inc.
8686 College Blvd
Overland Park, KS 66210

ITEM ONE NAMED INSURED & ADDRESS

**MILLER INVESTMENT GROUP, INC**
**DBA: AUTO NOW**
**2917 W 113TH ST**
**LEAWOOD, KS 66211**

FORM OF NAMED INSURED'S BUSINESS: Corporation

NAMED INSURED'S BUSINESS: USED AUTO SALES

POLICY PERIOD: Policy covers FROM 04/21/2013 12:01 AM TO 04/21/2014 12:01 A.M. Standard Time at the Named Insured's Address stated above.

## ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations."

| COVERAGES | | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT OF INSURANCE | | | PREMIUM |
|---|---|---|---|---|---|---|
| LIABILITY | | | EACH ACCIDENT GARAGE OPERATIONS | | AGGREGATE GARAGE OPERATIONS | |
| | | | "Auto" Only | Other than "Auto" Only | Other than "Auto" Only | |
| | | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | $ 9,121 |
| PERSONAL INJURY PROTECTION (P.I.P.) (or equivalent No-fault coverage) | | 25 | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS $ N/A Deductible | | | $ 529 |
| ADDED P.I.P. (or equivalent added No-fault coverage) | | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT | | | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Deductible FOR EACH ACCIDENT | | | $ |
| MEDICAL PAYMENTS | | 22 | $ 1,000 | | | $ 135 |
| UNINSURED MOTORISTS | | 22 | $ 100,000 CSL (BI Only) | | | $ 226 |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | | | $ | | | $ |
| GARAGE KEEPERS INSURANCE | COMPREHENSIVE COVERAGE | 30 | $ See M 5511 (08/2010) | | | $ 154 |
| | SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| | COLLISION COVERAGE | 30 | $ See M 5511 (08/2010) | | | $ 58 |
| PHYSICAL DAMAGE INSURANCE | COMPREHENSIVE COVERAGE | 22 | $ See M 5511 (08/2010) | See Supplementary Schedule for dealers' autos and autos held for sale by trailer dealers and non-dealers. | | $ 3,580 |
| | SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| | COLLISION COVERAGE | 22 | $ See M 5511 (08/2010) | | | $ 1,261 |

FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION

**See M-4572 (12/1994)**

| | |
|---|---|
| PREMIUM FOR ENDORSEMENTS | $ |
| ESTIMATED TOTAL PREMIUM | $ 15,064 |

ENTER SYMBOL 32 DESCRIPTION HERE:

POLICY SUBJECT TO A FULLY EARNED POLICYWRITING MINIMUM PREMIUM OF $ 0 IF CANCELLED BY THE INSURED.

The estimated total premium for this policy is based on the exposures you told us you would have when the policy began. We will compute your final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated total premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

THIS DECLARATIONS MUST BE COMPLETED BY THE ATTACHMENT OF A SUPPLEMENTARY SCHEDULE

Countersigned at _____ By _____

In Witness whereof, we have caused this policy to be executed and attested.

Secretary

Authorized Representative

President

M-5608 (02/2011)

Includes copyrighted material of Insurance Services Office, with its permission. Copyright, Insurance Services Office, 1986.

04/19/2013 16:43 6968AF4F-BC2E-42C8-9AB1-F37BC0D1DA48

Pre-booked 04/25/2013 Deb Darlington · *Processed AMPALEN 04/29/2013*

# SCHEDULE OF FORMS AND ENDORSEMENTS AT POLICY INCEPTION

POLICY #        02 GHM 000449 - 01

INSURED         MILLER INVESTMENT GROUP, INC

EFFECTIVE       04/21/2013 12:01 AM

| | | |
|---|---|---|
| M 4600a | 04/2003 | Commercial Policy Jacket |
| M 5608 | 02/2011 | Garage Coverage Declarations |
| M 4572 | 12/1984 | Schedule of Forms and Endorsements at Policy Inception |
| M 5511 | 08/2010 | Garage-Auto Dealers Supplementary Schedule |
| CA 2214 | 10/1997 | Kansas Personal Injury Protection |
| CA 0005 | 03/2006 | Garage Coverage Form |
| CA 9903 | 03/2006 | Auto Medical Payments Coverage |
| CA 2137 | 01/2005 | Kansas Uninsured Motorists Coverage |
| M 5057 | 08/2001 | Garagekeepers Coverage - Definition of "Customer's Auto" |
| CA 0448 | 12/2010 | Kansas Commercial Auto Changes |
| CA 0122 | 05/2006 | Kansas Changes |
| CA 0265 | 02/1996 | Kansas Changes - Cancellation and Nonrenewal |
| M 5479 | 04/2010 | Towing and Storing Costs |
| M 4018a | 08/1991 | Garagekeepers Coverage Towing Exclusion |
| M 5623 | 04/2011 | Application of Policy - Financial Responsibility |
| M 3795 | 03/1987 | Punitive Damage Exclusion Duty to Defend Amendment |
| CA 2505 | 03/2006 | Garage Locations and Operations Medical Payments Coverage |
| CA 2516 | 10/2001 | Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| M 4166c | 11/2008 | Physical Damage Insurance - Dealers Limitation Endorsement |
| M 4628b | 10/2006 | Automobile Transporter, Tank Truck, or Tank Trailer Exclusion |
| M 4629 | 11/1995 | Limitation Endorsement (Dealers) Drive-Away Operations |
| M 5529 | 10/2010 | Exclusion - No Maximum Deductible for Hail |
| M 5150b | 12/2007 | Terrorism Risk Insurance Endorsement |

Form Version 041001

04/19/2013 16:43 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

M-4572 (12/94)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1361 of 1650

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
## Locations

**ITEM THREE – LOCATIONS**
Locations where you conduct "garage operations". The main business location is stated as location Number 1.
See the LOCATION AND LIABILITY SCHEDULE below.

**ITEM FOUR – LIABILITY COVERAGE PREMIUMS – DEFINITIONS**
    **Class I – Employees**
- **Regular Operator:** Proprietors, partners and officers active in the "garage operations",
  salespersons, general managers, service managers; any employee whose principal duty involves
  the operation of covered "autos" or who is furnished a covered "auto".
- **All Others:** All other employees.
- **NOTE:**
  1. Part-time employees working an average of 20 hours or more a week for the number of weeks
     worked are to be counted as 1 rating unit each.
  2. Part-time employees working an average of less than 20 hours a week for the number of weeks
     worked are to be counted as 1/2 rating unit each.

    **Class II – Non-Employees:** Any of the following persons who are regularly furnished with a covered "auto":
inactive proprietors, partners or officers and their relatives and the relatives of any person described
in Class I.

**ITEM FIVE – LIABILITY COVERAGE FOR YOUR CUSTOMERS**
In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY COVERAGE,
Liability coverage for your customers is limited unless indicated below by "☒".

    ☒    If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II — LIABILITY
        COVERAGE does not apply.

### LOCATION AND LIABILITY SCHEDULE

| Loc # | Location (Street Address / City, State, Zip) | Class I – Employees Rating Units | Class II — Non-employees Rating Units | Total Rating Units | * Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|
| 1 | 1404 SANTE FE OLATHE, KS 66061 | 7.60 | | 7.60 | 9,121 | 529 | |
| | TOTAL PREMIUMS | | | | 9,121 | 529 | |

* Minimum Annual Liability Premium Equal to 2 Rating Units Per Location.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1362 of 1650

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Garagekeepers Insurance

**ITEM SIX - GARAGEKEEPERS INSURANCE – COVERAGE AND PREMIUMS**

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the direct coverage options is indicated below by "☒".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers your or any other "insured's" interest or the interest of the covered "auto's" owner.

☒ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

☒ **MAXIMUM DEDUCTIBLE**

If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ _____ 12,500 _____ ,

| Loc # | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) | | Premium |
|---|---|---|---|---|
| 1 | Specified Causes of Loss | $ MINUS $ | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| | Comprehensive | $ 25,000 MINUS $ | 2,500 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 154 |
| | Collision | $ 25,000 MINUS $ | 2,500 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ 58 |
| | | | TOTAL PREMIUM | $ 212 |

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Physical Damage

**ITEM SEVEN – PHYSICAL DAMAGE COVERAGE – TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS – PREMIUMS – REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages which is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below "☒".

| Coverages | Types of "Autos" | | Interests Covered | | | |
|---|---|---|---|---|---|---|
| | New "autos" | Used "autos", demonstrators and service vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ |

| Loc # | Coverages | Limit of Insurance For Each Location | | | | Rates | Premium |
|---|---|---|---|---|---|---|---|
| 1 | Spec. | $ MINUS $ | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ |
| | Comp. | $ 180,000 MINUS $ 2,500 | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | | $ 3,580 |
| All | Collision | $ 180,000 MINUS $ 2,500 | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | Adjustment Factor | |
| | | BLANKET ANNUAL COLLISION RATES | | | | | |
| | | FIRST $50,000 | $50,001 to $100,000 | Over $100,000 | | | |
| | | 1.96 | 0.97 | 0.49 | | | $ 1,261 |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.

$ 27,000 Additional Locations where you store covered "autos" $ 27,000 In transit

**TOTAL PREMIUM** $ 4,841

☒ **MAXIMUM DEDUCTIBLE**
If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ ___12,500___.

**PREMIUM BASIS – Reporting (Quarterly or Monthly) or Nonreporting (Indicate Basis Agreed Upon by " ☒ ").**

☐ **REPORTING BASIS (Quarterly or Monthly as indicated below by "☒ ").**
You must report to us on our form the locations of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1 you must include the total value of all covered autos you have furnished or made available to yourself, your executives, your employees or family members and other Class II – Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.
**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY** – You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the values for the last business day of every third month coming within the policy period.

☐ **MONTHLY** – You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**LOSS PAYEES** — Any loss is payable as interest may appear to you and:

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1364 of 1650

# GARAGE — AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Additional Information

## ITEM EIGHT — MEDICAL PAYMENTS COVERAGE
Refer to ITEM NINE for covered "autos" insured on a specified car basis.

| Coverage | Premium Determination | | Premium |
|---|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals                %  | | $ |
| Premises and Operations Medical Payments (Does not apply to "bodily injury" caused by any "auto") | Premises and Operations Medical Payments Premium equals            % | of the Liability Premium | $ |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals **1.48 %** | | $          135 |

## ITEM NINE – SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS

Refer to the SCHEDULE OF COVERED AUTOS for specified "autos". Refer to the Schedule below for "autos" furnished to someone other than a Class I or Class II Operator.

| Auto # | Person or Organization to which the Covered "auto" has been furnished (Do not include Covered "autos" which have been furnished to Class I or Class II operators). |
|---|---|
|  |  |

## ITEM TEN — UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE — PREMIUMS

|  | Premium |
|---|---|
| Uninsured Motorist Coverage | $          See M 5608 (02/2011) |
| Underinsured Motorist Coverage | $ |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1365 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS PERSONAL INJURY PROTECTION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

We agree with you, subject to all of the provisions of this endorsement and to all of the provisions of the policy except as
modified herein, as follows:

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| **04/21/2013 12:01 AM** | |
| Named Insured: | |
| **MILLER INVESTMENT GROUP, INC** | (Authorized Representative) |

**SCHEDULE**

| Benefits | Limit |
|---|---|
| A. Medical | Up to $4,500 |
| B. Rehabilitation | Up to $4,500 |
| C. Work Loss | $900 per month maximum, up to 1 year maximum |
| D. Essential Service | Up to $25 per day, up to 365 days maximum |
| E. Funeral | Up to $2,000 per person |
| F. Survivor's Loss | $900 per month maximum and $25 per day essential service expenses, both up to 365 days maximum * |

\* Survivors loss shall be paid for a period not to exceed 1 year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1366 of 1650

**A. Coverage**

We will pay Personal Injury Protection benefits in accordance with the Kansas Automobile Injury Reparations Act to or for an "insured" who sustains "bodily injury" caused by an "accident" arising out of the ownership, operation, maintenance or use of a "motor vehicle". Subject to the limits shown in the Schedule, these Personal Injury Protection benefits consist of the following:

1. Medical Expenses. All reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing services, necessary health care rendered by licensed psychologists and also includes services recognized and permitted under the laws of Kansas for an "insured" who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs.

2. Rehabilitation Expenses. All reasonable expenses incurred for necessary phychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the "insured" to obtain suitable employment.

3. Work Loss. Loss during the "insured's" lifetime of "monthly earnings" due to such person's inability to engage in available and appropriate gainful activity, provided the "bodily injury" sustained is the proximate cause of such liability.

4. Essential Service Expenses. Appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in lieu of those that, but for the "bodily injury", the "insured" would have performed for the benefit of such person or such person's family.

5. Funeral Expenses. Funeral, burial or cremation expenses incurred.

6. Survivor's Loss. Total allowances to all "survivors" for:
   a. Loss after an "insured's" death of his or her "monthly earnings", and
   b. Essential service expenses incurred after the "insured's" death, reduced by the amount of any expenses of the survivors which have been avoided by reason of the "insured's" death.

**B. Who Is An Insured**

1. You if you sustain "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

2. If you are an individual, any "family member" if the "family member" sustains "bodily injury" while "occupying" or as a pedestrian through direct physical contact with any "motor vehicle".

3. Any other person who sustains "bodily injury" while "occupying" the "insured motor vehicle" or as a pedestrian through direct physical contact with the "insured motor vehicle" while not "occupying" any "motor vehicle".

**C. Exclusions**

We will not pay Personal Injury Protection benefits for "bodily injury":

1. Sustained by you or any "family member" while "occupying" any "motor vehicle" owned by you which is not a covered "auto".

2. Sustained by any person operating the covered "auto" without your express or implied consent.

3. Sustained by any person if such person:
   a. Causes such "bodily injury" to him or herself intentionally,
   b. Is an intentional converter of a "motor vehicle" at the time such "bodily injury" is sustained,
   c. Is injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining "motor vehicles" unless such conduct occurred off the business premises, or
   d. Is injured as a result of conduct in the course of loading or unloading a "motor vehicle" unless the conduct occurred while "occupying" such "motor vehicle".

4. Sustained by any person other than you if such person is the owner of a "motor vehicle" with respect to which security is required under the Kansas Automobile Injury Reparations Act.

5. Sustained by any person, other than you, injured while "occupying" or when struck by any "motor vehicle" other than a covered "auto", with respect to which the security required by the Kansas Automobile Injury Reparations Act is in effect.

6. Sustained by any person other than you or any "family member" not a resident of Kansas while not "occupying" the covered "auto".

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97    □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1367 of 1650

**D. Limit Of Insurance**

Regardless of the number of "insureds", policies or bonds applicable, claims made, premiums paid or covered "autos" to which this coverage applies, the most we will pay for personal injury protection benefits for "bodily injury" sustained by any one person in any one "motor vehicle accident" is limited as follows:

1. Medical Expenses shall not include rehabilitation expenses. The maximum amount payable shall not exceed $4,500;

2. Rehabilitation Expenses shall not include medical expenses. The maximum amount payable shall not exceed $4,500;

3. Work Loss shall not exceed:

   a. $900 per month for a period of no more than one year after the date the "insured" first becomes unable to engage in available and appropriate gainful activity, and

   b. Shall be limited to 85% of any such work loss unless such amount payable is deemed includable in gross income for federal income tax purposes;

4. Essential Service Expenses incurred during the lifetime of the "insured" shall not exceed $25 per day for a period not to exceed three hundred sixty-five days after the date such expenses are first incurred;

5. Funeral Expenses shall not exceed $2,000;

6. Survivor's Loss shall not exceed $900 per month for the loss of "monthly earnings" of the "insured" and shall not exceed $25 per day for essential service expenses. All survivor's loss shall be paid for a period not to exceed one year after the "insured's" death, less the number of months the "insured" received work loss prior to his or her death.

7. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such "bodily injury" under any workers' compensation law.

**E. Changes In Conditions**

The Conditions are changed for Personal Injury Protection as follows:

1. **Duties In The Event Of Accident, Claim, Suit Or Loss** is amended by the addition of the following:

   a. If an "insured" or such person's legal representative or "survivors" institute legal action to recover damages for "bodily injury", such person must as soon as practicable give us a copy of the summons and complaint or other process served in connection with the legal action.

   b. The "insured" or someone on such person's behalf must as soon as practicable give us written proof of claim, including:

      (1) Full particulars of the nature and extent of the "bodily injury", treatment and rehabilitation received and contemplated; and

      (2) Such other information that will help us determine the amount due and payable.

   No claim for personal injury protection benefits shall be made after two years from the date of the "bodily injury".

2. **Transfer Of Rights Of Recovery Against Others To Us** is replaced by the following:

   a. In the event of recovery by the "insured", such person's dependents or personal representatives by judgment, settlement or otherwise against the party causing "bodily injury" pursuant to K.S.A. Supp. 40-3117, the "insured's" rights shall be transferred to us to the extent of duplicative personal injury protection benefits provided to date of such recovery. We shall have a lien against such recovery and may intervene in any action to protect and enforce such lien. The amount of any judgment in any action, settlement or recovery otherwise recovered by the "insured", such person's dependents or personal representatives prior to the completion of personal injury protection benefits, otherwise actually paid and recovered which is in excess of the amount of personal injury protection benefits paid to the date of recovery of such judgment, settlement or recovery otherwise shall be credited against future payments of said personal injury protection benefits.

   b. In the event an "insured", such person's dependents or personal representative fails to commence an action against the party causing the "bodily injury" within eighteen months after the date of the "accident" that resulted in injury, such failure shall operate as an assignment to us of any cause of action which the "insured", the dependents or personal representatives of such person may have against the party causing "bodily injury" for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. We may enforce the action in or name or that of the "insured", representatives or dependents of the "insured" for their benefit as their interest may appear by proper action in any court of competent jurisdiction.

Copyright, Insurance Services Office, Inc., 1997

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1368 of 1650

c. In the event of recovery pursuant to K.S.A. 60-258a, and amendments thereto, any rights transferred to us shall be reduced by the percentage of negligence attributable to the "insured".

d. Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the "insured", such person's dependents or personal representatives and us in the amounts determined by the court.

3. **Concealment, Misrepresentation Or Fraud** does not apply.

4. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance - Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one "insured", the maximum recovery under all applicable policies will not exceed the amount payable under the policy with the highest dollar limits of benefits. Personal injury protection coverages shall be provided in accordance with the following order of priorities, under the policy providing the security required by the Kansas Automobile Injury Reparations Act to:

| First | Any "motor vehicle" owned by the "insured"; |
|---|---|
| Second | The "motor vehicle" the "insured" was "occupying" or struck by at the time of the "accident"; or |
| Third | The covered "auto", for injury sustained by a "family member" while "occupying" or when struck by any "motor vehicle" |

5. The **Policy Period, Coverage Territory** Condition is replaced by the following:

This coverage part applies only to "accidents" which occur during the policy period:

a. In the state of Kansas, and

b. With respect to the "named insured" or "family member", while "occupying" or when struck by any "motor vehicle", outside the state of Kansas but within the United States of America, its territories or possessions, or Canada.

6. The following conditions are added:
**PAYMENT OF BENEFITS**
Personal injury protection benefits payable under this coverage form shall be overdue if not paid within thirty days after we are furnished written notice of the fact of a covered "loss" and the amount of the covered "loss". Work loss that is payable under this coverage form shall be paid not less than every two weeks after such notice. If such written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty days after such written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within thirty days after such written notice is furnished to us. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per year.
**COORDINATION AND NON-DUPLICATION**

a. Any "auto" medical payments coverage provided under this coverage part shall be excess insurance over any personal injury protection benefits paid or payable under this or any other "auto" insurance policy because of "bodily injury" sustained by an "insured".

b. In the event that there is a conflict between the provisions of this endorsement and the provisions of the coverage form to which it is attached, the provisions of the coverage form are superseded by the provisions of this endorsement.

c. Terms of this coverage form which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

F. **Additional Definitions**
As used in this endorsement:

1. "Insured motor vehicle" means a "motor vehicle" of which the "named insured" is the owner and with respect to which:

a. The "bodily injury" liability coverage of the policy applies and for which a specific premium is charged; and

b. The "named insured" is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act.

2. "Monthly earnings" means:

a. One-twelfth of the annual earnings, at the time the "bodily injury" was sutained, of an "insured" who is regularly employed or regularly self-employed; or

Copyright, Insurance Services Office, Inc., 1997

CA 22 14 10 97 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1369 of 1650

b. One-twelfth of the anticipated annual earnings of an "insured" who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed "insured" who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed five years preceding the year of such person's "bodily injury", during which such person was employed; or

c. With respect to Survivor's Loss in the event of death of an "insured" who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such "insured's" death, one-twelfth of the annual amount of the difference between the annual amount of social security benefits or retirement benefits, or both, which the "insured" was receiving at the time of such person's death and the annual amount of social security benefits or retirement benefits, or both, that the survivor is receiving after the time of such "insured's" death.

3. "Motor vehicle" means a self-propelled vehicle of a kind required to be registered in the state of Kansas including any trailer, semi-trailer, or pole trailer designed for use with such a vehicle; but shall not include a motorized bicycle.

4. "Named insured" means the individual named in the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

5. "Family member" means a person related to you by blood, marriage or adoption, including a ward or foster child, who is a resident of your household, whether or not temporarily residing elsewhere.

6. "Occupying" means in or upon or entering into or alighting from.

7. "Survivor" means a deceased "insured's" spouse, or child under the age of eighteen years, where such person's death resulted from a "bodily injury".

Copyright, Insurance Services Office, Inc., 1997

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1370 of 1650

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI - Definitions.

**SECTION I - COVERED AUTOS**
Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

| Symbol | | Description Of Covered Auto Designation Symbols |
|--------|--------|---------|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1371 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols 21, 22, 23, 24, 25, or 26 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol 27 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "accident" occurs in the coverage territory;

   (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1372 of 1650

(3) Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

2. "Garage Operations" - Covered "Autos"

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance - "Garage Operations" - Covered "Autos" has been exhausted by payment of judgments or settlements.

3. Who Is An Insured

a. The following are "insureds" for covered "autos":

(1) You for any covered "auto".

(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(a) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

(b) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1373 of 1650

(d) Your customers. However, if a customer of yours:

  (i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

  (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

  **a. Supplementary Payments**

  We will pay for the "insured":

  (1) All expenses we incur.

  (2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1374 of 1650

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

b. That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

c. A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

d. The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph (1), (2) or (3) above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

a. Property owned, rented or occupied by the "insured";

b. Property loaned to the "insured";

c. Property held for sale or being transported by the "insured"; or

d. Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

a. "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned by or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1375 of 1650

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

   **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

   **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs a.(1) and a.(3)(b) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph a.(1) does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph a.(3)(b) does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

   **(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

   **(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   **a.** That are, or that are contained in any property that is:

      **(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

      **(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

      **(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

   **b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

   **c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1376 of 1650

Paragraphs b. and c. above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

b. A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.**, does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1377 of 1650

## C. Limit Of Insurance

**1. Aggregate Limit Of Insurance - "Garage Operations" - Other Than Covered "Autos"**

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance - "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

**2. Limit Of Insurance - "Garage Operations" - Covered "Autos"**

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1378 of 1650

## SECTION III - GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   a. You..

   b. Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   a. All expenses we incur.

   b. The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   c. All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   e. All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   a. Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   b. Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK  Document 1-2  Filed 03/28/17  Page 1379 of 1650

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV - PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage
From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage
Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage
Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage - Hitting A Bird Or Animal - Falling Objects Or Missiles
If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.
However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

CA 00 05 03 06    □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1380 of 1650

3. **Coverage Extension - Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

a. **Nuclear Hazard**

(1) The explosion of any weapon employing atomic fission or fusion; or

(2) Nuclear reaction or radiation, or radioactive contamination, however caused.

b. **War Or Military Action**

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

f. Any accessories used with the electronic equipment described in Paragraph e. above.

Exclusions 2.e. and 2.f. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

(1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

(2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1381 of 1650

3. **False Pretense**

   We will not pay for "loss" to a covered "auto" caused by or resulting from:
   a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or
   b. Your acquiring an "auto" from a seller who did not have legal title.
4. We will not pay for:
   a. Your expected profit, including loss of market value or resale value.
   b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.
   c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.
   d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.
5. We will not pay for "loss" to a covered "auto" due to "diminution in value".
6. **Other Exclusions**

   We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:
   a. Wear and tear, freezing, mechanical or electrical breakdown; or
   b. Blowouts, punctures or other road damage to tires.

C. **Limits Of Insurance**
1. The most we will pay for "loss" to any one covered "auto" is the lesser of:
   a. The actual cash value of the damaged or stolen property as of the time of "loss"; or
   b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.
2. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".
3. If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

4. The following provisions also apply:
   a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.
   b. **Quarterly Or Monthly Reporting Premium Basis**

      If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report. If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.
   c. **Non-Reporting Premium Basis**

      If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

D. **Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:
1. The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:
   a. Theft or mischief or vandalism; or
   b. All perils.
2. Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:
   a. Theft or mischief or vandalism; or
   b. All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1382 of 1650

# SECTION V - GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

## A. Loss Conditions

### 1. Appraisal For Physical Damage Loss

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

### 2. Duties in The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

### 3. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

### 4. Loss Payment - Physical Damage Coverages

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

### 5. Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1383 of 1650

## B. General Conditions

1. **Bankruptcy**

   Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

2. **Concealment, Misrepresentation Or Fraud**

   This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

   a. This Coverage Form;

   b. The covered "auto";

   c. Your interest in the covered "auto"; or

   d. A claim under this Coverage Form.

3. **Liberalization**

   If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

4. **No Benefit To Bailee - Physical Damage Coverages**

   We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

5. **Other Insurance**

   a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

      (1) Excess while it is connected to a motor vehicle you do not own.

      (2) Primary while it is connected to a covered "auto" you own.

   b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

   c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

   d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

6. **Premium Audit**

   a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

   b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

7. **Policy Period, Coverage Territory**

   Under this Coverage Form, we cover:

   a. "Bodily injury", "property damage" and "losses" occurring; and

   b. "Covered pollution cost or expense" arising out of "accidents" occurring

   during the policy period shown in the Declarations and within the coverage territory.

   The coverage territory is:

   a. The United States of America;

   b. The territories and possessions of the United States of America;

   c. Puerto Rico;

   d. Canada; and

   e. Anywhere in the world if:

      (1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1384 of 1650

(2) The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI - DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

1. Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

2. Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

(1) Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

(2) Otherwise in the course of transit by or on behalf of the "insured";

(3) Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph a. above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs b. and c. above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1385 of 1650

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:
1. A lease of premises;
2. A sidetrack agreement;
3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;
6. An elevator maintenance agreement; or

7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:
1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
   **a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or
   **b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.
2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.
3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.
4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.
5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1386 of 1650

**N.** "Products" includes:

    **1.** The goods or products you made or sold in a garage business; and

    **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage"; or

    **2.** A "covered pollution cost or expense", to which this insurance applies, are claimed. "Suit" includes:

        **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

        **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

    **1.** Work that someone performed on your behalf; and

    **2.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1387 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".
2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.
2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.
3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".
4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.
5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.
6. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC9D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1388 of 1650

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

**D. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance - Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1389 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS UNINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM
    GARAGE COVERAGE FORM
    MOTOR CARRIER COVERAGE FORM
    TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| **04/21/2013 12:01 AM** | |
| Named Insured: | |
| **MILLER INVESTMENT GROUP, INC** | (Authorized Representative) |

### SCHEDULE

| LIMIT OF INSURANCE | |
|---|---|
| $  **See M 5608 (02/2011)** | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. With respect to damages resulting from an "accident" with a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle", we will pay under this coverage only if a. or b. below applies:

   a. The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   b. A tentative settlement has been made between an "insured" and the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" and we:

      (1) Have been given prompt written notice of such tentative settlement; and

      (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1390 of 1650

b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. Any claim settled or judgment reached without our consent if the settlement or judgment prejudices our right to recover payment. However, this exclusion does not apply to a settlement made with the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle".

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. "Bodily injury" sustained by an "insured" while "occupying" or when struck by any motor vehicle that is owned by or provided for the regular use of that "insured" for which the security required by Kansas law is not in effect.

## D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident", is the limit of Uninsured Motorists Insurance shown in the Schedule or Declarations. We will apply the limit shown in the Schedule or Declarations to first provide the separate limits required by Kansas law as follows:

a. $25,000 for "bodily injury" to any one person caused by any one "accident", and

b. $50,000 for "bodily injury" to two or more persons caused by any one "accident". This provision will not change our total limit of liability.

2. The limit for damages resulting from "bodily injury" caused by a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" applies separately from the limit for a vehicle described in Paragraphs a., c. and d. of that definition.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage Form, Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

   We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

   We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

4. Any amount paid under this insurance will reduce any amount an "insured" may be paid under the Coverage Form's Liability Coverage.

## E. Changes In Conditions

The conditions are changed for Uninsured Motorists Coverage as follows:

1. Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance – Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms are changed by addition of the following:

a. The reference to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

b. If there is other applicable insurance available under one or more policies or provisions of coverage, the maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

2. Duties In The Event Of Accident, Claim, Suit Or Loss is changed by adding the following:

a. Promptly notify the police if a hit-and-run driver is involved, and

© ISO Properties, Inc., 2004

CA 21 37 01 05 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1391 of 1650

b. Promptly send us copies of the legal papers if a "suit" is brought.

c. A person seeking Uninsured Motorists Coverage must also:

(1) Notify us in writing, by certified mail, of a tentative settlement between the "insured" and the insurer of a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle"; and

(2) Allow us 60 days after receipt of the written notice to advance payment to that "insured", in an amount equal to the tentative settlement, to preserve our rights against the insurer, owner or operator of such vehicle described in Paragraph b. of the definition of "uninsured motor vehicle".

Such written notice shall include written documentation of all damages incurred, copies of all medical bills and written authorization or a court order to obtain reports from all employers and medical providers.

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

a. If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

b. We do not have a right of recovery with respect to damages resulting from an "accident" with a vehicle described in Paragraphs a., c. and d. of the definition of "uninsured motor vehicle" to which a liability bond or policy applies at the time of the "accident", but the bonding or insuring company is or becomes insolvent.

c. Our rights do not apply under this provision with respect to damages caused by an "accident" with a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle" if we:

(1) Have been given written notice by certified mail of a tentative agreement between the "insured" and the insuring company of the owner or operator of the underinsured motor vehicle to settle for liability limits; and

(2) Fail to advance payments to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of the notice.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 60 days after receipt of notification:

(1) That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Uninsured Motorists Coverage; and

(2) We also have a right to recover the advance payment.

4. The **Two Or More Coverage Forms Or Policies Issued By Us** General Condition does not apply.

5. The **Concealment, Misrepresentation Or Fraud** General Condition does not apply.

6. The following condition is added:

**ARBITRATION**

a. If, after a claim has been made, a dispute arises because we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the parties may agree to arbitration. **One party cannot force the other party into arbitration.** However, disputes concerning coverage under this endorsement may not be arbitrated. If the parties agree to arbitration, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. Any decision agreed to by the arbitrators will not be binding.

c. Once arbitration is agreed to by both parties, either party has the right to bring arbitration under K.S.A. Sections 5-201 – 5-213 inclusive, in lieu of the arbitration procedure provided in this condition.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1392 of 1650

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":

   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by Kansas law, or

   b. That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehicle or "trailer" for which the sum of all liability bonds or policies at the time of an "accident" provides at least the amounts required by Kansas law, but their limits are less than the limit of this insurance, or

   c. For which an insuring or bonding company denies coverage or is or becomes insolvent, or

   d. For which neither the driver nor owner can be identified. The vehicle must either:

      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying", provided the facts of the "accident" can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such "accident".

However, "uninsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b. Owned by a governmental unit or agency.

c. Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2004

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1393 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## GARAGEKEEPERS COVERAGE – DEFINITION OF "CUSTOMER'S AUTO"

This endorsement modifies insurance provided under the following:

    GARAGE COVERAGE FORM

**Section VI – Definitions, Paragraph E.** is changed to read as follows:

    E.    "Customer's auto" means a land motor vehicle, "trailer" or semitrailer while left with you for service, repair, storage or safekeeping. Customers include:
            a.  your "employees" and
            b.  members of their households,
    while you are providing them service, repair, storage or safekeeping for which you are paid.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5057 (8/2001)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**

1. For coverage and limits required by the Kansas Financial Responsibility law, **Exclusions** is changed as follows:

   a. The **Workers' Compensation** Exclusion is replaced by the following:

   Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or any similar law.

   b. The **Employee Indemnification And Employers' Liability** Exclusion is replaced by the following:

   This coverage does not apply to "bodily injury" to any "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment by the "insured" or while performing duties related to the conduct of the "insured's" business if benefits are required or available for the "employee" under any workers' compensation or disability benefits law or under any similar law. This exclusion does not apply to liability assumed by the "insured" under an "insured contract".

   c. The **Care, Custody Or Control** Exclusion is replaced by the following:

   This coverage does not apply to "property damage" to property owned by, rented to, or in charge of or transported by an "insured". However, this exclusion does not apply to "property damage" to a rented residence or private garage or to liability assumed by the "insured" under a sidetrack agreement.

   d. The following is added to the War Exclusion:

   This Exclusion applies only to the extent that the limit of insurance for this coverage in this policy exceeds the limit required by the Kansas Automobile Injury Reparations Act.

   e. The **Racing** Exclusion, if contained in the coverage form, does not apply.

   f. The exclusion relating to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants does not apply if the discharge, dispersal, release or escape is sudden and accidental.

2. Our Limit Of Insurance applies except that we will apply the limit shown in the Declarations to first provide the separate limits required by Kansas law as follows:

   a. $25,000 for "bodily injury" to any one person caused by any one "accident".

   b. $50,000 for "bodily injury" to two or more persons caused by any one "accident", and

   c. $10,000 for "property damage" caused by any one "accident".

   This provision will not change our limit of insurance.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1395 of 1650

**B. Changes In Physical Damage**

1. The "Diminution In Value" Exclusion does not apply.
2. The Limit of Insurance provision with respect to repair or replacement resulting in better than like kind or quality in any coverage form or endorsement does not apply.

**C. Changes In Conditions**

1. The **Concealment, Misrepresentation Or Fraud** General Condition is replaced by the following:

   We will not pay in any case of fraud by you at any time as it relates to this Coverage Form. We will also not pay if you or any other "insured", knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented, any written statement relating to an insurance application, rating, claim or coverage under this Coverage Form which such person:

   a. Knows to contain materially false information; or
   b. Conceals, for the purposes of misleading, information

   concerning any material fact.

2. The **Appraisal For Physical Damage Loss** Condition in the Business Auto, Garage, Truckers and Motor Carrier Coverage Forms and the Appraisal Condition in the Business Auto Physical Damage Coverage Form is replaced by the following:

   If, after a claim has been made, a dispute arises because you and we disagree on the amount of the "loss", either party may make a written request for an appraisal of the "loss". **However an appraisal will be made only if both you and we agree, voluntarily to have the loss appraised.** If so agreed, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. Each party will:

   a. Pay its chosen appraiser; and
   b. Bear the other expenses of the appraiser and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

   **An appraisal decision will be binding.**

© ISO Properties, Inc., 2005

CA 01 22 05 06   □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1396 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS COMMERCIAL AUTO
# COVERAGE CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Kansas, this endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Liability Coverage**
1. The paragraph within **Supplementary Payments** relating to court costs taxed against the "insured" is replaced by the following:
All costs taxed against the "insured" in any "suit" against the "insured" we defend.
2. For coverage and limits required by the Kansas Financial Responsibility law, the **Fellow Employee** Exclusion is replaced by the following:
"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.
3. If the following endorsements are attached, they do not apply and are replaced in their entirety by the provisions of paragraph **D.** of this endorsement.
   a. Lessor – Additional Insured And Loss Payee endorsement **CA 20 01**; or
   b. Hired Autos Specified As Covered Autos You Own endorsement **CA 99 16**.

**B. Changes In Definitions**
The following is added to **SECTION V - DEFINITIONS**:
All reference to the term "total loss" shall mean a motor vehicle required to be registered in this state that has been directly and accidentally wrecked or damaged to the extent that the total cost of repair is 75% or more of the fair market value, in accordance with KAN. STAT. ANN. § 8-197(b)(2).

**C.** If Repossessed Autos endorsement CA 20 19 is attached, Paragraph D.3. **Nonreporting Premium Basis** does not apply.

 © Insurance Services Office, Inc., 2010

04/19/2013 16:44 6858AF4F-BC2E-42C8-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1397 of 1650

**D. Kansas Additional Named Insured Provisions**

**SCHEDULE**

Name of Owner

1.
2.
3.

Described Owned Motor Vehicle

1.
2.
3.

(If no entry appears above, Information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

A. Any vehicle described in the Schedule will be considered a covered "auto" you own and not a covered "auto" you hire, borrow or lease under the coverage for which it is a covered "auto".

B. LIABILITY COVERAGE and Personal Injury Protection as prescribed in the Kansas Automobile Injury Reparations Act will apply to each owner named in the Schedule as an additional named insured but only while the motor vehicle described in the Schedule is being used by you or on your behalf.

C. The insurance will apply to the owner only while the described vehicle is leased to you.

© Insurance Services Office, Inc., 2010

CA 04 48 12 10    □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1398 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# KANSAS CHANGES – CANCELLATION
# AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. If you are an individual and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**
1. **Cancellation**
   a. You may cancel the policy by mailing or delivering to us advance written notice of cancellation.
   b. We may cancel this policy by mailing you notice of cancellation. If we cancel for non-payment of premium, we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days written notice.
   c. When this policy is in effect 60 days or more or is a renewal or continuation policy, we may cancel LIABILITY COVERAGE and PERSONAL INJURY PROTECTION only for one or more of the following reasons:
      (1) Nonpayment of premium.
      (2) Fraudulent misrepresentation in obtaining this policy.
      (3) The "insured" violates any terms or conditions of the policy.

(4) You or any other operator who either resides in the same household or customarily operates a covered "auto":
   (a) Has had his or her driver's license suspended or revoked during the policy period.
   (b) Is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate stating that he or she can operate a motor vehicle safely.
   (c) Has been convicted during the policy period or 36 months before it, for:
      (I) Any felony, or
      (II) Criminal negligence resulting in death, homicide or assault, arising from the operation of a motor vehicle, or
      (III) Driving a motor vehicle while intoxicated or under the influence of drugs, or
      (IV) Leaving the scene of an "accident" without stopping to report, or
      (V) Theft of a motor vehicle, or
      (VI) Making false statements when applying for a driver's license, or

04/19/2013 16:44 6858AF4F-BC2E-42C5-9AB1-F37BC0D1DA48

CA 02 65 02 96

Copyright, Insurance Services Office, Inc., 1995

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1399 of 1650

**(vii)** A third moving violation, committed within a period of 18 months of:

   **i.** Any regulation limiting the speed of motor vehicles, or

   **ii.** Any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor or traffic infraction, or

   **iii.** Any ordinance traffic infraction, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on highways, whether or not the violations were repetitions of the same offense or were different offenses.

**(5)** We replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

**d.** Renewal or continuation of this policy does not act as a waiver or estoppel of any reasons for cancellation which existed before the effective date of renewal or continuation.

**e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**f.** Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

**2. Nonrenewal**

   **a.** If we decide not to renew or continue this policy we will mail you written notice at least 30 days before the end of the policy period.

**b.** We may not renew or continue this policy only for one or more of the following reasons:

   **(1)** When we are required or have been permitted by the commissioner of insurance, in writing, to reduce premium volume in order to preserve our financial integrity.

   **(2)** When we cease to transact such business in this state.

   **(3)** When we are able to show competent medical evidence that the insured has a physical or mental disablement that impairs his or her ability to drive in a safe and reasonable manner.

   **(4)** When unfavorable underwriting factors, pertinent to the risk, are existent, and of a substantial nature, which could not have reasonably been ascertained by us at the initial issuance or the last renewal of the policy.

   **(5)** When the policy has been continuously in effect for a period of 5 years, provided that such 5 year period shall begin at the first anniversary date following the policy effective date.

   **(6)** When any of the reasons specified as reasons for cancellation are existent.

**c.** If we offer to renew or continue this policy and you do not accept, this policy will terminate at the end of the policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**d.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

We will mail any notice of cancellation or nonrenewal by certified or registered mail or United States post office certificate of mailing to your last mailing address known to us. Proof of mailing will be sufficient proof of notice.

Copyright, Insurance Services Office, Inc., 1995

CA 02 65 02 86  ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1400 of 1650

**B.** For all policies not described in paragraph A. above, the CANCELLATION Common Policy Condition does not apply. The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

    **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

    **b.** We may cancel this policy by mailing you written notice of cancellation, stating our reasons for cancellation. If we cancel for nonpayment of premium we will mail you at least 10 days notice. If we cancel for any other reason, we will mail you at least 30 days notice.

    **c.** When this policy is in effect for 60 days or more or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

        (1) Nonpayment of premium.

        (2) This policy was issued because of material misrepresentation.

        (3) Any "insured" violated any of the material terms and conditions of this policy.

        (4) Unfavorable underwriting factors, specific to the "insured", exist that were not present at the inception of this policy.

        (5) A determination by the insurance commissioner that continuation of coverage could place us in a hazardous financial condition or in violation of the laws of Kansas.

        (6) A determination by the insurance commissioner that we no longer have adequate reinsurance to meet our needs.

    **d.** The effective date of cancellation stated in the notice shall become the end of the policy period.

    **e.** If this policy is cancelled, we will send you any premium refund due. If we cancel, the refund will be pro rata. If you cancel, the refund may be less than pro rata. The cancellation will be effective even if we have not offered a refund.

**2. Nonrenewal**

    **a.** If we decide not to renew or continue this policy, we will mail you written notice at least 60 days before the end of the policy period stating the reasons for nonrenewal. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

    **b.** If we fail to mail proper notice and you obtain other insurance, this policy will end on the effective date of that insurance.

**3. Mailing of Notices**

Any notice of cancellation or nonrenewal will be mailed by certified or registered mail or United States post office certificate of mailing to the first named insured's last mailing address known to us. Proof of mailing of any notice will be sufficient proof of notice.

**4. Notice to Director of Vehicles**

If you are a Vehicle Dealer or Mobile Home Dealer, the following provision applies:

If the policy is cancelled, we will notify the Director of Vehicles 30 days before the effective date of cancellation.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1401 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# TOWING AND STORING COSTS

The following modifies the Coverage Extensions under Physical Damage Coverage:

In the event of a "loss" to a covered "auto" to which this policy's Physical Damage Coverage applies, we will pay the necessary and reasonable incurred cost of towing the covered "auto" to the nearest facility capable of making the necessary repairs or to another location if we agree upon that location prior to towing. We will also pay the necessary and reasonable incurred cost of storing the covered "auto" for the time required to adjust the claim, subject to a maximum time in storage of 30 days.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000448 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-8AB1-F37BC0D1DA48

# GARAGEKEEPERS COVERAGE
## TOWING EXCLUSION
### AMENDMENT OF **LIMIT OF INSURANCE AND DEDUCTIBLE**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION III – GARAGEKEEPERS COVERAGE**

B. **EXCLUSIONS** is changed by adding the following:

We will not pay for "loss" to any customer's "auto" while being transported behind or on any other "auto" (including being attached to or detached from any other "auto").

C. **LIMIT OF INSURANCE AND DEDUCTIBLE 1.** and **2.** are deleted and replaced by the following:

1. Regardless of the number of covered "autos," "insureds," premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** for that location minus the applicable deductible.

2. For each covered "auto" our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible for each "loss," as shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP, INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# APPLICATION OF POLICY - FINANCIAL RESPONSIBILITY

If a court reforms, rescinds, voids, or invalidates any provision or exclusion of this policy due to applicable state financial responsibility law, that provision or exclusion will be amended to apply only in excess of the statutorily required minimum limits of liability.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP, INC | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/18/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

# PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.

The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.

In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000449 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP, INC** | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-3795 (3/87)

04/18/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC9D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1405 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.
2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".
2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.
4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The Transfer Of Rights Of Recovery Against Others To Us Garage Condition does not apply.

04/18/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1406 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

   GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage is changed as follows:**

Exclusion 8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos" is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

   a. "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

   b. Any loss, cost or expense arising out of any:

   (1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

   (2) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

04/19/2013 16:44 0858AF4F-BC2E-42C6-9AB1-F37BC9D1DA48

© ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1407 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# PHYSICAL DAMAGE INSURANCE –
# DEALERS LIMITATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

SECTION IV - PHYSICAL DAMAGE COVERAGE is amended as follows:

B. **EXCLUSIONS** is amended by adding the following exclusion:
We will not pay for "loss" to any "consigned automobile".

C. **LIMITS OF INSURANCE** paragraphs 1. and 4.c. are deleted and replaced by the following:
1. The most we will pay for "loss" to any one covered "auto" not scheduled on the **SCHEDULE OF COVERED AUTOS** is the lesser of:
   a. The actual cash value of the damaged or stolen property as of the time of "loss"; or
   b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or
   c. $ ____30,000____ ($30,000 or the Dealer Open Lot Limit, whichever is less, if left blank).

4. c. Non-Reporting Premium Basis. When a "loss" occurs, we will establish the total value of your covered "autos".
   (1) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is 80% or more of the actual cash value of your covered "autos" at the location of the "loss", we will pay the full value of the "loss" up to the Limit of Insurance.
   (2) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is less than 80% of the total actual cash value of your covered "autos" at the location of the "loss", we will pay only a percentage share of the "loss", up to the Limit of Insurance. We will determine this percentage share by dividing the Limit of Insurance shown in the **SCHEDULE** for the location of the "loss" by the total actual cash value of your covered "autos" at the location of the "loss", and multiplying the resulting quotient by 1.25.

D. **DEDUCTIBLE** is deleted and replaced by the following:
1. For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible as shown in the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** or **SCHEDULE OF COVERED AUTOS**.
2. Deductibles apply for each covered "auto", for each "loss".

SECTION VI - DEFINITIONS is changed by adding the following:

"Consigned Automobile" means an "auto" held by you for sale, but does not include:
(1) An "auto" owned by you, or
(2) An "auto" on which your creditor has placed a lien.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance | 02 GHM 000449 - 01 |
| | **Endorsement Effective** |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C5-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1408 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTOMOBILE TRANSPORTER, TOW TRUCK, TANK TRUCK OR TANK TRAILER EXCLUSION

This endorsement modifies all coverages provided under this Policy.

This insurance does not apply to "bodily injury", "property damage", or "covered pollution cost or expense" resulting from ownership, maintenance or use of any "automobile transporter", tank truck or tank trailer unless:

1. The "automobile transporter", tank truck or tank trailer is specifically described and scheduled on this policy with a premium charged for the applicable coverage; or

2. The "automobile transporter", tank truck or tank trailer is a "customer's auto".

"Automobile transporter" means an "auto" designed or used to transport one or more "autos". "Automobile transporter" includes but is not limited to car carriers and tow trucks.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | **Endorsement Effective** |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 18:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1409 of 1650

## LIMITATION ENDORSEMENT
### (Dealers) Drive-Away Operations

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**A.** **SECTION VI - DEFINITIONS is changed by adding the following:**

"Drive-Away Operations" means the pick-up or delivery of covered autos while being driven, towed, or carried by any auto owned, hired, or borrowed by you or your agent or employee.

**B.** **SECTION II - LIABILITY COVERAGE and Collision Coverage in SECTION IV - PHYSICAL DAMAGE COVERAGE** does not apply to "Drive-Away Operations" conducted more than 150 miles outside the city or town limits of where Coverage Operations are conducted, as shown on the declarations of the policy, unless item C. below is completed to extend this radius limitation.

**C.** In consideration of the additional premium shown below, "Drive-Away Operations" are extended to a radius of _____ road miles for Liability Coverage and/or a radius of _____ for Physical Damage Coverage, from the city or town limits of where Garage Operations are conducted, as shown in the declarations of the policy.

This coverage extension requires an additional premium of:

$ _____ Liability Coverage

$ _____ Physical Damage Coverage

$ _____ Total Additional Premium

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | **Endorsement Effective** |
| | 04/21/2013 12:01 AM |
| **Named Insured** | Countersigned by |
| MILLER INVESTMENT GROUP, INC | |

(Authorized Representative)

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6859AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1410 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – NO MAXIMUM DEDUCTIBLE FOR HAIL

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

The MAXIMUM DEDUCTIBLE for Specified Causes of Loss or Comprehensive Coverage shown in the Declarations or Schedule does not apply to "loss" caused by hail, whether driven by wind or not. For "loss" caused by hail, whether driven by wind or not, the deductible shown in the Declarations or Schedule applies for each covered "auto".

All other terms, limits, provisions and conditions of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000449 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP, INC | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

# TERRORISM RISK INSURANCE ENDORSEMENT

## NOTICE TO POLICYHOLDERS REQUIRED UNDER TERRORISM RISK INSURANCE ACT OF 2002

Pursuant to the requirements of the Terrorism Risk Insurance Act of 2002 (the "Act"), including all amendments thereto, we advise you of the following information:

Coverage for acts of terrorism is included in this policy subject to the terms, conditions, limits and exclusions contained therein. Under this coverage, certain losses caused by certified acts of terrorism may be partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays a portion (85% in Calendar Year 2008 through expiration) of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. While your insurer faces significant exposure under your policy for losses caused by acts of terrorism, the premium you paid for the policy does not reflect that exposure. Consequently, no premium is currently being charged on your policy for the risk of losses caused by certified acts of terrorism.

THERE IS AN ANNUAL LIABILITY CAP FOR COVERED TERRORISM LOSSES UNDER THE ACT EQUAL TO $100,000,000,000 OF AGGREGATE INSURED LOSSES AS DEFINED IN THE ACT. LOSSES PAID UNDER THIS COVERAGE WILL BE PARTIALLY REIMBURSED BY THE UNITED STATES UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. UNDER THIS FORMULA, THE UNITED STATES PAYS A PORTION (85% IN CALENDAR YEAR 2008 THROUGH EXPIRATION) OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. ANY INSURER THAT HAS SATISFIED THEIR STATUTORILY ESTABLISHED DEDUCTIBLE IS NOT LIABLE FOR AND THE UNITED STATES SECRETARY OF THE TREASURY IS NOT AUTHORIZED TO PAY ANY PORTION OF SUCH LOSSES EXCEEDING THE CAP ON ANNUAL LIABILITY OF $100,000,000,000.

Premium on renewal of your coverage may be charged for you to maintain coverage for losses arising out of acts of terrorism. In that event you will be informed of such charges to the extent required by federal or state law.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000448 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP, INC** | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5150b (12/2007)

04/19/2013 16:44 6858AF4F-BC2E-42C6-9AB1-F37BC0D1DA48

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

*(handwritten: MO 4-21-11 4-21-12)*

Policy Number: MOA100192

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE
2917 W 113TH ST
LEAWOOD, KS  66211

Agent: KF0347
MED JAMES, INC.
SHAWNEE MISSION, KS
PAT KAISER

Policy Period:  From: _04/21/2011_  To: _04/21/2012_  at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED AUTO DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $  25,572 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium (may include balance to meet minimum premium) | $  25,572 |

**ATTENTION**
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____          _____
Countersignature Date               Authorized Representative

CD24 (0703)

ORIGINAL

EXHIBIT
5

POLICY NUMBER: MOA100192

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2011

EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| NAME INS POL | 06/03 | NAMED INSURED SCHEDULE - POLICY |
| ILM0314 | 08/10 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES POLICY JACKET |
| ILM0006 MO | 05/02 | COMMON POLICY CONDITIONS |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

OAK RIVER INSURANCE COMPANY
    NAMED INSURED POL

POLICY # MOA100192                    AGENT: MED JAMES, INC.
                                              # KF0347

MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE


    NAMED INSURED POL

    DBA AUTO NOW

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

MOA100192

MILLER INVESTMENT GROUP, INC
DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Cypress Insurance Company
Oak River Insurance Company

President
Brookwood Insurance Company
Continental Divide Insurance Company
Cornhusker Casualty Company
Redwood Fire and Casualty Insurance Company

Secretary

ILM 0314 08 10

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

**A.  CANCELLATION**

1.  The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2.  We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a.  10 days before the effective date of cancellation if we cancel for nonpayment of premium;

    b.  30 days before the effective date of cancellation if we cancel for the following reasons:

        (i)  Fraud or material misrepresentation affecting the policy or in the presentation of a claim thereunder or a violation of any of the terms or conditions of the policy;

        (ii)  Changes in conditions after the effective date of the policy which have materially increased the hazards originally insured;

        (iii)  Our insolvency; or

        (iv)  Our involuntary loss of reinsurance on this policy, if any; or

    c.  60 days before the effective date of cancellation if we cancel for any other reason.

3.  We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4.  Notice of cancellation will state the reason for cancellation and effective date of cancellation. The policy period will end on that date.

5.  If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6.  If notice is mailed, proof of mailing will be sufficient proof of notice.

**B.  CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C.  EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D.  INSPECTION AND SURVEYS**

We have the right but are not obligated to:

1.  Make inspections and surveys at any time;

2.  Give you reports on the conditions we find; and

3.  Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1.  Are safe or healthful; or

2.  Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E.  PREMIUMS**

The first Named Insured shown in the Declarations:

1.  Is responsible for the payment of all premiums; and

2.  Will be the payee for any return premiums we pay.

**F.  TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1417 of 1650

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

      BUSINESSOWNERS POLICY
      LIQUOR LIABILITY COVERAGE FORM
      GARAGE COVERAGE FORM
      BUSINESS AUTO COVERAGE FORM
      OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
      COMMERCIAL GENERAL LIABILITY COVERAGE FORM
      TRUCKERS COVERAGE FORM
      FARM LIABILITY COVERAGE FORM
      UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05                                                                                              Page 1 of 2

**c.** Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

**a.** Any of the following, whether belonging to, or used or provided by, any insured or other person:

    **1.** Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

    **2.** Application software or programming for electronic, robotic, communication or computer devices;

    **3.** Operating system or related software or programming for electronic, robotics, communication or computer devices;

    **4.** Network of electronic, robotics, communications or computer devices;

    **5.** Microprocessor or other computer chip not part of any computer system; or

    **6.** Any other computerized, robotic, electronic or communications equipment or components.

**b.** Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1420 of 1650

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**

**EFFECTIVE DATE** 04/21/2011

**NAMED INSURED** MILLER INVESTMENT GROUP INC

**POLICY NO.** MOA100192

**FORM OF BUSINESS:**

☒ CORPORATION

☐ PARTNERSHIP

☐ INDIVIDUAL

☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| LIABILITY | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ Ded. | | | |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 22 | $ 100,000 CSL | | | INCL |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ for each disablement of a private passenger "auto" | | | |
| | | | PREMIUM FOR ENDORSEMENTS | | |
| | | | ESTIMATED TOTAL PREMIUM | | INCL |

CAM 0001 02 98

**ORIGINAL**

Page 1 of 2

# GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
We will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

POLICY NUMBER: MOA100192                    COMMERCIAL GARAGE

FORM SCHEDULE                               EFFECTIVE DATE: 4/21/2011

                                            EXPIRATION DATE: 4/21/2012

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| CA 0165 | 10/06 | MISSOURI CHANGES |
| CA 0166 | 03/06 | MISSOURI CHANGES - POLLUTION EXCLUSION |
| CA 0219 | 03/03 | MISSOURI CHANGES - CANCELLATION AND NONRENEWAL |
| CAM5042 MO | 03/01 | MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT |
| IL 0021 | 09/08 | NUCLEAR ENERGY LIABILTY EXCLUSION |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM5061 | 06/02 | POLICY REFORMATION LIMITS |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2104 | 03/06 | MISSOURI UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 3104 | 04/01 | MISSOURI UNDERINSURED MOTORISTS COVERAGE |
| CA 9910 | 09/02 | DRIVE OTHER CAR COVERAGE-BROADENED COV FOR NAMED IND |
| CAM5005 | 08/96 | EXCLUSION - ABUSE OR MOLESTATION |
| CAM5007 MO | 07/97 | DRIVER EXCLUSION |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 10500 E 24 HWY, INDEPENDENCE, MO 64053 |
| 002 | 307 NORTH AVE , BELTON, MO 64102 |
| 003 | 7901 WORNALL, KANSAS CITY, MO 64114 |

**ITEM FOUR**
LIABILITY COVERAGE - PREMIUMS.

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 7 | 5.25 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 1 | 0.75 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6 | INCL | | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 4 | 3 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 3 | INCL | | |
| 003 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Salespersons, general managers, service managers | INCL | 6 | 4.5 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employee | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 1 | 0.75 | 5.25 | INCL | | |
| | **TOTAL PREMIUMS \*** | | | | 14 | INCL | | |

Number of Dealer Plates _____14_____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

NOTE: **1.** Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
**2.** Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☐ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding **ITEM TWO** limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| 003 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 96

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ "

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | Rates | Premium |
|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000  DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ 5000  MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | INCL | INCL |
| 002 | Comprehensive | $ 135,000 MINUS $1000  DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ 5000  MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | INCL |
| 003 | Comprehensive | $ 120,000 MINUS $1000  DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ 5000  MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | INCL | INCL |

| All | Collision | $ 435,000 MINUS $1000  DEDUCTIBLE FOR EACH COVERED AUTO | | |
|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | Adjustment Factor | Premium |
| | | First $50,000 / $50,001 to $100,000 / Over $100,000 | | |
| | | INCL / INCL / INCL | INCL | INCL |
| | | | TOTAL PREMIUM | INCL |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$            Additional locations where you store covered "autos"
$ 43,500    In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee -** Any loss is payable as interest may appear to you and:

CAM 0002 02 98

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**
**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION | | PURCHASED | | TERRITORY |
|---|---|---|---|---|---|
| | Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | | Original Cost New | Actual Cost & NEW (N) USED (U) | Town & State Where the Covered Auto will be principally garaged |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |

| Covered Auto No. | CLASSIFICATION | | | | | | | | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail c = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor | | Secondary Rating Factor | Code | |
| | | | | | Liab. | Phy. Dam. | | | |
| | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | | | | | |

CAM 0002 02 98

**ORIGINAL**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1433 of 1650

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | |
|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | |
| | Limit | Premium |
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | |
| Total Premium | | |

| Covered Auto No. | COVERAGES - PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | **SEE SCHEDULE ATTACHED, IF APPLICABLE** | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | **SEE SCHEDULE ATTACHED, IF APPLICABLE** |

**ITEM TEN**

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium |
|---|---|---|---|
| 51-200 miles | | INCL | $ INCL |
| Over 200 miles | 1 | INCL | $ INCL |
| | | | $ INCL |

CAM 0002 02 98

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # MOA100192                          AGENT:  MED JAMES, INC.
MILLER INVESTMENT GROUP INC                         # KF0347
2917 W 113TH ST
LEAWOOD, KS   66211

| Prems No. | Bldg No. | Street | City County | St | Zip |
|---|---|---|---|---|---|
| 001 | 000 | 10500 E 24 HWY | INDEPENDENCE | MO | 97030 |
| 002 | 000 | 307 NORTH AVE | BELTON | MO | 97030 |
| 003 | 000 | 7901 WORNALL | KANSAS CITY | MO | 97030 |

**ORIGINAL**

# Berkshire Hathaway Homestate Companies

**Cornhusker Casualty Company**
**Oak River Insurance Company**
**Redwood Fire and Casualty Company**
Main Administrative Office
3333 Farnam Street, Ste. 300
P.O. Box 2048 (68103-2048)
Omaha, NE 68131
(402) 393-7255

**Continental Divide Insurance Company**
Main Administrative Office
7730 E. Belleview Avenue, Ste. 300
Englewood, CO 80111-2619

**Cypress Insurance Company**
Main Administrative Office
395 Oyster Point Blvd., Ste. #401
South San Francisco, CA 94080
(415) 635-0444

**INT 0080 03 10**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1440 of 1650

**BERKSHIRE HATHAWAY HOMESTATE COMPANIES**

| | |
|---|---|
| Cornhusker Casualty Company | Brookwood Insurance Company |
| Oak River Insurance Company | Cypress Insurance Company |
| Redwood Fire and Casualty Insurance Company | Continental Divide Insurance Company |

POLICYHOLDER NOTICE

## VERY IMPORTANT

<u>READ CAREFULLY</u>

PLEASE NOTE THAT YOUR POLICY INCLUDES THE FOLLOWING EXCLUSION:

CAM 5007 MO

<u>SPECIAL NOTE</u>

**PLEASE BE SURE YOU READ AND FULLY UNDERSTAND THE ABOVE EXCLUSION. SHOULD YOU HAVE ANY QUESTIONS, IMMEDIATELY CONTACT YOUR AGENT.**

INT 0109 10 03

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage Extensions** is amended as follows:

The following is added to **Supplementary Payments:**

    **(7)** Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

    **(6)** If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph **a.(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

    **(f)** If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C. Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

    **1.** If your business is other than selling, repairing or servicing "autos":

        **a.** The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

        **b.** The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

        Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

     © ISO Properties, Inc., 2006         ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1442 of 1650

2. If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

D. The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

E. The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

F. **Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

1. Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

2. The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

a. Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

b. Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000.

However, the Association will not:

(1) Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

(2) Return to an "insured" any unearned premium in excess of $25,000.

These limitations have no effect on the coverage we will provide under this policy.

© ISO Properties, Inc., 2006

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1443 of 1650

# MISSOURI CHANGES – POLLUTION EXCLUSION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Missouri, this endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> MOTOR CARRIER COVERAGE FORM
> TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

**A.** The following is added to the **Pollution** Exclusion in **Section II – Liability Coverage** in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**B.** The following is added to the **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** in **Section II – Liability Coverage** in the Garage Coverage Form or to any amendment to or replacement thereof:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**C.** If the Broadened Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.a.(15)** in the Broadened Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**D.** If the Personal Injury Liability Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.h.** in the Personal Injury Liability Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1444 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual, partnership or limited liability company and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the Cancellation Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

   **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

   **b.** If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

   **c.** When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

     **(1)** Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.

     **(2)** If you are an individual, partnership or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.

     **(3)** If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

   **d.** If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

Copyright, ISO Properties, Inc., 2002

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1445 of 1650

**e.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**f.** Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**b.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

**c.** Our notice of nonrenewal will state the actual reason for nonrenewal unless the nonrenewal is due to nonpayment of premium.

**3. Mailing Of Notices**

Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known mailing address. Proof of mailing of any notice will be sufficient proof of notice.

**B.** For "autos" not described in Paragraph **A.** above:

**1.** Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

**a.** 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

**b.** 30 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

**(1)** Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;

**(2)** Changes in conditions after the effective date of this policy which have materially increased the risk assumed;

**(3)** We become insolvent; or,

**(4)** We involuntarily lose reinsurance for this policy.

**c.** 60 days before the effective date of cancellation if we cancel for any other reason.

**2.** The following is added and supersedes any provision to the contrary:

**NONRENEWAL**

**1.** We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

**2.** If notice is mailed, proof of mailing will be sufficient proof of notice.

 Copyright, ISO Properties, Inc., 2002 **CA 02 19 03 03** □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1446 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following

GARAGE COVERAGE FORM

Exclusion 8a., 8b., 8c., and 8d. under Section II - Liability Coverage is replaced by the following:

a.(1)  "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

(2)  Any loss, cost, or expense arising out of any:

   (a)  Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants; or

   (b)  Claim or suit or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, gaseous, or thermal irritant or contaminants including smoke, vapor, soot, asbestos, or any other substance containing asbestos fibers, fumes, acid, alkalis, chemicals or waste. Waste includes material to be recycled, reconditioned or reclaimed.

This Pollution Exclusion applies even if such irritant or containment has a function in your business, operations, premises, site or location.

Paragraph a(1) does not apply to "bodily injury" or "property damage" caused by heat, smoke, or fumes, from a hostile fire. In this exclusion, a hostile fire means one which becomes uncontrollable, or breaks out from where it was intended to be.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1447 of 1650

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

© ISO Properties, Inc., 2007

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1448 of 1650

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2007

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1449 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II – LIABILITY COVERAGE is replaced by the following:

A.  Item (6) is replaced by the following:

   (6)   All interest on the lesser of:

      (a)  the full amount of any judgment; or

      (b)  the applicable limit of insurance

   that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

B.  The following is added:

   (7)   Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLICY REFORMATION LIMITS

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
BUSINESS AUTO COVERAGE FORM

It is agreed that the coverage provided by this policy is intended to comply with the minimum coverage required by "applicable state financial responsibility law". Should a court reform or rescind any provision of this policy because it is inconsistent with "applicable state financial responsibility law", because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by "applicable state financial responsibility law". Policy terms and conditions that provided, as written, limits of coverage in excess of the compulsory limits of coverage required by "applicable state financial responsibility law" shall be given full effect after any such reformation or rescission.

"Applicable state financial responsibility law" means any state law requiring minimum or mandatory coverage amounts or types with respect to the ownership or operation of any motor vehicle, but does not include any state or federal law exclusively governing motor carriers of passenger or property.

CAM 5061 06 02

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY**

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

**GARAGE COVERAGE FORM**

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

CAM 6076 11 04

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

(a) you or any other person or organization qualifying as a Named Insured under this policy; or

(b) any business in which any Named Insured:

    (i) has an interest in 25% or more of the outstanding voting stock or of the total stock; or

    (ii) is a **Related Company**; or

    (iii) is a partner; or

(c) any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

(d) any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

(e) the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

 © ISO Properties, Inc., 2005 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1454 of 1650

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

   We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "accident" occurs in the coverage territory;

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

 © ISO Properties, Inc., 2005 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1455 of 1650

**(3)** Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

**(1)** You for any covered "auto".

**(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(a)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(b)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(c)** Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1456 of 1650

**(d)** Your customers. However, if a customer of yours:

**(i)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

**(ii)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

**(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

**(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

**(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

**(1)** You.

**(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

**a. Supplementary Payments**

We will pay for the "insured":

**(1)** All expenses we incur.

**(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

**(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

**(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

**(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

**(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

**b. Out-Of-State Coverage Extensions**

While a covered "auto" is away from the state where it is licensed we will:

**(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

**(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

**1. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1457 of 1650

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

**(1)** Employment by the "insured"; or

**(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

**(1)** Refusal to employ that person;

**(2)** Termination of that person's employment; or

**(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(1)** At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

**(2)** At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1458 of 1650

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

   **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

   **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1459 of 1650

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

    **(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

    **(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

    **a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

    **b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

    **a.** War, including undeclared or civil war;

    **b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    **c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

    **b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

    **c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1460 of 1650

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the owner-ship, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

**a.** "Personal injury" liability coverage;

**b.** "Personal and advertising injury" liability coverage;

**c.** Host liquor liability coverage;

**d.** Fire legal liability coverage;

**e.** Incidental medical malpractice liability coverage;

**f.** Non-owned watercraft coverage; and

**g.** Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005
CA 00 05 03 06 □

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1462 of 1650

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**C. Limits Of Insurance And Deductibles**

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

**SECTION IV – PHYSICAL DAMAGE COVERAGE**

**A. Coverage**

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. **Comprehensive Coverage**

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. **Specified Causes Of Loss Coverage**

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. **Collision Coverage**

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. **Glass Breakage – Hitting A Bird Or Animal Or Falling Objects Or Missiles**

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1463 of 1650

### 3. Coverage Extension – Loss Of Use Expenses

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**a.** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**b.** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**c.** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

### B. Exclusions

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

    **(1)** The explosion of any weapon employing atomic fission or fusion; or

    **(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

    **(1)** War, including undeclared or civil war;

    **(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    **(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

    **(1)** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

    **(2)** An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1464 of 1650

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1465 of 1650

## SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

**1. Appraisal For Physical Damage Loss**

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

**(1)** How, when and where the "accident" or "loss" occurred;

**(2)** The "insured's" name and address; and

**(3)** To the extent possible, the names and addresses of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured" must:

**(1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

**(2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

**(4)** Authorize us to obtain medical records or other pertinent information.

**(5)** Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

**c.** If there is "loss" to a covered "auto" or its equipment you must also do the following:

**(1)** Promptly notify the police if the covered "auto" or any of its equipment is stolen.

**(2)** Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

**(3)** Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

**(4)** Agree to examinations under oath at our request and give us a signed statement of your answers.

**3. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Form until:

**a.** There has been full compliance with all the terms of this Coverage Form; and

**b.** Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

**4. Loss Payment – Physical Damage Coverages**

At our option we may:

**a.** Pay for, repair or replace damaged or stolen property;

**b.** Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

**c.** Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

**5. Transfer Of Rights Of Recovery Against Others To Us**

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1466 of 1650

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

a. This Coverage Form;

b. The covered "auto";

c. Your interest in the covered "auto"; or

d. A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

   (1) Excess while it is connected to a motor vehicle you do not own.

   (2) Primary while it is connected to a covered "auto" you own.

b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

c. Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

a. "Bodily injury", "property damage" and "losses" occurring; and

b. "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

a. The United States of America;

b. The territories and possessions of the United States of America;

c. Puerto Rico;

d. Canada; and

e. Anywhere in the world if:

   (1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1467 of 1650

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

**SECTION VI – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1468 of 1650

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

   **1.** A lease of premises;

   **2.** A sidetrack agreement;

   **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

   **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

   **5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

   **6.** An elevator maintenance agreement; or

   **7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

   **1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

     **a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

     **b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

   **2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

   **3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

   **4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

   **5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1469 of 1650

**N.** "Products" includes:

    **1.** The goods or products you made or sold in a garage business; and

    **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage"; or

    **2.** A "covered pollution cost or expense",

    to which this insurance applies, are claimed.

    "Suit" includes:

    **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

    **1.** Work that someone performed on your behalf; and

    **2.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1470 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| **Named Insured:** | |
| **Endorsement Effective Date:** | |
| **Countersignature Of Authorized Representative** | |
| **Name:** | |
| **Title:** | |
| **Signature:** | |
| **Date:** | |

**SCHEDULE**

| | |
|---|---|
| **Limit Of Insurance:  $** | **Each "Accident"** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1471 of 1650

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

   However, if "bodily injury" to which this coverage applies is sustained by any person other than an individual Named Insured or any "family member", the Limit of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:

   a. The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations for this coverage, at the time of the "accident".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1472 of 1650

**b.** An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph **a.** above.

A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The conditions are changed for Missouri Uninsured Motorists Coverage as follows:

**1.** The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

 **a.** Promptly notify the police if a hit-and-run driver is involved; and

 **b.** Promptly send us copies of the legal papers if a "suit" is brought.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**4.** The following condition is added:

 **ARBITRATION**

 **a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

 **b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**5. Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Uninsured motor vehicle" means a land motor vehicle or "trailer":

 **a.** For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1473 of 1650

**b.** For which an insuring or bonding company denies coverage or is or becomes insolvent; or

**c.** That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:

    **(1)** Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

    **(2)** Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.

However, "uninsured motor vehicle" does not include any vehicle:

**a.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or

**b.** Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2005

CA 21 04 03 06   ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1474 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

      Copyright, Insurance Services Office, Inc., 1993        □

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

    a. War, including undeclared or civil war;

    b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

    c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

 © ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1476 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective<br>4/21/11 | Policy No.<br>MOA100192 |
|---|---|
| Named Insured<br>MILLER INVESTMENT GROUP, INC DBA AUTO<br>NOW | Countersigned by |

(Authorized Representative)

## SCHEDULE

Locations and Operations Not Covered:

This insuance does not apply to Bodily Injury or Property Damage resulting from the ownership, maintenance or use of tow trucks, tank trucks, tank trailers and haulaways whether connected or not connected to non-owned or covered "autos" you own, unless specifically scheduled under the auto schedule of covered autos.

Haulaways are defined as truck or trailers capable of transporting one or more vehicles.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1477 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | |
| | (Authorized Representative) |

### SCHEDULE

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

   **(1)** Have been given prompt written notice of such tentative settlement; and

   **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1478 of 1650

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

## D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

## E. Changes In Conditions

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

      (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved, and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

 © ISO Properties, Inc., 2000 CA 31 04 04 01 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1479 of 1650

c. A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

**4.** The following condition is added:

**ARBITRATION**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle:

a. Owned or operated by a self insurer under any applicable motor vehicle law or;

b. Designed for use mainly off public roads while not on public roads.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1480 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DRIVE OTHER CAR COVERAGE – BROADENED COVERAGE FOR NAMED INDIVIDUALS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective: 4/21/11 | Countersigned By: |
| Named Insured: MILER INVESTMENT GROUP INC DBA AUTO NOW | (Authorized Representative) |

## SCHEDULE

| Name Of Individual | Liability | | Auto Medical Payments | |
|---|---|---|---|---|
| | Limit | Premium | Limit | Premium |
| MIKE MILLER SR LEE ANNE MILLER MIKE MILLER JR RYAN MILLER | $ 1,000,000 | INCL | $ 1,000 | INCL |

| Name Of Individual | Uninsured Motorists | | Underinsured Motorists | | Physical Damage | |
|---|---|---|---|---|---|---|
| | | | | | Comp. | Coll. |
| | Limit | Premium | Limit | Premium | | |
| MIKE MILLER SR LEE ANNE MILLER MIKE MILLER JR RYAN MILLER | $ 100,000 | INCL | $ 100,000 | INCL | 1,000 | 1,000 |

Note – When uninsured motorists is provided at limits higher than the basic limits required by a financial responsibility law, underinsured motorists is included, unless otherwise noted. If Underinsured Motorists Coverage is provided as a separate coverage, make appropriate entry in the Schedule above.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1481 of 1650

**A.** This endorsement changes only those coverages where a premium is shown in the Schedule.

**B. Changes In Liability Coverage**

**1.** Any "auto" you don't own, hire or borrow is a covered "auto" for Liability Coverage while being used by any individual named in the Schedule or by his or her spouse while a resident of the same household except:

**a.** Any "auto" owned by that individual or by any member of his or her household.

**b.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

**2.** The following is added to **Who Is An Insured:**

Any individual named in the Schedule and his or her spouse, while a resident of the same household, are "insureds" while using any covered "auto" described in Paragraph **B.1.** of this endorsement.

**C. Changes In Auto Medical Payments And Uninsured And Underinsured Motorists Coverages**

The following is added to **Who Is An Insured:**

Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:

Any "auto" owned by that individual or by any "family member".

**D. Changes In Physical Damage Coverage**

Any private passenger type "auto" you don't own, hire or borrow is a covered "auto" while in the care, custody or control of any individual named in the Schedule or his or her spouse while a resident of the same household except:

**1.** Any "auto" owned by that individual or by any member of his or her household.

**2.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

**E. Additional Definition**

As used in this endorsement:

"Family member" means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child.

© ISO Properties, Inc., 2002

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1482 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# EXCLUSION - ABUSE OR MOLESTATION

This endorsement modifies insurance provided under the following:

      COMMERCIAL AUTO COVERAGE FORM.

This insurance does not apply to "bodily injury" or "property damage" arising out of:

    (a)    The actual or threatened abuse or molestation of any person while that person is in the care, custody or control of any insured; or

    (b)    The negligent:

        (i)    Employment;

        (ii)    Investigation;

        (iii)    Supervision;

        (iv)    Reporting to the proper authorities, or failure to so report; or

        (v)    Retention;

        of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

CAM 5005 08 96

# DRIVER EXCLUSION

This endorsement forms a part of policy number   MOA100192

In consideration of the continuation of this policy in force by us it is hereby agreed that we shall not be liable for loss, damage, and/or liability caused while the auto described in the policy or any other auto to which the terms of the policy are extended is being driven or operated by the following named person:

RANDY ARTHUR MARCUM

In all other respects this policy remains unchanged.  This exclusion is valid only above the minimum financial responsibility limits.

You accept this endorsement as witness his signature:

_____

Countersigned at:

_____
                                                          Authorized Representative

CAM 5007 MO 07 97

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**MIDWEST AUTO FINANCE, INC
2917 W 113TH ST
LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above.  The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**THOMAS E GORENC
6734 N CHARLESTON DR
KANSAS CITY, MO 64119**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(I)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3.    "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations. This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto. "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.   DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.   AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)   The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)   Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

1. An unlicensed driver;

2. Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

      1.      The cost of replacing the damaged property with other property of like kind and quality;

      2.      The cost of repairing the damaged property by conventional means of body work;

      3.      The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

**1404 SANTA FE**
**OLATHE, KS 66061**

**Specified Location (If applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$    1,000                    each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C.     LIMIT OF INSURANCE AND DEDUCTIBLE

1.     Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

MISSOURI AUTO VEHICLE LIABILITY INSURANCE CERTIFICATE

OAK RIVER INSURANCE COMPANY    34630
3333 Farnam St. - Suite 300
Omaha, Nebraska 68131
1-800-488-2930

POLICY NO.: MOA100192          EFFECTIVE: 04-21-2011       EXPIRES: 04-21-2012

ALL VEHICLES OWNED BY THE NAMED INSURED DISPLAYING DEALER PLATES

INSURED:  MILLER INVESTMENT GROUP INC
2917 W 113TH ST
LEAWOOD, KS 66211

AGENT:    KF0347-MED JAMES, INC.

COVERAGE MEETS MINIMUM LIABILITY INSURANCE COVERAGE PRESCRIBED BY LAW.
THIS CARD MUST BE KEPT IN THE INSURED VEHICLE AND PRESENTED UPON DEMAND.

OAK RIVER INSURANCE COMPANY          , AN AUTHORIZED MISSOURI INSURER, CERTIFIES THAT IT HAS
ISSUED THE DESCRIBED AUTOMOBILE LIABILITY INSURANCE POLICY PROVIDING LIMITS OF COVERAGE
SUFFICIENT TO SATISFY THE MISSOURI "FINANCIAL RESPONSIBILITY LAW". THIS CERTIFICATE IS VOID IF
PREMIUM IS NOT PAID WHEN DUE, OR UPON CANCELLATION, LAPSE, OR NON-RENEWAL OF THE POLICY.

IN CASE OF ACCIDENT:

REPORT ALL ACCIDENTS TO YOUR AGENT/COMPANY AS SOON AS POSSIBLE. OBTAIN THE
FOLLOWING INFORMATION.

1. NAME AND ADDRESS OF EACH DRIVER, PASSENGER, AND WITNESS.

2. NAME OF INSURANCE COMPANY AND POLICY NUMBER FOR EACH VEHICLE INVOLVED.



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

## REPRESENTING FINANCIAL STRENGTH & INTEGRITY

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER
EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date: 5/28/11

Thank you.

Sue Matousek/dt
5/13/11

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10          **www.bhhc.com**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1497 of 1650



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

### REPRESENTING FINANCIAL STRENGTH & INTEGRITY

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date:  5/28/11


Thank you.



Sue Matousek/dt
5/13/11

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10                    www.bhhc.com



# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

### REPRESENTING FINANCIAL STRENGTH & INTEGRITY

3333 FARNAM STREET, STE 300, OMAHA, NE 68131 | PHONE: (800) 488-2930

Oak River Insurance Company

KF0347
Med James, Inc.

MOA100192
Miller Investment Group, Inc.
DBA Auto Now
2917 W 113th St
Leawood, KS 66211

Please have the insured and agent sign and date the attached CAM 5007 MO -DRIVER
EXCLUSION for Randy Arthur Marcum.

Return signed copy to our Office by the following date:  5/28/11


Thank you.


Sue Matousek/dt
5/13/11

---

BROOKWOOD INSURANCE • CONTINENTAL DIVIDE • CORNHUSKER CASUALTY • CYPRESS INSURANCE • OAK RIVER INSURANCE • REDWOOD FIRE & CASUALTY

INT 0141 03 10            **www.bhhc.com**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1499 of 1650

# DRIVER EXCLUSION

This endorsement forms a part of policy number ___MOA100192___

In consideration of the continuation of this policy in force by us it is hereby agreed that we shall not be liable for loss, damage, and/or liability caused while the auto described in the policy or any other auto to which the terms of the policy are extended is being driven or operated by the following named person:

RANDY ARTHUR MARCUM

In all other respects this policy remains unchanged. This exclusion is valid only above the minimum financial responsibility limits.

You accept this endorsement as witness his signature:

_____

Countersigned at:

_____
Authorized Representative

CAM 5007 MO 07 97

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

*MO 4-21-12 4-21-13*

Policy Number: MOA100192

Named Insured and Mailing Address:
MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE
2917 W 113TH ST
LEAWOOD, KS  66211

Agent: H03008
MED JAMES, INC.

P O BOX 2014

SHAWNEE MISSION, KS 66201
PAT KAISER

Policy Period: From: 04/21/2012  To: 04/21/2013  at 12:01 A.M., Standard time at your mailing address shown above.

Business Description: USED AUTO DEALER

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial Property Coverage Part | $ |
| Commercial General Liability Coverage Part | $ |
| Commercial Crime Coverage Part | $ |
| Commercial Inland Marine Coverage Part | $ |
| Commercial Automobile Coverage Part  OAK RIVER INSURANCE COMPANY | $   26,766 |
| Workers Compensation | $ |
| Businessowners | $ |
| Contractors Package/Motel/Lessor's Risk Only | $ |
| Umbrella | $ |
| Errors and Omissions | $ |
| Terrorism Coverage "Certified Acts" | $ |
| Annual Premium (may include balance to meet minimum premium) | $   26,766 |

ATTENTION
If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in the termination or non-renewal of your policy.

FORM(S) AND ENDORSEMENT(S) MADE A PART OF THIS POLICY AT THE TIME OF ISSUE:*
Refer to Form Schedule

*Omits applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations.

_____
Countersignature Date

_____
Authorized Representative

EXHIBIT
6

CD24 (0703)

ORIGINAL

POLICY NUMBER: MOA100192

COMMERCIAL COMMON POLICY

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CD24 | 07/03 | COMMERCIAL LINES POLICY COMMON POLICY DECLARATIONS |
| NAME INS POL | 06/03 | NAMED INSURED SCHEDULE - POLICY |
| ILM0314 | 07/11 | BERKSHIRE HATHAWAY HOMESTATE COMPANIES |
| ILM0006 MO | 05/02 | COMMON POLICY CONDITIONS |
| ILM0050 | 05/05 | EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES |

OAK RIVER INSURANCE COMPANY
    NAMED INSURED POL

POLICY # MOA100192                          AGENT: MED JAMES, INC.
                                                   # H03008

MILLER INVESTMENT GROUP INC
SEE NAMED INSURED SCHEDULE



    NAMED INSURED POL

  MILLER INVESTMENT GROUP INC
  DBA AUTO NOW

**ORIGINAL**

# BERKSHIRE HATHAWAY HOMESTATE COMPANIES

Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Cypress Insurance Company
Oak River Insurance Company
Redwood Fire and Casualty Insurance Company

MOA100192

MILLER INVESTMENT GROUP INC DBA AUTO NOW

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative

President
Berkshire Hathaway Homestate Insurance Company
Brookwood Insurance Company
Continental Divide Insurance Company
Redwood Fire and Casualty Insurance Company

President
Cypress Insurance Company
Oak River Insurance Company

Secretary

ILM 0314 07 11

# COMMON POLICY CONDITIONS

All Coverage Parts included in the policy are subject to the following conditions.

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

   b. 30 days before the effective date of cancellation if we cancel for the following reasons:

      (i) Fraud or material misrepresentation affecting the policy or in the presentation of a claim thereunder or a violation of any of the terms or conditions of the policy;

      (ii) Changes in conditions after the effective date of the policy which have materially increased the hazards originally insured;

      (iii) Our insolvency; or

      (iv) Our involuntary loss of reinsurance on this policy, if any; or

   c. 60 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the reason for cancellation and effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or

waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTION AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the conditions we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

Includes copyrighted material of Insurance Services Office, Inc., with its permission. Copyright, Insurance Services, Office, Inc. 1982-1983, 1984

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - COMPUTER RELATED ELECTRONIC AND COMMUNICATION LOSSES

This endorsement modifies insurance provided under all Coverage Parts of this Policy. This endorsement forms a part of the policy to which it is attached, effective at the inception date of the policy.

This insurance does not apply to any:

1. "Bodily injury", "property damage", "personal injury", or "advertising injury" arising directly or indirectly out of a "Special Electronics/Computer Problem";

2. Direct physical loss of Business Income or any other loss, cost or expense arising directly or indirectly out of a "Special Electronics/Computer Problem";

3. Liability of any insured for any act, error or omission by any insured or any other person arising directly or indirectly out of a "Special Electronics/Computer Problem";

4. Damages, loss, reduction in property value, cost or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of a "Special Electronics/Computer Problem";

5. Obligation or liability incurred by, or imposed upon, any insured, whether under an insured contract or otherwise, to investigate, defend or settle any claim against another person or organization arising out of a "Special Electronics/Computer Problem"; or

6. Damages, loss, reduction in property value, cost, or expense (including but not limited to costs of investigation or remediation or fees of attorneys) arising out of any governmental or regulatory request, demand, order, statute, regulation or other requirement that any insured or other person investigate, test for, rectify, or otherwise respond to a "Special Electronics/Computer Problem".

For the purposes of this endorsement the term "Special Electronics/Computer Problem" shall be defined as:

a. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" due to the inability to appropriately recognize, process, compare, distinguish, interpret, or accept one or more dates or times.

b. Any potential, actual or alleged failure, malfunction or inadequacy of a "Device/Service" because of the maintenance or processing of the calendar year date in a two digit form; or

ILM 0050 05 05

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1506 of 1650

**c.** Any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, upgrade, replacement or supervision provided or done by or for any insured to determine, rectify or test for any potential, actual or alleged failure, malfunction or inadequacy described in subparagraphs **a.** or **b.** of this definition.

For purposes of this endorsement the term "Device/Service" shall be defined as:

**a.** Any of the following, whether belonging to, or used or provided by, any insured or other person:

    **1.** Electronic, communication, robotics, or computer devices, including computer, microprocessor and peripheral equipment and including any other device in which electronic or computer devices are embodied;

    **2.** Application software or programming for electronic, robotic, communication or computer devices;

    **3.** Operating system or related software or programming for electronic, robotics, communication or computer devices;

    **4.** Network of electronic, robotics, communications or computer devices;

    **5.** Microprocessor or other computer chip not part of any computer system; or

    **6.** Any other computerized, robotic, electronic or communications equipment or components.

**b.** Any other products, service, data or other functions that directly or indirectly use or rely upon, in any manner, any of the items listed in paragraph **a.** of this definition.

ILM 0050 05 05

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1507 of 1650

# GARAGE COVERAGE FORM DECLARATIONS

**ITEM ONE**                                                    **EFFECTIVE DATE** 04/21/2012

**NAMED INSURED** MILLER INVESTMENT GROUP INC          **POLICY NO.** MOA100192

**FORM OF BUSINESS:**

☒ CORPORATION                                          ☐ INDIVIDUAL

☐ PARTNERSHIP                                          ☐ OTHER_____

**BUSINESS OPERATIONS:**

**ITEM TWO**

**SCHEDULE OF COVERAGES AND COVERED AUTOS**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations".

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT | | | PREMIUM |
|---|---|---|---|---|---|
| **LIABILITY** | | Each "Accident" "Garage Operations" | | Aggregate - "Garage Operations" | |
| | | "Auto" Only | Other Than "Auto" Only | Other Than "Auto" Only | |
| | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | INCL |
| PERSONAL INJURY PROTECTION (or equivalent No Fault Coverage) | | SEPARATELY STATED IN EACH PIP ENDORSEMENT MINUS $ _____ Ded | | | |
| ADDED PERSONAL INJURY PROTECTION (or equivalent Added No Fault Coverage) | | SEPARATELY STATED IN EACH ADDED PIP ENDORSEMENT | | | |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ _____ Ded. FOR EACH ACCIDENT | | | |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | INCL |
| UNINSURED MOTORISTS | 22 | $ 100,000 | | CSL | INCL |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 22 | $ 100,000 | CSL | | INCL |
| GARAGEKEEPERS COMPREHENSIVE COVERAGE | | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | | |
| GARAGEKEEPERS SPECIFIED CAUSES OF LOSS COVERAGE | 30 | $ _____ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT | | | INCL |
| "ON HOOK" - TOWED AUTO COVERAGE | | $ LIMIT OF LIABILITY $ DEDUCTIBLE | | | |
| GARAGEKEEPERS COLLISION COVERAGE | 30 | $ SEE EACH LOCATION MINUS $ SCHEDULE Ded. FOR EACH COVERED AUTO | | | INCL |
| PHYSICAL DAMAGE COMPREHENSIVE COVERAGE (No deductible applies to loss caused by fire or lightning) | | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO FOR LOSS SUBJECT TO A $ SCHED MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY | | | |
| PHYSICAL DAMAGE SPECIFIED CAUSES OF LOSS COVERAGE (Deductible applies to loss caused by mischief or vandalism) | 31 | ONE EVENT) See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE COLLISION COVERAGE | 31 | ACTUAL CASH VALUE OR COST OF REPAIR, WHICHEVER IS LESS MINUS $ SEE Ded. FOR EACH COVERED AUTO SCHEDULE See Supplementary Schedule for dealers "autos" and "autos" held for sale by trailer dealers and non-dealers | | | INCL |
| PHYSICAL DAMAGE TOWING AND LABOR (Not Available in California) | | $ _____ for each disablement of a private passenger "auto" | | | |
| | | PREMIUM FOR ENDORSEMENTS | | | |
| | | ESTIMATED TOTAL PREMIUM | | | INCL |

CAM 0001 02 98                        **ORIGINAL**                        Page 1 of 2

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1508 of 1650

# GARAGE COVERAGE FORM DECLARATIONS (Continued)

## ENDORSEMENT ATTACHED TO THIS COVERAGE FORM:
### IL 00 21 11 94 - Broad Form Nuclear Exclusion (Not Applicable in New York)

See Schedule

The estimated total premium for this policy is based on the exposures **you** told **us you** would have when this policy began.
**We** will compute **your** final premium due when **we** determine **your** actual exposures. The estimated total premium will be credited against the final premium due and **you** will be billed for the balance, if any. If the estimated total premium exceeds the final premium due **you** will get a refund. To determine **your** final premium due **we** may examine **your** records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on **our** rates or premiums in effect at the beginning of each year of the policy.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1509 of 1650

POLICY NUMBER: MOA100192

COMMERCIAL GARAGE

FORM SCHEDULE

EFFECTIVE DATE: 4/21/2012

EXPIRATION DATE: 4/21/2013

Forms and Endorsements applying to this Coverage Part and made a part of this policy at time of issue:

FORMS APPLICABLE TO ALL PREMISES AND COVERAGE

| Form | Edition | Description |
|------|---------|-------------|
| CAM 0001 | 02/98 | GARAGE COVERAGE FORM DECLARATIONS |
| CAM 0002 | 02/98 | GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE |
| LOC SCH GAR | 06/03 | LOCATION SCHEDULE GARAGE |
| ILM0025 | 09/95 | PUNITIVE DAMAGES EXCLUSION |
| CA 0165 | 10/06 | MISSOURI CHANGES |
| CA 0166 | 03/06 | MISSOURI CHANGES - POLLUTION EXCLUSION |
| CA 0219 | 03/03 | MISSOURI CHANGES - CANCELLATION AND NONRENEWAL |
| CAM5042 MO | 03/01 | MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT |
| IL 0021 | 09/08 | NUCLEAR ENERGY LIABILTY EXCLUSION |
| CAM0008 | 10/93 | SUPPLEMENTARY PAYMENTS AMENDATORY ENDORSEMENT |
| CAM5061 | 06/02 | POLICY REFORMATION LIMITS |
| CAM6076 | 11/04 | TELECOMMUNICATIONS EXCLUSION |
| CL 5820 | 07/95 | CROSS-SUITS EXCLUSION ENDORSEMENT |
| CA 0005 | 03/06 | GARAGE COVERAGE FORM |
| CA 2104 | 03/06 | MISSOURI UNINSURED MOTORISTS COVERAGE |
| CA 2502 | 12/93 | DEALERS' DRIVEAWAY COLLISION COVERAGE |
| CA 2505 | 03/06 | GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE |
| CA 2507 | 12/93 | LOCATIONS AND OPERATIONS NOT COVERED |
| CA 3104 | 04/01 | MISSOURI UNDERINSURED MOTORISTS COVERAGE |
| CA 9910 | 09/02 | DRIVE OTHER CAR COVERAGE-BROADENED COV FOR NAMED IND |
| CAM5005 | 08/96 | EXCLUSION - ABUSE OR MOLESTATION |
| CAM5030 | 08/01 | ADDITIONAL INSURED |
| CAM5030 01 | 08/01 | ADDITIONAL INSURED |
| CAM5035 | 05/96 | GARAGEKEEPERS CLARIFICATION ENDORSEMENT |
| CAM5037 | 05/05 | EXCLUSION - TOWED AUTO COVERAGE |
| CAM5044 | 04/97 | GARAGE COVERAGE - DEALERS ALL CAUSES OF LOSS DEDUCTIBLE |
| CAM5049 | 07/97 | DEALERS TEST DRIVE ENDORSEMENT |
| CAM5055 | 07/97 | AUTO DEALERS WIND/HAIL CLAIM SETTLEMENT ENDORSEMENT |
| CAM5058 | 07/97 | EXCLUSION - DESIGNATED OPERATIONS |
| CAM6042 | 11/99 | AUTO RADIUS LIMITATION - THREE HUNDRED MILES |
| CAM6140 | 02/07 | HAIL DEDUCTIBLE |
| CCL0274 | 10/97 | GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE |

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM THREE**
**LOCATIONS WHERE YOU CONDUCT GARAGE OPERATIONS.**

| Location No. | Address<br>state your main business location as Location No. 1 |
|---|---|
| 001 | 10500 E 24 HWY, INDEPENDENCE, MO 64053 |
| 002 | 307 NORTH AVE, BELTON, MO 64102 |
| 003 | 7901 WORNALL, KANSAS CITY, MO 64114 |

**ITEM FOUR**
**LIABILITY COVERAGE - PREMIUMS.**

| Location No. | Classes of Operators | Rating Factor | Number of Persons | Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
|---|---|---|---|---|---|---|---|---|
| 001 | Class I - Employee<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employee<br>Salespersons, general managers, service managers | INCL | 9 | 6.75 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6.75 | INCL | | |
| 002 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employee<br>Salespersons, general managers, service managers | INCL | 3 | 2.25 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 2.25 | INCL | | |
| 003 | Class I - Employees<br>Proprietors, partners, or officers active in the business | INCL | INCL | INCL | | | | |
| | Class I - Employee<br>Salespersons, general managers, service managers | INCL | 8 | 6 | | | | |
| | Class I - Employees<br>Any employee whose principal duty involves operation of an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>Any employee who is furnished with an auto | INCL | INCL | INCL | | | | |
| | Class I - Employees<br>All other employees | | 0 | 0 | | | | |
| | Class II - Non-Employees | INCL | 0 | 0 | 6 | INCL | | |
| | **TOTAL PREMIUMS \*** | | | | 15 | INCL | | |

Number of Dealer Plates _____16_____

Definitions:

**CLASS I - Employees**
Proprietors, partners and officers active in the "garage operations," salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto."

NOTE: 1. Full-time employees work an average of 20 hours or more a week for the number of weeks worked.
2. Part-time employees work an average of less than 20 hours a week for the number of weeks worked.

**CLASS II - Non-Employees**
Any of the following persons, other than a person described in Class I, who are regularly furnished with a covered "auto"; inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

\*Subject to Minimum Rating Units of 2.00 or 50% of the number of dealer plates.

CAM 0002 02 96

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM FIVE**
**LIABILITY COVERAGE FOR YOUR CUSTOMERS.**

In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by " ☒ ".

☐ If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE does not apply.

**ITEM SIX**
**GARAGEKEEPERS COVERAGES AND PREMIUMS.**

| Location No. | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) |
|---|---|---|
| 001 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |
| | Comprehensive | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ MINUS $ DEDUCTIBLE FOR EACH COVERED AUTO. |
| 003 | Comprehensive | $ 25,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CCL 274. |
| | Collision | $ 25,000 MINUS $ 500 DEDUCTIBLE FOR EACH COVERED AUTO. |

| | |
|---|---|
| Comprehensive | $ |
| Specified Causes of Loss | $ INCL |
| Collision | $ INCL |

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the Direct Coverage Options is indicated below by " ☒ ".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers you or any other "insured's" interest or the interest of the covered "auto's" owner.

☐ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

CAM 0002 02 98

**ORIGINAL**

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM SEVEN**
**PHYSICAL DAMAGE COVERAGE -**
**TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS -**
**PREMIUMS - REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages that is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below by " ☒ ".

| Coverages | Types of "autos" | | Interests covered | | | |
|---|---|---|---|---|---|---|
| | New "Autos" | Used "autos" Demonstrators and Service Vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Location No. | Coverages | Limit of Insurance For Each Location | Rates | Premium |
|---|---|---|---|---|
| 001 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |
| 002 | Comprehensive | $ 135,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | | |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | INCL |
| 003 | Comprehensive | $ 180,000 MINUS $1000 DEDUCTIBLE FOR EACH COVERED AUTO FOR LOSS CAUSED BY ALL CAUSES OF LOSS SUBJECT TO | INCL | INCL |
| | Specified Causes of Loss | $ 5000 MAXIMUM DEDUCTIBLE FOR ALL SUCH LOSS IN ANY ONE EVENT PER CAM 5044. | | |

| All | Collision | $ 180,000 MINUS $ 1000 DEDUCTIBLE FOR EACH COVERED AUTO | | | | | |
|---|---|---|---|---|---|---|---|
| | | BLANKET ANNUAL COLLISION RATES | | | | | |
| | | First $50,000 | $50,001 to $100,000 | Over $100,000 | Adjustment Factor | Premium | |
| | | INCL | INCL | INCL | INCL | INCL | |
| | | | | TOTAL PREMIUM | | INCL | |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$ 40,000 Additional locations where you store covered "autos"
$ In transit

**PREMIUM BASIS - Reporting (Quarterly or Monthly) or Nonreporting** (Indicate Basis Agreed Upon by " ☒ ").

☐ **REPORTING BASIS** (Quarterly or Monthly as indicated below by " ☒ ").
You must report to us on our form the location of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1, you must include the total value of all covered "autos" you have furnished or made available to yourself, your executives, your employees or family members and other Class II - Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.

**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY.** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the value for the last business day of every third month coming within the policy period.

☐ **MONTHLY.** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

**Loss Payee - Any loss is payable as interest may appear to you and:**

**ORIGINAL**

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1513 of 1650

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

**ITEM EIGHT**
**MEDICAL PAYMENTS COVERAGE. REFER TO ITEM TEN FOR COVERED AUTOS INSURED ON A SPECIFIED CAR BASIS.**

| Coverage | Premium Determination | Premium |
|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals _____ % of the Liability Premium | |
| Premises and Operations Medical Payments (Does not apply to bodily injury caused by any auto) | Premises and Operations Medical Payments Premium equals INCL % of the Liability Premium | INCL |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals _____ % of the Liability Premium | |

**ITEM NINE**

**SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS.**

| Covered Auto No. | DESCRIPTION — Year, Model, Trade Name, Body Type Serial Number (S) Vehicle Identification Number (VIN) | PURCHASED — Original Cost New | Actual Cost & NEW (N) USED (U) | TERRITORY — Town & State Where the Covered Auto will be principally garaged |
|---|---|---|---|---|
| | | | | |

SEE SCHEDULE ATTACHED, IF APPLICABLE

| Covered Auto No. | CLASSIFICATION | | | | | | | Except for towing, all physical damage loss is payable to you and the loss payee named below as interests may appear at the time of loss |
|---|---|---|---|---|---|---|---|---|
| | Radius of Operation | Business Use s = service r = retail c = commercial | Size GVW, GCW or Vehicle Seating Capacity | Age Group | Primary Rating Factor — Liab. | Primary Rating Factor — Phy. Dam. | Secondary Rating Factor | Code |
| | | | | | | | | |

SEE SCHEDULE ATTACHED, IF APPLICABLE

ORIGINAL

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1514 of 1650

# GARAGE COVERAGE FORM - AUTO DEALERS' SUPPLEMENTARY SCHEDULE

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | LIABILITY | | PERSONAL INJURY PROTECTION | | ADDED P.I.P. | AUTO MED PAY | |
| | Limit | Premium | Limit stated in each P.I.P. End. minus deductible shown below | Premium | Limit stated in each Added P.I.P. End. Premium | Limit | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | |
|---|---|---|---|
| | UNDERINSURED AND UNINSURED MOTORIST | | |
| | Limit | Premium | |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE |
| Total Premium | | | |

| Covered Auto No. | COVERAGES- PREMIUMS, LIMITS AND DEDUCTIBLES (Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding ITEM TWO column applies instead) | | | | | | |
|---|---|---|---|---|---|---|---|
| | COMPREHENSIVE | | SPECIFIED CAUSES OF LOSS | COLLISION | | TOWING & LABOR | |
| | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit stated in ITEM TWO Premium | Limit stated in ITEM TWO minus deductible shown below | Premium | Limit Per Disablement | Premium |
| | | | SEE SCHEDULE ATTACHED, IF APPLICABLE | | | | |
| Total Premium | | | | | | | |

| Covered Auto | Person or organization to which the Covered "Auto" has been furnished (Do not include Covered "Autos" which have been furnished to Class I or Class II operators) |
|---|---|
| | SEE SCHEDULE ATTACHED, IF APPLICABLE |

## ITEM TEN

**LIABILITY PREMIUM FOR PICK UP AND DELIVERY OF AUTOS - NON-FRANCHISED DEALERS ONLY**

| Number of Driver Trips | | Rate | Premium |
|---|---|---|---|
| 51-200 miles | | INCL | $ INCL |
| Over 200 miles | 1 | INCL | $ INCL |
| | | | $ INCL |

CAM 0002 02 98

**ORIGINAL**

OAK RIVER INSURANCE COMPANY
LOCATIONS SCHEDULE

POLICY # MOA100192                          AGENT:  MED JAMES, INC.
MILLER INVESTMENT GROUP INC                         # H03008
2917 W 113TH ST
LEAWOOD, KS  66211

| Prems No. | Bldg No. | Street | City | County | St | Zip |
|-----------|----------|--------|------|--------|----|----|
| 001 | 000 | 10500 E 24 HWY | INDEPENDENCE | | MO | 97030 |
| 002 | 000 | 307 NORTH AVE | BELTON | | MO | 97030 |
| 003 | 000 | 7901 WORNALL | KANSAS CITY | | MO | 97030 |

**ORIGINAL**

# PUNITIVE DAMAGES EXCLUSION

This endorsement modifies insurance provided under the following:

      BUSINESSOWNERS POLICY
      LIQUOR LIABILITY COVERAGE FORM
      GARAGE COVERAGE FORM
      BUSINESS AUTO COVERAGE FORM
      OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
      COMMERCIAL GENERAL LIABILITY COVERAGE FORM
      TRUCKERS COVERAGE FORM
      FARM LIABILITY COVERAGE FORM
      UNIT-OWNERS FORM

This insurance does not apply to punitive, multiple or exemplary damages. This exclusion also applies to any damages in excess of compensatory damages.

ILM 0025 09 95



**Berkshire Hathaway Homestate Insurance Company**
**Oak River Insurance Company**
**Redwood Fire and Casualty Company**
Main Administrative Office
3333 Farnam Street, Ste. 300
P.O. Box 2048 (68103-2048)
Omaha, NE 68131
(402) 393-7255

**Continental Divide Insurance Company**
Main Administrative Office
7730 E. Belleview Avenue, Ste. 300
Englewood, CO 80111-2619

**Cypress Insurance Company**
Main Administrative Office
395 Oyster Point Blvd., Ste. #401
South San Francisco, CA 94080
(415) 635-0444

BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY • BROOKWOOD INSURANCE COMPANY • CONTINENTAL DIVIDE INSURANCE COMPANY
CYPRESS INSURANCE COMPANY • OAK RIVER INSURANCE COMPANY • REDWOOD FIRE AND CASUALTY INSURANCE COMPANY

**INT 0080 03 12**         **www.bhhc.com**         **Page 1 of 1**

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1518 of 1650

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage Extensions** is amended as follows:

The following is added to **Supplementary Payments:**

   **(7)** Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

   **(6)** If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph **a.(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

   **(f)** If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C. Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

   **1.** If your business is other than selling, repairing or servicing "autos":

      **a.** The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

      **b.** The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

      Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

   © ISO Properties, Inc., 2006

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1519 of 1650

**2.** If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:

Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

**D.** The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**1.** Pay its chosen appraiser; and

**2.** Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

**E.** The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

**F. Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

**1.** Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

**2.** The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

**a.** Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

**b.** Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000.

However, the Association will not:

**(1)** Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

**(2)** Return to an "insured" any unearned premium in excess of $25,000.

These limitations have no effect on the coverage we will provide under this policy.

© ISO Properties, Inc., 2006

CA 01 65 10 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1520 of 1650

# MISSOURI CHANGES – POLLUTION EXCLUSION

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

**A.** The following is added to the **Pollution** Exclusion in **Section II – Liability Coverage** in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**B.** The following is added to the **Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos" in Section II – Liability Coverage** in the Garage Coverage Form or to any amendment to or replacement thereof:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**C.** If the Broadened Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.a.(15)** in the Broadened Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

**D.** If the Personal Injury Liability Coverage – Garages Endorsement is attached to a Garage Coverage Form, then Exclusion **B.1.h.** in the Personal Injury Liability Coverage – Garages Endorsement is revised by the addition of the following:

This Pollution Exclusion applies even if such irritant or contaminant has a function in your business, operations, premises, site or location.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1521 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES – CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** If you are an individual, partnership or limited liability company and a covered "auto" you own is of the "private passenger type", and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations or public parking places, the Cancellation Common Policy Condition does not apply to that "auto". The following Condition applies instead:

**ENDING THIS POLICY**

**1. Cancellation**

  **a.** You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

  **b.** If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

  **c.** When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

    **(1)** Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.

    **(2)** If you are an individual, partnership or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.

    **(3)** If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto". The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

  **d.** If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1522 of 1650

**e.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**f.** Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

**2. Nonrenewal**

**a.** If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

**b.** If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

**c.** Our notice of nonrenewal will state the actual reason for nonrenewal unless the nonrenewal is due to nonpayment of premium.

**3. Mailing Of Notices**

Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known mailing address. Proof of mailing of any notice will be sufficient proof of notice.

**B.** For "autos" not described in Paragraph **A.** above:

**1.** Paragraph **2.** of the **Cancellation** Common Policy Condition is replaced by the following:

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

**a.** 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

**b.** 30 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

**(1)** Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;

**(2)** Changes in conditions after the effective date of this policy which have materially increased the risk assumed;

**(3)** We become insolvent; or,

**(4)** We involuntarily lose reinsurance for this policy.

**c.** 60 days before the effective date of cancellation if we cancel for any other reason.

**2.** The following is added and supersedes any provision to the contrary:

**NONRENEWAL**

**1.** We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

**2.** If notice is mailed, proof of mailing will be sufficient proof of notice.

Copyright, ISO Properties, Inc., 2002

CA 02 19 03 03

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1523 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES - TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following

GARAGE COVERAGE FORM

Exclusion 8a., 8b., 8c., and 8d. under Section II - Liability Coverage is replaced by the following:

a.(1)    "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time.

(2)    Any loss, cost, or expense arising out of any:

    (a)    Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to, or assess the effects of pollutants; or

    (b)    Claim or suit or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, gaseous, or thermal irritant or contaminants including smoke, vapor, soot, asbestos, or any other substance containing asbestos fibers, fumes, acid, alkalis, chemicals or waste. Waste includes material to be recycled, reconditioned or reclaimed.

This Pollution Exclusion applies even if such irritant or containment has a function in your business, operations, premises, site or location.

Paragraph a(1) does not apply to "bodily injury" or "property damage" caused by heat, smoke, or fumes, from a hostile fire. In this exclusion, a hostile fire means one which becomes uncontrollable, or breaks out from where it was intended to be.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1524 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
### (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
MEDICAL PROFESSIONAL LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which **(a)** any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or **(b)** the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" **(a)** is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or **(b)** has been discharged or dispersed therefrom;

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "special nuclear material" or "by-product material".

 © ISO Properties, Inc., 2007

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1525 of 1650

"Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

**(a)** Any "nuclear reactor";

**(b)** Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

**(c)** Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

**(d)** Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

© ISO Properties, Inc., 2007

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1526 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SUPPLEMENTARY PAYMENTS
# AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM.
    GARAGE COVERAGE FORM.

Paragraph A.2.a.(6), SECTION II - LIABILITY COVERAGE is replaced by the following:

   A.    Item (6) is replaced by the following:

         (6)    All interest on the lesser of:

                (a)    the full amount of any judgment; or

                (b)    the applicable limit of insurance

         that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

   B.    The following is added:

         (7)    Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

CAM 0008 10 93

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# POLICY REFORMATION LIMITS

This endorsement modifies insurance provided under the following:

>    GARAGE COVERAGE FORM
>    BUSINESS AUTO COVERAGE FORM

It is agreed that the coverage provided by this policy is intended to comply with the minimum coverage required by "applicable state financial responsibility law". Should a court reform or rescind any provision of this policy because it is inconsistent with "applicable state financial responsibility law", because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by "applicable state financial responsibility law". Policy terms and conditions that provided, as written, limits of coverage in excess of the compulsory limits of coverage required by "applicable state financial responsibility law" shall be given full effect after any such reformation or rescission.

"Applicable state financial responsibility law" means any state law requiring minimum or mandatory coverage amounts or types with respect to the ownership or operation of any motor vehicle, but does not include any state or federal law exclusively governing motor carriers of passenger or property.

CAM 5061 06 02

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY

# TELECOMMUNICATIONS EXCLUSION

This endorsement modifies insurance provided under the following:

### GARAGE COVERAGE FORM

The following exclusion is added to Paragraph **B., Exclusions** of **Section II – Liability Coverage:**

> This insurance does not apply to any injury, damage, loss, cost, expense, fine, or penalty arising directly or indirectly out of the sending or transmitting of any advertisement or promotion by computer, telephone, facsimile machine or any other electronic device, as prohibited by local, state, or federal law or regulation, including but not limited to the Federal Telephone Consumer Protection Act of 1991, without prior expressed written authorized invitation or authorized permission.

**CAM 6076 11 04**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## CROSS-SUITS EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM.
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM.
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM.
> FARM COVERAGE FORM.
> BUSINESSOWNERS COVERAGE FORM.
> GARAGE COVERAGE FORM.
> ERRORS & OMISSIONS COVERAGE FORM.
> COMMERCIAL UMBRELLA COVERAGE FORM.

This insurance does not apply to any actual or alleged "bodily injury," "property damage," "personal injury" or "advertising injury" to:

    (a)    you or any other person or organization qualifying as a Named Insured under this policy; or

    (b)    any business in which any Named Insured:

        (i)    has an interest in 25% or more of the outstanding voting stock or of the total stock; or

        (ii)    is a **Related Company**; or

        (iii)    is a partner; or

    (c)    any business directly or indirectly controlled, operated or managed by any Named Insured or any **Related Company** of any Named Insured; or

    (d)    any present or former partner, officer, director or stockholder of any Named Insured or any **Related Company** of any Named Insured provided that this exclusion (d) shall only apply if the director or stockholder's **bodily injury**, **property damage**, **personal injury** or **advertising injury** arises out of or in connection with their capacity as a director or stockholder.

    (e)    the spouse, child, brother, sister or parent of any of the above individuals listed in (d) as a consequence of (a), (b), (c), or (d).

This insurance does not apply to any claim or **suit** brought by any of the persons listed in (a) through (e) of paragraph 1 above against any insured whether listed in paragraph (a) through (e) or not.

**Related Company** of any Named Insured means a direct or indirect parent company, affiliate or subsidiary of any Named Insured.

All other terms and conditions of the policy remain unchanged.

CL 5820 07 95

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|--------|---------------------------------|---|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners, (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1531 of 1650

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

    a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

    b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

    a. Breakdown;

    b. Repair;

    c. Servicing;

    d. "Loss"; or

    e. Destruction.

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" – Other Than Covered "Autos"**

    a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

    We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "accident" occurs in the coverage territory;

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06 □

**(3)** Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

**(1)** You for any covered "auto".

**(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(a)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(b)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(c)** Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1533 of 1650

(d) Your customers. However, if a customer of yours:

    (i) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

    (ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

(e) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

(3) Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(4) Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

b. The following are "insureds" for "garage operations" other than covered "autos":

(1) You.

(2) Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

### 4. Coverage Extensions

#### a. Supplementary Payments

We will pay for the "insured":

(1) All expenses we incur.

(2) Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

(3) The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

(4) All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

(5) All costs taxed against the "insured" in any "suit" against the "insured" we defend.

(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

These payments will not reduce the Limit of Insurance.

#### b. Out-Of-State Coverage Extensions

While a covered "auto" is away from the state where it is licensed we will:

(1) Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

(2) Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

We will not pay anyone more than once for the same elements of loss because of these extensions.

## B. Exclusions

This insurance does not apply to any of the following:

### 1. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1), (2)** or **(3)** above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1535 of 1650

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

**(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

**(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" – Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1536 of 1650

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**10. Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

**11. Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

**12. Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

**13. Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

**14. Loss Of Use**

Loss of use of other property not physically damaged if caused by:

**a.** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**b.** A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

**15. Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**16. War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

**a.** War, including undeclared or civil war;

**b.** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**c.** Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**17. Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1537 of 1650

## C. Limit Of Insurance

### 1. Aggregate Limit Of Insurance – "Garage Operations" – Other Than Covered "Autos"

For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

Damages payable under the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

a. "Personal injury" liability coverage;

b. "Personal and advertising injury" liability coverage;

c. Host liquor liability coverage;

d. Fire legal liability coverage;

e. Incidental medical malpractice liability coverage;

f. Non-owned watercraft coverage; and

g. Broad form products coverage.

Damages payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos".

Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

The Aggregate Limit of Insurance – "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

### 2. Limit Of Insurance – "Garage Operations" – Covered "Autos"

For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" for Liability Coverage shown in the Declarations.

Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Covered "Autos" are not payable under the Each "Accident" Limit of Insurance – "Garage Operations" – Other Than Covered "Autos".

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

## D. Deductible

We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

CA 00 05 03 06

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1538 of 1650

## SECTION III – GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   **a. Comprehensive Coverage**

   From any cause except:

   **(1)** The "customer's auto's" collision with another object; or

   **(2)** The "customer's auto's" overturn.

   **b. Specified Causes Of Loss Coverage**

   Caused by:

   **(1)** Fire, lightning or explosion;

   **(2)** Theft; or

   **(3)** Mischief or vandalism.

   **c. Collision Coverage**

   Caused by:

   **(1)** The "customer's auto's" collision with another object; or

   **(2)** The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   **a.** You.

   **b.** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   **a.** All expenses we incur.

   **b.** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   **c.** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   **d.** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   **e.** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   **a. Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   **b. Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   **c. Defective Parts**

   Defective parts or materials.

   **d. Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   **a.** Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   **b.** Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1539 of 1650

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV – PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage

From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage

Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage

Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage – Hitting A Bird Or Animal – Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1540 of 1650

**3. Coverage Extension – Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

**a.** Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

**b.** Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

**c.** Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

**B. Exclusions**

**1.** We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

**a. Nuclear Hazard**

**(1)** The explosion of any weapon employing atomic fission or fusion; or

**(2)** Nuclear reaction or radiation, or radioactive contamination, however caused.

**b. War Or Military Action**

**(1)** War, including undeclared or civil war;

**(2)** Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

**(3)** Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

**2.** We will not pay for "loss" to any of the following:

**a.** Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

**b.** Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

**c.** Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

**d.** Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

**e.** Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

**f.** Any accessories used with the electronic equipment described in Paragraph **e.** above.

Exclusions **2.e.** and **2.f.** do not apply to:

**a.** Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

**b.** Any other electronic equipment that is:

**(1)** Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

**(2)** An integral part of the same unit housing any sound reproducing equipment described in Paragraph **a.** above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1541 of 1650

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

**a.** Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

**b.** Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

**a.** Your expected profit, including loss of market value or resale value.

**b.** "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

**c.** Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

**d.** Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

**a.** Wear and tear, freezing, mechanical or electrical breakdown; or

**b.** Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

**a.** The actual cash value of the damaged or stolen property as of the time of "loss"; or

**b.** The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

**a.** Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

**b. Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report.

If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

**c. Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

**a.** Theft or mischief or vandalism; or

**b.** All perils.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1542 of 1650

## SECTION V – GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

#### 1. Appraisal For Physical Damage Loss

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

#### 2. Duties In The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

(1) How, when and where the "accident" or "loss" occurred;

(2) The "insured's" name and address; and

(3) To the extent possible, the names and addresses of any injured persons and witnesses.

b. Additionally, you and any other involved "insured" must:

(1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

(2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

(4) Authorize us to obtain medical records or other pertinent information.

(5) Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

c. If there is "loss" to a covered "auto" or its equipment you must also do the following:

(1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

(2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

(3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

(4) Agree to examinations under oath at our request and give us a signed statement of your answers.

#### 3. Legal Action Against Us

No one may bring a legal action against us under this Coverage Form until:

a. There has been full compliance with all the terms of this Coverage Form; and

b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

#### 4. Loss Payment – Physical Damage Coverages

At our option we may:

a. Pay for, repair or replace damaged or stolen property;

b. Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

#### 5. Transfer Of Rights Of Recovery Against Others To Us

If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1543 of 1650

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee – Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

**(1)** Excess while it is connected to a motor vehicle you do not own.

**(2)** Primary while it is connected to a covered "auto" you own.

**b.** For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

**c.** Regardless of the provisions of Paragraph **a.** above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

**a.** The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

**b.** If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

**a.** "Bodily injury", "property damage" and "losses" occurring; and

**b.** "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

**a.** The United States of America;

**b.** The territories and possessions of the United States of America;

**c.** Puerto Rico;

**d.** Canada; and

**e.** Anywhere in the world if:

**(1)** A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1544 of 1650

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1545 of 1650

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section **I** of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

  **1.** A lease of premises;

  **2.** A sidetrack agreement;

  **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

  **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

  **5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

  **6.** An elevator maintenance agreement; or

  **7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

  **a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

  **b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1546 of 1650

**N.** "Products" includes:

  **1.** The goods or products you made or sold in a garage business; and

  **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

  **1.** Damages because of "bodily injury" or "property damage"; or

  **2.** A "covered pollution cost or expense",

  to which this insurance applies, are claimed.

  "Suit" includes:

  **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

  **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

  **1.** Work that someone performed on your behalf; and

  **2.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1547 of 1650

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| |
|---|
| **Named Insured:** |
| **Endorsement Effective Date:** |

| **Countersignature Of Authorized Representative** |
|---|
| **Name:** |
| **Title:** |
| **Signature:** |
| **Date:** |

### SCHEDULE

| |
|---|
| **Limit Of Insurance:  $**        **Each "Accident"** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1548 of 1650

## A. Coverage

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

   However, if "bodily injury" to which this coverage applies is sustained by any person other than an individual Named Insured or any "family member", the Limit of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:

   a. The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations for this coverage, at the time of the "accident".

© ISO Properties, Inc., 2005

CA 21 04 03 06

**b.** An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph **a.** above.

A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

**3.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The conditions are changed for Missouri Uninsured Motorists Coverage as follows:

**1.** The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

**a.** Promptly notify the police if a hit-and-run driver is involved; and

**b.** Promptly send us copies of the legal papers if a "suit" is brought.

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

**4.** The following condition is added:

**ARBITRATION**

**a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**5. Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Uninsured motor vehicle" means a land motor vehicle or "trailer":

**a.** For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1550 of 1650

**b.** For which an insuring or bonding company denies coverage or is or becomes insolvent; or

**c.** That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:

   **(1)** Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or

   **(2)** Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.

However, "uninsured motor vehicle" does not include any vehicle:

**a.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or

**b.** Designed for use mainly off public roads while not on public roads.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1551 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS DRIVEAWAY COLLISION COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

PHYSICAL DAMAGE COVERAGE is changed as follows:

The exclusion relating to collision "loss" to covered "autos" driven or transported more than fifty road miles from point of purchase or distribution to their destination does not apply, provided that:

1. You must include in your regular monthly or quarterly reports a statement of the points of origin, the destination and the factory price of each of these covered "autos".

2. If on the date of your last report the total value of these covered "autos", driven or transported during the period the report covers, exceeds what you reported we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the total value reported by the total value you actually had on the date of your last report.

    Copyright, Insurance Services Office, Inc., 1993       ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1552 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# GARAGE LOCATIONS AND OPERATIONS MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1553 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LOCATIONS AND OPERATIONS NOT COVERED

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement effective 4/21/2012 | Policy No. MOA100192 |
|---|---|
| Named Insured MILLER INVESTMENT GROUP, INC   DBA AUTO NOW | Countersigned by |

(Authorized Representative)

## SCHEDULE

Locations and Operations Not Covered:

> This insuance does not apply to Bodily Injury or Property Damage resulting from the ownership, maintenance or use of tow trucks, tank trucks, tank trailers and haulaways whether connected or not connected to non-owned or covered "autos" you own, unless specifically scheduled under the auto schedule of covered autos.

Haulaways are defined as truck or trailers capable of transporting one or more vehicles.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The Garage Coverage Form does not apply to the locations or operations described in the Schedule.

CA 25 07 12 93        Copyright, Insurance Services Office, Inc., 1993

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Endorsement Effective: | Countersigned By: |
|---|---|
| Named Insured: | (Authorized Representative) |

## SCHEDULE

| LIMIT OF INSURANCE | |
|---|---|
| $ | Each "Accident" |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if **a.** or **b.** below applies:

   **a.** The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **b.** A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

      **(1)** Have been given prompt written notice of such tentative settlement; and

      **(2)** Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1555 of 1650

## B. Who Is An Insured

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

## D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

   b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

## E. Changes In Conditions

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

      (2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:

   a. Promptly notify the police if a hit-and-run driver is involved, and

   b. Promptly send us copies of the legal papers if a "suit" is brought.

© ISO Properties, Inc., 2000

CA 31 04 04 01

**c.** A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.

Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:

**a.** Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

**b.** Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

**a.** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

**b.** We also have a right to recover the advanced payment.

**4.** The following condition is added:

**ARBITRATION**

**a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

**b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**F. Additional Definitions**

As used in this endorsement:

**1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.

**2.** "Occupying" means in, upon, getting in, on, out or off.

**3.** "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not include any vehicle:

**a.** Owned or operated by a self insurer under any applicable motor vehicle law or;

**b.** Designed for use mainly off public roads while not on public roads.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1557 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DRIVE OTHER CAR COVERAGE – BROADENED COVERAGE FOR NAMED INDIVIDUALS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Endorsement Effective: 4/21/2012 | Countersigned By: |
| Named Insured: MILER INVESTMENT GROUP INC DBA AUTO NOW | (Authorized Representative) |

**SCHEDULE**

| Name Of Individual | Liability | | Auto Medical Payments | |
|---|---|---|---|---|
| | Limit | Premium | Limit | Premium |
| MIKE MILLER SR<br>LEE ANNE MILLER<br>MIKE MILLER JR<br>RYAN MILLER | $ 1,000,000 | INCL | $ 1,000 | INCL |

| Name Of Individual | Uninsured Motorists | | Underinsured Motorists | | Physical Damage | |
|---|---|---|---|---|---|---|
| | | | | | Comp. | Coll. |
| | Limit | Premium | Limit | Premium | | |
| MIKE MILLER SR<br>LEE ANNE MILLER<br>MIKE MILLER JR<br>RYAN MILLER | $ 100,000 | INCL | $ 100,000 | INCL | 1,000 | 1,000 |

Note – When uninsured motorists is provided at limits higher than the basic limits required by a financial responsibility law, underinsured motorists is included, unless otherwise noted. If Underinsured Motorists Coverage is provided as a separate coverage, make appropriate entry in the Schedule above.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1558 of 1650

**A.** This endorsement changes only those coverages where a premium is shown in the Schedule.

**B. Changes In Liability Coverage**

1. Any "auto" you don't own, hire or borrow is a covered "auto" for Liability Coverage while being used by any individual named in the Schedule or by his or her spouse while a resident of the same household except:

    **a.** Any "auto" owned by that individual or by any member of his or her household.

    **b.** Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

2. The following is added to **Who Is An Insured:**

    Any individual named in the Schedule and his or her spouse, while a resident of the same household, are "insureds" while using any covered "auto" described in Paragraph **B.1.** of this endorsement.

**C. Changes In Auto Medical Payments And Uninsured And Underinsured Motorists Coverages**

The following is added to **Who Is An Insured:**

Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:

Any "auto" owned by that individual or by any "family member".

**D. Changes In Physical Damage Coverage**

Any private passenger type "auto" you don't own, hire or borrow is a covered "auto" while in the care, custody or control of any individual named in the Schedule or his or her spouse while a resident of the same household except:

1. Any "auto" owned by that individual or by any member of his or her household.

2. Any "auto" used by that individual or his or her spouse while working in a business of selling, servicing, repairing or parking "autos".

**E. Additional Definition**

As used in this endorsement:

"Family member" means a person related to the individual named in the Schedule by blood, marriage or adoption who is a resident of the individual's household, including a ward or foster child.

© ISO Properties, Inc., 2002

CA 99 10 09 02

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1559 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - ABUSE OR MOLESTATION

This endorsement modifies insurance provided under the following:

    COMMERCIAL AUTO COVERAGE FORM.

This insurance does not apply to "bodily injury" or "property damage" arising out of:

(a)    The actual or threatened abuse or molestation of any person while that person is in the care, custody or control of any insured; or

(b)    The negligent:

    (i)    Employment;

    (ii)    Investigation;

    (iii)    Supervision;

    (iv)    Reporting to the proper authorities, or failure to so report; or

    (v)    Retention;

of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) above.

CAM 5005 08 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**MIDWEST AUTO FINANCE, INC
2917 W 113TH ST
LEAWOOD, KS 66211**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## ADDITIONAL INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

### SCHEDULE

**Name of person or organization:**

**THOMAS E GORENC
6734 N CHARLESTON DR
KANSAS CITY, MO 64119**

With respect to SECTION II – LIABILITY COVERAGE only, Who is An Insured (Section II (A)(1)) is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule above. The coverage afforded hereby to such additional insured is limited to imputed liability specifically resulting from the conduct of the Named Insured for which the additional insured was held liable.

CAM 5030 08 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGEKEEPERS COVERAGE FORM.

It is agreed that paragraph 3. under Section E. Additional Definitions is amended as follows:

3. "Garage Operations" means the ownership, maintenance or use of locations for the purpose of a business selling, servicing, repairing, parking, towing or storing "customer's autos" and that portion of the roads or other accesses that adjoin these locations. This Limitation regarding that portion of the roads or other accesses that adjoin these premises does not apply while a vehicle is being towed by a covered auto. "Garage operations" also includes all operations necessary or incidental to the performance of garage operations.

CAM 5035 05 96

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - TOWED AUTO COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM
GARAGE KEEPERS COVERAGE FORM

The following exclusion is added to Subsection **B(1) Exclusions** of **Section III Garage Keepers Coverage** of the Garage Coverage Form and Section **C. Exclusions** of the Garage Keepers Coverage Form:

**Towed Auto**

Liability or loss resulting from or arising out of the towing or transporting of any vehicle by any insured. Towing or transporting includes the process of engaging or disengaging any vehicle for towing or transport.

CAM 5037 05 05

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section IV, Part D, Paragraph 1, is amended as follows:

D.    DEDUCTIBLES

For each covered auto, our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductibles shown in the declarations, provided that:

a.    AUTO DEALERS ONLY SPECIAL DEDUCTIBLE PROVISIONS

If your business is stated in the declarations as an auto dealership:

(1)    The Comprehensive Coverage or Specified Causes of Loss Coverage deductible applies to all causes of loss.

(2)    Regardless of the number of covered autos damaged or stolen the per loss deductible Comprehensive or Specified Cause of Loss Coverage shown in the declarations is the maximum deductible applicable for all loss in any one event caused by all causes of loss.

CAM 5044 04 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# DEALERS TEST DRIVE ENDORSEMENT

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

The following exclusion is added:

If your business is shown in the Declarations as an auto dealership, this insurance does not apply to "bodily injury" or "property damage" arising out of the test driving or demonstration of any covered "auto" by:

    1.    An unlicensed driver;

    2.    Any driver under the age of 21 on the date of loss unless accompanied by that driver's parent or legal guardian or an employee of the named insured or an authorized sales representative of the named insured.

We have no duty to defend the insured against a "suit" asking for damages arising out of the above.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5049 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO DEALERS WIND AND HAIL
# CLAIM SETTLEMENT ENDORSEMENT

This endorsement modifies coverage provided by the:

GARAGE COVERAGE FORM

With respect to loss due to wind or hail, the following is added to Section IV. Physical Damage Coverage of the Garage Coverage Form.

If your business is shown in the declarations as an "auto dealership", we will pay "loss" to a covered "auto" due to wind or hail as described below.

At our option, the most we will pay for "loss" to any one covered "auto" is the lesser of :

    1.    The cost of replacing the damaged property with other property of like kind and quality;

    2.    The cost of repairing the damaged property by conventional means of body work;

    3.    The cost of repairing the damaged property by Dent Crafters or similar type process and company.

You may choose to receive a cash settlement equal to the lesser of the loss of value for the damaged auto or the repair option selected by us in lieu of exercising the replace or repair option selected by us.

When settlement is based on replacement of a covered "auto", it will be at your actual cost exclusive of your profit, holdback, or overhead expenses. We will subtract a reasonable amount for depreciation. When settlement is based on repairs to the covered "auto" and you are capable of performing the repair work, the most we will pay is 65% of the retail charges on parts, materials and labor unless stated otherwise in the declarations.

From the amount of loss, as determined above, we will subtract a reasonable amount for depreciation as well as the deductible shown in the declarations under Physical Damage Comprehensive Coverage. This deductible applies to each covered "auto" in the event that more than one covered "auto" is damaged in one event.

If a maximum deductible is stated in the declarations for Physical Damage, Comprehensive or Specified Causes of Loss Coverage, then the stated maximum deductible is the most that will be deducted for all "loss" in any one event caused by wind or hail.

CAM 5055 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION - DESIGNATED OPERATIONS

This endorsement modifies coverage provided by the:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM

## SCHEDULE

**Description of Excluded Operations:**

**1404 SANTA FE**
**OLATHE, KS 66061**

**Specified Location (If applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to any "bodily injury" or "property damage" arising out of any of the operation (s) shown in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies to all operations conducted at that specified "location."

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

All other terms, limits, conditions and provisions of this policy remain unchanged.

CAM 5058 07 97

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO RADIUS LIMITATION - THREE HUNDRED MILES

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM.
> BUSINESS AUTO COVERAGE FORM.

This insurance does not apply to any loss or damage that arises out of or is in any way related to operation of autos that you own, lease or hire when such operation occurs more than 300 miles away from your business premises.

Should a court reform or rescind any provision of this policy because it is inconsistent with applicable state financial responsibility laws, because it is contrary to public policy, or for any other reason, the limits of insurance coverage shall be the minimum limits mandated by applicable state financial responsibility law. The policy terms and conditions as written prior to such reformation shall be given full effect with respect to any insurance coverage in excess of the applicable state financial responsibility law compulsory limits of insurance coverage. Applicable state financial responsibility law does not include any law governing motor carriers of passengers or property.

CAM 6042 11 99

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# HAIL DEDUCTIBLE

This endorsement modifies the insurance provided under the following:

GARAGE COVERAGE FORM

The following deductible applies to "loss" caused by hail:

$    1,000                    each "auto"

It is agreed that the deductibles shown in the declarations for each auto and maximum for any one event do not apply to hail "loss".

CAM 6140 02 07

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS ALL CAUSES OF LOSS DEDUCTIBLE

This endorsement modifies insurance provided under the following:

> GARAGE COVERAGE FORM

In consideration of reduced premium, it is hereby agreed that Section III, Part C (1) of the Garage Coverage Form is amended as follows:

C. LIMIT OF INSURANCE AND DEDUCTIBLE

1. Regardless of the number of covered "autos", insureds, premiums paid, claims made or "suits" brought, the most we will pay each loss at each location is the GARAGEKEEPERS COVERAGE OF LIMIT INSURANCE shown in the declarations for that location minus the applicable deductibles applying to all causes of "loss".

CCL 274 10 97

MOA100192
RENEWAL NUMBER

**BERKSHIRE HATHAWAY HOMESTATE**
**INSURANCE COMPANY**
**OMAHA, NEBRASKA**
**GARAGE DECLARATIONS**

*Missouri*

Med Jarbas, Inc.
8596 College Blvd
Overland Park, KS 66210

CROSS REFERENCE NUMBER
**02 GHM 000450 - 01**

ITEM ONE NAMED INSURED & ADDRESS

MILLER INVESTMENT GROUP INC
DBA: AUTO NOW
2917 W 113TH STREET
LEAWOOD, KS 66211
POLICY PERIOD: Policy covers FROM        04/21/2013 12:01 AM        TO        04/21/2014

FORM OF NAMED INSURED'S BUSINESS:        Corporation

NAMED INSURED'S BUSINESS:        USED AUTO SALES

12:01 A.M. Standard Time at the Named
Insured's Address stated above.

ITEM TWO – SCHEDULE OF COVERAGES AND COVERED AUTOS

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the COVERED AUTO Section of the Garage Coverage Form next to the name of the coverage. Entry of a symbol next to LIABILITY provides coverage for "garage operations."

| COVERAGES | COVERED AUTOS (Entry of one or more of the symbols from the COVERED AUTOS Section of the Garage Coverage Form shows which autos are covered autos) | LIMIT OF INSURANCE | | | PREMIUM |
|---|---|---|---|---|---|
| | | EACH ACCIDENT GARAGE OPERATIONS | | AGGREGATE GARAGE OPERATIONS | |
| | | "Auto" Only | Other than "Auto" Only | Other than "Auto" Only | |
| LIABILITY | 21 | $ 1,000,000 | $ 1,000,000 | $ 2,000,000 | $ 20,572 |
| PERSONAL INJURY PROTECTION (P.I.P.) (or equivalent No-fault coverage) | | SEPARATELY STATED IN EACH P.I.P. ENDORSEMENT MINUS $ Deductible | | | $ |
| ADDED P.I.P. (or equivalent added No-fault coverage) | | SEPARATELY STATED IN EACH ADDED P.I.P. ENDORSEMENT | | | $ |
| PROPERTY PROTECTION INSURANCE (Michigan only) | | SEPARATELY STATED IN THE P.P.I. ENDORSEMENT MINUS $ Deductible FOR EACH ACCIDENT | | | $ |
| MEDICAL PAYMENTS | 22 | $ 1,000 | | | $ 573 |
| UNINSURED MOTORISTS | 22 | $ 100,000 CSL (BI Only) | | | $ 895 |
| UNDERINSURED MOTORISTS (When not included in Uninsured Motorists Coverage) | 22 | $ 100,000 CSL (BI Only) | | | $ 878 |
| GARAGE KEEPERS INSURANCE — COMPREHENSIVE COVERAGE | 30 | $ See M 5509 (08/2010) | | | $ 228 |
| GARAGE KEEPERS INSURANCE — SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| GARAGE KEEPERS INSURANCE — COLLISION COVERAGE | 30 | $ See M 5509 (08/2010) | | | $ 92 |
| PHYSICAL DAMAGE INSURANCE — COMPREHENSIVE COVERAGE | 22 | $ See M 5508 (08/2010) | See Supplementary Schedule for dealers' autos and autos held for sale by trailer dealers and non-dealers. | | $ 5,484 |
| PHYSICAL DAMAGE INSURANCE — SPECIFIED CAUSES OF LOSS | | $ | | | $ |
| PHYSICAL DAMAGE INSURANCE — COLLISION COVERAGE | 22 | $ See M 5509 (08/2010) | | | $ 1,505 |

| FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT ITS INCEPTION | PREMIUM FOR ENDORSEMENTS | $ |
|---|---|---|
| See M-4572 (12/1994) | ESTIMATED TOTAL PREMIUM | $ 30,327 |

ENTER SYMBOL 32 DESCRIPTION HERE:

POLICY SUBJECT TO A FULLY EARNED POLICYWRITING MINIMUM PREMIUM OF $        0        IF CANCELLED BY THE INSURED.

The estimated total premium for this policy is based on the exposures you told us you would have when this policy began. We will compute your final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and you will be billed for the balance, if any. If the estimated final premium exceeds the final premium due you will get a refund. To determine your final premium due we may examine your records at any time during the period of coverage and up to three years afterward. If this policy is issued for more than one year, the premium shall be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

THIS DECLARATIONS MUST BE COMPLETED BY THE ATTACHMENT OF A SUPPLEMENTARY SCHEDULE

Countersigned at        **OVERLAND PARK, KS**        By _____
                                                                    Authorized Representative

In Witness whereof, we have caused this policy to be executed and attested.

_____
Secretary

_____
President

04/19/2013 09:66 8FC9A531-442D-406E-B694-EB996B9C890D

M-5608 (02/2011)        Includes copyrighted material of Insurance Services Office, with its permission  Copyright, Insurance Services Office, 1985

**EXHIBIT 7**

# SCHEDULE OF FORMS AND ENDORSEMENTS AT POLICY INCEPTION

POLICY #  02 GHM 000450 - 01

INSURED   MILLER INVESTMENT GROUP INC

EFFECTIVE  04/21/2013 12:01 AM

| | | |
|---|---|---|
| M 4600a | 04/2003 | Commercial Policy Jacket |
| M 5608 | 02/2011 | Garage Coverage Declarations |
| M 4572 | 12/1994 | Schedule of Forms and Endorsements at Policy Inception |
| M 5509 | 08/2010 | Garage-Auto Dealers Supplementary Schedule |
| CA 0005 | 03/2006 | Garage Coverage Form |
| CA 9903 | 03/2006 | Auto Medical Payments Coverage |
| CA 2104 | 12/2012 | Missouri Uninsured Motorists Coverage |
| CA 3104 | 09/2010 | Missouri Underinsured Motorists Coverage |
| M 5057 | 08/2001 | Garagekeepers Coverage - Definition of "Customer's Auto" |
| CA 0165 | 10/2006 | Missouri Changes |
| M 5479 | 04/2010 | Towing and Storing Costs |
| M 4018a | 06/1991 | Garagekeepers Coverage Towing Exclusion |
| M 5012 | 11/2000 | Missouri Changes - Pollution Exclusion |
| M 5157 | 02/2004 | Missouri Changes - Cancellation and Nonrenewal |
| M 5623 | 04/2011 | Application of Policy - Financial Responsibility |
| M 3795 | 03/1987 | Punitive Damage Exclusion Duty to Defend Amendment |
| M 4047a | 09/2009 | Liquor Liability Exclusion |
| M 4166c | 11/2008 | Physical Damage Insurance - Dealers Limitation Endorsement |
| CA 2505 | 03/2006 | Garage Locations and Operations Medical Payments Coverage |
| CA 2516 | 10/2001 | Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| M 4628b | 10/2006 | Automobile Transporter, Tank Truck or Tank Trailer Exclusion |
| M 4629 | 11/1995 | Limitation Endorsement (Dealers) Drive-Away Operations |
| M 4632 | 10/1995 | Exclusion - Animals |
| M 4763a | 05/1999 | Garage Coverage - Exclusion of "Autos" Other Than Covered "Autos" |
| M 5529 | 10/2010 | Exclusion - No Maximum Deductible for Hall |
| M 5150b | 12/2007 | Terrorism Risk Insurance Endorsement |

Form Version 041001

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB995B9C890D

M-4572 (12/94)

# NOTICE OF COVERAGE CHANGES

**INSURED:**    MILLER INVESTMENT GROUP INC

**COMPANY:**    Berkshire Hathaway Homestate Insurance Company

| | | | | | |
|---|---|---|---|---|---|
| **RENEWAL POLICY #:** | 02 GHM 000450 - 01 | **POLICY TERM:** | 04/21/2013 | to | 04/21/2014 |
| **EXPIRING POLICY #:** | MO A10 0192 | **POLICY TERM:** | 04/21/2012 | to | 04/21/2013 |

This insurance policy, which is a renewal of the expiring policy listed above, has changes in coverage initiated by the Company. The changes in coverage are listed below. **TO UNDERSTAND YOUR POLICY AND THESE CHANGES, PLEASE READ YOUR POLICY CAREFULLY.** If you have any questions, please contact your insurance agent.

**RENEWAL POLICY CHANGES:**

| | |
|---|---|
| New Form | CA 0005 (3/2006) GARAGE COVERAGE FORM |
| New Form | CA 0165 (10/2006) Missouri Changes |
| New Form | CA 2104 (12/2012) Missouri Uninsured Motorists Coverage |
| New Form | CA 2505 (3/2006) Garage Locations and Operations Medical Payments Coverage |
| New Form | CA 2516 (10/2001) Garage Coverage Form - Other than Covered Autos Exposure - Total Pollution Exclusion |
| New Form | CA 3104 (9/2010) Missouri Underinsured Motorists Coverage |
| New Form | CA 9903 (3/2006) Auto Medical Payments Coverage |
| New Form | M 3795 (3/1987) Punitive Damage Exclusion Duty to Defend Amendment |
| New Form | M 4018a (6/1991) Garagekeepers Coverage Towing Exclusion |
| New Form | M 4047a (9/2009) Liquor Liability Exclusion |
| New Form | M 4166c (11/2008) Physical Damage Insurance - Dealers Limitation Endorsement |
| New Form | M 4572 (12/1994) Schedule of Forms and Endorsements at Policy Inception |
| New Form | M 4600a (4/2003) Commercial Policy Jacket |
| New Form | M 4628b (10/2006) Automobile Transporter, Tank Truck or Tank Trailer Exclusion |
| New Form | M 4629 (11/1995) Limitation Endorsement (Dealers) Drive-Away Operations |
| New Form | M 4632 (10/1995) Exclusion - Animals |
| New Form | M 4763a (5/1999) Garage Coverage - Exclusion of "Autos" Other Than Covered "Autos" |
| New Form | M 5012 (11/2000) Missouri Changes - Cancellation and Nonrenewal |
| New Form | M 5057 (8/2001) Garagekeepers Coverage - Definition of "Customer's Auto" |
| New Form | M 5150b (12/2007) Terrorism Risk Insurance Endorsement |
| New Form | M 5157 (2/2004) Missouri Changes - Cancellation and Nonrenewal |
| New Form | M 5479 (4/2010) Towing and Storing Costs |
| New Form | M 5509-1 (8/2010) Garage-Auto Dealers Supplementary Schedule |
| New Form | M 5529 (10/2010) Exclusion - No Maximum Deductible for Hail |
| New Form | M 5608 (2/2011) Garage Declarations |
| New Form | M 5623 (4/2011) Application of Policy - Financial Responsibility |

# COMMON POLICY CONDITIONS

**All Coverages Included in this policy are subject to the following conditions:**

## A. CANCELLATION

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 10 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date at 12:01 a.m. unless another time is stated on the cancellation notice.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

## B. CHANGES

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

## C. EXAMINATION OF YOUR BOOKS AND RECORDS

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

## D. INSPECTIONS AND SURVEYS

We have the right but are not obligated to:

1. Make inspections and surveys at any time;

2. Give you reports on the condition we find; and

3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

1. Are safe or healthful; or

2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

## E. PREMIUMS

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1576 of 1650

# NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT

## (Broad Form)

1. The insurance does not apply:

   A. Under any Liability Coverage, to "bodily injury" or "property damage":

      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from the "hazardous properties" of "nuclear material," if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom.

      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an "insured"; or

      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" include radioactive, toxic or explosive properties;

   "Nuclear material" means "source material," "Special nuclear material" or "by-product material";

   "Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor";

   "Waste" means any waste material (a) containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

   "Nuclear facility" means:

      (a) Any "nuclear reactor";

      (b) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste";

      (c) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

      (d) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

   and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

   "Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

   "Property damage" includes all forms of radioactive contamination of property.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1577 of 1650

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Locations

**ITEM THREE – LOCATIONS**
Locations where you conduct "garage operations". The main business location is stated as location Number 1.
See the LOCATION AND LIABILITY SCHEDULE below.

**ITEM FOUR – LIABILITY COVERAGE PREMIUMS – DEFINITIONS**
**Class I – Employees**
  • **Regular Operator:** Proprietors, partners and officers active in the "garage operations", salespersons, general managers, service managers; any employee whose principal duty involves the operation of covered "autos" or who is furnished a covered "auto".
  • **All Others:** All other employees.
  • **NOTE:**
  1.  Part-time employees working an average of 20 hours or more a week for the number of weeks worked are to be counted as 1 rating unit each.
  2.  Part-time employees working an average of less than 20 hours a week for the number of weeks worked are to be counted as 1/2 rating unit each.
**Class II – Non-Employees:** Any of the following persons who are regularly furnished with a covered "auto": inactive proprietors, partners or officers and their relatives and the relatives of any person described in Class I.

**ITEM FIVE – LIABILITY COVERAGE FOR YOUR CUSTOMERS**
In accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY COVERAGE, Liability coverage for your customers is limited unless indicated below by "☒".

☒  If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II – LIABILITY COVERAGE does not apply.

### LOCATION AND LIABILITY SCHEDULE

| Loc # | Location<br>Street Address<br>City, State, Zip | Liability Coverage | | | | | |
|---|---|---|---|---|---|---|---|
| | | Class I – Employees<br>Rating Units | Class II – Non-employees<br>Rating Units | Total Rating Units | Liability Premium | Personal Injury Protection Premium | Property Protection Premium |
| 1 | 10500 E 24 HWY<br>INDEPENDENCE, MO 64053 | 5.80 | | 5.80 | 6,151 | | |
| 2 | 307 NORTH AVE<br>BELTON, MO 64102 | 2.40 | | 2.40 | 3,485 | | |
| 3 | 7901 WORNALL<br>KANSAS CITY, MO 64114 | 7.60 | | 7.60 | 11,036 | | |
| | TOTAL PREMIUMS | | | | 20,672 | 0 | 0 |

\* Minimum Annual Liability Premium Equal to 2 Rating Units Per Policy.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1578 of 1650

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
## Garagekeepers Insurance

**ITEM SIX - GARAGEKEEPERS INSURANCE – COVERAGE AND PREMIUMS**

GARAGEKEEPERS COVERAGE applies on a legal liability basis unless one of the direct coverage options is indicated below by "⊠".

DIRECT COVERAGE OPTIONS

☐ EXCESS INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is excess over any other collectible insurance regardless of whether the other insurance covers your or any other "insured's" interest or the interest of the covered "auto's" owner.

☒ PRIMARY INSURANCE. If this box is checked, GARAGEKEEPERS COVERAGE is changed to apply without regard to your or any other "insured's" legal liability for "loss" to a covered "auto" and is primary insurance.

☒ **MAXIMUM DEDUCTIBLE**

If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $        5,000               .

| Loc # | Coverages | Limit of Insurance For Each Location (Absence of a limit or deductible below means that the corresponding ITEM TWO limit or deductible applies) | | Premium |
|---|---|---|---|---|
| | Specified Causes of Loss | $         MINUS $ | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| 1 | Comprehensive | $   25,000 MINUS $ | 1,000 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $         114 |
| | Collision | $   25,000 MINUS $ | 1,000 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $          46 |
| | Specified Causes of Loss | $         MINUS $ | DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $ |
| 3 | Comprehensive | $   25,000 MINUS $ | 1,000 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $         114 |
| | Collision | $   25,000 MINUS $ | 1,000 DEDUCTIBLE FOR EACH "CUSTOMERS AUTO". | $          46 |
| | | | TOTAL PREMIUM | $         320 |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1579 of 1650

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
## Physical Damage

**ITEM SEVEN –**    **PHYSICAL DAMAGE COVERAGE – TYPES OF COVERED AUTOS AND INTERESTS IN THESE AUTOS – PREMIUMS – REPORTING OR NONREPORTING BASIS.**

Each of the following PHYSICAL DAMAGE coverages which is indicated in ITEM TWO applies only to the types of "autos" and interests indicated below "☒".

| Coverages | Types of "Autos" | | Interests Covered | | | |
|---|---|---|---|---|---|---|
| | New "autos" | Used "autos", demonstrators and service vehicles | Your interest in covered "autos" you own | Your interest only in financed covered "autos" | Your interest and the interest of any creditor named as a loss payee | All interests in any "auto" not owned by you or any creditor while in your possession on consignment for sale |
| Comprehensive | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
| Specified Causes of Loss | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Collision | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

| Loc # | Coverages | Limit of Insurance For Each Location | | | Rates | Premium |
|---|---|---|---|---|---|---|
| 1 | Spec. | $ MINUS $ | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | $ |
| | Comp. | $ 180,000 MINUS $ 1,000 | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | $ 1,994 |
| 2 | Spec. | $ MINUS $ | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | $ |
| | Comp. | $ 135,000 MINUS $ 1,000 | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | $ 1,496 |
| 3 | Spec. | $ MINUS $ | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | $ |
| | Comp. | $ 180,000 MINUS $ 1,000 | DEDUCTIBLE FOR EACH COVERED "AUTO". | | | $ 1,994 |

| Loc # | Coverages | | | | | Premium |
|---|---|---|---|---|---|---|
| All | Collision | $ 495,000 MINUS $ 1,000 DEDUCTIBLE FOR EACH COVERED "AUTO". | | | Adjustment Factor | |
| | | BLANKET ANNUAL COLLISION RATES | | | | |
| | | FIRST $50,000 | $50,001 to $100,000 | Over $100,000 | | |
| | | 1.81 | 0.90 | 0.46 | | $ 1,505 |

Our limit of insurance for "loss" at locations other than those stated in ITEM THREE.
$ 81,000 Additional Locations where you store covered "autos" $ 81,000 in transit

| TOTAL PREMIUM | $ 6,989 |
|---|---|

☒ **MAXIMUM DEDUCTIBLE**
If this box is checked, the maximum deductible for Specified Causes of Loss or Comprehensive coverage for all such "loss" in any one event shall be $ 5,000 .

**PREMIUM BASIS – Reporting (Quarterly or Monthly) or Nonreporting (Indicate Basis Agreed Upon by "☒").**

☐ **REPORTING BASIS (Quarterly or Monthly as indicated below by "☒").**
You must report to us on our form the locations of your covered "autos" and their total value at each such location. For your main sales location identified as location no. 1 you must include the total value of all covered autos you have furnished or made available to yourself, your executives, your employees or family members and other Class II – Non-Employees, and covered "autos" that are temporarily displayed or stored at locations other than those stated in ITEM THREE above. For your main sales location you must include the total value of all service vehicles.
**YOUR REPORTING BASIS IS:**

☐ **QUARTERLY –** You must give us your first report by the fifteenth of the fourth month after the policy begins. Your subsequent reports must be given to us by the fifteenth of every third month. Your reports must contain the values for the last business day of every third month coming within the policy period.

☐ **MONTHLY –** You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on the last business day of the preceding month.

Premiums will be calculated pro rata of the annual premium for the exposures contained in each report. At the end of each policy year we will add the monthly premiums or the quarterly premiums to determine your final premium due for the entire policy year. The estimated total premiums shown above will be credited against the final premium due.

MONTHLY – You must give us your reports by the fifteenth of every month. Your reports will contain the total values you had on

☒ **NONREPORTING BASIS.** Stated limit of insurance shown above applies.

| **LOSS PAYEES** – Any loss is payable as interest may appear to you and: |
|---|
| |

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-5509 -3 (08/2010)   Includes copyrighted material of Insurance Services Office, Inc., with its permission

# GARAGE – AUTO DEALERS SUPPLEMENTARY SCHEDULE
### Additional Information

**ITEM EIGHT – MEDICAL PAYMENTS COVERAGE**
Refer to ITEM NINE for covered "autos" insured on a specified car basis.

| Coverage | Premium Determination | | Premium |
|---|---|---|---|
| Auto Medical Payments Only | Auto Medical Payments Premium equals                    % | | $ |
| Premises and Operations Medical Payments (Does not apply to "bodily injury" caused by any "auto") | Premises and Operations Medical Payments Premium equals              % | of the Liability Premium | $ |
| Premises and Operations and Auto Medical Payments | Premises and Operations and Auto Medical Payments Premium equals   2.77 % | | $        573 |

**ITEM NINE –    SCHEDULE OF COVERED AUTOS WHICH ARE FURNISHED TO SOMEONE OTHER THAN A CLASS I OR CLASS II OPERATOR OR WHICH ARE INSURED ON A SPECIFIED CAR BASIS**

Refer to the SCHEDULE OF COVERED AUTOS for specified "autos". Refer to the Schedule below for "autos" furnished to someone other than a Class I or Class II Operator.

| Auto # | Person or Organization to which the Covered "auto" has been furnished (Do not include Covered "autos" which have been furnished to Class I or Class II operators). |
|---|---|
| | |

**ITEM TEN –    UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE – PREMIUMS**

| | Number of Plates | Rate Per Plate | Premium |
|---|---|---|---|
| UM | 16 | 55.94 | $        895 |
| UIM | 16 | 54.88 | $        878 |

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1582 of 1650

# GARAGE COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI - Definitions.

## SECTION I - COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

### A. Description Of Covered Auto Designation Symbols

| Symbol | Description Of Covered Auto Designation Symbols | |
|--------|-----------------|-----------------|
| 21 | Any "Auto" | |
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 23 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 24 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 25 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 26 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 27 | Specifically Described "Autos" | Only those "autos" described in Item Nine of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to a power unit described in Item Nine). |
| 28 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 29 | Non-Owned "Autos" Used In Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company), or members of their households while used in your garage business. |

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C899D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1583 of 1650

| Symbol | | Description Of Covered Auto Designation Symbols |
|---|---|---|
| 30 | "Autos" Left With You For Service, Repair, Storage Or Safekeeping | Any customer's land motor vehicle or trailer or semitrailer while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households, who pay for the services performed. |
| 31 | Dealers "Autos" (Physical Damage Coverages) | Any "autos" and the interests in these "autos" described in Item Seven of the Declarations. |

**B. Owned Autos You Acquire After The Policy Begins**

1. If Symbols **21, 22, 23, 24, 25,** or **26** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol **27** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:

   a. We already have all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and

   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

**C. Certain Trailers And Temporary Substitute Autos**

If Liability coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:

1. "Trailers" with a load capacity of 2,000 pounds or less designed primarily for travel on public roads.

2. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:

   a. Breakdown;

   b. Repair;

   c. Servicing;

   d. "Loss"; or

   e. Destruction.

**SECTION II - LIABILITY COVERAGE**

**A. Coverage**

1. **"Garage Operations" - Other Than Covered "Autos"**

   a. We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance or use of covered "autos".

      We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "accident" occurs in the coverage territory;

      (2) The "bodily injury" or "property damage" occurs during the policy period; and

© ISO Properties, Inc., 2005

CA 00 05 03 06 ☐

Case 4:17-cv-00224-DGK  Document 1-2  Filed 03/28/17  Page 1584 of 1650

**(3)** Prior to the policy period, no "insured" listed under Who Is An Insured and no "employee" authorized by you to give or receive notice of an "accident" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed "insured" or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any "insured" listed under Who Is An Insured or any "employee" authorized by you to give or receive notice of an "accident" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. "Garage Operations" - Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance - "Garage Operations" - Covered "Autos" has been exhausted by payment of judgments or settlements.

**3. Who Is An Insured**

**a.** The following are "insureds" for covered "autos":

**(1)** You for any covered "auto".

**(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

**(a)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

**(b)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

**(c)** Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is your "garage operations".

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1585 of 1650

**(d)** Your customers. However, if a customer of yours:

  **(I)** Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

  **(II)** Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

  **(e)** A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

  **(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

  **(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

**b.** The following are "insureds" for "garage operations" other than covered "autos":

  **(1)** You.

  **(2)** Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders but only while acting within the scope of their duties.

**4. Coverage Extensions**

  **a. Supplementary Payments**

  We will pay for the "insured":

  **(1)** All expenses we incur.

  **(2)** Up to $2,000 for the cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover. We do not have to furnish these bonds.

  **(3)** The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

  **(4)** All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

  **(5)** All costs taxed against the "insured" in any "suit" against the "insured" we defend.

  **(6)** All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

  These payments will not reduce the Limit of Insurance.

  **b. Out-Of-State Coverage Extensions**

  While a covered "auto" is away from the state where it is licensed we will:

  **(1)** Increase the Limit of Insurance for Liability Coverage to meet the limits specified by a compulsory or financial responsibility law of the jurisdiction where the covered "auto" is being used. This extension does not apply to the limit or limits specified by any law governing motor carriers of passengers or property.

  **(2)** Provide the minimum amounts and types of other coverages, such as no-fault, required of out-of-state vehicles by the jurisdiction where the covered "auto" is being used.

  We will not pay anyone more than once for the same elements of loss because of these extensions.

**B. Exclusions**

This insurance does not apply to any of the following:

  **1. Expected Or Intended Injury**

  "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

© ISO Properties, Inc., 2005

CA 00 05 03 06   ☐

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1586 of 1650

**2. Contractual**

Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

**a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

**b.** That the "insured" would have in the absence of the contract or agreement.

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

**c.** A person arising out of any:

(1) Refusal to employ that person;

(2) Termination of that person's employment; or

(3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**d.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraph **(1)**, **(2)** or **(3)** above are directed.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

**5. Fellow Employee**

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

**6. Care, Custody Or Control**

"Property damage" to or "covered pollution cost or expense" involving:

**a.** Property owned, rented or occupied by the "insured";

**b.** Property loaned to the "insured";

**c.** Property held for sale or being transported by the "insured"; or

**d.** Property in the "insured's" care, custody or control.

But this exclusion does not apply to liability assumed under a sidetrack agreement.

**7. Leased Autos**

Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

**a.** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(1) At or from any premises, site or location that is or was at any time owned or occupied by, or rented or loaned to, any "insured";

(2) At or from any premises, site or location that is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste;

Case 4:17-cv-00224-DGK Document 1-2 Filed 03/28/17 Page 1587 of 1650

**(3)** At or from any premises, site or location on which any "insured" or any contractors or subcontractors working directly or indirectly on any "insured's" behalf are performing operations:

    **(a)** To test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of the "pollutants"; or

    **(b)** If the "pollutants" are brought on or to the premises, site or location in connection with such operations by such "insured", contractor or subcontractor; or

**(4)** That are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured" or any person or organization for whom you may be legally responsible.

Paragraphs **a.(1)** and **a.(3)(b)** do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire. A hostile fire means one that becomes uncontrollable, or breaks out from where it was intended to be.

Paragraph **a.(1)** does not apply to "bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests.

Paragraph **a.(3)(b)** does not apply to "bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from material brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor.

**b.** Any loss, cost or expense arising out of any:

**(1)** Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(2)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the "insured" would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

**9. Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"**

"Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from, the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured"; or

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto";

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1588 of 1650

Paragraphs **b.** and **c.** above of this exclusion do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

(1) The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

(2) The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

10. **Racing**

Covered "autos" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply while that covered "auto" is being prepared for such a contest or activity.

11. **Watercraft Or Aircraft**

Any watercraft or aircraft except watercraft while ashore on premises where you conduct "garage operations".

12. **Defective Products**

"Property damage" to any of your "products", if caused by a defect existing in your "products" or any part of your "products", at the time it was transferred to another.

13. **Work You Performed**

"Property damage" to "work you performed" if the "property damage" results from any part of the work itself or from the parts, materials or equipment used in connection with the work.

14. **Loss Of Use**

Loss of use of other property not physically damaged if caused by:

a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

b. A defect, deficiency, inadequacy or dangerous condition in your "products" or "work you performed". But this exclusion, **14.b.,** does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

15. **Products Recall**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of your "products" or "work you performed" or other property of which they form a part, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

16. **War**

"Bodily injury" or "property damage" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

17. **Distribution Of Material In Violation Of Statutes Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a. The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

b. The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c. Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1589 of 1650

C. **Limit Of Insurance**

1. **Aggregate Limit Of Insurance - "Garage Operations" - Other Than Covered "Autos"**

   For "garage operations" other than the ownership, maintenance or use of covered "autos", the following applies:

   Regardless of the number of "insureds", claims made or "suits" brought or persons or organizations making claims or bringing "suits", the most we will pay for the sum of all damages involving "garage operations" other than "auto" is the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

   Damages payable under the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" consist of damages resulting from "garage operations", other than the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos", including the following coverages, if provided by endorsement:

   a. "Personal injury" liability coverage;
   b. "Personal and advertising injury" liability coverage;
   c. Host liquor liability coverage;
   d. Fire legal liability coverage;
   e. Incidental medical malpractice liability coverage;
   f. Non-owned watercraft coverage; and
   g. Broad form products coverage.

   Damages payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos".

   Subject to the above, the most we will pay for all damages resulting from all "bodily injury" and "property damage" resulting from any one "accident" is the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos" for Liability Coverage shown in the Declarations.

   All "bodily injury" and "property damage" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

   The Aggregate Limit of Insurance - "Garage Operations" Other Than Covered "Autos" applies separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Aggregate Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

2. **Limit Of Insurance - "Garage Operations" - Covered "Autos"**

   For "accidents" resulting from "garage operations" involving the ownership, maintenance or use of covered "autos", the following applies:

   Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" involving a covered "auto" is the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" for Liability Coverage shown in the Declarations.

   Damages and "covered pollution cost or expense" payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Covered "Autos" are not payable under the Each "Accident" Limit of Insurance - "Garage Operations" - Other Than Covered "Autos".

   All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

   No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorists Coverage endorsement attached to this Coverage Part.

D. **Deductible**

   We will deduct $100 from the damages in any "accident" resulting from "property damage" to an "auto" as a result of "work you performed" on that "auto".

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1590 of 1650

## SECTION III - GARAGEKEEPERS COVERAGE

### A. Coverage

1. We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

   a. **Comprehensive Coverage**

   From any cause except:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

   b. **Specified Causes Of Loss Coverage**

   Caused by:

   (1) Fire, lightning or explosion;

   (2) Theft; or

   (3) Mischief or vandalism.

   c. **Collision Coverage**

   Caused by:

   (1) The "customer's auto's" collision with another object; or

   (2) The "customer's auto's" overturn.

2. We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for any loss to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends for a coverage when the Limit of Insurance for that coverage has been exhausted by payment of judgments or settlements.

3. **Who Is An Insured**

   The following are "insureds" for "loss" to "customer's autos" and "customer's auto" equipment:

   a. You.

   b. Your partners (if you are a partnership), members (if you are a limited liability company), "employees", directors or shareholders while acting within the scope of their duties as such.

4. **Coverage Extensions**

   The following applies as Supplementary Payments. We will pay for the "insured":

   a. All expenses we incur.

   b. The cost of bonds to release attachments in any "suit" against the "insured" we defend, but only for bond amounts within our Limit of Insurance.

   c. All reasonable expenses incurred by the "insured" at our request, including actual loss of earnings up to $250 a day because of time off from work.

   d. All costs taxed against the "insured" in any "suit" against the "insured" we defend.

   e. All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" against the "insured" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

   These payments will not reduce the Limit of Insurance.

### B. Exclusions

1. This insurance does not apply to any of the following:

   a. **Contractual Obligations**

   Liability resulting from any contract or agreement by which the "insured" accepts responsibility for "loss". But this exclusion does not apply to liability for "loss" that the "insured" would have in the absence of the contract or agreement.

   b. **Theft**

   "Loss" due to theft or conversion caused in any way by you, your "employees" or by your shareholders.

   c. **Defective Parts**

   Defective parts or materials.

   d. **Faulty Work**

   Faulty "work you performed".

2. We will not pay for "loss" to any of the following:

   a. Tape decks or other sound reproducing equipment unless permanently installed in a "customer's auto".

   b. Tapes, records or other sound reproducing devices designed for use with sound reproducing equipment.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1591 of 1650

c. Sound receiving equipment designed for use as a citizens' band radio, two-way mobile radio or telephone or scanning monitor receiver, including its antennas and other accessories, unless permanently installed in the dash or console opening normally used by the "customer's auto" manufacturer for the installation of a radio.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measuring equipment.

3. We will not pay for "loss" caused by or resulting from the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss":

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

C. Limits Of Insurance And Deductibles

1. Regardless of the number of "customer's autos", "insureds", premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in the Declarations for that location minus the applicable deductibles for "loss" caused by:

a. Collision; or

b. With respect to Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage

(1) Theft or mischief or vandalism; or

(2) All perils.

2. The maximum deductible stated in the Declarations for Garagekeepers Coverage Comprehensive or Specified Causes of Loss Coverage is the most that will be deducted for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

3. Sometimes to settle a claim or "suit", we may pay all or any part of the deductible. If this happens you must reimburse us for the deductible or that portion of the deductible that we paid.

SECTION IV - PHYSICAL DAMAGE COVERAGE

A. Coverage

1. We will pay for "loss" to a covered "auto" or its equipment under:

a. Comprehensive Coverage
From any cause except:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

b. Specified Causes Of Loss Coverage
Caused by:

(1) Fire, lightning or explosion;

(2) Theft;

(3) Windstorm, hail or earthquake;

(4) Flood;

(5) Mischief or vandalism; or

(6) The sinking, burning, collision or derailment of any conveyance transporting the covered "auto".

c. Collision Coverage
Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

2. Glass Breakage - Hitting A Bird Or Animal - Falling Objects Or Missiles

If you carry Comprehensive Coverage for the damaged covered "auto", we will pay for the following under Comprehensive Coverage:

a. Glass breakage;

b. "Loss" caused by hitting a bird or animal; and

c. "Loss" caused by falling objects or missiles.

However, you have the option of having glass breakage caused by a covered "auto's" collision or overturn considered a "loss" under Collision Coverage.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1592 of 1650

3. **Coverage Extension - Loss Of Use Expenses**

For Hired Auto Physical Damage, we will pay expenses for which an "insured" becomes legally responsible to pay for loss of use of a vehicle rented or hired without a driver, under a written rental contract or agreement. We will pay for loss of use expenses if caused by:

a. Other than collision only if the Declarations indicate that Comprehensive Coverage is provided for any covered "auto";

b. Specified Causes Of Loss only if the Declarations indicate that Specified Causes Of Loss Coverage is provided for any covered "auto"; or

c. Collision only if the Declarations indicate that Collision Coverage is provided for any covered "auto".

However, the most we will pay for any expenses for loss of use is $20 per day, to a maximum of $600.

B. **Exclusions**

1. We will not pay for "loss" caused by or resulting from any of the following. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

   a. **Nuclear Hazard**

      (1) The explosion of any weapon employing atomic fission or fusion; or

      (2) Nuclear reaction or radiation, or radioactive contamination, however caused.

   b. **War Or Military Action**

      (1) War, including undeclared or civil war;

      (2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

      (3) Insurrection, rebellion, revolution, usurped power or action taken by governmental authority in hindering or defending against any of these.

2. We will not pay for "loss" to any of the following:

   a. Any covered "auto" leased or rented to others unless rented to one of your customers while their "auto" is left with you for service or repair.

b. Any covered "auto" while used in any professional or organized racing or demolition contest or stunting activity, or while practicing for such contest or activity. We will also not pay for "loss" to any covered "auto" while that covered "auto" is being prepared for such contest or activity.

c. Tapes, records, discs or other similar audio, visual or data electronic devices designed for use with audio, visual or data electronic equipment.

d. Any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.

e. Any electronic equipment, without regard to whether this equipment is permanently installed, that receives or transmits audio, visual or data signals and that is not designed solely for the reproduction of sound.

f. Any accessories used with the electronic equipment described in Paragraph e. above.

Exclusions 2.e. and 2.f. do not apply to:

a. Equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in the covered "auto" at the time of the "loss" or such equipment is removable from a housing unit which is permanently installed in the covered "auto" at the time of the "loss", and such equipment is designed to be solely operated by use of the power from the "auto's" electrical system, in or upon the covered "auto"; or

b. Any other electronic equipment that is:

   (1) Necessary for the normal operation of the covered "auto" or the monitoring of the covered "auto's" operating system; or

   (2) An integral part of the same unit housing any sound reproducing equipment described in Paragraph a. above and permanently installed in the opening of the dash or console of the covered "auto" normally used by the manufacturer for installation of a radio.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1593 of 1650

**3. False Pretense**

We will not pay for "loss" to a covered "auto" caused by or resulting from:

a. Someone causing you to voluntarily part with it by trick or scheme or under false pretenses; or

b. Your acquiring an "auto" from a seller who did not have legal title.

**4.** We will not pay for:

a. Your expected profit, including loss of market value or resale value.

b. "Loss" to any covered "auto" displayed or stored at any location not shown in Item Three of the Declarations if the "loss" occurs more than 45 days after your use of the location begins.

c. Under the Collision Coverage, "loss" to any covered "auto" while being driven or transported from the point of purchase or distribution to its destination if such points are more than 50 road miles apart.

d. Under the Specified Causes of Loss Coverage, "loss" to any covered "auto" caused by or resulting from the collision or upset of any vehicle transporting it.

**5.** We will not pay for "loss" to a covered "auto" due to "diminution in value".

**6. Other Exclusions**

We will not pay for "loss" caused by or resulting from any of the following unless caused by other "loss" that is covered by this insurance:

a. Wear and tear, freezing, mechanical or electrical breakdown; or

b. Blowouts, punctures or other road damage to tires.

**C. Limits Of Insurance**

**1.** The most we will pay for "loss" to any one covered "auto" is the lesser of:

a. The actual cash value of the damaged or stolen property as of the time of "loss"; or

b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality.

**2.** An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total "loss".

**3.** If a repair or replacement results in better than like kind or quality, we will not pay for the amount of the betterment.

**4.** The following provisions also apply:

a. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" at any one location is the amount shown in the Declarations for that location. Regardless of the number of covered "autos" involved in the "loss", the most we will pay for all "loss" in transit is the amount shown in the Declarations for "loss" in transit.

b. **Quarterly Or Monthly Reporting Premium Basis**

If, on the date of your last report, the actual value of the covered "autos" at the "loss" location exceeds what you last reported, when a "loss" occurs we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing your total reported value for the involved location by the value you actually had on the date of your last report. If the first report due is delinquent on the date of "loss", the most we will pay will not exceed 75 percent of the Limit of Insurance shown in the Declarations for the applicable location.

c. **Non-Reporting Premium Basis**

If, when "loss" occurs, the total value of your covered "autos" exceeds the Limit of Insurance shown in the Declarations, we will pay only a percentage of what we would otherwise be obligated to pay. We will determine this percentage by dividing the limit by the total values you actually had when "loss" occurred.

**D. Deductible**

For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen property will be reduced by the applicable deductible shown in the Declarations provided that:

**1.** The Comprehensive or Specified Causes of Loss Coverage deductible applies only to "loss" caused by:

a. Theft or mischief or vandalism; or

b. All perils.

**2.** Regardless of the number of covered "autos" damaged or stolen, the per "loss" deductible for Comprehensive or Specified Causes of Loss Coverage shown in the Declarations is the maximum deductible applicable for all "loss" in any one event caused by:

a. Theft or mischief or vandalism; or

b. All perils.

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1594 of 1650

## SECTION V - GARAGE CONDITIONS

The following conditions apply in addition to the Common Policy Conditions:

### A. Loss Conditions

1. **Appraisal For Physical Damage Loss**

   If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire.

   The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   a. Pay its chosen appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

   If we submit to an appraisal, we will still retain our right to deny the claim.

2. **Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the accident or "loss". Include:

      (1) How, when and where the "accident" or "loss" occurred;

      (2) The "insured's" name and address; and

      (3) To the extent possible, the names and addresses of any injured persons and witnesses.

   b. Additionally, you and any other involved "insured" must:

      (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

      (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

      (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

      (4) Authorize us to obtain medical records or other pertinent information.

      (5) Submit to examination at our expense, by physicians of our choice, as often as we reasonably require.

   c. If there is "loss" to a covered "auto" or its equipment you must also do the following:

      (1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

      (2) Take all reasonable steps to protect the covered "auto" from further damage. Also keep a record of your expenses for consideration in the settlement of the claim.

      (3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

      (4) Agree to examinations under oath at our request and give us a signed statement of your answers.

3. **Legal Action Against Us**

   No one may bring a legal action against us under this Coverage Form until:

   a. There has been full compliance with all the terms of this Coverage Form; and

   b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

4. **Loss Payment - Physical Damage Coverages**

   At our option we may:

   a. Pay for, repair or replace damaged or stolen property;

   b. Return the stolen property, at our expense. We will pay for any damage that results to the "auto" from the theft; or

   c. Take all or any part of the damaged or stolen property at an agreed or appraised value.

   If we pay for the "loss", our payment will include the applicable sales tax for the damaged or stolen property.

5. **Transfer Of Rights Of Recovery Against Others To Us**

   If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1595 of 1650

## B. General Conditions

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or the "insured's" estate will not relieve us of any obligations under this Coverage Form.

### 2. Concealment, Misrepresentation Or Fraud

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

a. This Coverage Form;

b. The covered "auto";

c. Your interest in the covered "auto"; or

d. A claim under this Coverage Form.

### 3. Liberalization

If we revise this Coverage Form to provide more coverage without additional premium charge, your policy will automatically provide the additional coverage as of the day the revision is effective in your state.

### 4. No Benefit To Bailee - Physical Damage Coverages

We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this Coverage Form.

### 5. Other Insurance

a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage Form provides for the "trailer" is:

(1) Excess while it is connected to a motor vehicle you do not own.

(2) Primary while it is connected to a covered "auto" you own.

b. For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is not a covered "auto".

c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability coverage is primary for any liability assumed under an "insured contract".

d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

### 6. Premium Audit

a. The estimated premium for this Coverage Form is based on the exposures you told us you would have when this policy began. We will compute the final premium due when we determine your actual exposures. The estimated total premium will be credited against the final premium due and the first Named Insured will be billed for the balance, if any. The due date for the final premium or retrospective premium is the date shown as the due date on the bill. If the estimated total premium exceeds the final premium due, the first Named Insured will get a refund.

b. If this policy is issued for more than one year, the premium for this Coverage Form will be computed annually based on our rates or premiums in effect at the beginning of each year of the policy.

### 7. Policy Period, Coverage Territory

Under this Coverage Form, we cover:

a. "Bodily injury", "property damage" and "losses" occurring; and

b. "Covered pollution cost or expense" arising out of "accidents" occurring

during the policy period shown in the Declarations and within the coverage territory.

The coverage territory is:

a. The United States of America;

b. The territories and possessions of the United States of America;

c. Puerto Rico;

d. Canada; and

e. Anywhere in the world if:

(1) A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

© ISO Properties, Inc., 2005

CA 00 05 03 06    □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1596 of 1650

**(2)** The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United States of America, Puerto Rico, or Canada or in a settlement we agree to.

We also cover "bodily injury", "property damage", "covered pollution cost or expense" and "losses" while a covered "auto" is being transported between any of these places.

The coverage territory is extended to anywhere in the world if the "bodily injury" or "property damage" is caused by one of your "products" which is sold for use in the United States of America, its territories or possessions, Puerto Rico or Canada. The original "suit" for damages resulting from such "bodily injury" or "property damage" must be brought in one of these places.

**8. Two Or More Coverage Forms Or Policies Issued By Us**

If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same "accident", the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy. This condition does not apply to any Coverage Form or policy issued by us or an affiliated company specifically to apply as excess insurance over this Coverage Form.

## SECTION VI - DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**D.** "Covered pollution cost or expense" means any cost or expense arising out of:

**1.** Any request, demand, order or statutory or regulatory requirement that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**2.** Any claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

"Covered pollution cost or expense" does not include any cost or expense arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**a.** That are, or that are contained in any property that is:

**(1)** Being transported or towed by, handled, or handled for movement into, onto or from the covered "auto";

**(2)** Otherwise in the course of transit by or on behalf of the "insured";

**(3)** Being stored, disposed of, treated or processed in or upon the covered "auto"; or

**b.** Before the "pollutants" or any property in which the "pollutants" are contained are moved from the place where they are accepted by the "insured" for movement into or onto the covered "auto"; or

**c.** After the "pollutants" or any property in which the "pollutants" are contained are moved from the covered "auto" to the place where they are finally delivered, disposed of or abandoned by the "insured".

Paragraph **a.** above does not apply to fuels, lubricants, fluids, exhaust gases or other similar "pollutants" that are needed for or result from the normal electrical, hydraulic or mechanical functioning of the covered "auto" or its parts, if the "pollutants" escape, seep, migrate, or are discharged, dispersed or released directly from an "auto" part designed by its manufacturer to hold, store, receive or dispose of such "pollutants".

Paragraphs **b.** and **c.** above do not apply to "accidents" that occur away from premises owned by or rented to an "insured" with respect to "pollutants" not in or upon a covered "auto" if:

**(1)** The "pollutants" or any property in which the "pollutants" are contained are upset, overturned or damaged as a result of the maintenance or use of a covered "auto"; and

Case 4:17-cv-00224-DGK  Document 1-2  Filed 03/28/17  Page 1597 of 1650

**(2)** The discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused directly by such upset, overturn or damage.

**E.** "Customer's auto" means a customer's land motor vehicle, "trailer" or semitrailer. It also includes any "customer's auto" while left with you for service, repair, storage or safekeeping. Customers include your "employees", and members of their households who pay for services performed.

**F.** "Diminution in value" means the actual or perceived loss in market value or resale value which results from a direct and accidental "loss".

**G.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**H.** "Garage operations" means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section I of this Coverage Form as covered "autos". "Garage operations" also include all operations necessary or incidental to a garage business.

**I.** "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**J.** "Insured contract" means:

**1.** A lease of premises;

**2.** A sidetrack agreement;

**3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**5.** That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

**6.** An elevator maintenance agreement; or

**7.** That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

**1.** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

**a.** Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or

**b.** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

**2.** That indemnifies any person or organization for damage by fire to premises rented or loaned to you.

**3.** That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.

**4.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

**5.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

**K.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**L.** "Loss" means direct and accidental loss or damage. But for Garagekeepers Coverage only, "loss" also includes any resulting loss of use.

**M.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

© ISO Properties, Inc., 2005

CA 00 05 03 06   □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1598 of 1650

**N.** "Products" includes:

    **1.** The goods or products you made or sold in a garage business; and

    **2.** The providing of or failure to provide warnings or instructions.

**O.** "Property damage" means damage to or loss of use of tangible property.

**P.** "Suit" means a civil proceeding in which:

    **1.** Damages because of "bodily injury" or "property damage"; or

    **2.** A "covered pollution cost or expense", to which this insurance applies, are claimed. "Suit" includes:

        **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or

        **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

**Q.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

**R.** "Trailer" includes semitrailer.

**S.** "Work you performed" includes:

    **1.** Work that someone performed on your behalf; and

    **2.** The providing of or failure to provide warnings or instructions.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1599 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTO MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

1. You while "occupying" or, while a pedestrian, when struck by any "auto".
2. If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

**C. Exclusions**

This insurance does not apply to any of the following:

1. "Bodily injury" sustained by an "insured" while "occupying" a vehicle located for use as a premises.
2. "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by you or furnished or available for your regular use.

3. "Bodily injury" sustained by any "family member" while "occupying" or struck by any vehicle (other than a covered "auto") owned by or furnished or available for the regular use of any "family member".
4. "Bodily injury" to your "employee" arising out of and in the course of employment by you. However, we will cover "bodily injury" to your domestic "employees" if not entitled to workers' compensation benefits. For the purposes of this endorsement, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.
5. "Bodily injury" to an "insured" while working in a business of selling, servicing, repairing or parking "autos" unless that business is yours.
6. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1600 of 1650

7. "Bodily injury" to anyone using a vehicle without a reasonable belief that the person is entitled to do so.

8. "Bodily Injury" sustained by an "insured" while "occupying" any covered "auto" while used in any professional racing or demolition contest or stunting activity, or while practicing for such contest or activity. This insurance also does not apply to any "bodily injury" sustained by an "insured" while the "auto" is being prepared for such a contest or activity.

**D. Limit Of Insurance**

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.

**E. Changes In Conditions**

The Conditions are changed for Auto Medical Payments Coverage as follows:

1. The Transfer Of Rights Of Recovery Against Others To Us Condition does not apply.

2. The reference in Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance - Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible auto medical payments insurance.

**F. Additional Definitions**

As used in this endorsement:

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

© ISO Properties, Inc., 2005

CA 99 03 03 06 □

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1601 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNINSURED MOTORISTS COVERAGE

For a covered "auto" registered or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| Named Insured: | **MILLER INVESTMENT GROUP INC** |
| Endorsement Effective Date: | **04/21/2013 12:01 AM** |

### SCHEDULE

| | | |
|---|---|---|
| Limit Of Insurance: $ | See M 5608 (02/2011) | Each "Accident" |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. No judgment for damages arising out of a "suit" brought against the owner or operator of an "uninsured motor vehicle" is binding on us unless we have:

   a. Received reasonable notice of the pendency of the "suit" resulting in the judgment; and

   b. Had a reasonable opportunity to protect our interests in the "suit".

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".

   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1602 of 1650

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

## C. Exclusions

This insurance does not apply to any of the following:

1. Any claim settled without our consent, if the settlement or judgment prejudices our right to recover payment. However, this exclusion applies only to the extent that the limits of liability for Uninsured Motorists Coverage exceed the minimum limits of liability required by the financial responsibility law of Missouri.

2. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

3. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or, if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

4. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

5. Punitive or exemplary damages.

6. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

## D. Limit Of Insurance

1. Regardless of the number of "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.

However, if "bodily injury" to which this coverage applies is sustained by any person other than an individual Named Insured or any "family member", the Limit Of Insurance shown in the Schedule or Declarations for this coverage is also the most we will pay regardless of the number of covered "autos".

2. If there are two or more covered "autos" that are not trailers, and "bodily injury" is sustained by an individual Named Insured or any "family member", our Limit of Insurance for any one "accident" is the sum of the limits applicable to each covered "auto" which is not a "trailer". Subject to this maximum limit of liability for all damages:

   a. The most we will pay for all damages sustained in such "accident" by an "insured" other than an individual Named Insured or any "family member" is that "insured's" pro rata share of the limit shown in the Schedule or Declarations for this coverage at the time of the "accident".

   b. An individual Named Insured or any "family member" who sustains "bodily injury" in such "accident" will also be entitled to a pro rata share of the limit described in Paragraph a. above.

A person's pro rata share is the proportion that that person's damages bears to the total damages sustained by all "insureds".

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form attached to this Coverage Part.

We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible. However, this does not include any amounts paid or payable under medical payments or any workers' compensation, disability benefits or similar law.

## E. Changes In Conditions

The Conditions are changed for Missouri Uninsured Motorists Coverage as follows:

1. The reference in **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms to "other collectible insurance" applies only to other collectible uninsured motorists insurance.

© Insurance Services Office, Inc., 2012

CA 21 04 12 12

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1603 of 1650

2. **Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:
   a. Promptly notify the police if a hit-and-run driver is involved; and
   b. Promptly send us copies of the legal papers if a "suit" is brought.
3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

   If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.
4. The following condition is added:
   **Arbitration**
   a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.
   b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.
5. **Two Or More Coverage Forms Or Policies Issued By Us** does not apply.

**F. Additional Definitions**

As used in this endorsement:
1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.
2. "Occupying" means in, upon, getting in, on, out or off.
3. "Uninsured motor vehicle" means a land motor vehicle or "trailer":
   a. For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged;
   b. For which an insuring or bonding company denies coverage or is or becomes insolvent; or
   c. That is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must either:
      (1) Hit an "insured", a covered "auto" or a vehicle an "insured" is "occupying"; or
      (2) Cause "bodily injury" to an "insured" without hitting an "insured", a covered "auto" or a vehicle an "insured" is "occupying". The facts of the "accident" must be proved. We may request supporting evidence beyond the testimony of a person making a claim under this or any similar coverage to support the validity of such claim.

   However, "uninsured motor vehicle" does not include any vehicle:
   a. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law; or
   b. Designed for use mainly off public roads while not on public roads.

Case 4:17-cv-00224-DGK    Document 1-2    Filed 03/28/17    Page 1604 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI UNDERINSURED
# MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the coverage form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| | |
|---|---|
| **Named Insured:** | **MILLER INVESTMENT GROUP INC** |
| **Endorsement Effective Date:** | **04/21/2013 12:01 AM** |

**SCHEDULE**

| | |
|---|---|
| **Limit Of Insurance: $**     See M 5608 (02/2011) | Each "Accident" |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only if Paragraph a. or b. below applies:
   a. The limit of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or
   b. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:
      (1) Have been given prompt written notice of such tentative settlement; and

   (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":
   a. The Named Insured and any "family members". However, this does not include any "family member", other than the Named Insured's spouse, who owns an "auto".
   b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1605 of 1650

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

C. Exclusions

This insurance does not apply to any of the following:

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by any person while "occupying" or struck by any vehicle owned by the Named Insured or if the Named Insured is an individual, any "family member", that is not a covered "auto". However, this exclusion does not apply to an individual Named Insured.

3. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

4. Punitive or exemplary damages.

5. "Bodily injury" arising directly or indirectly out of:

   a. War, including undeclared or civil war;

   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

D. Limit Of Insurance

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. We will not pay for any element of "loss" if a person is entitled to receive duplicate payment under any of the following or similar law:

   a. Workers' compensation law; or

b. Disability benefits law.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and this policy's Liability Coverage.

4. We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

E. Changes In Conditions

The Conditions are changed for Missouri Underinsured Motorists Coverage as follows:

1. Other Insurance in the Business Auto and Garage Coverage Forms and Other Insurance – Primary And Excess Insurance Provisions in the Truckers and Motor Carrier Coverage Forms are replaced by the following:

   If there is other applicable insurance available under one or more policies or provisions of coverage:

   a. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

   b. Subject to all other provisions of this policy, including but not limited to:

      (1) Exclusion C.2. of this endorsement;

      (2) Paragraph D. Limit Of Insurance of this endorsement;

      (3) Paragraph E.1.a. of the Other Insurance condition of this endorsement; and

      (4) The Two Or More Coverage Forms Or Policies Issued By Us condition of this policy;

      any insurance we provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

   c. If the coverage under this coverage form is provided:

      (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

© Insurance Services Office, Inc., 2010

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1606 of 1650

**(2)** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

**2. Duties In The Event Of Accident, Claim, Suit Or Loss** is changed by adding the following:
  **a.** Promptly notify the police if a hit-and-run driver is involved;
  **b.** Promptly send us copies of the legal papers if a "suit" is brought; and
  **c.** A person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us to advance payment to that "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

**3. Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:
  If we make any payment and the "insured" recovers from another party, the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid.
  Our rights do not apply under this provision with respect to damages caused by an "accident" with an "underinsured motor vehicle" if we:
  **a.** Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and
  **b.** Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.
  If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:
  **a.** That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and
  **b.** We also have a right to recover the advanced payment.

**4.** The following condition is added:
  **Arbitration**
  **a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", both parties may agree to an arbitration and to be bound by the results of that arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated. If both parties so agree, then each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.
  **b.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**F. Additional Definitions**
  As used in this endorsement:
  **1.** "Family member" means a person related to an individual Named Insured by blood, marriage or adoption who is a resident of such Named Insured's household, including a ward or foster child.
  **2.** "Occupying" means in, upon, getting in, on, out or off.
  **3.** "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a "bodily injury" liability bond or policy applies at the time of an "accident" but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.
  However, "underinsured motor vehicle" does not include any vehicle:
  **a.** Owned or operated by a self insurer under any applicable motor vehicle law; or
  **b.** Designed for use mainly off public roads while not on public roads.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGEKEEPERS COVERAGE – DEFINITION OF
# "CUSTOMER'S AUTO"

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**Section VI – Definitions, Paragraph E.** is changed to read as follows:

E.     "Customer's auto" means a land motor vehicle, "trailer" or semitrailer while
       left with you for service, repair, storage or safekeeping. Customers include:
              a.  your "employees" and
              b.  members of their households,
       while you are providing them service, repair, storage or safekeeping for
       which you are paid.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |

                                                      (Authorized Representative)
(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

M-5057 (8/2001)                                    04/19/2013 09:56 9FC9A531-442D-408E-B594-EB996B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1608 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# MISSOURI CHANGES

For a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri, this endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
BUSINESS AUTO PHYSICAL DAMAGE COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A.** **Coverage Extensions** is amended as follows:
The following is added to **Supplementary Payments**:

  **(7)** Prejudgment interest awarded against the "insured" on the part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**B.** Paragraph **A.1.b.** of **Who Is An Insured** in **Section II – Liability Coverage** in the Business Auto Coverage Form, Motor Carrier Coverage Form and Truckers Coverage Form is changed by adding the following:

  **(6)** If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

Paragraph a.**(2)** of **Who Is An Insured** in **Section II – Liability Coverage** in the Garage Coverage Form is changed by adding the following:

  **(f)** If you are an individual, any member of your household, other than your spouse, who is related to you by blood or adoption, including a ward or foster child, who owns an "auto".

**C.** **Liability Coverage** for a covered "auto" licensed or principally garaged in, or "garage operations" conducted in, Missouri is changed as follows:

  1. If your business is other than selling, repairing or servicing "autos":

    **a.** The Care, Custody Or Control Exclusion does not apply to "property damage" to or "covered pollution cost or expense" involving an "auto" loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos" as a temporary substitute for an "auto" you own.

    **b.** The following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms:
    Liability Coverage is primary for any temporary substitute for an "auto" you own if the substitute "auto" is operated by an "insured" and is loaned to you, with or without consideration, by a person engaged in the business of selling, repairing or servicing "autos".

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB995B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1609 of 1650

2. If your business is selling, repairing or servicing "autos", the following is added to the **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance** Provisions in the Truckers and Motor Carrier Coverage Forms: Liability Coverage is excess for any "auto" you own if operated by a customer to whom you have loaned the "auto", with or without consideration, as a temporary substitute for an "auto" owned by the customer.

D. The **Appraisal For Physical Damage Loss** Condition is replaced by the following:

If you and we disagree on the amount of "loss", both parties may agree to an appraisal of the "loss" and to be bound by the results of that appraisal. If both parties so agree, then each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and
2. Bear the other expenses of the appraisal and umpire equally.

If we submit to an appraisal, we will still retain our right to deny the claim.

E. The following is added to the **Concealment, Misrepresentation And Fraud** Condition:

With respect to Liability Coverage, this Condition only applies in excess of the minimum limits of liability required by the Missouri Financial Responsibility Laws.

F. **Missouri Property And Casualty Insurance Guaranty Association Coverage Limitations**

1. Subject to the provisions of the Missouri Property and Casualty Insurance Guaranty Association Act (to be referred to as the Act), if we are a member of the Missouri Property and Casualty Insurance Guaranty Association (to be referred to as the Association), the Association will pay claims covered under the Act if we become insolvent.

2. The Act contains various exclusions, conditions and limitations that govern a claimant's eligibility to collect payment from the Association and affect the amount of any payment. The following limitations apply subject to all other provisions of the Act:

   a. Claims covered by the Association do not include a claim by or against an "insured" of an insolvent insurer, if the "insured" has a net worth of more than $25 million on the later of the end of the "insured's" most recent fiscal year or the December thirty-first of the year next preceding the date the insurer becomes insolvent; provided that an "insured's" net worth on such date shall be deemed to include the aggregate net worth of the "insured" and all of its affiliates as calculated on a consolidated basis.

   b. Payments made by the Association for covered claims will include only that amount of each claim which is less than $300,000. However, the Association will not:

      (1) Pay an amount in excess of the applicable Limit of Insurance of the policy from which a claim arises; or

      (2) Return to an "insured" any unearned premium in excess of $25,000.

   These limitations have no effect on the coverage we will provide under this policy.

© ISO Properties, Inc., 2006

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1610 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TOWING AND STORING COSTS

The following modifies the Coverage Extensions under Physical Damage Coverage:

In the event of a "loss" to a covered "auto" to which this policy's Physical Damage Coverage applies, we will pay the necessary and reasonable incurred cost of towing the covered "auto" to the nearest facility capable of making the necessary repairs or to another location if we agree upon that location prior to towing. We will also pay the necessary and reasonable incurred cost of storing the covered "auto" for the time required to adjust the claim, subject to a maximum time in storage of 30 days.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP INC | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

# GARAGEKEEPERS COVERAGE
## TOWING EXCLUSION
## AMENDMENT OF **LIMIT OF INSURANCE AND DEDUCTIBLE**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION III – GARAGEKEEPERS COVERAGE**

**B. EXCLUSIONS** is changed by adding the following:

We will not pay for "loss" to any customer's "auto" while being transported behind or on any other "auto" (including being attached to or detached from any other "auto").

**C. LIMIT OF INSURANCE AND DEDUCTIBLE 1.** and **2.** are deleted and replaced by the following:

1. Regardless of the number of covered "autos," "insureds," premiums paid, claims made or "suits" brought, the most we will pay for each "loss" at each location is the Garagekeepers Coverage Limit of Insurance shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** for that location minus the applicable deductible.

2. For each covered "auto" our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible for each "loss," as shown in **ITEM FIVE** of the **NON-DEALERS' AND TRAILER DEALERS' SUPPLEMENTARY SCHEDULE** or **ITEM SIX** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | **Endorsement Effective** |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# MISSOURI CHANGES – POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
TRUCKERS COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by this endorsement.

A. The following is added to the Pollution Exclusion in Section II - Liability Coverage in the Business Auto, Motor Carrier and Truckers Coverage Forms and to the **Pollution Exclusion Applicable To "Garage Operations" - Covered "Autos"** in the Garage Coverage Form:

This Pollution Exclusion applies even if such "pollutants" have a function in your business, operations, premises, site or location, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels, or lubricants.

B. The **Pollution Exclusion Applicable To "Garage Operations" - Other Than Covered "Autos"** in Section II - Liability Coverage in the Garage Coverage Form is replaced by the following:

8. "Bodily injury," "property damage" or "loss, cost or expenses" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

As used in this endorsement:

"Loss, cost or expense" means those resulting from any:

(1) Request, demand or order that the "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants."

(2) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants."

This Pollution Exclusion applies even if such "pollutants" have a function in your business, operations, premises, site or location, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels or lubricants.

C. The following is added to the definition of "pollutants" under the Definitions Section of the Coverage Form:

"Pollutants" includes irritants, contaminants or toxic substances which are your product or which arise out of or are used in connection with your product, your work, your premises or your operations, including but not limited to gasoline, diesel fuel, any other petroleum products or derivatives, fuels or lubricants.

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

M-5012 (11/2000)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1613 of 1650

## MISSOURI CHANGES - CANCELLATION AND NONRENEWAL

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

> BUSINESS AUTO COVERAGE FORM
> GARAGE COVERAGE FORM
> TRUCKERS COVERAGE FORM
> CARGO COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A. If you are an individual, partnership, or a limited liability company and a covered "auto" you own is of the "private passenger type," and this policy covers fewer than five "autos" and does not insure the motor vehicle hazard of garages, motor vehicle sales agencies, repair shops, service stations, or public parking places, the CANCELLATION Common Policy Condition does not apply to that "auto." The following Condition applies instead:

ENDING THIS POLICY

1. Cancellation
   a. You may cancel the policy by returning it to us or by giving us advance notice of the date cancellation is to take effect.

   b. If this policy has been in effect for 60 days or less and is not a renewal or continuation policy, we may cancel for any reason. If we cancel, we will mail you at least 10 days notice.

   c. When this policy has been in effect for more than 60 days or is a renewal or continuation policy, we may cancel only for one or more of the following reasons:

      (1) Nonpayment of premium. If we cancel for this reason, we will mail you at least 10 days notice.
      (2) If you are an individual, partnership, or limited liability company and your driver's license has been suspended or revoked during the policy period. If we cancel for this reason, we will mail you at least 60 days notice. However, we may not cancel if you are more than one person, but only one person's license has been suspended or revoked. Instead we may exclude coverage for that person while operating a covered "auto" during a period of suspension or revocation.
      (3) If you are an individual, we replace this policy with another one providing similar coverages and the same limits for the covered "auto." The replacement policy will take effect when this policy is cancelled, and will end a year after this policy begins or on this policy's expiration date, whichever is earlier.

   d. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. However, making or offering to make the refund is not a condition of cancellation. If you cancel, the refund may be less than pro rata. If we cancel, the refund will be pro rata.

   e. The effective date of cancellation stated in the notice shall become the end of the policy period.

   f. Our notice of cancellation will state the actual reason for cancellation unless the cancellation is due to nonpayment of premium.

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1614 of 1650

2. Nonrenewal
   a. If we decide not to renew or continue this policy, we will mail you notice at least 60 days before the end of the policy period. If the policy period is other than one year, we will have the right not to renew or continue it only at the anniversary of its original effective date. If we offer to renew or continue and you do not accept, this policy will terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

   b. If we fail to mail proper notice of nonrenewal and you obtain other insurance, the coverages provided by this policy will end on the effective date of any similar coverages provided by the other insurance.

   c. Our notice of nonrenewal will state the actual reason for nonrenewal unless the nonrenewal is due to nonpayment of premium.

3. Mailing of Notices
   Any notice of cancellation or nonrenewal will be mailed by United States post office certificate of mailing to your last known address. Proof of mailing of any notice shall be sufficient proof of notice.

B. For "autos" not described in paragraph A above:
1. Paragraph 2. of the CANCELLATION Common Policy Condition is replaced by the following:

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, stating the actual reason for cancellation, at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium;

   b. 10 days before the effective date of cancellation if cancellation is for one or more of the following reasons:

      (1) Fraud or material misrepresentation affecting this policy or a claim filed under this policy or a violation of any of the terms or conditions of this policy;
      (2) Changes in conditions after the effective date of this policy which have materially increased the risk assumed;
      (3) We become insolvent; or,
      (4) We involuntarily lose reinsurance for this policy.

   c. 60 days before the effective date of cancellation if we cancel for any other reason.

3. The following is added and supersedes any provision to the contrary:

   NONRENEWAL
   a. We may elect not to renew this policy by mailing or delivering to the first Named Insured, at the last mailing address known to us, written notice of nonrenewal, stating the actual reason for nonrenewal, at least sixty days prior to the effective date of the nonrenewal.

   b. If notice is mailed, proof of mailing will be sufficient proof of notice.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| | 02 GHM 000450 - 01 |
| Berkshire Hathaway Homestate Insurance Company | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1615 of 1650

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# APPLICATION OF POLICY - FINANCIAL RESPONSIBILITY

If a court reforms, rescinds, voids, or invalidates any provision or exclusion of this policy due to applicable state financial responsibility law, that provision or exclusion will be amended to apply only in excess of the statutorily required minimum limits of liability.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB906B9C890D

## PUNITIVE DAMAGE EXCLUSION
## DUTY TO DEFEND AMENDMENT

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies the insurance provided under all coverage forms and is effective on the inception date of the policy or on the date shown below.

The insuring agreement is amended to provide that this insurance does not apply to any sums awarded as punitive damages.

The Company has the right and duty to defend any suit asking for damages covered by this policy. However, the Company has no duty to defend suits for bodily injury or property damage not covered by this policy. The Company has the right to defend any suit against the insured which seeks both punitive damages and damages covered in the insuring agreement. However, the Company has no duty to defend any suit seeking only punitive damages or where the remaining allegations of a complaint seek only punitive damages, and the Company shall have the right to settle that part or parts of a suit seeking damages other than punitive.

In the event of a conflict of interest between the insured and the Company due to allegations of punitive damage or due to other allegations not covered by the insuring agreement, the Company shall not be obligated to retain separate counsel to represent the interests of the insured with respect to defense of non-covered allegations, but the insured shall have the right to retain separate counsel at the insured's expense to serve as co-counsel. The Company shall not be required to relinquish control of the defense to such co-counsel so long as covered allegations remain in the suit.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# LIQUOR LIABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION II – LIABILITY COVERAGE – B. EXCLUSIONS** is changed by adding the following:

This insurance does not apply to "bodily injury" or "property damage" for which an insured may be held liable by reason of:

1. Causing or contributing to the intoxication of any person; or

2. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

3. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you use the premises in part for the following purposes:

1. Serving or furnishing alcoholic beverages for a charge whether or not such activity:

   a. Requires a license; or

   b. Is for the purpose of financial gain or livelihood; or

2. Serving or furnishing alcoholic beverages without a charge, if a license is required for such activity.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| | 02 GHM 000450 - 01 |
| **Berkshire Hathaway Homestate Insurance Company** | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | |
| | By |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB896B9C890D

Contains Copyrighted ISO Material used with permission

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE LOCATIONS AND OPERATIONS
# MEDICAL PAYMENTS COVERAGE

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Coverage**

We will pay reasonable medical and funeral expenses to or for each person who sustains "bodily injury" to which this coverage applies, caused by an "accident" and resulting from:

1. The maintenance or use of the locations shown in the Declarations and that portion of the roads or other accesses that adjoin these locations for garage business.

2. All operations necessary or incidental to a garage business.

We will pay only those expenses incurred for services rendered within one year from the date of the "accident".

**B. Exclusions**

This insurance does not apply to:

1. "Bodily injury" resulting from the maintenance or use of any "auto".

2. "Bodily injury" to a person, whether or not an "employee" of any "insured", if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.

3. "Bodily injury" arising directly or indirectly out of:
   a. War, including undeclared or civil war;
   b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or
   c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

4. "Bodily injury" to any "insured".

**C. Limit Of Insurance**

Regardless of the number of persons who sustain "bodily injury" or claims made, the most we will pay for "bodily injury" for each person injured in any one "accident" is the Limit of Medical Payments Coverage shown in the Declarations.

**D. Changes In Conditions**

The **Transfer Of Rights Of Recovery Against Others To Us** Garage Condition does not apply.

04/19/2013 09:56 9FC9A531-442D-408E-B594-EB996B9C890D

© ISO Properties, Inc., 2005

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1619 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# GARAGE COVERAGE FORM – OTHER THAN COVERED AUTOS EXPOSURE – TOTAL POLLUTION EXCLUSION

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**Liability Coverage** is changed as follows:

Exclusion **8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"** is replaced by the following:

**8. Pollution Exclusion Applicable To "Garage Operations" – Other Than Covered "Autos"**

a. "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

b. Any loss, cost or expense arising out of any:

(1) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants";

(2) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to or assessing the effects of "pollutants".

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB896B9C890D

 © ISO Properties, Inc., 2000

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1620 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# PHYSICAL DAMAGE INSURANCE –
# DEALERS LIMITATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**SECTION IV - PHYSICAL DAMAGE COVERAGE** is amended as follows:

**B. EXCLUSIONS** is amended by adding the following exclusion:
We will not pay for "loss" to any "consigned automobile".

**C. LIMITS OF INSURANCE** paragraphs 1. and 4.c. are deleted and replaced by the following:
1. The most we will pay for "loss" to any one covered "auto" not scheduled on the **SCHEDULE OF COVERED AUTOS** is the lesser of:
   a. The actual cash value of the damaged or stolen property as of the time of "loss"; or
   b. The cost of repairing or replacing the damaged or stolen property with other property of like kind and quality; or
   c. $ _____30,000_____ ($30,000 or the Dealer Open Lot Limit, whichever is less, if left blank).

4. c. Non-Reporting Premium Basis. When a "loss" occurs, we will establish the total value of your covered "autos".
   (1) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is 80% or more of the actual cash value of your covered "autos" at the location of the "loss", we will pay the full value of the "loss" up to the Limit of Insurance.
   (2) If the Limit of Insurance, shown in **ITEM SEVEN** of the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE**, for the location of the "loss" is less than 80% of the total actual cash value of your covered "autos" at the location of the "loss", we will pay only a percentage share of the "loss", up to the Limit of Insurance. We will determine this percentage share by dividing the Limit of Insurance shown in the **SCHEDULE** for the location of the "loss" by the total actual cash value of your covered "autos" at the location of the "loss", and multiplying the resulting quotient by 1.25.

**D. DEDUCTIBLE** is deleted and replaced by the following:
1. For each covered "auto", our obligation to pay for, repair, return or replace damaged or stolen "autos" will be reduced by the deductible as shown in the **AUTO DEALERS' SUPPLEMENTARY SCHEDULE** or **SCHEDULE OF COVERED AUTOS**.
2. Deductibles apply for each covered "auto", for each "loss".

**SECTION VI - DEFINITIONS** is changed by adding the following:

"Consigned Automobile" means an "auto" held by you for sale, but does not include:
(1) An "auto" owned by you, or
(2) An "auto" on which your creditor has placed a lien.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned by |
| MILLER INVESTMENT GROUP INC | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AUTOMOBILE TRANSPORTER, TOW TRUCK, TANK TRUCK OR TANK TRAILER EXCLUSION

This endorsement modifies all coverages provided under this Policy.

This insurance does not apply to "bodily injury", "property damage", or "covered pollution cost or expense" resulting from ownership, maintenance or use of any "automobile transporter", tank truck or tank trailer unless:

1. The "automobile transporter", tank truck or tank trailer is specifically described and scheduled on this policy with a premium charged for the applicable coverage; or

2. The "automobile transporter", tank truck or tank trailer is a "customer's auto".

"Automobile transporter" means an "auto" designed or used to transport one or more "autos". "Automobile transporter" includes but is not limited to car carriers and tow trucks.

All other terms, conditions and agreements remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1622 of 1650

## LIMITATION ENDORSEMENT
### (Dealers) Drive-Away Operations

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**A. SECTION VI - DEFINITIONS** is changed by adding the following:

"Drive-Away Operations" means the pick-up or delivery of covered autos while being driven, towed, or carried by any auto owned, hired, or borrowed by you or your agent or employee.

**B. SECTION II - LIABILITY COVERAGE and Collision Coverage in SECTION IV - PHYSICAL DAMAGE COVERAGE** does not apply to "Drive-Away Operations" conducted more than 150 miles outside the city or town limits of where Coverage Operations are conducted, as shown on the declarations of the policy, unless item C. below is completed to extend this radius limitation.

**C.** In consideration of the additional premium shown below, "Drive-Away Operations" are extended to a radius of _____ road miles for Liability Coverage and/or a radius of _____ for Physical Damage Coverage, from the city or town limits of where Garage Operations are conducted, as shown in the declarations of the policy.

This coverage extension requires an additional premium of:

$ _____ Liability Coverage

$ _____ Physical Damage Coverage

$ _____ Total Additional Premium

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned by |
| **MILLER INVESTMENT GROUP INC** | |

(Authorized Representative)

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:55 9FC9A531-442D-406E-B594-EB996B9C890D

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## EXCLUSION — ANIMALS

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

This insurance does not apply to "bodily injury," "property damage," "personal injury" or "medical payments" arising out of the ownership, maintenance, use, failure to license, or lack of control of any animal by any insured.

All other terms, conditions and agreements of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |

(Authorized Representative)

(The attaching clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:57 9FC9A531-442D-406E-B594-EB996B9C890D

# GARAGE COVERAGE — EXCLUSION OF "AUTOS" OTHER THAN COVERED "AUTOS"

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

SECTION II - LIABILITY COVERAGE, B. EXCLUSIONS, is changed by adding the following exclusion:

This insurance does not apply to:

"AUTOS" OTHER THAN COVERED "AUTOS"
"Bodily injury" or "property damage" resulting from the maintenance of any "auto" which is not a covered "auto" under this policy if such "bodily injury" or "property damage" occurs while such "auto" is being used for garage business.

SECTION VI - DEFINITIONS, "Garage operations" is deleted and replaced by the following:

"Garage operations" means the ownership, maintenance, or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance, or use of the "autos" indicated in SECTION I of this Coverage Form as covered "autos." "Garage operations" also includes all operations necessary or incidental to a garage business. "Garage operations" does not include the ownership or use of any "auto" which is not a covered "auto" under this policy.

All other terms, conditions and agreements of the policy shall remain unchanged.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | by |

(Authorized Representative)

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1625 of 1650

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – NO MAXIMUM DEDUCTIBLE FOR HAIL

This endorsement modifies coverage provided under the following:

GARAGE COVERAGE FORM

The MAXIMUM DEDUCTIBLE for Specified Causes of Loss or Comprehensive Coverage shown in the Declarations or Schedule does not apply to "loss" caused by hail, whether driven by wind or not. For "loss" caused by hail, whether driven by wind or not, the deductible shown in the Declarations or Schedule applies for each covered "auto".

All other terms, limits, provisions and conditions of the policy remain unchanged.

| Company Name | Policy Number |
|---|---|
| **Berkshire Hathaway Homestate Insurance Company** | **02 GHM 000450 - 01** |
| | Endorsement Effective |
| | **04/21/2013 12:01 AM** |
| Named Insured | Countersigned at |
| **MILLER INVESTMENT GROUP INC** | By |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/19/2013 09:57 9FC9A531-442D-406E-B594-EB996B9C890D

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

# TERRORISM RISK INSURANCE ENDORSEMENT

## NOTICE TO POLICYHOLDERS REQUIRED UNDER TERRORISM RISK INSURANCE ACT OF 2002

Pursuant to the requirements of the Terrorism Risk Insurance Act of 2002 (the "Act"), including all amendments thereto, we advise you of the following information:

Coverage for acts of terrorism is included in this policy subject to the terms, conditions, limits and exclusions contained therein. Under this coverage, certain losses caused by certified acts of terrorism may be partially reimbursed by the United States under a formula established by federal law. Under this formula, the United States pays a portion (85% in Calendar Year 2008 through expiration) of covered terrorism losses exceeding the statutorily established deductible paid by the insurance company providing the coverage. While your insurer faces significant exposure under your policy for losses caused by acts of terrorism, the premium you paid for the policy does not reflect that exposure. **Consequently, no premium is currently being charged on your policy for the risk of losses caused by certified acts of terrorism.**

THERE IS AN ANNUAL LIABILITY CAP FOR COVERED TERRORISM LOSSES UNDER THE ACT EQUAL TO $100,000,000,000 OF AGGREGATE INSURED LOSSES AS DEFINED IN THE ACT. LOSSES PAID UNDER THIS COVERAGE WILL BE PARTIALLY REIMBURSED BY THE UNITED STATES UNDER A FORMULA ESTABLISHED BY FEDERAL LAW. UNDER THIS FORMULA, THE UNITED STATES PAYS A PORTION (85% IN CALENDAR YEAR 2008 THROUGH EXPIRATION) OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE. ANY INSURER THAT HAS SATISFIED THEIR STATUTORILY ESTABLISHED DEDUCTIBLE IS NOT LIABLE FOR AND THE UNITED STATES SECRETARY OF THE TREASURY IS NOT AUTHORIZED TO PAY ANY PORTION OF SUCH LOSSES EXCEEDING THE CAP ON ANNUAL LIABILITY OF $100,000,000,000.

Premium on renewal of your coverage may be charged for you to maintain coverage for losses arising out of acts of terrorism. In that event you will be informed of such charges to the extent required by federal or state law.

| Company Name | Policy Number |
|---|---|
| Berkshire Hathaway Homestate Insurance Company | 02 GHM 000450 - 01 |
| | Endorsement Effective |
| | 04/21/2013 12:01 AM |
| Named Insured | Countersigned at |
| MILLER INVESTMENT GROUP INC | |
| | by |
| | (Authorized Representative) |

(The Attaching Clause need be completed only when this endorsement is issued subsequent to preparation of the policy.)

04/18/2013 09:57 9FC9A531-442D-408E-B594-EB996B9C890D

**Berkshire Hathaway Homestate Insurance Company**

A STOCK COMPANY

# COMMERCIAL POLICY

## Report <u>ALL</u> Accidents To:

# 1-800-356-5750

**24 Hour**          **Toll Free**

---

**IMPORTANT NOTICE
TO AUTOMOBILE POLICYHOLDERS**

If any new or replacement drivers are hired during the term of this policy, notify the company immediately. Failure to do so may result in termination of your policy.

---

THESE POLICY PROVISIONS WITH THE DECLARATIONS PAGE, COVERAGE FORM
AND ENDORSEMENTS, IF ANY, COMPLETE THIS POLICY. THIS POLICY IS A LEGAL
CONTRACT BETWEEN THE POLICY OWNER AND THE COMPANY.

## READ YOUR POLICY CAREFULLY

M-4600a (04/2003)

04/19/2013 09:56 9FC9A531-442D-406E-B594-EB996B9C890D

Case 4:17-cv-00224-DGK   Document 1-2   Filed 03/28/17   Page 1628 of 1650

# *Oak River Insurance Company*

A member of the Berkshire Hathaway group of insurance companies

March 15, 2013

CERTIFIED MAIL – RETURN RECEIPT
REGULAR U.S. MAIL

**OK to send
TMortland 3/15/13**

GALLAS AND SCHULTZ
ALAN B. GALLAS, ATTORNEY
9140 WARD PARKWAY
SUITE 200
KANSAS CITY, MO 64114

MILLER INVESTMENT GROUP INC
DBA AUTO NOW
2917 W. 113TH ST
LEAWOOD, KS 66211

Re: Claim Number: 50 24 245373
Policy Number: 50 MOA100124
Insured: MILLER INVESTMENT GROUP INC
Claimant: QUENTON SHELBY
SUIT: *MILLER INVESTMENT GROUP, Plaintiff/Counterclaim-Defendant v.
QUENTON SHELBY, Defendant/Counterclaimant*

Dear Attorney Gallas and Miller Investment Group:

Oak River Insurance Company ("Oak River") received notice of the above-referenced Counterclaim currently pending in the Sixteenth Judicial Circuit Court Jackson, MO, case no. 1216- CV24936, division 26.

We previously sent Attorney Gallas correspondence dated 2/26/13, reserving our rights related to this Counterclaim at which time we advised we were investigating to determine if any policies issued to Miller Investment Group Inc. ("Miller Investment") would apply and if we would take over the defense of the Counterclaim brought by Shelby. For the reasons set forth below, Oak River disclaims any duty to defend or indemnify Miller Investment for any damages alleged in the Counterclaim.

---

Claim Operations ▪ P.O. Box 31361 ▪ Omaha, Nebraska 68131-0361 ▪ Telephone (402) 916-3800 ▪ Facsimile: (402) 916-3031
E-mail: Reports@nationalindemnity.com

**EXHIBIT
8**

Miller Investment d/b/a/ Auto Now Belton filed a Complaint against Quenton Shelby ("Shelby") which alleged as follows:  Shelby executed a Retail Installment Contract and Security Agreement on  September 30, 2010 (the "Shelby Contract").  Shelby failed to make an installment payment and failed to cure his default.  Miller Investment obtained possession of the collateral and after reasonable notice to Shelby on April 9, 2012, it sold the collateral on April 19, 2012. Miller Investment sent Shelby a deficiency balance notice on May 1, 2012.

Shelby's Counterclaim states it is a consumer class action seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by Miller Investment with respect to the repossession of collateral.  The Counterclaim alleges the Notice of Sale sent to Shelby failed to comply with the UCC several respects. The Counterclaim seeks statutory damages under the UCC; damages equal to any and all monies paid to Miller Investment by Shelby for time price differential, delinquency and collection charges; a preliminary and permanent injunction enjoining Miller Investment from engaging in the alleged practices;  a mandatory injunction compelling Miller Investment to remove adverse credit information which may have been wrongfully reported on consumer reports of Shelby; and a declaration that the presale notice sent by Miller Investment fails to comport with the provisions of the UCC.

Oak River Insurance Company issued Garage Policy # MOA100192 to Miller Investment Group Inc. dba Auto Now effective 4/21/11 to 4/21/12 and renewal policy #MOA100192 effective from 4/21/12 to 4/21/13.[1]

Garage Coverage Form CA 0005 (03/06) contained in the Policies provides as follows:

SECTION II – LIABILITY COVERAGE

A. Coverage

    1. "Garage Operations – Other Than Covered "Autos"

    a.  We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" other than the ownership, maintenance, or use of covered "autos".

    We have the right and duty to defend any "insured" against a "suit" asking for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

The Policies contains the following definitions:

Section VI – DEFINITIONS

A. "Accident" includes continuous and repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

C. "Insured Contract" means:

---

[1] Oak River also issued Policy #KSA100112 effective 4/21/11 to 4/21/12 and renewal policy KSA100112 effective 4/21/12 to 4/21/13 to Miller Investment Group dba Auto Now.  The KSA100112 policies exclude coverage for the Used Car Dealership operations located at Belton, Missouri.

1. A lease of premises;
2. A sidetrack agreement;
3. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
4. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
5. That part of any other contract or agreement pertaining to your garage business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;
6. An elevator maintenance agreement; or
7. That part of any contract or agreement entered into, as part of your garage business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

1. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:
   a. Preparing, approving or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or
   b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.
2. That indemnifies any person or organization for damage by fire to premises rented or loaned to you.
3. That pertains to the loan, lease or rental of an "auto", to you or any of your "employees" if the "auto" is loaned, leased or rented with a driver.
4. That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.
5. That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing.

M. "Property Damage" means damage to or loss of use of tangible property.

P. "Suit" means a civil proceeding in which:

1. damages because of "bodily injury" or "property damage" or
2. A "covered pollution cost or expense",

to which this insurance applies are claimed.

"Suit" includes:

   a. An arbitration proceeding in which such damages or "covered pollution cost or expense" are claimed and to which the "insured" must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution cost or expense"are claimed and to which the insured submits with our consent.

The Policies also contain the following exclusions:

B. Exclusions

This insurance does not apply to any of the following:

1. Expected Or Intended Injury

   "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured". But for "garage operations" other than covered "autos" this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

2. Contractual

   Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:
   a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or
   b. That the "insured" would have in the absence of the contract or agreement.

6. Care, Custody or Control

   "Property damage" to or "covered pollution cost or expense involving:

   c. Property held for sale or being transported by the "insured"; or

   d. Property in the insured's care, custody or control.

14. Loss of Use

   Loss of use of other property not physically damaged if caused by:

   a. A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

   b. A defect, deficiency, inadequacy or dangerous condition in your "products" or work you performed". But this exclusion, 14b., does not apply if the loss of use was caused by sudden and accidental damage to or destruction of your "products" or "work you performed" after they have been put to their intended use.

The Counterclaim is seeking damages based on Shelby's Contract with Miller Investment for the purchase of a 2003 Mercury Mountaineer. The damages do not arise out of an "accident", therefore there is no coverage under the Policies. In addition, the damages alleged in the Counterclaim do not come within the definition of "bodily injury" or "property damage" as defined in the Policies, therefore there is no coverage under the Policies. In addition, a request for an injunction does not qualify as a "suit".

The Policies also include several exclusions that apply to preclude coverage for the allegations contained in the Counterclaim. To the extent that any alleged damages were expected or intended by Miller Investment, there is no coverage under Policies. Damages for

liability assumed under a contract are excluded. Also, to the extent that any of Shelby's alleged damages occurred while the vehicle was in Miller's care, custody or control, or being held for sale, there is no coverage under the Policies. Also, damages for loss of use are excluded if caused by Miller Investment's failure to perform a contract in accordance with its terms.

For the reasons set forth above, Oak River will not defend or indemnify Miller Investment for the allegations contained in Shelby's Counterclaim. Our position is based on the information we have received to date. If you know or learn of information not already provided to us, contact us immediately. Should additional suit papers be filed against Miller Investment, we ask you forward them to us to review. We will review all new information to assure Oak River fully performs its obligations under the Policies and applicable law.

Reference to specific provisions of the Policies are not a waiver of our rights under any other provision of the Policies. No further action by will constitute or in any way is intended to waive or modify any of Oak River's rights under the Policies or applicable law, or to admit any fact, principle or obligation under the Policies. Oak River may at any time assert any of these additional rights or defenses.

Please call me at 402-916-3485 if you have any questions regarding this Counterclaim.

Sincerely,


Jim Hercinger
Claim Operations

SIXTEENTH JUDICIAL CIRCUIT COURT
JACKSON COUNTY, MISSOURI

**FILED**
**DIVISION 10**
04-Mar-2016   10:54
CIRCUIT COURT OF JACKSON COUNTY, MO
BY  *Emily Kissee*

MILLER INVESTMENT GROUP,

      Counterclaim-Defendant,

v.

QUENTON SHELBY,

      Counterclaimant.

Case No. 1216-CV24936
Division: 8

## Final Approval Order

Upon careful review and consideration of the record, the Parties' Settlement Agreement and Release dated December 18, 2015 (the "Agreement"), the evidence and arguments of counsel as presented at the Fairness Hearing held on March 4, 2016, the memoranda filed with this Court, and all other filings for the parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Incorporation of Other Documents**. This Order incorporates and makes the following a part of this Order:

    a.    The Agreement, filed with this Court about December 22, 2015; and

    b.    The following exhibits to the Agreement: (i) Schedule A (Proposed Distribution Schedule of "Net Distributable Settlement Fund," filed under seal); (ii) Exhibit A (Class Mail Notices); (iii) Exhibit B (Long-Form notice available to the Settlement Class); (iv) Exhibit C (list of members of the Settlement Class, filed under seal).

Unless otherwise provided, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

**EXHIBIT**
**9**

1

2. **Jurisdiction**. Because adequate notice was disseminated and all potential members of the Settlement Class (as defined below) were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Settlement Class. The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to enter the accompanying Final Judgment.

3. **Final Class Certification**. The Settlement Class, which this Court previously certified preliminarily, is finally certified under Missouri Rules of Civil Procedure 52.08, the Court finding that the Settlement Class fully satisfies all of the requirements of Missouri Rules of Civil Procedure 52.08 and due process. The Settlement Class is defined:

> All persons: (a) who are named as borrowers or buyers on a loan or financing agreement with MIG or assigned to MIG; (b) whose loan or financing agreement was secured by collateral; (c) whose collateral was repossessed or voluntarily surrendered; and (d) whose collateral was disposed of from January 10, 2008, to April 21, 2015.

**A. Numerosity**. Pursuant to Rule 52.08(a)(1), the Court finds sufficient evidence that the number of persons in the Settlement Class is so numerous that joinder of all members is impracticable. A party "does not have to specify an exact number of class members to satisfy the numerosity prerequisite for class certification, but must show only that joinder is impracticable through some evidence or reasonable, good faith estimate of the number of purported class

members." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 167 (Mo. App. 2006). As few as 40 class members should presumptively satisfy this requirement. *Id.* at 168; Alba Conte & Herbert Newberg, 1 Newberg on Class Actions section 3:5, at 1 (4th ed.2002). The parties estimate there are at least 2,350 class members, which satisfies the numerosity requirement of Rule 52.08(a).

B. **Commonality/Predominance**. Pursuant to Rule 52.08(a)(2) and (b)(3), the Court finds there are questions of law and fact common to all Members of the Settlement Class and that those common questions predominate over any questions affecting individual members of the Settlement Class. "A single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions." *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 716 (Mo. banc 2007). The overriding common issue in this litigation is whether the right to cure, presale and post-sale notices sent by MIG complied with Chapter 408 of the Missouri Revised Statutes and the Uniform Commercial Code. Individual issues, if any, regarding choice-of-law, damages, or affirmative defenses such as the statute of limitations, res judicata, collateral estoppel or bankruptcy do not defeat the predominance of the common issues. *Craft v. Philip Morris Cos.*, 190 S.W.3d 368, 383 (Mo. App. 2005) ("The predominance of the common issues is not defeated simply because individual questions may remain after the common issues are resolved, such as questions of damages or individual defenses.").

C. **Typicality**. Pursuant to Rule 52.08(a)(3), the Court finds the claims of the

named Class Representative are typical of the claims of the members of the Settlement Class. "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." *Hale v. Wal-Mart Stores, Inc.,* 231 S.W.3d 215, 223 (Mo. App. 2007). Shelby and each Class members' claims arise from the same conduct: MIG's and its agents' failure to send the statutorily required notices in violation of Chapter 408 and the UCC. Chapter 408 and the UCC give each class member the same remedy for these violations.

D. **Adequacy**. Pursuant to Rule 52.08(a)(4), the Court finds Counterclaimant Quenton Shelby is a member of the class he seeks to represent. There are no apparent conflicts of interest between Counterclaimant Quenton Shelby and the Settlement Class, or among the members of the Settlement Class, and Shelby and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class. The Court notes Counterclaimant has vigorously pursued this litigation through qualified counsel and has a sufficient understanding of his role as class representative. The Court notes the complexity of this matter as a class action and finds Class Counsel have conferred and will continue to confer substantial benefits on the Settlement Class valued at approximately $12,930,000 by obtaining preliminary approval, monitoring and ensuring compliance with the terms of the Settlement Agreement, obtaining final approval and assisting with administration of the Settlement Agreement.

E. **Superiority**. Pursuant to Rule 52.08(b)(3), the Court finds that the class action

procedure is superior to other available methods for the fair and efficient adjudication of this litigation. First, economic realities make it virtually impossible for individual Class Members to prosecute individual claims against MIG. The majority of Class members' individual stakes are relatively small when compared to MIG's incentive to exhaustively litigate each individual claim. Most Class members whose life circumstances prevented them from making payments on their loans could not retain an attorney, on an hourly basis, for this type of representation. And for those that could afford it, they are likely unaware of their rights, and the UCC, having been violated. The alternative to a class action is not thousands of individual lawsuits, but zero individual suits. The class action procedure is not only superior to individual actions, it is likely the only viable alternative for Class members to seek relief. *Whitney v. Alltel Communications, Inc.*, 173 S.W.3d 300, 309 (Mo. App. 2005). These considerations weigh heavily in favor of class certification. Second, there is no evidence any other member of the Class has commenced litigation of this type against MIG. Third, concentrating separate actions based on the same underlying conduct in one action promotes judicial economy and efficiency and consistency of judgments. Forcing many Class members to bring individualized suits would unnecessarily burden judicial resources and would create the risk of multiple inconsistent results for similarly situated parties. MIG's conduct of business in this forum also weighs in favors of superiority. Finally, the parties can devise solutions to address any manageability issues and ensure adjudication is both fair and efficient.

4. **Class Notice**. The Court finds the Class Mail Notices (both the short form and long form notice available on the website or upon request) and its distribution to the Settlement Class as implemented under the Agreement and the Preliminary Approval Order:

      a.    Constituted the best practicable notice to the members of the Settlement Class under the circumstances of this Litigation;

      b.    Constituted notice reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of (i) the pendency of this Litigation and the proposed Settlement, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to: final certification of the Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of Shelby's and/or Class Counsel's representation of the Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive award), (iv) their right to appear at the Fairness Hearing if they did not exclude themselves from the Settlement Class, and (v) the binding effect of the Orders and Judgment in the Litigation on all members of the Settlement Class who did not request exclusion;

      c.    Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

      d.    Constituted notice that fully satisfied the Missouri Rules of Civil Procedure 52.08, due process, and any other applicable law.

5. **Final Settlement Approval**. The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith through arm's length negotiations, and not as the result of fraud or collusion. The Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all requirements of the laws of Missouri, the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties are directed to implement and consummate the Agreement according to its terms and provisions.

6. **Damages**. MIG Agreed not to contest a judgment being entered against it in an amount to be determined by the Court. The Court determines the Settlement Class has compensatory damages of $ 19,001,795.17 resulting from MIG's negligent conduct in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code as part of operations necessary or incidental to MIG's garage business. MIG did not intend to violate Chapter 408 or the UCC and did not intend injury to the class because it believed its notices were accurate, lawful and contained no misrepresentations. However, the negligent misrepresentations in the notices were the proximate cause of the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold. *Mancuso v. Long Beach Acceptance Corp.*, 254 S.W.3d 88, 92 (Mo. App. 2008) (purpose of notice is to allow consumer to reclaim collateral). The negligent misrepresentations in the notices were also the proximate cause of the loss of use of the: (a) Class member's surplus funds owed them after the sale of the collateral; and (b) the money each Class member paid, which was barred by statute and common law.

7.      **Assignment of Claims**. MIG assigns to the Settlement Class (represented by Shelby and his attorneys) all of its rights under all insurance policies in effect from January 10, 2008, to April 21, 2015, from which Shelby and the Settlement Class will seek to recover. Shelby and his attorneys may pursue an action against MIG's insurers and attempt to recover against any effective insurance policies. Any recovery from the insurers will add to the benefits made available to the Settlement Class under the Agreement, and the Settlement Class Members who submitted valid claims for payment will receive the funds remaining from any recovery from the insurers after attorney's fees and costs are deducted.

8.      **Binding Effect**. The Agreement, this Order and the accompanying Final Judgment shall be forever binding on Shelby, all of the Settlement Class Members, and their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The Agreement, this Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

9.      **Releases**. The Settlement Class Members (*i.e.*, those members of the Settlement Class who did not timely opt out) shall be bound by the Release provided in Paragraph 6 of the Agreement, which is incorporated in this Order, regardless of whether such persons received any compensation under the Agreement or Settlement. The Releases are effective as of the date of this Final Approval Order and the accompanying Final Judgment. The Court expressly adopts all defined terms in the Agreement.

10. **Enforcement of Settlement.** Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

11. **Additional Payment to Shelby.** The Court awards $5,000 to be paid from the Cash Fund to Shelby as an incentive award for his services as class representative in this Litigation.

12. **Attorney's Fees and Expenses.** Class Counsel are awarded $10,000 from the Cash Fund representing an allocated share of expenses and court costs Class Counsel has incurred and advanced for the Litigation and Settlement, which shall be deducted from the Cash Fund as defined in the Agreement. In addition, the Court awards Class Counsel attorney's fees of $320,000, representing less than three percent of the "Gross Settlement Fund" as defined in the Agreement, which award is to be deducted from the Cash Fund. The Court finds and concludes each of the above awards to Class Counsel for work and services for the Litigation and Settlement is reasonable, and regarding this finding, specifically finds:

    a. The undersigned is acquainted with all the issues involved and the work performed by Class Counsel.

    b. By obtaining preliminary and final approval of the Settlement Agreement, Class Counsel and Shelby achieved exceptional results on behalf of the Settlement Class with the total monetary benefit conferred on the Settlement Class valued at over $12,930,000. Additional non-quantifiable relief over the calculable monetary amounts was also obtained for the Settlement

Class, which included the deletion of negative credit reporting/trade lines from the Settlement Class Members' credit reports.

c. The issues involved were novel and complex and justify the fee award.

d. The demands of the settlement approval process and class administration forced Class Counsel to dedicate considerable resources to this lawsuit.

e. Class Counsel are experienced and highly skilled class action and consumer litigators with a reputation justifying the fee award.

f. The fee award is less than that granted in similar cases involving complex litigation or in the class action context.

g. The Agreement and Long-Form Notice informed the Settlement Class that Class Counsel would apply for fee awards in the amounts requested. No member of the Settlement Class has objected to such awards or the Settlement.

13. **No Other Payments**.   The preceding paragraphs of this Final Approval Order preclude, without limitation, all claims for attorney's fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing Shelby or the Settlement Class, or incurred by Shelby or the Settlement Class Members, or any of them, in connection with or related in any manner to this Litigation, the Settlement of this Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Final Approval Order or the Agreement.

14. **Retention of Jurisdiction.**   The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without affecting the finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly

retains jurisdiction on all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by law, including, without limitation:

      a.      enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the Settlement Class or a Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

      b.      entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund, including presiding over any garnishment actions; and

      c.      entering any other necessary Orders to protect and effectuate this Court's retention of continuing jurisdiction.

15.     **Separate Judgment.**  The Court will separately enter the accompanying Final Judgment.

IT IS SO ORDERED

Date: 03-04-2016

PATRICK W. CAMPBELL, JUDGE
SIXTEENTH JUDICIAL CIRCUIT

11

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the above and foregoing were
mailed/emailed/faxed on this 4th day of March, 2016 to:

JESSE BARRETT ROCHMAN, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
MARTIN L DAESCH, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
RICHARD NELSON BIEN, 2345 GRAND, SUITE 2800, KANSAS CITY, MO 64108-2663
ROBERT KENT SELLERS, 2345 GRAND BLVD., 25TH FLR, KANSAS CITY, MO 64108
DANNY RAY NELSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806
JOSEPH LEROY JOHNSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806

*Emily Kissee*

Law Clerk or JAA, Division 10

# SIXTEENTH JUDICIAL CIRCUIT COURT
# JACKSON COUNTY, MISSOURI

MILLER INVESTMENT GROUP,

        Counterclaim-Defendant,

v.

QUENTON SHELBY,

        Counterclaimant.

Case No. 1216-CV24936
Division: 8

**FILED**
**DIVISION 10**

**04-Mar-2016  15:20**

CIRCUIT COURT OF JACKSON COUNTY, MO

BY ___*Emily Kissee*___

## Final Judgment

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The settlement of the claims of the Settlement Class on the terms in the parties' Settlement Agreement and Release ("Agreement"), dated December 18, 2015, is approved, and the following settlement class is granted final certification under Missouri Rules of Civil Procedure 58.02 ( "Settlement Class"):

All persons who:

(1)    who are named as borrowers or buyers on a consumer loan or financing agreement entered into with or that was assigned to Miller Investment Group, Inc. ("MIG");

(2)    whose loan or financing agreement was secured by collateral;

(3)    whose collateral was repossessed or voluntarily surrendered; and

(4)    whose collateral was disposed of from January 10, 2008 to April 21, 2015.

2.    Individual notice complying with Missouri Rules of Civil Procedure 52.08 was sent to the last-known address of each member of the Settlement Class as identified on Exhibit C to the Agreement.  The Court finds all members of the Settlement Class in

**EXHIBIT**
**10**

Exhibit C to the Settlement Agremeent to be members of the Settlement Class and are bound by this Final Judgment.

3.      Counterclaimant Shelby and all members of the Settlement Class who did not timely exclude themselves from the Settlement Class shall be bound by this Judgment and the Agreement.

4.      The settlement is reasonable because, among other reasons, it is what a reasonably prudent person in MIG's position would have settled for on the merits of Counterclaimant's claims. MIG's decision to settle was made in good-faith, and not the product of collusion or fraud.

5.      The Court enters judgement against MIG and in favor of Counterclaimant Shelby, individually and as representative for the certified class, for $ 19,001,795.17 Post-judgment interest shall accrue on the judgment balance at nine percent per annum until satisfaction. Only $450,000 of this judgment may be satisfied from MIG's assets for its obligations required under the Agreement and any remaining amount may only be satisfied from MIG's insurance policies in effect during the class period. Other than the $450,000, the judgment may not be satisfied from attaching or otherwise acquiring other assets of MIG or MIG's officers, directors or shareholders. The Settlement Class's agreement not to pursue over $450,000 from MIG shall not serve as a general release against MIG or of the right to enforce the Judgment against MIG's insurers. Nor shall the release contained in the Agreement or Final Approval Order be construed in any manner that precludes recovery from MIG's insurers. Notwithstanding the foregoing, pursuant to the terms of the Settlement Agreement and Release, no member of the Settlement Class

2

may seek recovery of any kind against MIG and may only seek recovery from MIG's insurance policies in effect during the class period for the claims released.

6. The Court approves MIG's assignment to the Settlement Class of all its claims and rights against its insurers who issued policies in effect during the class period, including without limitation, any claims of bad faith failure to settle and breach of the duty to defend.

7. The Court will retain continuing jurisdiction over this Litigation for the purposes in the Approval Order and for implementing/enforcing this Judgment.

8. Unless otherwise provided, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

IT IS SO ORDERED

Date: 03-04-2016

PATRICK W. CAMPBELL, JUDGE
SIXTEENTH JUDICIAL CIRCUIT

**CERTIFICATE OF SERVICE:**
I hereby certify that copies of the above and foregoing were mailed/emailed/faxed on this 4th day of March, 2016 to:
JESSE BARRETT ROCHMAN, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
MARTIN L DAESCH, 110 E LOCKWOOD AVE, ST LOUIS, MO 63119
RICHARD NELSON BIEN, 2345 GRAND, SUITE 2800, KANSAS CITY, MO 64108-2663
ROBERT KENT SELLERS, 2345 GRAND BLVD., 25TH FLR, KANSAS CITY, MO 64108
DANNY RAY NELSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806
JOSEPH LEROY JOHNSON, 910 E. St. Louis Street, Suite 100, SPRINGFIELD, MO 65806

Law Clerk or JAA, Division 10

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

QUENTON SHELBY,         )
                                 )
            Plaintiff,    )
                                 )
v.                          )     Case No. 1616-CV17924
                                 )     Division 6
OAK RIVER INSURANCE COMPANY,   )
                                 )
            Defendant.   )

## ORDER

Plaintiff and defendant have both filed motions for enforcement of discovery in the above matter. The Court has reviewed the suggestions filed by both parties regarding the motions, and the authorities set forth therein. Being duly advised in the premises, the Court enters the following Orders:

1.      Plaintiff's motion for enforcement of discovery is **GRANTED**. Defendant shall provide copies of those portions of the claim file at issue, in unredacted form, by or before April 3, 2017.

2.      Defendant's motion for enforcement of discovery is likewise **GRANTED**. Plaintiff shall serve complete responses to the discovery at issue, and produce responsive documents by or before April 3, 2017, **EXCEPT**, as this Order relates to responses to defendant's Requests for Production numbered 11, 18, 21, and 25, and Interrogatories numbered 20, 21, and 22. Plaintiff shall have until June 30, 2017 to serve responses to that discovery and to produce any responsive documents.

**IT IS SO ORDERED.**

March 9, 2017

_____             _____
Date                         J. DALE YOUNGS, Circuit Judge

Notice of the entry of the above order was provided via the Court's electronic filing system to counsel of record.

Chesney Thompson, Law Clerk, Division 6