# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **QUENTON SHELBY,** <br><br> Plaintiff, <br><br> v. <br><br> **OAK RIVER INSURANCE COMPANY,** <br><br> Defendant. | Case No. 17-cv-00224-W-DGK |

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION

**COMES NOW**, Defendant Oak River Insurance Company ("Oak River"), by and through its counsel, and submits the following Answer to Plaintiff's First Amended Petition.[1]

### Nature of Case

1. Paragraph 1 of Plaintiff's First Amended Petition contains solely legal conclusions such that no response is necessary. To the extent a response is required, Oak River denies the allegations contained in Paragraph 1 of Plaintiff's First Amended Petition.

2. With regard to the allegations contained in Paragraph 2 of Plaintiff's First Amended Petition, Oak River admits that Miller Investment Group, Inc. is the named insured on certain policies of insurance issued by Oak River. Oak River also admits that Shelby was appointed class representative of the Class in the Underlying Action. The remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Petition are solely legal conclusions such that no response is necessary. To the extent a response is required, Oak River denies the remaining allegations contained in Paragraph 2 of Plaintiff's First Amended Petition that are not specifically admitted herein.

---

[1] On the same day Oak River removed this case from state court, the state court granted Plaintiff's Motion for Leave to File the First Amended Petition, deeming it filed on the date of the order. For the Court's convenient reference, Plaintiff's First Amended Petition (without attachments) is attached hereto as Exhibit 1.

## Parties

3. Oak River is without sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's First Amended Petition and therefore denies the same.

4. With regard to the allegations contained in Paragraph 4 of Plaintiff's First Amended Petition, Oak River admits that it is a foreign insurance company licensed to conduct business in Missouri. The remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Petition are solely legal conclusions to which no response is necessary. To the extent a response is required, Oak River denies the remaining allegations contained in Paragraph 4 of Plaintiff's First Amended Petition.

## Jurisdiction and Venue

5. Paragraph 5 of Plaintiff's First Amended Petition contains solely legal conclusions such that no response is necessary. To the extent a response is required, Oak River denies the allegations contained in Paragraph 5 of Plaintiff's First Amended Petition, except that Oak River admits that this Court has jurisdiction in this matter.

6. Oak River denies the allegations contained in Paragraph 6 of Plaintiff's First Amended Petition except that it admits that it issued one or more insurance policy to Miller Investment Group.

## General Allegations

7. With regard to the allegations contained in Paragraph 7 of Plaintiff's First Amended Petition, Oak River admits that Miller Investment Group, Inc. is named as an insured on certain insurance policies issued by Oak River. Answering further, the terms and conditions of those policies speak for themselves. Oak River denies the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Petition.

8. Paragraph 8 of Plaintiff's First Amended Petition contains solely legal conclusions such that no response is necessary. To the extent a response is required, Oak River denies the allegations contained in Paragraph 8 of Plaintiff's First Amended Petition.

9. With regard to the allegations contained in Paragraph 9 of Plaintiff's First Amended Petition, Oak River admits that Plaintiff filed a Counterclaim in the Underlying Litigation. Answering further, the Counterclaim (and the allegations contained therein) speaks for itself. Oak River denies the remaining allegations contained in Paragraph 9 of Plaintiff's First Amended Petition.

10. With regard to the allegations contained in Paragraph 10 of Plaintiff's First Amended Petition, Oak River admits counsel for Miller Investment Group tendered defense and indemnity for the Counterclaim filed by Shelby in connection with the Underlying Litigation and that Oak River disclaimed any duty to defend or indemnify Miller Investment Group, Inc. for any damages alleged in the Counterclaim. Oak River further states that the tender letter and its correspondence speak for itself. Oak River denies the remaining allegations contained in Paragraph 10 of Plaintiff's First Amended Petition.

11. Oak River denies the allegations contained Paragraph 11 of Plaintiff's First Amended Petition, including sub-parts a. through m. and sub-sub-parts m.i. to m.ix.

12. Oak River is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Petition and therefore denies the same.

13. Oak River denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Petition.

14. With regard to the allegations contained in Paragraph 14 of Plaintiff's First Amended Petition, Oak River admits that the Final Approval Order and Final Judgment were

signed by the court. Oak River denies the remaining allegations contained in Paragraph 14 of Plaintiff's First Amended Petition.

15. Oak River denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Petition.

16. Oak River denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Petition.

17. Oak River denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Petition.

18. Oak River denies the allegations contained in Paragraph 18 of Plaintiff's First Amended Petition.

19. Oak River denies the allegations contained in Paragraph 19 of Plaintiff's First Amended Petition, including subparts a through g.

### Count I – Breach of Duty to Defend

20. In response to Paragraph 20 of Plaintiff's First Amended Petition, Oak River incorporates by reference its previous responses contained in Paragraphs 1 through 19 above as if fully set forth herein.

21. Oak River denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Petition.

22. Oak River denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Petition.

23. Oak River denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Petition.

24. In response to Paragraph 24 of Plaintiff's First Amended Petition, Oak River admits that it refused to defend the allegations contained, and damages alleged, in the Counterclaim that was asserted by Plaintiff against Miller Investment Group, Inc., and tendered to Oak River. Oak River denies all other allegations contained in Paragraph 24 of Plaintiff's First Amended Petition.

25. Oak River denies the allegations contained in Paragraph 25 of Plaintiff's First Amended Petition.

26. Oak River denies the allegations contained in Paragraph 26 of Plaintiff's First Amended Petition.

27. Oak River denies the allegations contained in Paragraph 27 of Plaintiff's First Amended Petition.

28. In response to Paragraph 28 of Plaintiff's First Amended Petition, Oak River admits that Miller Investment Group, Inc. is listed as an insured in certain policies issued by Oak River. However, Oak River specifically denies that Miller Investment Group, Inc. was insured for the allegations contained, or damages alleged, in the Counterclaim asserted by Plaintiff. Therefore, Oak River denies the remaining allegations contained in Paragraph 28 of Plaintiff's First Amended Petition.

29. Oak River denies the allegations contained in Paragraph 29 of Plaintiff's First Amended Petition.

**Count II**

30. In response to Paragraph 30 of Plaintiff's First Amended Petition, Oak River incorporates by reference its previous responses contained in Paragraphs 1 through 29 above as if fully set forth herein.

31. Oak River denies the allegations contained in Paragraph 31 of Plaintiff's First Amended Petition.

32. Oak River denies the allegations contained in Paragraph 32 of Plaintiff's First Amended Petition.

33. Oak River denies the allegations contained in Paragraph 33 of Plaintiff's First Amended Petition.

34. Oak River denies the allegations contained in Paragraph 34 of Plaintiff's First Amended Petition.

35. Oak River denies the allegations contained in Paragraph 35 of Plaintiff's First Amended Petition.

36. Oak River denies the allegations contained in Paragraph 36 of Plaintiff's First Amended Petition.

## **AFFIRMATIVE DEFENSES**

1. In further answer and by way of affirmative defense, Plaintiff's First Amended Petition fails to state a claim against Oak River upon which relief can be granted.

2. In further answer and by way of affirmative defense, Plaintiff's First Amended Petition is barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the underlying action against Miller Investment Group, Inc. (both those alleged at the time the Counterclaim was presented to Oak River as well as those under the altered theory of recovery and damages that had never been tendered to Oak River but which were included in the purported judgment) did not arise out of or result from garage operations as defined by policies at issue "but of the financing activities of dealership" and there is no coverage due to the terms of the garage operations insuring agreement, the expected or intended injury exclusion,

the care, custody or control exclusion, the loss of use exclusion, and/or the definition of garage operations. *See Landers Auto Grp. No. One, Inc. v. Cont'l W. Ins. Co.*, 621 F.3d 810 (8th Cir. 2010).

3. In further answer and by way of affirmative defense, Plaintiff's First Amended Petition is barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the underlying action against Miller Investment Group, Inc. (both at the time the Counterclaim was presented to Oak River and at the time of the purported judgment) were not covered by the policies at issue in that they are not damages for bodily injury or property damages as defined by the policies at issue.

4. In further answer and by way of affirmative defense, Plaintiff's First Amended Petition is barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the underlying action against Miller Investment Group, Inc. (both at the time the Counterclaim was presented to Oak River and at the time of the purported judgment) were not covered by the policies at issue in that they were not caused by an accident as defined by the policies at issue.

5. In further answer and by way of affirmative defense, Oak River states that Miller Investment Group, Inc. violated the terms and conditions of its insurance policies with Oak River such that Plaintiff's claims against Oak River fail as a matter of law. Miller Investment Group, Inc. violated the cooperation provisions of its insurance policies with Oak River by failing to provide Oak River notice of Plaintiff's altered theories of recovery other than those asserted in the Counterclaim, by jointly submitting settlement documents to the Court (including the Order and Judgment) that were based on Plaintiff's altered theories of recovery other than those asserted in the Counterclaim, and by entering into an agreement with Plaintiff based on or agreeing to

Plaintiff's altered theories of recovery such that Miller Investment Group, Inc. did not defend itself among other agreements. Oak River was irreparably prejudiced by Miller Investment Group, Inc.'s violations of these provisions in that Plaintiff obtained a judgment against Miller Investment Group, Inc. well beyond the reasonable value of the claim. As Plaintiff stands in the shoes of Miller Investment Group, Inc. in this matter, Miller Investment Group, Inc.'s violations of these provisions are imputed on Plaintiff to bar the claims in this case. *See Rocha v. Metro. Prop. & Cas. Ins. Co.*, 14 S.W.3d 242 (Mo. Ct. App. 2000). Specifically, Miller Investment Group, Inc. violated the following provision of the policies:

> b. Additionally, you and any other involved "insured" must:
>
> (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
>
> (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

Miller Investment Group, Inc. failed to immediately send Oak River copies of all legal papers received concerning the underlying action; failed to tender the proposed settlement or other document setting forth the altered theory of recovery different from the Counterclaim, depriving Oak River of its right and opportunity to defend the underlying lawsuit on the altered theory; made agreements with Plaintiff to enable Plaintiff with regard to the settlement, order, and alleged judgment without any opposition whatsoever and without presenting any (or extremely limited) evidence; and assumed obligations in the underlying action without the consent of Oak River. As a result, Oak River suffered substantial prejudice.

6. In further answer and by way of affirmative defense, Oak River states that Plaintiff's claims are barred in whole or part because Oak River is not bound by the superfluous and unnecessary findings in the underlying Order and Judgment as the issues regarding the

applicability of the Oak River policies (and the altered theories of recovery that were not provided to Oak River) were not actually litigated and not supported by evidence submitted to the court.

7. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law because the alleged judgment is void and unenforceable in that:

    a. pursuant to Article V, Section 14 of the Constitution of the State of Missouri, circuit courts in Missouri have subject matter jurisdiction only over actions in which there is an actual case and controversy of a justiciable nature at all times, including at the time judgment is entered;

    b. any judgment entered without subject matter jurisdiction is void, unenforceable, and a nullity and may be attacked or challenged at any time in any matter;

    c. the circuit court lacked subject matter jurisdiction in the Underlying Lawsuit at the time of the alleged judgment because, at that time, there was no actual case and controversy of a justiciable nature between Plaintiff and Miller Investment Group, Inc.;

    d. therefore, the alleged judgment in is void and unenforceable;

    e. each of Plaintiff's claims depend upon and requires the existence of a valid, enforceable judgment in favor of Plaintiff and against Miller Investment Group, which does not exist because the alleged judgment is void and unenforceable;

    f. Plaintiff's claims seek a determination as to alleged duties with respect to a judgment that is void and unenforceable.

8. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law because Oak River is not bound by any

resolutions of factual or legal questions in the underlying action, whether set forth in the alleged order, judgment or otherwise, and has a right to fully litigate any and all issues of fact or of law that may arise in this action with respect to alleged coverage under the Oak River policies, in that:

    a.    a liability insurer has a right to separately litigate questions pertaining to coverage under a policy issued to a person alleged to be entitled to coverage under that policy, even if those questions were decided in litigation against that person;

    b.    denying Oak River the opportunity to litigate issues pertinent to coverage would violate Oak River's rights of due process under the Fifth and Fourteenth Amendments to the United States Constitution;

    c.    principles of collateral estoppel do not apply, in that:

        (i)    neither Oak River nor any person or entity in privity with Oak River was a party to the underlying action at the time of the settlement, order, and alleged judgment;

        (ii)    Oak River was not provided any notice of the altered theory of recovery on which the settlement, order, and alleged judgment were based;

        (iii)    the alleged judgment in the Underlying Lawsuit was not a decision on the merits.

9.    In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law because as an alleged judgment creditor of Miller Investment Group, Inc., Plaintiff stands in the shoes of Miller Investment Group, Inc. for purposes of his so-called "equitable garnishment" claim against Oak River under Section 379.200 of the Revised Statutes of Missouri and, therefore, is subject to all defenses Oak River may have

not only against Plaintiff but also against Miller Investment Group, Inc. with respect to Plaintiff's allegations that coverage is available under the Oak River policies to satisfy the alleged judgment.

10. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law because it barred by the doctrine of unclean hands in that Plaintiff and Miller Investment Group, Inc.'s hands are unclean in that, upon information and belief, the settlement, order, and alleged judgment resulted from an altered theory not presented to Oak River for consideration and collusion between Plaintiff and Miller Investment Group, Inc.

11. In further answer and by way of affirmative defense, Oak River states that Plaintiff's claims are subject to all terms, exclusions, conditions, limitations, definitions, and other provisions of the Oak River policies.

12. In further answer and by way of affirmative defense, Oak River states that, to the extent coverage may be found under the Oak River policies, which is denied, the maximum amount Plaintiff may be entitled to recover is the policy limit of a single Oak River policy in that a claim under Section 379.200 is limited to that remedy prescribed by the statute, which includes only the proceeds of the insurance policy affording coverage. Moreover, the Oak River policies indicate that: "If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same 'accident', the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy." Therefore, the Oak River policies cannot be stacked, either vertically or horizontally.

13. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law because Plaintiff is neither a party to the

11
4818-0155-0918.2
Case 4:17-cv-00224-DGK   Document 5   Filed 04/18/17   Page 11 of 15

Oak River policies nor a third-party beneficiary of the Oak River policies; Plaintiff has not received a valid assignment of claims from Miller Investment Group, Inc.; Plaintiff does not automatically step into the shoes of Miller Investment Group, Inc. for the purposes of asserting claims against Oak River simply by virtue of being a judgment creditor; and Plaintiff is not otherwise given a right or entitlement to assert the alleged claims against Oak River.

14. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law because Plaintiff is not a proper party to assert certain claims.

15. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law as Oak River did not issue certain of the policies under which Plaintiff has sought to recover. Rather, certain policies were issued by Berkshire Hathaway Homestate Insurance Company (BHHIC). The Counterclaim in the underlying action was a known loss to Miller Investment Group, Inc. prior to the issuance of the BHHIC policies. Moreover, the Counterclaim was never presented or tendered to BHHIC prior to the settlement, Order, and alleged judgment in the underlying action.

16. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law to the extent it seeks declaratory judgment as Plaintiff has an adequate remedy at law.

17. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law because Oak River never had the opportunity to defend or settle Plaintiff's claims after Plaintiff altered his theory of recovery that was never tendered or presented to Oak River for potential defense.

18. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law or must be reduced as a result of Miller Investment Group, Inc.'s failure to mitigate damages in that it failed to exercise reasonable care in entering into the settlement agreement and submitting the joint order and judgment and failing to attempt to limit the amount of damages awarded to Plaintiff.

19. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law and Plaintiff's claims are barred in whole or in part because the settlement, order, and alleged judgment do not reflect a reasonable determination of damages by a trial court based upon actual evidence. The settlement, order, and alleged judgment do not reflect what a reasonably prudent person in the position of the defendant would have settled for on the merits of the plaintiff's claim. *Gulf Ins. Co. v. Noble Broad.*, 936 S.W.2d 810 (Mo. 1997). This is demonstrated by Miller Investment Group, Inc.'s agreement to pay only $450,000 of its own funds in the settlement. Moreover, the *Gulf Ins.* test applies in this matter because the order and alleged judgment were a result of a settlement, not a trial or adversary proceeding. Not one scintilla of evidence was introduced at the hearings, and no witnesses provided testimony prior to the settlement, order, and alleged judgment.

20. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law and Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks to assert a claim for "bad faith" in that Oak River was never given the opportunity to settle the underlying action. Under Missouri law, a claim for bad faith failure to settle is a tort claim that requires the insurer to be in control of or have the opportunity to settle the underlying action. Any claim for failure to defend is a claim based in contract for which "bad faith" damages are not available.

21. In further answer and by way of affirmative defense, Oak River states that Plaintiff's claims are barred in whole or in part or reduced by any amount Miller Investment Group may recover in its currently pending legal malpractice action arising out of the underlying action as set forth in *Miller Investment Group, Inc. v. Gallas & Schultz, L.C., et al.*, Case No. 1716-CV00027, pending in the Circuit Court of Jackson County, Missouri at Independence.

22. In further answer and by way of affirmative defense, Oak River states that it hereby gives notice that it intends to rely upon other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its rights to amend its Answer to assert any such defenses.

**WHEREFORE**, having fully answered all of the counts and allegations of Plaintiff's Petition, Oak River prays that all counts of Plaintiff's First Amended Petition be dismissed, that judgment be entered in Oak River's favor and for their costs, and for such further relief as the Court deems just and proper.

Dated this 18th day of April, 2017.

Respectfully submitted,

*s/ M. Courtney Koger*

| | |
|---|---|
| M. Courtney Koger | MO #42343 |
| Kevin D. Brooks | MO #57627 |

**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT OAK RIVER INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2017 the foregoing was filed via the Court's CM/ECF filing system, and was served via email to the following:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
ATTORNEYS FOR PLAINTIFF

                                             *s/ M. Courtney Koger*
                                             Attorney for Defendant

15
4818-0155-0918.2
Case 4:17-cv-00224-DGK   Document 5   Filed 04/18/17   Page 15 of 15