UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

QUENTON SHELBY,

    Plaintiff,

v.

OAK RIVER INSURANCE COMPANY,

    Defendant.

Case No. 4:17-cv-00224-DGK

# Memorandum to Support
# Plaintiff's Motion to Remand

i

# Table of Contents

Introduction ........................................................................................................... 1

Argument .............................................................................................................. 1

  1. Defendant's removal was untimely. ................................................................ 1

  2. The interests of justice exception requirements are met. .............................. 10

    a. National or Interstate Interest ................................................................. 11

    b. Governing Law ....................................................................................... 12

    c. Pleading to Avoid Federal Jurisdiction .................................................. 12

    d. Forum's Nexus to Class Members, Alleged Harm, and Defendant .............. 13

    e. Comparison of the Number of Citizens Inside and Outside the Forum and Dispersal of Class Members ....................................................... 14

    f. Previous Suits .......................................................................................... 14

  3. Plaintiff's request attorneys' fees. .................................................................. 15

Conclusion ........................................................................................................... 15

Certificate of Service .......................................................................................... 16

## Table of Authorities

**Cases**

*Addison Automatics, Inc. v. Hartford Casualty Insurance Co.*,
    731 F.3d 740 (7th Cir. 2013) ................................................................ 5, 6, 7, 8

*Am. Airlines, Inc. v. Wolens*,
    513 U.S. 219 (1995) ............................................................................................ 12

*Armistead v. A.L.W. Group*,
    155 S.W.3d 814 (Mo. App. 2005) ...................................................................... 4

*Brown v. Mortgage Electronic Registration Sys., Inc.*,
    738 F.3d 926 (8th Cir. 2013) .............................................................................. 8

*Gibson v. Clean Harbors Envtl. Servs., Inc.*,
    840 F.3d 515 (8th Cir. 2016) ...................................................................... 2, 3, 4

*Groh v. JPMorgan Chase Bank, N.A.*,
    No. 14-CV-40-W-DGK, 2014 WL 1687696 (W.D. Mo. Apr. 29, 2014) ..... 2, 10

*Klay v. Humana, Inc.*,
    382 F.3d 1241 (11th Cir. 2004) ........................................................................ 12

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) .................................................................................... 15, 16

*Myrick v. Wellpoint, Inc.*,
    764 F.3d 662 (7th Cir. 2014) ............................................................................ 13

*Northbrook National Insurance Company v. Brewer*,
    110 S.Ct. 297 (1989) .......................................................................................... 11

*Prendergast v. Alliance General Ins. Co.*,
    921 F. Supp. 653 (E.D. Mo. 1996) .................................................................... 11

*Scott v. Cerner Corp.*,
    No. 4:15-CV-00326-SRB, 2015 WL 5227431 (W.D. Mo. Sept. 8, 2015) passim

*Sondel v. Northwest Airlines, Inc.*,
    56 F.3d 934 (8th Cir.1995) ............................................................................ 6, 8

*Standard Fire Ins. Co. v. Knowles*,
  133 S. Ct. 1345 (2013) .................................................................................. 3

*Steeby v. Discover Bank*,
  980 F. Supp. 2d 1131 (W.D. Mo. 2013) ............................................................ 1

*Vill. at Deer Creek Homeowners Ass'n, Inc. v. State Auto. Ins. Co.*,
  No. 4:11-CV-339-NKL, 2011 WL 2681229 (W.D. Mo. July 8, 2011) ............ 11

*Williams v. Employers Mut. Cas. Co.*,
  845 F.3d 891 (8th Cir. 2017) ................................................................ 4, 5, 8, 9

**Statutes**

28 U.S.C. § 1332 ....................................................................................... 11, 13, 14

28 U.S.C. § 1446 ................................................................................................ 1, 2

28 U.S.C. § 1447 .............................................................................................. 1, 15

### A. Introduction

Over 240 days ago, Defendant was served with Plaintiff's lawsuit. (Doc. 1-2, ECF p. 1). Plaintiff's lawsuit sought to reach and apply insurance money to satisfy a $19 million judgment for the certified class (represented by Plaintiff) in *Miller Investment Group v. Shelby*, No. 1216-CV24936 ("Underlying Litigation"). (Petition, ¶¶ 1, 2)[1]. Defendant's removal under the Class Action Fairness Act of 2005 (CAFA) was untimely because the § 1446(b)(3) 30-day removal period ran from service of the original petition. This alone requires remand, but even if Defendant's removal was timely, remand is still appropriate under the interest of justice exception to CAFA jurisdiction.

### B. Argument

"A plaintiff may challenge removal through a motion to remand. 28 U.S.C. § 1447(c). Once challenged, the defendant bears the burden of proving that removal is proper and all procedural prerequisites are satisfied." *Steeby v. Discover Bank*, 980 F. Supp. 2d 1131, 1134 (W.D. Mo. 2013). The Court should remand this case because removal was untimely and contravenes the interest of justice exception to CAFA jurisdiction.

#### *1. Defendant's removal was untimely.*

Defendant's removed this case over 240 days after receiving Plaintiff's original petition, which exceeds the § 1446(b)(3) 30-day removal period. Because Defendant didn't timely remove the case, "the district court must remand the case

---

[1] The Petition is located at Doc. 1-2, ECF pp. 5–12.

1

to the state court." *Groh v. JPMorgan Chase Bank, N.A.*, No. 14-CV-40-W-DGK, 2014 WL 1687696, at *2 (W.D. Mo. Apr. 29, 2014).

> If the case as pled in the initial complaint satisfies CAFA's jurisdictional requirements, 28 U.S.C. § 1446(b)(1) requires that the defendant remove the case within thirty days after receiving a copy of the complaint. If, on the other hand, the case as pled in the initial complaint does not satisfy CAFA's jurisdictional requirements, 28 U.S.C. § 1446(b)(3) requires that the defendant remove the case within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

*Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 518 (8th Cir. 2016).

Defendant argues the 30-day clock on removal didn't start from service of the original petition because Plaintiff's original petition "did not contain a 'sufficiently detailed and unequivocal statement' from which Defendant could "unambiguously ascertain" he was asserting claims on behalf of the class. *See* Doc. 1, ¶ 6. This argument, however, ignores Defendant's "duty to apply a reasonable amount of intelligence to its reading" of Plaintiff's original petition. *Gibson*, 840 F.3d at 519.

Under *Gibson*, the 30-day removal period runs when the defendant receives from the plaintiff a "pleading, motion, order, or other paper from which the defendant can unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied." *Id.* (internal quotes omitted). "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the

2

'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

In *Gibson*, the case wasn't removeable under the original complaint because it alleged the "exact number of class members was unknown" and the plaintiffs stipulated the "total damages of the plaintiffs and the class did not exceed $5,000,000." *Gibson*, 840 F.3d at 517 (alternations omitted). Afterwards, the defendant received a letter from the plaintiffs that "recommended a total payment of $6,500,000 to resolve the case" and had "shifting class-size allegations" with no factual support. *Id.* at 517, 522. The defendant didn't remove within 30 days of receiving this letter, so the issue in *Gibson* was whether the letter provided "the necessary detail and clarity from which [the defendant] could unambiguously ascertain that CAFA's class-size and amount-in-controversy jurisdictional requirements had been satisfied and that the case had become removable[.]" *Id.* at 522. The *Gibson* court held the letter didn't trigger the 30-day removal clock for at least three reasons. First, the letter only "recommended" a total payment of $6,500,000 would "resolve this matter," but didn't specifically and unambiguously state the plaintiffs were "seeking to recover that amount in damages or that they would definitively and finally settle the matter for the recommended sum." *Id.* at 521. Second, the letter had "shifting class-size" allegations with no factual support. *Id.* Third, applying simple calculation to the letter's recom-

3

mended resolution amount per individual award made it impossible for the defendant "to ascertain from this letter that CAFA's amount-in-controversy requirement had been satisfied." *Id.* at 522.

Here, the CAFA jurisdictional requirement raised by Defendant is whether the original petition provided detail and clarity from which Defendant could unambiguously ascertain whether Plaintiff was seeking an award for a class or only himself individually. Unlike *Gibson*, the original petition specifically and unambiguously stated Plaintiff was seeking to recover a judgment: "awarding [Plaintiff] **and the Class** $19,001,795.17." (Petition, p. 10) (emphasis added). Also, instead of the uncertified class with "shifting class-size" allegations in *Gibson*, this case involved a certified class of at least 2,350 class members. (Doc. 1-2, ECF p. 994).[2]

Defendant suggests ambiguity exists because the original petition doesn't expressly designate it is being "brought on behalf of others" and only designates Plaintiff "as the only plaintiff." (Doc. 1, ¶ 7). However, courts don't look for "magic words," but focus on "factual allegations." *Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017). Plaintiff's factual allegations follow his prayer for an award to him **and the Class.** Plaintiff never alleged he was seeking to recover for himself "individually." In the "Parties" section of the original petition, Plaintiff alleged he and the class were parties: alleging himself as

---

[2] The Final Approval Order was attached to the original petition as Exhibit 9. (Petition, ¶ 12). Attaching Exhibit 9 to the original petition was the same as if Plaintiff alleged its contents directly. Mo. R. Civ. P. 55.12 ("An exhibit to a pleading is a part thereof for all purposes."); *Armistead v. A.L.W. Group*, 155 S.W.3d 814, 816 (Mo. App. 2005) ("We also consider exhibits attached to the petition . . . as part of the allegations.").

4

"class representative of the Class in the Underlying Litigation" and "over one-third of the Class members are residents and citizens of Missouri." (Petition, ¶ 2). Plaintiff also alleged the "damages incurred by Shelby **and the Class** as the result of the judgment in the Underlying Litigation are risks insured against under one or more of the Policies or other policies written by Oak River." (*Id.* at ¶ 15). The Final Approval Order (attached to the original petition) also clarified the Court in the Underlying Litigation authorized Plaintiff "to pursue an action against MIG's insurers and attempt to recover against any effective policies," and "any recovery from the insurers will add to the benefits made available to the Settlement Class" (i.e., any lawsuit by Plaintiff against Defendant was for the Class's benefit). (Doc. 1-2, ECF p. 999).

Although the prayer and allegations discussed above provided the detail and clarity from which Defendant could've ascertained Plaintiff's claim benefitted the class, reading the petition with a "reasonably amount of intelligence" would've shown the original petition was a class action in substance and removable as illustrated by *Addison Automatics, Inc. v. Hartford Casualty Insurance Co.*, 731 F.3d 740 (7th Cir. 2013). "In *Addison*, a plaintiff represented a class in a state-court class action. The defendant agreed to entry of judgment against it, and the class agreed to execute the judgment against the defendant's insurer. *Williams*, 845 F.3d at 899 (8th Cir. 2017) (internal citations omitted). The class representative filed a separate lawsuit against the insurer in state court,

5

but the complaint named the class representative "as the only plaintiff, describes the suit as 'an individual declaratory judgment action,' and insists that it is 'not a class action' under Federal Rule of Civil Procedure 23 or any state equivalent." *Addison*, 731 F.3d at 742. Despite these allegations, the *Addison* court found the complaint was "in substance a class action and was properly removed to federal court" for two closely related reasons:

> First, the terms of the class settlement approved in state court make clear that Addison has standing to pursue relief from Hartford only in its capacity as class representative…. Despite Addison's artful pleading, its complaint seeks a ruling on Hartford's duties to Domino on a claim that Domino assigned "to the Class (as represented by Plaintiff and its attorneys)." Such a ruling will determine Hartford's liability not just to Addison but for the entire $18 million judgment that the state court entered "in favor of the Class." Moreover, only Addison has standing to pursue this relief on behalf of the class certified by the state court. If any other members of the class sought similar relief from Hartford, they would encounter an insurmountable roadblock. The settlement gave other class members no right to pursue such relief on their own because it assigned Domino's claims against its insurers only to "the Class (as represented by [Addison] and its attorneys)."
>
> Second… in pursuing this action against Hartford, Addison owes continuing fiduciary obligations to the class it represents…. In a similar context, the Eighth Circuit held that where representatives of a class in a federal case under federal law pursued individual relief in a separate but parallel action in state court under state law, the class representatives still owed fiduciary duties to the members of the federal class when pursuing the state court action. As a result, the Eighth Circuit held that a state court judgment against the class representatives in their individual capacities was binding as *res judicata* against the parallel federal claims of the certified class. *See Sondel v. Northwest Airlines, Inc.*, 56 F.3d 934, 938-39 (8th Cir.1995).

*Addison*, 731 F.3d at 742–43.

Here, the original petition neither describes the suit as "an individual action" nor alleges this is "not a class action" under Federal Rule of Civil Procedure 23

6

or any state equivalent like the complaint in *Addison*.[3] So, Plaintiff's allegations in the original petition didn't "attempt to disguise the true nature of the suit," and *Addison*'s reasoning would apply with more force here to suggest Plaintiff's original petition was a class action in substance. *Id.* at 742.

First, the Final Approval Order attached to the original petition clarified Plaintiff has standing to pursue relief from Defendant only in his capacity as class representative. (Doc. 1-2, ECF p. 999). The original petition seeks a ruling on Defendant's duties to its insured on a claim its insured assigned "to the Settlement Class (represented by [Plaintiff] and his attorneys)." (*Id.*). Such a ruling will determine Defendant's liability not just to Plaintiff but for the entire $19 million judgment the state court entered for Plaintiff "as representative for the certified class." (*Id.* at ECF p. 1005). Only Plaintiff has standing to pursue this relief on behalf of the class certified by the state court. *Addison*, 731 F.3d at 743. If any other members of the class sought similar relief from Defendant, they would encounter an insurmountable roadblock. *Id.* The settlement gave other class members no right to pursue such relief on their own because it assigned the insured's claims against Defendant only to "to the Settlement Class (represented by [Plaintiff] and his attorneys)."

---

[3] Defendant argues Plaintiff asserted in discovery answers and motion practice that this case was "not a class action." (Doc. 1, ¶ 8). These arguments are red herrings. Plaintiff made these assertions over 190 days after Defendant received the original petition, so Defendant's reliance on them to manufacture ambiguity in the original petition is misplaced because they did not exist for Defendant's consideration during the 30-day removal clock.

7

Second, in pursuing this action, Plaintiff owes continuing fiduciary obligations to the class he represents. *Sondel*, 56 F.3d at 939. A state court judgment in Plaintiff's individual capacity, would be *res judicata* against the certified class. *Id.* By "pursuing the rights assigned to [Plaintiff] as class representative in the state court class action, [Plaintiff] is necessarily continuing that class action." *Williams*, 845 F.3d at 899 (quoting *Addison*, 731 F.3d at 743).

Finally, Defendant suggests Count II is ambiguous whether Plaintiff was seeking an award only for himself. (Doc. 1, ¶ 7). Even if Defendant couldn't unambiguously ascertain whether Count II was brought for the Class's benefit, Count I provided a "sufficiently detailed and unequivocal statement" that it was seeking a judgment "awarding [Plaintiff] **and the Class** $19,001,795.17." (Petition, p. 10) (emphasis added). CAFA doesn't require every claim in a petition to independently meet the CAFA jurisdictional requirements for removal. *See, e.g., Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926 (8th Cir. 2013) (affirming district court's exercise of CAFA jurisdiction on one claim and supplemental jurisdiction on the other claims). Any other rule would violate the legislative intent behind CAFA because it would allow plaintiffs to avoid federal jurisdiction by joining a class claim with a claim for individual relief. *Williams*, 845 F.3d at 901. Regardless, Count II was brought for the class's benefit.

Count II was a claim for an equitable garnishment. (Petition, ¶¶ 26–32). The "equitable garnishment statute includes no provision authorizing a plaintiff to bring suit on behalf of others." *Williams*, 845 F.3d at 900. Rather, it is clear from

8

the original petition and the attached Final Approval Order that Plaintiff "can bring this case only because of [his] status as the representative of the class certified under Rule 52.08, an undisputed analogue of Rule 23." *Id.* Indeed, Plaintiff alleged in Count II that "Under RSMo. § 379.200 [the equitable garnishment statute], Shelby and the Class may proceed in equity against Oak River to reach and apply the insurance monies to the satisfy the judgment in the Underlying Litigation." (Petition, ¶ 32). And although the prayer in Count II inadvertently requested an award to Plaintiff as opposed to Plaintiff and the class as done in Count I, Count II incorporates the allegation that Plaintiff is the class representative of the class and the language from the Final Approval Order that anything he recovers benefits the class. (*Id.* at ¶¶ 2, 12, 15, 26; Doc. 1-2, ECF p. 999). Count II's prayer also sought all available amounts under the insurance policies to satisfy the Class's judgment and not just his fractional share.

> Congress emphasized that "class action" should be "interpreted liberally." Congress explained, "CAFA's application should not be confined solely to lawsuits that are labeled 'class actions' by the named plaintiff or the state rulemaking authority. Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions."

*Williams*, 845 F.3d at 901 (internal citations and brackets omitted). Defendant's reading of the original petition interprets "class action" narrowly. The original petition provided "sufficiently detailed and unequivocal statements" for Defend-

9

ant to unambiguously ascertain the CAFA requirements, so its removal was untimely. Because Defendant didn't timely remove the case, "the district court must remand the case to the state court." *Groh*, 2014 WL 1687696, at *2.

### *2. The interests of justice exception requirements are met.*

Even if Defendant's removal was timely (it isn't), the Court should decline to exercise jurisdiction in the interests of justice. "The 'interests of justice' exception provides '[a] district court may in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction' over a class action if 'greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed ... [.]" *Scott v. Cerner Corp.*, No. 4:15-CV-00326-SRB, 2015 WL 5227431, at *3 (W.D. Mo. Sept. 8, 2015). The district court's decision is discretionary, and "Congress permit[s] the district court greater latitude to remand class actions to state court." *Id.* The district court considers six factors to decline jurisdiction:

a. Whether the claims involve matters of national or interstate interest,

b. Whether the claims will be governed by the laws of the state in which the action was originally filed,

c. Whether the case has been pleaded in a manner designed to avoid federal jurisdiction,

d. Whether the forum where the suit was brought has a "distinct nexus with the class members, the alleged harm, or the defendants,"

e. "[W]hether the number of citizens of the State in which the action was originally filed ... is substantially larger than the number of

10

citizens from any other State" and whether "the citizenship of the other members is dispersed among a substantial number of States," and

f. Whether another class action asserting these or similar claims was filed in the preceding three years.

*Id.*; 28 U.S.C. § 1332(d)(3).

All factors support the Court remanding this case back to state court.

### a. National or Interstate Interest

The first factor asks whether the case presents issues of national or interstate interest. "[U]nder CAFA, the terms local and national connote whether the interests of justice would be violated by a state court exercising jurisdiction over a large number of out-of-state citizens and applying the law of other states." *Scott*, 2015 WL 5227431, at *3. Plaintiff has sued Defendant under § 379.200 for an equitable garnishment. "Federal courts in Missouri have consistently referred to § 379.200 suits as 'direct actions' under § 1332." *Vill. at Deer Creek Homeowners Ass'n, Inc. v. State Auto. Ins. Co.*, No. 4:11-CV-339-NKL, 2011 WL 2681229, at *3 (W.D. Mo. July 8, 2011) (citing cases finding that equitable garnishment actions are direct actions). Congress has declared "direct actions" against insurers aren't of national or interstate interest because it eliminated federal jurisdiction for "direct actions" where both the tortfeasor and the injured party were residents of one state, but the tortfeasor's insurer was a resident of another state. *Prendergast v. Alliance General Ins. Co.*, 921 F. Supp. 653, 655 (E.D. Mo. 1996) (citing *Northbrook National Insurance Company v. Brewer*, 110 S.Ct. 297, 299 (1989). That is precisely the situation here. Plaintiff

11

(the injured party) and the tortfeasor (insured) are residents of Missouri (Petition, ¶¶ 2, 3), but Defendant is a resident of Nebraska (tortfeasor's insurer) (Doc. 1, ¶ 10). This factor supports remand.

### b. Governing Law

The second factor looks to "[w]hether the claims will be governed by the laws of the state in which the action was originally filed." *Scott*, 2015 WL 5227431, at *4. Plaintiff brings a breach of contract claim and an equitable garnishment claim under a Missouri statute. Missouri law controls the latter and applies to the Missouri policies attached as exhibits to Plaintiff's petition. The other policies were Kansas policies, but no conflict exists between Kansas' and Missouri's breach of contract law, so a court may simply apply the law of the forum state (Missouri). *Klay v. Humana, Inc.*, 382 F.3d 1241, 1263 (11th Cir. 2004) ("A breach is a breach is a breach, whether you are on the sunny shores of California or enjoying a sweet autumn breeze in New Jersey."); *see also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n. 8 (1995) ("[C]ontract law is not at its core diverse, nonuniform, and confusing" (internal quotation marks omitted)). This factor supports remand.

### c. Pleading to Avoid Federal Jurisdiction

The third factor asks whether the case has been pleaded in a manner designed to avoid federal jurisdiction. As discussed above regarding the timeliness of Defendant's removal, the original petition was pled in such a way as to meet the CAFA jurisdictional requirements. This factor supports remand.

12

*d. Forum's Nexus to Class Members, Alleged Harm, and Defendant*

The fourth factor is whether the original forum has a "distinct nexus with the class members, the alleged harm, or the defendants." "[T]his factor's purpose [] is to further insure that Missouri's connection is substantially greater than that of any other state's connection." *Scott*, 2015 WL 5227431, at *5.

Approximately 63% of the class members are residents of Missouri. *See* Exhibit A – Class Mailing List.[4] The same percentage (63%) provided a Missouri address in the 411 valid claims submitted. *See* Exhibit B – Valid Claim List. Class counsel attempted to contact each of the 411 valid claimants by phone, and received responses from 65 claimants. Two resided in a state different than submitted on their claim form and one resided in the same state, but was unsure about remaining there. *See* Exhibit C – Responses from Claimants. That means 95% of the claim members are citizens of the address submitted on their claim form, and extrapolating this to the whole class would still result in 60% of the class being citizens of Missouri. Because the result isn't close to the one-thirds line, this is sufficient evidence to satisfy § 1332(d)(4). *Myrick v. Wellpoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014).

Plaintiff is a resident of Missouri. The insured is a resident of Missouri. Defendant is deemed a resident of Missouri under 28 U.S.C. § 1332(c). The Underlying Litigation took place in Missouri and resulted in a Missouri judgment.

---

[4] The Class Mailing List was used by using MIG's records. Under the Settlement Agreement, the Class Administrator followed its standard practice of processing the list through the NCOA (National Change of Address) update process of the U.S. Postal Service using software certified by the U.S. Postal Service. NCOA Move Update provides current address information, if available, and information regarding deliverability. The list was updated for any undeliverable addresses using the Experian locate service.

13

Many of the insurance policies Plaintiff seeks to garnish are "Missouri" policies, and the other policies were issued to a Missouri resident. "These circumstances indicate a clear nexus between the Defendant and Plaintiff's forum selection in Missouri and favor remand." *Scott*, 2015 WL 5227431, at *5.

   e. *Comparison of the Number of Citizens Inside and Outside the Forum and Dispersal of Class Members*

The fifth factor asks "[w]hether the number of citizens of the State in which the action was originally filed ... is substantially larger than the number of citizens from any other State" and whether "the citizenship of the other members of the proposed class is dispersed among a substantial number of States." Again, this factor's purpose (like the prior one) "is to further insure that Missouri's connection is substantially greater than that of any other state's connection." *Scott*, 2015 WL 5227431, at *5.

Approximately 60% of the class members are citzens of Missouri. This percentage "comes close to triggering the Court's mandatory obligation to refuse jurisdiction when two-thirds of the class members and defendant are Missouri citizens. 28 U.S.C. § 1332(d)(4) (2015)." *Id.* The number of "Missouri class members is substantially larger than the number of citizens from other states, and a significant number of class members are concentrated in Missouri." *Id.*

   f. *Previous Suits*

The final factor looks to whether another class action asserting the same or similar claims was filed in the preceding three years. No other garnishments on the judgment have been filed against Defendant in the preceding three years. This factor favors remand. *Id.*

14

### *3. Plaintiff's request attorneys' fees.*

Upon remand, Courts may award attorney's fees under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The objective of this provision is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id*. at 140. Defendant likely missed the removal deadline for the original petition because Plaintiff served Defendant through the Missouri Department of Insurance, and Defendant didn't receive the Petition until six days before removal was required. (Doc. 1-2, ECF p. 1016). So, Defendant waited for an amendment to manufacture a reason for timely removal, but such removal lacked an objectively reasonable basis because the original petition specifically and unambiguously stated Plaintiff was seeking to recover a judgment: "awarding [Plaintiff] ***and the Class*** $19,001,795.17." (Petition, p. 10) (emphasis added).

### C. Conclusion

Plaintiff respectfully requests the Court remand the case to state court because the removal was untimely and award Plaintiff his attorney's fees, or remand the case to state court because the interests of justice exception allows this Court to decline to exercise jurisdiction.

Respectfully submitted,

THE ONDER LAW FIRM

By:   /s/ Martin L. Daesch_____
      Martin L. Daesch, #40494
      Jesse B. Rochman, #60712
      110 E. Lockwood Ave.
      St. Louis, MO 63119
      (314) 963-9000 (telephone)
      (314) 963-1700 (facsimile)
      daesch@onderlaw.com
      rochman@onderlaw.com
      *Attorneys for Plaintiff*

## Certificate of Service

I certify on April 26, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Martin L. Daesch_____

16

Case 4:17-cv-00224-DGK    Document 8    Filed 04/26/17    Page 20 of 20