# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| QUENTON SHELBY,<br><br>    Plaintiff,<br><br>v.<br><br>OAK RIVER INSURANCE COMPANY,<br><br>    Defendant. | Case No. 17-cv-00224-W-DGK |

### DEFENDANT OAK RIVER INSURANCE COMPANY'S
### <u>SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>

Respectfully submitted,

<u> s/ M. Courtney Koger </u>
| | |
|---|---|
| M. Courtney Koger | MO #42343 |
| Kevin D. Brooks | MO #57627 |

**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO  64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT
OAK RIVER INSURANCE
COMPANY**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... iii
INTRODUCTION .................................................................................................................... 1
BACKGROUND FACTS ......................................................................................................... 1
ANALYSIS AND ARGUMENT .............................................................................................. 3
    A.    Oak River's Removal was Timely Under CAFA ............................................................ 3
        1.    CAFA's Broad Grant of Jurisdiction ............................................................. 3
        2.    Time for Removal is Triggered Only When Plaintiff Makes an Unequivocal Statement Demonstrating CAFA Jurisdiction ............................................... 5
        3.    Plaintiff's Initial Petition was Equivocal and Did Not Demonstrate CAFA Jurisdiction such that Oak River's Removal based on the Amended Petition was Timely ....................................................................................................... 6
    B.    The Discretionary Interests of Justice Exception to CAFA Does Not Apply ................. 7
        1.    Oak River is not a Citizen of Missouri ......................................................... 7
        2.    Plaintiff's Claim for Declaratory Judgment, Breach of Contract, and/or "Breach of Duty to Defend" is not a "Direct Action" ................................... 8
        3.    Plaintiff's Equitable Garnishment Claim is Not a Direct Action .................. 9
        4.    Even if Oak River were Deemed a Missouri Citizen, Remand Would be Contrary to the Factors to the Discretionary Interests of Justice Exception to CAFA ........................................................................................................... 11
        5.    Plaintiff did not Carry his Burden to Prove Citizenship Makeup of the Class ........... 13
CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                             **Page(s)**

*Baker v. NNW, LLC*,
  No. 15-00222-CV-W-GAF, 2015 WL 12843831 (W.D. Mo. 2015) ........................................ 4
*Brown v. Mortg. Elec. Registration Sys.*, Inc.,
  738 F.3d 926 (8th Cir. 2013) ............................................................................................... 9
*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  135 S. Ct. 547, 190 L. Ed. 2d 495 (2014) ........................................................................ 3, 4
*Dasta v. Response Worldwide Ins. Co.*,
  No. 10-6014-CV-SJ-ODS, 2010 WL 2902734 (W.D. Mo. 2010) ........................................ 8
*Gibson v. Clean Harbors Envtl. Servs., Inc.*,
  840 F.3d 515 (8th Cir. 2016) ............................................................................... 1, 4, 5, 6
*Graiser v. Visionworks of Am., Inc.*,
  819 F.3d 277 (6th Cir. 2016) ............................................................................................... 5
*Greer v. Progressive Cas. Ins. Co.*,
  No. 4:16-CV-00935-DGK, 2017 WL 188142 (W.D. Mo. Jan. 17, 2017) ............................. 8
*Hernandez v. Travelers Ins. Co.*,
  489 F.2d 721 (5th Cir. 1974) ............................................................................................... 8
*Home Indemnity Co. v. Moore*,
  499 F.2d 1202 (8th Cir. 1974) ......................................................................................... 8, 10
*Hood v. Gilster-Mary Lee Corp.*,
  785 F.3d 263 (8th Cir. 2015) ............................................................................................. 14
*Johnson v. MFA Petroleum Co.*,
  No. 11-0981-CV-W-DGK, 2013 WL 3448075 (W.D. Mo. 2013) ........................................ 4
*Landers Auto Grp. No. One, Inc. v. Cont'l W. Ins. Co.*,
  621 F.3d 810 (8th Cir. 2010) ............................................................................................... 2
*O'Shaughnessy v. Cypress Media, L.L.C.*,
  No. 4:13-CV-0947-DGK, 2014 WL 1791065 (W.D. Mo. 2014) ......................................... 4
*Peterson v. Discover Prop. & Cas. Ins. Co.*,
  No. 11-6115-CV-SJ-ODS, 2012 WL 728353 (W.D. Mo. 2012) ..................................... 9, 10
*Scott v. Cerner Corp.*,
  No. 4:15-CV-00326-SRB, 2015 WL 5227431 (W.D. Mo. 2015) ................................... 11, 12
*Simon v. Blue Cross, Blue Shield of Kansas City*,
  No. 14-0587-CV-W-ODS, 2014 WL 4425734 (W.D. Mo. 2014) ................................... 11, 12
*Standard Fire Ins. Co. v. Knowles*,
  133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013) .......................................................................... 3
*Tuohey v. Chenal Healthcare, LLC*,
  No. 4:15CV00506 JLH, 2015 WL 12776598 (E.D. Ark. 2015) ........................................ 14
*Velez v. Crown Life Ins. Co.*,
  599 F.2d 471 (1st Cir.1979) ............................................................................................ 8, 10
*West Am. Ins. Co. v. RLI Ins. Co.*,
  698 F.3d 1069 (8th Cir. 2012) .......................................................................................... 12
*Westerfeld v. Indep. Processing, LLC*,
  621 F.3d 819 (8th Cir. 2010) ........................................................................................... 4, 5

*Williams v. Employers Mut. Cas. Co.*,
    845 F.3d 891, 894 (8th Cir. 2017) ....................................................................................5, 10

**Federal Statutes**

28 U.S.C § 1332(d) .........................................................................................................................4, 7

# INTRODUCTION

From this case's inception, Plaintiff has been evasive as to whether this case is a class action asserted on the behalf of others. In light of the uncertainty, Defendant conducted discovery on the issue. Plaintiff responded unequivocally: "This is not a class action." Now, Plaintiff has the audacity to ask the Court to rule that Oak River should have concluded the exact opposite from the beginning: that the case was a class action. The Court should not be persuaded by Plaintiff's gamesmanship. The Eighth Circuit has sought to prevent this type of conduct by liberally allowing removal under 28 U.S.C § 1332(d) – the Class Action Fairness Act ("CAFA") – only once an ***unequivocal*** statement by Plaintiff invokes CAFA jurisdiction. Plaintiff did not make a "sufficiently detailed and unequivocal statement from which the defendant may unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied" until moving to file his Amended Petition. *Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 518 (8th Cir. 2016). Oak River timely removed the case after Plaintiff's clear statement.

Furthermore, Plaintiff has not carried his burden of proof to demonstrate that the Court should invoke the discretionary exception to CAFA jurisdiction – particularly given Eighth Circuit precedent favoring the exercise of CAFA jurisdiction. Moreover, the discretionary exception to CAFA jurisdiction does not apply because Oak River is a citizen of Nebraska (not Missouri) and made the coverage determination at issue in the State of Nebraska. Plaintiff's Motion for Remand should be denied.

# BACKGROUND FACTS

Plaintiff was sued by Miller Investment Group, Inc. ("MIG"), a used car dealer, to collect a deficiency under the terms of his loan. Plaintiff asserted a Counterclaim against MIG "on behalf of himself and all other similarly situated consumers" for "statutory damages as provided

1

for under the UCC" arising out of the presale notices sent by MIG.[1] Oak River issued certain garage liability insurance policies to MIG. Oak River denied coverage under the garage liability policies because, among other reasons, the Counterclaim was a suit for statutory penalties arising out of financing activities and not any activity associated with MIG's operation of a garage and did not otherwise seek or allege any damages for bodily injury or property damage. *Landers Auto Grp. No. One, Inc. v. Cont'l W. Ins. Co.*, 621 F.3d 810, 814 (8th Cir. 2010). Plaintiff then entered into a settlement with MIG. The court entered an order and judgment in less than thirteen minutes, based solely on the settlement and without hearing any evidence.

Plaintiff then filed this lawsuit against Oak River. Notably, Plaintiff's Petition did not state that he was acting on behalf of others. To the contrary, the Petition stated that "Plaintiff Quenton ***Shelby*** ("Shelby"), by his attorneys, ***commences*** this civil action against Oak River…"[2] The *ad damnum* clauses of the Petition stated: "WHEREFORE, ***Shelby*** respectfully ***requests*** that the Court grant it judgment in its favor:"[3] The Petition also requested judgment "Awarding ***Shelby*** the policy limits of each policy…"[4]

In light of the ambiguity as to whether Plaintiff was acting on behalf of the class such that this action would be considered a class action under CAFA, Oak River asserted the following affirmative defense: "In further answer and by way of affirmative defense, Oak River states that Plaintiff's Petition fails as a matter of law because Plaintiff has failed to join proper parties to this action as he is asserting on his own behalf, not on behalf of all class members."[5] Oak River sought to conduct discovery on this issue to which ***Shelby continually denied that this action is a class action***. On February 8, 2017 and ***in a sworn interrogatory response, Shelby stated:***

---

[1] *See Exhibit #1, Counterclaim, Paragraph 3.*
[2] *See Exhibit #2, Petition* (emphasis added).
[3] *Id.*
[4] *Id.*
[5] *See Exhibit #3, Answer, Affirmative Defense 15.*

*"This is not a class action."*[6]  As Shelby continued to be vague and evasive about whether or not he was attempting to assert claims on behalf of the class members, Oak River pressed the issue. In discovery motion practice, Oak River noted that Shelby "has sued Oak River on his own behalf and indicated in his interrogatory responses that 'This is not a class action,' but Plaintiff seeks to recover the entirety of the underlying judgment that was awarded to the entire class of 2,349 people."[7]

On March 8, 2017, Shelby filed his Motion for Leave to Amend to File an Amended Petition. The motion recognized his prior lack of clarity.[8] In the proposed First Amended Petition attached to his Motion for Leave to Amend, Shelby stated: "Shelby is asserting MIG's and the Class's claims…"[9] The First Amended Petition also revised the *ad damnum* clause such that it seeks damages awarded to "Shelby and the Class."[10]  Oak River removed the case pursuant to CAFA on March 28, 2017.[11]

## ANALYSIS AND ARGUMENT

A.     **Oak River's Removal was Timely under CAFA**

    1.     **CAFA's Broad Grant of Jurisdiction**

As the Supreme Court has found, CAFA's primary objective is to ensure federal court consideration of interstate cases. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350, 185 L. Ed. 2d 439 (2013). Contrary to Plaintiff's contention that doubts favor remand as in "conventional" diversity removal cases under 28 U.S.C. § 1332(a), "[i]t suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate

---

[6] *See Exhibit #4, Shelby's Amended Answers to Oak River's Interrogatories, No. 4* (emphasis added).
[7] *See Exhibit #5, Oak River's Suggestions in Support of its Motion to Enforce Discovery.*
[8] See *Exhibit #6, Shelby's Motion for Leave.*
[9] *See Exhibit #7, Shelby's First Amended Petition.*
[10] *Id.*
[11] *See Doc. 1.*

adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014); *Baker v. NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *1 (W.D. Mo. 2015). CAFA grants "broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (noting the legislative history indicates that CAFA "is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."). "The language and structure of CAFA indicate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Id.*; *Johnson v. MFA Petroleum Co.*, No. 11-0981-CV-W-DGK, 2013 WL 3448075, at *3 (W.D. Mo. 2013).

Accordingly, under CAFA the Court "has jurisdiction to hear a class action if, among other requirements, the class exceeds one hundred members and the amount in controversy exceeds $5 million in the aggregate." *Gibson* at 518; 28 U.S.C. § 1332(d); *see also O'Shaughnessy v. Cypress Media, L.L.C.*, No. 4:13-CV-0947-DGK, 2014 WL 1791065, at *3 (W.D. Mo. 2014) (citing *Westerfeld*, "the removing party must show that the aggregate amount in controversy in the class action exceeds $5 million and there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class.") If the initial petition or complaint does not satisfy CAFA, "28 U.S.C. § 1446(b)(3) requires that the defendant remove the case within thirty days after receiving 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Gibson* at 518.

Once CAFA's minimal jurisdictional requirements are met by the party seeking removal (as Oak River has done), "the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies." *Westerfeld* at 822. Oak River has met its burden to demonstrate CAFA's requirements: a class action with more than 100 class members, $5 million in controversy, and minimal diversity. *See Williams v. Employers Mut. Cas. Co.*, 845 F.3d 891, 894 (8th Cir. 2017) (equitable garnishment claim from underlying class action deemed a class action for CAFA purposes). Plaintiff does not challenge that removal meets CAFA's basic jurisdictional requirements and only disputes that it was timely.

### 2. Time for Removal is Triggered Only When Plaintiff Makes an Unequivocal Statement Demonstrating CAFA Jurisdiction

In *Gibson*, the Eighth Circuit set forth a "bright-line approach" for determining whether the thirty-day removal period has been triggered, requiring that the "relevant document set forth a ***sufficiently detailed and <u>unequivocal</u> statement from which the defendant may unambiguously ascertain*** that the CAFA jurisdictional requirements have been satisfied." *Id*. at 520 (emphasis added). "[I]n the CAFA context, the thirty-day removal period set forth in § 1446(b)(3) does not begin to run until the defendant receives from the plaintiff an amended pleading, motion, order, or other paper 'from which the defendant can unambiguously ascertain' that the CAFA jurisdictional requirements have been satisfied." *Id*. at 519 (emphasis supplied; citing *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016)). "[A]lthough the defendant must use a 'reasonable amount of intelligence' to read the plaintiff's documents, an 'independent investigation into a plaintiff's ***indeterminate allegations***' is not required." *Id*. at 520 (emphasis supplied).

This approach "addresses the uncertainties faced by defendants in determining removability and allows courts to avoid unnecessary and time-consuming inquiries into

5

4815-0659-5399.6

Case 4:17-cv-00224-DGK   Document 10   Filed 05/09/17   Page 9 of 20

determining what a defendant should have known or should have been able to ascertain." *Id*. at 521. It "discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Id*.

### 3. Plaintiff's Initial Petition was Equivocal and Did Not Demonstrate CAFA Jurisdiction such that Oak River's Removal based on the Amended Petition was Timely

Contrary to Plaintiff's assertion, the time for removal was not triggered by service of the initial Petition. That Petition did not make an unequivocal statement regarding whether Plaintiff was asserting claims on his own behalf or on behalf of the class from which Oak River could unambiguously ascertain whether the CAFA jurisdictional requirements were met. Instead, Plaintiff's initial Petition was equivocal, containing no statements that he was acting on behalf of others. The *ad damnum* clauses of the Petition stated: "WHEREFORE, **Shelby** respectfully **requests** that the Court grant it judgment in its favor:" The Petition also requested judgment "Awarding **Shelby** the policy limits of each policy…"

Plaintiff claims that a reading of the Petition with "reasonable intelligence" would have revealed that he was proceeding as a class action. Yet, Plaintiff himself did not so read his own Petition. In an interrogatory answer, **Plaintiff stated directly: "This is not a class action."** In other words, **Plaintiff maintains that Defendant should have known that this was a class action even though Plaintiff himself attested under oath it was not.** At best, Plaintiff is playing procedural games in order to forum shop. At worst, Plaintiff is being disingenuous either in his interrogatory answers or his arguments to the Court. Either way, Plaintiff's conduct demonstrates the abuses that the Eighth Circuit's *Gibson* standard seeks to eliminate.

In his motion, Plaintiff acknowledges that the *ad damnum* clauses in the initial Petition were equivocal. Plaintiff claims that only Count II was ambiguous such that Oak River should

6

have attempted to remove under CAFA upon receipt of the original Petition. This assertion is incorrect. The *ad damnum* clauses for both counts suggest that Plaintiff was acting on his own behalf. The *ad damnum* clauses **for both counts** state: "WHEREFORE, **Shelby** respectfully requests that the Court grant it judgment in its favor:"[12] Both *ad damnum* clauses are ambiguous and unclear as to whether Shelby was proceeding as a class action.

As discussed above, rather than filing a protective removal (exactly what the Eighth Circuit has sought to prevent), Oak River conducted discovery on the issue while Plaintiff played games. Only after Oak River forced the issue did the first unequivocal statement that Plaintiff was proceeding on behalf of others come as an exhibit to the Motion for Leave filed on March 8, 2017. In the proposed pleading attached to that Motion, Shelby stated: "Shelby is asserting MIG's and the Class's claims…" Thus, Oak River's removal twenty days later was timely. Plaintiff's Motion to Remand on this basis should be denied.

**B.     The Discretionary Interests of Justice Exception to CAFA Does Not Apply**

There are three exceptions to CAFA: (1) the home state exception; (2) the local controversy exception; and (3) the discretionary / interests of justice exception. 28 U.S.C. § 1332(d)(3) & (4). All of the exceptions require that the "primary defendants" or a defendant "from whom significant relief is sought" be a citizen of the State in which the action was originally filed. *Id*. Because Oak River is the only defendant, ***in order for any exception to apply Oak River must be a citizen of Missouri***. Because Oak River is not a citizen of Missouri, the discretionary exception to CAFA does not apply.

**1.     Oak River is not a Citizen of Missouri**

It is undisputed that Plaintiff is a citizen of Missouri. Oak River is not a citizen of Missouri; it is a citizen of Nebraska with its principal place of business in Omaha, Nebraska.

---

[12] *See Exhibit #2, Petition*.

Plaintiff does not dispute this fact, but claims that Oak River should be deemed a citizen of Missouri for this particular case under 28 U.S.C. § 1332(c)(1) because it is a "direct action" against an insurer. However, "direct action" has a particularized meaning and does not apply to all actions against insurers.

> The phrase "direct action" in this statute is a term of art. Courts have uniformly recognized that § 1332(c) "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." *Home Indemnity Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974); *see also Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974). Courts have further recognized that by employing the phrase "direct action," Congress intended "to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir.1979) (quotation omitted).
>
> Consistent with this authority, courts have concluded that "a 'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action.'"

*Dasta v. Response Worldwide Ins. Co.*, No. 10-6014-CV-SJ-ODS, 2010 WL 2902734, at *1 (W.D. Mo. 2010); *see also Greer v. Progressive Cas. Ins. Co.*, No. 4:16-CV-00935-DGK, 2017 WL 188142, at *1 (W.D. Mo. Jan. 17, 2017) (The direct action rule "does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer by the insured for failure to pay policy benefits.")

### 2. Plaintiff's Claim for Declaratory Judgment, Breach of Contract, and/or "Breach of Duty to Defend" is not a "Direct Action"

Plaintiff's Amended Petition alleges that this case is "for declaratory judgment, breach of multiple insurance contracts, and an equitable garnishment…"[13] The Amended Petition has two counts: "Count I – Breach of Duty to Defend" and "Count II – Equitable Garnishment."[14] The

---

[13] *See Exhibit #2, Petition, Paragraph 1.*
[14] *Id.*

Amended Petition states: "MIG assigned to the Class (represented by Shelby and his attorneys) all of its rights under all insurance policies…"[15] Whether characterized as a claim for declaratory judgment, breach of contract, or "breach of duty to defend," Count I is an action by MIG (as assigned to Plaintiff) against Oak River – *a claim by an insured against its own insurer*.

Because Count I is a claim by an insured against its own insurer, it is not a direct action under 28 U.S.C. § 1332(c)(1). Thus, Oak River cannot be deemed a citizen of Missouri, and the discretionary exception to CAFA does not apply. Further, as Plaintiff acknowledges, the Eighth Circuit has approved the exercise of supplemental jurisdiction over other claims if the Court has CAFA jurisdiction of one claim. *Brown v. Mortg. Elec. Registration Sys.*, Inc., 738 F.3d 926, 933 (8th Cir. 2013). For this reason, the discretionary interests of justice exception does not apply.

### 3. Plaintiff's Equitable Garnishment Claim is Not a Direct Action

Additionally, Plaintiff's claim for equitable garnishment under Mo. Rev. Stat. § 379.200 is not a direct action under 28 U.S.C. § 1332(c)(1) based on the historical basis of the direct action provision because Plaintiff is not attempting to establish the liability of MIG in this action. Section 379.200 allows a tort claimant who has prevailed against a tortfeasor to bring a suit in equity against the tortfeasor and the tortfeasor's insurer in an effort to satisfy a judgment. *Peterson v. Discover Prop. & Cas. Ins. Co.*, No. 11-6115-CV-SJ-ODS, 2012 WL 728353, at *1 (W.D. Mo. 2012). The "equitable garnishment" statute was enacted in 1925 as "another form of relief for individuals who are unable to collect judgments directly from insolvent, but insured tortfeasors." *Id.* 28 U.S.C. § 1332(c)(1)'s direct action provision was passed in 1964. In *Peterson*, the court held:

> 'Direct action' is a term of art, and an understanding of that term demonstrates that this [action for equitable garnishment under Mo. Rev. Stat. § 379.200] is not a direct action within the meaning of the statute. A review of congressional

---

[15] *Id.*, Paragraph 8.

history shows the federal law was passed in response to statutes in Louisiana and Wisconsin that allowed a party to directly sue the insurer of the tortfeasor for the tortfeasor's negligence, without first bringing a claim against the tortfeasor.

*Peterson* at *1. *See also Home Indem. Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974); *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979).

In *Peterson*, Judge Smith held that a claim for equitable garnishment under Mo. Rev. Stat. § 379.200 is not a direct action under 28 U.S.C. § 1332(c)(1) because:

> [w]hile Plaintiffs are suing an insurance company directly, the suit does not allege the insured's negligence. Under the Missouri statute, an action brought against an insurer functions to collect on an already-decided claim of negligence against the tortfeasor. The issues prompting enactment of 1332(c)(1) do not apply. Consequently, this is not a 'direct action" as the phrase applies under 1332(c)(1) and Defendant is therefore not deemed to be a citizen of Missouri"

*Id*. at *2. Judge Smith ultimately remanded *Peterson* – holding that the insured was a necessary party and was a Missouri resident who would destroy complete diversity. In this case, the addition of MIG as a party would not defeat CAFA jurisdiction because, unlike conventional § 1332 diversity jurisdiction, CAFA requires only minimal diversity. Oak River is minimally diverse from the members of the class who hail from at least twenty-one different states. *See Plaintiff's Exhibit C to his Motion (Doc. 8-3)*.

Oak River is cognizant that there are Missouri district court cases in which a claim under § 379.200 is considered a direct action under 28 U.S.C. § 1332(c)(1). *See Peterson* at *2, n.2. Oak River's research reveals that the Eighth Circuit has not definitively decided this issue.[16] However, that court has found removal proper under CAFA where, as here, a plaintiff sued an insurer under § 379.200 seeking to recover on behalf of a class. *See Williams,* 845 F.3d at 894.

---

[16] Given the limited appellate review of remand orders under 28 U.S.C § 1447(d) and the lack of applicability of its exceptions to insurers, it is not surprising that the Eighth Circuit has not ruled on this issue. However, CAFA provides appellate review for remand orders. 28 U.S.C § 1453(c)(1). Oak River wishes to preserve this issue for review by the Eighth Circuit if necessary.

Plaintiff's claim for equitable garnishment does not seek to establish MIG's liability or negligence. Plaintiff is simply attempting to collect on a judgment. Therefore, Plaintiff's claim is not a "direct action" under 28 U.S.C. § 1332(c)(1). Oak River should not be constructively considered a citizen of Missouri in this case.

### 4. Even if Oak River were Deemed a Missouri Citizen, Remand Would be Contrary to the Factors to the Discretionary Interests of Justice Exception to CAFA

Even if Oak River were to be deemed a Missouri citizen, the CAFA jurisdiction requirements have been met: a class action with more than 100 class members, with $5 million in controversy, and minimal diversity. Oak River met its burden; Plaintiff has not carried its burden to demonstrate that the Court should exercise its discretion to apply this exception.

The factors considered for this exception do not favor remand to Missouri state court. This is demonstrated by the two cases in this District in which the discretionary exception has been applied: *Scott v. Cerner Corp.*, No. 4:15-CV-00326-SRB, 2015 WL 5227431 (W.D. Mo. 2015) and *Simon v. Blue Cross, Blue Shield of Kansas City*, No. 14-0587-CV-W-ODS, 2014 WL 4425734 (W.D. Mo. 2014). Both of those cases involved Missouri companies from the Kansas City area: Cerner and Blue Cross, Blue Shield of Kansas City. Thus, it was appropriate to remand the cases to Jackson County, Missouri. In *Scott*, Judge Bough noted:

> [T]he facts at issue are primarily located in the Kansas City region. [Cerner] is headquartered in North Kansas City, Missouri, and the majority of the class members reside in the Kansas City region—where class members were trained, where upper management resides, where [Cerner's] Human Resources Department is located, and where [Cerner] made its decisions regarding overtime exempt status. Because the alleged acts that led to the harm primarily lie in Missouri, the Court finds this case does not implicate a national or interstate interest.

*Id*. at *4.

4815-0659-5399.6
Case 4:17-cv-00224-DGK   Document 10   Filed 05/09/17   Page 15 of 20

In *Simon*, Judge Smith also held that there was no interstate interest. "The case presents alleged violations of Missouri law by a Missouri citizen. Those allegedly harmed are citizens of one of two states (Kansas or Missouri), and most of those allegedly harmed are Missouri citizens." *Simon* at *4. Unlike this case, *Simon* did not involve citizens from many jurisdictions. *Id.* Further, *Simon* involved a marketing effort for two insurance programs that had been offered only to citizens of the five counties comprising the Kansas City metropolitan area. *Simon* at *4.

Here, to the contrary, there is an interstate and national interest. The information Plaintiff attached to his Motion to Remand indicates the class claimants are from at least twenty-one different states (Arizona, Arkansas, California, Colorado, Florida, Idaho, Illinois, Iowa, Kansas, Louisiana, Minnesota, Missouri, Nebraska, New Mexico, Oklahoma, South Carolina, Tennessee, Texas, Virginia, Washington, and Wisconsin). Oak River is a Nebraska insurance company with headquarters in Omaha. The alleged acts that led to the alleged harm (decisions regarding coverage under the policies) occurred in Nebraska. Thus, the first factor under 28 U.S.C. § 1332(d)(3) favors Oak River.

Furthermore, unlike *Scott* and *Simon*, the second factor regarding the governing law does not favor remand. As Plaintiff concedes, Oak River issued some policies to MIG in Kansas and some policies to MIG in Missouri. Oak River's coverage determination occurred in Nebraska. Therefore, it is not certain that Missouri law will apply to all claims. Moreover, the choice of law issue is "significant" between Kansas and Missouri in insurance coverage litigation. *See West Am. Ins. Co. v. RLI Ins. Co.*, 698 F.3d 1069, 1072 (8th Cir. 2012). Therefore, Missouri law does not definitively govern the case, and this factor does not support remand.

The third factor is whether the action has been pleaded in a manner that seeks to avoid federal jurisdiction. As discussed above, Plaintiff was vague and ambiguous in his pleading

Moreover, Plaintiff explicitly claimed in discovery: "This is not a class action." This could be construed as an attempt to avoid federal jurisdiction. This factor does not favor remand.

The fourth factor is whether Jackson County state court has "a distinct nexus with the class members, the alleged harm, or the defendants." Here, there is none. Unlike *Simon* and *Scott*, Oak River is not a citizen of Missouri and is not headquartered in Jackson County. Any acts for denial of coverage occurred at Oak River's headquarters in Nebraska. Plaintiff estimates approximately forty percent of the class is not Missouri citizens. Given Plaintiff's unreliable methodology (*see below*) to reach this conclusion, Oak River suggests that this percentage is higher. Thus, this factor does not favor remand.

The fifth factor is a comparison of the number of citizens inside and outside the forum and dispersal of class members. The information Plaintiff provided indicates that class members are dispersed through twenty-one states and at least forty percent are not Missouri citizens.[17] This factor does not support remand.

The sixth factor is not applicable as there have not been any prior class actions at issue.

### 5. Plaintiff did not carry his Burden to Prove the Citizenship Makeup of the Class

In order for this discretionary exception to apply, Plaintiff must prove this is "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate" are citizens of Missouri. The Eighth Circuit has required strict proof of citizenship in order for CAFA exceptions to apply. Plaintiff has not carried his burden.

---

[17] While it is Plaintiff's burden to demonstrate the applicability of the exception, Oak River's ability to definitely determine the citizenship of the class members is hindered. Plaintiff's counsel claims that all members of the class are represented by counsel, such that Oak River cannot contact any of the class members directly to verify citizenship. *See Exhibit #8*. Thus, Oak River's statement regarding the location of the class members is based on the spreadsheet provided by Plaintiff's counsel.

"The Eighth Circuit has held that plaintiffs can prove this requirement by affidavit or statistically significant surveys or by redefining the class as only local citizens." *Tuohey v. Chenal Healthcare, LLC*, No. 4:15CV00506 JLH, 2015 WL 12776598, at *2 (E.D. Ark. 2015) (*citing Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263 (8th Cir. 2015)). In *Hood*, the Eighth Circuit specifically rejected an argument that a CAFA exception was met by reference to last known address and quasi-scientific guesswork from former addresses.

Here, Plaintiff's Motion to Remand does not reference affidavits or a statistically significant survey. Instead, it relies on guesswork and faulty methodology. Plaintiff has not demonstrated that one-third of the members of the class are citizens of Missouri. Plaintiff merely extrapolates that sixty percent of the 2,349 class members are Missouri citizens by unverified telephone responses of 65 people. In other words, **Plaintiff relies on voluntary telephone responses of 2.7% of the class to try to meet his burden**. The Eighth Circuit has specifically rejected this type of pseudo-science in efforts to show a CAFA exception applies.

In *Hood*, the Plaintiff attempted to rely on responses to letters sent to each class member's last known address. The Eighth Circuit rejected this method:

> The district court does use the terms "sampling" and "representative sample." The record does not include any sample, **sampling methodology**, or other indication of a **disciplined approach**. The district court extrapolates the citizenship of the Missouri citizens who responded, to the citizenship for those potential class members who did not respond. **The fallacy is apparent**. Those still at the last-known address were more likely to respond, and those not at the last-known address were less likely to respond (and more likely not to be Missouri citizens, or even have a valid address).

*Hood* at 266 (emphasis added).

Here, as in *Hood,* Plaintiff provides no indication of a "disciplined approach" or "sampling methodology." Plaintiff instead relies on a sliver of the class that is not illustrative of the class as a whole. This fallacy is apparent. *Id.* Plaintiff's method relies on only those class

14

members who previously asserted a claim and who voluntarily responded to a telephone inquiry. This tiny sample is unreliable as it contains those people most likely to be Missouri citizens. On the other hand, the other ninety-eight percent of the class who did not make claims and who did not voluntarily respond to the telephone inquiry are more likely to be transient and not Missouri citizens. Furthermore, Plaintiff's extrapolation is not reliable. The spreadsheet of last known addresses of the 2,349 class members was apparently taken from MIG's information dating back to 2005 – 2012. The spreadsheet of 411 people who made claims appears to be based on information collected at the time of the claim and underlying settlement, 2015 – 2016. Citizenship has to be judged at the time of removal in 2017. Plaintiff's approach does not take into account the variance between those persons who made a claim and those that did not and the movement over time of the class members as opposed to those who made claims.

Even were the Court to accept Plaintiff's unreliable sampling methodology, he has not carried his burden. This exception is discretionary, and it is his burden to convince the Court not to exercise CAFA jurisdiction. The factors all weigh against application of the exception: there is an interstate and national interest at stake, Missouri law may not apply, Plaintiff's vague pleading and attempt to avoid jurisdiction, and the class members are dispersed among 21 states.

## CONCLUSION

Oak River's removal was timely based on when Plaintiff's first unequivocal statement demonstrating CAFA jurisdiction. The discretionary interests of justice exception does not apply because Oak River is a citizen of Nebraska. The exception's factors do not support remand. Likewise, Plaintiff has not carried his burden to demonstrate the citizenship percentage of the class for the discretionary interests of justice exception to apply. Accordingly, Plaintiff's Motion to Remand should be denied.

4815-0659-5399.6

Dated this 9th day of May, 2017.    Respectfully submitted,

    *s/ M. Courtney Koger*
M. Courtney Koger    MO #42343
Kevin D. Brooks    MO #57627
**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT OAK RIVER INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2017 the foregoing was filed via the Court's CM/ECF filing system, which served the following:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
ATTORNEYS FOR PLAINTIFF

    *s/ M. Courtney Koger*
Attorney for Defendant