# Exhibit 2

# SIXTEENTH JUDICIAL CIRCUIT COURT
# JACKSON COUNTY, MISSOURI

Quenton Shelby,

    Plaintiff,

v.

Oak River Insurance Company,
**Serve:**
Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101

    Defendant.

Case No.
Division:

## Petition

Plaintiff Quenton Shelby ("Shelby"), by his attorneys, commences this civil action against Oak River Insurance Company ("Oak River"):

### Nature of Case

1. This is a direct action against Oak River for declaratory judgment, breach of multiple insurance contracts, and an equitable garnishment under RSMo § 379.200. Shelby seeks to reach and apply insurance money to satisfy a final judgment entered in Shelby's favor for the certified class ("Class") in *Miller Investment Group v. Shelby*, No. 1216-CV24936 ("Underlying Litigation") that was pending in the Sixteenth Judicial Circuit Court of Jackson County, Missouri.

### Parties

2. Shelby is a resident of Jackson County, Missouri. Shelby was appointed class representative of the Class in the Underlying Litigation. On information and belief, over one-third of the Class members are residents and citizens of Missouri.

3. Oak River is a foreign insurance company licensed to conduct business in Missouri. Oak River may be served as set forth in the caption above. Oak River is deemed a citizen of Missouri because the insured (Miller Investment Group, Inc. ("MIG")) is a resident and citizen of Missouri.

## Jurisdiction and Venue

4. This Court has jurisdiction because this is a civil case.

5. Venue is proper in this Court because Oak River has or usually keeps an office or agent for the transaction of its usual and customary business; i.e., the selling of insurance policies, in Jackson County, Missouri. Oak River contracted to provide policies of insurance applicable to a Missouri insured (MIG) and this cause of action arises from issuing these insurance policies.

## General Allegations

6. MIG is a named insured on at least eight garage policies with Oak River that are identical or substantially similar for purposes of this litigation. Those policies are attached as Exhibits 1 through 7 ("Policies"). On information and belief, MIG is a named insured on other insurance policies with Oak River relating to this action.

7. On February 6, 2013, Shelby counterclaimed against MIG in the Underlying Litigation seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by MIG regarding collection, enforcement, repossession and disposition of collateral, and collection of alleged deficiencies.

8. MIG notified Oak River of the Underlying Litigation and demanded Oak River defend and indemnify MIG for the Underlying Litigation. Oak River disclaimed any duty to defend or indemnify MIG for any damages in the Underlying Litigation. A copy of Oak River's denial letter is attached as Exhibit 8.

9. These facts, among others, were alleged in the Underlying Litigation, known by Oak River at the outset, or reasonably apparent to Oak River at the outset:

   a. Under RSMo § 408.555, MIG wrongfully accelerated Class's consumer credit contracts by failing to give the required right to cure notices before acceleration.

   b. Under RSMo § 408.555, MIG wrongfully repossessed the Class's property by failing to give the required right to cure notices before repossession.

   c. The presale notices sent to the Class were not reasonable as required by § 9-611(b).

   d. MIG wrongfully sold the Class's property after sending improper right to cure and presale notices.

   e. The post-sale notices sent to the Class violated section § 9-616.

   f. MIG sued the Class without giving the notice required by RSMo § 408.557.

   g. MIG unlawfully collected or attempted to collect deficiency balances, time price differentials, and delinquency and collection charges from the Class members issued defective right to cure, presale and post-sale notices.

   h. MIG reported derogatory information regarding the Class to local consumer reporting agencies and the three national consumer credit reporting agencies: Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC (collectively, "CRAs"), despite its failure to comply with the right to cure, presale and post-sale notice requirements.

   i. The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the Class members' credit reports harmed the Class members' credit worthiness, credit standing, credit capacity, character, and general reputation.

j. The defective right to cure, presale and post-sale notices, and the reporting of false or inaccurate derogatory information on the Class members' credit reports were oral or written publication of material that defamed, slandered, libeled and invaded the privacy rights of the Class members.

k. MIG acted negligently in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code, including the right to cure, presale and post-sale notices.

l. MIG did not intend to violate Chapter 408 or the UCC and did not intend injury to the Class because it believed its notices were accurate, lawful and contained no misrepresentations.

m. The negligent misrepresentations in the notices were the proximate cause of:

  i. the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold;

  ii. the loss of use of Class member's surplus funds owed them after the sale of the collateral;

  iii. the loss of use of the money each Class member paid, which was barred by statute and common law;

  iv. cost of alternative transportation;

  v. loss resulting from the inability to obtain, or increased costs of, alternative financing;

  vi. harm to credit worthiness, credit standing, credit capacity, character, and general reputation;

  vii. harm caused by defamation, slander and libel;

  viii. harm caused by invasion of privacy; and

  ix. other uncertain and hard-to-quantify actual damages.

10. MIG defended the Underlying Litigation at its own expense for three years before agreeing to a class-wide settlement.

11. MIG relied upon the denial letter attached as Exhibit 8 in defending and ultimately settling the lawsuit.

12. On March 4, 2016, a final approval hearing was held regarding the settlement. The parties submitted to a liability and damage trial before the Court as part of the final fairness hearing. The hearing included evidence of the reasonableness of the settlement, and the trial court approved the settlement. The Final Approval Order and Final Judgment are attached as Exhibits 9 and 10. The trial court entered findings indicating it had determined the settlement to be fair, reasonable, and not a product of collusion. The trial court entered a judgment for the Class, and it approved MIG's assignment to the Class of MIG's claims against Oak River and any other insurer.

13. The judgment against MIG in the Underlying Litigation is for $19,001,795.17 plus post-judgment interest at nine percent per annum.

14. MIG acts and omissions that gave rise to the judgment in the Underlying Litigation occurred in Kansas and Missouri from January 10, 2008 to April 21, 2015.

15. The damages incurred by Shelby and the Class as the result of the judgment in the Underlying Litigation are risks insured against under one or more of the Policies or other policies written by Oak River.

## Count I – Breach of Duty to Defend

16. Shelby repeats the allegations set forth above as if set forth in Count I.

17. There was a possibility or potential for coverage on the Underlying Litigation at the outset based on the Policies or other policies written by Oak River.

18. There was a reasonably apparent theory of recovery against MIG that would give rise to coverage based on the facts: (a) alleged in the Underlying Litigation; (b) Oak River knew at the outset; or (c) that were reasonably apparent to Oak River at the outset.

19. Oak River had to defend the Underlying Litigation.

20. Oak River refused to defend the Underlying Litigation.

21. As a direct and proximate result of Oak River's refusal to defend, a judgment was entered against MIG in the Underlying Litigation.

22. Oak River is liable for the judgment in the Underlying Litigation.

23. The judgment in the Underlying Litigation is final.

24. MIG is an insured under the Policies or other policies written by Oak River.

25. MIG is liable to Shelby and the Class for the damages awarded in the Underlying Litigation.

WHEREFORE, Shelby respectfully requests that the Court grant it judgment in its favor:

A. Declaring Oak River breached its duty to defend.

B. Awarding Shelby and the Class $19,001,795.17 plus post-judgment interest at nine percent per annum as damages for the full judgment in the Underlying Litigation.

C. Awarding Shelby and the Class MIG's attorney's fees and costs in defending the Underlying Litigation.

D. Awarding Shelby and the Class attorney's fees for this action and post-judgment interest.

E. Such other relief as the Court deems just and equitable.

## Count II – Equitable Garnishment

26. Shelby repeats the allegations set forth above as if set forth in Count II.

27. Under RSMo. § 379.200, Shelby and the Class are judgment creditors of MIG, an insured under the Policies or other policies written by Oak River, resulting from the judgment entered in the Underlying Litigation by Shelby and the Class sustaining and proving property damage arising out of an accident.

28. The judgment in the Underlying Litigation is a valid final judgment.

29. The Policies or other policies written by Oak River were in effect for some or all of the underlying acts or omissions of MIG.

30. Shelby and the Class may recover and apply $1,000,000 to $2,000,000 of insurance money per policy in effect to satisfy the full judgment in the Underlying Litigation because MIG was insured by Oak River against the damages awarded in the judgment.

31. All conditions precedent of the Policies have been performed, yet Oak River wrongfully has refused to pay any portion of the Judgment.

32. Under RSMo. § 379.200, Shelby and the Class may proceed in equity against Oak River to reach and apply the insurance monies to the satisfy the judgment in the Underlying Litigation.

WHEREFORE, Shelby respectfully requests that the Court grant it judgment in its favor:

A. Declaring coverage under the policies identified.

B. Awarding Shelby the policy limits of each policy identified (at least $14,000,000 in the aggregate) to satisfy the judgment in the Underlying Litigation, including post-judgment interest, attorney's fees and costs.

C. Such other relief as the Court deems just and equitable.

By:   /s/Jesse B. Rochman
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com

*Attorneys for Plaintiff*