# Exhibit 4

# SIXTEENTH JUDICIAL CIRCUIT COURT
# JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Quenton Shelby, <br><br> Plaintiff, <br><br> v. <br><br> Oak River Insurance Company, <br><br> Defendant. | Case No. 1616-CV17924 <br> Division: 6 |

## Amended Answers and Objections to
## Defendant's First Interrogatories to Plaintiff

Plaintiff, through the undersigned attorneys, answers and objects to Defendant's First Interrogatories:

1. State your full name, date of birth, and social security number.

ANSWER: **Quenton Gregory Shelby; March 25, 1995; \*\*\*-\*\*-2435.**

2. State the addresses at which you have resided for the past ten (10) years, and for each such address state the names and telephone numbers of all person who at any time resided with you there, and the periods of time during which those individuals resided there with you.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. The requested information is also overbroad, unduly burdensome and seeks information not reasonably calculated to lead to admissible evidence. Subject to this objection:**

**Plaintiff does not remember the exact dates, but the following are his past addresses in reverse chronological order:**

  **3441 Agnes Ave, Kansas City, MO 64128**
  **7350 State Ave, Apt. 212, Kansas City, KS 66112**
  **7919 Agnes Ave, Kansas City, MO 64132**
  **7919 Agnes Ave, Kansas City, MO 64132**
  **1410 E. 9th St, Apt. 201, Kansas City, MO 64106**
  **1106 Paseo, Apt. 202, Kansas City, MO 64106**

3. State whether you are presently married and, if you are, the name of your spouse. Regardless of whether you are presently married, state whether you were ever previously married and, if you were, the name of each previous spouse.

ANSWER: **No.**

4. In Paragraph 2 of your Petition, you state that you were appointed class representative of a class of persons in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. Please state the following:

    a. The authority under which you purport to be class representative in that matter;

    b. The names, addresses, and telephone numbers of all members of the class in that matter; and

    c. Whether you purport to assert the present action as a class representative of the class or any other persons and, if so, the authority under which you purport to do so.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the first two subparts.**

   a. **See the settlement agreement, preliminary approval order, final approval order and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

   b. **Objection. There were over 2,300 class members, so the requested information is overbroad, unduly burdensome and seeks information not reasonably calculated to lead to admissible evidence. Providing the requested information would also potentially violate the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801(a), 6802(a), and 6809(4)(A), which protects the security and confidentiality of customer's nonpublic personal information. Under the settlement agreement, preliminary approval order, final approval order and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, the names, addresses and other personal information of the members of the Settlement Class were omitted from the public filings to protect their privacy. Providing this information to Defendant would require an order from the Court in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

c. This is not a class action. Plaintiff seeks to recover on the judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For authority, see the settlement agreement, preliminary approval order, final approval order and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

5. State the basis for you to assert a claim for Count I of your Petition for Breach of Duty to Defend, including, but not limited to, the identity and description of any documents or agreements between you and Miller Investment Group, Inc. or any other person you contend confers upon you any basis to assert the claim.

ANSWER: **To the extent this interrogatory seeks mental impressions, conclusions, opinions, and legal theories of Plaintiff's attorneys, Plaintiff objects.**

**Subject to this objection, see the allegations in the Petition (including exhibits) in this matter, all documents of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, and Defendant's answers and responses to discovery.**

6. State the dates you, Miller Investment Group, Inc. and/or anyone acting on your or their behalf sent communication to Oak River or anyone you believe was acting on its behalf regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For each such date, state:

    a. The parties or individuals to the communication;

    b. The method of communication (oral, written, etc.);

    c. The substance of the communication; and

    d. If the communication was written or electronic, provide a copy of the written or electronic communication.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the first two subparts.**

**For Plaintiff, see documents bates labeled Oak River 696 through 700. Plaintiff does not know the dates Miller Investment Group, Inc. and/or anyone acting on its behalf sent communication to Oak River or anyone Plaintiff believes was acting on Oak River's behalf**

regarding Miller Investment Group v. Shelby, Case No. 1216-CV24936 other than what is in Defendant's answers and responses to discovery. The method, substance, and copies of the communication are evident from documents bates labeled Oak River 696 through 700 and the documents in Defendant's answers and responses to discovery.

7. State the dates you, Miller Investment Group, Inc. and/or anyone acting on your or their behalf received communication from Oak River or anyone you believe was acting on its behalf regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For each such date, state:

    a. The parties or individuals to the communication;

    b. The method of communication (oral, written, etc.);

    c. The substance of the communication; and

    d. If the communication was written or electronic, provide a copy of the written or electronic communication.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the first two subparts.**

**Excluding discovery in this matter and Oak River's attorney's in this matter, Plaintiff has received no communication from Oak River. Plaintiff does not know the dates Miller Investment Group, Inc. and/or anyone acting on its behalf received communication from Oak River or anyone Plaintiff believes was acting on Oak River's behalf regarding Miller Investment Group v. Shelby, Case No. 1216-CV24936 other than what is in Defendant's answers and responses to discovery. The remaining subparts are inapplicable because Plaintiff received no communication.**

8. Itemize the damages you are seeking in this lawsuit.

ANSWER: **Objection. Defendant's request to "itemize" damages is too vague to answer.**

**Subject to this objection, the damages Plaintiff seeks are set out in the prayers for relief of each Count of the Petition.**

9. State the method in which all damages alleged by you and the class in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 were calculated.

ANSWER: **$11,502,117.85 of the damages was calculated under §§ 408.562, 400.9-625(c)(2) and (e), which provides a liquidated sum for uncertain and hard-to-quantify actual damages, including, loss of use of tangible property and cost of alternative transportation; loss resulting from the inability to obtain, or increased costs of, alternative financing; harm to credit worthiness, credit standing, credit capacity, character, and general reputation; harm caused by defamation, slander and libel; harm caused by invasion of privacy; and other uncertain and hard-to-quantify actual damages.**

**$3,381,901.28 of the damages was calculated under §§ 365.152, 408.562, and 400.9-625.**

**$4,117,776.03 of the damages was calculated under the prejudgment interest statutes.**

10. Identify by name, address, and telephone number of the persons who testified in any trial, hearing, or other proceeding in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

ANSWER: **Objection. This interrogatory is overbroad and unduly burdensome as it covers all any trial, hearing or other proceeding in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For example, the identity of witness at the hearing on the motion to compel arbitration would not lead to the discovery of admissible evidence.**

**Subject to this objection, the attorneys of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.**

11. Describe and attach the documents admitted into evidence at any trial, hearing, or other proceeding in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

ANSWER: **Objection. This interrogatory is overbroad and unduly burdensome as it covers all evidence at any trial, hearing or other proceeding in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. For example, describing documents admitted into evidence at the hearing on the motion to compel arbitration would not lead to the discovery of admissible evidence.**

**Subject to this objection, see the record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 and Plaintiff's responses to Defendant's requests for production.**

12. Identify by name, address, occupation, place of employment, and qualifications to provide an expert opinion all retained experts you expect or intend to call at trial, and state the

general subject matter on which the person will testify and the person's hourly fee for providing testimony and other services as a retained expert. (In lieu of stating a person's qualifications to provide an expert opinion in your answer to this interrogatory, you may provide a copy of the person's current curriculum vitae.)

ANSWER: **Plaintiff has not determined what expert witnesses it expects to call at trial.**

13. Identify by name, address, and field of expertise all non-retained experts you expect or intent to call at trial.

ANSWER: **Plaintiff has not determined what expert witnesses it expects to call at trial.**

14. Have you ever pleaded guilty to or been convicted of a felony or misdemeanor? If your answer is in the affirmative, state for each such guilty plea and conviction the nature of the offense and the date and court of disposition.

ANSWER: **No.**

15. For every contract or agreement entered into by and between you, the class, and/or Miller Investment Group, Inc. relating to *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 and the claims asserted therein, including but not limited to settlement agreements, assignments, releases, contracts to limit recovery, covenants not to sue, and covenants not to enforce or execute a judgment, state who first proposed or offered it and the date, the date its material terms were accepted by the offeree or otherwise agreed upon, the date those material terms were reduced to writing, the date the writing was signed by you, and the date the writing was signed by Miller Investment Group, Inc.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the first two subparts.**

**The only agreement between the parties was the settlement agreement. Plaintiff does not know who first proposed or offered it as it was the result of a mediation on April 21, 2015.**

**The material terms were agreed upon at the mediation. The material terms were reduced to a first draft of a settlement agreement around May 4, 2016. The settlement agreement was signed by MIG around November 19, 2015, and by Plaintiff around December 18, 2015.**

16. With respect to every verbal conversation between you or any of your attorneys, on the one hand, and Miller Investment Group, Inc. or any employee, agent or attorney of Miller Investment Group, Inc., on the other hand, in which there was mentioned an offer to settle (or rejection of the same) any of your or the class's claims against Miller Investment Group, Inc., state the date of the conversation, whether the conversation was in person, by telephone, or by some other means, the names of all persons participating in the conversation and all other persons who heard any portion of the conversation, what was said during the conversation by each person participating in it, and whether the conversation or any portion of it was recorded.

ANSWER: **Objection. This interrogatory is overbroad and unduly burdensome by seeking details regarding every verbal conversation between the parties regarding settlement. This interrogatory also violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Subject to this objection:**

**All relevant settlement conversations took place at mediation on April 21, 2015. The persons present for the conversations included Jay Daugherty (mediator), representatives for MIG, Plaintiff and Plaintiff's attorneys. Plaintiff does not recall what was said. None of the conversations were recorded.**

17. Identify every offer by you or the class (including class representative(s)), whether communicated by you personally or by someone acting on your behalf, to settle any of your or the class's claims against Miller Investment Group, Inc. relating to *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, stating for each the names of all persons to whom the offer was communicated and the date it was so communicated, the name of the person who communicated the offer and the manner in which it was so communicated (e.g.,

by letter, in person, by telephone, et cetera), the amount demanded and all other terms of the settlement offered, and any deadline communicated for acceptance of the offer.

ANSWER: **Objection. This interrogatory is overbroad and unduly burdensome by seeking details regarding every offer by Plaintiff. Describing in detail all the offers that went back and forth at the lengthy mediation alone would be unduly burdensome. This interrogatory also violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Subject to this objection:**

**All relevant settlement conversations took place at mediation on April 21, 2015. The offers were communicated to Jay Daugherty (mediator) in person by Plaintiff's attorneys. Plaintiff does not recall the details of the offers and counteroffers leading up to the final settlement. No deadline was communicated.**

18. Do you contend Oak River was provided any legal document from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 other than the Petition for Deficiency, Answer and Counterclaim, Quenton Shelby's First Requests for Production Directed to Miller Investment Group, and Quenton Shelby's First Set of Interrogatories Directed to Miller Investment Group, before Miller Investment Group, Inc. entered into a settlement agreement with you and the class? If your answer is in the affirmative, state the date on which you contend such legal document was provided. Also if your answer is in the affirmative, state all facts you contend support those contentions and identify each legal document you contend supports those contentions by description and the location where it may be found.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the conforming part of this interrogatory.**

**Plaintiff does not know whether Oak River was provided documents other than those listed or otherwise appearing in Oak River's claims file. The remaining subparts are inapplicable based on Plaintiff's answer.**

19. Do you contend Oak River was provided with any settlement agreement, proposed order, or proposed judgment from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 either before Miller Investment Group, Inc. entered into a settlement agreement with you or before the class and Miller Investment Group, Inc. consented to the entry of the proposed order and proposed judgment? If your answer is in the affirmative, state the date on which you contend such legal document was provided. Also if your answer is in the affirmative, state all facts you contend support those contentions and identify each legal document you contend supports those contentions by description and the location where it may be found.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the conforming part of this interrogatory.**

**Plaintiff does not know whether Oak River was provided documents other than those listed or otherwise appearing in Oak River's claims file. The remaining subparts are inapplicable based on Plaintiff's answer.**

20. Do you contend Miller Investment Group, Inc. complied with all duties imposed upon it and conditions to coverage under the terms of its insurance policies with Oak River? If your answer is in the affirmative, state all facts you contend support that contention and identify each document you contend supports that contention by description and the location where it may be found.

ANSWER: **Objection. This contention interrogatory calls for a pure legal conclusion, is premature and is otherwise improper.**

**Subject to this objection, yes. Plaintiff provided notice of the lawsuit and related papers, cooperated with Defendant until it no longer had a duty to cooperate with Defendant and otherwise complied with the terms of the policies. See the documents from Defendant's answers and responses to discovery and the documents produced by Plaintiff.**

21. Do you contend Oak River owed a duty under the terms of its insurance policies with Miller Investment Group, Inc. to defend Miller Investment Group, Inc. in *Miller Investment*

*Group v. Shelby*, Case No. 1216-CV24936? If your answer is in the affirmative, state all facts you contend support that contention and identify each document you contend supports that contention by description and the location where it may be found.

ANSWER: **Objection. This contention interrogatory calls for a pure legal conclusion, is premature and is otherwise improper.**

**Subject to this objection, yes. See Plaintiff's Petition (including exhibits), the documents of record in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, the documents from Defendant's answers and responses to discovery, and the documents produced by Plaintiff.**

22. Do you contend that if Oak River had provided a defense Miller Investment Group, Inc. in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, judgment would not have been entered in that case or would have been entered in a lesser amount? If your answer is in the affirmative, state all facts you contend support that contention and identify each document you contend supports that contention by description and the location where it may be found.

ANSWER: **Objection. This contention interrogatory calls for a pure legal conclusion, is premature and is otherwise improper.**

**Subject to this objection, had Defendant provided a defense, it is possible a judgment would not have been entered or would have been entered in a lesser amount.**

23. Identify the insurance policies in effect from 2008 to 2015 that comprise Miller Investment Group, Inc.'s insurance program or under which Miller Investment Group, Inc. is an insured. For each policy, state:

   a. The name of the insurance company;

   b. The name of the named insured;

   c. The type of policy;

   d. The policy period;

   e. The policy number;

f. The applicable policy limits; and

   g. Attach the policies to your responses.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. Plaintiff will answer the conforming part of this interrogatory.**

**The only policies known to Plaintiff are those attached to his Petition and those produced with Defendant's answers and responses to discovery. See the attached policies and those in Defendant's possession for answers to the remaining subparts.**

24. If you deny any of the requests contained in Oak River's First Requests for Admissions to Plaintiff, for each denial please state the following:

    a. A description or list of all other documents that provide a basis or support for the denial, and provide a copy of such documents relied upon for the denial;

    b. The names, addresses and telephone numbers of the person or persons whose knowledge or testimony provides the basis or support for the denial; and

    c. The basis in fact as to support the denial.

ANSWER: **Objection. This interrogatory violates Local Rule 32.2.1 because it has more than two subparts and Defendant failed to obtain leave to serve interrogatories other than those permitted by Local Rule 32.2.1. This interrogatory is also overbroad, unduly burdensome and seeks to circumvent the limit of interrogatories imposed by Local Rule 32.2.1.**

THE ONDER LAW FIRM

By: /s/ Martin L. Daesch
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com

*Attorneys for Plaintiff*

## Certificate of Service

I certify on February 8, 2017, the foregoing was emailed to Defendant's attorneys:

M. Courtney Koger
Kevin D. Brooks
**KUTAK ROCK LLP**
Suite 800
Two Pershing Square
2300 Main Street
Kansas City, MO  64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com