# Exhibit 6

SIXTEENTH JUDICIAL CIRCUIT COURT
JACKSON COUNTY, MISSOURI

Quenton Shelby,

    Plaintiff,

v.

Oak River Insurance Company,

    Defendant.

Case No. 1616-CV17924
Division: 6

## Motion for Leave to Amend

    Plaintiff, through his undersigned attorneys, moves the Court under Rule 55.33(a) for leave to amend his petition:

    1.    MIG[1] is the insurer on many garage policies with Oak River. *See* Petition, ¶ 6. The trial court in the Underlying Litigation entered a judgment for the Class, and it approved MIG's assignment to the Class of MIG's claims against Oak River and any other insurer. *Id.* at ¶ 12.

    2.    The trial court in the Underlying Litigation appointed Shelby and his undersigned attorneys to represent the Class and authorized them to pursue and action against Oak River for the Class. *Id.* ¶ 12, Exhibit 9 at ¶ 7 (Final Approval Order). All recovery by Shelby for himself and the Class from Oak River "will add to the benefits made available to the [] Class under the [Settlement] Agreement, and the [] Class Members who submitted valid claims for payment will receive the funds remaining from any recovery from [Oak River] after attorney's fees and costs are deducted." *Id.*

---

[1] All capitalized terms have the meaning given to them in the Petition unless defined otherwise in this motion.

3. Under the Final Approval Order, Plaintiff sued Oak River for declaratory judgment, breach of multiple insurance contracts, and an equitable garnishment under RSMo § 379.200. *Id.* at ¶ 1. Plaintiff has prayed for an award to him and the class for $19,001,795.17, which is the amount of the judgment in the Underlying Litigation. *Id.* at ¶ 13, p. 6.

4. Oak River has not moved for more definite statement[2]; however, it has made two assertions informally between the parties, in filings with this court, and orally in open court. First, it has asserted in "Plaintiff does not explicitly state that he is asserting claims on his behalf and on behalf of the settlement class or other persons 'similarly situated,'" and that "Plaintiff has not pleaded facts in his Petition that [he] is asserting MIG's claims via assignment." *See* Oak River's Opposition to Plaintiff's Motion to Enforce Discovery, pp. 3–4. Second, Oak River asserted at the last case management conference that Plaintiff would need to amend to plead bad faith to seek extracontractual damages.

5. Although Plaintiff does not agree with Oak River, Plaintiff seeks leave to amend to cure Oak River's alleged defects in the petition without changing the essential basis of the cause of action Plaintiff originally pleaded.

6. It is within the trial court's broad discretion to allow amendments to the pleadings at any stage of the proceedings. *Lester v. 611 Sayles*, 850 S.W.2d 858, 869 (Mo. banc 1993). "Amendments to pleadings before final judgment are not only favored by statute but have always been favored by the courts, the rule being to allow them rather than to refuse them, and this is especially true when the amendment is offered before trial." *Brinkmann Realty Co. v. Deidesheimer*, 201 S.W.2d 503, 507 (Mo. App. 1947). Therefore, "courts are not to be stingy in

---

[2] "The law has been particularly intolerant of those who make no mention of a pleading defect until the trial court has ruled and then seek to disadvantage their opponents by claims of procedural defect." *State v. Vinson*, 800 S.W.2d 444, 450 (Mo. banc 1990).

granting leave to amend." *Ferrellgas, Inc. v. Edward A. Smith, P.C.*, 190 S.W.3d 615, 619 (Mo. App. W.D. 2006). The factors a court considers are: (1) the hardship to the moving party; (2) the moving party's reason for omitting the matter from the original pleadings; and (3) any injustice that would result to the nonmoving party if the court granted leave to amend. *Lester*, 850 S.W.2d at 869.

7.  *Hardship.* Should Oak River's alleged defects have merit, Plaintiff and the Class would suffer severe hardship if leave is not granted because it would preclude Shelby from recovering for the class through the assignment and would reduce the possible recovery for the Class by over $5,000,000.

8.  *Reason for omitting the matter.* Plaintiff alleged he was appointed class representative of the class in the Underlying Litigation. *See* Petition, ¶ 2. He also alleged that the Court in the Underlying Litigation authorized him and his attorneys to pursue an action against MIG's insurers and attempt to recover against any effective insurance policies for the benefit of the Class. *See* Petition, Exhibit 9, ¶ 7. Finally, Plaintiff's prayer seeks awards for "Shelby and the Class." *See* Petition, p. 6. If Shelby has not adequately alleged the assignment to show he is asserting MIG's claims via assignment, such omission was inadvertent. *Robinson v. City of Kansas City*, 451 S.W.3d 315, 319 n. 3 (Mo. App. W.D. 2014) ("the purpose of the grant of an amendment is to allow a party to assert a matter previously unknown or neglected from inadvertence at the time of the original pleading."). Likewise, Plaintiff's Petition makes clear he is seeking extracontractual damages because he seeks over $19 million in damages when the policies only provide up to $14 million in coverage. *See* Petition, pp. 6–7. The "recent case of *Allen v. Bryers*, No. SC95358, —— S.W.3d ——, ——, 2016 WL 7378560 *14 (Mo.banc December 20, 2016), without abrogating *Columbia Cas. Co.*, suggests a bad faith finding must be made, not merely a

3

breach of duty, in order to be held liable for extra-contractual damages." *Pitt v. Leonberger*, 2017 WL 491218, at *14 (Mo. App. Feb. 7, 2017). If a specific allegation as opposed to just a finding of bad faith is necessary, Plaintiff's failure to explicitly plead it was also inadvertent.

9. *Prejudice.* Oak River will suffer no injustice or prejudice because of Shelby being granted leave to amend because these amendments will not catch Oak River by such surprise as to deprive Oak River of any legitimate claims or defenses because no new causes of action are being pled, the dispositive motion deadline is September 1, 2017, no trial has been set and discovery is still open. It might cause Oak River to incur additional costs, fees and expenses in defending this litigation, but "prejudice is not measured by whether one party or the other would stand to suffer financial loss as a result of the court ruling." *Ferrellgas*, 190 S.W.3d at 619.

10. A copy of Plaintiff's amended pleading is attached.

WHEREFORE, Plaintiff respectfully requests this Court grant his motion for leave to amend and for such other and further relief as the Court deems just and proper.

THE ONDER LAW FIRM

By: _____
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify on March 8, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

_____