IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| QUENTON SHELBY, Individually and on Behalf of Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:17-cv-0224-DGK ) |
| OAK RIVER INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR REMAND

This putative class-action lawsuit arises from an attempt to recover on a judgment entered in a separate class-action lawsuit. This lawsuit was filed in the Circuit Court of Jackson County, Missouri. Defendant Oak River Insurance Company ("Oak River") removed it to federal court by invoking the Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, and 1446.

Now before the Court is Plaintiff's Motion to Remand (Doc. 7). Finding that Oak River timely filed its notice of removal, and that the Court should not exercise its discretion to remand under CAFA's "interests of justice" exception, the motion is DENIED.

**Background**

This dispute stems from a separate lawsuit ("the underlying litigation") brought by a used car dealer, Miller Investment Group ("MIG"), seeking to recover against Plaintiff Quenton Shelby for a deficiency on his secured car loan. In response, Plaintiff filed a class-action counter-claim alleging MIG violated the UCC and engaged in a deceptive pattern in repossessing cars. MIG subsequently entered into a class-wide settlement with Plaintiff in which MIG assigned any claims it had against its insurers to Plaintiff and the other class members.

Oak River is an insurance company that issued garage liability insurance policies to MIG. It is a citizen of Nebraska, with its principal place of business in Omaha, Nebraska. Oak River denied coverage in the underlying litigation, purportedly because the underlying litigation concerned statutory penalties arising out of financing activities and not any activity associated with MIG's operation of a garage.

On July 22, 2016, Plaintiff filed suit against Oak River in the Circuit Court of Jackson County, Missouri, seeking to recover under Oak River's policies. Oak River contends it was initially unclear whether the case was a class-action lawsuit. It notes, for example, the Petition did not indicate that Plaintiff was bringing the case on behalf of others, and that the caption denoted Mr. Shelby as the only Plaintiff. Pet. (Doc. 10-2). Oak River responded by asserting an affirmative defense that the Petition failed as a matter of law because it failed to join proper parties—that is, the class members in the underlying litigation—to the action.

Oak River subsequently engaged in discovery to confirm that the case was not a class action. On February 8, 2017, Plaintiff stated in a sworn interrogatory response that, "This is not a class action." Am. Answers and Objs. to Def.'s First Interrogs. to Pl. at 3 (Doc. 10-4).

Less than thirty days later, on March 8, 2017, Plaintiff sought leave to file an amended petition asserting that the case was, in fact, a class action lawsuit. Among other things, the proposed First Amended Petition stated, "Shelby is asserting MIG's and *the Class's* claims . . ." First Am. Pet. at ¶ 2 (Doc. 10-7) (emphasis added). It also revised the prayer for relief clause in Count II to state it was seeking damages for "Shelby *and the Class*." *Id.* at 7, ¶ B (emphasis added).

On March 28, 2017, Oak River removed the case to federal court by asserting CAFA jurisdiction, arguing the motion to amend and proposed First Amended Petition were the first

sufficiently detailed and unequivocal statements from which it could unambiguously ascertain that this was a class action.

Plaintiff now moves for remand, arguing Oak River's removal was untimely, and even if it was timely, the Court should decline to hear the dispute under CAFA's "interests of justice" exception.

**Standard**

The statute governing removal provides in relevant part that "[a]ny civil action brought in a State court . . . may be removed by the defendant or the defendants" if the federal court has original jurisdiction over it. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). All doubts about removal are resolved in favor of remand. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

To establish CAFA jurisdiction, the removing party must show that the aggregate amount in controversy in the class action exceeds $5,000,000 and "there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class." *Westerfeld v. Indep. Processing LLC*, 621 F.3d 819, 822 (8th Cir. 2010) (citing 28 U.S.C. § 1332(d)). Generally speaking, a defendant has thirty days to invoke CAFA jurisdiction from the time the complaint is filed or the defendant receives "an amended pleading, motion, order, or other paper" from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b).

Once the removing party establishes CAFA jurisdiction, the burden shifts to the party seeking remand to establish that one of CAFA's three jurisdictional exceptions applies. *Westerfeld*, 621 F.3d at 822. Under the "interests of justice" exception:

A district court *may*, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed Plaintiff classes is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3) (emphasis added).

**Discussion**

I.    **Oak River's removal was timely filed.**

Plaintiff's first argument—that Oak River's removal was untimely—is unavailing. The law here is clear:

> If the case as pled in the initial complaint satisfies CAFA's jurisdictional requirements, 28 U.S.C. § 1446(b)(1) requires that the defendant remove the case within thirty days after receiving a copy of the complaint. If, on the other hand, the case as pled in the initial complaint does not satisfy CAFA's jurisdictional requirements, 28 U.S.C. § 1446(b)(3) requires that the defendant remove the case within thirty days after receiving 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'

*Gibson v. Clean Harbors Envtl. Servs., Inc.*, 840 F.3d 515, 518 (8th Cir. 2016). The thirty-day removal period does not begin to run until the defendant receives an amended pleading, motion, order, or "other paper" from which it can "*unambiguously*" ascertain that the CAFA jurisdictional requirements have been satisfied. *Id.* at 519 (emphasis added). "Although a defendant has a duty to 'apply a reasonable amount of intelligence to its reading' of any such document received from the plaintiff, a defendant is not required to 'perform an independent investigation into a plaintiff's indeterminate allegations to determine removability.'" *Id.* (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 145 (2d Cir. 2014)).

Notwithstanding his interrogatory answer in February of 2017 that "[t]his is not a class action," Plaintiff contends that it was apparent from the initial petition that this case was, in fact, a class action, so the thirty day removal period expired in August of 2016. This argument is arguably frivolous. Plaintiff is claiming that despite the Petition's not indicating it was a class action—which was subsequently confirmed by Plaintiff's sworn statement that it was *not* a class action—Oak River should have known that this was a class action all along. At best, this

indicates Plaintiff is attempting to use questionable tactics to forum shop; at worst, it suggests Plaintiff lied in his interrogatory answers. None of these choices reflect well on Plaintiff's counsel.

In any event, the Court holds Oak River's removal was timely filed. After carefully reading the initial petition, the Court finds it is unclear whether Plaintiff was attempting to plead a class action or not. The Court holds that it was only after Oak River received Plaintiff's motion for leave to amend on March 8, 2017, that it was unambiguous that Plaintiff was asserting a class action. Since Oak River filed its notice of removal twenty days later, it was timely filed.

**II.     Plaintiff has not established that the interest of justice exception applies or, even if it did apply, that the Court should exercise its discretion to decline jurisdiction.**

Arguing in the alternative, Plaintiff contends that the Court should decline to exercise CAFA jurisdiction in the interests of justice. Assuming for the sake of argument that Oak River is deemed a citizen of Missouri for purposes of this analysis[1] and that approximately 60% of class members are Missouri citizens[2] (and so the one-third requirement is satisfied), the Court must weigh the six statutory factors. The Court rules as follows.

---

[1] Plaintiff did not argue that Oak River should be considered a Missouri citizen until it filed its reply brief. Since the defendant's citizenship is a prerequisite to the Court's finding the interest of justice exception applies, this is something the Court expected Plaintiff would have discussed in its initial brief. And ordinarily the Court will not consider an argument made for the first time in a reply brief because it discourages "sandbagging," that is, the practice of waiting for the reply brief to argue an issue for the first time so the non-moving party cannot respond, which is unfair. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (observing that "[l]oading-up on a reply brief effectively results in a one-sided presentation, which is hopelessly inconsistent with the very premise on which the adversary system is based," is "unfair to one's opponent," and "adversely affects the accuracy of the judicial process, which depends on comprehensive presentations by both sides"). However, since Oak River thoroughly argued this point in its brief, there is no harm here.

[2] Oak River contends this figure is unverified and unreliable.

*A. National or Interstate Interest*

The Court finds there is a some interstate interest in this litigation. The parties agree that the class claimants are from approximately twenty-one different states, that Oak River is a Nebraska company headquartered in Omaha, and that the relevant decisions here were all made in Nebraska. If 60% of class members are Missouri citizens, then the harms allegedly caused by Oak River's decision making are mostly felt in Missouri, but other states still have some interest in this litigation. Hence, there is some interstate interest in the case, which weighs slightly in favor of federal jurisdiction.

*B. Governing Law*

The parties agree that Missouri law will likely govern most claims, and that it is unclear whether other states laws will govern the remaining claims. This factor weighs slightly in favor of remand.

*C. Pleading to Avoid Federal Jurisdiction*

The original petition was pled in such a way as to attempt to avoid federal jurisdiction. Indeed, Plaintiff used impermissible tactics to do so. This factor weighs heavily in favor of federal jurisdiction.

*D. Forum's Nexus to Class Members, Alleged Harm, and Defendant*

The forum where the suit was brought has a nexus to most of the class members and the alleged harm, but no nexus to Oak River. This factor weighs slightly in favor of remand.

*E. Whether the Number of Class Members in the Forum is Substantially Larger Than the Number from Any Other State, and Dispersal of Class Members*

Assuming 60% of the class members are Missouri citizens, the number of Missouri class members is larger than the number of citizens from other states. The remaining 40% are

dispersed throughout twenty-one other states, mostly in Kansas. This factor weighs slightly in favor of remand.

    F.    *Previous Lawsuits Asserting the Same or Similar Claim*

The parties agree that another class action asserting the same or similar claim has not been filed in the previous three years. This factor favors remand.

On the whole, these factors fairly balance each other out. That said, the Court declines to exercise its discretion to remand this case back to state court for two independent reasons. First, Plaintiff bears the burden of establishing that the Court should exercise its discretion to remand, and he has not met that burden. Second, 28 U.S.C. § 1332(d)(3) requires the Court to consider "the totality of the circumstances" in deciding whether it should exercise discretion to remand. Here, Plaintiff attempted to deprive Oak River of its statutory right to removal by being less than candid it as to whether the case was a class action. This is impermissible, and the Court will not reward the use of such tactics by granting the relief sought.

## Conclusion

For the reasons discussed above, Plaintiffs' motion to remand (Doc. 7) is DENIED.

**IT IS SO ORDERED.**

Date:  December 5, 2017                           /s/ Greg Kays
                                                                                     GREG KAYS, CHIEF JUDGE
                                                                                     UNITED STATES DISTRICT COURT