# SIXTEENTH JUDICIAL CIRCUIT COURT
# JACKSON COUNTY, MISSOURI

Quenton Shelby,

    Plaintiff,

v.

Oak River Insurance Company,

    Defendant.

Case No. 1616-CV17924
Division: 6

## Responses to Defendant's
## Request for Admissions Directed to Plaintiff

Plaintiff, through the undersigned attorneys, objects and responds to Defendant's Requests for Admissions:

1. Attached hereto as Exhibit #1 through Exhibit #16 are true and accurate copies of insurance policies issued to Miller Investment Group, Inc.

   **Denied.**

2. Attached hereto as Exhibit #17 is a true and accurate copy of the transcript of the hearing on the Motion for Preliminary Approval on December 22, 2015 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

   **Admitted.**

3. The hearing on the Motion for Preliminary Approval on December 22, 2015 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 lasted less than ten (10) minutes.

   **Plaintiff admits the portion of the hearing on the record lasted less than 10 minutes, but denies the remaining part of the matter of which an admission is requested.**

4. No witness testified at the hearing on the Motion for Preliminary Approval on December 22, 2015 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

   **Admitted.**

5. No documents were offered or accepted into evidence at the hearing on the Motion for Preliminary Approval on December 22, 2015 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

   **Denied.**

6. Attached hereto as Exhibit #18 is a true and accurate copy of the transcript of the hearing for final approval on March 4, 2016 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

   **Admitted.**

7. The hearing for final approval on March 4, 2016 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 lasted less than thirteen (13) minutes.

   **Plaintiff admits the portion of the hearing on the record lasted less than 13 minutes, but denies the remaining part of the matter of which an admission is requested.**

8. No witness testified at the hearing for final approval on March 4, 2016 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

   **Admitted.**

9. Only one exhibit was offered and accepted into evidence at the hearing for final approval on March 4, 2016 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

   **Admitted.**

10. Other than one exhibit offered, you and the class did not offer any other evidence at the hearing for final approval on March 4, 2016 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

    **Denied.**

11. Miller Investment Group, Inc. offered no evidence at the hearing for final approval on March 4, 2016 in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

    **Denied.**

12. The settlement agreement between you, the class members, and Miller Investment Group, Inc. was not entered until 2015.

    **Admitted.**

13. The judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 was entered in 2016.

    **Admitted.**

14. Prior to the judgment entered in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, you, the class members, and your attorneys never contacted, provided any documents to, or communicated with Oak River regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

    **Plaintiff admits that prior to the judgment entered in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 neither he nor his attorneys directly contacted, provided documents to, or communicated with Oak River regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny the remaining part of the matter of which an admission is requested, and therefore, the same is denied.**

15. The only communications Miller Investment Group, Inc., its employees, or its attorneys had with Oak River regarding *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, occurred in 2013.

    **Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies this requested admission.**

16. The only legal documents from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 Miller Investment Group, Inc., its employees, or its attorneys provided to Oak River were the Petition for Deficiency, Answer and Counterclaim, Quenton Shelby's First Requests for Production Directed to Miller Investment Group, and Quenton Shelby's First Set of Interrogatories Directed to Miller Investment Group.

    **Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies this requested admission.**

17. After 2013, Miller Investment Group, Inc. never tendered *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 to Oak River for defense of *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

    **Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies this requested admission.**

18. After 2013, Miller Investment Group, Inc. never provided any pleadings or legal documents from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 to Oak River.

    **Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies this requested admission.**

19. You never amended your Counterclaim in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

    **Plaintiff admits he never filed an amended Counterclaim in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, but denies the remaining part of the matter of which an admission is requested.**

20. The only legal theories for recovery made by you and the class from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 that were provided to Oak River prior to the settlement and judgment in that case were those set forth in your Answer and Counterclaim.

    **Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies this requested admission.**

21. Prior to Miller Investment Group, Inc.'s settlement with you and the class, Miller Investment Group, Inc. never provided any motions, orders, settlement agreements, or judgments (drafts, proposed or otherwise) from *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 to Oak River.

    **Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies this requested admission.**

22. You never tendered *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 to Oak River for defense of *Miller Investment Group v. Shelby*, Case No. 1216-CV24936.

    **Admitted.**

23. Miller Investment Group, Inc. violated the cooperation provisions of its insurance policies with Oak River by failing to provide Oak River notice of your altered theories of recovery other than those asserted in your Counterclaim, by jointly submitting settlement documents to the Court (including the Order and Judgment) that were based on your altered theories of recovery other than those asserted in the Counterclaim, and by entering into an agreement with you based on or agreeing to Plaintiff's altered theories of recovery.

    **Objection. Calls for a legal conclusion and no answer is required. If an answer is required: Denied.**

24. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not contain a claim or count for negligence against Miller Investment Group.

    **Objection. Calls for a legal conclusion, the Counterclaim speaks for itself, and no answer is required. If an answer is required: Denied.**

25. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not contain the words "negligence," "negligent," or "negligently."

    **Admitted.**

26. The only count in the Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 was for "Statutory Damages."

    **Objection. Calls for a legal conclusion, the Counterclaim speaks for itself, and no answer is required. If an answer is required: Plaintiff admits Count I in the Counterclaim was labeled "Count I – Statutory Damages," but denies the remaining part of the matter of which an admission is requested.**

27. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not allege damages because of bodily injury or property damage.

    **Objection. Calls for a legal conclusion, the Counterclaim speaks for itself, and no answer is required. If an answer is required: Denied.**

28. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not contain the phrase "compensatory damages."

    **Admitted.**

29. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not contain the word "garage" or the phrase "garage operations."

    **Admitted.**

30. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not contain the words "misrepresent," "misrepresented," "misrepresentation," or "misrepresentations."

    **Admitted.**

31. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not contain the phrases "proximate cause" or "loss of use."

    **Admitted.**

32. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not allege that you or the class was seeking compensatory damages resulting from Miller Investment Group, Inc.'s negligent conduct in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code as part of operation necessary or incidental to Miller Investment Group, Inc.'s garage business.

    **Objection. Calls for a legal conclusion, the Counterclaim speaks for itself, and no answer is required. If an answer is required: Denied.**

33. Prior to the settlement and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, neither you, the class, nor Miller Investment Group, Inc. notified Oak River that you or the class was seeking compensatory damages resulting from Miller Investment Group, Inc.'s negligent conduct in failing to send notices complying with Missouri Chapter 408 and the Uniform Commercial Code as part of operation necessary or incidental to Miller Investment Group, Inc.'s garage business.

    **Objection. Calls for a legal conclusion, the Counterclaim speaks for itself, and no answer is required. If an answer is required: Plaintiff admits that prior to the judgment entered in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 he did not contact, provide documents to, or communicate directly with Oak River regarding compensatory damanges in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny the remaining part of the matter of which an admission is requested, and therefore, the same is denied.**

34. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not allege that Miller Investment Group, Inc. did not intend to violate Chapter 408 or the UCC and did not intend injury to the class because it believed its notices were accurate, lawful and contained no misrepresentations.

    **Objection. Calls for a legal conclusion, the Counterclaim speaks for itself, and no answer is required. If an answer is required: Denied.**

8

35. Prior to the settlement and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, neither you, the class, nor Miller Investment Group, Inc. notified Oak River that you or the class alleged that Miller Investment Group, Inc. did not intend to violate Chapter 408 or the UCC and did not intend injury to the class because it believed its notices were accurate, lawful and contained no misrepresentations.

    **Plaintiff admits that prior to the judgment entered in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 he did not contact, provide documents to, or communicate directly with Oak River regarding allegations made in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny the remaining part of the matter of which an admission is requested, and therefore, the same is denied.**

36. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not allege that the negligent misrepresentations in the notices were the proximate cause of the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold.

    **Objection. Calls for a legal conclusion, the Counterclaim speaks for itself, and no answer is required. If an answer is required: Denied.**

37. Prior to the settlement and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, neither you, the class, nor Miller Investment Group, Inc. notified Oak River that you or the settlement class alleged that the negligent misrepresentations in the notices were the proximate cause of the loss of use of the vehicles because it precluded the Class members from reclaiming their collateral before it was sold.

    **Plaintiff admits that prior to the judgment entered in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 he did not contact, provide documents to, or communicate directly with Oak River regarding allegations made in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny the remaining part of the matter of which an admission is requested, and therefore, the same is denied.**

38. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not allege that the negligent misrepresentations in the notices were also the proximate cause of the loss of use of the: (a) Class member's surplus funds owed them after the sale of the collateral; and (b) the money each Class member paid, which was barred by statute and common law.

    **Objection. Calls for a legal conclusion, the Counterclaim speaks for itself, and no answer is required. If an answer is required: Denied.**

39. Prior to the settlement and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, neither you, the class, nor Miller Investment Group, Inc. notified Oak River that you or the settlement class alleged that the negligent misrepresentations in the notices were also the proximate cause of the loss of use of the: (a) Class member's surplus funds owed them after the sale of the collateral; and (b) the money each Class member paid, which was barred by statute and common law.

    **Plaintiff admits that prior to the judgment entered in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 he did not contact, provide documents to, or communicate directly with Oak River regarding allegations made in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936. Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny the remaining part of the matter of which an admission is requested, and therefore, the same is denied.**

40. The orders and judgment entered in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 did not find that you or the class sustained damages because of bodily injury or property damage.

    **Objection. Calls for a legal conclusion, the orders and judgment speak for themselves, and no answer is required. If an answer is required: Denied.**

41. The Counterclaim you filed in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936, was provided to Oak River prior to the Missouri Supreme Court's decision in *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548 (Mo. 2014).

    **Plaintiff has made a reasonable inquiry and the information known or readily obtainable by Plaintiff is insufficient to enable Plaintiff to admit or deny, and therefore, Plaintiff denies this requested admission.**

42. The joint motion for approval of the class action settlement, proposed orders, and judgment in *Miller Investment Group v. Shelby*, Case No. 1216-CV24936 were submitted to the Court following the Missouri Supreme Court's decision in *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548 (Mo. 2014).

    **Plaintiff denies all proposed orders were submitted following *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548 (Mo. Banc 2014), but admits the remaining part of the matter of which an admission is requested.**

THE ONDER LAW FIRM

By: _____
Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com

*Attorneys for Plaintiff*

## Certificate of Service

    I certify on November 21, 2016 the foregoing was emailed to Defendant's attorneys:

M. Courtney Koger
Kevin D. Brooks
**KUTAK ROCK LLP**
Suite 800
Two Pershing Square
2300 Main Street
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com