IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

QUENTON SHELBY,

    Plaintiff,

v.

OAK RIVER INSURANCE COMPANY,

    Defendant.

Case No. 17-cv-00224-W-DGK

## DEFENDANT'S LIST OF REMAINING CLAIMS

Defendant Oak River Insurance Company ("Oak River") submits the following List of Remaining Claims as required by the Scheduling Order:

### Plaintiff's Claims

1. Plaintiffs assert that Oak River breached its contractual duty to defend Miller Investment Group (MIG) under multiple policies of insurance issued to MIG, and for equitable garnishment under Mo, Rev. Stat, § 379.200.

### Affirmative Defenses

1. Plaintiffs' First Amended Petition fails to state a claim against Oak River upon which relief can be granted in that plaintiffs cannot meet their burden of proof and for the reasons set forth below.

2. Plaintiffs' claims are barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the Underlying Action against MIG (both those alleged at the time the Counterclaim was presented to Oak River as well as those under the altered theory of recovery and damages that had never been tendered to Oak River but which were included in the purported judgment) did not arise out of or result from garage operations as defined by policies at issue "but of the financing activities of dealership" and there is no coverage due to

1

the terms of the garage operations insuring agreement, the expected or intended injury exclusion, the care, custody or control exclusion, the loss of use exclusion, and/or the definition of garage operations. *See Landers Auto Grp. No. One, Inc. v. Cont'l W. Ins. Co.*, 621 F.3d 810 (8th Cir. 2010), and *Wolfe Auto. Grp., LLC v. Universal Underwriters Ins. Co.*, 808 F.3d 729 (8th Cir. 2015).

3. Plaintiffs' claims are barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the underlying action against MIG (both at the time the Counterclaim was presented to Oak River and at the time of the purported judgment) were not covered by the policies at issue in that they are not damages for bodily injury (which Oak River anticipates will be stipulated to by plaintiffs) or property damages as defined by the policies at issue. *See St. Paul Fire & Marine Ins. Co. v. Lippincott*, 287 F.3d 703, 705 (8th Cir. 2002); *AMCO Ins. Co. v. Carpet Direct Corp.*, 157 F. Supp. 3d 1018, 1023 (D. Colo. 2016); *ERA Franchise Sys., Inc. v. N. Ins. Co. of N.Y.*, 32 F. Supp. 2d 1254, 1260 (D. Kan. 1998), *aff'd*, 208 F.3d 225 (10th Cir. 2000); and *Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, No. 07-CV-1119, 2010 WL 749368, at *5 (W.D. Ark. Mar. 2, 2010) (loss of use of money is not property damage without identifiable cash payments); *Capitol Indem. Corp. v. Wright*, 341 F. Supp. 2d 1152, 1159 (D. Nev. 2004).

4. Plaintiffs' claims are barred in whole or in part because the alleged actions, inactions, injuries, damages and/or loss alleged in the Underlying Action against MIG (both at the time the Counterclaim was presented to Oak River and at the time of the purported judgment) were not covered by the policies at issue in that they were not caused by an accident as defined by the policies at issue, or were barred by the expected/intended exclusion. *See Landers Auto Grp. No. One, Inc. v. Cont'l W. Ins. Co.*, 621 F.3d 810 (8th Cir. 2010); *Allen v. Cont'l W. Ins. Co.*, 436

S.W.3d 548 (Mo. 2014); *American Family Mut. Ins. Co. v. Wagner*, 2007 WL 1029004, at *2 (W.D. Mo. 2007); and *Nat'l Liab. & Fire Ins. Co. v. Matt's Auto World Preowned Cars, LLC*, 2015 WL 1528897, at *8 (N.D.W.Va. 2015).

5. Plaintiffs' claims are barred because plaintiffs stand in the shoes of MIG, and MIG violated the terms and conditions of its insurance policies with Oak River such that Plaintiff's claims against Oak River fail as a matter of law. MIG violated the cooperation provisions of its insurance policies with Oak River by failing to provide Oak River notice of Plaintiff's altered theories of recovery other than those asserted in the Counterclaim, by jointly submitting settlement documents to the Court (including the Order and Judgment) that were based on Plaintiff's altered theories of recovery other than those asserted in the Counterclaim, and by entering into an agreement with Plaintiff based on or agreeing to Plaintiff's altered theories of recovery such that MIG did not defend itself among other agreements. Oak River was irreparably prejudiced by MIG's violations of these provisions in that Plaintiffs obtained a judgment against MIG well beyond the reasonable value of the claim. *See Rocha v. Metro. Prop. & Cas. Ins. Co.*, 14 S.W.3d 242 (Mo. Ct. App. 2000). Specifically, MIG failed to immediately send Oak River copies of all legal papers received concerning the underlying action; failed to tender the proposed settlement or other document setting forth the altered theory of recovery different from the Counterclaim, depriving Oak River of its right and opportunity to defend the underlying lawsuit on the altered theory; made agreements with Plaintiff to enable Plaintiff with regard to the settlement, order, and alleged judgment without any opposition whatsoever and without presenting any (or extremely limited) evidence; and assumed obligations in the underlying action without the consent of Oak River. As a result, Oak River suffered substantial prejudice. *See Dickman Aviation Serv., Inc. v. U.S. Fire Ins. Co.*, 809 S.W.2d 149, 150-51 (Mo. Ct. App. 1991); *Columbia Cas. Co. v. HIAR*

*Holding, L.L.C.*, 411 S.W.3d 258, 272 (Mo. 2013) (failure to forward amended petition did not violate cooperation clause where there was no prejudice because the original petition contained the statutory claims on which judgment was premised).

6. Plaintiffs' claims are barred in whole or part because Oak River is not bound by the superfluous and unnecessary findings in the underlying Order and Judgment as the issues regarding the applicability of the Oak River policies (and the altered theories of recovery that were not provided to Oak River) were not actually litigated and not supported by evidence submitted to the court. *See Assurance Co. of Amer. V. Secura Ins. Co.*, 384 S.W.3d 224 (Mo. App. E.D. 2012) (underlying judgment is only conclusive as to those issues and questions necessarily determined); *Drennen v. Wren*, 416 S.W.2d 229, 234 (Mo. App. S.D. 1967); *Lane v. Hartford Fire Ins. Co.*, 343 F. Supp. 79, 86 (E.D. Mo. 1972).

7. The alleged judgment in the Underlying Action is void and unenforceable in that:

a. pursuant to Article V, Section 14 of the Constitution of the State of Missouri, circuit courts in Missouri have subject matter jurisdiction only over actions in which there is an actual case and controversy of a justiciable nature at all times, including at the time judgment is entered;

b. any judgment entered without subject matter jurisdiction is void, unenforceable, and a nullity and may be attacked or challenged at any time in any matter;

c. the circuit court lacked subject matter jurisdiction in the Underlying Lawsuit at the time of the alleged judgment because, at that time, there was no actual case and controversy of a justiciable nature between Plaintiff and MIG;

d. therefore, the alleged judgment in is void and unenforceable;

4

e.  each of Plaintiffs' claims depend upon and requires the existence of a valid, enforceable judgment in favor of Plaintiffs and against MIG, which does not exist because the alleged judgment is void and unenforceable;

f.  Plaintiffs' claims seek a determination as to alleged duties with respect to a judgment that is void and unenforceable.

8.  Plaintiffs' First Amended Petition fails as a matter of law because Oak River is not bound by any resolutions of factual or legal questions in the underlying action, whether set forth in the alleged order, judgment or otherwise, and has a right to fully litigate any and all issues of fact or of law that may arise in this action with respect to alleged coverage under the Oak River policies, in that:

a.  a liability insurer has a right to separately litigate questions pertaining to coverage under a policy issued to a person alleged to be entitled to coverage under that policy, even if those questions were decided in litigation against that person;

b.  denying Oak River the opportunity to litigate issues pertinent to coverage would violate Oak River's rights of due process under the Fifth and Fourteenth Amendments to the United States Constitution;

c.  principles of collateral estoppel do not apply, in that:

(i)  neither Oak River nor any person or entity in privity with Oak River was a party to the underlying action at the time of the settlement, order, and alleged judgment;

(ii)  Oak River was not provided any notice of the altered theory of recovery on which the settlement, order, and alleged judgment were based;

5

4850-9578-5059.1
Case 4:17-cv-00224-DGK   Document 35   Filed 04/24/18   Page 5 of 10

(iii) the alleged judgment in the Underlying Lawsuit was not a decision on the merits.

*See Assurance Co. of Amer. V. Secura Ins. Co.*, 384 S.W.3d 224 (Mo. App. E.D. 2012); *Rocha v. Metro. Prop. & Cas. Ins. Co.*, 14 S.W.3d 242 (Mo. Ct. App. 2000); *James v. Paul*, 495 S.W.3d 678 (Mo. Banc 2001); *Drennen v. Wren*, 416 S.W.2d 229, 234 (Mo. App. S.D. 1967); *Lane v. Hartford Fire Ins. Co.*, 343 F. Supp. 79, 86 (E.D. Mo. 1972).

9. Plaintiffs' First Amended Petition fails as a matter of law because it barred by the doctrine of unclean hands in that Plaintiff and MIG's hands are unclean in that, upon information and belief, the settlement, order, and alleged judgment resulted from an altered theory not presented to Oak River for consideration and collusion between Plaintiff and MIG. *See Rocha v. Metro. Prop. & Cas. Ins. Co.*, 14 S.W.3d 242 (Mo. Ct. App. 2000); *Dickman Aviation Serv., Inc. v. U.S. Fire Ins. Co.*, 809 S.W.2d 149, 150-51 (Mo. Ct. App. 1991).

10. To the extent coverage may be found under any Oak River policy or policies, which is denied, the maximum amount Plaintiffs may be entitled to recover is the policy limit of a single Oak River policy in that a claim under Mo. Rev. Stat. § 379.200 is limited to that remedy prescribed by the statute, which includes only the proceeds of the insurance policy affording coverage. Moreover, the Oak River policies indicate that: "If this Coverage Form and any other Coverage Form or policy issued to you by us or any company affiliated with us apply to the same 'accident', the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable Limit of Insurance under any one Coverage Form or policy." Therefore, the Oak River policies cannot be stacked, either vertically or horizontally. *See Allen v. Bryers*, 512 S.W.3d 17 (Mo. Banc 2016) ("An insurance company is liability to the limits of its policy [plus attorney's fees or other claims not asserted herein] where it refuses to defend and

6

4850-9578-5059.1

Case 4:17-cv-00224-DGK   Document 35   Filed 04/24/18   Page 6 of 10

insured who is in fact covered"); *Gohagan v. Cincinnati Ins. Co.*, 809 F.3d 1012, 1017 (8th Cir. Mo. 2016)

11. Plaintiffs' First Amended Petition fails as a matter of law as Oak River did not issue certain of the policies under which Plaintiff has sought to recover. Rather, certain policies were issued by Berkshire Hathaway Homestate Insurance Company (BHHIC).

12. The Counterclaim in the underlying action was a known loss to MIG prior to the issuance of the BHHIC policies. *United Capitol Ins. Co. v. Hoodco, Inc.*, 974 S.W.2d 572, 575 (Mo. App. E.D. 1998); *Presley v. Nat'l Flood Insurers Ass'n*, 399 F. Supp. 1242, 1244 (E.D. Mo. 1975). Moreover, the Counterclaim was never presented or tendered to BHHIC prior to the settlement, Order, and alleged judgment in the underlying action. *See Rocha v. Metro. Prop. & Cas. Ins. Co.*, 14 S.W.3d 242 (Mo. Ct. App. 2000); *Dickman Aviation Serv., Inc. v. U.S. Fire Ins. Co.*, 809 S.W.2d 149, 150-51 (Mo. Ct. App. 1991).

13. Plaintiffs' Count I in their First Amended Petition fails as a matter of law to the extent it seeks declaratory judgment as Plaintiffs have an adequate remedy at law as demonstrated by their claim for breach of contract (although Oak River denies that it breached any contract). *Cronin v. State Farm Fire & Cas. Co.*, 958 S.W.2d 583, 588 (Mo. Ct. App. 1997)

14. Plaintiffs' First Amended Petition fails as a matter of law because Oak River never had the opportunity to defend or settle Plaintiff's claims after Plaintiff altered his theories of recovery to those that were never tendered or presented to Oak River for potential defense. *See Rocha v. Metro. Prop. & Cas. Ins. Co.*, 14 S.W.3d 242 (Mo. Ct. App. 2000); *Dickman Aviation Serv., Inc. v. U.S. Fire Ins. Co.*, 809 S.W.2d 149, 150-51 (Mo. Ct. App. 1991).

15. In further answer and by way of affirmative defense, Oak River states that Plaintiff's First Amended Petition fails as a matter of law and Plaintiff's claims are barred in whole

or in part because the settlement, order, and alleged judgment do not reflect a reasonable determination of damages by a trial court based upon actual evidence. The settlement, order, and alleged judgment do not reflect what a reasonably prudent person in the position of the defendant would have settled for on the merits of the plaintiff's claim. *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810 (Mo. 1997). This is demonstrated by MIG's agreement to pay only $450,000 of its own funds in the settlement. Moreover, the *Gulf* test applies in this matter because the order and alleged judgment were a result of a settlement, not a trial or adversary proceeding. Not one scintilla of evidence was introduced at the hearings, and no witnesses provided testimony prior to the settlement, order, and alleged judgment.

16. Plaintiffs' First Amended Petition fails as a matter of law, and Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs seek to assert a claim for "bad faith" in that Oak River was never given the opportunity to settle the underlying action, nor was a demand within policy limits ever made. Under Missouri law, a claim for bad faith failure to settle is a tort claim that requires the insurer to be in control of or have the opportunity to settle the underlying action. Any claim for failure to defend is a claim based in contract for which "bad faith" damages are not available. *See Allen v. Bryers*, 512 S.W.3d 17 (Mo. Banc 2017); and *State Farm Fire & Cas. Co. v. Metcalf*, 861 S.W.2d 751 (Mo. App. 1993).

17. Plaintiffs' claims are barred in whole or in part or reduced by any amount MIG recovered in its legal malpractice action arising out of the Underlying Action as set forth in *Miller Investment Group, Inc. v. Gallas & Schultz, L.C., et al.*, Case No. 1716-CV00027 in the Circuit Court of Jackson County, Missouri at Independence. Plaintiffs stand in the shoes of MIG in this proceeding. Oak River understands that MIG has reached a confidential settlement in the malpractice action. Oak River is entitled to a setoff for the amount of the settlement in the

malpractice action. "Under Missouri law, a plaintiff is entitled to only one satisfaction of the same wrong. Thus, a plaintiff may pursue separate judgments against defendants that are jointly and severally liable for the full amount of plaintiff's damages, but, under the one satisfaction rule, may recover only one satisfaction for the losses. The general rule is that a party may not recover from all sources an amount in excess of the damages sustained, or be put in a better condition than he would have been had the wrong not been committed. While entitled to be made whole by one compensatory damage award, a party may not receive the windfall of a double recovery, which is a species of unjust enrichment and is governed by the same principles of preventive justice." *Moore Auto. Grp., Inc. v. Lewis*, 362 S.W.3d 462, 468 (Mo. Ct. App. 2012) (internal citations and quotations omitted).

Dated this 24th day of April, 2018.   Respectfully submitted,

 *s/ M. Courtney Koger*
M. Courtney Koger         MO #42343
Kevin D. Brooks           MO #57627
**KUTAK ROCK LLP**
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64106
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Kevin.Brooks@kutakrock.com
**ATTORNEYS FOR DEFENDANT OAK RIVER INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2018 the foregoing was filed via the Court's CM/ECF filing system, and was served via email to the following:

Martin L. Daesch
Jesse B. Rochman
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (Telephone)
(314) 963-1700 (Facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
ATTORNEYS FOR PLAINTIFF

                                       *s/ M. Courtney Koger*
                                       Attorney for Defendant

10
4850-9578-5059.1
Case 4:17-cv-00224-DGK   Document 35   Filed 04/24/18   Page 10 of 10